UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 95-cv-00777-ZLW-OES

In re: Indian Motorcycle Manufacturing, Inc., a New Mexico Corporation

---

**REQUEST FOR INSTRUCTIONS**

---

Sterling Consulting Corporation, as receiver, by and through its attorneys, Fairfield and Woods, P.C., hereby requests Instructions regarding three pending, related appeals in the First Circuit (the "Government Appeals"), and as grounds therefor states as follows:

1. This is the first substantive pleading the receiver has filed since the 28 U.S.C. § 1404 transfer of the matter back to the Colorado District Court, so more background than usual is appropriate.

2. At about the time the Trustee and the receiver sold the assets of the Bankruptcy Cases and the Receivership Estate to IMCOA Licensing America, Inc. ("IMCOA"), the Trustee estimated the federal tax liability of the Bankruptcy Estates at nothing and agreed not to compromise claims in excess of the Trustee's own estimates.

3. Prior to the sale of assets to IMCOA, the Government had intervened in the Receivership Action. The Government later clarified its position that the intervention was for the limited purpose of contesting the allowance of Michelle Lean's claim and the corresponding reduction in Michael Mandelman's claim (the Government had a lien against distributions to Mr. Mandelman.) The receiver maintained that the intervention was not so limited and that an intervention in an *in rem* proceeding cannot be limited as a matter of law. In any event, the Government ultimately assessed combined federal income tax liabilities in the millions of dollars in both the Receivership Action and the Bankruptcy. From the time of that sale (1999) until after the Receivership Action was transferred to the Massachusetts District Court under 28 U.S.C. § 1404 in the summer of 2002, the Trustee and the receiver cooperated in their respective defenses against the Government's assessments.

4. On November 27, 2002, the Massachusetts District Court set a briefing schedule for the substantive tax issues. On the appointed day (January 15, 2003), the receiver filed its substantive tax brief as required by the Massachusetts District Court.

5. The Trustee and the Government did not file a brief regarding the Trustee's taxes as Ordered by the Court. Rather, they filed a voluminous and clearly long-negotiated settlement agreement between the Trustee and the Government (the

"Trustee's Settlement Agreement").[1] Shortly after this filing, there was a decision in an appeal the receiver had filed to an Order Judge Boroff had entered before the Bankruptcy reference was withdrawn. In its Order, the Massachusetts District Court made a *sua sponte* finding (the "Finding") that filing settlement papers on the day substantive briefs were due effectively constituted misconduct as a dilatory tactic. The Government filed the first of the three Government Appeals for review of this initial Finding.[2]

6. It was procedurally unclear whether the Finding was a "final order" for Bankruptcy purposes, so in addition to the first of the Government Appeals, the Government moved to reconsider it. The Motion to Reconsider was denied and the Government also appealed the denial of the Motion to Reconsider, for the second of three Government Appeals.

7. The Court ultimately approved the Trustee's Settlement Agreement and did not sanction either the Government or the Trustee for misconduct, but also did not withdraw the finding of misconduct. The third of the Government Appeals relates to the refusal to withdraw the Finding in the Court's June 6, 2003 Order.

8. This Request for Instructions concerns whether the receiver should file a substantive opposition brief to the three Government Appeals.

9. On about May 17, 2005, the receiver entered into a settlement agreement with the Trustee and the Government (the "Settlement Agreement"). The Settlement Agreement was approved on September 7, 2005. The receiver believes that the although the Settlement Agreement resolved the receiver's objections to the Trustee's Settlement Agreement, the Settlement Agreement does not resolve the issue of the Government Appeals.

---

[1] In addition to the settlement with the Trustee, the Government also incorporated and attached the revenue agent's report for the Bankruptcy Cases, containing a 20 page single space fact statement and a dozen pages of adjustments and legal contentions. It also referred the Court to an extensive description of the Trustee's and IRS's positions set forth in detail in the predicate to the trustee/IRS settlement agreement.

