UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

**Civil Action No. 95-cv-00777-ZLW-OES**

**In re:**

**Receivership Estate of INDIAN MOTORCYCLE MANUFACTURING, INC.,**
**a New Mexico Corporation**

_____

**UNITED STATES' RESPONSE TO RECEIVER'S REQUEST FOR INSTRUCTIONS**
_____

The United States' response to (DI# 1890) the Receiver's request for instructions with respect to the government's First Circuit appeals is that the Court should authorize the Receiver to do whatever it believes, in good faith, to be in the best interests of the estate for the following reasons:

1. The United States believes that, while there are many situations in which it may be appropriate for an appointing court to provide instructions to a receiver, it is not appropriate for a court – at least a federal court – to provide what amounts to legal advice, which instead is the reason that receivers are often authorized to retain counsel. The United States believes that it is generally inappropriate for an appointing federal court to advise the Receiver as to what positions to take in litigation, except to the extent the receiver needs court approval to enter any litigation settlement in which the economic interests of the estate are being compromised.[1]

2. The United States believes that it is particularly inappropriate for a court to advise a receiver what position it should take in an appeal from an order of the appointing court. The

---

[1] The Receiver points out that receivers need authorization generally to act. But that authorization may be general, flowing from the order of appointment, and may also be statutory. In that regard, federal statutes explicitly authorize a federal court-appointed receiver to sue or be sued. 28 U.S.C. §§ 754, 959. That grant carries with it the authorization to decide what positions to take in good faith.

appeals in the First Circuit include orders entered partly in this receivership action before it was transferred from Massachusetts and while it was consolidated with the bankruptcy cases.  As a pragmatic matter, moreover, the United States questions whether this Court is sufficiently familiar with the record and issue on appeal to foresee all of the consequences that could follow from either an order affirming or an order reversing the sanction on appeal, including whether there may be consequences that affect the Receiver's ability to prevail on a motion for disgorgement of part of the distributions to claimants made in late 1999 and early 2000, in order to satisfy the tax claim as compromised in the Settlement Agreement.[2]

    3.  The Receiver suggests it needs instructions to guard against a later contention of misconduct by any claimant who might otherwise disagree with its chosen course of action in the appeals.  As this Court is well aware, however, receivers generally enjoy a substantial degree of immunity except for willful malfeasance.  In that regard, if the kind of concern indicated here with respect to the First Circuit appeals suffices to justify a request for instructions, courts could be called upon to micro-manage all of the routine litigating decisions of their appointed receivers.

    4.  Regarding the particular request at hand, moreover, in paragraph 2(a) of the main Settlement Agreement, which was duly approved by the Massachusetts District Court on notice to all claimants, the Receiver has already explicitly "agree[d] that it remains bound by the First Circuit *Stipulation for Resolution* and, further, waives any right to argue for collateral estoppel or issue preclusion or otherwise rely on the findings underlying the sanction in these or any future judicial proceeding for any purpose, regardless of the First Circuit's disposition of the sanctions appeal."  No claimant filed an objection to the approval of the Settlement Agreement in

---

[2] The United States does not believe that the term "recoupment" – which has to do with a party's offsetting claims arising from the same transactions as a claim against a party – has any applicability to the kind of remedy the Receiver has indicated it will seek, consistent with the Settlement Agreement.  The agreement refers to "disgorgement."

Massachusetts. So it is difficult to understand the Receiver's concern about being sued by claimants for taking any particular position or no position at all in the appeals.

5. Nevertheless, the Receiver's concern may be alleviated by the Court's entry of an order *authorizing* (with or without also instructing) the Receiver to do whatever it believes, in good faith, to be in the best interests of the estate.

6. Finally, as an unrelated point, the United States respectfully reminds the Court that it agreed, at the status conference on September 30, 2005, that the caption could be modified to remove the United States as an intervenor since it is now simply an administrative claimant, given that all matters involving its prior intervention respecting the collection of Michael Mandelman's taxes have been resolved – if not by the Stipulation of January 1999, then certainly by the recent approval of the settlement agreement dismissing the Receiver's appeals from the judgment dismissing its contract reformation claims against Mandelman and the United States. The United States therefore suggests that any order on the motion for instructions (or a separate order if necessary) include the direction to modify the caption accordingly.

Dated this 6th day of October, 2005.

