UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 95-cv-00777-ZLW-OES

In re:  Indian Motorcycle Manufacturing, Inc., a New Mexico Corporation

---

## MOTION TO RECONSIDER ORDERS, AMEND ORDERS, AND ORDER RESTITUTION WITH INCORPORATED LEGAL AUTHORITY

---

Sterling Consulting Corporation, as receiver, by and through its attorneys, Fairfield and Woods, P.C., hereby moves this Court for:  (a) an Order reconsidering all of the Orders of this Court whereby this Court Instructed the receiver to distribute money to the pre-appointment claimants in this Receivership Action; (b) to amend those Orders, and (c) to Order partial restitution to the receiver of the payments made under those Orders.  As grounds therefor, the receiver states as follows:

### FACTUAL AND PROCEDURAL BACKGROUND

1.      This Court entered the following Orders in connection with its Instructions to the receiver to distribute money to pre-appointment, general unsecured claimants (the "Claimants"): (a) the Order [Approving Claims] dated July 23, 1999; (b) the Order [Approving Distribution] dated September 30, 1999; and (c) the Order Clarifying Prior Order [dated September 30, 19999] and Giving Instructions dated January 20, 2000, *nunc pro tunc* January 19, 2000.  Collectively, the foregoing Orders are referred to herein as the "Distribution Orders."

2.      In addition to the Distribution Orders, this Court entered numerous Orders in furtherance of the general plan of distribution of the assets of the Receivership Estate.  To the extent the additional Orders furthered the approval of payments to Claimants, such additional Order are included in the term "Distribution Orders."

3.      At the time the Distribution Orders were made, the receiver and the Court believed that there were no other expenses to be paid in the case (except for some prospective administrative expenses that were largely the contractual obligation of IMCOA Licensing America, Inc., the purchaser of the receivership as set estates).  After the payments pursuant to the Distribution Orders were made, however, the United States of America, Internal Revenue Service (the "Government"), filed a claim for taxes, which the receiver disputed.

4.      On July 19, 2002, the Colorado District Court transferred the Receivership Action to the Massachusetts District Court.

5.      After full briefing and argument on the issue of federal income taxes owed by Indian Motorcycle Manufacturing, Inc., the Massachusetts District Court entered its

Memorandum in Explanation and Practice and Procedure Order, Order No. 5 on June 6, 2003 and its Memorandum in Explanation and Practice and Procedure Order, Order No. 6 on August 7, 2003. The foregoing Orders are referred to as the "Tax Orders."

6.      In addition to the Tax Orders, the Massachusetts District Court entered numerous Orders in furtherance of the Tax Orders. To the extent the additional Orders furthered the Findings and Orders in the Tax Orders, such additional Orders are included in the term "Tax Orders."

7.      Under the Tax Orders, the Massachusetts District Court determined that approximately $1.5 million in taxes were due for the 1999 tax year. That amount did not include interest or penalties, which could add another $1 million to the amount due.

8.      For approximately the past six years, the Receivership Estate incurred about $1.3 million in administrative expenses in defending against the claims of the Government. The administrative expenses have been and remain unpaid due to lack of funds.

9.      On May 17, 2005, the receiver entered into a settlement agreement with the Trustee and the Government (the "Settlement Agreement"). On September 7, 2005, the Massachusetts District Court approved the Settlement Agreement (the "Settlement Order"). Under the terms of the Settlement Agreement, all taxes, interest, and penalties were settled at $1 million (the "Tax Claim"), 37% of which the Government carved out to pay all past and future administrative expenses of the Receivership Estate. Thus the receiver settled administrative claims (including all receiver's fees and receiver's attorneys' fees), taxes, interest, and penalties estimated in excess of $4 million against the Receivership Estate for $1 million.

10.     The Tax Orders and the Settlement Order entered by the Massachusetts District Court are inconsistent with the Distribution Orders in that a portion of the money paid to the Claimants under the Distribution Orders should have been paid to the administrative creditors and priority creditors of the Receivership Estate.

11.     The Distribution Orders were never certified as final under Fed.R.Civ.P. 54(b) and are thus subject to reconsideration.

12.     Federal income taxes are an obligation of the receivership estate that are senior to the obligations of Claimants. Thus, under the absolute priority rule, the taxes should have been paid before the general, unsecured claims of the Claimants were paid. *E.g.*, *Citibank, N.A. v. Baer*, 651 F.2d 1341 (10th Cir. 1980) (absolute priority rule provides that claimants in higher-priority classes must be paid in full before any distribution to lower-priority classes). The Claimants were therefore over paid, and should be repay that money so it can go to the creditors with higher priority.

13.     In sum, the Claimants were paid more than they were entitled to be paid. They have to refund that money so it can go to the senior claimants.

## ARGUMENT

### Introduction

14.     This Motion is driven by a narrow set of facts that, according to the receiver's research, has never happened prior to now, and will probably never happen again. Restated in an over-simplified manner, a federal receiver paid general unsecured claims on the mistaken belief (by the receiver and this Court) that the receiver had adequate remaining funds to pay the administrative expenses of the Receivership Estate. Because one of the administrative expenses impaired by the mistake was a tax claim of the United States of America, the receiver is obligated to ask this Court to reconsider the Orders that paid the general unsecured claims, and based upon that reconsideration, to further Order restitution of adequate money to pay the tax claim.

15.     While negotiating the Settlement Agreement, the United States and the receiver agreed that no Claimant should be compelled to restore more than 24.35% of the face value of its Claim unless the receiver has exhausted all collection efforts and has failed to liquidate the Tax Claim.

16.     Had the vast majority of the pre-Appointment Claimants in the Receivership Estate been asked in 1995 if they would be pleased to get back 75.65% of the money they lost to various swindlers, the likely answer would have been "yes." Having mistakenly received 100% of their swindled money back in 1999, however, the Order of restitution (the "Restitution Order") will likely result in those same claimants asking: "How can there be an income tax assessed on the return of money that was swindled from the Claimants in the first place?"

17.     After asking this precise question of the Government and the Massachusetts District Court in every permutation possible, the receiver has concluded that the question should be asked of the Legislative Branch and the Executive Branch of the Government, and not the Judicial Branch. The only way to achieve a different would be to amend Title 26 of the United States Code. That cannot be accomplished in this Court—it can only happen in a political venue.

18.     What is not a matter of first impression is the law on this subject. The body of law on the subject is broad and complete. Orders such as the Distribution Orders are interlocutory and may be reconsidered at any time before they are certified final, administrative expenses must be paid in full before any money can be used to pay unsecured Claims, and the law of restitution allows this Court to Order restitution of the money paid to unsecured Claimants in order to pay administrative expenses.

## I.     Courts have inherent power to modify their interlocutory orders before entering a final judgment.

19.     Rule 54(b), Fed.R.Civ.P. is a definitive Rule that determines when an Order of a United States District Court is final, when it may be appealed, and when it may be reconsidered. In pertinent part, Rule 54 reads as follows:

(b) Judgment Upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express

3

direction for the entry of judgment. <u>In the absence of such determination and direction,
any order or other form of decision, however designated, which adjudicates fewer than all
the claims or the rights and liabilities of fewer than all the parties shall not terminate the
action as to any of the claims or parties, and the order or other form of decision is subject
to revision at any time before the entry of judgment adjudicating all the claims and the
rights and liabilities of all the parties.</u>

[Emphasis added.]

20.     Rule 54(b) has been interpreted consistently with the language on its face for
decades. "Courts have inherent power to modify their interlocutory orders before entering a final
judgment. *Marconi Wireless Telegraph Co. v. United States*, 320 U.S. 1, 47-48, 87 L. Ed. 1731,
63 S. Ct. 1393 (1943); *John Simmons Co. v. Grier Brothers Co.*, 258 U.S. 82, 88, 66 L. Ed. 475,
42 S. Ct. 196 (1922). In addition, the Federal Rules of Civil Procedure explicitly grant courts the
authority to modify their interlocutory orders. See Fed. R. Civ. P. 54(b) (any order which is not
certified under Rule 54(b) and which adjudicates fewer than all the claims as to all the parties 'is
subject to revision at any time before the entry of [final] judgment')." *Balla v Idaho State Bd. of
Corrections*, 869 F2d 461, 13 FR Serv 3d 646 (9th Cir. 1989).

21.     None of the Distribution Orders in the Receivership Action have been certified as
final, and are therefore interlocutory and may be reconsidered by this Court at any time. This
undisputed Rule is even more applicable in receiverships and bankruptcies where the payments
of Claims and administrative expenses are always "interim" or "on account" as a matter of law.
*See* Section II below.

## II.    Administrative Expenses of the Receivership Estate Must Be Paid in Full before any Money is Paid to General Unsecured Claimants.

22.     The narrow legal question presented in this section and under these
circumstances is whether a general unsecured Claim may be paid anything while an
administrative expense has not been paid in full. The simple answer is that it may not.

23.     In his authoritative treatise, *Clark on Receivers*, Third Edition, in section
667, General Rules as to Priorities and Preferences (at page 1198), Professor Clark
states (internal citations omitted):

After costs and expenses of the receivership have been paid or provided for,
plaintiff should make payment and distribute the res under proper orders of
court, in the categories as follows:

First: Payment or transfer of property belonging to third parties held in trust or
otherwise by the defendant and coming into possession and control of the
receiver.

