UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 95-cv-00777-ZLW-OES

In re: Indian Motorcycle Manufacturing, Inc., a New Mexico Corporation

## MOTION TO REQUIRE COMPLIANCE WITH FED.R.CIV.P. 5

Sterling Consulting Corporation, as receiver, by and through its attorneys, Fairfield and Woods, P.C., hereby moves this Court for an Order requiring Credit Managers Association of California ("CMA") to comply with Rule 5, Fed.R.Civ.P., and as grounds therefore states as follows:

1. In 2000, the receiver, Sterling (in its individual corporate capacity) and Indian Motorcycle Company, the buyer of the receivership assets ("Indian," which will include, but not distinguish among its subsidiaries IMCOA Licensing America, Inc. and IMCOA Holdings America, Inc.) entered into a Settlement Agreement (the "Settlement Agreement"). Among other terms, the Settlement Agreement required Indian to assign the Settlement Agreement to any subsequent assignee of the Indian trademark.

2. Subsequently, Indian assigned its assets to CMA, and CMA sold the Indian Motorcycle Trademark assets to a buyer. Contrary to the Settlement Agreement, CMA did not assign the Settlement Agreement to the buyer, nor did it require the buyer to adopt the Settlement Agreement.

3. After considerable unsuccessful negotiations, Sterling brought suit against CMA *sub nom. Sterling v. Credit Managers of California*, United States District Court for the District of Colorado No. 05-1573-PSF-CBS (the "CMA Action"). Sterling kept the CMA Action outside the Receivership Action for many reasons, not the least of which was that the Receivership Estate did not appear to have a stake in the dispute.[1]

4. On November 10, 2005, CMA filed a pleading in the Receivership Action, called a "Submission of Notice of Dispute and Request for Resolution of Dispute by

---

[1] As discussed in more detail below, this did not mean that the Receivership Estate had no interest in CMA or its co-defendants Audax Co-Invest, L.P., Audax Special Purpose Co-Invest, L.P., Audax Trust Co-Invest, L.P. (collectively referred to as "Audax"). To the contrary, the receiver believes that CMA and Audax may be parties of interest to the receiver in its efforts to obtain restitution, but that the CMA Action might not be a suitable vehicle for seeking restitution. More specifically, the receiver has not yet determined whether it should: (a) file a complaint against CMA and Audax, (b) file a motion against CMA and Audax, (c) intervene in the CMA Action, or (d) consolidate the CMA Action with the Receivership Action.

Magistrate Judge." CMA did not, however, send this pleading to those required to be sent pleadings under Rule 5, much less all those who are now entitled to pleadings filed in the Receivership Action.

5.  On its face, Rule 5 generally requires copies of all pleadings to be served on all parties to the action in which the pleadings are filed. In case of typical civil litigation, the requirement of Rule 5 is clear ,. In pertinent part, Rule 5 reads as follows:

> Rule 5. Serving and Filing of Pleadings and Other Papers
>
> (a) Service: When Required. Except as otherwise provided in these rules, every order required by its terms to be served, every pleading subsequent to the original complaint <u>unless the court otherwise orders because of numerous defendants</u>, every paper relating to discovery required to be served upon a party unless the court otherwise orders, every written motion other than one which may be heard ex parte, and every written notice, appearance, demand, offer of judgment, designation of record on appeal, and similar paper shall be served upon each of the parties.

(Emphasis added.)

6.  In a receivership action, the requirement of Rule 5 may not be so clear. In the past, this Court has given the receiver and others relief from the requirement of Rule 5 because there were approximately four hundred fifty Claimants and parties who were otherwise entitled to notice.[2] CMA has not asked for such relief, and the receiver believes that for the reasons discussed below, CMA should not be given such relief even if it asks.

7.  By this Motion, the receiver asks that this Court enter a Case Management Order directed at CMA that Orders CMA to send a copy of its pleadings to all those parties to whom the receiver has been sending notice, as set out on the Certificate of Service to its recent Motion to Reconsider.[3]

8.  Each of the Claimants in the Receivership Estate is entitled to know of CMA's pleading. This is not to say that the receiver believes the Receivership Estate has a stake in the CMA Action, but for an entirely different reason: At the time Indian was still in business, Sterling gave Indian notice that, as a result of the manner in which

---

[2] Recently, the receiver asked and received permission to limit the notice of a Status Conference to the forty largest creditors. Prior to that, the receiver went to extraordinary lengths to establish a procedure whereby committees were formed to ensure that pleadings were distributed to all Claimants, but that procedure longer exists. Some authority for service to numerous defendants may be found in Rule 5(c).

