FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2005 DEC -9 PM 12: 15

GREGORY C. LANGHAM
CLERK

BY_____ CLK

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 95-cv-00777-ZLW-OES

In re: Indian Motorcycle Manufacturing, Inc., a New Mexico Corporation

---

**OBJECTION OF BURT BONDY TO THE RECEIVER'S MOTION TO RECONSIDER ORDERS, AMEND ORDERS, AND ORDER RESTITUTION WITH INCORPORATED LEGAL AUTHORITY**

---

Burt Bondy, appearing *pro se*, objects to the Receiver's Motion to Reconsider Orders, Amend Orders, and Order Restitution with Incorporated Legal Authority (the "Motion"), as follows:

In sections III, IV, and V of the Motion, the Receiver maintains that it failed to pay the Internal Revenue Service at the time it distributed money to the unsecured creditors, and that it overpaid the unsecured creditors in a corresponding amount. The unsecured creditors, including me, are being asked to return approximately 24% of the money they received from the Receiver.

At the time the Receiver distributed money to the unsecured creditors, certain unsecured creditors were offered the option of receiving a cash payment in refund of the monies swindled from them in the various Indian Motorcycle sagas or stock in the newly formed Indian Motorcycle entity. Other unsecured creditors were offered Indian Motorcycle dealerships in exchange for their claims, and others were offered a credit on the purchase of an Indian Motorcycle.

The procedure for the exchange of claims for stock, dealerships, and motorcycles was done in such a way that the unsecured creditors did not actually receive payment, but instead the unsecured creditors sold their claims to Indian Motorcycle for the stock, dealerships, and motorcycles. The Receiver had each claimant elect in writing what their desires were and the distributions were finalized by Indian Motorcycle.

By the time the exchange of claims for stock was completed, Indian Motorcycle knew that it was in an unstable financial condition, but did not disclose that to the unsecured creditors with which it was making the exchange. Instead, it blocked the sale or transfer of the stock so that

it could dilute the exchanging unsecured creditors to a position of no value. This was accomplished through a stock sale to Audax Group.

What the Receiver now seeks is for those of us who sold their unsecured claims to Indian Motorcycle for worthless stock, it is unreasonable and unfair to require the unsecured creditors to disgorge cash when cash was never received. Indian Motorcycle received the cash, and the Receiver should compel Indian Motorcycle to disgorge, not the unsecured creditors who sold their claims to Indian Motorcycle. I would gladly disgorge 24% of the worthless stock to the Receiver, but I sincerely feel unsecured creditors who have lost their entire investment to disgorge another 24% on top of the losses.

I am aware that Indian Motorcycle has gone through an assignment for the benefit of creditors with CMA in California. According to a complaint filed by Sterling Consulting Corporation (not as the Receiver), Audax Group has taken money from Indian Motorcycle under fraudulent circumstances. Audax should be compelled to return all of the cash it received from Indian Motorcycle to CMA, and that money should be used to pay the obligation of Indian Motorcycle to the Receiver.

Please accept this document with the utmost respect for the Court and please re-consider who the actual monies should come from.

Burt R. Bondy
Pro Se
8130 Prestwick Dr.
Lajolla, Ca. 92037
858-551-1651
seeboe@yahoo.com