IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 95-CV-00777-ZLW-OES

In re:  INDIAN MOTORCYCLE MANUFACTURING, INC., a New Mexico Corporation,

---

**MILLER, MCGINN & CLARK S.C.'S OBJECTION
TO RECEIVER'S MOTION TO RECONSIDER ORDERS,
AMEND ORDERS, AND ORDER RESTITUTION**

---

Miller, McGinn & Clark S.C. (formerly known as Miller, Simon, McGinn & Clark S.C. and Miller, Simon & Maier S.C.) (herein "MM&C"), by and through its attorney, James R. Cage of Cage Williams Abelman, P.C., hereby objects to the Receiver's Motion To Reconsider Orders, Amend Orders, and Order Restitution.  In support of this Objection, MM&C states as follows:

1.  MM&C received distributions from the receivership estate totaling $92,300, in two checks, one dated September 30, 1999 for $64,610 and the second dated January 17, 2000 in the amount of $27,690.

2.  A receivership is entirely an equitable proceeding and restitution and/or disgorgement remedies are also equitable in nature.  MM&C submits it is entirely inequitable to require innocent creditors of the estate to disgorge funds received approximately six years ago to relieve the Receiver from the consequences of its failure adequately to reserve for taxes before making distributions to creditors.  The Receiver has failed in its motion papers to present any facts to justify its failure adequately to reserve for taxes, so MM&C has no knowledge as to the

degree of Receiver's culpability in this regard, except to note that it is standard procedure for any receiver or trustee to be absolutely certain that taxes are paid or adequately reserved before distributions are made to lower priority creditors.

3. The Receiver is personally liable to pay the unpaid taxes under 31 U.S.C. § 3713(b). By this Motion Receiver unfairly attempts to shift this liability to the innocent creditors. Equity should not relieve a wrongdoer from the consequences of his own acts.

4. While the receiver asserts that creditors in 1995 would have been "pleased to get back 75.65% of the money they lost to various swindlers" *(Receiver's Motion at paragraph 16)*, that does not change the unfairness of requiring creditors to disgorge money six years later.

5. Receiver argues that the IRS would be entitled to pursue the claimants directly as transferees under 26 U.S.C. § 6901. Therefore, asserts the Receiver, "as the recovery has been assigned in advance to the United States to pay taxes, the receiver should be subrogated to those rights [the rights of the IRS to pursue transferee restitution directly] now." (*Receiver's Motion at paragraph 38*.) However, this argument fails because any rights the IRS may have enjoyed to pursue transferee liability are now barred by the limitations period set forth in 26 U.S.C. § 6901(c)(2), which is "1 year after the expiration of the period of limitation for assessment against the transferor." This assessment period is within 3 years after the tax return was filed under 26 U.S.C. § 6501 (a). So assuming the Receiver filed the 1999 return sometime in 2000, the limitations period for transferee liability expired sometime in 2004. So all of the Receiver's arguments based on its alleged subrogation rights based on transferee liability must fail.

6. The Receiver quotes the bankruptcy court in *In Re Wilson-Seafresh, Inc.*, 263 B.R. 624, 632 (2001) to the effect that "The priority scheme set forth in the Bankruptcy Code

must be applied regardless of the fault of the professionals or the equities of the situation." This principle has no application in this receivership proceeding which, unlike bankruptcies, is not governed by a statutory priority scheme. Some of the differences between a statutory bankruptcy proceeding and an "entirely equitable" receivership proceeding have been pointed out in an article authored by the Receiver's counsel, John M. Tanner, entitled "Equitable Receivership As An Alternative to Bankruptcy" (hereinafter "*Tanner Article*"), a copy of which (for the Court's convenience), is attached to this brief and can be otherwise found at http://www.fwlaw.com/receiver.html. (Ex. A, attached hereto.) The author points out that a receivership is "an entirely equitable proceeding" and thus is not bound by "rigid and statutorily imposed" creditor classes. (*Tanner Article at section V. B. 2*) In fact, says the author, "a claimant may have a secured claim, but if that claimant is a bad actor the Court may put that claimant at the back of the line". *Id.* Therefore the Receiver's reliance on bankruptcy law as somehow mandating the disgorgement it seeks is entirely misplaced.

