IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 95-CV-00777-ZLW-DEJ

In re

THE RECEIVERSHIP ESTATE OF INDIAN
MOTORCYCLE MANUFACTURING, INC.,

---

**OBJECTION OF MICHAEL PAYNE TO MOTION TO
RECONSIDER ORDERS, AMEND ORDER AND ORDER RESTITUTION
WITH INCORPORATED LEGAL AUTHORITY**

---

Michael Payne respectfully objects to the Receiver's Motion to Reconsider Orders, Amend Order and Order Restitution with Incorporated Legal Authority (the "Motion") and states as follows:

1. The manner in which the Motion has been brought IS highly prejudicial to Mr. Payne. The receiver seeks to fix Mr. Payne with liability in excess of $100,000 less than 30 days after the Motion was filed. Mr. Payne has not been able to conduct any discovery or fully research the legal and factual issues involved. Mr. Payne has filed a motion to continue the December 13, 2005 hearing on the Motion, which is incorporated herein.

2. The relief sought in the Motion is, by the Receiver's admission, unprecedented. The circumstances, however, are not unprecedented. Receivers deal with tax liabilities like that referenced in the Motion on a common basis. When Receivers do not address tax liabilities appropriately, they may face personal liability either by statute or by surcharge. The Motion cites no case law, however, in which a Receiver has forced creditors to defend court-approved distributions.

3. The Receiver lacks proper standing to bring this Motion. At bottom, the Motion presents a potential dispute between the Internal Revenue Service ("IRS") on one hand and

creditor who properly received court-approved distributions on the other hand. As a representative of the Court, the receiver is a neutral participant in this matter. It cannot, for instance, take sides in a dispute among parties to the case. See Kidder v. Fidelity Ins., Trust & Safe-Dep. Co., 105 F. 821, 824 (7th Cir. 1901). The Receiver "is an indifferent person between parties, appointed by the court. . . . He is appointed on behalf of all parties, and not of the complainant or the defendant only. It is the court itself which has the care of the property in dispute" Booth v. Clark, 58 U.S. 322, 300 (1854). The Receiver may not question any order of the court distributing assets of the estate. It must remain indifferent between the parties making claims to the estate *corpus*. Bosworth v. St. Louis Term. RR. Ass'n, 174 U.S. 182, 186-89 (1899).

4.  The Receiver has emphasized its special status in this case repeatedly and, for instance, has had *ex parte* contacts with this Court. Indeed, at least one of the Distribution Orders that the Receiver now challenges was apparently entered after an *ex parte* contact with the Court. The Receiver's attempt to set that order aside is entirely improper, as is its attempt, through the Motion, to act as a collection agent for the IRS.

5.  By the Receiver's admission, it has found no precedent in which a court ordered disgorgement of any court-approved distribution from a receivership, on motion brought by a receiver. Counsel for Mr. Payne has found none. The case law cited in the Motion largely inapposite. For instance, in Hayden v. Horton, 97 N.W. 434 (1903), restitution of a judgment previously paid was requested upon reversal of that judgment on appeal. The Distribution Orders, however, were not appealed (as discussed below). In any case, Hayden establishes that restitution, even when the doctrine applies, requires an exercise of equitable discretion. Restitution was not ordered in Hayden. See also Market Nat. Bank of New York v. Pacific

National Bank of Boston, 7 N.E. 302 (1886)(restitution discretionary; authorized by statute in the case).

6.  Here, the attempt to bring creditors like Mr. Payne back into these issues after six years have passed is highly inequitable. It will be difficult, if not impossible, to create an alternative historical version of this case assuming the original distributions had not been made. The unreasonable delay by the Receiver (actually, the IRS) in raising such an issue prejudices Mr. Payne in any attempt to ensure equity. For instance, the Receiver's reference to the dividend net of any disgorgement begs the question of the Receiver's role in that. The percentage distribution, in fact, is a function of the value of the assets – which all parties recognized had enough value to likely pay creditors in full before any sale had been approved. Indeed, the Receiver's choice of buyer is a source of some of the problem recognized in the Motion. The Receiver benefited from long delay in which it did not have creditors looking over its shoulder. The Receiver's attempt to foist its own mistakes and (potential) liability upon innocent creditors is made worse by its unreasonable delay. Estoppel, laches and the Receiver's own unclean hands in the matter preclude the equitable relief of restitution.

