UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 95-cv-00777-ZLW-OES

In re: Indian Motorcycle Manufacturing, Inc., a New Mexico Corporation

## MOTION TO CONSOLIDATE

Sterling Consulting Corporation, as receiver, by and through its attorneys, Fairfield and Woods, P.C., pray that this Court enter an order consolidating this matter with the matter known as *Sterling Consulting Corporation v. CMA, United States District Court for the District of Colorado, No. 05-cv-01573-PSF-CB*S (the "Sterling Action"), and as grounds therefor states as follows:

1.  When Sterling[1] first brought the Sterling Action, Sterling was convinced that Sterling Action should not be treated as a related matter to the Receivership Action, and brought the Sterling Action as a completely separate action. Since that time, the receiver and Sterling have strived to keep the Sterling Action separate from the Receivership Action. With the passage of time and events, it has become apparent that the segregation strategy is no longer plausible. The two actions are rapidly becoming inseparable and they should be consolidated under Rule 42 to reduce the costs of litigation and to avoid the risk of inconsistent Orders and Judgments.

---

[1] In this Motion, use of the name "Sterling" will be in reference to Sterling Consulting Corporation, in its individual or corporate capacity, and not as receiver unless the context requires otherwise.

2. The Sterling Action grew out of a settlement agreement (the "Settlement Agreement") that Sterling signed with Indian Motorcycle Company (the parent company), IMCOA Licensing American, Inc. (a subsidiary to Indian Motorcycle Company and the holding company for the Indian Motorcycle trademark), and IMCOA Holdings America, Inc. (another subsidiary to Indian Motorcycle Company and the company used as the licensing vehicle). Indian Motorcycle Company, IMCOA Licensing American, Inc., and IMCOA Holdings America, Inc. will be collectively referred to herein as "Indian". Indian was the buyer of the assets of the Receivership Estate at the receivership sale.

3. The Court sealed the Settlement Agreement, but one term of the Settlement Agreement that has become sufficiently known to be public information is the fact that the Settlement Agreement prohibited assignment of the Indian Motorcycle trademark without assignment of the Settlement Agreement.[2]

4. By early to mid-2003, Indian was on an irreversible track to insolvency. Rather than promptly liquidate Indian, the controlling shareholder, Audax Group or one of its affiliates, took control of Indian (reportedly through the Board of Directors) and made a loan of $10 million (of which only $6.5 million was funded). Unlike the previous investments made by Audax, the loan was secured by all of the assets in Indian, including the Indian Motorcycle trademark.

---

[2] Neither Sterling nor the receiver perceives any disadvantage to anyone if the Court unseals the Settlement Agreement, which would include unsealing the Indemnification Agreement attached thereto. Although Sterling and the receiver will not object to any request to unseal the Settlement Agreement, no request to do so is made herein.

5. In around September of 2003, another subsidiary of Indian, Indian Motorcycle Corporation (to be distinguished from Indian Motorcycle Company), made an assignment for the benefit of creditors (the "ABC"). At around the same time, Indian also bundled[3] the Indian Motorcycle trademark for sale with the assets of the Indian Motorcycle Corporation by CMA, the assignee under the ABC, thereby starting another round in the never-ending series of liquidations of the Indian Motorcycle trademark.

6. It was the bundling of the Indian Motorcycle trademark with the other assets of Indian that drew attention to the fact that the creditors of Indian Motorcycle Corporation had no claim on the Indian Motorcycle trademark, nor did it have a claim to the real estate assets. This was contrary to the express and implied representations of Indian Motorcycle Corporation at the time tens of millions of dollars in debt was incurred by Indian Motorcycle Corporation.

7. The receiver is informed and believes that because the creditors had a rightful claim of fraud or misrepresentation for the manner in which the debt was incurred, Indian was forced to make assignments for the benefit of creditors to CMA of Indian Motorcycle Company, IMCOA Licensing America, Inc., and IMCOA Holdings America, Inc.[4] that included the Indian Motorcycle trademark, and Audax was compelled to reduce the amount of its security interest. What was materially and adversely affected were the only other potential claimants of IMCOA Licensing America, Inc.—the receiver and Sterling.

