UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 95-cv-00777-ZLW-OES

In re:

THE RECEIVERSHIP ESTATE OF INDIAN MOTORCYCLE MANUFACTURING, INC.

ORDER

ORDER ENTERED BY U.S. MAGISTRATE JUDGE O. EDWARD SCHLATTER
Dated:  December 14, 2005

On December 13, this Court held a hearing on the motion of Sterling Consulting

Corporation, as receiver, regarding reconsideration of certain prior Orders.  Regarding the

primary issue in that motion I have filed a recommendation with Judge Weinshienk.

Certain matters raised by the receiver, however, are appropriate for me to rule upon.  This

Order addresses those issues.

1.       The receiver has proposed an incentive plan to encourage prompt

payment in the event its Motion to Reconsider is granted.  The plan provides that

claimants who make a restitutionary payment of 20% of their claim by December 27 2005

would receive credit for the full 24.35% being sought by the receiver.  Further, those

claimants would receive credit of 28% against any future restitutionary orders.  If refunds

are made because the receiver collects more than is allowed under the Court-approved

settlement agreement, the claimants will only get credit for the 20% actually paid.

2.       The receiver has expressed some urgency because of the end of the tax

year.  I cannot control when Judge Weinshienk might act upon my recommendation, and

the statutory 10-day waiting period following my recommendation would make this

incentive plan moot.  I can and do, however, grant the receiver permission to accept such

payments immediately and provide the incentives requested in an interim basis.  The

receiver should hold the money collected until Judge Weinshienk rules.

3.       The Court grants the receiver's request to allow any Claimant who

advises the receiver that making restitution in full on or before January 31, 2006 would

create a hardship to make restitution in full on or before March 31, 2006, provided that the

receiver is able to verify the Claimant's hardship, and provided further that the Claimant

pays interest on the restitution in the amount of 6% per annum.

4.       Claimants should know what they were paid, and thus they can do their

calculation of the amount to pay the receiver.  If a claimant is not sure, it should consult

with the receiver.  If a dispute arises, the dispute should be brought to this Court promptly.

In the meantime, however, should Judge Weinshienk follow my recommendation, the

Claimant should tender the amount claimed by the receiver.

5.       One of the objectors to the Motion for reconsideration, Mr. Bondy, raised

the issue of possible liability of Indian Motorcycle Company (the parent company), IMCOA

Licensing America, Inc. (a subsidiary to Indian Motorcycle Company and the holding

company for the Indian Motorcycle trademark), and IMCOA Holdings America, Inc.

(another subsidiary to Indian Motorcycle Company and the company used as the licensing

vehicle), Audax (an investor in Indian), and CMA (the assignee of Indian, in its California

state law Assignment for the Benefit of Creditors) for the restitution the receiver is seeking

from claimants.  Mr. Bondy argues that:  (a) it is Indian that should pay restitution because

it was Indian that got the money from those who converted to stock, dealerships, and

2

motorcycles; and (b) Indian knew the stock was worthless, or would become worthless, when it engaged in the transaction with the electing claimants, and that the dealership arrangements would not be honored when it granted them.  The receiver, while preliminarily disagreeing with Mr. Bondy, has sought permission to conduct discovery on the subject.

6.      On this issue, the Court Orders as follows:

        a.   First, CMA is cautioned not to release any money from the Assignment for Benefit of Creditors until this issue is resolved.

        b.   Second, the receiver should attempt informal discovery and make a recommendation (if the facts are available due to cooperation by CMA and Audax) by December 20, 2005.

        c.   Third, if CMA and Audax do not cooperate, the receiver should use compulsory process (e.g., a subpoena or deposition) to obtain information, and make a Report to the Court by January 20, 2006.

7.      Subject to the consent of the Government, the receiver is authorized to engage a professional in the business of locating people to find missing Claimants at reasonable commercial rates or commissions.

Dated in Denver, Colorado, this 14th day of December, 2005.

BY THE COURT:


  s/O. Edward Schlatter
UNITED STATES MAGISTRATE JUDGE

3