**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.  95-cv-0777-ZLW-OES

In re:  THE RECEIVERSHIP ESTATE OF INDIAN MOTORCYCLE MANUFACTURING, INC.

**RESPONSE TO MOTION TO REQUIRE COMPLIANCE WITH FED.R.CIV.P. 5**

COMES NOW Credit Managers Association of California, dba Business Credit Services ("CMA") as Assignee, pursuant to a California Assignment for the Benefit of Creditors and General Assignments dated May 12, 2004, by Indian Motorcycle Company ("Indian"), IMCOA Licensing America, Inc. ("IMCOA Licensing"), and IMCOA Holdings America, Inc. ("IMCOA Holdings")[1] (collectively, Indian, IMCOA Licensing, and IMCOA Holdings are referred to herein as the "Indian Entities"), and responds to Sterling Consulting Corporation's Motion to Require Compliance with Fed.R.Civ.P. 5 ("Service Motion").  The Service Motion was filed on December 7, 2005, and pursuant to this Court's Minute Order dated December 8, 2005 [Doc. No. 1976], CMA was provided an opportunity to respond until December 16, 2005.  As grounds, CMA states as follows:

1.     CMA has requested that a very discreet, limited issue dealing with a $50,000 Cash Fund that Sterling Consulting Corporation ("Sterling") is demanding for itself (the "Cash

---

[1] CMA is a California based third party fiduciary acting as an assignee for the benefit of creditors under California's assignment for benefit of creditors law.  As such, it is appearing in this action in such capacity and no other.  All references to CMA herein are as Assignee of the Indian Entities only.

00036032                                                  1

Fund Dispute") be submitted to a magistrate in its Motion to Submit Dispute to Magistrate Judge, As Required by Settlement Agreement ("Motion to Submit").[2]

2. The Cash Fund Dispute set forth in the Motion to Submit (1) does not adversely impact any claimant in the Receivership Action; and (2) according to Sterling, does not even involve the Receiver or the Receivership Estate. The only reason the Motion to Submit was filed in the Receivership Action was because that is what was required based on the Alternative Dispute Resolution provisions set forth in the Settlement Agreement and Indemnification Agreement underlying the Cash Fund Dispute. Nonetheless, Sterling, in its capacity as Receiver, demands that CMA notice the Motion to Submit to all approximately 450 claimants in the Receivership Estate.

3. At the December 13 hearing on an unrelated motion, this Court agreed with the United States Department of Justice's position regarding notice, specifically, that notice should be limited, unless the Court determines that a particular matter needs to be noticed to all approximately 450 claimants. In fact, this position has been advocated by the Receiver – and approved by this Court – in the past. *See* Service Motion, page 2, ¶ 6.

4. The Cash Fund Dispute described in the Motion to Submit is a discreet and limited matter *that does not adversely affect any claimant* (indeed, if this matter is resolved pursuant to the specific terms of the Agreements, the Receivership Estate would *receive* $25,000 on January 1, 2006). Therefore, CMA submits that notice of the Motion to Submit should be limited to the designated e-Filers in this matter.

---

[2] Although the Service Motion apparently was filed in response to CMA's initial filing of a "Submission of Notice of Dispute and Request for Resolution by Magistrate Judge," such Submission has been superceded by CMA's filing of the Motion to Submit. Thus, the Service Motion will be read to be requesting CMA's Fed.R.Civ.P Rule 5 compliance with respect to the Motion to Submit.

00036032  2

5. Nonetheless, because of the sensitivity of providing all parties with adequate due process, if this Court determines that all claimants should receive notice, CMA will, of course, notice the Motion to Submit to all claimants.

WHEREFORE, CMA requests that this Court limit notice of the Motion to Submit to the e-filers in this matter.

Respectfully submitted this 16th day of December, 2005.

                          **BIEGING SHAPIRO & BURRUS LLP**

                          By:    s/ Julie Trent
                                  Julie Trent, No. 17086
                                  4582 S. Ulster Street Pkwy., Suite 1650
                                  Denver, CO  80237
                                  Office:  (720) 488-0220
                                  Fax:  (720) 488-7711
                                  E-mail: jt@bsblawyers.com

                                  Robert Pitts
                                  LAW OFFICE OF ROBERT W. PITTS
                                  660 Newport Center Drive, Suite 400
                                  Newport Beach, California 92660
                                  T:  949-720-4125
                                  F:  949-720-4111
                                  E:  rpitts@lawrwp.com
                                  *Attorneys for CMA as Assignee of the Indian Entities*

## CERTIFICATE OF SERVICE

  I hereby certify that on December 16, 2005, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

Thomas F. Quinn, Esq.        tquinn@tfqlaw.com

And by U.S. Mail, first class, postage prepaid and facsimile number to the following:

Michael E. Chodos, Esq.       Fax: 310.791.1958
Michael E. Chodos, Attorney at Law
56 Malaga Cove Plaza
Palos Verdes Estates, CA 90274

Jack Tanner, Esq.         Fax: 303.830.1033
Fairfield & Woods, PC
1700 Lincoln St., Suite 2400
Denver, CO  80203

             s/ Julie Trent
            **Julie Trent**, No. 17086
            Bieging Shapiro & Burrus, LLP
            4582 South Ulster Street Parkway, Suite 1650
            Denver, Colorado 80237
            Telephone:  (720) 488-0220
            Fax: (720) 488-7711
            E-mail:  jt@bsblawyers.com