# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 95-cv-00777-ZLW-OES

In re:  Indian Motorcycle Manufacturing, Inc., a New Mexico Corporation

## NOTICE OF DISCOVERY

Sterling Consulting Corporation, as receiver, by and through its attorneys, Fairfield and Woods, P.C., hereby gives notice to this Court as required by the Order entered by this Court December 13, 2005, and states as follows:

1.     In paragraph 5 of its Order entered December 13, 2005, this Court acknowledged the possibility that certain entities might have custody of property of the Receivership Estate:

5.     One of the objectors to the Motion for reconsideration, Mr. Bondy, raised the issue of possible liability of Indian Motorcycle Company (the parent company), IMCOA Licensing America, Inc. (a subsidiary to Indian Motorcycle Company and the holding company for the Indian Motorcycle trademark), and IMCOA Holdings America, Inc. (another subsidiary to Indian Motorcycle Company and the company used as the licensing vehicle), Audax (an investor in Indian), and CMA (the assignee of Indian, in its California state law Assignment for the Benefit of Creditors) for the restitution the receiver is seeking from claimants.  Mr. Bondy argues that:  (a) it is Indian that should pay restitution because it was Indian that got the money from those who converted to stock, dealerships, and. motorcycles; and (b) Indian knew the stock was worthless, or would become worthless, when it engaged in the transaction with the electing claimants, and that the dealership arrangements would not be honored when it granted them.  The receiver, while preliminarily disagreeing with Mr. Bondy, has sought permission to conduct discovery on the subject.

2.     In paragraph 6 of the same Order, this Court gave the receiver the following Instructions in connection with the discovery:

6.     On this issue, the Court Orders as follows:

a.     First, CMA is cautioned not to release any money from the Assignment for Benefit of Creditors until this issue is resolved.

b.      Second, the receiver should attempt informal discovery and make a recommendation (if the facts are available due to cooperation by CMA and Audax) by December 20, 2005.

c.      Third, if CMA and Audax do not cooperate, the receiver should use compulsory process (e.g., a subpoena or deposition) to obtain information, and make a Report to the Court by January 20, 2006.

3.      The receiver and its counsel unsuccessfully attempted to conduct informal discovery on Indian, CMA, and Audax.

4.      Indian is incapable of responding to anything because it has no management or operations.  CMA has occasionally indicated that it can respond on behalf of Indian, but the receiver believes that the assignments that established the Assignments for the Benefit of Creditors assigned only assets and not management responsibility.  In any event, as discussed below, nothing has been forthcoming from CMA, whether on behalf of Indian or otherwise.

5.      CMA responded to the receiver's inquiry with two letters.  The first letter contained alarming information concerning the potential custody of assets of the Receivership Estate by CMA:

Regarding Mr. Block's comments with respect to an "Order dated December 14, 2004," please be advised that the Assignee has not been served with any pleading that would make the Assignee a party to any such Order, nor any matter giving rise to such Order, and that the Assignee will continue to carry out its fiduciary duties and obligations in accordance with California law.

6.      The receiver has stated to CMA that it is subject to the jurisdiction of this Court for at least two reasons:   (a) it possesses property that belongs to the Receivership Estate and all such property is subject to the jurisdiction and control of this Court; and (b) CMA has filed pleadings in the Receivership Action.

7.      Although the second letter from CMA responding to the request was slightly elusive on its face than the first, when taken in combination with the position in the first letter, it was crystal clear on the subject of informal discovery:

Dear Jack:

In response to your voicemail message to me, could you please specify, in writing, the documents that you request?  While the Assignee is willing to cooperate with the Receiver, I have not received any clarification regarding the requested documents.   The vagueness of the current "request" renders any cooperation impossible.

Also, can you please provide, in writing, the specific legal theories upon which you, or Mr. Bondy: contend that the Indian entities are subject to any disgorgement or liability to the Receivership estate?  Mr. Bondy appears to be

alleging that there was money paid from the Receivership estate to the Indian Entities. Thus, it would seem that if this is in fact the contention upon which your investigation is premised, all relevant documents are already in the possession of the Receiver.

Very truly yours,

Julie Trent

8.     The point of informal discovery in this context is that the receiver does not have any idea what documents exist, so the question has been begged rather than answered. Furthermore, even though the receiver has explained the foundations of its legal theory, it is simply not significant for purposes of document discovery.

