**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  95-cv-0777-ZLW-OES

In re:  THE RECEIVERSHIP ESTATE OF INDIAN MOTORCYCLE MANUFACTURING, INC.

**OBJECTION TO MOTION TO CONSOLIDATE**

COMES NOW Credit Managers Association of California, dba Business Credit Services ("CMA" or "Assignee") as Assignee, pursuant to a California Assignment for the Benefit of Creditors and General Assignments, by Indian Motorcycle Company ("Indian"), IMCOA Licensing America, Inc. ("IMCOA Licensing"), and IMCOA Holdings America, Inc. ("IMCOA Holdings")[1] (collectively, Indian, IMCOA Licensing, and IMCOA Holdings are referred to herein as the "Indian Entities"), and objects to Sterling Consulting Corporation's (as Receiver, hereinafter, "Receiver") Motion to Consolidate ("Consolidation Motion").  As grounds, CMA states as follows:

1. As a threshold matter, CMA objects to the Consolidation Motion to the extent it has not been served on all appropriate parties.  Specifically, the Receiver attempts to consolidate the Sterling Action (as defined below) into this Receivership Action without notice to all of the parties to the Sterling Action.[2]  On that basis alone, this Court should deny the Consolidation

---

[1] CMA is a California-based third party fiduciary acting as an assignee for the benefit of creditors under California's assignment for benefit of creditors law.  As such, it is appearing in this action in such capacity and no other.  All references to CMA herein are as Assignee of the Indian Entities only.

[2] The Audax Entities, defendants in the Sterling Action, are not parties in the Receivership Action and did not receive the Consolidation Motion.  CMA is not a party in interest in this Receivership Action and learned of the Consolidation Motion only through its extremely tangential involvement in this Receivership Action, as described below.

00036951                                                 1

Motion and require that the Receiver serve all affected parties, **in particular the parties to the action the Receiver wishes to consolidate herein**.

2. In the Consolidation Motion, the Receiver seeks to consolidate with this Receivership Action a declaratory relief action entitled *Sterling Consulting Corporation v. CMA* (USDC – CO Case No. 05-cv-01573-PSF-CBS) (hereinafter, "Sterling Action") brought by Sterling Consulting Corporation ("Sterling"), and specifically not the Receiver. The conclusory statements contained in Paragraph 17 notwithstanding, the Consolidation Motion is absolutely devoid of evidence, facts or law that would justify the consolidation of the Sterling Action and this Receivership Action.

3. Even a cursory examination of the two actions reveals that (1) there is no common question of law or fact to be determined; (2) the parties in the two actions are wholly distinct (with the exception of CMA/Assignee who is a defendant in the Sterling Action and is tangentially involved in this Receivership Action solely by requesting that a contractually required ADR process be implemented in an unrelated matter, the Cash Fund Dispute, defined below); and (3) there is no avoidance of unnecessary costs or delay through consolidation. In fact, there is the very real possibility that the whole point of the Consolidation Motion is to **impose** unnecessary costs and delay on certain parties, as evidenced by the Receiver's repeated requests that the Cash Fund Dispute be noticed to all 400+ claimants in the Receivership Action, even though the Cash Fund Dispute is not related to the Receivership Action **and does not adversely affect any Receivership claimant**.

4. **The Cash Fund Dispute:** In its Motion to Submit Dispute to Magistrate Judge As Required by Settlement Agreement ("Motion to Submit") filed in this Receivership Action, CMA/Assignee requested that a very discreet, limited issue dealing with a $50,000 Cash Fund

that Sterling Consulting Corporation ("Sterling") is demanding for itself, not the Receivership Estate, be submitted to a magistrate pursuant to a contractual ADR provision.[3] The parties to the Cash Fund Dispute are Sterling (as the party demanding the inappropriate release of funds for its own benefit) and CMA, as Assignee of the Indian Entities, which entities are entitled, as of January 1, 2006, to one half of the balance of the Cash Fund.

5. The Cash Fund Dispute set forth in the Motion to Submit (1) does not adversely impact any claimant in the Receivership Action; (2) according to Sterling, does not even involve the Receiver or the Receivership Estate; and (3) is required to be submitted to a specific ADR process. **The only reason CMA filed the Motion to Submit in this Receivership Action – CMA's only "involvement" in this Receivership Action – was because that is what was required pursuant to Alternative Dispute Resolution ("ADR") provisions in the Settlement Agreement and Indemnification Agreement underlying the Cash Fund Dispute**.[4]

6. There is no substantive involvement in the Receivership Action by any party to the Cash Fund Dispute. Nonetheless, the Receiver relies on the fact that CMA/Assignee filed the Motion to Submit in the Receivership Action as the basis for its Consolidation Motion. Such a limited involvement in one action by a single party to an otherwise unrelated action does not rise to the level of commonality required by Fed. R. Civ. P. 42.

