UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re: | ) | Civil Action No. 02-11522-REK |
| INDIAN MOTORCYCLE LITIGATION | ) | Consolidated Proceedings |
| | ) | Receivership Case Only |

RECEIVER'S NOTICE TO RECEIVERSHIP ESTATE

1. The above-captioned consolidated proceedings before the United States District Court for the District of Massachusetts ("Receivership Court") include a case that was formally called Eller Industries Inc. v. Indian Motorcycle Mfg. Inc., NO. 95-Z-777, in the United States District Court for the District of Colorado. Venue for that case was transferred in 2002, after which the Court revised the caption.

2. On January 29, 2003, the Receivership Court entered an Order regarding certain issues underlying a claim of the United States of America for tax assessed against Indian Motorcycle Manufacturing, Inc. (IMMI) for its tax year ended September 30, 1999. That Order is published. See In re Receivership Estate of Indian Motorcycle Mfg. Inc., 289 B.R. 8 (D.Mass. 2003). On January 30, 2004, the Receivership Court entered a related Order determining that, as a result of the conclusions in its earlier order, the Receivership Estate owes income taxes for Indian Motorcycle Manufacturing, Inc. (IMMI) for its tax year ended September 30, 1999, of $1,065,270, plus $358,351.84 in interest through September 30, 2003 (plus interest thereafter), related to the income from the sale of the assets in February 1999. No final appealable Order on the tax claim has been entered and these rulings may be appealed by the Receiver in the future. The United States of America also has a claim for penalties that has not yet been resolved. In addition, the Receiver and its attorneys contend that the Receivership Estate owes approximately $1 million in other administrative expenses.

3. The Receivership Estate currently lacks cash or saleable assets to pay these asserted claims. As a result, it is likely that the Receiver will, in order to pay such administrative taxes and other administrative expenses, ultimately seek an order requiring that the beneficiaries of the Receivership Estate refund a portion of the money previously disbursed to them. Any such refunds will be in reverse order of the relative dignity of claims (i.e., unsecured pre-receivership creditors first and administrative creditors last).

4. The Receiver and the United States are currently in settlement negotiations, but no definitive agreement has been reached.

Dated this 28th day of April, 2004

Respectfully submitted,

Sterling Consulting Corporation, receiver,
By: Richard A. Block, President
Telephone: 303-781-4935
Email: rblock@sterlingcorp.com