IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 95-cv-00777-ZLW-OES

In re

THE RECEIVERSHIP ESTATE OF INDIAN
MOTORCYCLE MANUFACTURING, INC.,

---

### JOINDER IN AND SUPPLEMENT TO MICHAEL PAYNE'S OBJECTION TO MAGISTRATE JUDGE'S RECOMMENDATION THAT RECEIVER'S MOTION FOR RECONSIDERATION BE GRANTED

---

Edward Pacelli, pursuant to Fed. R. Civ. Pro. 72 and 28 U.S.C. § 636(b)(1) respectfully submits this Joinder to Michael Payne's Objection to Magistrate Judge's Recommendation that Receiver's Motion for Reconsideration Be Granted (the "Objection") filed on or about December 29, 2005. For his Joinder and Supplement, Mr. Pacelli states as follows:

1. Mr. Pacelli hereby joins in all of the arguments made in the Objection. The Objection is incorporated as fully stated herein. Capitalized terms used but not defined herein are as defined in the Objection.

2. In addition, Mr. Pacelli desires to supplement arguments made in the Objection to certain respects. Given the pace at which the motion proceeds, consideration of these supplemental points would be appropriate. These additional points highlight the fundamental errors in the Recommendation.

3. Mr. Pacelli was owed approximately $75,000 from the Receivership Estate. He has not been able to fully review his records, but he does not believe he received a 100% payout. Instead, to the best of his recollection, he received only approximately $50,000 worth of distributions. Pacelli Declaration ¶ 6. Apparently, the Receiver does not have reliable records of

8616\1\959468.1

the distributions actually made, but merely submitted a creditor list to a third party and relied upon the third party to make proper distributions. Pacelli Declaration ¶ 7.

4.     The Motion filed by the Receiver does treat all creditors equally. Although this fact is not made clear in the Motion at all, apparently, a $2 million creditor, Michael Mandelman, will not be pursued for restitution even though he received distributions and is, if anything, entitled to a lower priority than general unsecured creditors. Mr. Mandelman was a sponsor of IMMI and is implicated in fraudulent activity. This disparate treatment flies in the face of the right of Mr. Pacelli and other creditors to be treated equally. The Receiver's failure to provide a spreadsheet listing creditors, amounts paid, and amounts sought to be discharged, as requested in the Objection, has obscured this critical fact.

5.     Mr. Pacelli possesses and desires to present new information relevant to this proceeding. As discussed in the Motion and Objection, the present insolvency of the Receivership Estate arises from a tax liability it incurred in the Receivership's inability to pay it. The tax arose from recognized gain when the estate received and held shares of stock in IMCOA. The Receiver held these shares in the Receivership Estate while IMCOA shares declined in value. The Receiver's failure to liquidate the shares or otherwise reserve for the tax liability has left the Receivership Estate unable to pay the liability reflected in the Tax Settlement Agreement. As argued in the Objection, it is inequitable to foist the consequences of the Receiver's failure here on general unsecured creditors. General unsecured creditors, by definition, could not have benefited from the decision to hold IMCOA shares since they had already been paid in full. That left the question open: who did stand to benefit from the Receiver's decision to hold the IMCOA shares as they declined in value?

6.     As set forth in Mr. Pacelli's Declaration, the Receiver, Richard Block, admitted to Mr. Pacelli during a dinner meeting in the year 2000 that the Receiver's principal, Richard

Block, believed that he would become a millionaire personally from holding, appreciation, and eventual sale of IMCOA shares. Pacelli Declaration ¶ 8. This conversation confirms would had been previously suspected: the predicament the Receivership Estate now finds itself in was the decision of the Receiver on matters in which he held a personal financial interest. Now, through the Motion, the Receiver seeks to foist the consequences of this failed and irresponsible gamble onto general unsecured creditors, who never stood to benefit in the first place. This is fundamentally inequitable.

7.   In the Recommendation and the brief proceedings leading up to the Recommendation, the Magistrate Judge denied the parties an opportunity to develop a defense based upon the inequity of having creditors to pay the loss on the Receiver's gamble in this regard. Instead, the Magistrate Judge stated that the Receiver contested the tax liability in good faith. Mere good faith in objecting to the tax claim, however, does not resolve the question of fairness and the Receiver's self-interested failure to liquidate FMCOA shares and resolve for the disputed liability. The Magistrate Judge's blatant dismissal of this issue was erroneous.

