IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Zita L. Weinshienk
Magistrate Judge O. Edward Schlatter

Civil Action No. 95-Z-777

ELLER INDUSTRIES, INC.

Plaintiff,

v.

INDIAN MOTORCYCLE MANUFACTURING, INC., a New Mexico corporation

Defendant.

FILED
UNITED STATES DISTRICT C(..)
DENVER, COLORADO

AUG - 4 1997

JAMES R. MANSPEAKER
CLERK

## ORDER REGARDING RECEIVERSHIP AS REGISTRY OF COURT

This matter comes before the Court on the Motion for Leave to Deposit Certain Stock Certificates with the Court, filed June 9, 1997, by Michael D. Mandelman. For the reasons set forth below, the Motion is denied, and Mr. Mandelman is ordered to deliver the certificates to the receiver forthwith.

In October, 1995, the receiver on the one hand, and Mr. Mandelman and related entities on the other hand, entered into a letter agreement which in part called for the transfer of all of the stock of certain companies to the receiver. One of those companies is Indian Motocycle Company, Inc. Mr. Mandelman delivered all of the stock in all of those companies, but there was a technical defect on the face of some of the stock certificates. On September 30, 1996, the receiver sent Mr. Mandelman a set of certificates and related

documents to execute (the "Replacement Certificates") in order to correct the original transfer of ownership in those companies. Mr. Mandelman had not executed the Replacement Certificates as of February, 1997. As part of an interim resolution of disputes between Mr. Mandelman and the receiver in February, 1997, Mr. Mandelman agreed again to execute and deliver the Replacement Certificates to the receiver.

The Replacement Certificates still had not been executed as of May 19, 1997. In a settlement conference on that date between these parties, Mr. Mandelman reported that he could not find them. This Court therefore ordered Mr. Mandelman to sign the Replacement Certificates which had previously been delivered to him by the receiver, or to prepare and sign new Replacement Certificates, no later than June 9, 1997. On June 9, 1997, Mr. Mandelman, through his Colorado counsel, filed his Motion. Therein Mr. Mandelman states that he has signed the Replacement Certificates, and requests permission to deliver them to the Court, instead of the receiver, because "there exists a legitimate dispute as to whether Mr. Mandelman should be forced to disgorge this stock without a concomitant turn-over of stock from the receiver pursuant to a previous Court Order." (Motion, paragraph 7.)

Mr. Mandelman's Motion evidences a fundamental misunderstanding of the nature of a receiver. In an equitable receivership proceeding such as this, the receiver acts as an officer of the Court, and holds assets of the receivership in that capacity. *See Atlantic Trust Co. v. Chatman*, 208 U.S. 360, 372 (1908) (receiver is officer of court, and property in his hands is *in custodia legis*); *Brunswick Corp. v. J & P Inc.*, 424 F.2d 100, 103 (10th Cir. 1970) (funds

2

*in custodia legis* are the same as if actual possession is with an officer of the court); *In re Real Estate Mortgage Guaranty Co.*, 55 F. Supp. 749 (E.D. Pa. 1944) (possession of receiver is possession of court; court itself holds and administers estate, through receiver as its officer). *See also* R. Clark, *Clark on Receivers* § 36 (1959) (receiver is an arm or administering hand of the court); § 332 (effect of appointment of receiver is to put property in custody of court).

In short, the receiver is the registry of the court. The receiver holds all property for the ultimate use and benefit of the receivership estate, subject to the exclusive jurisdiction and control of this Court. The Motion seeks to create an artificial distinction between the Court and receiver when, for purposes of the custody and disposition of the property in question, none exists.

It is therefore ordered that the Motion is denied. Mr. Mandelman shall deliver the Replacement Certificates to the receiver forthwith, who shall hold them in his capacity as an officer of the Court for the use and benefit of the receivership estate.

Dated this ____ day of August, 1997.

BY THE COURT:

By: _____
~~Zita L. Weinshienk, Judge~~
O. Edward Schlatter, Magistrate Judge
United States District Court