IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita L. Weinshienk

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2002 JUL 19 PM 1:42

JAMES R. HANSPEAKER
CLERK

BY_____DEP. CLK

Civil Action No. 95-Z-777 (OES)

In re: Receivership Estate of INDIAN MOTORCYCLE
MANUFACTURING, INC., a New Mexico corporation,

and concerning

UNITED STATES OF AMERICA,

Intervenor.

---

### ORDER OF TRANSFER TO THE DISTRICT OF MASSACHUSETTS

---

This matter is before the Court on the Court's own motion for consideration of a transfer to another district court under 28 U.S.C. § 1404(a), which provides that a district court may transfer any civil action to any other district where it might have been brought if the court determines that such a transfer would be "(f)or the convenience of parties . . ." and "in the interest of justice."

This case is a receivership proceeding that has been active in this Court since 1995. The proceeding has been complex, time-consuming, and at times frustrating. Bankruptcy proceedings related to this receivership were filed in 1993 and 1994, and are presently pending before United States Bankruptcy Judge Henry J. Boroff in the District of Massachusetts (Case Nos. 93-41954-HJB; 93-41955-HJB; 94-42288-HJB). Over one million dollars is currently being held in escrow by the Bankruptcy Court pending resolution of tax issues.

A receiver was appointed by this Court in 1995, and was extraordinarily successful in marshaling the assets of the historical Indian Motorcycle Company, particularly in consolidating the ownership of the various Indian trademarks into one entity. The success of this receivership was reflected in the eventual sale of those assets for almost $20,000,000, a sum that allowed the receiver to reimburse all of the creditors of the receivership and bankruptcy estates at almost 100 percent of the amounts owed. The receiver was diligent in the performance of its duties, and performed at all times in an ethical manner. Throughout the receivership, the receiver worked closely with this Court, and with United States Magistrate Judge O. Edward Schlatter, who has done a yeoman job of managing, guiding, and ruling in this complex case. This Court sincerely regrets that it must, in the best interest of all the parties and in the interest of justice, transfer this case to another jurisdiction for its final resolution.

The vast majority of the proceedings in both the bankruptcy and receivership estates have been completed. Remaining are those issues that relate primarily to disputes over the assessments made by the Internal Revenue Service with regard to taxes. However, the disputes with regard to tax issues have taken a back seat to disagreements between the parties over which court has the jurisdiction to rule on the remaining issues, the Colorado District Court or the Massachusetts Bankruptcy Court. Enormous time and energy has been expended by counsel, and necessarily by both courts, in addressing these jurisdictional disputes.

Jurisdictional disputes have also given rise to a number of mis-communications and conflicting rulings between the two courts. As a result, the three judges in both of the courts, Magistrate Judge Schlatter, Bankruptcy Judge Boroff, and myself, have become aware that

the most appropriate means for avoiding future mis-communications and inconsistent rulings is to transfer all remaining matters into a single forum.

This Order Of Transfer To The District Of Massachusetts is being made in response to a statement made by Judge Boroff to all counsel in a status conference that he conducted on July 15, 2002. Judge Boroff informed the lawyers that if the District of Colorado transferred its case to the District of Massachusetts, then he would submit a recommendation to the Massachusetts District Court that it withdraw the standing order of reference as to his cases. The goal of the transfer is to achieve a consolidation in one forum of all remaining issues in the receivership and bankruptcy cases, thereby resolving the unfortunate jurisdictional disputes which have adversely affected the expedient resolution of this case. Accordingly, I find that the interests of the parties and the interests of justice would be best served in this case by a transfer from the District of Colorado to the District of Massachusetts. This Court strongly believes that such a transfer will operate in the interests of judicial economy, and in the best interests of all involved.

Counsel for the receiver has asked that this Court, in transferring its case, recommend that the Clerk for the District of Massachusetts assign this case to a district court judge who sits in the City of Boston. The receiver states that travel arrangements from Colorado to cities other than Boston are very difficult, causing increased delay and expense. That request for recommendation will be granted.

The receiver also requests this Court to enter an order that provides to the receiver some funding for administrative expenses and legal fees. This Court has never expected the receiver and his counsel to perform without compensation. However, because the case is being transferred to another jurisdiction, the receiver's request properly should be considered

by the transferee court. This Court will recommend, however, that the District Court for the District of Massachusetts consider the receiver's request for funding at the earliest opportunity.

For all of the above reasons, and because this Court finds that the interests of justice will be best served by the transfer of this action to the District of Massachusetts, it is

ORDERED that pursuant to the provisions of 28 U.S.C. § 1404(a), this case is transferred to the United States District Court for the District of Massachusetts. It is

FURTHER ORDERED that the Clerk of this Court shall transfer the case file herein to the Clerk for the United States District Court for the District of Massachusetts. It is

RECOMMENDED that the Clerk for the District of Massachusetts assign this case to a district judge who sits in the City of Boston. It is

FURTHER RECOMMENDED that the district judge to whom this case is assigned consider, at the earliest opportunity, a request from the receiver for funding for administrative expenses and legal fees.

