UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

**Civil Action No. 95-cv-00777-REB-CBS**

In re:

Receivership Estate of INDIAN MOTORCYCLE MANUFACTURING, INC.,
a New Mexico Corporation

_____

**UNITED STATES' RESPONSE TO
RECEIVER'S REQUEST FOR STATUS CONFERENCE**
_____

The United States, an administrative claimant for whose benefit much of the Receiver's current efforts are directed, does not oppose the Receiver's request for a status conference, but responds because it does not agree with all of the statements of law in the Receiver's request, and some of the potential to impact the government's interests.

1. The United States generally agrees that a Receiver is a special kind of court officer and not simply in the sense that any attorney is and "officer of the court."  But a receiver is not like a law clerk or a special master.  A receiver has no adjudicatory functions and a corporate receiver, in particular, should not be given any.

2. The United States does not believe that the Court at the last conference erred in stating that, as regards litigation in which the Receiver is involved, it should be treated like any other party to litigation.  In this regard, the United States believes that the Receiver *is* a party to the receivership action when it makes motions against other parties.  It is true that historically receivers have filed ancillary complaints under the cause number of a receivership action.  When it does so, it is a party.  When it seeks relief by motion, it is similarly a party to that motion and to all further proceedings held in respect to that motion.  As a litigating party, the Receiver is not entitled to any special treatment, and *ex parte* communications with the Court are appropriately avoided.

The United States believes that at times past in this action, some of the communications between the Receiver and the Court with respect to pending or planned litigation may have ventured beyond what was advisable.  Because a receiver is a special kind of court officer, it is doubly important for the Court to maintain strict neutrality, as well as the *appearance* of strict neutrality, when it comes to litigation between a receiver and any other parties or claimants.

2.  The United States does not believe any parties would have reason to object to communications between the Receiver and court personnel restricted to routine, non-controversial administrative matters such as scheduling, notice, mailings, and the like.

3.  The United States disagrees that the tax settlement agreement's provision governing Receiver's Reports in any way prevents the Receiver from filing such reports, pragmatically or otherwise.  The provision in the settlement agreement reflects that, in the past, the Receiver and the United States became embroiled in unnecessary and unproductive litigation because of certain uses the Receiver made of the reports that the government considered inappropriate and because of the Receiver's position that the court's approval those reports converted all their facts into findings of fact by the Court.  The provision thus bars the Receiver only from using the reports to attempt to obtain declaratory judgments, or to denigrate the stances of its adversaries.  Beyond those restrictions, the Receiver remains free to report on the status of litigation, as well as the status of the estate's finances.

4.  The United States agrees that a receiver's possession of receivership estate property is the possession of the Court, acting through its receiver; but the United States maintains that Magistrate Judge Schlatter erred in stating, as quoted by the Receiver, that the "receiver is the registry of the court."[1]

---

[1] The issue is largely academic, although it did become an issue when an order of the Massachusetts bankruptcy court that had allowed a distribution by the Trustee to the Receiver was reversed on appeal and the bankruptcy court, on remand, ordered the Receiver to return the

5. Assuming we are not misunderstanding the thrust of another of the Receiver's points, the United States has no quarrel with the Receiver's suggestion that Mr. Block should be permitted to address the Court during hearings if the Court makes an inquiry that Mr. Block is more familiar with than Mr. Tanner.

6. As for the Receiver's claim that the Court "is bound to see that [a receiver] is paid," that issue is academic because the tax settlement agreement resolves the prior dispute between the Receiver and the government regarding the priority of administrative taxes vis-a-vis receiver's expenses, and also accounts for future, as well as unpaid past, compensation by agreeing to have the Receiver seek to collect, through restitution from claimants, slightly less than the principal amount of the tax (*i.e.*, without interest) and then assigns 37% of the amount collected to the Receiver and its counsel for combined compensation and expenses (except that the Receiver may claim attorney's fees directly from persons who fail to comply with a restitution order and may claim additional expenses if it recovers money from other sources).  Limiting the gross amount of combined restitution to slightly less than the principal tax amount assures that no claimants will ultimately be left with less than what they would have received if their allocable shares of the administrative tax liability had been reserved from their distributions in 1999.[2]

