IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 95-CV-00777-REB-CBS

In re

THE RECEIVERSHIP ESTATE OF INDIAN
MOTORCYCLE MANUFACTURING, INC.,

**STATUS REPORT BY MICHAEL PAYNE**

Michael Payne respectfully submits this Status Report, pursuant to the Magistrate Judge's Order of January 30, 2006.

**Pending Matter Related to Receivership**

The only known pending contested matter in this case is the Motion to Reconsider Orders, Amend Orders, and Order Restitution with Incorporated Legal Authority filed November 18, 2005 by the Receiver, in which the Receiver seeks disgorgement of previous Court-approved payments to creditors (the "Disgorgement Motion"). The matter is before Judge Blackburn on a recommendation from Magistrate Judge Schlatter, and Mr. Payne's Objection thereto. The outcome of the Disgorgement Motion will materially impact remaining proceedings. Among other things, in his Objection, Mr. Payne seeks, *inter alia,* the right to conduct discovery on such motion, but no discovery is pending at this time.

**Potential or Anticipated Contested Matters Initiated by Mr. Payne**

As counsel for Mr. Payne stated at the status conference, he had been considering filing and prosecuting motions seeking any or all of the following relief:

a. Removal of the Receiver;

b. Recourse against the Receiver's bond, if any;

c. Surcharge against the Receiver's compensation in this case.

Since the Status Conference, Mr. Payne has authorized counsel to commence preparation of such motions. Mr. Payne recognizes that such motions raise serious matters, not to be raised lightly. It must also be recognized that things have gone seriously wrong in this receivership estate. Mr. Payne remains mystified how this estate could end up with an unfunded tax liability, especially of the magnitude here. The Receiver's present adversarial posture against the claimants it purports to represent and to which it owes unquestionable fiduciary duties raises further questions. Indeed, it appears that the Receiver's principal had a personal interest in the salient transactions in the first place.

Several factors have counseled against the premature filing of such motions. <u>First</u>, Mr. Payne's economic stake in the matter is unclear. He has been paid in full and has an economic stake only to the extent he is required to disgorge prior Court-approved payments. <u>Second</u>, such relief may involve serious cost. Mr. Payne has been understandably and rationally hesitant to bear all of the cost of such a proceeding when other parties may benefit as well. <u>Third</u>, Mr. Payne believes that there is factual overlap between his defenses to the pending Disgorgement Motion and the contemplated additional matters he may bring, and corresponding efficiencies if the issues on the Disgorgement Motion are better defined. <u>Fourth</u>, having received Court-approved "final" payment six years ago, neither Mr. Payne nor other claimants has had reason to incur what would have been substantial legal costs in monitoring this proceeding, and new counsel has needed time to familiarize himself with the matter and the parties in this case.

Mr. Payne's decision to commence preparation of such motions at this time reflects consideration of the preference expressed by the Magistrate Judge at the status conference that contested matters be brought forth without substantial further delay. The motions will more likely than not be filed in the next few weeks.

**Discovery Matters**

Mr. Payne is not party to any pending discovery disputes. Mr. Payne would seek to conduct discovery on the removal/surcharge/bond motions if and when they are brought, as well as on the Disgorgement Motion, if permitted. Topics for discovery include:

a. Recap of receipts and distributions from the receivership estate;

b. Spreadsheet showing what is sought by the Receiver against each claimant or other party;

c. Assets presently in the receivership estate;

d. Prior payments to the Receiver for compensation or otherwise;

e. Prior payments to Receiver's counsel and tax advisors, including bonuses previously paid;

f. The reason(s) the Receiver failed to convert stock in Indian Motorcycle Manufacturing, Inc., into cash, instead of holding such stock as it became valueless;

g. The reason(s) the Receiver failed to reserve for the tax liability at issue;

h. The personal interest of the Receiver or its principals in the transactions giving rise to the unfunded tax liability of this receivership estate;

i. The Receiver's conduct in negotiating the prior settlement with the Internal Revenue Service, including the Side Agreement with the Receiver in its individual capacity and the Receiver's law firm as signatories.

