# FAIRFIELD AND WOODS, P.C.
ATTORNEYS AND COUNSELORS AT LAW

Wells Fargo Center, Suite 2400
1700 Lincoln Street
Denver, Colorado 80203-4524
Telephone: (303) 830-2400
Facsimile: (303) 830-1033
www.fwlaw.com

John M. Tanner
(303)-894-4495
jtanner@fwlaw.com

February 8, 2006

<u>Via email</u>
Michael Pankow, Esq.
Brownstein Hyatt & Farber, P.C.
410 17th Street, Ste. 2200
Denver, CO 80202

RE: *Receivership Estate of Indian Motorcycle Manufacturing, Inc. a New Mexico Corporation*
U.S.D.C. Civil Action No. 95-cv-00777-REB-CBS

Dear Mike:

This letter is written to you pursuant to Colorado Rule of Professional Responsibility 4.5(b). I believe there is a conflict between your two clients that cannot be waived. I suspect that you have not recognized this conflict and withdrawn prior to now because the conflict is based on history in this case that predates your involvement. The receiver had not recognized the conflict until your statements to the Court at the status conference on January 30, 2006.

As you know, the Motions to Reconsider (to obtain restitution or recoupment from, among others, your clients Messrs. Payne and Pacelli) were driven by the need to raise money to pay federal income taxes now owed by the Receivership Estate. The taxes are an administrative obligation of the estate senior to payments to Messrs. Payne and Pacelli.

What you probably do not know is the genesis of the determination that taxes are due. Specifically, Indian Motorcycle Manufacturing, Inc. ("IMMI") was put into receivership in May, 1995. Later in 1995, the receiver of IMMI purchased Indian Motor Company ("Motor"). Judge Weinshienk specifically approved this transaction, and Ordered that creditors of Motor should be treated as if they were creditors of IMMI, *i.e.*, both were treated as pre-appointment claimants of equal dignity within the IMMI estate.

When the sale of assets of the receivership occurred and distributions to claimants were made in 1999 and 2000, Judge Weinshienk's Order was followed and creditors of Motor were

# FAIRFIELD AND WOODS, P.C.
ATTORNEYS AND COUNSELORS AT LAW

Michael Pankow, Esq.
February 8, 2006
Page 2

treated exactly like creditors of IMMI. Both groups received 100% payment of their allowed claims. Because the receiver was careful to match taxable income with deductible expenses, the receiver believed (and tax professionals advised) that no taxes were due. The receiver filed a tax return showing no taxes due.

In 2003, the IRS disallowed the deductions for the payments to Motors' creditors, contending that payments to Motors' creditors were not an ordinary and necessary business expense of IMMI. The receiver litigated this point, but Senior Judge Keeton of the United States District Court for the District of Massachusetts, where this receivership was then pending, ruled in favor of the IRS. That Order is now final and non-appealable. It was the disallowance of payments to Motor claimants that generated the lion's share of the taxes determined to be due.

Now we come to your conflict: Mr. Pacelli was a creditor of IMMI, but Mr. Payne was a creditor of Motor. Further, at the status conference on Monday you suggested that Messrs. Payne and Pacelli intended to reopen on equitable grounds some of the prior orders in the receivership that have gotten us this far. If so, Mr. Pacelli's best argument is probably that the Motor claimants should pay the taxes themselves (as it was payments to the Motor claimants that generated the taxes).

Indeed, if the payments to the Motor claimants were reversed in full, then there would be more than enough to pay all the taxes and the IMMI claimants would not have to pay anything back. Thus Mr. Pacelli's best argument should be that Mr. Payne and he should not each repay 24.37%, but that Mr. Payne (and all of the other Motor claimants) should repay 100% and Mr. Pacelli should repay none. Obviously, you could not make this argument on behalf of your client Mr. Pacelli against your client Mr. Payne.

Now that I have alerted you to this conflict, I will give you a reasonable time to take action. If you have any questions, please call.

Very truly yours,

John M. Tanner
of
FAIRFIELD AND WOODS, P.C.

JMT:sc

cc (via email):        Richard A. Block