UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 95-cv-00777-REB-CBS

In re:  Indian Motorcycle Manufacturing, Inc., a New Mexico Corporation

---

## RECEIVER'S REPLY IN SUPPORT OF REQUEST FOR STATUS CONFERENCE

---

Sterling Consulting Corporation, as receiver, by and through its attorneys, Fairfield and Woods, P.C., hereby replies in support of its Motion for Status Conference as follows:

Regarding the Response of the United States Government, the receiver and the Government disagree about many of the positions taken by each other in this case.  In particular, the Government and the receiver have deep, fundamental disagreements concerning the law of receiverships.  With the Massachusetts District Court's approval of the Settlement Agreement between the Government and the receiver, however, these disagreements are almost entirely academic, and should not result in this Court not having a Status Conference.

The Status Report of Michael Payne is different.  In his Status Report, Mr. Payne made allegations of severe receiver misconduct, and made other personal attacks against the receiver.  Before significant resources of the receiver and its counsel are consumed (resources for which the receiver and its counsel have little or no hope of ever recapturing), this is a critical issue that the Court should address at the Status Conference.

There is a prior precedent regarding baseless allegations of receiver misconduct in this Receivership Action, and that history has generated law of the case that should be followed.  In 1997, Mr. Edward Leal made similar accusations of misconduct against the Receiver.  At that time, in pursuit of evidence to support his allegations, Mr. Leal performed a thorough inspection of virtually every expenditure made by the receiver (he was given access to every expenditure).

Even though that inspection was the subject of an Order from the Court, it was very disruptive and costly to the Receivership Estate.

The Orders Magistrate Judge Schlatter entered on May 12 and May 14, 1997 followed comments made by Magistrate Judge Schlatter from the bench, which essentially said the following:

> a.  Any party to, or claimant in, the Receivership Action should be at liberty to inspect the books and records of the Receivership Estate at any time. This should be in a manner that is not disruptive of the business of Sterling or the receivership. Any inspection should be at the expense of the party or claimant seeking information.
>
> b.  If the inspection is in furtherance of accusations of misconduct against the receiver, the stakes are higher. In this event, the party or claimant seeking evidence to support the accusation must carry the burden of proof, but will nevertheless be entitled to review the Receiver's books and records. If the books and records show malfeasance, the receiver must pay for that malfeasance. If the books and records do not show malfeasance, however, then the party alleging the malfeasance and requiring the work to be performed must pay for both the costs associated with the inspection and also the fees and expenses of the receiver and its counsel incurred defending against the accusations.
>
> c.  The party or claimant seeking to inspect the books and records of the receiver must post a surety to insure the receiver is compensated if the accusations are not proven.

Magistrate Judge Schlatter's comments and Orders set a precedent for how to handle accusations of misconduct, and this Court should follow that precedent. In Mr. Payne's filing, he lists a whole series of actions he believes the Receiver must take to defend against the accusation of misconduct. The Receiver is willing to do so, however, only if it and its counsel is paid for the work. This work does not benefit anyone in the Receivership Estate, and only benefits Mr. Payne by yet again answering questions which have already been answered repeatedly.

Similarly, Mr. Payne asked for certain discovery. Magistrate Judge Slaughter entered the Document Depository Order of November 18, 1998, which governs how discovery is to be taken from the receiver. In essence, the receiver must make all documents in his possession available to any party wishing to see them. Beyond that, if any work is required of the receiver or its staff to complete the discovery, the party requesting the work must pay for it.

In informal discussions, Mr. Payne has suggested penury. In case that is true, Mr. Payne should be required to put up a cash deposit in advance of all the work he asks to be done.

The common sense in requiring Mr. Payne to post surety lies in the result. If Mr. Payne is unsuccessful in demonstrating misconduct on the part of the receiver, it would be outrageous to place even the smallest financial burden on the receiver, its counsel, or the Receivership Estate.[1]

The receiver's records (all estimated three to four million pages of records) are always open to inspection by claimants, but an audit or review of the accountings of the receiver is partially an automated process and partially a manual process that will consume the resources of an employee paid by Sterling Consulting Corporation (the receiver has no resources with which to pay anyone). It would be unfair to require Sterling to bear the cost of the audit or review if it only serves to demonstrate that the receiver has done nothing wrong.

Mr. Payne's Status Report provides no basis for the accusations of misconduct, just the accusations themselves:

> As counsel for Mr. Payne stated at the status conference, he had been considering filing and prosecuting motions seeking any or all of the following relief:
>
> a. Removal of the Receiver;
>
> b. Recourse against the Receiver's bond, if any;
>
> c. Surcharge against the Receiver's compensation in this case.
>
> Since the Status Conference, Mr. Payne has authorized counsel to commence preparation of such motions. Mr. Payne recognizes that such motions raise serious matters, not to be raised lightly. It must also be recognized that things have gone seriously wrong in this receivership estate. Mr. Payne remains mystified how this estate could end up with an unfunded tax liability, especially of the magnitude here. The Receiver's present adversarial posture against the claimants it purports to represent and to which it owes unquestionable fiduciary duties raises further questions.

