**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 95-cv-0777-REB-CBS

In re:  THE RECEIVERSHIP ESTATE OF INDIAN MOTORCYCLE MANUFACTURING, INC.

**ASSIGNEE'S RESPONSE TO MOTION TO INTERPLEAD**

COMES NOW Credit Managers Association of California, dba Business Credit Services ("Assignee") as Assignee pursuant to a California Assignment for the Benefit of Creditors and General Assignments by Indian Motorcycle Company ("Indian"), IMCOA Licensing America, Inc. ("IMCOA Licensing"), and IMCOA Holdings America, Inc. ("IMCOA Holdings")[1] (collectively, Indian, IMCOA Licensing, and IMCOA Holdings are referred to herein as the "Indian Entities"), and responds to Fairfield & Wood, P.C.'s Motion to Interplead ("Motion to Interplead").  As grounds, Assignee states as follows:

1.     As a threshold matter, Assignee filed a "Motion to Submit Dispute to Magistrate Judge, as Required by Settlement Agreement" on December 9, 2005 [Docket No. 1979] (the "Motion to Submit") regarding the very Cash Fund that Fairfield & Woods seeks to deposit with the Court herein.[2]  The Settlement Agreement attached to the Motion to Submit sets forth an unambiguous and concise method of resolving all disputes regarding the Cash Fund.  *See* Settlement Agreement, pp. 8-9, § 4.1, attached to Motion to Submit.  The Motion to Submit has not been ruled on and Assignee hereby renews its Motion to Submit.  Assignee does not object

---

[1] CMA is a California-based third party fiduciary acting as an assignee for the benefit of creditors under California's assignment for benefit of creditors law.  As such, it is appearing in this action in such capacity and no other.  All references to CMA herein are as Assignee of the Indian Entities only.

[2] Actually, as discussed *infra*, Fairfield and Woods seeks to deposit only *half* of the Cash Fund – IMCOA Licensing America, Inc.'s ("IMCOA") half – and, in passing, states that it will distribute the other half to Sterling "(corporately, and not as receiver)."  *See* Motion to Interplead, p. 2, footnote 2.

39832                                                  1

*per se* to the Court holding IMCOA's half of the Cash Fund rather than Fairfield & Woods, so long as the explicit alternative dispute resolution terms set forth in the Settlement Agreement regarding the Cash Fund Dispute are honored.  *See*, *generally*, Motion to Submit.

2. Assignee is also concerned that, in passing, Fairfield & Woods indicates that it will distribute the other half of the Cash Fund to Sterling in its individual corporate capacity and not as Receiver in this Receivership.  *See* Footnote 2, *supra*; Motion to Interplead, p. 2, fn. 2.  As set forth in the Motion to Submit, Assignee believes that such amount should be distributed to the Receivership Estate pursuant to the intent and terms of the Settlement Agreement, and, more specifically, the Indemnification Agreement.[3]  If Assignee is correct, the Assignee simply wants to ensure that it will incur no liability to any third party (particularly claimants in the Receivership Estate) by agreeing to deposit IMCOA's half of the Cash Fund into the Court Registry, while at the same time, being aware that Fairfield & Woods is distributing the other half to Sterling, in its individual capacity, and not the Receivership Estate.  The Assignee respectfully suggests that this issue should be decided pursuant to the ADR provisions in the Settlement Agreement (as requested in the Motion to Submit), not by the unilateral fiat of a party clearly adverse to the interests of the Receivership Estate.

---

[3] As set forth in the Settlement Agreement and Indemnification Agreement, the purpose of the Cash Fund was to guarantee up to $50,000 of indemnification costs, should the Receivership or Sterling individually (if the Receivership was terminated) incur such costs that were not paid by Indian after submitting a "Claim."  Pursuant to § 5.10 of the Indemnification Agreement (attached to Assignee's Motion to Submit), Sterling, in its corporate capacity, is not entitled to any indemnification "Claim" until such time as the Receivership is terminated.  Section 5.10 of the Indemnification Agreement provides, in full:

> 5.10 **Sterling's Claim Loss Indemnification; Limitation**.  The obligations of Indian to Indemnify Sterling from any and all Claim Losses incurred or suffered by Sterling is limited to Claims that arose or arise *after the termination of the Receivership*.

(Emphasis added).  Thus, as the Receivership has not yet terminated, Sterling does not – and cannot – have a "Claim Loss" for which the Cash Fund is specifically intended to pay.

39832
2

WHEREFORE, Assignee respectfully submits this Response to the Motion to Interplead and renews its Motion to Submit Dispute to Magistrate Judge, as Required by Settlement Agreement. Assignee requests that this Court order that the Cash Fund Dispute be submitted to a magistrate judge pursuant to the clear and unambiguous provisions of the Settlement Agreement, as more fully set forth in the Motion to Submit.

Respectfully submitted this 16th day of March, 2006.

        **BIEGING SHAPIRO & BURRUS LLP**

By:    s/ Julie Trent
      Julie Trent, No. 17086
      4582 S. Ulster Street Pkwy., Suite 1650
      Denver, CO  80237
      Office:  (720) 488-0220
      Fax:  (720) 488-7711
      E-mail: jt@bsblawyers.com

      Robert Pitts
      LAW OFFICE OF ROBERT W. PITTS
      660 Newport Center Drive, Suite 400
      Newport Beach, California 92660
      T:  949-720-4125
      F:  949-720-4111
      E:  rpitts@lawrwp.com
      *Attorneys for Assignee/Indian Entities*

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 16, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

jtanner@fwlaw.com

ahale@haldfriesen.com

eramey@ir-law.com
spack@ir-law.com

jcage@cagewilliams.com

glen.keller@dgslaw.com

jelliff@mofo.com

adam.f.hulbig@usdoj.gov

mgoschetti@hatchlawyers.com

csasso@bakerlaw.com

mpankow@bhf-law.com
dgarfield@bhf-law.com

    s/ Julie Trent
**Julie Trent**, No. 17086
Bieging Shapiro & Burrus, LLP
4582 South Ulster Street Parkway, Suite 1650
Denver, Colorado 80237
Telephone: (720) 488-0220
Fax: (720) 488-7711
E-mail: jt@bsblawyers.com

39832                                4