# FAIRFIELD AND WOODS, P.C.
ATTORNEYS AND COUNSELORS AT LAW

Wells Fargo Center, Suite 2400
1700 Lincoln Street
Denver, Colorado 80203-4524
Telephone: (303) 830-2400
Facsimile: (303) 830-1033
www.fwlaw.com

John M. Tanner
(303)-894-4495
jtanner@fwlaw.com

March 9, 2006

**Via E-mail**
**jtrent@bsblawyers.com**
Julie A. Trent, Esq.
Beiging Shapiro & Burrus LLP
4582 S. Ulster St. #1650
Denver, CO 80237

    Re:    *Receivership Estate of Indian Motorcycle Manufacturing, Inc.*
              United States District Court, District of Colorado No. 95-cv-00777-REB-CBS
              *Sterling and Sterling, as receiver v. CMA*
              United States District Court, District of Colorado No. 05-cv-01573-PSF-CBS
              *Sterling, as receiver v. Pahl & Gosselin*
              United States District Court. District of Colorado No. 06-cv-00076-LTB-PAC

Dear Julie,

    This letter is to confirm aspects of our conversation of yesterday. You declined to give me any detail on what was allegedly defective about the subpoena to CMA other than reference to Mr. Pitts letter of February 10, 2006 and Rule 45. Your response to my request that you identify specifically what was allegedly defective was only to say "Rule 45" and to refer me back to Mr. Pitts' February 10, 2006, which says the same thing.

    You further stated that if even if CMA were served with another subpoena without any defects, it would not produce any documents referenced in the prior subpoena on the grounds of irrelevancy, except:

    Specification 10, which you conceded was relevant but stated CMA has no responsive documents;

    Specification 12, which you conceded was relevant but stated CMA has only five responsive documents (the five assignments), which have already been produced; and


EXHIBIT 1

# FAIRFIELD AND WOODS, P.C.
ATTORNEYS AND COUNSELORS AT LAW

Julie A. Trent, Esq.
March 9, 2006
Page 2

     Specification 13, which you conceded was relevant and stated CMA may or may not have a stray letter or memo referencing the Indian Trademark.

     Finally, later in the conversation we noted to you that the subpoena was issued in the main Receivership Action, pursuant to the receiver's investigation, and thus was not bound by the limits of relevancy in the 1573 Action. Despite this, you did not change your position that you would not respond to the vast bulk of the subpoena on the grounds of relevancy.

                        Very truly yours,

                        John M. Tanner
                             of
                FAIRFIELD AND WOODS, P.C.

JMT:sc

cc:    Thomas Quinn (via e-mail)
       Richard A. Block (via e-mail)