**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  95-cv-0777-REB-CBS

In re:   THE RECEIVERSHIP ESTATE OF INDIAN MOTORCYCLE
MANUFACTURING, INC.

---

**UNOPPOSED MOTION TO UNSEAL
SETTLEMENT AGREEMENT AND INDEMNIFICATION AGREEMENT**

---

COMES NOW Credit Managers Association of California, dba Business Credit Services

("Assignee") as Assignee, pursuant to a California Assignment for the Benefit of Creditors and

General Assignments dated May 12, 2004, by Indian Motorcycle Company ("Indian"), IMCOA

Licensing America, Inc. ("IMCOA Licensing"), and IMCOA Holdings America, Inc. ("IMCOA

Holdings")[1] (collectively, Indian, IMCOA Licensing, and IMCOA Holdings are referred to

herein as the "Indian Entities"), and moves, unopposed, for an order unsealing the Settlement

Agreement and the Indemnification Agreement (collectively, the "Agreements") currently at

issue pursuant to Assignee's Motion to Submit Dispute to Magistrate, as Required by Settlement

Agreement, and in Case No. 05-cv-1573-PSF-CBS (the "1573 Action").   As grounds, Assignee

states as follows:

1.      Both counsel for Sterling Consulting Corporation in its receivership capacity and

Sterling Consulting Corporation in its individual capacity (collectively, "Sterling") have

"repeatedly noted in recent pleadings that neither of them will object to a motion seeking to un-

seal the Settlement Agreement." *See* Fairfield & Wood's Reply in Support of Motion to

---

[1] CMA is a California based third party fiduciary acting as an assignee for the benefit of creditors under California's assignment for benefit of creditors law.  As such, it is appearing in this action in such capacity and no other.  All references to CMA herein are as Assignee of the Indian Entities only.

00040676                                    1

Interplead ("Reply"), p. 2, footnote 1.[2]  Accordingly, because the relief Assignee seeks is already unopposed, undersigned counsel has not additionally conferred with counsel for Sterling.

2.      On or about August 31, 2000, Sterling (in both its capacity as receiver and in its individual capacity), entered into the Agreements with the Indian Entities.  The Agreements were approved by this Court and were sealed at that time.

3.      Sterling, in its individual corporate capacity, has sued the Assignee and the Indian Entities in the 1573 Action for an alleged breach of the Agreements.  Sterling attached the Agreements to its complaint in the 1573 Action under seal, but has repeatedly stated in pleadings and orally to the Court, that it does not object to un-sealing the Agreements.  Assignee, on behalf of the Indian Entities, does not object to un-sealing the Agreements.

4.      There is no need for the Agreements to remain sealed where:  (i) neither party to the Agreements (Sterling/the Indian Entities) objects to un-sealing them, (ii) the Agreements are at the very heart of the 1573 Action and contain obligations that must be litigated in open court, and (iii) the Agreements have already been referenced in various pleadings *by both parties* to the Agreements to such an extent that filing them "under seal" has become essentially meaningless.[3]

---

[2] The Indemnification Agreement is Exhibit 4 to the Settlement Agreement.  Any agreement to unseal the Settlement Agreement would include its attachments, and specifically the Indemnification Agreement, which is inextricably intertwined with the Settlement Agreement.

[3] Sterling makes reference to a Receivership claimant's allegation that the portion of the Cash Fund that Fairfield & Woods has apparently disbursed to Sterling (in its individual corporate capacity) may actually belong to the Receivership Estate.  *See* Reply, p. 2.  Because the Agreements regarding the Cash Fund remain sealed, Sterling states that perhaps "someone has violated an Order of this Court."  *Id.*  The Assignee has already raised the possibility that a portion of the Cash Fund belongs to the Receivership Estate.  Indeed, the claimant need only review the pleadings filed by *both* Sterling and the Assignee (both of which include references to various provisions in the Agreements) to raise this issue.  It should also be noted with respect to the Cash Fund which Fairfield & Woods has apparently disbursed to Sterling that, according to the Court's Minute Order in the 1573 Action dated November 28, 2005, "Mr. Quinn notes his client [Sterling, in its individual corporate capacity] **is agreeable to the continued stay of any disposition of the [C]ash [F]und until proceedings in the [Receivership] action have been determined.**"  [Docket No. 38] (Emphasis added).  Thus, to the extent any monies have been disbursed from the Cash Fund, it appears that someone may have, indeed, violated an Order of this Court.

5.     Because neither party to the Agreements (the Sterling-related entities and the Indian Entities) objects to un-sealing the Agreements, the Court should un-seal such Agreements and allow the Agreements to be litigated in open court and reviewed by all interested parties.

WHEREFORE, Assignee requests an order of this Court un-sealing the Agreements.

Respectfully submitted this 24th day of March, 2006.

**BIEGING SHAPIRO & BURRUS LLP**


By: ___ s/ Julie Trent _____
              Julie Trent, No. 17086
              4582 S. Ulster Street Pkwy., Suite 1650
              Denver, CO  80237
              Office:  (720) 488-0220
              Fax:  (720) 488-7711
              E-mail: jt@bsblawyers.com

              Robert Pitts
              LAW OFFICE OF ROBERT W. PITTS
              660 Newport Center Drive, Suite 400
              Newport Beach, California 92660
              T:  949-720-4125
              F:  949-720-4111
              E:  rpitts@lawrwp.com
              *Attorneys for CMA as Assignee of the Indian
              Entities*

## CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

jtanner@fwlaw.com

ahale@haldfriesen.com

eramey@ir-law.com
spack@ir-law.com

jcage@cagewilliams.com

glen.keller@dgslaw.com

jelliff@mofo.com

adam.f.hulbig@usdoj.gov

mgoschetti@hatchlawyers.com

csasso@bakerlaw.com

mpankow@bhf-law.com
dgarfield@bhf-law.com


                                        s/ Julie Trent
                                        **Julie Trent**, No. 17086
                                        Bieging Shapiro & Burrus, LLP
                                        4582 South Ulster Street Parkway, Suite 1650
                                        Denver, Colorado 80237
                                        Telephone:  (720) 488-0220
                                        Fax: (720) 488-7711
                                        E-mail:  jt@bsblawyers.com