UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 95-cv-00777-REB-CBS

In re: Indian Motorcycle Manufacturing, Inc., a New Mexico Corporation

---

## RECEIVER'S RESPONSE TO UNOPPOSED MOTION TO UNSEAL SETTLEMENT AGREEMENT AND INDEMNIFICATION AGREEMENT

---

Sterling Consulting Corporation, as receiver, by and through its attorneys,

Fairfield and Woods, P.C., hereby responds to the Motion to Unseal the Indemnification

Agreement and Settlement Agreement as follows:

1.      As recently as March 23, 2006, only one day before CMA filed its Motion to

Unseal the Indemnification Agreement and Settlement Agreement, Fairfield and Woods

(counsel to the receiver) filed its Reply in Support the Motion to Interplead.  Footnote 1

(bottom of page 2) reads as follows:

> The receiver and Sterling have repeatedly said that Indian insisted upon the Settlement
> Agreement and Indian insisted on sealing the Settlement Agreement and its attachments.
> The receiver and Sterling opposed sealing the agreements at that time, but conceded to
> protect the underlying purposes of the Settlement Agreement.  As a result, the receiver
> and Sterling do not believe it is appropriate for either to ask the Court to un-seal the
> Settlement Agreement.  Nevertheless, it is should be widely known by now that neither
> the receiver nor Sterling will file an objection to a motion seeking to un-seal the
> Settlement Agreement.  The Court should take notice that with all of the attention paid to
> the Settlement Agreement, no one appears willing to file such a simple motion.

2.      One day after Fairfield and Woods filed the Reply, CMA filed the Motion.  The

receiver's non-objection to the Court unsealing the Settlement Agreement and the

Indemnification Agreement has not changed, but CMA presents problems in its Motion that are endemic to the litigation between CMA and the receiver.

      3.      After noting that CMA is privy to the Settlement Agreement and the Indemnification Agreement, and is therefore the one party that does not require an Order un-sealing the Settlement Agreement and the Indemnification Agreement, the receiver must assume that CMA has a valid purpose for filing the Motion.

      4.      The receiver and Sterling have indicated clearly and often that the Settlement Agreement and the Indemnification Agreement were sealed at the insistence of Indian Motorcycle Company, IMCOA Licensing America, Inc., and IMCOA Holdings America, Inc.("Company," "Licensing," and "Holdings," and three of the five "Indian Entities" in the assignments for the benefit of creditors). It is for this reason that the receiver and Sterling have never been prepared to ask the Court to un-seal the Settlement Agreement and the Indemnification Agreement absent the consent (or non-objection) of Indian Motorcycle Company.

      5.      Moreover, the Court could go so far as to un-seal the Settlement Agreement and the Indemnification Agreement over the objection of Indian Motorcycle Company.

      6.      The problem with CMA's Motion may be found in paragraph 5, wherein CMA makes a giant leap from the rest of the Motion to the following statement:

> 5. Because neither party to the Agreements (the Sterling-related entities and the Indian Entities) objects to un-sealing the Agreements, the Court should un-seal such Agreements and allow the Agreements to be litigated in open court and reviewed by all interested parties.

(Emphasis added.)

2

7.      There is no question that the receiver and Sterling do not object to un-sealing the Settlement Agreement and the Indemnification Agreement, but it cannot be said that the Indian Entities, the companies that demanded the seal in the first place, have consented to CMA's Motion for the simple reason that CMA does not speak for the Indian entities.

8.      As the receiver has noted before, CMA was the assignee of certain assets of the Indian-related entities and those entities remained in existence and continued to do business after the assignment. CMA does not have authority to speak for the Indian entities generally, as it purports to do in this Motion.

9.      By way of analogy, a receiver might be a receiver for a company, the assets of a company, or both. If the receiver is receiver for the company (or both the company and its assets), it may operate the company, including deciding when to litigate and when to settle. If a receiver is only receiver for assets, however, it cannot bind the company and cannot participate in litigation in the company's name. CMA is the assignee only of certain assets, and therefore is akin to a receiver of assets only. CMA is not authorized to act on behalf of the Indian Entities except as set out in the Assignments themselves.

10.     CMA's ability to speak "corporately" for the Indian Entities is an important issue in the 05-CV-1573 Action, and is, in fact, the subject of the receiver's Motion to Strike the purported Motion to Dismiss that CMA supposedly filed on behalf of the Indian entities.

11.     There is no question that the Indian Entities were still functioning after the Assignments for the Benefit of Creditors. For example, IMCOA Licensing America, Inc. (an assignor, the proprietor of the Indian Motorcycle Trademark, and a party to the Settlement Agreement) took formal corporate action on September 24, 2004 (more than four months after

3

the Assignment for the Benefit of Creditors by IMCOA Licensing America, Inc.) when it
executed the formal Trademark Assignments assigning the Indian Motorcycle Trademark to
CMA.

