UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 95-cv-00777-REB-CBS

In re: Indian Motorcycle Manufacturing, Inc., a New Mexico Corporation

---

**EMERGENCY MOTION FOR INSTRUCTIONS BY RECEIVER**

---

Sterling Consulting Corporation, as receiver, by and through its attorneys, Fairfield and Woods, hereby makes this emergency request for instructions as follows:

1.  Receiver has previously filed a Request for Status Conference. No party has objected but the Court has not set its status conference. Although the matters that are referenced in the Request for Status Conference are important and all are pressing, none were considered urgent. Three matters have arisen which are urgent and they trigger this Emergency Request for Instructions.

2.  On December 14, 2005, Magistrate Judge Schlatter recommended the Court enter a Final Order regarding restitution. On that same date, he also entered an Order that allowed the receiver to give a discount for early payments. Several parties took advantage of that, and by the end of 2005 the receiver had taken in about $150,000. The receiver still has that money.

3.  If Magistrate Judge Schlatter's recommendation is affirmed, then the money will be turned over to the Internal Revenue Service; if it is overruled, the money will have to be returned to those who paid it. In the meantime, the receiver thinks the money should be placed in an interest-bearing account.

4.      If the receiver places the money in an interest-bearing account, it will generate an income subject to federal and state income taxes. That, in turn, will precipitate the need to file federal and state income tax returns. That, in turn, will compel the need to hire CPAs to prepare the federal and state income tax returns. Once filed, the Internal Revenue Service will have at least two years to assess taxes, which means the estate cannot be shut down. Moreover, every year thereafter will have the same result. This is the statutory scheme, and there is nothing the receiver can do to make that determination happen earlier. *Sterling Consulting Corp. v. United States*, 245 F.3d 1161, 2001 (10th Cir. 2001).

5.      It is impractical to invest the money for the reasons stated above, but it is unreasonable to let the money sit for month without earning any interest.[1]

6.      Further, the receiver's annual bond premium is due. The Receivership Estate has not paid the bond premium for the past three years. When this issue was first brought to the attention of the Massachusetts District Court, the Massachusetts District Court refused to address the issue. In Practice and Procedure Order No. 5, the Massachusetts District Court wrote "The court acknowledges the Receiver's Notice of Imminent Expiration of Receiver's Bond and Request for Instructions (Docket No. 116, filed April 9, 2003) and notes the expiration of the Receiver's Bond." Receiver's bonds do not "expire," but must instead be discharged, and this cannot occur absent an Order from the receivership Court.

7.      This has unfairly left the receiver's insurance agent personally liable for the obligation to pay the premium. A copy of the letter noting the same is attached as Exhibit 1. The receiver has no funds from which it can make a payment (the $150,000 is not available for

---

[1] Of course, an Order affirming or denying Magistrate Judge Schlatter's Recommendation will signal an end to the problem, as the money will be dedicated to its intended purpose or returned.

the reasons set out above) and this sorry state of affairs has cost the receiver's insurance agent $1,500, with another $500 due soon.

8. Further, pursuant to the settlement entered into between the receiver and the IRS, there is only a two-year window to collect the taxes due before the IRS can pursue Sterling Consulting Corporation and Fairfield and Woods, personally. This two-year window began to run when the case was transferred back to Colorado from Massachusetts in September, 2005. Thus the Court is nearly one quarter of the way through the repayment period and still does not have a Final Order regarding restitution.

9. Taking this matter nearer the expiration of the two year window unreasonably exposes Sterling Consulting Corporation and Fairfield and Woods to an administrative expense of the Receivership Estate that should be paid by the Receivership Estate.

10. The Internal Revenue Service has already clearly indicated its predisposition to aggressively pursue Sterling Consulting Corporation and Fairfield and Woods.

11. This case has already cost Sterling Consulting Corporation and Fairfield and Woods in excess of $1.5 million in unpaid time charges (not to mention approximately $50,000 in out-of-pocket expenses).

