UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

**Civil Action No. 95-cv-00777-REB-CBS**

In re:

Receivership Estate of INDIAN MOTORCYCLE MANUFACTURING, INC.,
a New Mexico Corporation

_____

**UNITED STATES' RESPONSE TO "EMERGENCY MOTION FOR
INSTRUCTIONS BY RECEIVER," CONCURRING IN THE IMPLICIT
REQUEST TO EXPEDITE RESOLUTION OF THE RULE 72 OBJECTION**
**(Plus Notice of United States' Position on Unsealing of Indemnification Agreement)**
_____

The United States, an administrative claimant for whose benefit much of the Receiver's

current efforts are directed, hereby responds to the *Emergency Motion for Instructions by Receiver*

(DI # 2203), and concurs in the implicit request therein that the Court expedite the resolution of the

objection to the report and recommendation of the magistrate judge to grant the Receiver's motion

for restitution.  The United States also includes herein its position with respect to the unopposed

motion to unseal the indemnification agreement.

1.       The Receiver refers to its prior request for a status conference.  The United States

filed a response to that request (not opposing a conference, but not agreeing with all things said in

the request).

2.       Paragraphs 8 and 12 of the request appear to reflect not so much a request for

instructions as an implicit request to expedite the Court's determination of the Rule 72 objection to

the Magistrate Judge's recommendation to grant the Receiver's motion for restitution.  The United

States concurs or, alternatively, separately suggests that the Court expedite its determination.

Paragraph 8 correctly notes that the Receiver has two years from the transfer of the case back to

this Court to pay the IRS at least $350,000 before the IRS is free to revive its proposed assessment

of fiduciary liability against the Receiver pursuant to 31 U.S.C. § 3713 and 26 U.S.C. § 6901, and/or before it may seek disgorgement of distributions that were made for compensation of the Receiver and its counsel.  Paragraph 12 points out that each passing day impairs restitution due to the fact that claimants continue to change addresses without notice to the Receiver (or file for bankruptcy).  With respect to the Receiver's statement that attorneys have been withdrawing without providing contact information for their clients, the United States respectfully suggests that the Court issue an order that no motions for withdrawal will be allowed unless an attorney certifies that he or she is providing the last known home and businesses addresses and phone numbers of the client to the Court and the Receiver, to the best of the attorney's information and ability to obtain.  (The United States filed a separate response, DI # 2067, on January 6, 2006, to the Rule 72 objection of Michael Payne, and a further response, DI # 2108, on January 27, 2006, to a supplement and joinder of Edward Pacelli in Mr. Payne's Rule 72 objection.)

3.      Unless the Court can expedite the Rule 72 objection, the United States offers the following proposed solution to the Receiver's quandary regarding the opening of an interest-bearing account to hold the funds it has tentatively collected from claimants who sought to avail themselves of a prompt restitution discount (without waiving their right to recover the payments if this Court ultimately denies the motion for restitution).  The Receiver is concerned that if the estate earns income, it will be required to file additional tax returns and thus to hire an accountant.  The United States suggests that the Court authorize the Receiver to invest the funds it holds in tax-exempt bonds or a tax-exempt bond fund (federal and Colorado tax-exempt).  It would be necessary to find relatively short-term bonds, or a bond fund that permits sale of the investment without penalty, to assure that there is no loss if the investment must be liquidated before maturity in a rising-interest-rate market.  But the United States submits that the best solution to the interest problem is to expedite determination of the Rule 72 objection on the Receiver's motion for

restitution.

4.      The Receiver states that it owes a bond premium.  The Receiver's bond premiums should be paid from the 37% of any restitution available to the Receiver under the tax settlement (since that 37% is expressly to cover past as well as future compensation and expenses). Accordingly, the United States has no solution for this problem presently except to the extent it is suggesting that the Court expedite a ruling on the Rule 72 objection to the magistrate judge's report and recommendation.

5.      Finally, the United States observes that the Court has before it an unopposed motion to unseal the indemnification agreement between Sterling and Indian, although there has been some dispute about what parties, if any, may have a right to be heard on that matter (*see* DI #s 2197, 2199, 2202).  The United States maintains that, in light of the pending related litigation between the Receiver and CMA, it is appropriate to unseal the indemnification agreement unless some party affirmatively demonstrates an appropriate reason to maintain secrecy.  Courts are public forums and court filings should not be sealed unless there is good reason for such action, and any sealing should not be maintained after the reasons in support of it are no longer applicable. The indemnification agreement was entered by Sterling while it was a court-appointed receiver. To the extent there was ever a benefit to the receivership estate from keeping the agreement secret, there is no longer any such benefit.  (Nothing herein is intended to prejudice any right of the United States or the IRS to seek, separately, a copy of the agreement if the agreement is not unsealed more generally.)

WHEREFORE the United States concurs in the Receiver's implicit request that the Court expedite resolution of the Rule 72 objection to the report and recommendation of the Magistrate

Judge to grant the Receiver's motion for restitution.

Dated this 12th day of April, 2006.

Respectfully submitted,

WILLIAM J. LEONE
Acting United States Attorney
District of Colorado

/s/ Adam F. Hulbig
ADAM F. HULBIG
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C.  20044
Telephone: (202) 514-6061
Facsimile: (202) 307-0054
Email: adam.f.hulbig@usdoj.gov
western.taxcivil@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

IT IS HEREBY CERTIFIED that on this 12th day of April, 2006, I caused the foregoing **United States' Response to "Emergency Motion for Instructions by Receiver," Concurring in the Implicit Request to Expedite Resolution of the Rule 72 Objection (Plus Notice of United States' Position on Unsealing of Indemnification Agreement)** to be filed electronically using the CM/ECF system, which will serve all counsel registered for service by that means.

*/s/ Adam F. Hulbig*　　　　　　　　　
ADAM F. HULBIG
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C.  20044
