IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 95-cv-0777-ZLW-OES

In re:  THE RECEIVERSHIP ESTATE OF INDIAN MOTORCYCLE MANUFACTURING, INC.

## MOTION TO STRIKE OR DENY
## MOTION TO COMPEL DISCOVERY AS AGAINST CMA (ASSIGNEE)

COMES NOW Credit Managers Association of California, dba Business Credit Services ("CMA") as Assignee, pursuant to California Assignments for the Benefit of Creditors and General Assignments (the "ABCs") by Indian Motorcycle Company ("Indian"), IMCOA Licensing America, Inc. ("IMCOA Licensing"), and IMCOA Holdings America, Inc. ("IMCOA Holdings") (collectively, Indian, IMCOA Licensing, and IMCOA Holdings are referred to herein as the "Indian Entities"), and moves on behalf of the Assignee and the Indian Entities to strike or deny the Receiver's Motion to Compel Discovery As Against CMA (the "Motion to Compel"). As grounds, Assignee states as follows:

1. In approximately 2001, Indian paid the Receivership Estate approximately $24 million in cash and stock for all Indian-related assets. At that time, Indian was dismissed from this Receivership Action *with prejudice*. [Docket No. 1581]. The Indian Entities have not been parties in this Receivership Action since that time and the Assignee never has been a party.[1]

---

[1] The Indian Entities and the Assignee are, however, parties in Case No. 05-1573 (the "Sterling Action"), brought against them in the United States District Court, District of Colorado, by Sterling Consulting Corporate, *in its individual capacity*. Although the complaint (and amended complaint) in the Sterling Action are less than clear, it appears that Sterling *in its individual corporate capacity*, has sued the Indian Entities and the Assignee, along with Audax, regarding the demise of the Indian Entities, which occurred long after the purchase of the Indian-related assets, and the subsequent liquidation of the Indian Entities' assets through the ABCs **although neither Sterling nor the Receiver filed a claim in the ABCs.**

00040719                                            1

2. The Receiver has attempted to issue Rule 45 subpoenas via this Receivership Action to the Indian Entities[2] and the Assignee – non-parties in the Receivership Action – in an effort to obtain the production and inspection of extremely broad categories of documents, including, without limitation, (i) the operation of the Indian Entities following the purchase of the Indian-related assets from the receivership estate, (ii) the subsequent demise of the Indian Entities, (iii) the Assignee's distribution of the Indian Entities' assets via the California assignments, and (iv) Audax's position as a secured creditor.

3. The subpoenas are invalid and improper in numerous respects;[3] however, the Motion to Compel should be stricken or denied on two grounds. First, to be valid, Rule 45 subpoenas must be issued out of the court where the document production is requested. The subpoenas at issue were not. Second, any motion to compel must be filed in the court from which the subpoenas issued. The motion to compel was filed in this court, which is not the "issuing court."

4. It is clear from the plain language of Rule 45 that a subpoena must issue from the court where the document production is to occur. Fed.R.Civ.P. 45(a)(2)(C) states:

> (2) A subpoena must issue as follows:
> . . .
>
> (C) for production and inspection, if separate from a subpoena commanding a person's attendance, **from the court for the district where the production or inspection is to be made.**

---

[2] All subpoenas, claims of any kind, service of process, etc. served on the Indian Entities are immediately forwarded to CMA, as the Assignee of the Indian Entities. The subpoenas that the Receiver attempted to serve on the Indian Entities were therefore received by the Assignee.

[3] The Assignee reserves all objections to the form and substance of the purported subpoenas, *if and when they are properly served*, including without limitation, the Receiver's failure to comply with Fed.R.Civ.P. 45(a)(1)(D); 45(b)(2); 45(c)(3)(A)(i); 45(c)(3)(A)(ii); 45(c)(3)(A)(iii); and 45(c)(3)(A)(iv). Immediately upon receipt of the invalid subpoenas, the Assignee made written objections to the subpoenas as required by Fed.R.Civ.P. 45(c)(2)(B). *See, e.g.*, Motion to Compel, Exhibit 2 (Letter from R.Pitts to J.Tanner dated March 17, 2006).

(Emphasis added).

5.  Both CMA as Assignee and the Indian Entities' estates are located in the Central District of California. Neither CMA nor the Indian Entities are located or maintain documents in either the District of Colorado or the Southern District of California.

