UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 95-cv-00777-REB-CBS

In re: Indian Motorcycle Manufacturing, Inc., a New Mexico Corporation

---

**RECEIVER'S (1) MOTION TO RECONSIDER CERTAIN ORDERS ALLOWING ATTORNEYS FOR CLAIMANTS TO WITHDRAW WITHOUT PROVIDING CONTACT INFORMATION FOR CLAIMANTS; AND (2) MOTION TO ESTABLISH PROCEDURE FOR ATTORNEY WITHDRAWALS IN THE FUTURE**

---

Sterling Consulting Corporation, as receiver, by and through its attorneys, Fairfield and Woods, P.C., hereby moves this Court to reconsider certain orders allowing attorneys for claimants to withdraw and to establish a procedure to make sure that such information is provided in the future, and as grounds therefore states as follows:

1. Numerous attorneys have moved to withdraw from representing various claimants recently. In many cases, withdrawal of an attorney presents no issue for the Receivership Estate. In some cases, however, the lawyer represents a claimant who may be required to disgorge money to the receiver if Magistrate Judge Schlatter's recommendation is affirmed by Judge Blackburn. In many instances, the lawyer moving to withdraw has not provided contact information how that claimant can be contacted once that lawyer has withdrawn. This leaves the receiver with no method of finding parties who may end up owing the Receivership Estate money.

2. Specifically, the following attorneys moved to withdraw from representing the following claimants without providing a method for service on the claimant. Further, in each instance the Court did not wait the 20 days provided for under Local Rule 7.1 before ruling:

| Attorney | Client(s) | Time between Motion and Order |
| --- | --- | --- |
| Bruce Menk, James Britt (Hall & Evans) | Eller Industries | 4 Days |
| Steven J. Merker (Dorsey & Whitney) | Eller Industries | 2 Days |
| Stephen D. Bell (Dorsey & Whitney) | Eller Industries | 2 Days |
| Glen Keller (Davis, Graham & Stubbs) | Cow Creek Band | 6 Days |
| Douglas M. Tisdale (Douglas Tisdale) | Michelle Lean | 0 Day |

3. In another instance, the Court allowed the proper time for objections, but erroneously allowed counsel to withdraw without providing contact information for the clients:

| | |
| --- | --- |
| Allan L. Hale (Hale Friesen) and Monica Woods (Hale Friesen) | M. & M. Basciani |
| | Martha Dickson |
| | Everill Bros., Inc. |
| | J. & V. Nicholson |
| | Arrow Indian Motorcycle |
| | J. & C. Petito |
| | Town & Country Sports |
| | Southern Thunder |
| | Marcia Taylor |

2

4. Colorado Rules of Professional Conduct Rule 1.16 (Declining or Terminating Representation) provides, in pertinent part, the conditions upon which a lawyer may withdraw when matters are pending before the Court:

> (b) A lawyer may not request permission to withdraw in matters pending before a tribunal and may not withdraw in other matters unless such request or such withdrawal is because:
>
> (1) the client:
>
>> (A) insists upon presenting a claim or defense that is not warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law.
>>
>> (B) personally seeks to pursue an illegal course of conduct.
>>
>> (C) insists that the lawyer pursue a course of conduct that is illegal or that is prohibited by these rules.
>>
>> (D) by other conduct renders it unreasonably difficult for the lawyer to carry out the lawyer's employment effectively.
>>
>> (E) insists, in a matter not pending before a tribunal, that the lawyer engage in conduct that is contrary to the judgment and advice of the lawyer but not prohibited by these rules; or
>>
>> (F) deliberately disregards an agreement or obligation to the lawyer as to expenses or fees; or
>
> (2) the lawyer's inability to work with co-counsel indicates that the best interest of the client likely will be served by withdrawal; or
>
> (3) the lawyer's client knowingly and freely assents to termination of the lawyer's employment; or
>
> (4) the lawyer believes in good faith in a proceeding pending before a tribunal that the tribunal will find the existence of other good cause for withdrawal.

5. A review of the circumstances surrounding the withdrawal of attorneys indicates that Colo. R. Prof'l Conduct 1.16(b)(3) is the only likely condition that could possibly exist that

3

would enable a lawyer to withdraw. If the "client knowingly and freely assents to termination," then the lawyer must be in contact with the client.

