**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLORADO**

Civil Action No. 95-cv-00777-REB-CBS

In Re: THE RECEIVERSHIP OF INDIAN MOTORCYCLE MANUFACTURING, INC.

___

**OPPOSITION TO, AND MOTION TO STRIKE, RECEIVER'S MOTION TO COMPEL RESPONSES TO SUBPOENAS AGAINST AUDAX PRIVATE EQUITY FUND, L.P., AUDAX CO-INVEST, L.P., AUDAX SPECIAL PURPOSE CO-INVEST, L.P., AUDAX TRUST CO-INVEST, L.P., AND AUDAX GROUP**
___

COME NOW Non-Parties Audax Private Equity Fund, L.P., Audax Co-Invest, L.P., Audax Special Purpose Co-Invest, L.P., Audax Trust Co-Invest, L.P., And Audax Group Audax Private Equity Fund, L.P. (collectively "Audax"), by and through their counsel Michael Chodos, Esq. and Berenbaum, Weinshienk & Eason, PC, and hereby Oppose and Move to Strike the Receiver's Motion to Compel, filed herein as **Doc. No. 2195.** In support of this Opposition and Motion to Strike, Audax states as follows:

1. On February 10, 2006 at 1:00 p.m. the Receiver had five subpoenas delivered to the offices of non-party Audax in Boston, Massachusetts. The subpoenas (which are attached to the Receiver's Motion to Compel as Exhibits 3 through 7) were sent under Fed. Rule of Civ. Proc 45. They contain 34 categories of "Instructions" and purport to require production of 35 extremely broad categories of documents relating to virtually every aspect of the business, operations, finances and management of the five different Indian Motorcycle entities. They required production on Tuesday, February 14, 2006, *four days after service and over a weekend*, and with the only intervening business day being the Lincoln's Birthday holiday.

1

2. The five subpoenas are facially invalid and unreasonable, as the Receiver admits in its own Motion to Compel. None of the Audax entities is a party to this Receivership Action and there are no claims or pleadings whatsoever pending against the Audax entities in this action. There is thus no basis for subjecting Audax to the absurdly over-reaching document requests set forth in the subpoena; and more to the point, no reason whatsoever for requiring non-parties such as Audax to respond to a massively overbroad subpoena with only one business day's notice. The subpoenas appear simply to be a pretext for the Receiver to obtain some perceived advantage in the 05-1573 Action by filing yet another pleading accusing Audax of "stonewalling." For these and the following reasons, the Motion to Compel should be denied and stricken:

3. First, the Motion to Compel is filed in the wrong court. Fed. R. Civ. Proc. 12(f). In this regard, Fed. R. Civ. Proc. 45(c)(1), (c)(2)(B), (c)(3)(A), and (e) requires a motion to compel to be made before the Court "which issued the subpoena." Here, that Court is the District Court of Massachusetts. Rule 45 does not permit the subpoenaing party (here, the Receiver) to drag a distant non-party into this Court on a motion to compel. Instead, it requires the party which issued the subpoena to travel to the witness's location if it seeks to move to compel. The Receiver has not done so – in clear violation of Rule 45. For this reason alone, the Motion to Compel should be stricken.[1]

4. Second, the Motion was not served on Audax. Rule 45(c)(2)(B) expressly requires that a Motion to Compel be made "upon notice to the person commanded to

---

[1] The Receiver argues that 28 U.S.C. §754 and §1692 give the Receiver "national jurisdiction over property of the receivership." [Motion, p. 7] Regardless of whether this assertion is correct, it is in any event completely irrelevant to a motion to compel production of documents from a non-resident, non-party witness under Rule 45. The subpoenas which are the subject of this Motion seek records of non-parties – the Audax entities – not any "property of the receivership estate." Rule 45 makes perfectly clear what procedures the subpoenaing party must follow in order to enforce a subpoena, and it makes no exceptions for Receivers. The point of Rule 45(c) and (e) is to protect non-parties from inappropriate burden, harassment and expense of having to assert objections in distant jurisdictions. The Receiver seeks simply to ignore the Rule's clear language on this point.

produce." As the Certificate of Service to the Motion demonstrates, neither Audax nor either of its counsel (both of whom are well known to the Receiver) was served with the Motion. For this additional reason, the Motion must be denied.[2]

5. Third, the Motion must be denied because the subpoenas to Audax violate Rule 45 and are in numerous respects unfair, unreasonable and grossly burdensome. It is critical to note that the Receiver does not attach to its Motion to Compel Audax's written Objection to the subpoenas. What the Receiver attaches as Exhibit 8 to its Motion is a *prior* objection which Audax made to an *earlier* set of subpoenas which the Receiver sent to Audax and then hastily withdrew. Audax's written Objection to the subpoenas which are the subject of this Motion to Compel was sent to the Receiver on February 14, 2006 in the form of a letter-Objection from Michael Chodos, Esq. to Jack Tanner, Esq., the Receiver's counsel. A true and correct copy of said written Objection is attached hereto as Exhibit "A". As the Court will note, Audax objects specifically, and substantively, to the subpoenas and specifies precisely the basis and grounds for its objection. The Receiver does not address a single one of Audax's objections in its Motion to Compel.

