IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 95-cv-00777-REB-CBS

In re:

RECEIVERSHIP ESTATE OF INDIAN MOTORCYCLE MANUFACTURING, INC.,
a New Mexico corporation

ORDER

Magistrate Judge Craig B. Shaffer

PENDING before this court is Edward Pacelli's Motion for Leave to File Joinder to Michael Payne's Objection to Magistrate Judge's Recommendation (Document # 2089), filed on January 23, 2006. Mr. Payne's Objection was timely filed on December 29, 2005 and directed to Magistrate Judge Schlatter's Report and Recommendation of December 14, 2005 (Document # 2014). In the pending motion, Mr. Pacelli contends that he "has meritorious defenses to the relief which is the subject of the Recommendation," and that he was "unaware of any opportunity to object to the Magistrate's Recommendation or deadline for doing so." *See* Motion for Leave, at 2.

On January 23, 2006, Sterling Consulting Corporation, as receiver, filed a Response to Motion for Leave to File Joinder by Edward Pacelli, arguing that the motion should be denied. The Receiver suggested that Mr. Pacelli had reasonable notice of the Magistrate Judge's Recommendation and insists that Mr. Pacelli has not established good cause to permit his untimely submission. The Receiver further dismisses the substantive merits of Mr. Pacelli's objections.

The court also received a Response from the United States on January 27, 2007.  In that Response, the United States took "no position on whether the Court should grant [Mr. Pacelli's] motion for leave to file the joinder/supplement."  However, the United States renewed the arguments raised in its January 6, 2006 Response to Mr. Payne's Rule 72 objection and reiterated its view that Magistrate Judge Schlatter's Report and Recommendation should be granted.

After carefully considering the points raised in the foregoing Motion and Responses, the court will grant Mr. Pacelli's Motion for Leave to File Joinder.  The docket sheet in this case seems to indicate that a copy of Magistrate Judge Schlatter's Report and Recommendation was served on Mr. Pacelli's counsel.  However, Mr. Pacelli's Declaration states that he was unaware of his right to object to that Report and Recommendation, much less any deadline imposed by Fed.R.Civ.P. 72.  This court does not have sufficient information to resolve this factual question. *See Vega v. Suthers*, 195 F.3d 573, 580 (10th Cir. 1999) (noting that the failure to file timely objections to a magistrate judge's recommendation has been excused "only in the rare circumstance in which a represented party did not receive a copy of the magistrate's R & R").

The District Court is not barred absolutely from considering late objections.  *See Kruger v. Apfel*, 214 F.3d 784, 787-88 (7th Cir. 2000).  In this case, Mr. Pacelli filed his motion approximately three weeks after the Rule 72 deadline and seeks to join in objections timely filed by Mr. Payne.  I see no substantial prejudice to the United States or the Receiver if Mr. Pacelli is permitted to join objections already under consideration by the District Court.  To the extent that Mr. Pacelli also wishes to raise additional grounds for objection, I do not find that his delay is so egregious as to justify denying the pending Motion.  *Cf. Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994) (holding that plaintiffs' failure to file a timely objection to a magistrate judge'

recommendation did not bar appeal where the objection "was not egregiously late and caused not even the slightest prejudice" to the opposing party).

While the court does not express any views on the merits of Mr. Pacelli's "objections," I will grant the Motion for Leave to Join Given the pending objection filed by Mr. Payne, the court finds that denying the Motion for Leave to Join would not further the interests of justice. If the Receiver or the United States wish to file a supplemental response specifically addressing the substantive arguments raised by Mr. Pacelli, they made do so within 20 days of this Order.

DATED this 18th day of April, 2006.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge