IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 95-cv-0777-ZLW-OES

In re:  THE RECEIVERSHIP ESTATE OF INDIAN MOTORCYCLE MANUFACTURING, INC.

### ASSIGNEE'S SUR-REPLY IN OPPOSITION TO RECEIVER'S REPLY IN SUPPORT OF ITS MOTION TO CONSOLIDATE

COMES NOW Credit Managers Association of California, dba Business Credit Services as Assignee ("Assignee"), pursuant to a California Assignment for the Benefit of Creditors and General Assignments dated May 12, 2004, by Indian Motorcycle Company ("Indian"), IMCOA Licensing America, Inc. ("IMCOA Licensing"), and IMCOA Holdings America, Inc. ("IMCOA Holdings")[1] (collectively, Indian, IMCOA Licensing, and IMCOA Holdings are referred to herein as the "Indian Entities"), and hereby files this Sur-Reply in Opposition to the Receiver's Motion to Consolidate.  As grounds, Assignee states as follows:

1.  On December 14, 2005, the Receiver filed a Motion to Consolidate with this Receivership Action a separate, declaratory relief action (the "1573 Action") filed *not* by the Receiver, but by Sterling Consulting Corporation in its individual capacity against several entities, *none of which are parties in the Receivership Action*, Case No. 05-cv-1573-PSF-CBS.

2.  On January 3, 2006, Assignee filed its Response to the Motion to Consolidate, making the Receiver's reply in support of the Motion to Consolidate due on January 18, 2006.

---

[1] CMA is a California based third party fiduciary acting as an assignee for the benefit of creditors under California's assignment for benefit of creditors law.  As such, it is submitting a pleading this action in such capacity and no other.  All references to CMA herein are as Assignee of the Indian Entities only.

# Exhibit A

*See* D.C.COLO.LCivR 7.1(C) ("the moving party may file a reply within 15 days after the filing date of the response, or such lesser or greater time as the court may allow"). The Receiver did not file a timely reply to Assignee's pleading.

3. Thereafter, this Court entered a Minute Order directing all parties to file objections on or before January 17, 2006. No party in the Receivership Action filed an objection, although Audax – *a party in the 1573 Action* – filed a Response in that action.

4. On January 20, 2006, the Receiver filed a nine-page Reply in Support of Motion to Consolidate ("Reply"), raising numerous, new and unsupported allegations against both Audax and the Assignee. As an initial matter, the Receiver's Reply is untimely with respect to the only objection filed in the Receivership Action. In addition, the Receiver has raised numerous new and unsupported allegations in its Reply, to which the Assignee hereby responds.

5. Rather than carrying its Fed.R.Civ.P. 42 burden of demonstrating that there is a "common question of law or fact" between the Receivership Action and the 1573 Action, *see Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978), the Receiver offers a mish-mash of unintelligible argument and unsupported innuendo in its Reply in an apparent attempt to confuse the Court to such an extent that the Court will simply throw up its hands and consolidate two separate and distinct cases that have ***no common party***, ***no common question of law*** and ***no common question of fact***. The Assignee submits that it would be an abuse of discretion to consolidate the 1573 Action with the Receivership Action, given the facts presented. *Id.*

6. In sole support of its Motion to Consolidate, the Receiver offers the Court:

    (i)    "credible rumors," Reply, p. 6;
    (ii)    "palpable indications," *id.*;
    (iii)    "no hard evidence," *id.*; but the promise to "pursue this ***theory*** along with all others," *id.*, footnote 4 (emphasis added);

(iv) the fact that the Receiver/Sterling does not have facts and documents to support its Motion to Consolidate (a Rule 11 concern, to say the least) because it is "in the process" of preparing discovery, *id.*, p. 3 (the Court should note that there has been no discovery in the only case in which Audax and Assignee are actually parties and that the Receiver is attempting to use this Receivership Action to gain an advantage for Sterling in the 1573 Action). *See* footnote 2, *infra.*;

(v) "circumstantial evidence," and "irrefutable presumption," *id.*, footnote 4;

(vi) *undisclosed* and *unspecified* "adequate confirmed facts and documents" that "easily support the criteria for consolidation," *id.*, p. 3, although the Receiver does not actually share such "adequate" and "confirmed" facts and documents with the Court, Audax or Assignee;

(vii) Mr. Bondy's (Receivership claimant) unsupported allegation at a hearing unrelated to the Motion to Consolidate (the "Disgorgement Hearing") that "Indian" should pay "restitution" rather than claimants, *id.*, p. 7 (although the Receivership *received money from Indian*, not the other way around);[2]

7. In addition to relying on "credible rumors" and "palpable indications," the Reply also contains numerous false representations (perhaps based on the "rumors" and "indications"). Due to the number and extent of such misrepresentations, Assignee points out only a few, as follows:

---

[2] The Receiver disingenuously asserts that, although "preliminarily disagreeing with Mr. Bondy" that Indian owes the Receivership money, it would seek discovery on Mr. Bondy's unsupported allegation (indeed, the Receiver specifically crafted the Disgorgement Recommendation to "instruct" the Receiver to conduct discovery on the matters raised in the 1573 Action based on Mr. Bondy's unsupported allegations). *See* Reply, p. 2. In fact, Assignee is aware that the Receiver discussed Mr. Bondy's unsupported allegation against the Indian estates with Mr. Bondy prior to the Disgorgement Hearing because Mr. Bondy made a factual statement to the Court during the course of his unsupported allegation that was disclosed only to the Receiver and his counsel in the course of Rule 408 discussions in the 1573 Action.

