UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 95-cv-00777-REB-CBS

In re:  Indian Motorcycle Manufacturing, Inc., a New Mexico Corporation

---

## RECEIVER'S REPLY IN SUPPORT OF ITS EMERGENCY REQUEST FOR INSTRUCTIONS

Sterling Consulting Corporation, as receiver, hereby replies to Mr. Payne's
Response to Emergency Motion for Instructions by Receiver as follows:

Litigation by sniping is bad enough and would otherwise warrant no reply, but when
coupled with Rule 11 violations and material misstatements, it merits a reply and will likely
merit a corresponding Motion for what the receiver believes is the perfect sanction once the
period of time provided for in Rule 11 has expired.

The first issues raised by Mr. Payne—that instructions on the issue of investment of the
amounts already paid and the receiver's bond are not urgent and that the amounts in issue are *de
minimis*—amply demonstrates a failure by counsel for Mr. Payne to make a reasonable inquiry
into the facts.  Moreover, this inquiry could easily have been completed by reading the pleadings
that have been sent to Mr. Payne.

As to the investment of the funds already paid by claimants, the receiver need only point
out that it is not Mr. Payne's money that is sitting idle, but there is more.  The receiver is a
fiduciary and having money sit in a non-interest bearing account may not amount to much
interest, but the receiver does not have the latitude to make a decision that *per se* causes waste of
the Receivership Estate.  Mr. Payne's counsel knows this, which is what makes the pleading

qualify as sniping. The issues that arise are not just simple business decisions to sacrifice the interest. Importantly, the United States agrees with the receiver that this presents a material issue for the receiver and should be resolved.

The problem is that by the simple act of investing the money, the receiver precipitates two new issues: (a) the interest will generate a need to file income tax returns, and that could keep the Receivership Estate open two more years (a result that the least competent lawyer in the Receivership Action knows is contraindicated), and (b) the preparation of tax returns requires the payment of tax preparers, a job for which there is no payment available and no *pro bono* tax preparers available. Even assuming that an additional two years is acceptable, getting the receiver and its tax preparers to do the work *pro bono* would take something equal to, or greater than, an Order of this Court. The only alternative that the receiver has identified is an Order to not invest the money—a decision that, because it wastes the assets of the Receivership Estate, can only be made by the Court.

As to the receiver's bond, the matter is slightly more subtle, but no less urgent. The last time this issue arose was three years ago in the Massachusetts District Court. There, the Court made a remark about the situation that was more closely aligned to Mr. Payne's position than to resolving the problem. There are many, including the United States, who do not wish the bond to be terminated. There are, however, no funds with which to pay the bond premium. Because the bond can only be terminated with a Court Order, failure to terminate the bond does nothing more than to require the innocent insurance agent to pay the bill.

The notion that Sterling Consulting Corporation, in its individual corporate capacity, can pay the bond premium is both wrong and outrageous. Sterling cannot loan money to the

2

receivership. If the money could be repaid, this would generate a conflict of interest for Sterling; if there is no way to repay the money, it amounts to nothing more than taking more money from Sterling than has already been drained.

The third item raised by Mr. Payne—that there is no urgency—is another misunderstanding by him of the situation. There is no question that the receiver is gravely concerned about the passage of time. Without the passage of time to an Order of Restitution, should it be entered, the interest would be of no concern, and the bond issue might evaporate, or at least be limited to another $500.

The last issue raised by Mr. Payne demonstrates that Mr. Payne's counsel did not make a reasonable inquiry into the facts before making serious accusatory statements about the receiver. In his Response, Mr. Payne states (paragraph 7) that:

> "The Receiver recently proposed disposition of $50,000 that had been reserved for potential indemnification claims against the Receiver. (See Motion to Interplead (Docket #2165)). The Receiver has demanded a distribution of $25,000 from that sum for itself, in its 'personal' capacity, away from the reach of the receivership estate -- even though its insurance agent remains unpaid and disgorgement against claimants of the estate remains to be resolved."

The receiver has no claim to the money in question, and if Mr. Payne's counsel had read the pleadings more carefully, or if he had read the Settlement Agreement itself (it was unsealed by Order of this Court prior to his filing), he would know that. The undisputed portion is Sterling's money, and not even CMA has made an argument to the contrary.

Mr. Payne has offered no reason why the receiver should <u>not</u> receive Instructions from this Court. Indeed, the argument that this Court should not give the receiver instructions is not well-founded in fact, law, or a good faith argument to the extension of law.

3

Sanctions are always difficult to grant, but in this situation (i.e., where Mr. Payne's counsel is fully aware that the receiver and its counsel will never be paid for the work they are performing, including the preparation of this pleading), and some sanction should be assessed against Mr. Payne's counsel.  As sanctions, the receiver suggests Mr. Payne's counsel be ordered to pay the amount which he claims are *de minimis*—the interest on the money that is sitting in a non-interest bearing account (about $500 per month), and the most recent $500 bond premium.

If, in the opinion of Mr. Payne and his counsel, the amounts in question are truly *de minimis*, and if the Court is inclined to enter a sanction against one or both of them, then by Mr. Payne's on admission, this sanction is *de minimis* and should be of no consequence.  Perhaps then Mr. Payne will adjust his definition of de minimis, and not file such sniping responses in the fututre.

Respectfully submitted this 25th day of April, 2006.

