UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 95-cv-00777-REB-CBS

In re:  Indian Motorcycle Manufacturing, Inc., a New Mexico Corporation

---

## RECEIVER'S RESPONSE TO OBJECTION OF MR. PACELLI

---

Sterling Consulting Corporation, as receiver, by and through its attorneys, Fairfield and Woods, P.C., hereby responds to the objection of Mr. Edward Pacelli to Magistrate Judge Schlatter's recommendation of December 15, 2005 (the "Recommendation"):

### INTRODUCTION

With the exception of the misguided and inaccurate personal attack on the receiver, Mr. Pacelli's Objection to the Recommendation reflects the fact that there were numerous viable legal and factual arguments that indicate that there never should have been taxes assessed, and highlights the reasons for imposing deadlines to appeal decisions of federal judges.

For about three years, at a cost to Sterling Consulting Corporation (in its individual corporate capacity, and not as receiver) and to Fairfield and Woods in excess of $1 million, the receiver aggressively fought the government and the Trustee in an effort to prove that no federal income taxes were due, and that $450,000 in the possession of the receiver should have stayed that way (and once returned to the Trustee, the money should have been restored to Receivership Estate).  The receiver believed then, and remains convinced today, that no taxes were due and

that the series of events that led to the awful circumstances with which this Court is faced should never have been allowed to occur.[1]

This situation had its genesis at the very beginning of the case, eleven years ago. At the time the receiver was appointed, the Massachusetts Bankruptcy Court had already had the Indian Motocycle bankruptcies for many years, and had already issued an injunction against IMMI (the company in receivership). When the receiver asked the Massachusetts Bankruptcy Court to dissolve the injunction, Judge Boroff declined. Judge Weinshienk correctly believed she did not require the guidance of an injunction against the company under her supervision, and entered an Order saying it. The jurisdictional dispute between the Trustee and the receiver ensued. It lasted until the Receivership Action was transferred to the Massachusetts District Court.

In an obvious retaliation for the drubbing Judge Boroff took from Judge Weinshienk on the public record, Judge Boroff entered an Order to Show Cause why Mr. Block should not be held in Contempt because the receiver did not return the $450,000 to the Trustee. He specifically said that the receiver following Judge Weinshienk's Orders would be no defense. Rather than stepping up the jurisdictional dispute to a higher level (the receiver's recommendation),

---

[1] In this pleading, the receiver will be somewhat critical of four decisions. The receiver understands that it is unusual for a receiver to criticize its supervising Court, but also understands this criticism has no legal effect. It is offered merely to put into context the issues raised by Mr. Pacelli. One of the decisions was made (or more accurately, as series of which were made) by Bankruptcy Judge Henry J. Boroff, Massachusetts Bankruptcy Court, one of which was made by Senior District Judge Robert E. Keeton, Massachusetts District Court, one of which was made by Senior District Judge Weinshienk, and one of which was made by Magistrate Judge Schlatter (both of the Colorado District Court). These decisions, when taken in the context of the dogged determination of the Internal Revenue Service and the Department of Justice to collect taxes from the Receivership Estate whether or not they were owed, sealed the fate of this receivership. With hindsight, the receiver can state unequivocally that the litigation to defend against the taxes was doomed from the beginning as was the effort to get the $450,000, once the foregoing Orders were entered. Similarly, the receiver can state unequivocally that to continue to litigate the payment of the taxes now is also a waste of time.

2

Magistrate Judge Schlatter Ordered the receiver to return the $450,000. Once the $450,000 was in the hands of the Trustee, it was gone for good. It should be noted that $450,000 was enough to pay the minimum to the Internal Revenue Service under the Settlement Agreement, relieve the receiver and its counsel of personal liability, and leave some extra to pay a small portion of the bills. Had the money not been returned, the jurisdiction dispute would have escalated, but this Receivership Action would have been over long ago, and with a much better result.[2]

The transfer to the Massachusetts District Court Ordered by Judge Weinshienk was catastrophic. Although there is no hard evidence, the receiver is convinced that the results were pre-ordained once the receiver arrived in Massachusetts. At one hearing, Senior Judge Keeton made a biting comment in response to the receiver's counsel's suggestion that the Receivership Action should be re-transferred back to Colorado after the Trustee entered into its surreptitious settlement with the Internal Revenue Service, but before the tax Order was entered. Within this comment, Senior Judge Keeton remarked that a transfer back to Colorado was not consistent with the instructions he received when he was assigned the Receivership Action and the Bankruptcy Cases. It became readily apparent that the transfer to Massachusetts was going to result in dreadful consequences for the receiver, and that perception became reality.

