# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 95-cv-00777-REB-CBS

In re: Indian Motorcycle Manufacturing, Inc., a New Mexico Corporation

---

## AFFIDAVIT OF RICHARD A. BLOCK, PRESIDENT OF STERLING CONSULTING CORPORATION, AS RECEIVER

---

State of Colorado    )
                     ) ss.
County of Denver     )

The affiant, being of lawful age and duly-sworn upon his oath, states and deposes as follows:

1. My name is Richard A. Block. I am the president of Sterling Consulting Corporation, the receiver in the above-referenced matter. The facts in this affidavit are true to the best of my knowledge, information, and belief.

2. I have reviewed the receiver's records regarding the payment of general unsecured claims in 1998 and 1999.

3. The receiver's records are complete and accurate.

4. I have determined that Mr. Pacelli was paid 100% of his claim against the Receivership Estate. On May 4, 2000, the receiver paid Indian Motorcycle Company in full for Mr. Pacelli's claim with check number 7613.

5. I am aware that following the payment of claims by the receiver certain disputes broke out between Indian Motorcycle Company and certain dealer claimants in which the dealer claimants believe Indian Motorcycle Company did not honor their part of the bargain. This was a claim against Indian Motorcycle Company, and not related to the payment of claims by the receiver.

6. I recall having had dinner with Mr. Pacelli, but I recall that the dinner was long before the year 2000. It is possible that we discussed the prospects for Indian Motorcycle Company at that time, but it is impossible



Affidavit of Richard A. Block
April 24, 2006
Page 2.

that I made reference to becoming a millionaire by selling the Indian Motorcycle Company shares in the possession of the receiver because it is impossible that I could personally derive any financial benefit from the sale of those shares. Furthermore, the only representation that I ever made to any claimant regarding the proper valuation of Indian Motorcycle Company stock was that the stock was highly speculative and had a high risk of failure.

7. In August of 2000, Indian Motorcycle Company issued Sterling, in its individual corporate capacity, stock options as part of the Settlement Agreement. Although the receiver did not give any material consideration for the Settlement Agreement, I was also able to arrange stock options for the Receivership Estate at that time, as well.

8. At approximately the same time Indian Motorcycle Company was issuing stock options to Sterling and to Sterling as receiver, it was raising money for operations.

9. According to the contemporaneous stock offering prospectus that Indian Motorcycle Company circulated, the stock options as well as the receiver's stock in Indian Motorcycle Company could have a substantial value.

10. Within a few weeks after signing the Settlement Agreement, it became obvious that all of the stock options were worthless, that they had been worthless on the day that they were issued, and that Indian Motorcycle Company knew they were worthless on the day they were issued.

11. Within a few weeks after signing the Settlement Agreement, I became aware that the stock offering was not well-received in the financial markets and that Indian Motorcycle Company was prepared to sell preferred stock in a manner that was intended to make the common stock worthless. I learned also that such sales of preferred stock did occur and those sales did make the common stock worthless.

12. The Court should recall that Sterling, in its individual corporate capacity, objected to the terms and conditions of the Settlement Agreement and did not wish to enter into any Settlement Agreement with Indian Motorcycle Company. Sterling, in its individual corporate capacity,

Affidavit of Richard A. Block
April 24, 2006
Page 3.

consented to the Settlement Agreement only at the behest of Magistrate Judge Schlatter during the negotiations.

13.   The terms of the sale of preferred stock to Audax by Indian Motorcycle Company were so onerous that the value of the common stock of Indian Motorcycle Company was rendered absolutely valueless.

14.   Unlike the insiders at the Indian Motorcycle Company, neither Sterling nor Sterling as receiver was permitted to take advantage of anti-dilution measures.

15.   As a result, except for a brief two or three week period, during which my calendar discloses no trip to the East Coast in which I could have had dinner with Mr. Pacelli, I never had reason to expect any personal financial gain with respect to Indian Motorcycle Company stock.  During that two or three week period, there may have been a possibility, but there nothing that was ever considered seriously.  My personal belief was that the management of Indian Motorcycle Company was incompetent, the original competent management having been terminated months before.

Further the affiant sayeth not.

_____
Richard A. Block
President
Sterling Consulting Corporation
Receiver

Notarization is on the following page.

Affidavit of Richard A. Block
April 24, 2006
Page 4.


State of Colorado    )
                     ) ss.
County of Denver     )

    Subscribed and sworn to before me by Richard A. Block as president of Sterling Consulting Corporation, as receiver this 24th day of April, 2006.

By: *Kimberly Kay Fenimore*
Notary Public

My commission expires: 12/9/2008

Seal