UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 95-cv-00777-REB-CBS

In re: Indian Motorcycle Manufacturing, Inc., a New Mexico Corporation

---

**RECEIVER'S RESPONSE TO CMA'S "MOTION TO STRIKE OR DENY MOTION TO COMPEL DISCOVERY AS AGAINST CMA (ASSIGNEE)"**

---

Sterling Consulting Corporation, as receiver, by and through it attorneys, Fairfield and Woods, P.C., hereby responds to the "Motion to Strike or Deny Motion to Compel Discovery as Against CMA ('Assignee')" as follows:

### INTRODUCTION

Unlike Audax, which at least has stated in principle it is willing to provide the discovery sought by the receiver, CMA is continuing with its stonewall. In an apparent effort to multiply the procedure infinitely and avoid the merits of the case indefinitely, CMA has not filed a mere response to the Receiver's Motion to Compel. Rather, it has filed a "Motion to Strike or Deny" the Motion to Compel. The Motion to Strike is not for a reason allowed under the Rules or at Law, and thus should be denied. The receiver has never encountered a "Motion to Deny" before, and can find no authority for it under the rules. Regardless, it should be denied. No response to the Motion to Compel having been filed by CMA, the Court should grant the motion to compel.[1]

---

[1] The "Motion to Strike or Deny" is purportedly filed by CMA on behalf of itself and the Indian Entities. As the receiver has already noted, CMA does not have the authority to speak on behalf of Indian Entities, although for purposes of the Motion to Compel it is irrelevant as the Motion to Compel was not directed to the Indian Entities.

## RESPONSE TO MOTION TO STRIKE

I.  **The Motion to Strike Should be Denied Because to do Otherwise Would Make a Mockery of Rule 37 and Local Rule 7.1.**

After the subpoena was sent to Mr. Pitts on behalf of CMA (because he expressly told the receiver he could accept service)[2], he sent a letter complaining about the subpoena to undersigned counsel. This letter said nothing more than "the subpoena violates Rule 45." This resulted in a conference call among the receiver, undersigned counsel, Mr. Pitts, and Ms. Trent. During this conference call, Mr. Pitts refused to provide any elaboration on the supposed defects in the subpoena. This resulted in a letter from undersigned counsel (which was attached to the Motion to Compel), confirming that Mr. Pitts refused to provide any detail beyond "look at Rule 45."

Although Mr. Pitts would never state what he believed was wrong with the subpoena, in response to a direct question from undersigned counsel <u>Mr. Pitts specifically stated that the court of issuance was not an issue</u>. Mr. Block's affidavit, attached hereto as Exhibit 1, verifies this point.

Rule 37 and Local Rule 7.1 require a good-faith discussion not just of procedure, but of substance. CMA should have stated every argument it was going to make in pleading during that

---

[2] A copy of the email from Mr. Pitts saying he could accept and waive is attached to the affidavit of Mr. Block (which is Exhibit 1 hereto) as Exhibit A. Mr. Block is traveling, so the affidavit is signed but not sworn. As soon as Mr. Block returns to Denver, a sworn affidavit will be submitted.

In the email, Mr. Pitts purports to draw a distinction between "CMA" and "CMA, as Assignee." The receiver has previously briefed that the law recognizes no such distinction. CMA responded that it, "as Assignee" had fiduciary duties. The receiver then offered the compromise that it would recognize the distinction if CMA would acknowledge is fiduciary duties to Sterling and the receiver. CMA has refused, only acknowledging fiduciary duties to parties who file claims. The receiver's compromise having been rejected by CMA, the receiver is back to relying on well-established law that the distinction claimed by CMA does not exist.

discussion, so the issues could be narrowed. Instead, it coyly "hid the ball." If the Court grants the Motion to Strike, it will be rewarding the deceitful conduct of CMA and its mockery of Rule.

**II.     There is No Basis to "Strike" the Motion to Compel.**

Rule 12(f), Fed.R.Civ.P., provides that certain pleadings can be "stricken"—pleadings which contain any "redundant, immaterial, impertinent, or scandalous matter." CMA does not even pretend that any of these apply. Rather, they simply say the subpoena was issued from the wrong court. If that were true (which it is not) that would be a reason to <u>deny</u> the motion to compel; it would not be a reason to strike it.[3]

**III.    The *Subpoena* Was Proper.**

As noted in the Motion to Compel and elsewhere, the receiver has nationwide jurisdiction, thus the original *subpoena* was on the same caption as this pleading, and was proper. When Mr. Pitts refused to accept service as he had said he would, however, the receiver changed the caption to the California caption. *See*, Ex. 9.

