**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No.  95-cv-00777-REB-CBS

In re: Receivership Estate of INDIAN MOTORCYCLE
MANUFACTURING, INC., a New Mexico corporation,

**ORDER CONCERNING MOTIONS TO CONSOLIDATE**

**Blackburn, J.**

This matter is before me on the following motions: 1) Sterling Consulting Corporation's **Motion to Consolidate** [#2014], filed December 14, 2005; and 2) Sterling Consulting Corporation's **Motion to Consolidate** [#2091], filed January 23, 2006.  I deny the motions.

Under FED. R. CIV. P.  42(a), I may consolidate one civil action with another when the actions involve a common question of law or fact.  Generally, consolidation is undertaken to promote efficiency and to avoid unnecessary costs or delay.  Sterling Consulting Corporation is the receiver for Indian Motorcycle Manufacturing, Inc., in this long-standing receivership action.  Sterling now seeks to consolidate two independent civil actions pending in this court with this receivership action.

First, Sterling seeks to consolidate a case captioned as *Sterling Consulting Corporation v. CMA*, 05-cv-01573-PSF-CBS, with this receivership action.  The *CMA* case involves claims asserted by Sterling "in its individual corporate capacity and not as receiver." *Complaint* [#3], filed August 16, 2005,  *Sterling Consulting Corporation v. CMA*, 05-cv-01573-PSF-CBS.  In the *CMA* case, Sterling seeks a declaratory judgment holding that CMA and others have breached the terms of a certain settlement

agreement, and that Sterling owes no further duties of performance under the settlement agreement. *Id.*, p. 10. The settlement agreement concerns, in part, the Indian Motorcycle trademark.

I have reviewed the record in the ***CMA*** case, and conclude that the ***CMA*** case has few questions of law or fact in common with the above-captioned action. Even if there is some commonality between the two cases, there is no indication that consolidation of the two cases will promote efficiency or avoid unnecessary costs or delay. Consolidation of the ***CMA*** case with the above-captioned case is not warranted.

Second, Sterling seeks to consolidate a case captioned as ***Sterling Consulting Corporation, as receiver v. Pahl & Gosselin***, Case No. 06-cv-00076-LTB-PAC, with this receivership action. In the ***Pahl & Gosselin*** case, Sterling, as receiver, seeks to recover 123,545 dollars which it claims is property of the receivership estate. *Complaint* [#1], filed January 17, 2006, ***Sterling Consulting Corporation, as receiver v. Pahl & Gosselin***, Case No. 06-cv-00076-LTB-PAC. These funds allegedly were subject to the terms of a trust agreement. Sterling alleges that the trust agreement has been breached by one or more of the defendants. Sterling asserts claims for breach of fiduciary duty, breach of contract, unjust enrichment, and turnover of estate property.

I have reviewed the record in the ***Pahl & Gosselin*** case, and conclude that the ***Pahl & Gosselin*** case does have some questions of law and fact in common with the above-captioned case. The key commonality is that the receiver is seeking in ***Pahl & Gosselin*** to recover property that allegedly is property of the receivership estate. Judged in terms of promoting efficiency and avoiding unnecessary costs or delay, the commonality between the above-captioned case and the ***Pahl & Gosselin*** case is not

2

compelling. There is no indication that the dispute at issue in the *Pahl & Gosselin* case can be resolved more efficiently as part of the above-captioned case, as opposed to being resolved in an independent civil action. Consolidation of the *Pahl & Gosselin* case with the above-captioned case is not warranted.

**THEREFORE, IT IS ORDERED** as follows:

1. That Sterling Consulting Corporation's **Motion to Consolidate** [#2014], filed December 14, 2005, is **DENIED**; and

2. That Sterling Consulting Corporation's **Motion to Consolidate** [#2091], filed January 23, 2006, is **DENIED**.

Dated May 15, 2006, at Denver, Colorado.

                                        **BY THE COURT:**

                                        **s/ Robert E. Blackburn**
                                        **Robert E. Blackburn**
                                        **United States District Judge**