[2] Jumping slightly ahead chronologically, the receiver and the Government later entered into a Stipulation for Resolution of the Government Appeals in which the receiver agreed that the Finding had been made in the wrong case (*i.e.*, the appeal of a previously-entered bankruptcy order and not the District Court case) which was used to support a Motion regarding the appeal. This Motion was later withdrawn from the First Circuit, but pursuant to the Settlement Agreement, the receiver agreed to continue to be bound by it. Neither the Stipulation nor the Settlement Agreement preclude the receiver from filing an opposition brief in the First Circuit, but they do impose some conceptual limitations and the limit some of the arguments the receiver could make in such a brief and limit the use of any First Circuit ruling upholding the finding of misconduct.

10. The Appellate Court has set a briefing schedule for the Government and the receiver that requires the receiver to file a brief on October 7, 2005.

11. Although the receiver would normally file a brief in response to the appeal of an adversary, the receiver believes it may have no financial stake in the Government Appeals because the finding of misconduct by the Massachusetts District Court was not supported with a sanction.[3] Because the Massachusetts District Court did not impose a sanction against the Government that would result in a corresponding gain to the Receivership Estate, the only purposes the receiver could have in prosecuting the Government Appeals are: (a) leverage in negotiating with the Government, and (b) legal retribution. As to point (a), and assuming that utilizing this appeal for leverage would be appropriate (a dubious assumption), the receiver has already entered into the Settlement Agreement with the Government and has no pending negotiations. As to point (b), receivers are in the business of restitution, not retribution.[4]

12. Given that it was unlikely that Instructions on this issue could be received in time to file a brief on its current date, should the Court Instruct the receiver to continue with the appeal, the receiver contacted the Government to seek its agreement to a 30-day extension on the date of the receiver's response brief. The Government consented and the receiver has filed its request for an extension.

13. The receiver has noted, and mentions for the benefit of this Court, that the Government's position is that the Settlement Agreement operates to obviate any benefit to the receiver from defending the Government Appeal.

14. Given the facts that: (a) the receiver cannot represent that filing a response in the Government Appeal will have any direct monetary benefit for the Receivership Estate; (b) the Government believes the receiver cannot benefit from a ruling upholding the finding of misconduct; and (c) the receiver is unwilling to make this determination of this magnitude under the circumstances, the receiver requests an

---

[3] The Government believes that the receiver also has no stake in the outcome due to the provision in the Settlement Agreement that any finding of misconduct cannot be used collaterally in another proceeding. The receiver disagrees with this conclusion by the Government for practical purposes, but again acknowledges there are significant limitation on the receiver.

[4] In early 2003 and without the involvement of counsel pursuant to the receiver's policy not to involve counsel in such issues, the receiver filed a complaint with the Government's Office of Professional Responsibility. To the receiver's knowledge, no action has ever been taken regarding that complaint. Paragraph D(3) of the Side Agreement between the receiver and the government reads, in pertinent part, as follows:

> (3) all claims that the IRS or Department of Justice or any employee of either committed any kind of misconduct in connection with the investigation or assessment of the taxes of the receivership entity or bankruptcy debtors, or in the litigation in the receivership and/or bankruptcy cases prior to the date of the approval of the main settlement agreement, are precluded and/or waived. (This does not preclude or affect any investigation by the Office of Professional Responsibility.)

Instruction from this Court as to whether or not it should or should not file a response in the Appeal.

15. Professor Clark, in his treatise on receivers wrote "§ 361 Receiver's duty to ask for Instructions. Receivers have a very large latitude in the matter of asking advice and seeking the protection of the court appointing them with reference to the discharge of their duties. They are at all times entitled to apply to the court for instructions," citing, among other cases, *Northern Finance Corporation v. Byrnes*, 5 F.2d 11, (8th Cir. 1925) . In *Northern Finance*, the Eighth Circuit stated "Receivers appointed by the federal courts are officers thereof, and in the absence of any special authority given by the court, their powers are very limited. As a rule they can do nothing without express authority. They are at liberty, and are in fact encouraged to apply at all times to the court for instructions and advice, and such is their duty in any doubtful or important matter arising in the course of their duties." [Internal citations omitted.]