Respectfully submitted,

WILLIAM J. LEONE
Acting United States Attorney
District of Colorado


/s/ Adam F. Hulbig
ADAM F. HULBIG
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 514-6061
Facsimile: (202) 307-0054
Email: adam.f.hulbig@usdoj.gov
          western.taxcivil@usdoj.gov

Attorneys for the United States of America

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on this 6th day of October, 2005, a true and correct copy of the foregoing UNITED STATES' RESPONSE TO RECEIVER'S REQUEST FOR INSTRUCTIONS was filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Jtanner@fwlaw.com
Attorney for Receiver

ahale@halefriesen.com
Attorney for Richard Basciani, N. Rooke Everill, Pres./Everill Bros., Inc., John H. Nicholson or Virginia A. Nicholson

bschact@ottenjohnson.com
Attorney for Michael Payne

eramey@ir-law.com
spack@ir-law.com
Attorneys for William R. Childs, Scott McCormick, Jr., Douglas Walliser, Ronald Schiff, Edward Pacelli, Barbara Sandoval, Morty Lempel, A.B. Goldberg, First Entertainment, Harvey Rosenberg

jcage@cagewilliams.com
Attorney for Carl D. Lucci/Albert R. Lucci

bell.steve@dorsey.com
Attorney for Eller Industries

nmiller@kennedy-christopher.com
Attorney for Benny Singer

gmoschetti@hmlegal.com
Attorney for Edward Leal

jelliff@mofo.com
Attorney for IMCOA

rblock@xpn.com
Receiver

csasso@bakerlaw.com
Attorney for Michelle Lean

doug@tisdalelaw.com
Attorney for Michelle Lean

tblakely@sheridanross.com
Attorney for Stephen Rodolakis, Trustee

lmk@kutnerlaw.com
Attorneys for Charles and Lois Mathre

Glen.keller@dgslaw.com
Attorney for Cow Creek Band of Umpqua Tribe of Indians

IT IS HEREBY FURTHER CERTIFIED that on this 6th day of October, 2005, a true and correct copy of the foregoing UNITED STATES' RESPONSE TO RECEIVER'S REQUEST FOR INSTRUCTIONS was served upon the following non-CM/ECF participants by United States mail:

James Duberg, Esq.
727 Third Avenue
Chula Vista, CA 91910-5803

Lewis M. Druxman, Esq.
Attorney at Law
6715 Academy Road N.E., Suite B
Albuquerque, NM 87109
Attorney for Triad Suspension
Technologies, Inc.

Mark S. Schmidt, Esq.
Miller Simon & Maier, S.C.
788 North Jefferson Street
Milwaukee, WI 52302
Attorney for Miller Simon & Maier

Peter D. Bilowz, Esq.
Goulston & Storrs, P.C.
400 Atlantic Ave.
Boston, MA 02110-3333
Attorney for Michael Mandelman

Peter C. Freeman, Esq.
Law Offices of Peter C. Freeman
16485 Laguna Canyon Rd., Ste. 230
Irvine, CA 92618-3846
Attorney for Scott Kajiya

Mr. Albert Lucci
1930 Wyoming Avenue
Fort Pierce, FL 34982

Robert W. Hallock, Esq.
202 S. Merrill Street
Park Ridge, IL 60068-4223

Christopher C. Noble, Esq.
Noble & Associates, LLC
11 Pine Street
Plainville, CT 06103
Attorney for Hilm Sevimli

Robert J. Danie, Esq.
9 Wagon Wheel Drive
Feeding Hills, MA 01030

Robert L. Morrow, Jr., MD
401 N. College Road, #5
Lafayette, LA 70506

Nicholas A. Russo, Sr.
310 Extonville Road
Allentown, NJ 08501

Richard J. Cortesi
5316 Camino Montano, N.E.
Albuquerque, NM 87111

Albert R. Gazza
589 Manchester
E. Glastonbury, CT 06025-0085

James P. Lewis
2143 S. Brentwood Street
Lakewood, CO 80227

Ronald Fulfer
15135 S. Francis Drive
Plainfield, IL 60544

Jeffrey M. Perkins
President
Western Design Engineering, Inc.
808 Airport Road
Jackson, MI 49202

Carol Furtier and Anthony Pugliese
2500 Military Trail
Boca Raton, FL 33431

Donald C. Schunk
12572 Durrow Court
St. Louis, MO 63141

Richard Dale Wood
13997 80th Ave. North
Maple Grove, MN 55311

Steve Halprin
1316 Penningtow Place
Concord, NC 28207

Alf Iseback
Gamla Tuvevagen 4
41705 Goteborg
SWEDEN

Kathryn L. Troccoli
1911 Champlain Street
Ottawa, IL 61350


Ed Pink
Ed Pink Racing Engines, Inc.
14612 Raymer Street
Van Nuys, CA 91405

Montgomery & Andrews, P.A.
325 Paseo De Peralta
Santa Fe, NM 87501

Burt R. Bondy
1523 Coast Walk
La Jolla, CA 92037

John Inelli
17 Old Farmstead Rd.
Chester, NJ 07930

Chuck S. Krowczyk
1852 S. Marshall Circle
Lakewood, CO 80232

Steven DeStout
#1 South Water Street
Henderson, NV 89105

Ronald Garcia
2505 Madison, N.E.
Albuquerque, NM 87101


By:

/s/ Adam F. Hulbig
ADAM F. HULBIG
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, DC 20044
Telephone: (202) 514-6061
Facsimile: (202) 307-0054
Email: adam.f.hulbig@usdoj.gov
         western.taxcivil@usdoj.gov