Second: Payment of priority governmental claims; payment of taxes, payment of
statutory labor and wage claims; payment of six months' labor and supply
claims.

4

Third:  Payment or transfer to mortgagee of the property or proceeds of mortgaged or other encumbered property after deducting from the same or charging against the same expenses, if any, of preservation and/or realization which have accrued to mortgagee.

Fourth:  Payment under special circumstances to creditor at whose instance receiver is appointed.  He may, by his diligence, secure a *lis pendens* or something in the nature of a lien.

Fifth:  Pro rata payment to general creditors.

Sixth:  Distribution of any surplus to defendant or those ordered by the court to receive.

24.    An exhaustive search of Colorado Revised Statutes does not reveal a statutory formula specifically regulating the distribution of assets in a receivership estate, but there are a few statutory schemes under Colorado law that are consistent on this subject, and there is no reason to believe the law would be any different for distributions by receivers.

25.    Examples of statutes which provide for a distribution to administrative creditors ahead of general, unsecured creditors abound.  *E.g.*, C.R.S. § 11-103-804 (liquidation by commissioner); C.R.S. §11-108-604 (liquidation by banking board); C.R.S. § 11-109-704 (liquidation by commissioner); C.R.S. § 10-3-541 (distribution of assets from an insurer's estate)

26.    Similarly, the United States Bankruptcy Code, 11 U.S.C. § 507, provides that child support obligations are paid first, administrative expenses are second, and general unsecured claims are far below those obligations.

## III.    An Overpayment to General Unsecured Claimants must be Restored to the Receivership Estate in Order to Allow Payment in Full of Administrative Expenses.

27.    The current status of this Receivership Action is that the Government, and by carve-out, the receiver and its counsel and CPAs, have been unpaid as to $1 million while the general unsecured Claimants have been paid in full.  Even if the receiver were to refuse to seek restitution of $1 million from the general unsecured Claimants, the Government could do so itself under 26 U.S.C. § 6901, which provides.

Transferred assets.

(a)    Method of collection.  The amounts of the following liabilities shall, except as hereinafter in this section provided, be assessed, paid, and collected in the same manner and subject to the same provisions and limitations as in the case of the taxes with respect to which the liabilities were incurred:

(1)    Income, estate, and gift taxes.

(A)   Transferees. The liability, at law or in equity, of a transferee of property--

(i)   of a taxpayer in the case of a tax imposed by subtitle A [26 USCS §§ 1 et seq.] (relating to income taxes),

(ii)   if a decedent in the case of a tax imposed by chapter 11 [26 USCS §§ 2001 et seq.] (relating to estate taxes), or

(iii) of a donor in the case of a tax imposed by chapter 12 [26 USCS §§ 2501 et seq.] (relating to gift taxes),

in respect of the tax imposed by subtitle A or B [26 USCS §§ 1 et seq. or 2001 et seq.]. . . .

(h)   Definition of transferee.  As used in this section, the term "transferee" includes donee, heir, legatee, devisee, and distributee, and with respect to estate taxes, also includes any person who, under section 6324(a)(2) [26 USCS § 6324(a)(2)], is personally liable for any part of such tax.

28.   In addition to the foregoing, the Government also maintains that it can pursue the receiver directly under 26 U.S.C. § 6901(1)(B),[1] which reads as follows:

(B)   Fiduciaries. The liability of a fiduciary under section 3713(b) of title 31, United States Code in respect of the payment of any tax described in subparagraph (A) from the estate of the taxpayer, the decedent, or the donor, as the case may be.

29.   Once it is understood that the Government is certain to collect its taxes one way or the other, it is far more efficient to follow the previous case law, enter the Restitution Order in favor of the receiver, and have the receiver pay the taxes and the carved-out administrative expenses.  The basis for this Court to enter the Restitution Order may be found in the *Restatement of the Law, Restitution* § 74, which reads as follows:

§ 74 Judgments Subsequently Reversed—A person who has conferred a benefit upon another in compliance with a judgment, or whose property has been taken thereunder, is entitled to restitution if the judgment is reversed or set aside, unless restitution would be inequitable or the parties contract that payment is to be final; if the judgment is modified, there is a right to restitution of the excess.

30.   Certainly if a judgment being reversed can result in an order of restitution, a merely interlocutory order being reversed has the same effect.

---

[1] As the receiver understands the Government's position, the Government follows § 6901 through 31 U.S.C. § 3713 to assess and collect from the receiver in its individual or corporate capacity.  The receiver disputes the Government's ability to do this under the case law, but after the entry of the Tax Orders, the Government commenced this process against Sterling Consulting Corporation.

31.     The trial court has discretion as to granting restitution in a summary proceeding: *State v. Horton*, 70 Neb. 334, 97 N. W. 434 (1903); *Market Nat. Bk. v. Pacific Nat. Bk.*, 102 N. Y. 464, 7 N. E. 302 (1886); *Healy v. Wostenberg*, 47 Wyo. 375, 39 P. (2d) 325 (1934). In accord is the *Restatement of the Law, Restitution, § 74 Comment m,* which reads, in pertinent part, as follows:

> *m.  Judgment modified.*  Where a judgment is modified and a smaller amount awarded to the judgment creditor, if payment has been made in excess of the amount finally awarded, the judgment debtor is entitled to restitution of the excess under the same circumstances and from the same classes of persons as where the judgment is reversed.

32.     The bankruptcy cases on administrative insolvency provide insight into the procedures that should be used for restitution.  It is not at all uncommon in bankruptcy cases for certain administrative expenses to be paid during the pendency of the case, and for the case to wind up as administratively insolvent.  In this situation (e.g., one administrative expense has been paid in full while another has not been paid at all), bankruptcy courts routinely order the administrative creditors who have been paid to disgorge money until all administrative creditors of equal dignity have been paid ratably.

33.     In *In re: Kingston Turf Farms, Inc.,* 176 B.R. 308, 1995, the Bankruptcy Court stated:

> We also agree with the United States Trustee's comment that any payment received in such circumstances, during the pendency of the case, is a payment "on account," and is always subject to review.  *In re Narragansett Clothing Co.,* 160 Bankr. 477, 479 (Bankr. D.R.I. 1993).

34.     The bankruptcy cases that follow this rule are legion:  *In re Chute*, 235 B.R. 700, 1999 Bankr. LEXIS 810 (Bankr. D. Mass. 1999); *In re Anolik*, 207 B.R. 34, 1997 Bankr. LEXIS 361 (Bankr. D. Mass. 1997); *United States v. Schottenstein, Zox & Dunn (In re Unitcast, Inc.)*, 219 B.R. 741 (6th Cir. 1998); *In re Unitcast, Inc.*, 214 B.R. 992 (N.D. Ohio 1997); *In re Lighting Ctr.*, 178 B.R. 320 (Bankr. D.R.I. 1995); *Shaia v. Durrette, Irvin, Lemons & Bradshaw, P.C. (In re Metropolitan Elec. Supply Corp.)*, 185 B.R. 505 (4th Cir. 1995); *Specker Motor Sales Co. v. Eisen*, 393 F.3d 659, (6th Cir. 2004); *Matz v. Hoseman*, 197 B.R. 635 (N.D. Ill. 1996); *In re Kids Creek Partners, L.P.*, 236 B.R. 871, (Bankr. N.D. Ill. 1999); *In re North Bay Tractor*, 191 B.R. 186 (Bankr. N.D. Cal. 1996); *In re Chewning & Frey Sec.*, 328 B.R. 899, (Bankr. N.D. Ga. 2005).

35.     In the foregoing cases (i.e., cases concerning disgorgement by one administrative creditor to equalize another administrative creditor of equal dignity), there is a split of authority as to whether the disgorgement is mandatory or discretionary.  In cases where the two creditors are not of equal dignity, the disgorgement is always mandatory.  In *In Re Wilson-Seafresh, Inc*, 263 B.R. 624, 632 (2001), the Bankruptcy Court considered the situation where a superpriority creditor was impaired while other administrative (and therefore lower-priority) creditors had been paid.  The Bankruptcy Court gave excellent insight into the problem in this case:

The forced disgorgement of fees already paid is admittedly a harsh remedy. . . The priority scheme set forth in the Bankruptcy Code must be applied regardless of the fault of the professionals or the equities of the situation. Thus, even the fees and expenses of the attorney for the unsecured creditor's committee awarded and paid from the estate must be disgorged just as those of the debtor's professionals. The superpriority claim of CB&T must be paid before the professionals receive anything from the estate. The only way to achieve this is the disgorgement of all payments made the professionals on an interim basis during the administration of this case.

Accord:  *In re Wise Transportation*, 148 B.R. 52 (Bankr. N.D. Okla. 1992); *In re Matz*, 197 B.R. 635 (Bankr. N.D. Ill. 1996); *U. S. Trustee v. Johnston*, 189 B.R. 676 (N.D. Miss. 1995); *In re Printcrafters, Inc.*, 208 B.R. 968 (Bankr. D. Colo. 1997) (Chapter 11 administrative creditors forced to disgorge to pay Chapter 7 administrative expenses after conversion); and *In re Kids Creek Partners*, LP, 236 B.R. 871 (Bankr. N.D. Ill. 1999).