[3] The receiver will provide CMA with a copy of the receiver's most up-to-date mailing list for the Receivership Estate in digital format to lessen the burden.

the government was pursuing the Receivership Estate for federal income taxes, Indian might be required to disgorge money paid to it if the government were successful.

9. CMA, as assignee under the assignment for the benefit of creditors of Indian, and possibly in its individual corporate capacity, is fully exposed to any claims the Receivership Estate may have against Indian.

10. Although the subject matter of the communications between Indian and the receiver concerned Indian, the communications themselves were actually between Audax and the receiver. In addition, at the time Indian began to fail, Audax (the controlling shareholder in Indian) commandeered day-to-day control of Indian and very possibly exposed itself directly to the Receivership Estate's claims against Indian.

11. Sterling cautioned CMA that it should seriously consider the consequences of bringing the receiver into the CMA Action. CMA did not heed those warnings and filed a Notice that may not have contemplated major consequences, but has served to hasten the issue as it relates to the Receivership Estate.

12. Audax has filed a Motion to Dismiss in the CMA Action under Rule 12, and granting of that Motion would prejudice the Receivership Estate if it has a claim for restitution against Indian, CMA, and Audax. As a result, all of the Claimants in the Receivership Estate are entitled to a copy of the CMA Notice.

13. At this sensitive time when the receiver has filed its Restitution Motion, it is important that every party or Claimant be compelled to serve pleadings on all parties and Claimants unless first obtaining permission from this Court to limit its service. A determination to the contrary in this situation will enable others to take the same approach as CMA and simply refuse to send copies of pleadings to the entire Receivership Estate. This burden cannot be placed on the receiver—the receiver and its counsel have not been paid for years, and suffer the costs of mailing out of their personal pockets.[4]

14. In *SEC v Arkansas Loan & Thrift Corp.*, 297 F Supp 73, (W.D. Ark. 1969) *aff'd* 427 F2d 1171 (8th Cir. 1970), the Arkansas District Court had occasion to consider whether a determination should be reconsidered because the receiver failed to give notice of the hearing to the entire receivership estate. The Arkansas District Court in *Arkansas Loan* confirmed the requirement of Notice, but found Notice in that case moot (at page 11):

---

[4] The Court should note that the receiver has not sent a copy of this pleading to anyone in the Receivership Estate. To do so would burden the receiver and its counsel with the very expense that the receiver is asking this Court to place on CMA. To extend that reasoning, if this Court were to determine that CMA must file its Notice on the entire Receivership Estate, then no purpose will be served by this Motion. Conversely, if the Court were to determine that CMA's Notice need not be sent to the entire Receivership Estate, then this Motion is equally as unnecessary.

Prior to its amendment in 1963, Rule 5(a) required service of pleadings and other papers only upon parties affected thereby. The general purpose of the 1963 amendment was to promote full exchange of information among all parties. 2 Moore's Federal Practice, § 5.04[1]. It is, therefore, clear that all parties must receive notice of every written motion, except a written motion which may be heard ex parte. It is equally clear that none of the named movants are parties to the original suit brought by the SEC. In any event, the issue whether movants were entitled to notice and hearing prior to the court's order of January 28 was rendered moot by the full and complete hearing ordered by the court on January 30 and held on February 14, wherein the movants were represented by counsel.

15. This issue is not moot under the present circumstances. There is no full and complete hearing scheduled wherein the un-served Claimants will be represented. The narrow issue is whether the un-served Claimants will ever know of the matter. As a result, CMA should be compelled to serve its Notice on the entire Receivership Estate.

16. Pursuant to Local Rule 7.1, CMA has been consulted regarding this Motion. It has declined to send notice in compliance with Rule 5 or to the entire estate.

WHEREFORE, Sterling Consulting Corporation, as receiver, prays that this Court enter a Case Management Order requiring CMA to send its pleading to all entities on the Certificate of Service that the receiver used on is recent Motion to Reconsider, and grant the receiver such other and further as the Court deems just and proper.

Respectfully submitted this 7th day of December, 2005.

By: *s/ John M. Tanner*
Fairfield and Woods, P.C.
1700 Lincoln Street, Suite 2400
Denver, CO 80203-4524
Phone: (303) 830-2400
Fax: (303) 830-1033
Email: jtanner@fwlaw.com