      7.      Receiver cites numerous bankruptcy cases for the principle that "bankruptcy courts routinely order the administrative creditors who have been paid to disgorge money until all administrative creditors of equal dignity have been paid ratably." *(Receiver's Motion, paragraph 32)* As previously stated, these bankruptcy cases have no application to this equitable receivership. Moreover, no case is cited where disgorgement has been ordered to relieve a fiduciary from the consequences of his own wrongdoing or negligence. In this regard, it is well established that a Receiver is an officer of the Court with a fiduciary duty not only to the Court but to creditors as beneficiaries. (*Tanner Article at section III. B.*)

3

8. The equitable doctrine of laches bars relief where there has been an unreasonable delay in enforcing those rights which is prejudicial to another party. Here, the Receiver states that "for approximately the past six years, the Receivership Estate incurred about $1.3 million in administrative expenses in defending against the claims of the Government." (*Receiver's Motion, paragraph 8*.) This means the tax obligations arose and were contested by the Receiver at about the same time the distributions were made. Yet at no time until May of 2005 (when the Receiver filed its Motion in the Massachusetts Bankruptcy Court to approve the Settlement Agreement with the IRS) did the Receiver notify MM&C (or presumably any of the other affected creditors) that tax obligations had arisen which could require creditors to disgorge a substantial portion of their distributions.

9. Had MM&C been alerted at an early date of a possible disgorgement request, it could have taken action to reserve funds for this eventuality. As it is, the distributions made by the Receiver to MM&C were, in turn, distributed as bonuses to MM&C members on or about May 31, 2000, the end of MM&C's fiscal year. Since that time there has been a substantial turnover in the membership make-up of MM&C, rendering a disgorgement order at this time unfair and prejudicial. The Receiver unreasonably slept on its rights and should not now be aided by a court of equity.

10. It should also be noted that a substantive portion (37%) of the moneys to be disgorged would be used to pay the Receiver's expenses in unsuccessfully fighting the IRS position on the 1999 taxes. The Receiver, therefore, has a double self-interest it is attempting to protect by this Motion: relieving the Receiver from its own tax liability under 26 U.S.C. §6901(1)(b) and obtaining reimbursement for its unsuccessful attempt to protect itself from such

4

liability. Equity should not allow the fiduciary to benefit itself at the expense of the innocent creditors.

11.   The Receiver even suggests that "it is well established that all transferees are jointly and severally responsible for the taxes." (*Receiver's Motion, paragraph 43*.)  Presumably the Receiver means by this that any creditor could be pursued for its disgorgement obligation without joining all other creditors in that collection proceeding.  If the Receiver means by this that an individual creditor with deep pockets could be forced to disgorge more than such creditor received, that notion should be soundly rejected.  That would not be consistent with any equitable notion of restitution.  Moreover, even under transferee liability, the United States Supreme Court has held that "one who receives corporate assets upon dissolution is severally liable, <u>to the extent of assets received</u>, for the payment of taxes of the corporation; and other stockholders or transferees need not be joined." [emphasis added] *Phillips v. Commissioner of Internal Revenue*, 283 U.S. 589, 603, 51 S.Ct. 608, 614 (1931).

WHEREFORE, Miller, McGinn & Clark S.C. respectfully requests this Court deny Receiver's Motion to Reconsider Order, Amend Orders, and Order Restitution in its entirety.

Dated:  December 9, 2005

                                          CAGE WILLIAMS ABELMAN, P.C.

                                          /s/ James R. Cage_____
                                          James R. Cage
                                          1433 17th Street
                                          Denver, CO 80202
                                          Telephone:  (303) 295-0202
                                          Facsimile:  (303) 297-2220
                                          Email: jcage@CageWilliams.com

                                          ATTORNEY FOR MILLER, McGINN & CLARK, S.C.