7.  The Motion would have the Court treat its Distribution Orders – upon which Mr. Payne and hundreds of other parties relied for six years – as having almost no meaning. The orders were entered, however; they were unambiguous in their grant of authority for the distributions now challenged; and there was nothing tentative or interim about them. The Receiver's reliance upon the absence of a Rule 54(b) certification is utterly unpersuasive. The Distribution Orders were not subject to Rule 54(b) certification in the first place, but are viewed more properly as "collateral orders."

8.  Under the collateral order doctrine, a small class of decisions is appealable under 28 U.S.C. § 1291 even though they are not final for purposes of appeal under Rule 54(b). Such

8616\1\952534.1                                      3

an order is one that settles substantial rights, makes no reservation as to its effect, and is designed to be operative irrespective of the a final decree in the main litigation. Kasishke v. Baker, 144 F.2d 384, 386 (10th Cir. 1944); see Coopers & Lybrand v. Livesay, 437 U.S. 463, 468 (1988) (district court decision is appealable if it a) conclusively determines the disputed question; b) resolves an important issue separate from the merits of the action; and c) is effectively unreviewable on appeal from a final judgment). A party must appeal a collateral order or be precluded from questioning the order's affect. See Kasishke, 144 F.2d at 386 (collateral order fixed parties' rights to property).

9. Here, the Distribution Orders are collateral orders that the Receiver (with permission from the Court) or the United States could have appealed, but they failed to do so. Now that six years have passed, the Receiver cannot seek to modify an order that fixed the claimants' rights to Receivership property. An order "is deemed to have conclusively determined the disputed question if the order is made with the expectation that it will be the final word on the subject addressed." Marc Dev., Inc. v. Keith-Marc Props., Ltd., 992 F.2d 1503 (quotation marks omitted), vacated on other grounds, 12 F.3d 948 (10th Cir. 1993).

10. There can be no question but that the parties expected that the Distribution Orders conclusively determined rights to property of the Receivership. Claimants were expected to be paid, and were paid, their entire claims. The Receiver and the United States, despite knowing the circumstances now asserted in the Motion, waited years to challenge the orders.

11. In distinguishing between collateral orders and orders subject to Rule 54(b), one should examine the causes of action asserted in the litigation. The collateral order doctrine applies to orders "separate from" the claims in the case; whereas Rule 54(b) applies to orders that "resolve" claims pled in the case. 10 Moore's Federal Practice ¶ 54.27[2][c] (2005). Here, the Distribution Orders simply authorized payments to creditors whose claims had either not been

challenged or the challenges had been resolved. The collateral order concept confirms the common sense notion that the Distribution Orders have meaning and, if incorrect, could and should have been challenged long ago. That they were not should be fatal to the Motion.

12. An additional case cited in the Motion, Healy v. Wostenberg, 38 P.2d 325 (1934), illustrates another material reason to deny the Motion. In Healy, restitution was not ordered until it was known it was needed. Here, the Receiver asserts administrative insolvency; but that would not be known until the final compensation of the Receiver and its counsel are established. Even if the court rejected everyone of Mr. Payne's arguments and agreed with everyone of the receivers, there should be no restitution ordered unless and until there is a determination, after final review, of the level of administrative expenses. This is not an academic matter, as the responsibility of the Receiver and its counsel for the circumstances here ought to be examined.

13. Finally, the Motion's citations to bankruptcy cases are not pertinent. This is not a bankruptcy case, and the Receiver is not a bankruptcy trustee. It is worth noting, however, that the statutory provision for avoidance of post-petition transfers, 11 U.S.C. § 549, has a statute of limitations (one year) that would have long ago expired. Notably, the cases cited by the Receiver involve primarily disgorgement directed toward the trustee and/or counsel – an analogy distinctly not helpful to the Receiver here.

14. The Motion could have radically divergent and unfair effects on creditors. First, upwards of $17 million were distributed from asset sales; but the Motion refers to a much smaller number. Of that smaller number, many creditors by the Receiver's admission have died, incurred business changes, or other circumstances will legally or practically preclude collection of any liability even if established. This unfairly shifts the burden to other creditors. Mr. Payne, if the Motion is granted, stands to receive on the net much less than similarly situated creditors

after giving effect to any disgorgement. This is unfair and is an inequity made worse by the parties' unexcused and unreasonable delay.

15.  Mr. Payne understands that the motion was filed on over 400 parties. Service of this objection on 400 parties is impracticable and presents an unnecessary impediment to preservation of Mr. Payne's rights. Pursuant to Fed. R. Civ. Pro. 5(c), Mr. Payne requests that service of this Objection be limited to the receiver and its counsel and other major parties as shown on the Certificate of Service.