---

[3] The term "bundled" was the term applied to the effort to liquidate the Indian Motorcycle trademark along with the other assets of Indian and its subsidiaries, Indian Motorcycle Corporation and Indian Real Estate, Inc.

[4] Audax also assigned the real estate assets of its real estate subsidiary, Indian Motorcycle Real Estate Services, Inc. to CMA, but that is only tangential to this Motion.

3

8. In around July of 2004 CMA completed it auction of the Indian Motorcycle Trademark with a sale to Stellican, Limited. This sale did not, however, include an assignment of the Settlement Agreement to the buyer. In the Sterling Action, Sterling alleged a breach of the Settlement Agreement for CMA's assignment of the Indian Motorcycle trademark without requiring the buyer to adopt the Settlement Agreement.[5]

9. Sterling thereupon filed the Sterling Action, seeking a declaration that CMA was in breach of the Contract because of its failure to assign the Settlement Agreement when it assigned the Indian Motorcycle Trademark.

10. The Sterling Action also includes a related issue regarding the distribution of an escrow fund (the "Cash Fund"). It is recourse to this Cash Fund that has CMA filing its motions in the Receivership Action.[6]

11. Since then, defendants in the CMA action have joined that action to the receivership in such a way that the two can no longer be kept separate.

12. By way of example, CMA filed a notice in this Receivership Action regarding the Sterling Action, apparently believing it was appropriate that the

---

[5] Notwithstanding repeated requests for confirmation of the fact, CMA has refused to confirm that Indian, in fact, assigned the Settlement Agreement to CMA or that CMA accepted the assignment of the Settlement Agreement, if the Settlement Agreement were actually assigned.

[6] One of the motions filed by CMA in the Receivership Action was a request for reference to a Magistrate Judge who had not entered Orders in the Receivership Action—a requirement of the Settlement Agreement. As will be set out in the Receiver's Response to CMA's Motion (which response will be filed later today), the receiver believes that reference to a Magistrate Judge is appropriate, but not a reference of one small component of the dispute (i.e., the Cash Fund). Rather, the entire Sterling Action should be referred to a Magistrate Judge once the cases are consolidated

4

Receivership Estate should be aware of the action. This notice has prompted numerous inquiries of the receiver.

13.     More importantly, at a Court-Ordered settlement conference before Magistrate Judge Schlatter regarding both actions, as soon as Sterling began negotiating with the defendants in the Sterling Action, the defendants insisted that any settlement had to include a release by the receiver.

14.     Sterling is willing, and has offered, to dedicate any non-Cash Fund recovery it might recover from Indian, CMA, and Audax to payment of the taxes of the Receivership Estate.[7]

15.     Recently, CMA filed its Motion to Submit Dispute to Magistrate Judge, as Required by Settlement Agreement whereby CMA is seeking reference of the Cash Fund issue to a third Magistrate Judge in the Receivership Action.[8] By this Motion, CMA has injected another significant aspect of the Sterling Action into the Receivership Action.

16.     On December 9, 2005, Mr. Burt Bondy filed his objection to the Motion to Reconsider pending in this action, defending on the basis that Indian (and not Mr. Bondy and Claimants similarly situated), received the money from which the receiver is seeking

---

[7] The details of this commitment have yet to be worked out with the government, and obviously the commitment does not have the approval of this Court or the Court in the Sterling Action. Nevertheless, the commitment stands and can only work to the benefit of the Receivership Estate.

[8] This Motion disregards the fact that CMA's breach of the Settlement Agreement precludes it from any portion of the Cash Fund, and this Motion also disregards the fact that CMA may not have taken an assignment of Settlement Agreement, thereby leaving the only claim to the Cash Fund with Indian. It also disregards the fact that such Motion should be made in the Sterling Action. Because one of the other Defendants in that case refused to consent to the determination of the Magistrate, however, that Motion is procedurally awkward, at best, in the Sterling Action.