9.     The exchange with Audax ended with the following email from counsel for Audax to counsel for the receiver and Sterling Consulting Corporation in the 1573 action:

Dear Mr. Tanner and Mr. Quinn:

Apparently providing Mr. Block with even a courtesy copy of my prior email to you was considered by him to be an invitation to email me directly, again. I am therefore sending this email solely to counsel.[1]

This will confirm that I do not consent to have Mr. Block (or his counsel on his behalf) represent to the Court anything about what Audax is or is not willing to do. For example, Audax has made no "blanket statement that it will not participate in any informal discovery process." My words were exactly what they were, and I note that I said no such thing.

I point out that Mr. Block has engaged in no "informal discovery process" either, as the nature and content of his and Mr. Tanner's emails cannot reasonably be construed to be an informal attempt at discovery. As I previously indicated, I believe they are nothing but pretextual "set up" events in order to obtain some perceived litigation advantage, and for that reason alone Audax has no intention of participating in them.

Any misrepresentation of my words or communications on Audax's behalf will be brought to the Court's attention as such.

Sincerely yours,

Michael Chodos

---

[1]  Mr. Chodos objected to an email on the subject of discovery directly from the receiver to Mr. Chodos, and insisted that the receiver communicate only through counsel. As is customary in this not-uncommon situation, the receiver advised Mr. Chodos that he was neither the receiver's Judge nor counsel, and not in a position to give instructions or advice to the receiver. Accordingly, the receiver would communicate with whomever it thought appropriate. In situations where the receiver wishes to handle communications directly, attorneys like Mr. Chodos receive a statement from the receiver's counsel (and Sterling's counsel) authorizing direct communications.

10.    The receiver has taken the sum of the communications from Audax as denying the receiver's request for informal discovery.

11.    Accordingly, the receiver will promptly commence formal discovery through normal procedures under the Rules of Civil Procedure.

Respectfully submitted this 29th day of December, 2005.


By:   _s/ John M. Tanner_
          Fairfield and Woods, P.C.
          1700 Lincoln Street, Suite 2400
          Denver, CO  80203-4524
          Phone:  (303) 830-2400
          Fax:  (303) 830-1033
          Email:  jtanner@fwlaw.com

CERTIFICATE OF SERVICE

I hereby certify that on December 29, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses or as indicated below or by United States Mail, postage prepaid:

**VIA CM/ECF TO:**

Alan Lemont Hale Esq.
Hale Friesen, LLP
1430 Wynkoop St., Ste. 300
Denver, CO  80202
**Attorney for Richard Basciani, N. Rooke Everill, Pres./Everill Bros., Inc., John H. Nicholson or Virginia A. Nicholson**
ahale@haldfriesen.com

Brad W. Schacht, Esq.
Otten Johnson Robinson
  Neff & Ragonetti, P.C.
950 17th St., Ste. 1600
Denver, CO  80202-2827
**Attorney for Michael Payne**
bschacht@ottenjohnson.com

Stephen D. Bell, Esq.
Dorsey & Whitney, LLP
370 17th St., Ste. 4700
Denver, CO  80202-5687
**Attorney for Eller Industries**
bell.steve@dorsey.com

Edward T. Ramey, Esq.
Stuart H. Pack, Esq.
Isaacson Rosenbaum
  Woods and Levy
633 17th St., Ste. 2200
Denver, CO  80202
**Attorneys for William R. Childs, Scott McCormick, Jr., Douglas Walliser, Ronald Schiff, Edward Pacelli, Barbara Sandoval, Morty Lempel, A.B. Goldberg, First Entertainment, Harvey Rosenberg**
eramey@ir-law.com
spack@ir-law.com

James R. Cage, Esq.
Cage Williams Abelman
  & Layden, P.C.
St. Elmo Bldg.
1433 17th St.
Denver, CO  80202-1273
**Attorney for Carl D. Lucci/Albert R. Lucci**
jcage@cagewilliams.com

Glen E. Keller, Jr.
Davis Graham & Stubbs, LLP
1550 17th Street, Ste. 500
Denver, CO  80202
**Attorney for Cow Creek Band of Umpqua Tribe of Indians**
Glen.keller@dgslaw.com

Todd Blakely, Esq.
Sheridan Ross
The Denver Post Tower
1560 Broadway, Ste. 1200
Denver, CO 80202
**Attorney for Steven Rodolakis,**
**Trustee**
tblakely@sheridanross.com