---

[3] The Receiver's assertion in Paragraph 10 of the Consolidation Motion that the Cash Fund Dispute is "related" to the Sterling Action is, in a word, disingenuous. **The only arguable common thread is the identity of a single party, the Assignee.** Similarly, the Receiver's assertion in Paragraph 12 that CMA filed a notice "regarding the Sterling Action" is also disingenuous. The Motion to Submit and its precursor notice have nothing to do with the Sterling Action.

[4] The discreet issue in the Cash Fund Dispute is more fully described in the Motion to Submit, but in simple terms it requires a straightforward determination of whether or not any party made an indemnification claim under an Indemnification Agreement and, if so, was such claim paid. If all indemnification claims have been paid in full, then the balance of a Cash Fund is to be split as of January 1, 2006, between the parties to the Indemnification Agreement. The issues raised in footnote 8 of the Consolidation Motion are simply issues that can be raised by the appropriate party as part of the contractually required ADR proceeding on the Cash Fund Dispute.

7. **The Sterling Action:** The matter the Receiver wishes to consolidate herein, the Sterling Action, is a declaratory relief action that alleges a breach of a series of agreements. The parties to the Sterling Action are: (i) Sterling (**in its individual capacity, and specifically not as Receiver**); (ii) CMA/Assignee (including the Indian Entities that executed an ABC in favor of the Assignee); and (iii) various Audax entities. **None of these parties are claimants in the Receivership Action**. Moreover, none of these parties are substantively involved in the Receivership Action (except for perhaps Sterling, as the alter ego of the Receiver). Finally, the issues raised in the Sterling Action, i.e., whether the Assignee and/or Audax breached a series of agreements, were not raised by the Receiver. These issues will be resolved by the Judge in the Sterling Action independent of any involvement by the Receiver.

8. Additionally, consolidation cannot occur for the simple reason that the Cash Fund Dispute is subject to an explicit ADR provision between the parties thereto and the Sterling Action includes parties that are not subject to that ADR provision. Thus, to consolidate the two actions would either impermissibly deprive the parties to the ADR provision of their chosen method of dispute resolution or subject, impermissibly, another party to an ADR process to which it did not agree. Any claim of judicial efficiency in the Consolidation Motion is fictitious.

9. There is simply no basis, under Fed.R.Civ.P. 42 or otherwise, to consolidate the Sterling Action with this Receivership Action, even if all appropriate parties had been served with the Consolidation Motion.

WHEREFORE, CMA respectfully requests that this Court deny the Motion to Consolidate and allow the Sterling Action to be resolved in the forum initially chosen by the plaintiffs therein.

Respectfully submitted this 3rd day of January, 2006.

**BIEGING SHAPIRO & BURRUS LLP**

By:    s/ Julie Trent
       Julie Trent, No. 17086
       4582 S. Ulster Street Pkwy., Suite 1650
       Denver, CO  80237
       Office:  (720) 488-0220
       Fax:  (720) 488-7711
       E-mail: jt@bsblawyers.com

       Robert Pitts
       LAW OFFICE OF ROBERT W. PITTS
       660 Newport Center Drive, Suite 400
       Newport Beach, California 92660
       T:  949-720-4125
       F:  949-720-4111
       E:  rpitts@lawrwp.com
       *Attorneys for CMA as Assignee of the Indian Entities*

## CERTIFICATE OF SERVICE

I hereby certify that on January 3, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

Thomas F. Quinn, Esq.                    tquinn@tfqlaw.com

And by U.S. Mail, first class, postage prepaid and facsimile number to the following:

Michael E. Chodos, Esq.                  Fax:    310.791.1958
Michael E. Chodos, Attorney at Law
56 Malaga Cove Plaza
Palos Verdes Estates, CA 90274

Jack Tanner, Esq.                        Fax:    303.830.1033
Fairfield & Woods, PC
1700 Lincoln St., Suite 2400
Denver, CO  80203

                             s/ Julie Trent
                        **Julie Trent**, No. 17086
                        Bieging Shapiro & Burrus, LLP
                        4582 South Ulster Street Parkway, Suite 1650
                        Denver, Colorado 80237
                        Telephone:  (720) 488-0220
                        Fax: (720) 488-7711
                        E-mail:  jt@bsblawyers.com