WHEREFORE, Mr. Pacelli requests that the Objection be sustained and the recommendation be overruled; and that the Court grant such other relief as is just and equitable.

Respectfully submitted this 23rd day of January, 2006.

BROWNSTEIN HYATT & FARBER, P.C.

*/s/ Michael J. Pankow*
Michael J. Pankow, #21212
Daniel J. Garfield, #26054
410 17th Street, Suite 2200
Denver, CO 80202-4004
Phone: (303) 223-1100
Fax: (303) 223-1111
E-mail: mpankow@bhf-law.com
E-mail: dgarfield@bhf-law.com

ATTORNEYS FOR EDWARD PACELLI

## CERTIFICATE OF SERVICE

I hereby certify that on 23rd day of January, 2006, I electronically filed the foregoing **JOINDER OF EDWARD PACELLI TO MAGISTRATE IN MICHAEL PAYNE'S OBJECTION TO MAGISTRATE JUDGE'S RECOMMENDATION THAT RECEIVER'S MOTION FOR RECONSIDERATION BE GRANTED** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

| | |
|---|---|
| Steve D. Bell | Bell.steve@dorsey.com |
| Todd P. Blakely | tblakely@heridanroos.com |
| Philip Edward Blondin | Philip.Blondin@usdoj.gov |
| James R. Cage | jcage@cagewilliams.com |
| J. Eric Elliff | jelliff@mofo.com |
| James R. Evenson | jeverson@messner-reeves.com |
| Monica Anne Flanigan | Mflanigan@halefriesen.com |
| Allan L. Hale | HaleUSDC@halefriesen.com |
| Adam F. Hulbig | Adam.f.hulbig@usdoj.gov |
| Glen E. Keller, Jr. | Glen.Keller@dgslaw.com |
| Mollybeth R. Kocialski | Mollybeth.kocialski@firstdatacorp.com |
| Richard Kent Kornfield | rickkornfeld@rechtkornfeld.com |
| Lee M. Kutner | lmk@kutnerlaw.com |
| Robert A. Lees | ral@robertalees.com |
| Gary Lozow | glozow@ir-law-com |
| Steven J. Merker | Merker.steve@dorsey.com |
| Nancy Dee Miller | nmiller@kennedy-christopher.com |
| Stuart Harris Pack | spack@ir-law.com |
| Edward T. Ramey | Eramey@ir-law.com |
| Jennifer C. Robinson | jrobinson@raemplymentgroup.com |
| Donald Francis Slavin | dslavinpc@msn.com |
| Gregory C. Smith | gsmith@fwlaw.com |
| John ("Jack") Markham Tanner | jtanner@fwlaw.com |

and, I hereby certify that I have served on January 23, 2006 the foregoing **JOINDER OF EDWARD PACELLI TO MAGISTRATE IN MICHAEL PAYNE'S OBJECTION TO MAGISTRATE JUDGE'S RECOMMENDATION THAT RECEIVER'S MOTION FOR RECONSIDERATION BE GRANTED** on the following non-CM/ECF participants via U. S. Mail, first class, postage affixed thereto on the following non-participant's listed below:

| | |
|---|---|
| Eller Industries<br>c/o Leonard S. ("Lonnie") Labriola<br>6035 N. 115th Street<br>Longmont, CO 80504-8434 | Burt Bondy<br>1523 Coast Walk<br>La Jolla, CA 92037 |
| Daniel L. Dawes<br>Graham & James, LLP<br>650 Town Center Drive, 6th Flr.<br>Costa Mesa, CA 92626 | James Duberg<br>727 Third Avenue<br>Chula Vista, CA 91910-5803 |
| Ronald Garcia<br>2505 Madison, North East<br>Albuquerque, NM 87101 | Robert W. Hallock<br>202 S. Merrill St.<br>Park Ridge, IL 60068-4223 |
| R.J. Coresti<br>5316 Camino Montano, North East<br>Albuquerque, NM 87111 | Steve DeStout<br>#1 South Water Street<br>Henderson, NV 89105 |
| Ronald Fulfer<br>15315 S. Francis Dr.<br>Plainfield, IL 60544 | Albert R. Gazza<br>589 Manchester<br>East Glastonburty, CT 06025-0085 |
| Steve Halprin<br>1315 Penningtow Place<br>Concord, NC 28207 | Robert J. Daniel<br>9 Wagon Wheel Drive<br>Feeding, Hills, MA 01030 |
| John V. Del Gaudio, Jr<br>John V. Del Gaudio, Jr. & Associates<br>221 N. LaSalle St., #638<br>Chicago, IL 60601 | Carol Furier<br>2500 Military Trail<br>Boca Raton, FL 33431 |
| James R. Ghiselli<br>Ghiselli Law Offices, PC<br>8170 Kincross Drive<br>Boulder, CO 80302 | John Inelli<br>17 Old Farmstead Rd.<br>Chester, NJ 07930 |