DATED at Denver, Colorado, this 19 day of July, 2002.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

Civil Action No. 95-Z-777
Certificate of Service
Page Two

EDWARD T RAMEY ESQ
ISAACSON ROSENBAUM WOODS &
LEVY P C
633 17TH STREET SUITE 2200
DENVER CO 80202

MICHAEL MANDELMAN
3111 WEST WISCONSIN AVENUE
MILWAUKEE WISCONSIN 53208

HILMI SEVIMLI
C/O CHRISTOPHER C NOBLE ESQ
11 PINE ST
PLAINVILLE CONN 06062-2001

GARY MOSCHETTI ESQ
HATCH & MOSCHETTI
1800 GLENARM PLACE 9TH FLOOR
DENVER CO 80203-1264

DAVID J STEPHENSON JR ESQ
HISTORIC HIGHLAND BUILDING
885 ARAPAHOE AVENUE
BOULDER CO 80302

KRISTEN TAYLOR-RANDALL ESQ
MORRISON & FOERSTER
425 MARKET STREET
SAN FRANCISCO CA 94105-2482

J ERIC ELLIFF ESQ
MORRISON & FOERSTER LLP
370 17TH ST STE 3550
DENVER CO 80203

ALLAN L HALE ESQ
MONICA A FLANIGAN ESQ
HALE HACKSTAFF TYMKOVICH
  ERKENBRACK & SHIH LLP
1675 BROADWAY STE 2000
DENVER CO 80202

PETER C FREEMAN ESQ
16485 LAGUNA CANYON RD
STE 230
IRVINE CA 92618-3846

GERALD C MILLER
US DEPT OF JUSTICE
PO BOX 683
BEN FRANKLIN STATION
WASHINGTON DC 20044-0683

KEVIN D EVANS ESQ
ANDREW D SHOEMAKER ESQ
HOGAN & HARTSON LLP
1200 17TH ST STE 1500
DENVER CO 80202

PETER SKLAREW
ASSISTANT CHIEF
CIVIL TRIAL SECTION
NORTHERN REGION
US DEPT OF JUSTICE TAX DIVISION
ROOM 7804
555 FOURTH ST NW
WASHINGTON DC 20001

BANKRUPTCY JUDGE HENRY J BOROFF
211 HAROLD D DONOHUE FEDERAL
BUILDING AND U S COURTHOUSE
595 MAIN STREET
WORCHESTER MA 01608-2076

NOREENE C STEHLIK
TRIAL ATTORNEY TAX DIVISION
U S DEPARTMENT OF JUSTICE
P O BOX 683
BEN FRANKLIN STATION
WASHINGTON DC 20044

PAUL D MOORE ESQ
DUANE MORRIS LLP
470 ATLANTIC AVENUE STE 500
BOSTON MA 02110

## CERTIFICATE OF SERVICE

Civil Action No. 95-Z-777 (OES)

The undersigned certifies that a copy of the foregoing was served on _July 19_, 2002, by:

( ✓ ) delivery to:

MAGISTRATE JUDGE O EDWARD SCHLATTER

MAGISTRATE JUDGE BOYD N BOLAND

BRAD W SCHACHT ESQ
OTTEN JOHNSON ROBINSON
  NEFF & RAGONETTI PC
**DC BOX 10**

BRUCE A MENK ESQ
JAMES W BRITT ESQ
HALL & EVANS LLC
**DC BOX 05**

PETER R. NADEL ESQ
GORSUCH KIRGIS, L.L.P.
**DC BOX 04**

RUSSELL O STEWARD ESQ
CHRISTOPHER C ONSAGER ESQ
FAEGRE & BENSON LLP
**DC BOX 21**

CASSANDRA SASSO ESQ
DOUGLAS M TISDALE ESQ
BAKER & HOSTETLER LLP
**DC BOX 17**

courtesy copies to:

 WILLIAM G PHARO
ASSISTANT U S ATTORNEY
DENVER CO

GLEN E KELLER JR ESQ
ANTHONY J SHAHEEN ESQ
SONALY A KIRKLEY ESQ
DAVIS GRAHAM & STUBBS LLP
**DC BOX 03**

KENNETH B SIEGEL ESQ
SHERMAN & HOWARD
**DC BOX 12**

( ✓ ) depositing the same in the United States Mail, postage prepaid, addressed to:

JOHN M TANNER ESQ
FAIRFIELD AND WOODS P C
WELLS FARGO CENTER
1700 LINCOLN STREET STE 2400
DENVER CO 80203-4524

LEE M KUTNER ESQ
THOMAS C KEARNS ESQ
KUTNER MILLER KEARNS P C
303 EAST 17TH AVENUE SUITE 500
DENVER CO 80203

TODD BLAKELY ESQ
GEORGE MATAVA ESQ
SHERIDAN ROSS PC
THE DENVER POST TOWER
1560 BROADWAY
SUITE 1200
DENVER CO 80202

STERLING CONSULTING CORPORATION
C/O RICHARD A BLOCK
REGISTERED AGENT
91 EAST DARTMOUTH AVENUE
ENGLEWOOD CO 80110

Certificate of Service
Civil Action No. 95-Z-777
Page Three


DANIEL N DAWES ESQ
MYERS DAWES & ANDRAS LLP
19900 MacARTHUR BLVD STE 1150
IRVIN CA 92612

RAKESH PATEL
1440 RAIL HEAD BLVD #7
NAPLES, FL 34110-8442

MARCUS L SQUARRELL ESQ
IRIZARRY MCCALL & SQUARRELL PC
1700 LINCOLN ST STE 4704
DENVER CO 80203

MARK E BIDDISON ESQ
STEVENS LITTMAN BIDDISON LLC
250 ARAPAHOE STE 301
BOULDER CO 80302

ROBERT W HALLOCK ESQ
202 SOUTH MERRILL STREET
PARK RIDGE IL 60068-4223

ALBERT LUCCI
1930 WYOMING AVENUE
FORT PIERCE FL 34982


JAMES R. MANSPEAKER, Clerk

By *Jeanette Ballardo*
Deputy Clerk