7. The United States completely disagrees with the Receiver's statement (paragraph 32) that, by consolidating cases, the "law of the case" in the receivership action becomes the law of the

---

money to the Trustee.  The bankruptcy court ruled that the Receiver could not claim inability to comply on the theory that the funds were in the registry of this Court when in fact they were in a bank account over which the Receiver had signature authority.  That ruling was affirmed on appeal by the Massachusetts District Court.  But the issue is unlikely to arise again in this case.

[2] The government disagrees with the statement in footnote 4, in which the Receiver suggests that the Massachusetts District Court "disregarded" its request for compensation.  There was no source from which to pay receiver's compensation without violating the property rights of the bankruptcy estates, which had been ruled to be the owner of the only money left.  That was the only reason that the Receiver's compensation claims were not granted.

case in the other action, or vice versa.  The United States points this out because it believes it is probably appropriate to grant consolidation and does not want the Court to assume that by doing so it will be rendering the parties to the other cases retroactively bound by all past rulings in this case over the last 10 years.  The United States is uncertain what the Receiver means by "substantive consolidation" in this context but, to the extent it does have an understanding, it believes that "substantive consolidation" is not applicable and/or not appropriate.  In bankruptcy cases, substantive consolidation is ordered when two separate corporate debtors, or husband and wife debtors, have the assets and liabilities combined into a single estate in which the pool of assets becomes equally liable to the claims of creditors of each debtor.  That concept has no application here, where no additional entities are being pulled into the *receivership estate*.  All that is at issue in the motions to consolidate, in the government's view, is whether the relationship between the cases is such that it is appropriate to administer the cases together.

In that regard, the United States agrees that it probably would have been appropriate to treat both complaints (what the Receiver calls the "05 action" and the "06 action") as ancillary complaints, since they seek to recover funds that would become part of the receivership estate if recovered.  The Receiver states that it filed new actions under separate cause numbers only because the ECF system could not accept an ancillary complaint under a cause that already existed. In that connection, the United States agrees that it would be appropriate to treat the actions as ancillary matters to the receivership action and that consolidation is appropriate for that reason alone (as well as others).  There is no need to cause confusion by labeling the consolidation "substantive," and no basis for holding that consolidation would render parties to the 05 and/or 06 actions bound by all prior orders in the receivership action.

8. The United States similarly maintains that consolidation will not necessarily bind parties in one action to *future* orders in the other action.  Consolidation of separate civil actions is

primarily for the administrative convenience of the court and the parties, and to serve judicial economy. It does not necessarily meld the cases into one, and to the extent the Court has that power, it should not direct that kind of consolidation here. That is, the United States has not moved to intervene in the 05 or 06 action and, unless it does, does not wish to be considered a party in those cases. The United States does not believe consolidation has that effect.

Dated this 15th day of February, 2006.

        Respectfully submitted,

        WILLIAM J. LEONE
        Acting United States Attorney
        District of Colorado

        /s Adam F. Hulbig
        ADAM F. HULBIG
        Trial Attorney, Tax Division
        U.S. Department of Justice
        P.O. Box 683
        Washington, D.C.  20044
        Telephone: (202) 514-6061
        Facsimile: (202) 307-0054
        Email: adam.f.hulbig@usdoj.gov
            western.taxcivil@usdoj.gov

**CERTIFICATE OF SERVICE**

        IT IS HEREBY CERTIFIED that on this  15th   day of February, 2006, I caused the foregoing **United States' Response to Receiver's Request for Status Conference** to be filed electronically using the CM/ECF system, which will serve all counsel registered for service by that means.

        /s Adam F. Hulbig
        ADAM F. HULBIG
        Trial Attorney, Tax Division
        U.S. Department of Justice
        P.O. Box 683
        Washington, D.C.  20044