Mr. Payne would seek document production, propound interrogatories, and take the deposition of the Receiver, and possibly other individuals.

**Other Matters**

*The Receiver's Basic Disclosures*

Note that several of the topics described above for potential discovery relate to extremely basic facts about this receivership and the Receiver's fiduciary actions with respect thereto. Disclosure of such facts would likely benefit parties in addition to Mr. Payne. Thus, resort to the discovery rules to obtain such disclosures or summaries should be unnecessary and minimize the benefits thereof. For instance, the Receiver has repeatedly mentioned present unpaid fees. Parties and the Court should have the opportunity to compare that to fees actually paid to the Receiver in the past. (Mr. Payne believes that the Receiver once received $400,000 in bonus alone, on top of other compensation well in excess of a million dollars.)

Mr. Payne has also complained repeatedly about the failure to set forth in a transparent manner the parties from whom the Receiver seeks disgorgement, and in what amounts, or a basic accounting as to how such figures were reached. This impacts the pending Disgorgement Motion, but it also impacts all other proceedings in this case.

To be sure, some (not all) of the basic information requested may be buried in other data in the Court docket or on the Receiver's website. But the complexity of the proceedings (over 2000 docket entries), along with the Receiver's opacity in describing past and present transactions, make such data difficult to sift through and impossible to rely upon for significant financial decisions. The Receiver and the IRS have recently briefed the Court regarding the status of a receiver. Whatever the fine points of the analysis each proposes, it is beyond doubt that a receiver is a fiduciary, and meaningful and usable disclosure is a basic fiduciary duty.

The impact on this case is real. Claimants are genuinely confused about this matter. Claimants have been left in the dark, unable to coordinate a defense or course of action because

they do not understand each others' stake in the matters.  In a normal receivership case, such coordination may not be necessary because the receiver is appointed to protect claimants' interests.  Here, however, the Receiver has quite literally turned on the claimants, and is unambiguously adversarial.

At or before the next status conference, Mr. Payne requests that the Receiver provide summaries of (a) assets now in the estate; (b) sums previously paid to the Receiver and counsel, including any bonuses; (c) the status and amount of the Receiver's bond, if any; (d) in spreadsheet form, precisely (i) what amounts are being sought against what claimants, and (ii) which parties were excluded from the Disgorgement Motion; (e) calculations demonstrating how the percentage sought was determined; and (f) the estate's anticipated cash needs going forward.

### *The Receiver's Allegation of Conflict of Interest and Potential Contested Proceedings Arising Therefrom*

Counsel is filing this Status Report on behalf of Mr. Payne only.  Last month, undersigned counsel also filed papers on behalf of another receivership claimant against whom the Receiver seeks disgorgement, Ed Pacelli.  On February 8, 2006, Receiver's counsel sent the undersigned a letter "pursuant to Colorado Rule of Professional Responsibility 4.5(b)" stating that, based upon the undersigned's "statements to the Court as the status conference on January 30, 2006," there exists a conflict of interest between Messrs. Payne and Pacelli "that cannot be waived."  A copy of the letter is attached.  Counsel for the Receiver concludes the letter by stating that "I will give you a reasonable time to take action."  This, the undersigned believes, constitutes a statement of the Receiver's intent to bring a motion to disqualify the undersigned.

The undersigned disagrees with the both the Receiver's assertions regarding the allegedly "unwaivable" conflict and further disputes the Receiver's standing to bring a tactical motion to disqualify.  Nevertheless, such motions are expensive, time-consuming and counterproductive.

To avoid such a dispute, if it can be avoided, the undersigned has contacted potential replacement counsel.   If replacement counsel can be engaged, the potential disqualification motion would be moot.  If such counsel cannot be engaged, another contested matter may before the Court.

The matter may also come before the Court if other creditors coordinate in such a fashion that joint representation by one counsel is deemed to create efficiencies or advantages that would be lost with separate counsel.  One additional creditor, with exposure of $20,000, does not justify fighting over the issue unless there is no choice.  But claimants should be not subject to a "divide and conquer" strategy from a fiduciary appointed by the Court (and paid handsomely) to protect their interests.