---

[1] The basis for awarding costs and fees against Mr. Payne if Mr. Payne's accusations prove to be untrue is supported by the law of this case, common sense, receivership law generally, and Fed. R. Civ. P. 11.

That Mr. Payne is "mystified" reflects only on Mr. Payne's inability or refusal to understand the facts that have been explained to him repeatedly. The Court conducted two hearings following the transfer of this case back to Colorado, both of which were not only attended by Mr. Payne, but Mr. Payne actively participated in both. The receiver was made available to answer any questions Mr. Payne had, and Mr. Payne had many. Mr. Payne's new lawyer now apparently wishes different questions had been asked. It was not the receiver's fault (and was contrary to the receiver's recommendation) that Mr. Payne appeared without counsel. Further, the receiver has spoken with Mr. Payne's counsel and explained the issue that purport to "mystify" Mr. Payne.[2]

The accusations in the Status Report intensify whereby, at page 2 of the Status Report, Mr. Payne has the audacity to make a shocking statement without any basis in fact whatsoever:

Indeed, it appears that the Receiver's principal had a personal interest in the salient transactions in the first place.

There is no explanation as to what "it appears" actually refers. There is no relationship between the receiver's principal and Indian Motorcycle Company that was not approved by the Colorado District Court—to the contrary, the only relationship between the receiver's principal and Indian Motorcycle Company was foisted upon the receiver's principal and has been quite costly to the receiver's principal. The receiver's principal has already spent thousands of dollars trying to make that relationship go away. Mr. Payne did not help the receiver by objecting to the relationship when it was first proposed to the Court and when the Court approved it; Mr. Payne just accepted the benefits that derived from it.

Having failed at getting the desired explanations, and after having admittedly disregarded the receiver's notices of impending disgorgement to pay taxes, Mr. Payne is not within his rights

---

[2] Many of Mr. Payne's substantive arguments were made in the Massachusetts District Court by the receiver. All of these arguments were lost and are the subject of a Final Order by the Massachusetts District Court that Mr. Payne did not appeal, even though he was told he had the privilege of appealing. The Settlement Agreement between the government and the receiver prohibited the receiver from making such appeals.

4

to demand more. The receiver, however, is by no means averse to this process so long as Mr. Payne bears the cost.

There is another reason for conducting a Status Conference in the Receivership Action: The Court has been routinely granting attorneys requests to be removed from the official mailing list for the Receivership Action without awaiting a response from the receiver. Often the attorneys seeking to withdraw are not providing contact information for their clients. This may work to the considerable disadvantage of other claimants if Magistrate Judge Schlatter's recommendation is affirmed by Judge Blackburn because in many cases, the receiver's only means of contacting some claimants is through their attorneys. The Court should put in place a procedure to be followed when an attorney wants to withdraw but does not provide full and current contact information for its client.

For reasons stated in the receiver's request for a Status Conference, and for the foregoing reasons, the receiver believes a Status Conference should be held to address all of the issues in the Receiver's Request for Status Conference and in this Reply before Mr. Payne digs himself a hole from which escape may be expensive. In that way, the Court may consider the threats that have been leveled before any further damage is done and: (a) regulate the manner in which the receiver must tolerate an unwarranted assault; and (b) fix the remedy for the prevailing party, whether it be the receiver or someone else.

Respectfully submitted this 8th day of March, 2006.

By: *s/ John M. Tanner*
Fairfield and Woods, P.C.
1700 Lincoln Street, Suite 2400
Denver, CO 80203-4524
Phone: (303) 830-2400
Fax: (303) 830-1033
Email: jtanner@fwlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 8, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses or as indicated below or by United States Mail, postage prepaid:

**VIA CM/ECF TO:**

Alan Lemont Hale Esq.
Hale Friesen, LLP
1430 Wynkoop St., Ste. 300
Denver, CO 80202
**Attorney for Richard Basciani, N.**
**Rooke Everill, Pres./Everill Bros.,**
**Inc., John H. Nicholson or Virginia A.**
**Nicholson**
ahale@haldfriesen.com

Edward T. Ramey, Esq.
Stuart H. Pack, Esq.
Isaacson Rosenbaum
 Woods and Levy
633 17th St., Ste. 2200
Denver, CO 80202
**Attorneys for William R. Childs, Scott**
**McCormick, Jr., Douglas Walliser,**
**Ronald Schiff, Edward Pacelli, Morty**
**Lempel, A.B. Goldberg, First**
**Entertainment, Harvey Rosenberg**
eramey@ir-law.com
spack@ir-law.com