12.     It is also well-settle law that a corporation may not, by voluntary dissolution,
relieve itself of its contractual obligations. The modern rule is that dissolution operates similarly
to the death of a natural person, and does not excuse performance. A good discussion of this
concept and numerous authorities may be found in *Wyoming-Indiana Oil & Gas Co. v. Weston*,
43 Wyo. 526, 7 P.2d 206 (1932).

13.     Through a breach of its fiduciary duties, CMA has relegated the receiver and
Sterling to the position of non-consenting creditors in the Assignments for the Benefit of
Creditors.[1]  As a result, it may be critical to the Receivership Estate that the receiver and Sterling
can maintain their claims against the Indian Entities (as opposed to the Assignment Estates of the
Indian Entities). That ability is being frustrated by CMA's purported authority to act on behalf
of the assignor corporations.

14.     The distinction between CMA and the Indian Entities in their corporate capacity
is important. As non-consenting creditors, the receiver and Sterling retain significant rights
respecting Company, Licensing, and Holdings. The receiver is informed and believes that

_____

[1]  For example, when CMA elected to assign the Trademarks to Stellican without requiring
Stellican to adopt the Settlement Agreement and the Indemnification Agreement, CMA had a
fiduciary duty to reject the Settlement Agreement and the Indemnification Agreement.The
combination of the breach of the Settlement Agreement and the Indemnification Agreement and
CMA's breach of its fiduciary duty, CMA prevented the receiver and Sterling from filing a claim
in the Assignment Estates. For that reason, the receiver and Sterling had no reason to make a
decision as to whether to file a claim.

4

Licensing sold its assets for $2 million in cash, and the receiver and Sterling were the only creditors of IMCOA Licensing America, Inc.[2]

15.    The Ninth Circuit Court of Appeals, in *Sherwood Partners, Inc. v. Lycos, Inc.,* 394 F.3d 1198 (9th Cir. 2005); *cert. denied Sherwood Partners, Inc. v. Lycos, Inc.,* 2005 U.S. LEXIS 7186 (U.S., Oct. 3, 2005) had occasion to consider the mechanics of a California assignment for the benefit of creditors, similar to the assignment for the benefit of creditors of Indian Entities' to CMA.  In striking California's Cal. Code Civ. Proc. § 1800 as unconstitutional because it was preempted by the Bankruptcy Code, the Ninth Circuit identified the important and valuable rights of non-consenting creditors.

16.    Neither the receiver nor Sterling has decided to avail themselves of any of the valuable rights of non-consenting creditors, but may do so at any time.  The point of this Response is that the receiver's and Sterling's rights are being threatened by CMA's attempts to speak "corporately" for those entities.

17.    All of that having been said, the receiver and Sterling still have no objection to unsealing the Indemnification Agreement and the Settlement Agreement—it is critical, however, that the Court do so, if at all, over the assumed objection of the Indian Entities or after finding that they have not objected for whatever reason.  What is important is that the Court not find that the Indian Entities consented through CMA.

WHEREFORE, Sterling Consulting Corporation, as receiver, prays that this Court enter such Order as it sees fit regarding the Motion to Unseal the Settlement Agreement and

---

[2]  The receiver is also informed and believes that CMA, without any authority whatsoever, took the $2 million from Licensing to pay the creditors of Indian Motorcycle Corporation.  This is one of the primary subjects of the First Amended Complaint in the 05-CV-1573 action.

Indemnification Agreement, but that the Order entered not find that the Indian Entities consented

to the Order.

Respectfully submitted this 27th day of March, 2006.

By: *s/ John M. Tanner*
Fairfield and Woods, P.C.
1700 Lincoln Street, Suite 2400
Denver, CO 80203-4524
Phone: (303) 830-2400
Fax: (303) 830-1033
Email: jtanner@fwlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses or as indicated below or by United States Mail, postage prepaid:

**VIA CM/ECF TO:**

Alan Lemont Hale Esq.
Hale Friesen, LLP
1430 Wynkoop St., Ste. 300
Denver, CO 80202
**Attorney for Richard Basciani, N.
Rooke Everill, Pres./Everill Bros.,
Inc., John H. Nicholson or Virginia A.
Nicholson**
ahale@haldfriesen.com

Edward T. Ramey, Esq.
Stuart H. Pack, Esq.
Isaacson Rosenbaum
  Woods and Levy
633 17th St., Ste. 2200
Denver, CO 80202
**Attorneys for William R. Childs, Scott
McCormick, Jr., Douglas Walliser,
Ronald Schiff, Edward Pacelli, Morty
Lempel, A.B. Goldberg, First
Entertainment, Harvey Rosenberg**
eramey@ir-law.com
spack@ir-law.com