12. With every passing day, claimants properly liable for restitution become unavailable as a practical matter by disappearing, bankruptcy, death, withdrawal of their attorneys without contact information, and a multitude of other events. This not only reduces overall collections, but puts an unfair burden on the claimants who do make restitution.

## LEGAL ARGUMENT

13. A receiver, when unsure what to do, has not just a right to seek instructions from its appointing court, but the affirmative duty to do so. Professor Ralph Ewing Clark, in 2 *Clark on Receivers*, § 361 states the following:

> § 361 Receiver's duty to ask for instructions. Receivers have a very large latitude in the matter of asking advice and seeking the protection of the court appointing them with reference to the discharge of their duties. They are at all times entitled to apply to the court for instructions. . . . [T]he receiver himself can and should apply for instructions in matters pertaining to the preservation of the estate. (See 102, supra.)

[Internal citations omitted.]

14. The United States Court of Appeals for the Sixth Circuit, in *Haines v. Buckeye Wheel Co.*, 224 F. 289, 1860 (6th Cir. 1915) wrote "'A receiver is an officer of court, and amenable to it for a proper discharge of the trust confided to him. When he is in doubt as to what he ought to do, he should take the advice of the court.' By so doing he can at all times protect himself, and if he neglects or refuses to avail himself of the ample and effective shield which the law thus provides and places in his hands, he acts upon his own responsibility and at his own risk and peril." [Quoting *In re Angell*, 131 Mich. 345, 91 N.W. 611, (1902)]

15. The right of a receiver to get Instructions from the appointing Court was considered at length in this Receivership Action in a situation where the receiver asked for Instructions and the United States of America argued that Instructions were neither necessary nor appropriate. The Colorado District Court disagreed, writing that receivers can and should ask for Instructions whenever a receiver needs direction. That is the law of this case.

WHEREFORE, Sterling Consulting Corporation as receiver prays that this Court give instructions on how to proceed in light of the matter in light of the matter above.

4

Respectfully submitted this 31st day of March, 2006.

By: *s/ John M. Tanner*
Fairfield and Woods, P.C.
1700 Lincoln Street, Suite 2400
Denver, CO 80203-4524
Phone: (303) 830-2400
Fax: (303) 830-1033
Email: jtanner@fwlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses or as indicated below or by United States Mail, postage prepaid:

**VIA CM/ECF TO:**

Alan Lemont Hale Esq.
Hale Friesen, LLP
1430 Wynkoop St., Ste. 300
Denver, CO  80202
**Attorney for Richard Basciani, N. Rooke Everill, Pres./Everill Bros., Inc., John H. Nicholson or Virginia A. Nicholson**
ahale@haldfriesen.com

Edward T. Ramey, Esq.
Stuart H. Pack, Esq.
Isaacson Rosenbaum
 Woods and Levy
633 17th St., Ste. 2200
Denver, CO  80202
**Attorneys for William R. Childs, Scott McCormick, Jr., Douglas Walliser, Ronald Schiff, Edward Pacelli, Morty Lempel, A.B. Goldberg, First Entertainment, Harvey Rosenberg**
eramey@ir-law.com
spack@ir-law.com

James R. Cage, Esq.
Cage Williams Abelman
 & Layden, P.C.
St. Elmo Bldg.
1433 17th St.
Denver, CO  80202-1273
**Attorney for Carl D. Lucci/Albert R. Lucci**
jcage@cagewilliams.com

Glen E. Keller, Jr.
Davis Graham & Stubbs, LLP
1550 17th Street, Ste. 500
Denver, CO  80202
**Attorney for Cow Creek Band of Umpqua Tribe of Indians**
Glen.keller@dgslaw.com

J. Eric Ellliff, Esq.
Kristen Taylor-Randall, Esq.
Morrison & Foerster, LLP
370 17th St., Ste. 3550
Denver, CO  80203
**Attorney for IMCOA**
jelliff@mofo.com

Adam F. Hulbig
Trial Attorney, Tax Division
US Dept. of Justice
Po Box 683
Ben Franklin Station
Washington, DC  20044
**Attorney for United States of America**
adam.f.hulbig@usdoj.gov