6.  Initially, the Receiver mailed the Rule 45 subpoenas to Mr. Pitts, counsel for the Assignee, in clear violation of Fed. R. Civ. P. 45(a)(2)(C). When the failure of the Receiver to comply with numerous provisions of Fed.R.Civ.P. 45 was pointed out by letter dated Febrauary 10, 2006, the Receiver apparently consulted Rule 45 and had the subpoenas issued out of the Southern District of California (but failed to remedy any other defects). The Receiver's failure to issue the Rule 45 subpoena from the proper court (the Central District of California), was immediately pointed out to the Receiver by letter. *See* Motion to Compel, Exhibit 2 (Letter to J.Tanner from R.Pitts dated March 17, 2006, which states (original in bold): **"the Subpoena is facially invalid with respect to the issuing district and the place of production (See Fed.R.Civ.P. 45(a)(2)")**. Rather than remedy the basic service problem which rendered the subpoenas facially invalid, the Receiver filed a Motion to Compel in this Court, which is the improper court for such relief pursuant to Fed.R.Civ.P. 45(c)(2)(B), 45(c)(3), and 45(e). It should also be noted that the Receiver's long-winded rendition of the Rule 7.1 conference call, *see* Motion to Compel, pp. 2-3, is both inaccurate and incomplete; however, that is irrelevant to this Motion to Strike.

7.  The subpoenas are facially invalid and the Motion to Compel should be stricken or denied, pending the Receiver's compliance with Rule 45. *See Echostar Communications Corp. v. The News Corporation Limited*, 180 F.R.D. 391, 397 (D.Colo. 1998) ("The Rule requires that subpoenas 'shall' issue from the court for the district in which the production or

inspection is to be made. Fed.R.Civ.P. 45(a)(2). Echostar did not comply with the mandates of this rule, and failed to obtain the issuance from the states where production of materials were to be obtained from [the non-parties]. I find that the subpoenas which were issued upon [the non-parties] are invalid."). Accordingly, because the Receiver did not comply with the mandates of Rule 45 in that the subpoenas were not issued "from the court for the district where the production or inspection is to be made," the subpoenas are invalid.

8. Moreover, the Motion to Compel should be stricken pursuant to Fed.R.Civ.P.12(f), or denied, as it has been filed in the wrong court. Pursuant to Fed.R.Civ.P. 45(c)(2)(B):

> If objection [to a subpoena] is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order **of the court by which the subpoena was issued.**

(Emphasis added). Thus, the clear language of Rule 45 requires that the serving party seek relief regarding the Assignee's objections to the subpoenas in the court which properly issued the subpoenas. That is not this Court, nor is it the Southern District of California. The only proper court to both issue the subpoenas and address any motion to compel is the United States District Court for the Central District of California.[4]

9. The Receiver has failed to comply with Rule 45 in numerous respects. Moreover, even if the Receiver had complied with the service requirements of Rule 45, a motion compelling

---

[4] The Receiver's argument that it has jurisdiction "over property of the receivership in every district of the United States," *see* Motion to Compel, p. 7, does not help it with respect to its clear failure to comply with Rule 45. The Receiver here seeks documents and information, not turnover of receivership property. Indeed, the Receiver has not argued – and cannot argue – that the Indian Entities and/or the Assignee hold property of the receivership estate because they do not. In fact, the only argument that can be made (regardless of the argument's strength or weakness) is that Sterling, *in its individual corporate capacity*, has sued the Indian Entities in the Sterling Action for breach of contract, which alleged claim may or may not be "assigned" to the Receiver. Such is the Receiver's tenuous "nationwide jurisdiction" argument. The Receiver's ongoing attempts to evade the federal rules of civil procedure should be stopped.

compliance with any subpoena must be brought in the court which properly issued the subpoena. Accordingly, the Motion to Compel should be stricken or denied.

WHEREFORE, the Assignee requests that this Court strike or deny the Receiver's Motion to Compel.

Respectfully submitted this 12th day of April, 2006.

**BIEGING SHAPIRO & BURRUS LLP**

By: s/ Julie Trent
Julie Trent, No. 17086
4582 S. Ulster Street Pkwy., Suite 1650
Denver, CO 80237
Office: (720) 488-0220
Fax: (720) 488-7711
E-mail: jt@bsblawyers.com

Robert Pitts
LAW OFFICE OF ROBERT W. PITTS
660 Newport Center Drive, Suite 400
Newport Beach, California 92660
T: 949-720-4125
F: 949-720-4111
E: rpitts@lawrwp.com
*Attorneys for CMA as Assignee of the Indian Entities*

00040719

5

## CERTIFICATE OF SERVICE

I hereby certify that on April 12, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

jtanner@fwlaw.com

ahale@haldfriesen.com

eramey@ir-law.com
spack@ir-law.com

jcage@cagewilliams.com

glen.keller@dgslaw.com

jelliff@mofo.com

adam.f.hulbig@usdoj.gov

mgoschetti@hatchlawyers.com

csasso@bakerlaw.com

mpankow@bhf-law.com
dgarfield@bhf-law.com

                          s/ Julie Trent
**Julie Trent**, No. 17086
Bieging Shapiro & Burrus, LLP
4582 South Ulster Street Parkway, Suite 1650
Denver, Colorado 80237
Telephone: (720) 488-0220
Fax: (720) 488-7711
E-mail: jt@bsblawyers.com