6. The Court would not allow an attorney to withdraw from representing a defendant in a case without the attorney withdrawing providing contact information to the Court and the Plaintiff. The Court should view all claimants in the estate in the same light, at least for the time being, and not allow attorneys to withdraw unless they provide contact information for the client.

7. It is possible that it may be a claimant—such as Ms. Lean (whose counsel was allowed to withdraw the same day the motion was filed)—against whom it is unlikely that the receiver will be seeking disgorgement. The receiver simply requests it be given the 20 days provided in D.Colo.L.R. 7.1 to object.

8. Further, the Motions referenced above are contrary to the rules of Court and Orders in this case. D.Colo.L.R. 83.3D provides that when an attorney is moving to withdraw, "Notice to the attorneys' clients must include the warning that the client personally is responsible for complying with all court orders and time limitations . . . ." The Motions above do not certify this was done.

9. On February 8, 2006 the Court entered its Order Modifying Rule 5 Service Requirements, which provided that the mailing list was to be modified so every claimant did not get notice of every pleading, but that every pleading that affected a claimant had to be sent to that claimant. None of the Motions to Withdraw show that they were sent to the clients—thus violating this Court's Order (as counsel withdrawing for Claimant A certainly affects Claimant A).

10. Further, allowing the withdrawals without giving contact information might preclude others from complying with the Order Modifying Rule 5 Service Requirements in the future. If the receiver (or any other party) lacks contact information for a particular claimant, then it cannot send that claimant notice of a motion which affects that claimant, as required by the Court's Order.

11. Additionally, the Court should enter an Order that no attorney may move to withdraw without providing contact information for a client. This will avoid this problem in the future.

12. Pursuant to Local Rule 7.1, undersigned counsel certifies he has not conferred with any other counsel regarding this case, as he is unsure with whom to confer.

13. WHEREFORE, the receiver requests that reconsider its Orders allowing the withdrawal of the attorneys above absent them providing contact information for their clients, and that it enter an Order requiring that all future Motions to Withdraw contain contact information for the clients whose counsel is moving to withdraw, and that it grant the receiver such other and further relief as the court deems just and proper.

WHEREFORE, the receiver requests that reconsider its Orders allowing the withdrawal of the attorneys above absent them providing contact information for their clients, and that it enter an Order requiring that all future Motions to Withdraw contain contact information for the clients whose counsel is moving to withdraw, and that it grant the receiver such other and further relief as the court deems just and proper.

Respectfully submitted this 12th day of April, 2006.

By: *s/ John M. Tanner*
Fairfield and Woods, P.C.
1700 Lincoln Street, Suite 2400
Denver, CO  80203-4524
Phone:  (303) 830-2400
Fax:  (303) 830-1033
Email:  jtanner@fwlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 12, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses or as indicated below or by United States Mail, postage prepaid:

**VIA CM/ECF TO:**

Alan Lemont Hale Esq.
Hale Friesen, LLP
1430 Wynkoop St., Ste. 300
Denver, CO 80202
**Attorney for Richard Basciani, N. Rooke Everill, Pres./Everill Bros., Inc., John H. Nicholson or Virginia A. Nicholson**
ahale@haldfriesen.com

Edward T. Ramey, Esq.
Stuart H. Pack, Esq.
Isaacson Rosenbaum
 Woods and Levy
633 17th St., Ste. 2200
Denver, CO 80202
**Attorneys for William R. Childs, Scott McCormick, Jr., Douglas Walliser, Ronald Schiff, Edward Pacelli, Morty Lempel, A.B. Goldberg, First Entertainment, Harvey Rosenberg**
eramey@ir-law.com
spack@ir-law.com

James R. Cage, Esq.
Cage Williams Abelman
 & Layden, P.C.
St. Elmo Bldg.
1433 17th St.
Denver, CO 80202-1273
**Attorney for Carl D. Lucci/Albert R. Lucci**
jcage@cagewilliams.com

J. Eric Ellliff, Esq.
Kristen Taylor-Randall, Esq.
Morrison & Foerster, LLP
370 17th St., Ste. 3550
Denver, CO 80203
**Attorney for IMCOA**
jelliff@mofo.com