6. As set forth in Audax's written Objections, the subpoenas are technically invalid and improper because – as the Receiver admits -- they fail to comply with the requirements of Fed.R.Civ.P. Rule 45 section 45(a)(1)(D). But beyond this evident technical defect, the subpoenas are substantively unreasonable and improper for a host of reasons:

---

[2] This is now the *second* motion which the Receiver has filed in the Receivership Action purporting to affect Audax's rights which it did not serve on Audax. Previously, it did the same thing with its Motion to Consolidate this action with the 05-1573 Action. [See Doc. No. 2014] As with the prior motion which was not served on Audax, the Receiver offered to "allow" Audax to request additional time to respond – once Audax belatedly discovered the existence of this Motion to Compel and objected to the Receiver's failure to serve it. Also, the Receiver belatedly "served" this Motion on Audax by emailing Audax a copy on April 1, 2006, *after* Audax informed the Receiver that it was never served with the Motion. [See Doc. No. 2208] But this is just gamesmanship by the Receiver, and once again has forced Audax to respond to a motion with only a fraction of the time ordinarily provided to it by Colo. Dist. Court L. Rule 7.

3

(a) There is no pleading whatsoever in this Receivership Action to which the subpoenas relate. There is thus no way to determine if they are "relevant to the subject matter" as required by Fed. Rule of Civ. Proc. 26, because there is no "subject matter" of any dispute in existence between the Receiver and the Audax entities in the Receivership estate. This is thus not even a "fishing expedition;" it is simply harassment.

(b) The only reference the Receiver makes in its *entire* Motion to Compel to the relevance of the subpoenaed documents is that they are relevant to the Receiver's investigation into "what happened to Indian" and "the value the Receivership Estate was to receive from its buyer." [Motion, pg. 10] But Audax had nothing to do with Indian at the time it dealt with the Receiver regarding the purchase of certain Trademark assets from the Receivership, and no role in deciding what "value" the Receiver was going to get in return for those assets. Audax was simply a subsequent shareholder in a later group of corporate entities which thereafter purchased various Indian rights and assets; Audax never had any contractual relationship with the Receiver.

(c) The Subpoenas fail to comply with the requirements of Fed.R.Civ.P. Rule 45 section (c)(3)(A)(i). In this respect, the Subpoenas were delivered on a Friday before a weekend and the Lincoln's Birthday holiday, and purport to require review and production of documents by Tuesday, February 14, 2006. This request is grossly unreasonable and does not permit the Audax Entities reasonable or adequate time to review their records, to determine if any responsive documents are within their possession, custody or control, or to review any potentially responsive for claims of privilege.

(d) The Subpoenas fail to comply with the requirements of Fed.R.Civ.P. Rule 45 section (c)(3)(A)(iv). In this respect, the Subpoenas require the Audax Entities to review and produce some 35 categories of documents which on their face appear to canvass *every business aspect of Indian Motorcycle Company and related persons and entities.* The requests are very broadly worded and are without limitation in time; and the requests do not arise out of or relate to any pending pleading or proceeding in the Receivership action in which they are issued. The Audax Entities are not parties to the Receivership Action and as non-parties should not be subjected to the burden of responding to such voluminous discovery.

(e) The Subpoenas were issued for an improper purpose as they were issued in this Receivership proceeding for the benefit of Sterling Consulting Corporation, in its individual capacity, in another pending proceeding. The existence of this collateral purpose is not an idle assertion by Audax; it is precisely what the Receiver and Sterling themselves argued in their Motion for an Extension of Time to File First Amended Complaint, which they filed in the 05-1573 Action as Doc. No. 57, pgs 2-4.

4

(f) The Subpoenas are improper in that they seek to subvert and avoid the limitations upon, and procedures governing, discovery among parties to pending actions as set forth in Fed. R. Civ. P. 26.  Simply put, Sterling Consulting Corp. in its individual capacity is the plaintiff in an action pending against Audax [05-1573] but it has not sought leave to serve any discovery directly upon Audax in that action in accordance with Rule 26.

(g) The Subpoenas might well have required disclosure of confidential, privileged or trade secret information but Audax could not determine that fact as it was given insufficient time to search its records and to determine what responsive documents it had, let alone whether they were of a privileged or protected nature such that production would have been improper.

7. Rule 45(c)(3)(A) requires the Court to quash or modify a subpoena if it fails to allow a reasonable time for compliance or subjects a non-party to undue burden.  Section (c)(3)(B) allows the Court to quash or to impose conditions upon compliance with a subpoena in order to protect a non-party witness against a requirement that it disclose privileged, trade secret, or otherwise protected information.