(i) the Receiver hints that there are many factual allegations that it is not currently disclosing at this time, but that *will* be disclosed in an Amended Complaint in the 1573 Action. The Receiver then states that it has not filed its "real" allegations in an Amended Complaint because it has been prohibited by a stay in the 1573 Action. *Id.*, p. 3. In fact, the only "stay" in the 1573 Action deals with briefing on Audax's pending Motion to Dismiss. Nothing in the Court's order in the 1573 Action prevents Sterling from filing an amended complaint. *See* Minute Order, 1573 Action, Docket No. 38;

(ii) the Receiver alleges that "Sterling and the receiver were the only legitimate creditors" of certain of the Indian estates. *Id.*, p. 5. In fact, neither Sterling nor the Receiver has ever filed a proof of claim against any Indian estate and therefore neither of them are creditors of any Indian estate – legitimate or otherwise.

(iii) the Receiver alleges that several of the Indian estates "had assets in excess of their liabilities." *Id.* Each Indian estate had liabilities in excess of their assets. In any event, because neither Sterling nor the Receiver filed a proof of claim, the presence or absence of assets is irrelevant; and

(iv) the Receiver alleges, without any support, that there was a $5.5 million fraudulent transfer to Audax. *Id.*, p. 6. All monies paid to Audax were part of a compromised settlement in full and final satisfaction of fully secured, properly perfected, and cross-collateralized claims held by Audax against the assets of all Indian estates.

8. The Receiver has failed entirely to demonstrate a "common question of law or fact" between the 1573 Action and this Receivership Action,[3] as required by Fed.R.Civ.P. 42.

---

[3] The Court should not be confused by the Receiver's argument that the "Cash Fund Dispute" is intertwined with the 1573 Action, as that argument is irrelevant – the Cash Fund Dispute is not part of the

*(Footnote cont'd on next page)*

Instead, the Receiver throws out *admitted* rumors, presumptions and indications, in the hope that the Court will be confused by the smoke and mirrors and simply do as the Receiver requests without any basis in law or fact.

9.  Assignee asserts that it would be an abuse of discretion to grant the Motion to Consolidate on the admitted "rumors," "presumptions" and "indications" proffered by the Receiver.

WHEREFORE, Assignee requests that the Court deny the Motion to Consolidate.

Respectfully submitted this 24th day of January, 2006.

BIEGING SHAPIRO & BURRUS LLP

By: s/ Julie Trent
Julie Trent, No. 17086
4582 S. Ulster Street Pkwy., Suite 1650
Denver, CO 80237
Office: (720) 488-0220
Fax: (720) 488-7711
E-mail: jt@bsblawyers.com

Robert Pitts
LAW OFFICE OF ROBERT W. PITTS
660 Newport Center Drive, Suite 400
Newport Beach, California 92660
T: 949-720-4125
F: 949-720-4111
E: rpitts@lawrwp.com
Attorneys for CMA as Assignee of the
Indian Entities

---

*(Footnote cont'd from previous page.)*

Receivership Action either, as the money is being claimed by Sterling in its individual capacity via the 1573 Action, and not the Receiver. This Court was notified of the Cash Fund Dispute solely pursuant to the parties' ADR agreement.

## CERTIFICATE OF SERVICE

I hereby certify that on January 24th, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the parties who have entered a CM/ECF appearance in this matter

And by U.S. Mail, first class, postage prepaid and facsimile number to the following:

| | |
|---|---|
| Michael E. Chodos, Esq.<br>Michael E. Chodos, Attorney at Law<br>56 Malaga Cove Plaza<br>Palos Verdes Estates, CA 90274 | Fax:   310.791.1958 |
| Jack Tanner, Esq.<br>Fairfield & Woods, PC<br>1700 Lincoln St., Suite 2400<br>Denver, CO  80203 | Fax:   303.830.1033 |
| Tom Quinn, Esq.<br>1600 Broadway, Suite 1675<br>Denver, CO  80202 | Fax:   303.672.8281 |

                                    s/ Julie Trent
**Julie Trent**, No. 17086
Bieging Shapiro & Burrus, LLP
4582 South Ulster Street Parkway, Suite 1650
Denver, Colorado 80237
Telephone:  (720) 488-0220
FAX: (720) 488-7711
E-mail:  jt@bsblawyers.com