By: *s/ John M. Tanner*
Fairfield and Woods, P.C.
1700 Lincoln Street, Suite 2400
Denver, CO  80203-4524
Phone:  (303) 830-2400
Fax:  (303) 830-1033
Email:  jtanner@fwlaw.com

4

## CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses or as indicated below or by United States Mail, postage prepaid:

**VIA CM/ECF TO:**

Alan Lemont Hale Esq.
Hale Friesen, LLP
1430 Wynkoop St., Ste. 300
Denver, CO 80202
**Attorney for Richard Basciani, N.
Rooke Everill, Pres./Everill Bros.,
Inc., John H. Nicholson or Virginia A.
Nicholson**
ahale@haldfriesen.com

Edward T. Ramey, Esq.
Stuart H. Pack, Esq.
Isaacson Rosenbaum
 Woods and Levy
633 17th St., Ste. 2200
Denver, CO 80202
**Attorneys for William R. Childs, Scott
McCormick, Jr., Douglas Walliser,
Ronald Schiff, Edward Pacelli, Morty
Lempel, A.B. Goldberg, First
Entertainment, Harvey Rosenberg**
eramey@ir-law.com
spack@ir-law.com

James R. Cage, Esq.
Cage Williams Abelman
 & Layden, P.C.
St. Elmo Bldg.
1433 17th St.
Denver, CO 80202-1273
**Attorney for Carl D. Lucci/Albert R.
Lucci**
jcage@cagewilliams.com

J. Eric Ellliff, Esq.
Kristen Taylor-Randall, Esq.
Morrison & Foerster, LLP
370 17th St., Ste. 3550
Denver, CO 80203
**Attorney for IMCOA**
jelliff@mofo.com

Adam F. Hulbig
Trial Attorney, Tax Division
US Dept. of Justice
PO Box 683
Ben Franklin Station
Washington, DC 20044
**Attorney for United States of America**
adam.f.hulbig@usdoj.gov

Gary C. Moschetti, Esq.
Hatch & Moschetti, LLP
1800 Glenarm Pl., 9th Floor
Denver, CO 80202
**Attorney for Edward Leal**
gmoschetti@hatchlawyers.com

Cassandra Sasso, Esq.
Baker & Hostetler
303 E. 17th Ave., Ste. 1100
Denver, CO 80203-1264
**Attorney for Michelle Lean**
csasso@bakerlaw.com

Michael J. Pankow
Daniel J. Garfield
Brownstein Hyatt & Farber PC
410 17th Street, Suite 2200
Denver, CO 80202
**Attorneys for Michael Payne**
mpankow@bhf-law.com
dgarfield@bhf-law.com

**VIA UNITED STATES MAIL:**
James Duberg, Esq.
727 Third Ave.
Chula Vista, CA  91910-5803

Mark S. Schmidt, Esq.
Miller Simon & Maier, S.C.
788 North Jefferson Street
Milwaukee, WI 53202
**Attorney for Miller Simon & Maier**

Peter C. Freeman, Esq.
Law Offices of Peter C. Freeman
16485 Laguna Canyon Rd., Ste. 230
Irvine, CA  92618-3846
**Attorney for Scott Kajiya**

Mr. Albert Lucci
1930 Wyoming Ave.
Fort Pierce, FL  34982
Robert W. Hallock, Esq.
202 S. Merrill St.
Park Ridge, IL  60068-4223

Peter Sklarew, Esq.
Assistant Chief
Civil Trial Section, Northern Region
United States Dept. of Justice
Tax Division
PO Box 55
Washington, D.C.  20044
**Attorney for IRS**

Robert J. Danie, Eq.
9 Wagon Wheel Drive
Feeding Hills, MA  01030

Noreene C. Stehlik, Esq.
U.S. Dept. of Justice
PO Box 683
Ben Franklin Station
Washington, D.C.  20044
**Attorney for IRS**

Robert L. Morrow, Jr., MD
401 N. College Rd., #5
Lafayette, LA  70506
Nicholas A. Russo, Sr.
310 Extonville Road
Allentown, NJ  08501

Richard J. Cortesi
5316 Camino Montano, N.E.
Albuquerque, NM  87111

Albert R. Gazza
589 Manchester
E. Glastonbury, CT  06025-0085

Ronald Fulfer
15315 S. Francis Dr.
Plainfield, IL  60544

Richard Dale Wood
13997 80th Ave. North
Maple Grove, MN  55311

Steve Halprin
1316 Penningtow Place
Concord, N.C.  28207

Alf Iseback
Gamla Tuvevagen 4
41705 Goteborg
**SWEDEN**

Kathryn L. Troccoli
1911 Champlain St.
Ottawa,IL  61350

Ed Pink
Ed Pink Racing Engines, Inc.
14612 Raymer Street
Van Nuys, CA  91405

Montgomery & Andrews, P.A.
325 Paseo De Peralta
Santa Fe, NM  87501

Jeffrey M. Perkins
President
Western Design Engineering, Inc.
808 Airport Road
Jackson, MI 49202

John Inelli
17 Old Farmstead Rd.
Chester, NJ 07930

Eller Industries
c/o Leonard S. ("Lonnie") Labraiola
6035 N. 115th Street
Longmont, CO 80504-8434

**Registered Agent:**
Randal L. Hittle
1630 Main Street, Suite 202
Longmont, CO 80501

**VIA E-MAIL:**
Richard A. Block
President
Sterling Consulting Corporation
4101 E. Louisiana Ave., Ste. 300
Denver, CO 80246
**Receiver**
rblock@xpn.com

**Courtesy Copies to:**
Julie Trent
jt@bsblawyers.com

Eugene Sprague
esprague@bw-legal.com

Michael Chodos
michael@chodos.com

Robert Pitts
rpitts@lawrwp.com

By:  *s/ John M. Tanner*
　　　　Fairfield and Woods, P.C.
　　　　1700 Lincoln St., #2400
　　　　Denver, CO 80203
　　　　Phone:  (303) 830-2400
　　　　Fax:  (303) 830-1033
　　　　Email:  jtanner@fwlaw.com