In the three years that the Receivership Action was pending before Senior Judge Keeton, he granted virtually every request made by the government against the receiver. Included in this

---

[2] The criticism of Senior Judge Weinshienk's Order and Magistrate Judge Schlatter's Order is intended to be constructive criticism made for the purpose of giving context to this pleading and the current status of the case. It is clear that both decision were made with the best of intentions (Senior Judge Weinshienk's Order to subdue the jurisdictional dispute and Magistrate Judge Schlatter's Order to keep Mr. Block out of jail). As the balance of this introduction should demonstrate, the same cannot be said of Senior Judge Keeton's Order and most of Bankruptcy Judge Boroff's Orders, at least as they applied to the receiver.

3

was the fact that he upheld the entire assessment the Internal Revenue Service made against the Receivership Estate, including ones that the government did not believe it could sustain.[3] Until the Receivership Action was re-transferred to the Colorado District Court, none of the Orders entered by the Massachusetts District Court were appealable by the receiver because Judge Keeton specifically labeled them interlocutory. Further, because the government did not need a final order to begin collection actions, the interlocutory orders gave it all the leverage it needed to coerce the dreadful settlement the receiver ultimately executed.

When the Receivership Action was transferred back to Colorado, the Tax Order and the Order Approving the Settlement Agreement were made final under Fed.R.Civ.P. 54(b). With the government in the case, the deadline to appeal them was sixty days, about fifty-five of which occurred after the transfer. That meant the Orders could be appealed to the Tenth Circuit Court by anyone with a stake (except the receiver, which was precluded by the Settlement Agreement from appealing). No one appealed, including Mr. Pacelli. Fighting over the propriety of those Orders now—which is a significant aspect of Mr. Pacellis' objection—is pointless.

## STANDARD OF REVIEW

The Motion to Reconsider (which is the subject of the Recommendation and Mr. Paceilli's objection thereto) is not dispositive. Therefore, the Court should affirm it unless it is plainly erroneous or contrary to law. Fed.R.Civ.P. 72(a).

---

[3]  The Tax Order, itself, is convincing evidence that the outcome was preordained the moment the Receivership Action was transferred to the Massachusetts District Court. That Tax Order was entered against Indian Motorcycle Manufacturing, Inc. (the company that had been placed in receivership). This was significant because about five years earlier, Senior Judge Weinshienk had dismissed Indian Motorcycle Manufacturing, Inc. from the Receivership Action with prejudice. When the receiver pointed out to the Court that the Tax Order was against a company no longer in the case, the Court treated the revelation as an inconsequential fact.

4

Further, because the underlying Motion is not dispositive, it is inappropriate for the Court to consider new evidence not presented to Magistrate Judge Schlatter. *State Farm Auto. Ins. Co. v. CPT Medical Services, P.C.*, 375 F.Supp.2d 141, 158 (E.D.N.Y. 2005) ("While the Court is generally not precluded from considering additional evidence not submitted by a party to a magistrate judge when reviewing a report and recommendation issued by such judge on a dispositive motion, there is nothing in Rule 72(a) of the Federal Rules of Civil Procedure which states that it may do so on a non-dispositive issue, such as that decided here"); *Roberson v. Alliedsignal, Inc.*, 1997 WL 222359 (N.D.N.Y. 1997) (declining to consider affidavits submitted in connection with Rule 72(a) objection; "In contrast to the *de novo* review undertaken when a party objects to a magistrate judge's recommended disposition of a dispositive motion, the review of a nondispositive order does not contemplate the receipt of additional evidence by the parties on the issues"). Thus the Court should not consider the affidavit of Mr. Pacelli.

## ARGUMENT

Contrary to the assertions of Mr. Pacelli, he received 100% payment. The affidavit of the receiver is attached hereto as Exhibit 1.[4] Indeed, prior to the Magistrate's Recommendation, all claimants and creditors (except the receiver, receiver's counsel, and the I.R.S.) had received 100% payment.