The receiver could have required production in Colorado, but in an effort to be reasonable it sought production about 5 miles from CMA's offices. The objections to the *subpoena* are the worst form of hyper-technical pleading.

In addition to being legally proper, it is sound public policy for a receiver to have nationwide jurisdiction. Otherwise, a party opposing discovery by a receiver could play one Court against another and force a receiver into a conflict where its Court had been instructed him

---

[3] The receiver acknowledges it has moved to strike pleadings purportedly filed by CMA on behalf of the Indian Entities on grounds other than specified in Rule 12(f). This was proper by the receiver, however, because the pleading was not merely incorrect in form (as CMA argues the subpoenas at issue here were), but rather void, because it was filed without authorization of the client whose name appeared on it.

3

to obtain documents another court was preventing those documents from being obtained. In addition, receiverships would be unable to manage issues with a value less than $75,000, which would prejudice small beneficiaries.

The receiver served Mr. Pitts for the simple reason Mr. Pitts said he could accept service. Mr. Pitts, an attorney, having expressly agreed to accept service, should not now be able to claim that service on him was improper.

## RESPONSE TO MOTION TO DENY

No text is offered on the legal basis of the "Motion to Deny," no rule or other authority is cited for the proposition that there is such a thing as a "Motion to Deny." CMA is trying to get two bites at the apple—making an argument and, if it fails, filing a proper Response. The Court should not allow such gamesmanship. No Response having been filed, the Motion to Compel should be granted.

## CONCLUSION

As the receiver has stated repeatedly, this case and the two ancillary cases now are held up on the lynchpin of getting this discovery. Further, CMA will never voluntarily provide the discovery (or it would have done so by now). The sooner this Court Orders the discovery, the sooner these cases will be resolved.

WHEREFORE, Sterling Consulting Corporation, as receiver, prays that his Court deny the "Motion to Strike and Motion to Deny" and grant it such other and further relief as the Court deems just and proper.

4

Respectfully submitted this 4th day of May, 2006.

>By: *s/ John M. Tanner*
>Fairfield and Woods, P.C.
>1700 Lincoln Street, Suite 2400
>Denver, CO  80203-4524
>Phone:  (303) 830-2400
>Fax:  (303) 830-1033
>Email:  jtanner@fwlaw.com

## CERTIFICATE OF SERVICE

      I hereby certify that on May 4, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses or as indicated below or by United States Mail, postage prepaid:

**VIA CM/ECF TO:**

Alan Lemont Hale Esq.
Hale Friesen, LLP
1430 Wynkoop St., Ste. 300
Denver, CO 80202
**Attorney for Richard Basciani, N. Rooke Everill, Pres./Everill Bros., Inc., John H. Nicholson or Virginia A. Nicholson**
ahale@haldfriesen.com

Edward T. Ramey, Esq.
Stuart H. Pack, Esq.
Isaacson Rosenbaum
 Woods and Levy
633 17th St., Ste. 2200
Denver, CO 80202
**Attorneys for William R. Childs, Scott McCormick, Jr., Douglas Walliser, Ronald Schiff, Edward Pacelli, Morty Lempel, A.B. Goldberg, First Entertainment, Harvey Rosenberg**
eramey@ir-law.com
spack@ir-law.com

James R. Cage, Esq.
Cage Williams Abelman
 & Layden, P.C.
St. Elmo Bldg.
1433 17th St.
Denver, CO 80202-1273
**Attorney for Carl D. Lucci/Albert R. Lucci**
jcage@cagewilliams.com

J. Eric Ellliff, Esq.
Kristen Taylor-Randall, Esq.
Morrison & Foerster, LLP
370 17th St., Ste. 3550
Denver, CO 80203
**Attorney for IMCOA**
jelliff@mofo.com

Adam F. Hulbig
Trial Attorney, Tax Division
US Dept. of Justice
PO Box 683
Ben Franklin Station
Washington, DC 20044
**Attorney for United States of America**
adam.f.hulbig@usdoj.gov