WHEREFORE, the Sterling Consulting Corporation, as receiver, prays that this Court give it Instructions regarding the Government Appeals, and such other and further relief as the Court deems just and proper.

Respectfully submitted this 5th day of October, 2005.

By: */s/ John M. Tanner*
Fairfield and Woods, P.C.
1700 Lincoln Street, Suite 2400
Denver, CO 80203-4524
Phone: (303) 830-2400
Fax: (303) 830-1033
Email: jtanner@fwlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses or as indicated below or by United States Mail, postage prepaid:

Alan Lemont Hale Esq.
Hale Friesen, LLP
1430 Wynkoop St., Ste. 300
Denver, CO 80202
**Attorney for Richard Basciani, N. Rooke Everill, Pres./Everill Bros., Inc., John H. Nicholson or Virginia A. Nicholson**
ahale@haldfriesen.com

Brad W. Schacht, Esq.
Otten Johnson Robinson
Neff & Ragonetti, P.C.
950 17th St., Ste. 1600
Denver, CO 80202-2827
**Attorney for Michael Payne**
bschacht@ottenjohnson.com

Stephen D. Bell, Esq.
Dorsey & Whitney, LLP
370 17th St., Ste. 4700
Denver, CO 80202-5687
**Attorney for Eller Industries**
bell.steve@dorsey.com

Edward T. Ramey, Esq.
Stuart H. Pack, Esq.
Isaacson Rosenbaum
Woods and Levy
633 17th St., Ste. 2200
Denver, CO 80202
**Attorneys for William R. Childs, Scott McCormick, Jr., Douglas Walliser, Ronald Schiff, Edward Pacelli, Barbara Sandoval, Morty Lempel, A.B. Goldberg, First Entertainment, Harvey Rosenberg**
eramey@ir-law.com
spack@ir-law.com

James R. Cage, Esq.
Cage Williams Abelman
& Layden, P.C.
St. Elmo Bldg.
1433 17th St.
Denver, CO 80202-1273
**Attorney for Carl D. Lucci/Albert R. Lucci**
jcage@cagewilliams.com

Richard A. Block
President
Sterling Consulting Corporation
4101 E. Louisiana Ave., Ste. 300
Denver, CO 80246
**Receiver**
rblock@xpn.com

Gary C. Moschetti, Esq.
Hatch & Moschetti, LLP
1800 Glenarm Pl., 9th Floor
Denver, CO 80202
**Attorney for Edward Leal**
gmoschetti@hatchlawyers.com

J. Eric Ellliff, Esq.
Kristen Taylor-Randall, Esq.
Morrison & Foerster, LLP
370 17th St., Ste. 3550
Denver, CO 80203
**Attorney for IMCOA**
jelliff@mofo.com

Glen E. Keller, Jr.
Davis Graham & Stubbs, LLP
1550 17th Street, Ste. 500
Denver, CO 80202
**Attorney for Cow Creek Band of Umpqua Tribe of Indians**
Glen.keller@dgslaw.com

Todd Blakely, Esq.
Sheridan Ross
The Denver Post Tower
1560 Broadway, Ste. 1200
Denver, CO 80202
**Attorney for Steven Rodolakis, Trustee**
tblakely@sheridanross.com

Lee M. Kutner, Esq.
Kutner Miller Kearns, P.C.
303 E. 17th Ave., #500
Denver, CO 80203
**Attorneys for Lois Mathre**
lmk@kuttnerlaw.com

Cassandra Sasso, Esq.
Baker & Hostetler
303 E. 17th Ave., Ste. 1100
Denver, CO 80203-1264
**Attorney for Michelle Lean**
csasso@bakerlaw.com

Douglas M. Tisdale, Esq.
Tisdale & Associates, LLC
Colorado State Bank Building
1600 Broadway, Ste. 2600
Denver, CO 80202-4989
**Attorney for Michelle Lean**
doug@tisdalelaw.com