## IV   The Equitable Right of Subrogation to the Claims, Defenses, and Powers is Available to the Receiver and to the Claimants from which the Receiver Obtains Restitution.

36.   As an arm of this Court, the receiver has broad powers that may be employed in its efforts to compel the general unsecured Claimants to return a portion of their claims, but as broad as those powers are, they are limited.

37.   The measure of the limitation is the same as the measure of the difference between the simple power of the receiver to obtain restitution and the awesome power of the United States to collect taxes. The latter is considerably more powerful than simple restitution, and enjoys immunity from many of the traditional defenses that a Claimant might be able to otherwise mount.

38.   As discussed above, if the Government were to elect to directly pursue restitution from the general unsecured Claimants as transferees 26 U.S.C. § 6901, the Government would have powers far in excess of those powers possessed by the receiver and the Claimants would have far fewer defenses. The law is well settled that where a party has actually paid a tax owed by another, the paying party is entitled to subrogation of the Government's rights. *In re Co-Build Companies, Inc.*, 21 B.R. 635 (Bankr. E.D. Pa. 1982). In this receivership, as the recovery has been assigned in advance to the United States to pay taxes, the receiver should be subrogated to those rights now. [2]

39.   As the receiver collects from some Claimants and pays the money over to the United States in satisfaction of the Tax Claim, the receiver will develop a right of subrogation, thereby entitling it to the same powers the United States had to collect the Tax Claim, and the same powers the United States had to overcome defenses to the taxes in the first place.

---

[2]  Of course, the portion of the money collected to pay Mr. Mandelman's money under the Settlement Agreement would not enjoy the same right of subrogation. That should present no problem, because Mr. Mandelman will not be paid until the full $1 million Tax Claim is paid by the receiver.

40. The United States Supreme Court restated the rule of subrogation in connection with a receivership in *American Surety v. Bethlehem National*, 314 U.S. 314 (1941), wherein it wrote "Among the oldest of these doctrines is the rule of subrogation whereby 'one who has been compelled to pay a debt which ought to have been paid by another is entitled to exercise all the remedies which the creditor possessed against that other.' Sheldon, Subrogation (2d ed.) § 11; see *Hampton v. Phipps*, 108 U.S. 260, 263; *Hodgson v. Shaw*, 3 Myl. & K. 183, 191; *Hayes v. Ward*, 4 Johns. Ch. 123, 130."[3]

41. This rule of subrogation will also work to the advantage of those Claimants who actually comply with the Restitution Order as compared with those who do not. For example, if a Claimant who has been paid $100,000 in full satisfaction of his Claim restores $24.350 to the Receivership Estate under the Restitution Order, but another Claimant refuses to pay, the right of subrogation accrues to the benefit of the Claimant who pays against the Claimant who does not.

42. Although the right to subrogation by the Claimants of the Receivership Estate might appear to be in conflict with the receiver's right to subrogation, it is not. Until the Tax Claim is paid in full, any money collected under the right of subrogation must be paid to the United States. For that reason, the Claimants' right to subrogation will not arise until after the Tax Claim has been paid in full. The only issue left for future consideration is whether the Receivership Action will be left pending in order for the paying Claimants to exercise their right of subrogation. The receiver will leave that question for another day, and will expect any Claimant seeking the right of subrogation to move the Court as appropriate at the time.

## V. The Obligations of the Claimants to Restore a Portion of the Money under the Restitution Order are Joint and Several.

43. Where transfers ultimately render a company insolvent and unable to pay its taxes, it is well established that all transferees are jointly and severally responsible for the taxes. *E.g., Drew v United States*, 367 F.2d 828 (Cl. Ct. 1966); *Foster v Commissioner*, (1967) TC Memo 1967-224.

### Administrative Matters

44. Despite the receiver's ability, at some future date, to obtain restitution from any or all Claimants for the full amount under the above authorities and under the Settlement

---

[3] Although *American Surety* is a case concerning the National Banking Act, the Court pointed out that Congress did not articulate the rule of subrogation under the National Banking Act, but instead directed the Courts for rely upon common law. At page 315, the Supreme Court wrote "The National Bank Act provides for the 'ratable' distribution of assets of insolvent national banks. R. S. § 5236; 12 U. S. C. § 194. The question for decision is therefore one of federal law. *Deitrick v. Greaney*, 309 U.S. 190, 200-01; *Merrill v. National Bank of Jacksonville*, 173 U.S. 131; *Davis v. Elmira Savings Bank*, 161 U.S. 275; *Cook County Nat. Bank v. United States*, 107 U.S. 445, 448. Congress has seen fit not to anticipate by specific rules solution of problems that inevitably arise in national bank liquidations. Instead, it chose achievement of a 'just and equal distribution' of an insolvent bank's assets through the operation of familiar equitable doctrines evolved by the courts." [Emphasis added.]

Agreement, at this point the receiver is asking only that each pre-appointment Claimant pay the same share of its distribution. The receiver seeks an Order directing all Claimants to restore 24.35% of the distributions actually received to pre-appointment claimants.

45.     Timing of the Restitution Order is very important to certain Claimants. The Government has indicated that any Claimant who has taken the payments made by the receiver under the Distribution Order into income will have the ability to deduct the money restored to the Receivership Estate under 26 U.S.C. § 1341 (computation of tax where taxpayer restores substantial amount held under claim of right). As a result, it might be useful to certain Claimants to be Ordered to make restitution prior to the end of the tax year, December 31, 2005. For that reason, the receiver asks that the Restitution Order be entered no later than December 15, 2005, if at all possible.

46.     Paragraph 5(c) of the Settlement Agreement provides that the receiver may impose costs of collection on any Claimant that resists collection under the Order. For this purpose, the receiver asks the Court to require restitution within thirty days following the entry of the Restitution Order. If a Claimant fails or refuses to make restitution as Ordered within thirty days after the Restitution Order, the receiver will assess the Claimant with costs of collection that include, without being limited to, the following: receiver's fees incurred in collecting; attorney's fees incurred in collecting; collection agent's fees incurred in collecting; and interest at the rate of whatever the Court gives on Judgments.

47.     In addition to getting costs of collection and restitution for those Claimants who resist the Restitution Order, the receiver will request a Judgment against that Claimant (a "Resisting Claimant"). A Judgment against a Resisting Claimant will make involuntary restitution considerably easier. As another means of encouraging voluntary compliance with the Restitution Order, the Restitution Order will not appear on the records of the Claimants. If a Restitution Judgment it necessary, it could very likely appear on the credit report of the Claimant, and can be used in connection with traditional collection methods, such as liens and attachments.

48.     The receiver anticipates that some Claimants will not have the money necessary to liquidate the payment due under the Restitution Order. In cases where a Claimant can demonstrate a legitimate hardship, in exchange for a stipulation to pay the amount due, the receiver will allow the Claimant to make payments over a fairly short period of time, with interest. A Claimant demonstrating a legitimate hardship will not be assessed costs of collection in the manner of a Resisting Claimant.

49.     If a Claimant disputes the amount due (as opposed to the receiver's right to restitution), the receiver will first attempt to resolve the differences with the Claimant. If the receiver and the Claimant are unable to resolve the amount, the receiver will require the Claimant to post a bond in the amount of the payment as calculated by the receiver, and the Claimant may apply to this Court to resolve the matter.

50.     Approximately six years have passed since the receiver made payments under the Distribution Orders. In that time, Claimants may have moved to a location unknown to the receiver. The receiver has gone to considerable lengths to locate all Claimants, but a few have

not been found. In the case where a Claimant did not receive notice of the Restitution Order, but is later located, that Claimant will have thirty days from the date it receives notice to make restitution. A Claimant who has not been located by the receiver, but who receives actual notice or knowledge of the Restitution Order will be treated as a Resisting Claimant.

51.     In the same six years, Claimants may have died (in the case of people), dissolved (in the case of companies), filed for bankruptcy, been placed in receivership, and gone through other changes. In these circumstances, the receiver expects the Claimant (or heirs, assignees, purchasers, etc.) to defend on the basis of their changes in circumstances. The receiver believes that under the subrogation theory, none of these defenses will be valid. The receiver will address each case, on a case-by-case basis, and apply to this Court for assistance, as appropriate. Any Claimant, or transferee of any Claimant, who resists the Restitution Order will be treated as Resisting Claimant.

52.     Some Claimants may try to avoid restitution by attempting to show that that Claimant assigned its Claim or rights under its Claim. The receiver believes that the Claimant's assignee will always be liable, but that in certain circumstances, the assigning Claimant may not. The receiver will address each case, on a case-by-case basis, and apply to this Court for assistance, as appropriate. Claimants who try to avoid restitution and are found to be obligated under the Restitution Order will be treated as a Resisting Claimant.

53.     Under these circumstances, consultation under Local Rule 7.1 was impossible.

WHEREFORE, Sterling Consulting Corporation, as receiver, prays that this Court:

A. Reconsider the Distribution Orders and enter an Order Modifying the Distribution Orders to be consistent with the Order Approving the Settlement Agreement;

B. Order and Adjudge that all general unsecured Claimants whose Claims were paid under the Distribution Orders must restore 24.35% of the face amount of the Claim to the receiver,

C. Order that the receiver has the right of subrogation to the claims of the United States under the Tax Claim;

D. Order that the obligations of the various Claimants are joint and several; and

E. Grant the receiver such other and further as the Court deems just and proper.

Respectfully submitted this _18th_ day of November, 2005.