## CERTIFICATE OF SERVICE

I hereby certify that on December 9, 2005, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of court will transmit a Notice of Electronic Filing to the following ECF registrants:

| | |
|---|---|
| Steve D. Bell | Bell.steve@dorsey.com |
| Todd P. Blakely | tblakely@sheridanross.com |
| Philip Edward Blondin | Philip.Blondin@usdoj.gov |
| J. Eric Elliff | jelliff@mofo.com |
| James R. Evenson | jeverson@messner-reeves.com |
| Monica Anne Flanigan | Mflanigan@halefriesen.com |
| Allan L. Hale | HaleUSDC@halefriesen.com |
| Adam F. Hulbig | Adam.f.hulbig@usdoj.gov |
| Glen E. Keller, Jr. | Glen.Keller@dgslaw.com |
| Mollybeth R. Kocialski | Mollybeth.kocialski@firstdatacorp.com |
| Richard Kent Kornfeld | rickkornfeld@rechtkornfeld.com |
| Lee M. Kutner | lmk@kutnerlaw.com |
| Robert A. Lees | ral@robertalees.com |
| Gary Lozow | glozow@ir-law-com |
| Steven J. Merker | Merker.steve@dorsey.com |
| Nancy Dee Miller | nmiller@kennedy-christopher.com |
| Stuart Harris Pack | spack@ir-law.com |
| Edward T. Ramey | Eramey@ir-law.com |
| Jennifer C. Robinson | jrobinson@raemploymentgroup.com |
| Donald Francis Slavin | Dslavinpc.@msn.com |
| Gregory C. Smith | gsmith@fwlaw.com |
| John ("Jack") Markham Tanner | jtanner@fwlaw.com |

and, I hereby certify that I have served on December 9th, 2005 the foregoing **MILLER, McGINN & CLARK S.C.'S OBJECTION TO RECEIVER'S MOTION TO RECONSIDER ORDERS, AMEND ORDERS, AND ORDER RESTITUTION** on the following non-CM/ECF participants via U.S. Mail, first class, postage affixed thereto on the following non-participant's listed below:

| | |
|---|---|
| Eller Industries<br>c/o Leonard S. ("Lonnie") Labriola<br>6035 N. 115th Street<br>Longmont, CO 80504-8434 | Burt Bondy<br>1523 Coast Walk<br>La Jolla, CA 92037 |
| Daniel L. Dawes<br>Graham & James, LLP<br>650 Town Center Drive, 6th Flr.<br>Costa Mesa, CA 92626 | James Duberg<br>727 Third Avenue<br>Chula Vista, CA 91910-5803 |
| Ronald Garcia<br>2505 Madison, North East<br>Albuquerque, NM 87101 | Robert W. Hallock<br>202 S. Merrill St.<br>Park Ridge, IL 60068-4223 |
| R.J. Coresti<br>5316 Camino Montano, North East<br>Albuquerque, NM 87111 | Steve DeStout<br>#1 South Water Street<br>Henderson, NV 89105 |
| Ronald Fulfer<br>15315 S. Francis Dr.<br>Plainfield, IL 60544 | Albert R. Gazza<br>589 Manchester<br>East Glastonburty, CT 06025-0085 |
| Steve Halprin<br>1315 Penningtow Place<br>Concord, NC 28207 | Robert J. Daniel<br>9 Wagon Wheel Drive<br>Feeding Hills, MA 01030 |
| John V. Del Gaudio, Jr.<br>John V. Del Gaudio, Jr. & Associates<br>221 N. LaSalle St., #638<br>Chicago, IL 60601 | Carol Furier<br>2500 Military Trail<br>Boca Raton, FL 33431 |
| James R. Ghiselli<br>Ghiselli Law Offices, PC<br>8170 Kincross Drive<br>Boulder, CO 80302 | John Inelli<br>17 Old Farmstead Rd.<br>Chester, NJ 07930 |
| Alf Iseback<br>Gamla Tuveagen 4<br>Goteborg, Sweden 41705 | Morty B. Lempel<br>Morty B. Lempel, Esq<br>55 Old Turnpike Road, #209<br>Nantuet, NY 10954-2450 |
| Michael Mandelman<br>c/o Peter D. Bilowz, Esq.<br>Goulston & Storrs, P.C.<br>400 Atlantic Avenue<br>Boston, MA 02110-3333 | Montgomery & Andrews, P.A.<br>325 Paso De Peralta<br>Santa Fe, NM 87501 |