16.  Mr. Payne reserves rights to supplement or amend this Objection.

**WHEREFORE**, Mr. Payne requests that the Motion be denied and that the Court grant such other relief as is just and equitable.

Respectfully submitted this 9th day of December, 2005.

**BROWNSTEIN HYATT & FARBER, P.C.**

/s/
_____
Michael J. Pankow, #21212
Daniel J. Garfield, #26054
410 17th Street, Suite 2200
Denver, CO  80202-4004
Phone:  (303) 223-1100
Fax:  (303) 223-1111
E-mail: mpankow@bhf-law.com
E-mail:  dgarfield@bhf-law.com

ATTORNEYS FOR MICHAEL PAYNE

# CERTIFICATE OF SERVICE

I hereby certify that on 9th day of December, 2005, I electronically filed the foregoing **OBJECTION OF MICHAEL PAYNE TO MOTION TO RECONSIDER ORDERS, AMEND ORDER AND ORDER RESTITUTION WITH INCORPORATED LEGAL AUTHORITY** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

| | |
|---|---|
| Steve D. Bell | Bell.steve@dorsey.com |
| Todd P. Blakely | tblakely@heridanroos.com |
| Philip Edward Blondin | Philip.Blondin@usdoj.gov |
| James R. Cage | jcage@cagewilliams.com |
| J. Eric Elliff | jelliff@mofo.com |
| James R. Evenson | jeverson@messner-reeves.com |
| Monica Anne Flanigan | Mflanigan@halefriesen.com |
| Allan L. Hale | HaleUSDC@halefriesen.com |
| Adam F. Hulbig | Adam.f.hulbig@usdoj.gov |
| Glen E. Keller, Jr. | Glen.Keller@dgslaw.com |
| Mollybeth R. Kocialski | Mollybeth.kocialski@firstdatacorp.com |
| Richard Kent Kornfield | rickkornfeld@rechtkornfeld.com |
| Lee M. Kutner | lmk@kutnerlaw.com |
| Robert A. Lees | ral@robertalees.com |
| Gary Lozow | glozow@ir-law-com |
| Steven J. Merker | Merker.steve@dorsey.com |
| Nancy Dee Miller | nmiller@kennedy-christopher.com |
| Stuart Harris Pack | spack@ir-law.com |
| Edward T. Ramey | Eramey@ir-law.com |
| Jennifer C. Robinson | jrobinson@raemplymentgroup.com |
| Donald Francis Slavin | dslavinpc@msn.com |
| Gregory C. Smith | gsmith@fwlaw.com |
| John ("Jack") Markham Tanner | jtanner@fwlaw.com |

8616\1\952534.1

1

and, I hereby certify that I have served on December 9, 2005 the foregoing **OBJECTION OF MICHAEL PAYNE TO MOTION TO RECONSIDER ORDERS, AMEND ORDER AND ORDER RESTITUTION WITH INCORPORATED LEGAL AUTHORITY** on the following non-CM/ECF participants via U. S. Mail, first class, postage affixed thereto on the following non-participant's listed below:

| | |
|---|---|
| Eller Industries<br>c/o Leonard S. ("Lonnie") Labriola<br>6035 N. 115th Street<br>Longmont, CO 80504-8434 | Burt Bondy<br>1523 Coast Walk<br>La Jolla, CA 92037 |
| Daniel L. Dawes<br>Graham & James, LLP<br>650 Town Center Drive, 6th Flr.<br>Costa Mesa, CA 92626 | James Duberg<br>727 Third Avenue<br>Chula Vista, CA 91910-5803 |
| Ronald Garcia<br>2505 Madison, North East<br>Albuquerque, NM 87101 | Robert W. Hallock<br>202 S. Merrill St.<br>Park Ridge, IL 60068-4223 |
| R.J. Coresti<br>5316 Camino Montano, North East<br>Albuquerque, NM  87111 | Steve DeStout<br>#1 South Water Street<br>Henderson, NV 89105 |
| Ronald Fulfer<br>15315 S. Francis Dr.<br>Plainfield, IL 60544 | Albert R. Gazza<br>589 Manchester<br>East Glastonburty, CT 06025-0085 |
| Steve Halprin<br>1315 Penningtow Place<br>Concord, NC 28207 | Robert J. Daniel<br>9 Wagon Wheel Drive<br>Feeding, Hills, MA 01030 |
| John V. Del Gaudio, Jr<br>John V. Del Gaudio, Jr. & Associates<br>221 N. LaSalle St., #638<br>Chicago, IL 60601 | Carol Furier<br>2500 Military Trail<br>Boca Raton, FL 33431 |
| James R. Ghiselli<br>Ghiselli Law Offices, PC<br>8170 Kincross Drive<br>Boulder, CO 80302 | John Inelli<br>17 Old Farmstead Rd.<br>Chester, NJ 07930 |