5

restitution. If this is true, then CMA, Indian, and Audax possess money that is the property of the Receivership Estate.[9] By the very nature of receiverships, are proper subject of the restitution proceedings.

17. For the above reasons, the cases should be consolidated under Fed.R.Civ.P. 42. The two actions contain common questions of fact and law. Consolidation will reduce the litigation from two courts to one and avoid inconsistent rulings.

18. Further, if will expand the pool of Magistrate Judges available to rule on the Cash Fund issue, as the Local Rules disqualify Magistrate Judge Schaeffer from determining that issue while he is the assigned Magistrate in the Sterling Action.

19. Pursuant to L.Rule 7.1, undersigned counsel certifies that he has made reasonable efforts to confer with counsel for the Defendants in the Sterling. Despite these attempts, it is unknown if this Motion will be opposed or not.

WHEREFORE, Sterling Consulting Corporation, as receiver, prays that this case be joined with 05-cv-1573-PSF-CBS and for such other and further relief as the Court deems just and proper.

---

[9] The receiver has put Indian, CMA, and Audax on notice that they may possess money that is the property of the Receivership Estate. The receiver has not, however, made any determination or recommendation as to whether the Objection of Mr. Bondy is correct, and this Court has not considered the matter.

Respectfully submitted this 14th day of December, 2005.

                        By: *s/ John M. Tanner*
                            Fairfield and Woods, P.C.
                            1700 Lincoln Street, Suite 2400
                            Denver, CO 80203-4524
                            Phone: (303) 830-2400
                            Fax: (303) 830-1033
                            Email: jtanner@fwlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 14, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses or as indicated below or by United States Mail, postage prepaid:

**VIA CM/ECF TO:**

Alan Lemont Hale Esq.
Hale Friesen, LLP
1430 Wynkoop St., Ste. 300
Denver, CO  80202
**Attorney for Richard Basciani, N. Rooke Everill, Pres./Everill Bros., Inc., John H. Nicholson or Virginia A. Nicholson**
ahale@haldfriesen.com

Edward T. Ramey, Esq.
Stuart H. Pack, Esq.
Isaacson Rosenbaum
  Woods and Levy
633 17th St., Ste. 2200
Denver, CO  80202
**Attorneys for William R. Childs, Scott McCormick, Jr., Douglas Walliser, Ronald Schiff, Edward Pacelli, Barbara Sandoval, Morty Lempel, A.B. Goldberg, First Entertainment, Harvey Rosenberg**
eramey@ir-law.com
spack@ir-law.com

James R. Cage, Esq.
Cage Williams Abelman
  & Layden, P.C.
St. Elmo Bldg.
1433 17th St.
Denver, CO  80202-1273
**Attorney for Carl D. Lucci/Albert R. Lucci**
jcage@cagewilliams.com

Glen E. Keller, Jr.
Davis Graham & Stubbs, LLP
1550 17th Street, Ste. 500
Denver, CO  80202
**Attorney for Cow Creek Band of Umpqua Tribe of Indians**
Glen.keller@dgslaw.com

Todd Blakely, Esq.
Sheridan Ross
The Denver Post Tower
1560 Broadway, Ste. 1200
Denver, CO  80202
**Attorney for Steven Rodolakis, Trustee**
tblakely@sheridanross.com

Lee M. Kutner, Esq.
Kutner Miller Kearns, P.C.
303 E. 17th Ave., #500
Denver, CO  80203
**Attorneys for Lois Mathre**
lmk@kutnerlaw.com

J. Eric Ellliff, Esq.
Kristen Taylor-Randall, Esq.
Morrison & Foerster, LLP
370 17th St., Ste. 3550
Denver, CO  80203
**Attorney for IMCOA**
jelliff@mofo.com

Adam F. Hulbig
Trial Attorney, Tax Division
US Dept. of Justice
Po Box 683
Ben Franklin Station
Washington, DC  20044
**Attorney for United States of America**
adam.f.hulbig@usdoj.gov

**VIA E-MAIL:**
Richard A. Block
President
Sterling Consulting Corporation
4101 E. Louisiana Ave., Ste. 300
Denver, CO  80246
**Receiver**
rblock@xpn.com