Lee M. Kutner, Esq.
Kutner Miller Kearns, P.C.
303 E. 17th Ave., #500
Denver, CO 80203
**Attorneys for Lois Mathre**
lmk@kuttnerlaw.com

J. Eric Ellliff, Esq.
Kristen Taylor-Randall, Esq.
Morrison & Foerster, LLP
370 17th St., Ste. 3550
Denver, CO 80203
**Attorney for IMCOA**
jelliff@mofo.com

Adam F. Hulbig
Trial Attorney, Tax Division
US Dept. of Justice
Po Box 683
Ben Franklin Station
Washington, DC 20044
**Attorney for United States of America**
adam.f.hulbig@usdoj.gov

**VIA E-MAIL:**
Richard A. Block
President
Sterling Consulting Corporation
4101 E. Louisiana Ave., Ste. 300
Denver, CO 80246
**Receiver**
rblock@xpn.com

Gary C. Moschetti, Esq.
Hatch & Moschetti, LLP
1800 Glenarm Pl., 9th Floor
Denver, CO 80202
**Attorney for Edward Leal**
gmoschetti@hatchlawyers.com

Cassandra Sasso, Esq.
Baker & Hostetler
303 E. 17th Ave., Ste. 1100
Denver, CO 80203-1264
**Attorney for Michelle Lean**
csasso@bakerlaw.com

Peter D. Bilowz, Esq.
Goulston & Storrs, PC
400 Atlantic Ave.
Boston, MA 02110-3333
**Attorney for Michael Mandelman**
Douglas M. Tisdale, Esq.
Tisdale & Associates, LLC
Colorado State Bank Building
1600 Broadway, Ste. 2600
Denver, CO 80202-4989
**Attorney for Michelle Lean**
doug@tisdalelaw.com

**VIA U.S. MAIL:**
James Duberg, Esq.
727 Third Ave.
Chula Vista, CA 91910-5803

Mark S. Schmidt, Esq.
Miller Simon & Maier, S.C.
788 North Jefferson Street
Milwaukee, WI 53202
**Attorney for Miller Simon & Maier**

Peter C. Freeman, Esq.
Law Offices of Peter C. Freeman
16485 Laguna Canyon Rd., Ste. 230
Irvine, CA 92618-3846
**Attorney for Scott Kajiya**

Mr. Albert Lucci
1930 Wyoming Ave.
Fort Pierce, FL  34982

Robert W. Hallock, Esq.
202 S. Merrill St.
Park Ridge, IL  60068-4223

Peter Sklarew, Esq.
Assistant Chief
Civil Trial Section, Northern Region
United States Dept. of Justice
Tax Division
PO Box 55
Washington, D.C.  20044
**Attorney for IRS**

Robert J. Danie, Eq.
9 Wagon Wheel Drive
Feeding Hills, MA  01030

Noreene C. Stehlik, Esq.
U.S. Dept. of Justice
PO Box 683
Ben Franklin Station
Washington, D.C.  20044
**Attorney for IRS**

Robert L. Morrow, Jr., MD
401 N. College Rd., #5
Lafayette, LA  70506

Nicholas A. Russo, Sr.
310 Extonville Road
Allentown, NJ  08501

Richard J. Cortesi
5316 Camino Montano, N.E.
Albuquerque, NM  87111

Albert R. Gazza
589 Manchester
E. Glastonbury, CT  06025-0085

Ronald Fulfer
15315 S. Francis Dr.
Plainfield, IL  60544

Richard Dale Wood
13997 80th Ave. North
Maple Grove, MN  55311

Steve Halprin
1316 Penningtow Place
Concord, N.C.  28207

Alf Iseback
Gamla Tuvevagen 4
41705 Goteborg
**SWEDEN**

Kathryn L. Troccoli
1911 Champlain St.
Ottawa,IL  61350

Ed Pink
Ed Pink Racing Engines, Inc.
14612 Raymer Street
Van Nuys, CA  91405

Montgomery & Andrews, P.A.
325 Paseo De Peralta
Santa Fe, NM  87501

Jeffrey M. Perkins
President
Western Design Engineering, Inc.
808 Airport Road
Jackson, MI  49202

John Inelli
17 Old Farmstead Rd.
Chester, NJ  07930


By: _s/ John M. Tanner_____
        Fairfield and Woods, P.C.
        1700 Lincoln St., #2400
        Denver, CO  80203
        Phone:  (303) 830-2400
        Fax:  (303) 830-1033
        Email:  jtanner@fwlaw.com