| | |
|---|---|
| Alf Iseback<br>Gamla Tuveagen 4<br>Goteborg, Sweden 41705 | Morty B. Lempel<br>Morty B. Lempel, Esq.<br>55 Old Turnpike Road, #209<br>Nantuet, NY 10954-2450 |
| Michael Mandelman<br>c/o Peter D. Bilowz, Esq.<br>Goulston & Storrs, P.C.<br>400 Atlantic Avenue<br>Boston, MA 02110-3333 | Montgomery & Andrews, P.A.<br>325 Paso De Peralta<br>Santa Fe, NM 87501 |
| Jeffrey M. Perkins<br>Western Design Engineering, Inc.<br>808 Airport Road<br>Jackson, MI 49202 | Nicholas Russo<br>310 Extonville Road<br>Allentown, NJ 08501 |
| Hilm Sevimli<br>c/o Christopher C. Noble, Esq.<br>Nobel & Associates, LLC<br>11 Pine Street<br>Plainville, CT 06103 | Noreene C. Stehlik<br>US Department of Justice<br>DC Tax Division<br>PO Box 683<br>Ben Franklin Station<br>Washington, DC 20044 |
| Scott Kajiya<br>c/o Peter C. Freeman, Esq.<br>Law Offices of Peter C. Freeman<br>16485 Laguna Canyon Road, #230<br>Irvine, California 92618-3846 | James P. Lewis<br>2143 S. Brentwood Street<br>Lakewood, CO 80227 |
| Gerald C. Miller<br>U.S. Department of Justice<br>DC Tax Division<br>PO Box 683<br>Ben Franklin Station<br>Washington, DC 20044 | Robert Morrow, Jr.<br>401 North College Rd., #5<br>Lafayette, LA 70506 |
| Ed Pink Racing Engines, Inc.<br>14612 Raymer St.<br>Van Nuys, CA 91405 | Cassandra Gay Sasso<br>Baker & Hostetler-Colorado<br>303 E. 17th Ave., #1100<br>Denver, CO 80203 |

| | |
|---|---|
| Peter Sklarew<br>US Department of Justice<br>DC Tax Division<br>PO Box 55<br>Ben Franklin Station<br>Washington, DC 20044 | Doulgas William Swartz<br>Sheridan Ross P.C.<br>1560 Broadway, #1200<br>Denver, CO 80202 |
| Check Krowczyk<br>1853 S. Marshall Cir.<br>Lakewood, CO 80232 | Albert Lucci<br>1930 Wyoming Avenue<br>Ft. Pierce, FL 34982 |
| Miller Simon & Maier<br>c/o Mark S. Schmidt, Esq.<br>788 North Jefferson St.<br>Milwaukee, WI 53202 | Gary Clifford Moschetti<br>Hatch & Moschetti, LLC<br>1800 Glenarm Place- 9th Flr.<br>Denver, CO 80202 |
| Anthony Pugliese<br>2500 Military Trail<br>Boca Raton, FL 33431 | Donald Schunk<br>12572 Durrow Court<br>St. Louis, MO 53141 |
| Nancy B. Smith<br>Dorsey & Whitney, LLP-Colorado<br>370 – 17th Street, #4700<br>Denver, CO 80202-5647 | Douglas M. Tisdale<br>Tisdale & Associates LLC<br>1600 Broadway, #2600<br>Denver, CO 80202 |
| Triad Suspension Technologies, Inc.<br>c/o Lewis M. Druxman, Esq.<br>6715 Academy Rd. North East<br>Suite B<br>Albuquerque, NM 87109 | Kathryn L. Troccoli<br>1911 Champlain St.<br>Ottawa, IL 61350 |
| Richard Dale Wood<br>13997 80th Ave. North<br>Maple Grove, MN 55311 | |