Dated this 21st day of February, 2006.

**BROWNSTEIN HYATT & FARBER, P.C.**

/s/ Michael J. Pankow
Michael J. Pankow, #21212
Daniel J. Garfield, #26054
410 17th Street, Suite 2200
Denver, CO  80202-4004
Phone:  (303) 223-1100
Fax:  (303) 223-1111
E-mail: mpankow@bhf-law.com
E-mail:  dgarfield@bhf-law.com

ATTORNEYS FOR MICHAEL PAYNE

# CERTIFICATE OF SERVICE

I hereby certify that on 21st of February, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

| | |
|---|---|
| Steve D. Bell | Bell.steve@dorsey.com |
| Todd P. Blakely | tblakely@heridanroos.com |
| Philip Edward Blondin | Philip.Blondin@usdoj.gov |
| James R. Cage | jcage@cagewilliams.com |
| J. Eric Elliff | jelliff@mofo.com |
| James R. Evenson | jeverson@messner-reeves.com |
| Monica Anne Flanigan | Mflanigan@halefriesen.com |
| Allan L. Hale | HaleUSDC@halefriesen.com |
| Adam F. Hulbig | Adam.f.hulbig@usdoj.gov |
| Glen E. Keller, Jr. | Glen.Keller@dgslaw.com |
| Mollybeth R. Kocialski | Mollybeth.kocialski@firstdatacorp.com |
| Richard Kent Kornfield | rickkornfeld@rechtkornfeld.com |
| Lee M. Kutner | lmk@kutnerlaw.com |
| Robert A. Lees | ral@robertalees.com |
| Gary Lozow | glozow@ir-law-com |
| Steven J. Merker | Merker.steve@dorsey.com |
| Nancy Dee Miller | nmiller@kennedy-christopher.com |
| Stuart Harris Pack | spack@ir-law.com |
| Edward T. Ramey | Eramey@ir-law.com |
| Jennifer C. Robinson | jrobinson@raemplymentgroup.com |
| Donald Francis Slavin | dslavinpc@msn.com |
| Gregory C. Smith | gsmith@fwlaw.com |
| John ("Jack") Markham Tanner | jtanner@fwlaw.com |

and, I hereby certify that I have served on February 21, 2006 the foregoing on the following non-CM/ECF participants via U. S. Mail, first class, postage affixed thereto on the following non-participant's listed below:

| | |
|---|---|
| Eller Industries<br>c/o Leonard S. ("Lonnie") Labriola<br>6035 N. 115th Street<br>Longmont, CO 80504-8434 | Burt Bondy<br>1523 Coast Walk<br>La Jolla, CA 92037 |
| Daniel L. Dawes<br>Graham & James, LLP<br>650 Town Center Drive, 6th Flr.<br>Costa Mesa, CA 92626 | James Duberg<br>727 Third Avenue<br>Chula Vista, CA 91910-5803 |
| Ronald Garcia<br>2505 Madison, North East<br>Albuquerque, NM 87101 | Robert W. Hallock<br>202 S. Merrill St.<br>Park Ridge, IL 60068-4223 |
| R.J. Coresti<br>5316 Camino Montano, North East<br>Albuquerque, NM  87111 | Steve DeStout<br>#1 South Water Street<br>Henderson, NV 89105 |
| Ronald Fulfer<br>15315 S. Francis Dr.<br>Plainfield, IL 60544 | Albert R. Gazza<br>589 Manchester<br>East Glastonburty, CT 06025-0085 |
| Steve Halprin<br>1315 Penningtow Place<br>Concord, NC 28207 | Robert J. Daniel<br>9 Wagon Wheel Drive<br>Feeding, Hills, MA 01030 |
| John V. Del Gaudio, Jr<br>John V. Del Gaudio, Jr. & Associates<br>221 N. LaSalle St., #638<br>Chicago, IL 60601 | Carol Furier<br>2500 Military Trail<br>Boca Raton, FL 33431 |
| James R. Ghiselli<br>Ghiselli Law Offices, PC<br>8170 Kincross Drive<br>Boulder, CO 80302 | John Inelli<br>17 Old Farmstead Rd.<br>Chester, NJ 07930 |
| Alf Iseback<br>Gamla Tuveagen 4<br>Goteborg, Sweden 41705 | Morty B. Lempel<br>Morty B. Lempel, Esq.<br>55 Old Turnpike Road, #209<br>Nantuet, NY 10954-2450 |