James R. Cage, Esq.
Cage Williams Abelman
 & Layden, P.C.
St. Elmo Bldg.
1433 17th St.
Denver, CO 80202-1273
**Attorney for Carl D. Lucci/Albert R.**
**Lucci**
jcage@cagewilliams.com

Glen E. Keller, Jr.
Davis Graham & Stubbs, LLP
1550 17th Street, Ste. 500
Denver, CO 80202
**Attorney for Cow Creek Band of**
**Umpqua Tribe of Indians**
Glen.keller@dgslaw.com

J. Eric Ellliff, Esq.
Kristen Taylor-Randall, Esq.
Morrison & Foerster, LLP
370 17th St., Ste. 3550
Denver, CO 80203
**Attorney for IMCOA**
jelliff@mofo.com

Adam F. Hulbig
Trial Attorney, Tax Division
US Dept. of Justice
Po Box 683
Ben Franklin Station
Washington, DC 20044
**Attorney for United States of America**
adam.f.hulbig@usdoj.gov

**VIA E-MAIL:**
Richard A. Block
President
Sterling Consulting Corporation
4101 E. Louisiana Ave., Ste. 300
Denver, CO 80246
**Receiver**
rblock@xpn.com

Gary C. Moschetti, Esq.
Hatch & Moschetti, LLP
1800 Glenarm Pl., 9th Floor
Denver, CO 80202
**Attorney for Edward Leal**
gmoschetti@hatchlawyers.com

Cassandra Sasso, Esq.
Baker & Hostetler
303 E. 17th Ave., Ste. 1100
Denver, CO 80203-1264
**Attorney for Michelle Lean**
csasso@bakerlaw.com

Michael J. Pankow
Daniel J. Garfield
Brownstein Hyatt & Farber PC
410 17th Street, Suite 2200
Denver, CO 80202
**Attorneys for Michael Payne**
mpankow@bhf-law.com
dgarfield@bhf-law.com

**VIA UNITED STATES MAIL:**
James Duberg, Esq.
727 Third Ave.
Chula Vista, CA 91910-5803

Mark S. Schmidt, Esq.
Miller Simon & Maier, S.C.
788 North Jefferson Street
Milwaukee, WI 53202
**Attorney for Miller Simon & Maier**

Peter C. Freeman, Esq.
Law Offices of Peter C. Freeman
16485 Laguna Canyon Rd., Ste. 230
Irvine, CA 92618-3846
**Attorney for Scott Kajiya**

Mr. Albert Lucci
1930 Wyoming Ave.
Fort Pierce, FL 34982
Robert W. Hallock, Esq.
202 S. Merrill St.
Park Ridge, IL 60068-4223

Peter Sklarew, Esq.
Assistant Chief
Civil Trial Section, Northern Region
United States Dept. of Justice
Tax Division
PO Box 55
Washington, D.C. 20044
**Attorney for IRS**

Robert J. Danie, Eq.
9 Wagon Wheel Drive
Feeding Hills, MA 01030

Noreene C. Stehlik, Esq.
U.S. Dept. of Justice
PO Box 683
Ben Franklin Station
Washington, D.C. 20044
**Attorney for IRS**

Robert L. Morrow, Jr., MD
401 N. College Rd., #5
Lafayette, LA 70506

Nicholas A. Russo, Sr.
310 Extonville Road
Allentown, NJ 08501

Richard J. Cortesi
5316 Camino Montano, N.E.
Albuquerque, NM 87111

Albert R. Gazza
589 Manchester
E. Glastonbury, CT 06025-0085

Ronald Fulfer
15315 S. Francis Dr.
Plainfield, IL 60544

Richard Dale Wood
13997 80th Ave. North
Maple Grove, MN 55311

Steve Halprin
1316 Penningtow Place
Concord, N.C. 28207

Alf Iseback
Gamla Tuvevagen 4
41705 Goteborg
**SWEDEN**

Kathryn L. Troccoli
1911 Champlain St.
Ottawa,IL  61350

Ed Pink
Ed Pink Racing Engines, Inc.
14612 Raymer Street
Van Nuys, CA  91405

Montgomery & Andrews, P.A.
325 Paseo De Peralta
Santa Fe, NM  87501

Jeffrey M. Perkins
President
Western Design Engineering, Inc.
808 Airport Road
Jackson, MI  49202

John Inelli
17 Old Farmstead Rd.
Chester, NJ  07930

Eller Industries
c/o Leonard S. ("Lonnie") Labraiola
6035 N. 115th Street
Longmont, CO  80504-8434

**Registered Agent:**
Randal L. Hittle
1630 Main Street, Suite 202
Longmont, CO  80501


By:   _s/ John M. Tanner_
            Fairfield and Woods, P.C.
            1700 Lincoln St., #2400
            Denver, CO  80203
            Phone:  (303) 830-2400
            Fax:  (303) 830-1033
            Email:  jtanner@fwlaw.com