James R. Cage, Esq.
Cage Williams Abelman
  & Layden, P.C.
St. Elmo Bldg.
1433 17th St.
Denver, CO 80202-1273
**Attorney for Carl D. Lucci/Albert R.
Lucci**
jcage@cagewilliams.com

Glen E. Keller, Jr.
Davis Graham & Stubbs, LLP
1550 17th Street, Ste. 500
Denver, CO 80202
**Attorney for Cow Creek Band of
Umpqua Tribe of Indians**
Glen.keller@dgslaw.com

J. Eric Ellliff, Esq.
Kristen Taylor-Randall, Esq.
Morrison & Foerster, LLP
370 17th St., Ste. 3550
Denver, CO 80203
**Attorney for IMCOA**
jelliff@mofo.com

Adam F. Hulbig
Trial Attorney, Tax Division
US Dept. of Justice
Po Box 683
Ben Franklin Station
Washington, DC 20044
**Attorney for United States of America**
adam.f.hulbig@usdoj.gov

**VIA E-MAIL:**
Richard A. Block
President
Sterling Consulting Corporation
4101 E. Louisiana Ave., Ste. 300
Denver, CO 80246
**Receiver**
rblock@xpn.com

Gary C. Moschetti, Esq.
Hatch & Moschetti, LLP
1800 Glenarm Pl., 9th Floor
Denver, CO  80202
**Attorney for Edward Leal**
gmoschetti@hatchlawyers.com

Cassandra Sasso, Esq.
Baker & Hostetler
303 E. 17th Ave., Ste. 1100
Denver, CO  80203-1264
**Attorney for Michelle Lean**
csasso@bakerlaw.com

Michael J. Pankow
Daniel J. Garfield
Brownstein Hyatt & Farber PC
410 17th Street, Suite 2200
Denver, CO  80202
**Attorneys for Michael Payne**
mpankow@bhf-law.com
dgarfield@bhf-law.com

**VIA UNITED STATES MAIL:**
James Duberg, Esq.
727 Third Ave.
Chula Vista, CA  91910-5803

Mark S. Schmidt, Esq.
Miller Simon & Maier, S.C.
788 North Jefferson Street
Milwaukee, WI 53202
**Attorney for Miller Simon & Maier**

Peter C. Freeman, Esq.
Law Offices of Peter C. Freeman
16485 Laguna Canyon Rd., Ste. 230
Irvine, CA  92618-3846
**Attorney for Scott Kajiya**

Mr. Albert Lucci
1930 Wyoming Ave.
Fort Pierce, FL  34982
Robert W. Hallock, Esq.
202 S. Merrill St.
Park Ridge, IL  60068-4223

Peter Sklarew, Esq.
Assistant Chief
Civil Trial Section, Northern Region
United States Dept. of Justice
Tax Division
PO Box 55
Washington, D.C.  20044
**Attorney for IRS**

Robert J. Danie, Eq.
9 Wagon Wheel Drive
Feeding Hills, MA  01030

Noreene C. Stehlik, Esq.
U.S. Dept. of Justice
PO Box 683
Ben Franklin Station
Washington, D.C.  20044
**Attorney for IRS**

Robert L. Morrow, Jr., MD
401 N. College Rd., #5
Lafayette, LA  70506

Nicholas A. Russo, Sr.
310 Extonville Road
Allentown, NJ  08501

Richard J. Cortesi
5316 Camino Montano, N.E.
Albuquerque, NM  87111

Albert R. Gazza
589 Manchester
E. Glastonbury, CT  06025-0085

Ronald Fulfer
15315 S. Francis Dr.
Plainfield, IL  60544

Richard Dale Wood
13997 80th Ave. North
Maple Grove, MN  55311

Steve Halprin
1316 Penningtow Place
Concord, N.C. 28207

Alf Iseback
Gamla Tuvevagen 4
41705 Goteborg
**SWEDEN**

Kathryn L. Troccoli
1911 Champlain St.
Ottawa,IL 61350

Ed Pink
Ed Pink Racing Engines, Inc.
14612 Raymer Street
Van Nuys, CA 91405

Montgomery & Andrews, P.A.
325 Paseo De Peralta
Santa Fe, NM 87501

Jeffrey M. Perkins
President
Western Design Engineering, Inc.
808 Airport Road
Jackson, MI 49202

John Inelli
17 Old Farmstead Rd.
Chester, NJ 07930

Eller Industries
c/o Leonard S. ("Lonnie") Labraiola
6035 N. 115th Street
Longmont, CO 80504-8434

**Registered Agent:**
Randal L. Hittle
1630 Main Street, Suite 202
Longmont, CO 80501


By: _s/ John M. Tanner_
        Fairfield and Woods, P.C.
        1700 Lincoln St., #2400
        Denver, CO 80203
        Phone: (303) 830-2400
        Fax: (303) 830-1033
        Email: jtanner@fwlaw.com