**VIA E-MAIL:**
Richard A. Block
President
Sterling Consulting Corporation
4101 E. Louisiana Ave., Ste. 300
Denver, CO  80246
**Receiver**
rblock@xpn.com

Gary C. Moschetti, Esq.
Hatch & Moschetti, LLP
1800 Glenarm Pl., 9th Floor
Denver, CO 80202
**Attorney for Edward Leal**
gmoschetti@hatchlawyers.com

Cassandra Sasso, Esq.
Baker & Hostetler
303 E. 17th Ave., Ste. 1100
Denver, CO 80203-1264
**Attorney for Michelle Lean**
csasso@bakerlaw.com

Michael J. Pankow
Daniel J. Garfield
Brownstein Hyatt & Farber PC
410 17th Street, Suite 2200
Denver, CO 80202
**Attorneys for Michael Payne**
mpankow@bhf-law.com
dgarfield@bhf-law.com

**VIA UNITED STATES MAIL:**
James Duberg, Esq.
727 Third Ave.
Chula Vista, CA 91910-5803

Mark S. Schmidt, Esq.
Miller Simon & Maier, S.C.
788 North Jefferson Street
Milwaukee, WI 53202
**Attorney for Miller Simon & Maier**

Peter C. Freeman, Esq.
Law Offices of Peter C. Freeman
16485 Laguna Canyon Rd., Ste. 230
Irvine, CA 92618-3846
**Attorney for Scott Kajiya**

Mr. Albert Lucci
1930 Wyoming Ave.
Fort Pierce, FL 34982
Robert W. Hallock, Esq.
202 S. Merrill St.
Park Ridge, IL 60068-4223

Peter Sklarew, Esq.
Assistant Chief
Civil Trial Section, Northern Region
United States Dept. of Justice
Tax Division
PO Box 55
Washington, D.C. 20044
**Attorney for IRS**

Robert J. Danie, Eq.
9 Wagon Wheel Drive
Feeding Hills, MA 01030

Noreene C. Stehlik, Esq.
U.S. Dept. of Justice
PO Box 683
Ben Franklin Station
Washington, D.C. 20044
**Attorney for IRS**

Robert L. Morrow, Jr., MD
401 N. College Rd., #5
Lafayette, LA 70506

Nicholas A. Russo, Sr.
310 Extonville Road
Allentown, NJ 08501

Richard J. Cortesi
5316 Camino Montano, N.E.
Albuquerque, NM 87111

Albert R. Gazza
589 Manchester
E. Glastonbury, CT 06025-0085

Ronald Fulfer
15315 S. Francis Dr.
Plainfield, IL 60544

Richard Dale Wood
13997 80th Ave. North
Maple Grove, MN 55311

Steve Halprin
1316 Penningtow Place
Concord, N.C. 28207

Alf Iseback
Gamla Tuvevagen 4
41705 Goteborg
**SWEDEN**

Kathryn L. Troccoli
1911 Champlain St.
Ottawa, IL 61350

Ed Pink
Ed Pink Racing Engines, Inc.
14612 Raymer Street
Van Nuys, CA 91405

Montgomery & Andrews, P.A.
325 Paseo De Peralta
Santa Fe, NM 87501

Jeffrey M. Perkins
President
Western Design Engineering, Inc.
808 Airport Road
Jackson, MI 49202

John Inelli
17 Old Farmstead Rd.
Chester, NJ 07930

Eller Industries
c/o Leonard S. ("Lonnie") Labraiola
6035 N. 115th Street
Longmont, CO 80504-8434

**Registered Agent:**
Randal L. Hittle
1630 Main Street, Suite 202
Longmont, CO 80501

**Courtesy Copies to:**
Julie Trent
jt@bsblawyers.com

Eugene Sprague
esprague@bw-legal.com

By:   *s/ John M. Tanner*
      Fairfield and Woods, P.C.
      1700 Lincoln St., #2400
      Denver, CO 80203
      Phone: (303) 830-2400
      Fax: (303) 830-1033
      Email: jtanner@fwlaw.com