Adam F. Hulbig
Trial Attorney, Tax Division
US Dept. of Justice
PO Box 683
Ben Franklin Station
Washington, DC 20044
**Attorney for United States of America**
adam.f.hulbig@usdoj.gov

Gary C. Moschetti, Esq.
Hatch & Moschetti, LLP
1800 Glenarm Pl., 9th Floor
Denver, CO 80202
**Attorney for Edward Leal**
gmoschetti@hatchlawyers.com

Cassandra Sasso, Esq.
Baker & Hostetler
303 E. 17th Ave., Ste. 1100
Denver, CO 80203-1264
**Attorney for Michelle Lean**
csasso@bakerlaw.com

Michael J. Pankow
Daniel J. Garfield
Brownstein Hyatt & Farber PC
410 17th Street, Suite 2200
Denver, CO 80202
**Attorneys for Michael Payne**
mpankow@bhf-law.com
dgarfield@bhf-law.com

**VIA UNITED STATES MAIL:**
James Duberg, Esq.
727 Third Ave.
Chula Vista, CA 91910-5803

Mark S. Schmidt, Esq.
Miller Simon & Maier, S.C.
788 North Jefferson Street
Milwaukee, WI 53202
**Attorney for Miller Simon & Maier**

Peter C. Freeman, Esq.
Law Offices of Peter C. Freeman
16485 Laguna Canyon Rd., Ste. 230
Irvine, CA 92618-3846
**Attorney for Scott Kajiya**

Mr. Albert Lucci
1930 Wyoming Ave.
Fort Pierce, FL 34982

Robert W. Hallock, Esq.
202 S. Merrill St.
Park Ridge, IL 60068-4223

Peter Sklarew, Esq.
Assistant Chief
Civil Trial Section, Northern Region
United States Dept. of Justice
Tax Division
PO Box 55
Washington, D.C. 20044
**Attorney for IRS**

Robert J. Danie, Eq.
9 Wagon Wheel Drive
Feeding Hills, MA 01030

Noreene C. Stehlik, Esq.
U.S. Dept. of Justice
PO Box 683
Ben Franklin Station
Washington, D.C. 20044
**Attorney for IRS**

Robert L. Morrow, Jr., MD
401 N. College Rd., #5
Lafayette, LA 70506

Nicholas A. Russo, Sr.
310 Extonville Road
Allentown, NJ 08501

Richard J. Cortesi
5316 Camino Montano, N.E.
Albuquerque, NM 87111

Albert R. Gazza
589 Manchester
E. Glastonbury, CT 06025-0085

Ronald Fulfer
15315 S. Francis Dr.
Plainfield, IL 60544

Richard Dale Wood
13997 80th Ave. North
Maple Grove, MN 55311

Steve Halprin
1316 Penningtow Place
Concord, N.C. 28207

Alf Iseback
Gamla Tuvevagen 4
41705 Goteborg
**SWEDEN**

Kathryn L. Troccoli
1911 Champlain St.
Ottawa, IL 61350

Ed Pink
Ed Pink Racing Engines, Inc.
14612 Raymer Street
Van Nuys, CA 91405

Montgomery & Andrews, P.A.
325 Paseo De Peralta
Santa Fe, NM 87501

Jeffrey M. Perkins
President
Western Design Engineering, Inc.
808 Airport Road
Jackson, MI  49202

John Inelli
17 Old Farmstead Rd.
Chester, NJ  07930

Eller Industries
c/o Leonard S. ("Lonnie") Labraiola
6035 N. 115th Street
Longmont, CO  80504-8434

**Registered Agent:**
Randal L. Hittle
1630 Main Street, Suite 202
Longmont, CO  80501

**VIA E-MAIL:**
Richard A. Block
President
Sterling Consulting Corporation
4101 E. Louisiana Ave., Ste. 300
Denver, CO  80246
**Receiver**
rblock@xpn.com

**Courtesy Copies to:**
Julie Trent
jt@bsblawyers.com

Eugene Sprague
esprague@bw-legal.com

Michael Chodos
michael@chodos.com

Robert Pitts
rpitts@lawrwp.com

By:   *s/ John M. Tanner*
        Fairfield and Woods, P.C.
        1700 Lincoln St., #2400
        Denver, CO  80203
        Phone:  (303) 830-2400
        Fax:  (303) 830-1033
        Email:  jtanner@fwlaw.com