8. The Receiver blithely admits that the subpoenas are "very broad and in need of refinement and narrowing in scope."  [Motion, pg. 5]  It then goes on to seek sanctions against Audax for "stonewalling" and "willful failure to comply."  This is absurd.  Rule 45 does not contemplate that a non-party will be served with grossly and *admittedly* overbroad and burdensome subpoenas and then sanctioned for refusing to spend hundreds of man-hours scrambling to comply with them on one-business-day's notice.  To the contrary, Section (c)(1) expressly provides that a party or attorney issuing a subpoena "shall take reasonable steps to avoid imposing undue burden or expense on a party subject to that subpoena," and provides for imposing sanctions on a party or attorney who fails to comply with this duty.

9. Here, the Receiver asserts that Audax was "unreasonable" and "failed to comply in good faith" with its meet and confer obligations under Local Rule 7.1 to disclose "what documents it has" so that the Receiver could modify its inspection demands.  But Local Rule 7.1 does not (and could not) impose any obligation upon

Audax to disclose "what documents it has" when the Receiver has never indicated what claims it has against Audax. Audax, like any business, has many documents. Because Audax invested in various Indian Motorcycle entities between 2001 and 2003, it has a number of documents relating to Indian. But beyond this obvious fact, Audax cannot possibly know what documents are "relevant to the subject matter" of the Receiver's claims when the Receiver *has never set forth any claims* against Audax. In essence, the Receiver is trying to impose upon Audax the burden of speculating what possible claims the Receiver might have against Audax and then telling the Receiver what documents it has which might be relevant to such claims. This turns the litigation process on its head. It is also not the process which Rule 45(c)(1)-(3) contemplates once an objection to discovery has been made.

For all the foregoing reasons, the Audax entities respectfully submit that the Receiver's Motion to Compel should be stricken or denied.

Respectfully Submitted.

DATED:  April 12, 2006
By:     s/ Michael Chodos
        Michael Chodos, Esq.

Michael Chodos, Esq.
56 Malaga Cove Plaza
Palos Verdes Estates, CA  90274-1306
Ph: (310) 791-1928
Fax: (310) 791-1958
Email: michael@chodos.com

Eugene M. Sprague, Esq.
Berenbaum, Weinshienk & Eason, PC
370 Seventeenth Street
Republic Plaza, 48th Floor
Denver, CO  80202-5698
Phone:  303-592-8327
Fax:  303-629-7610
Email: esprague@bw-legal.com

Attorneys for Defendant Audax Private Equity Fund, L.P.

6

## CERTIFICATE OF SERVICE

      I hereby certify that on this 12th day of April, 2006, I electronically served the foregoing **OPPOSITION TO, AND MOTION TO STRIKE, RECEIVER'S MOTION TO COMPEL RESPONSES TO SUBPOENAS AGAINST AUDAX PRIVATE EQUITY FUND, L.P., AUDAX CO-INVEST, L.P., AUDAX SPECIAL PURPOSE CO-INVEST, L.P., AUDAX TRUST CO-INVEST, L.P., AND AUDAX GROUP** on the following parties at the email addresses below.  I electronically filed said document with the Clerk of the Court using the CM/ECF system on April 13, 2006, which will send notification of such filing to the following email addresses:

jtanner@fwlaw.com
ahale@haldfriesen.com
eramey@ir-law.com
spack@ir-law.com
jcage@cagewilliams.com
glen.keller@dgslaw.com
jelliff@mofo.com
adam.f.hulbig@usdoj.gov
mgoschetti@hatchlawyers.com
csasso@bakerlaw.com
mpankow@bhf-law.com
dgarfield@bhf-law.com

Additional copy via email to:

John Tanner, Esq.
Fairfield and Woods, P.C.
1700 Lincoln St., #2400
Denver. CO 80203
Phone: (303)830-2400
Fax: (303)830-1033
Email: jtanner@fwlaw.com

Thomas F. Quinn, Esq.
Thomas F. Quinn, P.C.
1600 Broadway, Suite 1675
Denver, CO  80202
Ph: (303) 832-4355
Fax: (303) 672-8281
Email: tquinn@tfqlaw.com

Julie Trent, Esq.
Bieging, Shapiro & Burrus, LLP
4582 S. Ulster Street Pkwy., Suite 1650
Denver, CO  80237
Ph: (720) 488-0220
Fax: (720) 488-7711
Email: jt@bsblawyers.com

By:    s/ Michael Chodos
       Michael Chodos, Esq.

Michael Chodos, Esq.
56 Malaga Cove Plaza
Palos Verdes Estates, CA  90274-1306
Ph: (310) 791-1928
Fax: (310) 791-1958
Email: michael@chodos.com

Eugene M. Sprague, Esq.
Berenbaum, Weinshienk & Eason, PC
370 Seventeenth Street
Republic Plaza, 48th Floor
Denver, CO  80202-5698
Phone:  303-592-8327
Fax:  303-629-7610
Email: esprague@bw-legal.com