Also contrary to the assertions of Mr. Pacelli, the receiver can account to the penny for all monies distributed. What the receiver lacks is an error-free list of where those payees are now in

---

[4] The Affidavit is offered only if the Court declines to follow *Roberson* and consider the affidavit of Mr. Pacelli. If the Court does not consider Mr. Paceilli's affidavit, it need not consider Exhibit 1.

the event recoupment is ordered, and the receiver's knowledge of the location of the payees is
getting worse by the day.

The receiver absolutely agrees with Mr. Pacelli's statements regarding the treatment of
Mr. Mandelman. The receiver took the exact position Mr. Pacelli is advocating and litigated it
while this case was in Massachusetts, as described above. As with every other dispute between
the government and the receiver, Judge Keeton entered an Order against the receiver.[5]

The Order was certified final under Rule 54(b), the case was transferred to Colorado, and
the time to appeal that Order expired last fall. The effect of this Order was brought to Mr.
Payne's attention well in advance of the deadlines for appeal. Mr. Payne is represented by Mr.
Pankow, who is the same counsel representing Mr. Pacelli in the objection.[6] Nothing was done

---

[5] There can be no dispute that had the Receivership Action remained in the Colorado District
Court, the treatment of Mr. Mandelman would have been different. Once the Bankruptcy Cases
and the Receivership Action were in the hands of the Massachusetts District Court, Mr.
Mandelman was aggressively and affirmatively defended by the United States. In apparent
consistency with Senior Judge Keeton's charge, the government got its way and Mr. Mandelman
was not only insulated from restitution, but the government helped to engineer a Judgment
against the Receivership Estate for attempting to obtain a Judgment against Mr. Mandelman.
The receiver mentions this because nothing has changed (except the expiration of the period for
appeal), and any effort to modify the Orders as they apply to Mr. Mandelman is likely to result in
another Judgment against the Receivership Estate. This is true no matter how appropriate
damages, sanctions, and penalties against Mr. Mandelman may be.

[6] The receiver notes that since the time Mr. Pacelli filed his Motion to Join in the Objection of
Mr. Payne and the time that Motion was granted, the receiver has pointed out to Mr. Pankow,
counsel for both, that there is a conflict of interest between Mr. Pacelli and Mr. Payne. Mr.
Pankow said he would withdraw from representing Mr. Pacelli. (The receiver has seen no
pleadings on this point, and the docket does not reflect such a pleading.) The receiver also
doubts that it is possible for a lawyer representing two clients with a conflict of interest to
withdraw from representing one and continue to represent the other. The Response to the
Request for Instructions filed by Mr. Pankow indicates it is filed only on behalf of Mr. Payne, so
the receiver has concluded that Mr. Pankow no longer represents Mr. Pacelli. Regardless of
whether this is significant to the Court, it would be helpful for the receiver to know whether Mr.
Pacelli is represented.

6

about this in timely fashion, and the receiver is unaware of anything that can be done about it now.

As noted above, the receiver can provide a spreadsheet showing the exact payments made if the Court wants one. It is important for the Court to realize, however, that the claimants who would be identified on it are legally and technically not "parties" to this action, but merely claimants. As such, much of the information the receiver has about them is confidential. If the Court wants a spreadsheet as suggested by Mr. Pacelli, the Court needs to indicate exactly what information should be contained on this spreadsheet. Possible information includes name, social security number, address, amount paid, date paid, and type of claim.

The receiver can provide any or all of this information, but the Court needs to be very specific in its Order as to what information it wants put on the public record. The receiver will point out, however, that this information is of no use to Mr. Payne, except that it may distract the Court from the actual issues at hand. Further, it is nothing more than make-work for the receiver, which is not being compensated. As a result, the receiver asks the Court to carefully balance the need for any Order with the fact that the receiver and its counsel work without compensation.

The receiver also agrees that it held stock in Indian while that stock declined in value. The receiver at one point attempted to sell the stock, but that sale was blocked by Indian and that resulted in litigation. By the time the litigation was completed, the stock was valueless and the receiver could not find anyone who wanted it.

Also contrary to the arguments of Mr. Pacelli, this stock only generated a small portion of the tax that was found due; the bulk of the tax was generated by the payments to the creditors of

Indian Motor Company ("Motor"). (It is this tax that generates the conflict of interest for Mr.