Gary C. Moschetti, Esq.
Hatch & Moschetti, LLP
1800 Glenarm Pl., 9th Floor
Denver, CO 80202
**Attorney for Edward Leal**
gmoschetti@hatchlawyers.com

Cassandra Sasso, Esq.
Baker & Hostetler
303 E. 17th Ave., Ste. 1100
Denver, CO 80203-1264
**Attorney for Michelle Lean**
csasso@bakerlaw.com

Michael J. Pankow
Daniel J. Garfield
Brownstein Hyatt & Farber PC
410 17th Street, Suite 2200
Denver, CO 80202
**Attorneys for Michael Payne**
mpankow@bhf-law.com
dgarfield@bhf-law.com

**VIA UNITED STATES MAIL:**
James Duberg, Esq.
727 Third Ave.
Chula Vista, CA  91910-5803

Mark S. Schmidt, Esq.
Miller Simon & Maier, S.C.
788 North Jefferson Street
Milwaukee, WI 53202
**Attorney for Miller Simon & Maier**

Peter C. Freeman, Esq.
Law Offices of Peter C. Freeman
16485 Laguna Canyon Rd., Ste. 230
Irvine, CA  92618-3846
**Attorney for Scott Kajiya**

Mr. Albert Lucci
1930 Wyoming Ave.
Fort Pierce, FL  34982
Robert W. Hallock, Esq.
202 S. Merrill St.
Park Ridge, IL  60068-4223

Peter Sklarew, Esq.
Assistant Chief
Civil Trial Section, Northern Region
United States Dept. of Justice
Tax Division
PO Box 55
Washington, D.C.  20044
**Attorney for IRS**

Robert J. Danie, Eq.
9 Wagon Wheel Drive
Feeding Hills, MA  01030

Noreene C. Stehlik, Esq.
U.S. Dept. of Justice
PO Box 683
Ben Franklin Station
Washington, D.C.  20044
**Attorney for IRS**

Robert L. Morrow, Jr., MD
401 N. College Rd., #5
Lafayette, LA  70506
Nicholas A. Russo, Sr.
310 Extonville Road
Allentown, NJ  08501

Richard J. Cortesi
5316 Camino Montano, N.E.
Albuquerque, NM  87111

Albert R. Gazza
589 Manchester
E. Glastonbury, CT  06025-0085

Ronald Fulfer
15315 S. Francis Dr.
Plainfield, IL  60544

Richard Dale Wood
13997 80th Ave. North
Maple Grove, MN  55311

Steve Halprin
1316 Penningtow Place
Concord, N.C.  28207

Alf Iseback
Gamla Tuvevagen 4
41705 Goteborg
**SWEDEN**

Kathryn L. Troccoli
1911 Champlain St.
Ottawa,IL  61350

Ed Pink
Ed Pink Racing Engines, Inc.
14612 Raymer Street
Van Nuys, CA  91405

Montgomery & Andrews, P.A.
325 Paseo De Peralta
Santa Fe, NM  87501

Jeffrey M. Perkins
President
Western Design Engineering, Inc.
808 Airport Road
Jackson, MI  49202

John Inelli
17 Old Farmstead Rd.
Chester, NJ  07930

Eller Industries
c/o Leonard S. ("Lonnie") Labraiola
6035 N. 115th Street
Longmont, CO  80504-8434

**Registered Agent:**
Randal L. Hittle
1630 Main Street, Suite 202
Longmont, CO  80501

**VIA E-MAIL:**
Richard A. Block
President
Sterling Consulting Corporation
4101 E. Louisiana Ave., Ste. 300
Denver, CO  80246
**Receiver**
rblock@xpn.com

**Courtesy Copies to:**
Julie Trent
jt@bsblawyers.com

Eugene Sprague
esprague@bw-legal.com

Michael Chodos
michael@chodos.com

Robert Pitts
rpitts@lawrwp.com


By:   *s/ John M. Tanner*
         Fairfield and Woods, P.C.
         1700 Lincoln St., #2400
         Denver, CO  80203
         Phone:  (303) 830-2400
         Fax:  (303) 830-1033
         Email:  jtanner@fwlaw.com