Adam F. Hulbig
Trial Attorney, Tax Division
US Dept. of Justice
Po Box 683
Ben Franklin Station
Washington, DC 20044
**Attorney for United States of America**
adam.f.hulbig@usdoj.gov

James Duberg, Esq.
727 Third Ave.
Chula Vista, CA 91910-5803

Lewis M. Druxman, Esq.
Attorney at Law
6715 Academy Road N.E., Suite B
Albuquerque, NM 87109
**Attorney for Triad Suspension Technologies, Inc.**

Mark S. Schmidt, Esq.
Miller Simon & Maier, S.C.
788 North Jefferson Street
Milwaukee, WI 53202
**Attorney for Miller Simon & Maier**

Peter D. Bilowz, Esq.
Goulston & Storrs, P.C.
400 Atlantic Ave.
Boston, MA 02110-3333
**Attorney for Michael Mandelman**

Peter C. Freeman, Esq.
Law Offices of Peter C. Freeman
16485 Laguna Canyon Rd., Ste. 230
Irvine, CA 92618-3846
**Attorney for Scott Kajiya**

Mr. Albert Lucci
1930 Wyoming Ave.
Fort Pierce, FL 34982

Robert W. Hallock, Esq.
202 S. Merrill St.
Park Ridge, IL 60068-4223

Peter Sklarew, Esq.
Assistant Chief
Civil Trial Section, Northern Region
United States Dept. of Justice
Tax Division
PO Box 55
Washington, D.C. 20044
**Attorney for IRS**

Christopher C. Noble, Esq.
Noble & Associates, LLC
11 Pine Street
Plainville, CT 06103
**Attorney for Hilm Sevimli**

Robert J. Danie, Eq.
9 Wagon Wheel Drive
Feeding Hills, MA 01030

Noreene C. Stehlik, Esq.
U.S. Dept. of Justice
PO Box 683
Ben Franklin Station
Washington, D.C. 20044
**Attorney for IRS**

Robert L. Morrow, Jr., MD
401 N. College Rd., #5
Lafayette, LA 70506

Nicholas A. Russo, Sr.
310 Extonville Road
Allentown, NJ 08501

Richard J. Cortesi
5316 Camino Montano, N.E.
Albuquerque, NM 87111

Albert R. Gazza
589 Manchester
E. Glastonbury, CT 06025-0085

James P. Lewis
2143 S. Brentwood Street
Lakewood, CO 80227

Ronald Fulfer
15315 S. Francis Dr.
Plainfield, IL 60544

Ronald Garcia
2505 Madison, N.E.
Albuquerque, NM 87101

Carol Furtier and Anthony Pugliese
2500 Military Trail
Boca Raton, FL 33431

Donald C. Schunk
12572 Durrow Court
St. Louis, MO 63141

Richard Dale Wood
13997 80th Ave. North
Maple Grove, MN 55311

Steve Halprin
1316 Penningtow Place
Concord, N.C. 28207

Alf Iseback
Gamla Tuvevagen 4
41705 Goteborg
**SWEDEN**

Kathryn L. Troccoli
1911 Champlain St.
Ottawa,IL 61350

Ed Pink
Ed Pink Racing Engines, Inc.
14612 Raymer Street
Van Nuys, CA 91405

Montgomery & Andrews, P.A.
325 Paseo De Peralta
Santa Fe, NM 87501

Jeffrey M. Perkins
President
Western Design Engineering, Inc.
808 Airport Road
Jackson, MI 49202

Burt R. Bondy
1523 Coast Walk
La Jolla, CA 92037

John Inelli
17 Old Farmstead Rd.
Chester, NJ 07930

Chuck S. Krowczyk
1852 S. Marshall Circle
Lakewood, CO 80232

Steven DeStout
#1 South Water St.
Henderson,, Nevada 89105

By: */s/ John M. Tanner*
Fairfield and Woods, P.C.
1700 Lincoln St., #2400
Denver, CO 80203
Phone: (303) 830-2400
Fax: (303) 830-1033
Email: jtanner@fwlaw.com