By: _/s/ John M. Tanner_
Fairfield and Woods, P.C.
1700 Lincoln Street, Suite 2400
Denver, CO  80203-4524
Phone: (303) 830-2400
Fax: (303) 830-1033
Email: jtanner@fwlaw.com

11

## CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses or as indicated below or by United States Mail, postage prepaid:

**VIA CM/ECF TO:**

Alan Lemont Hale Esq.
Hale Friesen, LLP
1430 Wynkoop St., Ste. 300
Denver, CO 80202
**Attorney for Richard Basciani, N.**
**Rooke Everill, Pres./Everill Bros.,**
**Inc., John H. Nicholson or Virginia A.**
**Nicholson**
ahale@haldfriesen.com

Brad W. Schacht, Esq.
Otten Johnson Robinson
 Neff & Ragonetti, P.C.
950 17th St., Ste. 1600
Denver, CO 80202-2827
**Attorney for Michael Payne**
bschacht@ottenjohnson.com

Stephen D. Bell, Esq.
Dorsey & Whitney, LLP
370 17th St., Ste. 4700
Denver, CO 80202-5687
**Attorney for Eller Industries**
bell.steve@dorsey.com

Edward T. Ramey, Esq.
Stuart H. Pack, Esq.
Isaacson Rosenbaum
 Woods and Levy
633 17th St., Ste. 2200
Denver, CO 80202
**Attorneys for William R. Childs, Scott**
**McCormick, Jr., Douglas Walliser,**
**Ronald Schiff, Edward Pacelli,**
**Barbara Sandoval, Morty Lempel,**
**A.B. Goldberg, First Entertainment,**
**Harvey Rosenberg**
eramey@ir-law.com

spack@ir-law.com

James R. Cage, Esq.
Cage Williams Abelman
 & Layden, P.C.
St. Elmo Bldg.
1433 17th St.
Denver, CO 80202-1273
**Attorney for Carl D. Lucci/Albert R.**
**Lucci**
jcage@cagewilliams.com

Glen E. Keller, Jr.
Davis Graham & Stubbs, LLP
1550 17th Street, Ste. 500
Denver, CO 80202
**Attorney for Cow Creek Band of**
**Umpqua Tribe of Indians**
Glen.keller@dgslaw.com

Todd Blakely, Esq.
Sheridan Ross
The Denver Post Tower
1560 Broadway, Ste. 1200
Denver, CO 80202
**Attorney for Steven Rodolakis,**
**Trustee**
tblakely@sheridanross.com

Lee M. Kutner, Esq.
Kutner Miller Kearns, P.C.
303 E. 17th Ave., #500
Denver, CO 80203
**Attorneys for Lois Mathre**
lmk@kuttnerlaw.com

J. Eric Ellliff, Esq.
Kristen Taylor-Randall, Esq.
Morrison & Foerster, LLP
370 17th St., Ste. 3550
Denver, CO 80203
**Attorney for IMCOA**
jelliff@mofo.com

Adam F. Hulbig
Trial Attorney, Tax Division
US Dept. of Justice
Po Box 683
Ben Franklin Station
Washington, DC 20044
**Attorney for United States of America**
adam.f.hulbig@usdoj.gov

**VIA E-MAIL:**
Richard A. Block
President
Sterling Consulting Corporation
4101 E. Louisiana Ave., Ste. 300
Denver, CO 80246
**Receiver**
rblock@xpn.com

**VIA U.S. MAIL:**
Gary C. Moschetti, Esq.
Hatch & Moschetti, LLP
1800 Glenarm Pl., 9th Floor
Denver, CO 80202
**Attorney for Edward Leal**
gmoschetti@hatchlawyers.com

Cassandra Sasso, Esq.
Baker & Hostetler
303 E. 17th Ave., Ste. 1100
Denver, CO 80203-1264
**Attorney for Michelle Lean**
csasso@bakerlaw.com

Douglas M. Tisdale, Esq.
Tisdale & Associates, LLC
Colorado State Bank Building
1600 Broadway, Ste. 2600
Denver, CO 80202-4989
**Attorney for Michelle Lean**
doug@tisdalelaw.com

**SEE ATTACHED LIST FOR THOSE SENT BY MAIL**

By: */s/ John M. Tanner*
     Fairfield and Woods, P.C.
     1700 Lincoln St., #2400
     Denver, CO 80203
     Phone: (303) 830-2400
     Fax: (303) 830-1033
     Email: jtanner@fwlaw.com

| Alison K. Schuler | Schuler, Esquire | Alison K. Schuler, Attorney | 2155 Louisiana Blvd NE, Ste 8500 | Albuquerque | NM | 87110-5483 |
|---|---|---|---|---|---|---|
| New Mexico Mutual Casualty Company | Pierson, Esquire | Fairfield, Farrow & Strotz | 2400 Louisiana Blvd NE, AFC 3, Suite 100 | Albuquerque | NM | 87110-4303 |
| Garrity, Levin and Muir | Garrity, III, Esquire | Garrity, Levin and Muir | 585 Boylston Street, Ste 200 | Boston | MA | 02116-3638 |
| Richard Basciani | Hale | Hale Friesen, LLP | 1430 Wynkoop Street #300 | Denver | CO | 80202 |
| Everill Bros., Inc. | Hale | Hale Friesen, LLP | 1430 Wynkoop Street #300 | Denver | CO | 80202 |
| Martha Garrison | Hale | Hale Friesen, LLP | 1430 Wynkoop Street #300 | Denver | CO | 80202 |
| John & Virginia Nicholson | Hale | Hale Friesen, LLP | 1430 Wynkoop Street #300 | Denver | CO | 80202 |
| Southern Thunder/Bennett InternationalGroup, Inc Marcia Taylor | Hale | Hale Friesen, LLP | 1430 Wynkoop Street #300 | Denver | CO | 80202 |
| Eller Industries, Enc. | Britt | Hall & Evans | 1125 Seventeenth Street #600, US District Court Box 5 | Denver | CO | 80202-5817 |
| William R. Childs | Pack | Isaacson Rosenbaum PC | 633 - 17th Street, Ste 2200 | Denver | CO | 80202 |
| Martin A. Crist | Pack | Isaacson Rosenbaum PC | 633 - 17th Street, Ste 2200 | Denver | CO | 80202 |
| Joseph R. Fredricksen | Pack | Isaacson Rosenbaum PC | 633 - 17th Street, Ste 2200 | Denver | CO | 80202 |
| Robert L. Hogue, M.D., P.A. | Pack | Isaacson Rosenbaum PC | 633 - 17th Street, Ste 2200 | Denver | CO | 80202 |
| Theodore Jacobs, MD | Pack | Isaacson Rosenbaum PC | 633 - 17th Street, Ste 2200 | Denver | CO | 80202 |
| Thomas T. Johnson | Pack | Isaacson Rosenbaum PC | 633 - 17th Street, Ste 2200 | Denver | CO | 80202 |
| Steve Leventhal | Pack | Isaacson Rosenbaum PC | 633 - 17th Street, Ste 2200 | Denver | CO | 80202 |
| Scott McCormick, JR | Pack | Isaacson Rosenbaum PC | 633 - 17th Street, Ste 2200 | Denver | CO | 80202 |
| Allen Moore III | Pack | Isaacson Rosenbaum PC | 633 - 17th Street, Ste 2200 | Denver | CO | 80202 |
| Barbara Sandoval | Ramey | Isaacson Rosenbaum, PC | 633-17th Street #2200 | Denver | CO | 80202 |
| Ronald Schiff | Pack | Isaacson Rosenbaum, PC | 633-17th Street #2200 | Denver | CO | 80202 |
| Philip Shaiman | Pack | Isaacson Rosenbaum, PC | 633-17th Street #2200 | Denver | CO | 80202 |
| Robert G. Spelbrink | Pack | Isaacson Rosenbaum, PC | 633-17th Street #2200 | Denver | CO | 80202 |
| Douglas Walliser | Pack | Isaacson Rosenbaum, PC | 633-17th Street #2200 | Denver | CO | 80202 |
| Singer, Benny | Miller | Kennedy, Christopher, Childs & Fogg, PC | 1050 Seventeenth Street #2500 | Denver | CO | 80265-1197 |
| Scott Kajiya | Freeman, Esq | Law Offices of Peter C | 16485 Laguna Canyon Road, Suit 230 | Irvine | CA | 92618-3846 |
| Michael Payne | Schacht | Otten, Johnson, Robin | 950 Seventeenth Street #1600, | Denver | CO | 80202 |