| | |
|---|---|
| Jeffrey M. Perkins<br>Western Design Engineering, Inc.<br>808 Airport Road<br>Jackson, MI 49202 | Nicholas Russo<br>310 Extonville Road<br>Allentown, NJ 08501 |
| Hilm Sevimli<br>c/o Christopher C. Noble, Esq.<br>Nobel & Associates, LLC<br>11 Pine Street<br>Plainville, CT 06103 | Noreene C. Stehlik<br>U.S. Department of Justice<br>DC Tax Division<br>P.O. Box 683<br>Ben Franklin Station<br>Washington, DC 20044 |
| Scott Kajiya<br>c/o Peter C. Freeman, Esq.<br>Law Offices of Peter C. Freeman<br>16485 Laguna Canyon Road, #230<br>Irvine, California 92618-3846 | James P. Lewis<br>2143 S. Brentwood Street<br>Lakewood, CO 80227 |
| Gerald C. Miller<br>U.S. Department of Justice<br>DC Tax Division<br>P.O. Box 683<br>Ben Franklin Station<br>Washington, DC 20044 | Robert Morrow, Jr.<br>401 North College Rd., #5<br>Lafayette, LA 70506 |
| Ed Pink Racing Engines, Inc.<br>14612 Raymer Street<br>Van Nuys, CA 91405 | Cassandra Gay Sasso<br>Baker & Hostetler-Colorado<br>303 E. 17th Ave., #1100<br>Denver, CO 80203 |
| Peter Sklarew<br>U.S. Department of Justice<br>DC Tax Division, P.O. Box 55<br>Ben Franklin, Station<br>Washington, DC 20044 | Douglas William Swartz<br>Sheridan Ross, P.C.<br>1560 Broadway, #1200<br>Denver, CO 80202 |
| Check Krowczyk<br>1853 S. Marshall Cir.<br>Lakewood, CO 80232 | Albert Lucci<br>1930 Wyoming Avenue<br>Ft. Pierce, FL 34982 |
| Miller Simon & Maier<br>c/o Mark S. Schmidt, Esq.<br>788 North Jefferson St.<br>Milwaukee, WI 53202 | Gary Clifford Moschetti<br>Hatch & Moschetti, LLC<br>1800 Glenarm Place, 9th Floor<br>Denver, CO 80202 |
| Anthony Pugliese<br>2500 Military Trail<br>Boca Raton, FL 33431 | Donald Schunk<br>12572 Durrow Court<br>St. Louis, MO 53141 |
| Nancy B. Smith<br>Dorsey & Whitney, LLP – Colorado<br>370 17th Street, #4700<br>Denver, CO 80202-5647 | Douglas M. Tisdale<br>Tisdale & Associates, LLC<br>1600 Broadway, #2600<br>Denver, CO 80202 |

| | |
|---|---|
| Triad Suspension Technologies, Inc.<br>c/o Lewis M. Druxman, Esq.<br>6715 Academy Rd., North East, Suite B<br>Albuquerque, NM 87109 | Kathryn L. Troccoli<br>1911 Champlain St.<br>Ottawa, IL 61350 |
| Richard Dale Wood<br>13997 80th Ave. North<br>Maple Grove, MN 55311 | Brad W. Schacht<br>Otten, Johnson, Robinson, Neff &<br>Ragonetti, P.C.<br>950 Seventeenth St., Suite 1600<br>Denver, CO 80202 |
| Michael J. Pankow<br>Brownstein Hyatt & Farber PC<br>410 17th Street, Suite 200<br>Denver, CO 80202 | |

Respectfully submitted,

s/Lisa R. Oliver