| | |
|---|---|
| Alf Iseback<br>Gamla Tuveagen 4<br>Goteborg, Sweden 41705 | Morty B. Lempel<br>Morty B. Lempel, Esq.<br>55 Old Turnpike Road, #209<br>Nantuet, NY 10954-2450 |
| Michael Mandelman<br>c/o Peter D. Bilowz, Esq.<br>Goulston & Storrs, P.C.<br>400 Atlantic Avenue<br>Boston, MA 02110-3333 | Montgomery & Andrews, P.A.<br>325 Paso De Peralta<br>Santa Fe, NM 87501 |
| Jeffrey M. Perkins<br>Western Design Engineering, Inc.<br>808 Airport Road<br>Jackson, MI 49202 | Nicholas Russo<br>310 Extonville Road<br>Allentown, NJ 08501 |
| Hilm Sevimli<br>c/o Christopher C. Noble, Esq.<br>Nobel & Associates, LLC<br>11 Pine Street<br>Plainville, CT 06103 | Noreene C. Stehlik<br>US Department of Justice<br>DC Tax Division<br>PO Box 683<br>Ben Franklin Station<br>Washington, DC 20044 |
| Scott Kajiya<br>c/o Peter C. Freeman, Esq.<br>Law Offices of Peter C. Freeman<br>16485 Laguna Canyon Road, #230<br>Irvine, California 92618-3846 | James P. Lewis<br>2143 S. Brentwood Street<br>Lakewood, CO 80227 |
| Gerald C. Miller<br>U.S. Department of Justice<br>DC Tax Division<br>PO Box 683<br>Ben Franklin Station<br>Washington, DC 20044 | Robert Morrow, Jr.<br>401 North College Rd., #5<br>Lafayette, LA 70506 |
| Ed Pink Racing Engines, Inc.<br>14612 Raymer St.<br>Van Nuys, CA 91405 | Cassandra Gay Sasso<br>Baker & Hostetler-Colorado<br>303 E. 17th Ave., #1100<br>Denver, CO 80203 |

| | |
|---|---|
| Peter Sklarew<br>US Department of Justice<br>DC Tax Division<br>PO Box 55<br>Ben Franklin Station<br>Washington, DC 20044 | Doulgas William Swartz<br>Sheridan Ross P.C.<br>1560 Broadway, #1200<br>Denver, CO 80202 |
| Check Krowczyk<br>1853 S. Marshall Cir.<br>Lakewood, CO 80232 | Albert Lucci<br>1930 Wyoming Avenue<br>Ft. Pierce, FL 34982 |
| Miller Simon & Maier<br>c/o Mark S. Schmidt, Esq.<br>788 North Jefferson St.<br>Milwaukee, WI 53202 | Gary Clifford Moschetti<br>Hatch & Moschetti, LLC<br>1800 Glenarm Place- 9th Flr.<br>Denver, CO 80202 |
| Anthony Pugliese<br>2500 Military Trail<br>Boca Raton, FL  33431 | Donald Schunk<br>12572 Durrow Court<br>St. Louis, MO 53141 |
| Nancy B. Smith<br>Dorsey & Whitney, LLP-Colorado<br>370 – 17th Street, #4700<br>Denver, CO 80202-5647 | Douglas M. Tisdale<br>Tisdale & Associates LLC<br>1600 Broadway, #2600<br>Denver, CO 80202 |
| Triad Suspension Technologies, Inc.<br>c/o Lewis M. Druxman, Esq.<br>6715 Academy Rd. North East<br>Suite B<br>Albuquerque, NM 87109 | Kathryn L. Troccoli<br>1911 Champlain St.<br>Ottawa, IL 61350 |
| Richard Dale Wood<br>13997 80th Ave. North<br>Maple Grove, MN 55311 | |

Respectfully submitted,

_____/s/_____
Daniel J. Garfield