Gary C. Moschetti, Esq.
Hatch & Moschetti, LLP
1800 Glenarm Pl., 9th Floor
Denver, CO  80202
**Attorney for Edward Leal**
gmoschetti@hatchlawyers.com

Cassandra Sasso, Esq.
Baker & Hostetler
303 E. 17th Ave., Ste. 1100
Denver, CO  80203-1264
**Attorney for Michelle Lean**
csasso@bakerlaw.com

Douglas M. Tisdale, Esq.
Tisdale & Associates, LLC
Colorado State Bank Building
1600 Broadway, Ste. 2600
Denver, CO  80202-4989
**Attorney for Michelle Lean**
doug@tisdalelaw.com

Michael J. Pankow
Daniel J. Garfield
Brownstein Hyatt & Farber PC
410 17th Street, Suite 2200
Denver, CO  80202
**Attorneys for Michael Payne**

mpankow@bhf-law.com
dgarfield@bhf-law.com

**VIA UNITED STATES MAIL:**
James Duberg, Esq.
727 Third Ave.
Chula Vista, CA  91910-5803

Mark S. Schmidt, Esq.
Miller Simon & Maier, S.C.
788 North Jefferson Street
Milwaukee, WI 53202
**Attorney for Miller Simon & Maier**

Peter C. Freeman, Esq.
Law Offices of Peter C. Freeman
16485 Laguna Canyon Rd., Ste. 230
Irvine, CA  92618-3846
**Attorney for Scott Kajiya**

Mr. Albert Lucci
1930 Wyoming Ave.
Fort Pierce, FL  34982

Robert W. Hallock, Esq.
202 S. Merrill St.
Park Ridge, IL  60068-4223

Peter Sklarew, Esq.
Assistant Chief
Civil Trial Section, Northern Region
United States Dept. of Justice
Tax Division
PO Box 55
Washington, D.C.  20044
**Attorney for IRS**

Robert J. Danie, Eq.
9 Wagon Wheel Drive
Feeding Hills, MA  01030

Noreene C. Stehlik, Esq.
U.S. Dept. of Justice
PO Box 683
Ben Franklin Station
Washington, D.C. 20044
**Attorney for IRS**

Robert L. Morrow, Jr., MD
401 N. College Rd., #5
Lafayette, LA 70506

Nicholas A. Russo, Sr.
310 Extonville Road
Allentown, NJ 08501

Richard J. Cortesi
5316 Camino Montano, N.E.
Albuquerque, NM 87111

Albert R. Gazza
589 Manchester
E. Glastonbury, CT 06025-0085

Ronald Fulfer
15315 S. Francis Dr.
Plainfield, IL 60544

Richard Dale Wood
13997 80th Ave. North
Maple Grove, MN 55311

Steve Halprin
1316 Penningtow Place
Concord, N.C. 28207

Alf Iseback
Gamla Tuvevagen 4
41705 Goteborg
**SWEDEN**

Kathryn L. Troccoli
1911 Champlain St.
Ottawa, IL 61350

Ed Pink
Ed Pink Racing Engines, Inc.
14612 Raymer Street
Van Nuys, CA 91405

Montgomery & Andrews, P.A.
325 Paseo De Peralta
Santa Fe, NM 87501

Jeffrey M. Perkins
President
Western Design Engineering, Inc.
808 Airport Road
Jackson, MI 49202

John Inelli
17 Old Farmstead Rd.
Chester, NJ 07930

Eller Industries
c/o Leonard S. ("Lonnie") Labraiola
6035 N. 115th Street
Longmont, CO 80504-8434

**Registered Agent:**
Randal L. Hittle
1630 Main Street, Suite 202
Longmont, CO 80501


By:   *s/ John M. Tanner*
      Fairfield and Woods, P.C.
      1700 Lincoln St., #2400
      Denver, CO 80203
      Phone: (303) 830-2400
      Fax: (303) 830-1033
      Email: jtanner@fwlaw.com