Respectfully submitted,

*/s/ Vicki O'Brien*
Vicki O'Brien

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 95-cv-00777-ZLW-OES

In re

THE RECEIVERSHIP ESTATE OF INDIAN
MOTORCYCLE MANUFACTURING, INC.,

## DECLARATION OF EDWARD PACELLI

I, Edward Pacelli, hereby state and declare as follows:

1. I had been a general unsecured creditor of the Receivership Estate in the above-captioned matter. My address is 435 Berkshire Road, Ridgewood, New Jersey 07450. I have personal knowledge of the matter stated herein.

2. Over the holidays, I received correspondence from Sterling Consulting Corporation (the "Receiver") dated December 19, 2005. A true and correct copy of such correspondence is attached hereto as Exhibit A.

3. Prior to my receipt of Exhibit A, I was unaware of proceedings in this case to require general unsecured creditors to pay any portion of their distributions back to the Receiver. Although I have been told that a Motion seeking "restitution" was filed and served on creditors in late November 2005 and that Notice of a Hearing was later mailed to creditors, to the best of my knowledge, I never received copies of either the Motion or the Notice of Hearing. I was completely unaware of the pendency of said Motion, my right to respond thereto, my right to attend a hearing thereon, or the need to take any action to protect my rights in as much as I did not know that my rights were being challenged. Furthermore, I was unaware of any opportunity to object to the Recommendation described in Exhibit A, much less any deadline to do so.

4.      Promptly after becoming aware of these proceedings, I searched for counsel in Denver, Colorado and have only recently retained my present counsel, who is already active in this case.

5.      I desire to be heard in this matter. I believe that I have meritorious defenses to the relief requested by the Receiver. I do not believe that I have been afforded a fair opportunity (or any opportunity) to present them.

6.      I was a creditor of the Receivership Estate in the approximate amount of $75,000. (My records in this matter are not complete.) Per Exhibit A, the Receiver has taken the position that I received payment in full of the $75,000 and has calculated a demand for a return based on that assumption. To the best of my knowledge, however, I never received $75,000. Instead, to the best of my recollection, I only ever received approximately $50,000.

7.      After becoming aware of these proceedings, I contacted the Receiver to ascertain what evidence the Receiver possessed that I was paid $75,000. The Receiver informed that it did not have evidence or documentation substantiating that I received $75,000 or any amount. According to the Receiver, when distributions were made, the Receiver simply submitted a list of creditors and amounts to a third party, IMCOA, and relied on IMCOA to make payments. The Receiver simply assumed that the third party made the correct payments but did not obtain or retain any verification. I was able to ascertain these facts during a recent telephone conversation with Andrea Block, who is married to Richard Block and who is, I understand, an employee of Sterling Consulting Corporation, the legal entity that acts as receiver in this matter.

8.      In approximately 2000, when prospects for the Receivership Estate and the associated business appeared brighter, I had dinner with the Receiver's principal, Richard A. Block. At that dinner, Mr. Block informed me that he had made the decision to seek shares of IMCOA stock as part of consideration for sale of Receivership assets and that he was presently

holding such shares in the Receivership Estate. Mr. Block informed me that he believed that these shares could someday be worth in the millions of dollars and that he personally could become a millionaire or multimillionaire from eventual sale or disposition of the shares. The shares Mr. Block referred to in our dinner meeting are the same shares of stock that the Receiver now claims were valueless and the tax liability arising therefrom left the Receivership Estate administratively insolvent. Moreover, Mr. Block never discussed with me any contemplation that general unsecured creditors of the Receivership Estate would in any way benefit from his decision to seek and hold IMCOA shares. To the contrary, the clear implication of Mr. Block's comments was that parties other than general unsecured creditors would reap the benefit if and when IMCOA shares were sold for an acceptable price.

The forgoing Declaration is made under penalty of perjury this _21_ day of January 2006.