|  |  |
|---|---|
| Michael Mandelman<br>c/o Peter D. Bilowz, Esq.<br>Goulston & Storrs, P.C.<br>400 Atlantic Avenue<br>Boston, MA 02110-3333 | Montgomery & Andrews, P.A.<br>325 Paso De Peralta<br>Santa Fe, NM 87501 |
| Jeffrey M. Perkins<br>Western Design Engineering, Inc.<br>808 Airport Road<br>Jackson, MI 49202 | Nicholas Russo<br>310 Extonville Road<br>Allentown, NJ 08501 |
| Hilm Sevimli<br>c/o Christopher C. Noble, Esq.<br>Nobel & Associates, LLC<br>11 Pine Street<br>Plainville, CT 06103 | Noreene C. Stehlik<br>US Department of Justice<br>DC Tax Division<br>PO Box 683<br>Ben Franklin Station<br>Washington, DC 20044 |
| Scott Kajiya<br>c/o Peter C. Freeman, Esq.<br>Law Offices of Peter C. Freeman<br>16485 Laguna Canyon Road, #230<br>Irvine, California 92618-3846 | James P. Lewis<br>2143 S. Brentwood Street<br>Lakewood, CO 80227 |
| Gerald C. Miller<br>U.S. Department of Justice<br>DC Tax Division<br>PO Box 683<br>Ben Franklin Station<br>Washington, DC 20044 | Robert Morrow, Jr.<br>401 North College Rd., #5<br>Lafayette, LA 70506 |
| Ed Pink Racing Engines, Inc.<br>14612 Raymer St.<br>Van Nuys, CA 91405 | Cassandra Gay Sasso<br>Baker & Hostetler-Colorado<br>303 E. 17th Ave., #1100<br>Denver, CO 80203 |
| Peter Sklarew<br>US Department of Justice<br>DC Tax Division<br>PO Box 55<br>Ben Franklin Station<br>Washington, DC 20044 | Doulgas William Swartz<br>Sheridan Ross P.C.<br>1560 Broadway, #1200<br>Denver, CO 80202 |

| | |
|---|---|
| Check Krowczyk<br>1853 S. Marshall Cir.<br>Lakewood, CO 80232 | Albert Lucci<br>1930 Wyoming Avenue<br>Ft. Pierce, FL 34982 |
| Miller Simon & Maier<br>c/o Mark S. Schmidt, Esq.<br>788 North Jefferson St.<br>Milwaukee, WI 53202 | Gary Clifford Moschetti<br>Hatch & Moschetti, LLC<br>1800 Glenarm Place- 9th Flr.<br>Denver, CO 80202 |
| Anthony Pugliese<br>2500 Military Trail<br>Boca Raton, FL  33431 | Donald Schunk<br>12572 Durrow Court<br>St. Louis, MO 53141 |
| Nancy B. Smith<br>Dorsey & Whitney, LLP-Colorado<br>370 – 17th Street, #4700<br>Denver, CO 80202-5647 | Douglas M. Tisdale<br>Tisdale & Associates LLC<br>1600 Broadway, #2600<br>Denver, CO 80202 |
| Triad Suspension Technologies, Inc.<br>c/o Lewis M. Druxman, Esq.<br>6715 Academy Rd. North East<br>Suite B<br>Albuquerque, NM 87109 | Kathryn L. Troccoli<br>1911 Champlain St.<br>Ottawa, IL 61350 |
| Richard Dale Wood<br>13997 80th Ave. North<br>Maple Grove, MN 55311 | |

               Respectfully submitted,

                /s/ Daniel J. Garfield