Pankow. It is in Mr. Pacelli's best interest to argue that only the creditors of Motor should pay

the tax because it was the payment to the Motor creditors that generated it. Mr. Payne, on the

other hand, was a creditor of IMMI, the company in receivership, and it is in his best interest not

to make that argument. This is why Mr. Pankow has a conflict of interest.)[7]

Paragraph 6 is simply false. In addition to the receiver's affidavit attached as Exhibit 1

indicating it is false, the statement makes no sense: It was the receiver that received the stock,

and no matter how much stock the receiver received, it would not make Mr. Block a rich man.

The most charitable thing that can be said about this claim is that Mr. Pacelli must have

misunderstood the conversation.[8]

Finally, the receiver did everything it could within the confines of the Settlement

Agreement to attract notice to allow parties to appeal the Settlement Agreement before the time

ran. Two status conferences were held before Magistrate Judge Schlatter where the issue of the

Settlement Agreement was discussed at length. The receiver was disappointed that no one

objected to the Settlement Agreement and that no one appealed any of the Orders entered by the

Massachusetts District Court, but disappointment with the actions of the United States and the

response by the District Courts does not and cannot change the results. By the terms of the

---

[7]  The receiver made the argument that the Motor creditors should be compelled to return all of
their money to the Massachusetts District Court, but it lost like all the receiver's other
arguments. The Massachusetts District Court held that the money that was paid to the Motor
creditors was not a necessary and ordinary business expense of the receiver, notwithstanding the
fact that the payment was Ordered by the Colorado District Court.

[8] In fact, the vast majority of Mr. Paceilli's affidavit is false or inaccurate. As noted above, it
should not be considered in an appeal under Rule 72(a). In case the Court does consider it,
however, the receiver's affidavit is attached.

8

Settlement Agreement, the receiver could not object.  Mr. Pacelli, having not objected before it was final, should not be able to complain about it now.[9]

WHEREFORE, Sterling Consulting Corporation, as receiver, prays that this Court overrule the objections of Mr. Pacelli, affirm the recommendation of Magistrate Judge Schlatter, and grant the receiver such other and further relief as the court deems just and proper.

Respectfully submitted this 25th day of April, 2006.

By: *s/ John M. Tanner*
Fairfield and Woods, P.C.
1700 Lincoln Street, Suite 2400
Denver, CO  80203-4524
Phone:  (303) 830-2400
Fax:  (303) 830-1033
Email:  jtanner@fwlaw.com

---

[9]  It is interesting to note that had Mr. Pacelli appealed promptly after he learned about the Orders, even though that would have been technically too late, the appeal might have survived. It is difficult to conceive of the loss of a valuable right if no notice was actually received.  If this is the case, there may be some claimants out there who have never received notice of the Tax Order, and who might make the same argument.  That could serve to keep this case open forever.

## CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses or as indicated below or by United States Mail, postage prepaid:

**VIA CM/ECF TO:**

Alan Lemont Hale Esq.
Hale Friesen, LLP
1430 Wynkoop St., Ste. 300
Denver, CO 80202
**Attorney for Richard Basciani, N. Rooke Everill, Pres./Everill Bros., Inc., John H. Nicholson or Virginia A. Nicholson**
ahale@haldfriesen.com

Edward T. Ramey, Esq.
Stuart H. Pack, Esq.
Isaacson Rosenbaum
  Woods and Levy
633 17th St., Ste. 2200
Denver, CO 80202
**Attorneys for William R. Childs, Scott McCormick, Jr., Douglas Walliser, Ronald Schiff, Edward Pacelli, Morty Lempel, A.B. Goldberg, First Entertainment, Harvey Rosenberg**
eramey@ir-law.com
spack@ir-law.com

James R. Cage, Esq.
Cage Williams Abelman
  & Layden, P.C.
St. Elmo Bldg.
1433 17th St.
Denver, CO 80202-1273
**Attorney for Carl D. Lucci/Albert R. Lucci**
jcage@cagewilliams.com

J. Eric Ellliff, Esq.
Kristen Taylor-Randall, Esq.
Morrison & Foerster, LLP
370 17th St., Ste. 3550
Denver, CO 80203
**Attorney for IMCOA**
jelliff@mofo.com