| | | | | | | |
|---|---|---|---|---|---|---|
| Pillsbury, Winthrop, Shaw Pittman | Anderson | Pillsbury, Winthrop, Shaw Pittman | 2300 N Street, NW | Washington | DC | 20037-1128 |
| J. William Adams, Jr. aka Bill Adams | Adams | Abba Incoporated | 4012 Townley Street | Winston-Salem, | NC | 27103 |
| Albuquerque Hilton Hotel | Bailey | Albuquerque Hilton Hotel | 1901 University  Blvd. NE | Albuquerque | NM | 87102 |
| Marc N. Allsman | Allsman | American Motorcycle Technologies, Inc. | 175 Paul Dr. | San Rafael, | CA | 94903 |
| John H. Nicholson or Virginia A. Nicholson | Nicholson | Arrow Indian Motorcy | 81 Rantoul Street | Beverly | MA | 01915 |
| Atlas Tubular, Inc. | Hubbard | Atlas Tubular, Inc. | 1710 South Highway 77 | Robstown | TX | 78380 |
| Beaumont Motors | Beaumont | Beaumont Motors | 52, rue la Fontaine | Paris | France | |
| Boatmen's Credit Card Bank | Cordova | Boatmen's Credit Card | 1008 Coal Avenue SE | Albuquerque | NM | 87106 |
| Leventhal & Bogue PC Pension | Bogue | Bogue, Koury, and Marylander | 1401 17th Street, Suite 320 | Denver | CO | 80202 |
| Boyd Sign & Graphics | Bouffard | Boyd Sign & Graphic Co | 10120 Chapala Ct. NE | Albuquerque | NM | 87111 |
| Ronald Garcia | Garcia | C/O Isabel Garcia | PO Box 10621 | Albuquerque | NM | 87184-0621 |
| Raymen Cardullo/John Castellano | Cardullo | C/O John Castellano | 4386 Danielson Drive | Lake Worth | FL | 33467 |
| James P. Lewis | Lewis | C/O Julie Lewis | 310 North Main Street | Freeburg | IL | 62243-1016 |
| Henry Seracki | Seracki | c/o Norcon General Contractors, Inc. | 900 Payne Avenue | Saint Paul | MN | 55101 |
| Carl D. Lucci/Albert R. Lucci | Cage | Cage, Williams, Abelman & Layden, PC | 1433 Seventeenth Street | Denver | CO | 80202 |
| Marcos A. Cheney | A. | Cheney | | | | |
| Marshall D. Cooper | Cooper | Cherokee Indian Motorcycle | 100 Cooper Trail | Blacksburg | SC | 29702 |
| Christopher Schaiberger | Moothart, Esquire | Christopher Schaiberger | 620-A Woodmere | Traverse City | MI | 49686 |
| Country Cycles | Wells | Clarion Cycles | 20030 Paint Blvd | Shippenville | PA | 16254-4622 |
| Matthew T. Valentine | Valentine | Courtesy Auto Group, Inc. | 650 N. Hwy. 17-92 | Longwood, | FL | 32750 |
| Data-Line Office Systems | Irwin | Data Line Office Systems | 11601 Menaul Boulevard NE | Albuquerque | NM | 87112-2418 |
| Davis & Kuelthau, SC | | Davis Kuelthau, SC | 111 E. Kilbourn Ave. Suite 1400 | Milwaukee | WI | 53202-6613 |
| Donald C. Schunk | Schunk, Sr. | Don Schunk Indian Motorcycle LTD | 835 Stone Meadow Drive | Chesterfield | MO | 63005 |
| Donald C. Schunk | Schunk, Sr. | Don Schunk Indian Motorcycle LTD | 835 Stone Meadow Drive | Chesterfield | MO | 63005 |
| Donald C. Schunk | Schunk, Sr. | Don Schunk Indian Motorcycle LTD | 11503 Saint Charles Rock Rd | Bridgeton | MO | 63044 |
| Ed Pink Racing Engines, Inc. | Pink | Ed Pink Racing Engines | 14612 Raymer Street | Van Nuys, | CA | 91405 |
| Eller Industries, Enc. | Labriola | Eller Industries | 6101 North 115th Street | Longmont | CO | 80501 |
| Eller Industries, Enc. | Labriola | Eller Industries | 6035 N 115th Street | Longmont | CO | 80504 |
| Excalibur Customs | Mooring | Excalibur Customs | 6714 4th Street N.E. | Albuqueruque | NM | 87107 |
| Excel Motorsports | Halprin | Excel Motorsports | 1316 Penningtow Place | Concord | NC | 28207 |
| Brooks Bros. Custom Cycle & Sales, L.C. | Melchior | Far West Capital, Inc | 2221 6200 E SS | Salt Lake City | UT | 84121 |
| Free Import Hawk | Bastiaansen | Free Import Hawk | Oostran 2  4762 PB | Zeverbergen | Netherlands | 4762PB |

| Lance Migliaccio | Migliaccio | Front Range Indian Motorcycle | 450 Holly Street | Denver | CO | 80220 |
| Bryan Mager | Mager | Front Range Indian Motorcycle, Inc. | 1401 Wewatta St Unit 4 | Denver | CO | 80202-1257 |
| Orvil E. Jones | Jones | Gene's Parts & Performance | 3597 Junction City Highway | El Dorado | AR | 71730 |
| Growth Financial | Voltz | Growth Financial | 4959 West Colonial Court | Greenfield | WI | 53220-2010 |
| Hacienda Motorcycles, Inc. | Hatch | Hacienda Motorcycles, Inc. | 15600 N Hayden Rd | Scottsdale | AZ | 85260-1924 |
| Steven V. DeStout | DeStout | In the Wind, Inc. | PO Box 50269 | Henderson, | NV | 89016-0269 |
| Steven V. DeStout | DeStout | In the Wind, Inc. | PO Box 50269 | Henderson, | NV | 89016-0269 |
| James W. Stranks | Stranks | Iron Redskins | RR #1 | Bognor, Ontario | Canada | NOH 1EO |
| Theodore Jacobs, MD | Jacobs, MD | Jacobs & Modaber | 2870 S Maryland Parkway, Suite 300 | Las Vegas | NV | 89109-1552 |
| Jacobs Industries | Jacobs, Jr. | Jacobs Industries | PO Box 9 | Fraser | MI | 48026-0009 |
| Ronald Fulfer | Fulfer | Kentucky Indian Motorcycle Sales, Inc. | 15315 S. Francis Dr. | Plainfield | IL | 60544 |
| Gary Torre | Torre | Kings Highway Motor Sports, Inc. | 1300 Oak Ridge Road | Mc Donald | PA | 15057 |
| Leventhal & Bogue PC Pension | Leventhal | Leventhal, Brown & Puga PC | 950 S. Cherry St., Suite 600 | Denver, | CO | 80222 |
| Richard & Mario Basciani | Basciani | M & M Basciani Co. | 8876 Gap Newport Pike | Avondale | PA | 19311-9740 |
| Richard Basciani | Basciani | M & M Basciani Co. | 8876 Gap Newport Pike | Avondale | PA | 19311-9740 |
| Montgomery & Andrews, P.A | Melendres, Esquire | Montgomery & Andrews | 325 Paseo De Peralta | Santa Fe | NM | 87501 |
| Motorcykel Importen Goteborg AB | Iseback | Motorcykel Importen Goteborg AB | Gamla Tuvevagen 4 | 41705 Goteborg | Sweden | |
| Burt R. Bondy | Bondy | Northern Illinois Honda-Yamaha-Suzuki | 8130 Prestwick Drive | La Jolla | CA | 92037 |
| Burt R. Bondy | Bondy | Northern Illinois Honda-Yamaha-Suzuki | 8130 Prestwick Drive | La Jolla | CA | 92037 |
| | Nelson | Northstar Indian Mot | 33433 Cobalt Circle, NW | Cambridge | MN | 37,500.00 |
| Richard Dale Wood | Wood | Northstar Indian Motorcycles, Inc. | 13997 80th Ave North | Maple Grove | MN | 55311 |
| Edward Pacelli | Pacelli | Pacelli's Indian Motorcycles | 435 Berkshire Rd. | Ridgewood | NJ | 07450 |
| Paul H. Metzinger, PC | Metzinger, Esquire | Paul H. Metzinger, P.C. | 3236 Jellison Street | Wheat Ridge | CO | 80033 |
| Prestige Indian Diffusion Sarl | Marcacci | Prestige Indian | 4, chemin de la Traille | 1213 Geneva | Switzerland | |
| PNM Gas Services of New Mexico | Jordan | Public Service Company of New Mexico | Alvarado Square | Albuquerque | NM | 87158-1008 |
| Paul Ralph | Ralph | San Deigo Dealership | 1167 Sunset Cliffs Blvd. | San Diego | CA | 92107 |
| Donell J. Blodgett | Blodgett | Santa Rosa Twin Vee | 1240 Petaluma Hill Rd | Santa Rosa | CA | 95404 |
| Hal B. Parker | Parker | Seminole Indian Incorporated | 1505 Marvin Street | Longwood | FL | 32750 |
| Hal B. Parker | Parker | Seminole Indian Incorporated | 1505 Marvin Street | Longwood | FL | 32750 |