*Edward Pacelli*

Edward Pacelli



**STERLING CONSULTING CORPORATION**

4101 East Louisiana Avenue
Suite 300
Denver, Colorado 80246
Office: 303-781-4935
Fax: 303-781-4311
Email: rblock@sterlingcorp.com

December 19, 2005

Pacelli's Indian Motorcycles
Mr. Edward Pacelli
435 Berkshire Rd.
Ridgewood, NJ 07450

Re:   In re: *Receivership Estate of Indian Motorcycle*, 95CV00777, United States District Court
      for the District of Colorado

Dear Edward Pacelli:

In 1999, the Colorado District Court entered Orders that Instructed the receiver to distribute money to the general unsecured creditors of the Receivership Estate. Our records show that you received $75,000.00 at that time. In July of 2002, the Receivership Action was transferred to the Massachusetts District Court. In 2003, the Massachusetts District Court entered Tax Orders against the Receivership Estate whereby the Receivership Estate was determined to owe in excess of $1.5 million in taxes, which together with other taxes and interest could have been in excess of $3 million.

In September of 2005, the receiver settled with the government and agreed that the Receivership Estate would pay $1 million in taxes. This settlement included a carve-out of $333,000 from the $1 million for the payment of the administrative expenses of the Receivership Estate (which total more than $2 million). In order to pay these taxes, the receiver was compelled to ask the Court to Order general unsecured claimants, like you, to repay 24.35% of the amounts the receiver paid to you. On December 14, 2005, the Colorado District Court entered an Order and a Recommendation that provides for the repayment of that portion of the money you received. Please note that the Recommendation was entered by a Magistrate Judge and is not yet a binding Order.

When the Recommendation becomes binding, you will be required to repay $18,262.50. Under the Order, you may make your check payable to Sterling Consulting Corporation, as receiver and make sure it is delivered to the address on this letterhead no later than January 31, 2006, or there may be interest charged and a Judgment entered against you.

You should note that the Order that was entered enables you to repay the money prior to December 27, 2005 to take advantage of an early payment incentive program. Under the early payment incentive program, you may pay only 20%, or $15,000.00, instead of 24.35%, but your payment must be received by the receiver no later than December 27, 2005. Another benefit under the early payment incentive program is that you will receive a credit of 30% against additional collections (if they become necessary) in the event the receiver does not collect enough money to pay the taxes. At this point, the Recommendation has not yet been accepted as an Order by Senior Judge Weinshienk, so the receiver will hold the money until it is.

In addition to the early payment incentive program, the government has pointed out that you may possibly avail yourself of special tax deductions for making the payment, and if the payment is made before the end of the year, that deduction will probably be for the tax year 2005. In this regard, the government wrote the following in its Response to the receiver's Motion for Restitution:

> 3. Paragraph 45 of the motion states that "the Government has indicated that any Claimant who has taken the payments made by the receiver into income will have the ability to deduct the money restored to the Receivership Estate under 26 U.S.C. § 1341." The government's counsel gave his "opinion," during a status conference, that § 1341 would apply to any person who repays funds that were taken into income. But § 1341 is subject to various special rules set forth therein, and claimants should obtain their own tax advice. In addition, § 1341 is more than an ordinary tax deduction, because it permits a reduction in tax by the amount of the increased tax erroneously paid in a prior year. If a claimant did not take a prior distribution into income (because the effect of the distribution was the return of capital or the elimination of what would otherwise have been a reportable loss, for example), a claimant who makes restitution to the Receiver may be entitled to report the restitution amount as a loss in the year the restitution is made. The character of the loss may depend upon the claimant's particular facts and circumstances. Again, claimants should seek their own professional tax advice, as nothing in the Receiver's motion or this statement binds the government with respect to a future tax consequence.

You should check the status of the case at www.sterlingcorp.com. The Recommendation, the Order, a copy of the tax statute that enables deductions this year (26 U.S.C. § 1341), and some other documents, may be found at the same web site under recent events (http://www.sterlingcorp.com/Indian%20Motorcycle/recentevents/). If you have any questions, you may call the receiver on a special telephone line setup for this purpose (there is no voice mail), or you may email the receiver. An email is the best way to get answers to your question.

Very truly yours,

*Rich Block*

Richard A. Block

**EXHIBIT A**