Adam F. Hulbig
Trial Attorney, Tax Division
US Dept. of Justice
PO Box 683
Ben Franklin Station
Washington, DC 20044
**Attorney for United States of America**
adam.f.hulbig@usdoj.gov

Gary C. Moschetti, Esq.
Hatch & Moschetti, LLP
1800 Glenarm Pl., 9th Floor
Denver, CO 80202
**Attorney for Edward Leal**
gmoschetti@hatchlawyers.com

Cassandra Sasso, Esq.
Baker & Hostetler
303 E. 17th Ave., Ste. 1100
Denver, CO 80203-1264
**Attorney for Michelle Lean**
csasso@bakerlaw.com

Michael J. Pankow
Daniel J. Garfield
Brownstein Hyatt & Farber PC
410 17th Street, Suite 2200
Denver, CO 80202
**Attorneys for Michael Payne**
mpankow@bhf-law.com
dgarfield@bhf-law.com

**VIA UNITED STATES MAIL:**
James Duberg, Esq.
727 Third Ave.
Chula Vista, CA  91910-5803

Mark S. Schmidt, Esq.
Miller Simon & Maier, S.C.
788 North Jefferson Street
Milwaukee, WI 53202
**Attorney for Miller Simon & Maier**

Peter C. Freeman, Esq.
Law Offices of Peter C. Freeman
16485 Laguna Canyon Rd., Ste. 230
Irvine, CA  92618-3846
**Attorney for Scott Kajiya**

Mr. Albert Lucci
1930 Wyoming Ave.
Fort Pierce, FL  34982
Robert W. Hallock, Esq.
202 S. Merrill St.
Park Ridge, IL  60068-4223

Peter Sklarew, Esq.
Assistant Chief
Civil Trial Section, Northern Region
United States Dept. of Justice
Tax Division
PO Box 55
Washington, D.C.  20044
**Attorney for IRS**

Robert J. Danie, Eq.
9 Wagon Wheel Drive
Feeding Hills, MA  01030

Noreene C. Stehlik, Esq.
U.S. Dept. of Justice
PO Box 683
Ben Franklin Station
Washington, D.C.  20044
**Attorney for IRS**

Robert L. Morrow, Jr., MD
401 N. College Rd., #5
Lafayette, LA  70506
Nicholas A. Russo, Sr.
310 Extonville Road
Allentown, NJ  08501

Richard J. Cortesi
5316 Camino Montano, N.E.
Albuquerque, NM  87111

Albert R. Gazza
589 Manchester
E. Glastonbury, CT  06025-0085

Ronald Fulfer
15315 S. Francis Dr.
Plainfield, IL  60544

Richard Dale Wood
13997 80th Ave. North
Maple Grove, MN  55311

Steve Halprin
1316 Penningtow Place
Concord, N.C.  28207

Alf Iseback
Gamla Tuvevagen 4
41705 Goteborg
**SWEDEN**

Kathryn L. Troccoli
1911 Champlain St.
Ottawa,IL  61350

Ed Pink
Ed Pink Racing Engines, Inc.
14612 Raymer Street
Van Nuys, CA  91405

Montgomery & Andrews, P.A.
325 Paseo De Peralta
Santa Fe, NM  87501

Jeffrey M. Perkins
President
Western Design Engineering, Inc.
808 Airport Road
Jackson, MI  49202

John Inelli
17 Old Farmstead Rd.
Chester, NJ  07930

Eller Industries
c/o Leonard S. ("Lonnie") Labraiola
6035 N. 115th Street
Longmont, CO  80504-8434

**Registered Agent:**
Randal L. Hittle
1630 Main Street, Suite 202
Longmont, CO  80501

**VIA E-MAIL:**
Richard A. Block
President
Sterling Consulting Corporation
4101 E. Louisiana Ave., Ste. 300
Denver, CO  80246
**Receiver**
rblock@xpn.com

**Courtesy Copies to:**
Julie Trent
jt@bsblawyers.com

Eugene Sprague
esprague@bw-legal.com

Michael Chodos
michael@chodos.com

Robert Pitts
rpitts@lawrwp.com


By:   *s/ John M. Tanner*
        Fairfield and Woods, P.C.
        1700 Lincoln St., #2400
        Denver, CO  80203
        Phone:  (303) 830-2400
        Fax:  (303) 830-1033
        Email:  jtanner@fwlaw.com