| Kathryn L. Troccoli | Troccoli | Skyway Park Inc DBA | 1911 Champlain St | Ottawa | IL | 61350 |
|---|---|---|---|---|---|---|
| Guchenheimer/Kusch | Killroy, Esq. | Snell & Wilmer LLP | 1200 Seventeenth Street, Suite | Denver | CO | 80202 |
| Hyams, Paul & Elain | Killroy, Esq. | Snell & Wilmer LLP | 1200 Seventeenth Street, Suite | Denver | CO | 80202 |
| Southern Thunder/Bennett InternationalGroup, Inc | Taylor | Southern Thunder/Bennett International Group, INC | 1001 Industrial Parkway, PO Box 569 | McDonough | GA | 30253 |
| Steve Montano | Montano | Southwest Financial | 1317 San Jose Ave. | Santa Fe | NM | 87501 |
| Roger Thrall | Thrall | Staz Nevada Indian | 355 Alamosa Drive | Sparks, | NV | 89436 |
| Steel Stallions Indian of Calif, Carol Furtier & Anthony Pugliese | Carol Furtier | Steel Stallions Indian of California | 3145 N Ocean Blvd | Delray Beach | FL | 33483-7369 |
| TAM Communications | Passaw | Tam Communications Inc | 1010 Summer Street | Stamford | CT | 06905-5503 |
| John & Cheryl Petitto | Petitto | Town & Country Sports Center | 1330 Vacary Road | Cement City, | MI | 49233 |
| John & Cheryl Petitto | Petitto | Town & Country Sports Center | 1330 Vacary Road | Cement City, | MI | 49233 |
| Triad Suspension Technologies, Inc. | Thomas | Triad Suspension Technologies, Inc. | 1007 Pampas Drive S.E. | Albuquerque | NM | 87108 |
| David Giroux | Giroux | Tri-State Indian Motorcycle Sales | 115 Pond St. | Newton | NH | 03858 |
| Jeffrey M. Perkins Pres. Of Western Design Engineering, Inc. | Perkins | Western Design Engineering | 808 Airport Road | Jackson, | MI | 49202 |
| Carl D. Lucci/Albert R. Lucci | Lucci | Winchester Indian Motorcycle Co. | 5260 Grove Street | Stephens City, | VA | 22655 |
| Bruce & Carmen Anderson | Anderson | | 1355-464th Street | Stanchfield | MN | 55080 |
| Nick Antolik | Antolik | | 8935 Francis Road | Girard, | PA | 16417 |
| Donald L. Arnold | Arnold | | 580 W. 2nd Street | Loveland, | CO | 80537 |
| James W. Bagshaw | Bagshaw | | 6236 North Ridge West | Geneva, | OH | 44041 |
| Richard L. Barber | Barber | | 426 Downes Terrace | Louisville | KY | 40214 |
| William Barron | Barron | | 1345 Walnut | Waukegan | IL | 60085 |
| Dennis T. Barton | Barton | | 1753 Sandy Creek Road | Monroe | MI | 48162 |
| Richard & Mario Basciani | Basciani | | 1938 Wolf Street | Philadelphia | PA | 19145 |
| Wayne & Sharon Baughman | Baughman | | 720-20 Tramway Ln NE | Albuquerque | NM | 87122 |
| Wayde Beechy | Beechy | | 760 Walter Drive | New Lenox | IL | 60451 |
| Gary Beer | Beer | | 21355 Settlers Pond Drive | Frankfurt | IL | 60423 |
| Geraldine Beer | Beer | | 4532 North Osage Avenue | Norridge | IL | 60656 |
| David M. Bender | Bender | | 3956 S. Colorado Avenue | St. Louis Park, | MN | 55416 |
| Brian Berg | Berg | | 1711 Weston Avenue | Schofield, | WI | 54476 |
| Joseph Bergeron | Bergeron | | 4760 Brittany Dr. S., #21 | St. Petersburg, | FL | 33715 |
| Jim Berlin | Berlin | | 2804 E. Michigan Avenue | Jackson, | MI | 40201 |
| Calvin J. Boggs | Boggs | | 5149 S. DuPont Hwy | Dover, | DE | 19901-6433 |
| Abram I. Bohrer, Esq. | Bohrer, Esquire | | 41 East 57th Street, 36th Floor | New York | NY | 10022 |
| Raymond J. Boos | Boos | | 7726 Haverhill Lane | Canton | MI | 48187 |
| Bobbie Jo Brady | Brady | | 1951 N 400 E | Winamac | IN | 46996-8659 |
| Jonathan Brokaw | Brokaw | | 1210 N. Cummings Road | Davidson | MI | 48423 |

| A. Brownsword | Brownsword | Route 2, Box 69R, Highway 174 | Blum | TX | 76627 |
|---|---|---|---|---|---|
| C. Wade Burleson | Burleson | Route 2, Box 156-B | Elkton, | VA | 22827 |
| Mark Burrow | Burrow | 639 Coronado Place | Longmont | CO | 80501 |
| Timothy L. Caldwell | Caldwell | 3642 Sunrise Avenue N.W | Roanoke | VA | 24012 |
| Martin Capferri | Capferri | P.O. Box 610 | Sommerville, | NJ | 08876 |
| Harry F. Carbough | Carbaugh | 4907 Champlaine Court | Jefferson | MD | 21755 |
| Elmer Carlson | Carlson | 822 North 6th Street | St. James, | MN | 56081 |
| Kevin or Sherri Carpenter | Carpenter | 815 N. 25th Avenue | Yakima, | WA | 98902 |
| John Carrol | Carroll | 138 Second Street, PO Box 354 | Kersey, | CO | 80644 |
| Robert R. Carruth | Carruth | 1105 West Bayou Parkway | Lafayette, | LA | 70503 |
| Kenneth J. Caskey | Caskey | PO Box 51395 | Livonia, | MI | 48151-5395 |
| Brad Castleberry | Castleberry | 424 Trolley Road | Summerville, | SC | 29485 |
| Gustavo Cervantes | Cervantes | 916 Liz Rios Drive | Edinberg | TX | 78539 |
| Cory S. Chambers | Chambers | 12605 Carrington Hill Drive | Gaithersburg, | MD | 20878 |
| Harold D. Cheek | Cheek | 3481 Shiloh Church Road | Winston-Salem, | NC | 27105 |
| William R. Childs | Childs | 3131 E. Alameda #1401 | Denver | CO | 80209 |
| Joel Christensen | Christensen | 31 Choate Street | Newark | DE | 19711-2269 |
| Todd Ciccarelli | Ciccarelli | 9664 Robin Court | Littleton | CO | 80125 |
| Richard Clark | Clark | 1901 S. Bonita Ave. | Ontario | CA | 91762 |
| Jon E. Cody | Cody | 2810 Jacaranda Dr | Harlingen | TX | 78550-8604 |
| Dennis Conour | Conour | 1314 Antuna Blvd | Woodstock, | IL | 60098 |
| Mario Conte | Conte | 269 Arbor Lane | Bloomingdale, | IL | 60180 |
| Mark D. Cooper | Cooper | 7224 White Wood Drive | Fort Worth | TX | 76137 |
| Richard J. Cortesi | Cortesi | 5316 Camino Montano N.E. | Albuquerque, | NM | 87111 |
| Mike Cramer | Cramer | 13072 Elk Rd | Mound Valley | KS | 67354-9222 |
| Martin A. Crist | Crist | 8439 Greenwood Drive | Niwot | CO | 80503 |
| Darren W. Croop | Croop | 5542 34th Ct E | Bradenton | FL | 34203-5221 |
| Russell Davis | Davis | 6639 Pencade Lane | Charlotte, | NC | 28215 |
| Paul P DeDomenico | DeDomenico | 101 W. Marcy Street | Santa Fe, | NM | 87501 |
| Michael D. DelCimmuto | DelCimmuto | 4516 Marina Dr | Munhall | PA | 15120-2965 |
| Alfred De Masi | De Masi | 3761 Manhattan Beach Blvd. | Lawndale | CA | 90260 |
| John M. Dempsey III | Dempsey, III | PO Box 170 | Biddeford Pool | ME | 04006-0170 |
| Michael G. Driscoll | Driscoll | 13684 Geddes Rd. | Hemlock, | MI | 48626 |
| Fulton G. Drumheller | Drumheller | 2285 Manakintown Ferry Rd. | Midlothian, | VA | 23113 |
| Sheldon DuBrow | DuBrow | 53 Winged Foot Dr | Livingston | NJ | 07039-8226 |
| Robert J. DuVall | Duvall | 6368 Moreland | Erie, | MI | 48133 |
| Phil Ehart | Ehart | 8722 N. Shore Drive | Jonesboro, | GA | 30236 |
| John R. Eidson | Eidson | 2230 Halter Lane | Herndon, | VA | 22071-2823 |
| Quinton Ellis | Ellis | 20 Belle Air Rd | Colo Springs | CO | 80906-4235 |
| Steven C. English SR. | English, Sr. | 14566 W. Hickory Road | Zion | IL | 60099 |
| Scott Gregory Erickson | Erickson | 78 167th Lane N.W. | Andover | MN | 55304 |
| Lou Evans | Evans | 257 Forrest Park Way | Forrest Park, | GA | 30050 |
| Stephen J. Fazio | Fazio | 550 Ruby Street | Joliet, | IL | 60435 |
| James G. Fifield | Fifield | 257 West 86th Street | New York, | NY | 10024 |

| Carroll Fink | Fink | 2400 Clay Pike | Zanesville | OH | 43701-9221 |
| Carroll Fink | Fink | 2670 Shaw Rd | Zanesville | OH | 43701-7193 |
| Joseph R. Fredricksen | Fredrickson | 5539 Mt. Vista | San Antonio, | TX | 78247 |
| Roy Freitag | Freitag | 28 Rio Abajo Drive | Los Lunas | NM | 87031 |
| Gary Lee Galemore | Galemore | 9810 S Ridge Rd | Sedgwick | KS | 67135-9404 |
| David Mark Garcia | Garcia | 17 Kiva Loop #6 | Sandia Park | NM | 87047-8519 |
| Charles G. Gardner | Gardner | 9795 South Preston Highway, PO Box 155 | Lebanon Junction | KY | 40150 |
| Vincent Gargagliano | Gargagliano | 1561 Texas NW | Grand Rapids | MI | 49504 |
| Charlie J. Garrett | Garrett | 235 S. Burson Avenue | Bogart | GA | 30622 |
| Leonard Douglas Garrison II | Garrison | 270 Summerfield Dr. | Alpharetta, | GA | 30202 |
| Martha Garrison | Garrison-Tenninson | 4675 S Huron Street | Englewood | CO | 80110-5637 |
| David Gasper | Gasper | 5749 Stadler Road | Monroe, | MI | 48161 |
| George Gasper | Gasper | 5749 Stadler Road | Monroe, | MI | 48161 |
| Albert R. Gazza | Gazza | 589 Manchester Road | E. Glastonbury, | CT | 06025-0085 |
| Ronald F. Gehringer | Gehringer | 123 Front Street | Muscoda | WI | 53573-0563 |
| Ronald Gibbens | Gibbens | 3502 14th Avenue South. | Grand Forks, | ND | 58201 |
| Jonathan L. Giles | Giles | PO Box 519 | Petaluma | CA | 94953 |
| Lee E. Gilley | Gilley | 38575 Hwy #24 | Lake George | CO | 80827 |
| J. Amador Gonzales | Gonzales | 6629 Barnhart, N.E. | Albuquerque, | NM | 87109-4106 |
| William T. Gower | Gower | 165 Chickering Lake Dr. | Roswell, | GA | 30075 |
| Larry Grandys | Grandys | 10336 Lindsey Lane | Mokena | IL | 60448 |
| Kevin J. Gray | Gray | 410 Ryder Road | Toledo, | OH | 43607 |
| Paul J. Gray | Gray | 511 Continental Blvd. | Toledo, | OH | 43607 |
| Guchenheimer/Kusch | Meredith Kusch | 309 St Catherine Circle | Ithaca | NY | 14850 |
| Martin Hall | Hall | 1230 Saw Mill Road | Downingtown | PA | 19335 |
| Victor L. Hammond | Hammond | RR 1, Box 1100E | Golden | MO | 65658-9784 |
| Parley E. Hanson | Hanson | 12990 Grouse Street NW | Coon Rapids, | MN | 55448 |
| Edward F. Havlik | Havlik | A4638 Sallview Drive | Holland | MI | 49422 |
| Jay Hebert | Hebert | 26 Pearl Street | Holyoke, | MA | 01040 |
| Gerald Heckener | Heckener | 3076 Carlisle Rd. | Dover, | PA | 17315 |
| Frederick Hild | Hild | Route 2 Box 147A | Fredericksburg | TX | 78624 |
| Geir Hjorth | Hjorth | 7 Doubleday Lane | Ridgefield, | CT | 06877 |
| William H. Hodgkin | Hodgkin | 211 Hood Avenue | Winchester, | KY | 40391 |
| Robert L. Hogue, M.D., P.A. | Hogue, MD | 101 A Southpark Drive | Brownwood, | TX | 76801 |
| Raymond R. Holt | Holt | 18225 Lake Drive | Monument, | CO | 80132 |
| Clyde W. Horst | Horst | 2115 Waterford Dr. | Lancaster | PA | 17601 |
| Timothy W. Hough | Hough | 47 Far View Lane | Front Royal, | VA | 22630 |
| Arvil M. Houts | Houts | 43 "I" Street | Sparks, | NV | 89431 |
| Carl & Denise Humphrey | Humphrey | 2009 Mercury Way | Sacramento, | CA | 95864 |
| Gregory Ida | Ida | 21319 Silktree Cir | Plainfield | IL | 60544-9360 |
| John Inelli | Inelli | 17 Old Farmstead Rd. | Chester, | NJ | 07930 |
| Theodore Jacobs, MD | Jacobs, MD | 1 Hughes Center Drive, Apt 904 | Las Vegas | NV | 89109-6713 |
| Jeffrey A. Johns | Johns | RD 4, Box 2 | Kittanning, | PA | 16201 |
| Thomas T. Johnson | Johnson | 1537 S. Shooting Star Dr. | Golden, | CO | 80401 |
| Kent Jones | Jones | 5844 Kibler Road | Paradise | CA | 95969-5484 |
| Michael Kearney | Kearney | 3720 Sunrise Lane | Key West, | FL | 33040 |

| | | | | | |
|---|---|---|---|---|---|
| James A. Keedy | Keedy | 247 Keedy's Lane | Pasadena, | MA | 21122 |
| Frank R. Keefer | Keefer | 181 Keefer Road | Connellsville, | PA | 15425 |
| Scott Kiefner | Kiefner | Rural Route 5 Lourdes Road | Metamora, | IL | 61548 |
| Marton Klepp | Klepp | 12 Day Road | Armonk, | NY | 10504 |
| Kurt S. Kourakis | Kourakis | 3537 North Orange Avenue | Chicago | IL | 60634 |
| Michael J. Krachie | Krachie | 17600 Gregory Road | Gregory | MI | 48137 |
| Eugene E. Kramer | Kramer | 474 Glenwood Place | Thousand Oaks, | CA | 91362 |
| Chuck S. Krowczyk | Krowczyk | 13105 W. 52nd Avenue | Denver | CO | 80002-1731 |
| Zygmond Kubiak | Kubiak, Jr. | 75 Sydney School Road | Annandale, | NJ | 08801 |
| Michael Kurpierz | Kurpierz | 4512 Vincent Avenue South | Minneapolis, | MN | 55410 |
| Richard L. Kylberg | Kylberg, Jr. | 245 Gaylord Street | Denver, | CO | 80206 |
| Andrew J. Labedz | Labedz | 10335 Kitchen Rd. | Davison, | MI | 48423 |
| Larry Lagace | Lagace | 4170 Snowshoe Ln | Reno, | NV | 89502-6320 |
| Chuck D. Lampman | Lampman | 10451 Sepulveda Blvd | Mission Hills | CA | 91345 |
| Linda Ada Laskey | Laskey | 16350 Merriman Rd. | Romulus, | MI | 48174 |
| Robert R. LaSpada | LaSpada | 20290 Doswell Pl | Ashburn | VA | 20147-3316 |
| Terry A. Left | Left | 210 Park Avenue | Charlevoix, | MI | 49720 |
| Steve Leventhal | Leventhal | 6975 Bayaud Avenue East | Denver | CO | 80230 |
| James P. Lewis | Lewis | 2143 S. Brentwood Street | Lakewood, | CO | 80227 |
| William S. Limehouse | Limehouse | 420 Trolley Rd. | Summerville, | SC | 29485 |
| Michael E. Lorenzo | Lorenzo | | | | |
| Penny A. Lucci/Albert R. Lucci | Lucci | 1930 Wyoming Ave. | Ft. Pierce, | FL | 34982 |
| Frank K Lujan | Lujan | 1107 West Westfield | Porterville, | CA | 93258 |
| Leroy Lujan | Lujan | 1317 San Jose Avenue | Santa Fe, | NM | 87501 |
| Anthony R. Maccari | Maccari | 1700 First State Blvd. | Stanton | DE | 19804 |
| David L. Marburger | Marburger | 15 Marburger Rd | Oley | PA | 19547 |
| Douglas B. March | March | 9305 Seabrook Drive NE | Albuquerque, | NM | 87111 |
| Bruce Markus | Markus | 21855 Town Place Drive | Boca Raton, | FL | 33433 |
| J. Ed Martinez | Martinez | 6025 Augusta Circle | College Station | TX | 77845 |
| Mervyn K. Marx | Marx | 6582 Castlebay Ct | Highland | MD | 20777-9789 |
| Edwin J. McCeney | Mc Ceney | 14317-31 Runabout Court | Laurel, | MD | 20707 |
| Jeffrey L. McAdams | McAdams | 2219 Cliff Road | North Bend, | OH | 45052 |
| Kole McAdams | Mc Adams | 5375 10th Ave | Sacramento | CA | 95820-2301 |
| Charles T. Mc Closkey, SR. | McCloskey | 8 Westside Ave. | Berganfield, | NJ | 07621 |
| Scott McCormick, JR | McCormick, Jr. | 804 Madden Rd | Hastings | NE | 68901 |
| Miller, Simon, & Maier | McGinn, Esquire | 788 North Jefferson Street, Suite 900 | Milwaukee | WI | 53202 |
| Miller, Simon, & Maier | Schmidt, Esq | 788 North Jefferson Street, Suite 900 | Milwaukee | WI | 53202 |
| Dean S. McIntyre | McIntyre | 1109 Byron St. | Accokeek | MD | 20607 |
| James W. Mc Laughlin &/or Edith A. Mc Laughlin | McLaughlin | 10125 Eastside Road | Fort Jones, | CA | 96032 |
| John McLeod | McLeod | 1629 South Hamilton, #2 | Lockport, | IL | 60441 |
| William H. McNamara | McNamara | 4683 Tule Lake Dr. | Littleton, | CO | 80123 |
| Glen L. Meyer | Meyer | 94510 Bank Rogue G N | Gold Beach | OR | 97444 |
| Bill Miller | Miller | 452 Sea Duck Dr. | Daytona Beach, | FL | 32119 |
| Ronald A. Moison | Moison | 5723 Crow Haven Rd | Langley | WA | 98260-8317 |
| Allen Moore III | Moore, III | 6855 La Posada Cir S | Green Valley | AZ | 85614 |

| Allen Moore III | Moore, III | 685 S La Posada Cir Unit 1303 | Green Valley | AZ | 85614 |
| Stephen M. Morgan | Morgan | 9015 86th Ave | Coal Valley | IL | 61240-9746 |
| Robert L. Morrow, Jr. MD | Morrow, Jr. | 401 N. College Rd, #5 | Lafayette, | LA | 70506 |
| Paul E. Munn | Munn | 107 Grandview Dr | New Smyrna Beach | FL | 32168-7735 |
| Michael Neuens | Neuens | 16136 Pin Oak Court | Lockport | IL | 60441 |
| Jerry Lee Newman | Newman | 13489 Hess Road | Holly, | MI | 48442 |
| Stephen D. Noreen | Noreen | 674 Harris Drive | Front Royal, | VA | 22630 |
| Daniel Orttell | Orttell | 20930 Cleary Rd NW #B | Anoka | MN | 55303-8838 |
| Dan Osborn | Osborn | 1111 W. Shore Drive | Culver, | IN | 46511 |
| Brendan T. O'Sullivan | O'Sullivan | PO Box 7823 | Albuquerque | NM | 87194-7823 |
| Jeffry T. Parker | Parker | 6603 Batavia Place | Denver | CO | 80220 |
| Loreen Parker | Parker | PM B 2073, 3705 Arctic Blvd | Anchorage | AK | 99503 |
| Smauel Parker | Parker | 1200 Noble Street | Fairbanks | AK | 99701 |
| Leo Pelham | Pelham | 11096 North Street | Clayton | MI | 49235 |
| Robert G. Penrod | Penrod | 750 Findley Avenue | Zanesville | OH | 43701-3340 |
| Edmund Peters | Peters | 5500 N 67th Place | Paradise Valley | AZ | 85253 |
| David A. Potter | Potter | 383 Old 51, Route 2, Box 173 | Carsonville, | MI | 48419 |
| James Pressley | Pressley | 1428 E. 66th Street | Kansas City | MO | 64131 |
| Paul Ralph | Duberg, Esquire | 727 Third Avenue | Chula Vista, | CA | 91910-5803 |
| Mary Reese | Reese | 3245 63rd SW | Seattle, | WA | 98116 |
| Lucien Remillard | Remillard | 5025 Des Grands Coteaux | Saint-Mathieu de Beloeil | Quebec | J3G 2C9 |
| Joseph H. Robison | Revak | 10178 Castlewood lane | Oakton, | VA | 22124 |
| Joseph D. Revak | Robison | 508 W. Int. Spdwy. Blvd. | Daytona Beach, | FL | 32114 |
| Kenneth L. Rodgers | Rodgers | E9420 Brehmer Road | Freemont | WI | 54940 |
| James Rubenstein | Rubenstein | 163 Allen's Point | Marion, | MA | 02738 |
| Nicholas A. Russo, Sr. | Russo | 310 Extonville Road | Allentown | NJ | 08501 |
| Nicholas A. Russo, Sr. | Russo | 310 Extonville Road | Allentown | NJ | 08501 |
| Claudio Saldana Jr. | Saldana | 314 West 31st Street | Chicago | IL | 60616 |
| Barbara Sandoval | Sandoval | 12109 Lost Canyon Trail | Parker | CO | 80138 |
| Robert S. Saunders | Saunders | 25500 Joy Boulevard | Harrison Township | MI | 48045 |
| Robert G. Schadler II | Schadler, II | 1777 Folk Road | Fogelsville, | PA | 18051 |
| Ronald Schiff | Schiff | 400 South Steele Street, Unit 4 | Denver, | CO | 80209-3532 |
| Jeffrey M. Schuster | Schuster | 11915 Wilderness Court | Mequon | WI | 53092 |
| Edward B. Seefried | Seefried | 5847 Liska Dr | Jacksonville | FL | 32244 |
| Philip Shaiman | Shaiman | 3465 South Poplar Street #408 | Denver | CO | 80224-2926 |
| Philip Shaiman | Shaiman | 6800 Leetsdale Dr | Denver | CO | 80224-1588 |
| Thomas F. Sidelko | Sidelko | 438 Forest Dr | Brighton | MI | 48116 |
| Singer, Benny | Singer | 6205 North Ridgeway Ave | Chicago | IL | 60659 |
| Singer, Benny | V Del Gaudio | 3620 W 105th Street | Chicago | IL | 60655 |
| Chris Sisney | Sisney | 608 7th Street | Boulder City | NV | 89005 |
| Russell K. Smith | Smith | 2506 Aqua Vista Blvd. | Ft. Lauderdale, | FL | 33301 |
| Lyle F. Sommers | Sommers | 3314 St. Paul Avenue | Minneapolis, | MN | 55416 |

| Robert G. Spelbrink | Spellbrink | 14504 Crossway Court | Chesterfield | MO | 63017 |
| David Sperrazza | Sperrazza | 141 Parsons Dr. | Hempstead, | NY | 11550 |
| Rimas Stankus | Stankus | 6520 W. Archer Avenue | Chicago, | IL | 60638 |
| Frederick William Sublette, Jr. | Sublette, Jr. | 5513 Aragon Dr. | Virginia Beach, | VA | 23455 |
| Wiley J. Sword | Sword | 10780 Silsby Drive | Roscommon, | MI | 48653 |
| Andrea Taibel | Taibel | Rudlof-Mattgasse 13 | Lagenlebarn | Austria | 3425 |
| Phillip A. Taylor | Taylor | PO Box 2002 | Front Royal | VA | 22630 |
| Triad Suspension Technologies, Inc. | Druxman, Esq. | 6715 Academy Road NE, Suite B | Albuquerque | NM | 87109 |
| Thomas F. Thomas | Thomas | 7301 Southwest Highway | Worth | IL | 60482 |
| Kathryn L. Troccoli | Troccoli | 1911 Champlain St | Ottawa | IL | 61350 |
| Robert E. Tryber | Tryber | 1130 Four Mile Road | Racine, | WI | 53402 |
| Jayson Vance | Vance | 6580 Kiernan Court | Alexandria, | VA | 22315 |
| William J. Vanden Berg | VandenBerg | 901-D North NE | Grand Rapids, | MI | 49503 |
| Thomas A. Vivian | Vivian | 51 Musconetcong River Rd. | Hampton, | NJ | 08827 |
| Ross VonWeingarten | Von Weingarten | 28 Woodstock Avenue | Putnam, | CT | 06260 |
| Ross VonWeingarten | Von Weingarten | 28 Woodstock Avenue | Putnam, | CT | 06260 |
| Uli Wachholtz | Wachholtz | Gansemarkt 1-3 Neumunster | Schleswig - Holst | Germany | |
| Douglas Walliser | Walliser | 700 Broadway, Suite 800 | Denver, | CO | 80203-3442 |
| Thomas Walls | Walls | 4088 S Carson Way | Aurora | CO | 80014-8102 |
| David J. Waltz | Waltz | 6666 SE 32nd Avenue | Des Moines | IA | 50317 |
| Charles Wannemacher | Wannemacher | C 696 State Rt. 108 | Holgate, | OH | 43527 |
| Steve Wegener | Wegener | 140 Littleton Road | Chelmsford, | MA | 01824 |
| Gerald L. Weiner | Weiner | 23 North Shore Drive | McCook Lake, | SD | 57049 |
| Mitchell Howard Weiss | Weiss | 419 Barclay Ave | Altamonte Spg | FL | 32701-6229 |
| Steve Weston | Weston | 6625 No. Atwahl Dr. | Glendale | WI | 53209 |
| Weston | Weston | 12753 Shoreland Drive NE #23W | Mequon | WI | 53092 |
| Greg Winters | Winters | 13644 W. 179th Street | Lockport, | IL | 60441 |
| Raymond Wofford | Wofford | 907 West Kent Avenue | Crete | IL | 60417 |
| Richard & Teresa Wright | Wright | PO Box 1141 | Dulce | NM | 87528-1141 |
| MBM Young | Young | PO Box 9805 | Rancho Santa Fe | CA | 92067-4805 |
| John Zollars | Zollars | 1123 Elizabeth Street | Denver | CO | 80206 |
| Lavich, Susan & Larry Susan & Larry Lavich | Lavich | 2175 W. Southern Avenue | Apache Junction | AZ | 85220-7319 |
| Drewek | Drewek | 5135 North Woodburn Street | Whitefish Bay | WI | 53217 |

By:  /s/ John M. Tanner
Fairfield and Woods, P.C.
1700 Lincoln St., #2400
Denver, CO  80203
Phone:  (303) 830-2400
Fax:  (303) 830-1033
Email:  jtanner@fwlaw.com