IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 95-cv-0777-REB-CBS

In re:  THE RECEIVERSHIP ESTATE OF INDIAN MOTORCYCLE MANUFACTURING, INC.

---

ASSIGNEE'S REPLY IN SUPPORT OF
MOTION TO STRIKE OR, IN THE ALTERNATIVE, DENY
MOTION TO COMPEL DISCOVERY AS AGAINST CMA (ASSIGNEE)

---

COMES NOW Credit Managers Association of California, dba Business Credit Services ("Assignee" or "CMA") as Assignee, pursuant to California Assignments for the Benefit of Creditors and General Assignments (the "ABCs") by Indian Motorcycle Company ("Indian"), Indian Motorcycle Corporation ("IMCorp"), Indian Motorcycle Real Estate Services, Inc. ("IMRES"), IMCOA Licensing America, Inc. ("IMCOA Licensing"), and IMCOA Holdings America, Inc. ("IMCOA Holdings") (collectively, Indian, IMCorp, IMRES, IMCOA Licensing, and IMCOA Holdings are referred to herein as the "Indian Entities"), and files this Reply on behalf of the Assignee and the Indian Entities in support of its Motion to Strike or, in the Alternative, Deny ("Motion") the Receiver's Motion to Compel Discovery As Against CMA (the "Motion to Compel").  As grounds, Assignee states as follows:

1. The Assignee is somewhat confused by the Receiver's Response to the Motion insofar as the issues raised in the Motion are clear and unambiguous: (i) the purported Subpoena was not issued by the correct District Court, pursuant to Fed.R.Civ.P. 45(a)(2)(C); and (ii) the Motion to Compel (assuming, arguendo, that the Subpoena had been issued by the correct District Court), was not filed in the correct District Court, pursuant to Fed.R.Civ.P. 45(c)(2)(B).  Rather than simply address these two straightforward issues, the Receiver's Response devolves

into a discussion of Rule 37 procedure (inapplicable under Rule 45 subpoenas) and nationwide jurisdiction over property of the Receivership Estate (equally inapplicable to the Rule 45 process). Finally, when these irrelevant arguments fail, the Receiver provides a self-serving declaration "verifying" what he believed he heard in a conference call that is, taken in the kindest possible light, merely inaccurate. However, none of the foregoing changes the fact that the Receiver has simply failed to follow the predicates of Rule 45 and this Court should require him to do so by striking the Motion to Compel or, in the alternative, denying the Motion to Compel.[1] The language of Rule 45 is straightforward and unambiguous. However, for whatever reason, the Receiver appears bound and determined to mold the language of Rule 45 to his own liking rather than simply follow the straightforward requirements of Rule 45. As set forth in the Motion, Rule 45 specifically requires that a subpoena be issued from the Court in the District in which the documents are being sought and, if there is an issue with the production of such documents, a motion to compel is to be brought in the Court from which the subpoena was issued.

2. A minimal amount of due diligence on the part of the Receiver (in fact, the **requisite** amount of due diligence) would reveal that the Assignee is located in the Central District of California. Thus, Rule 45 requires that in order for a subpoena to be effective to compel production of documents from the Assignee, **such subpoena must be issued from the District Court for the Central District of California**. The Subpoena the Receiver seeks to

---

[1] The Assignee continues to reserve all objections to the form and substance of the purported subpoenas, *if and when they are properly served*, including without limitation, the Receiver's failure to comply with Fed.R.Civ.P. 45(b)(2); 45(c)(3)(A)(i); 45(c)(3)(A)(ii); 45(c)(3)(A)(iii); and 45(c)(3)(A)(iv). Immediately upon receipt of the invalid subpoenas, the Assignee made written objections to the subpoenas as required by Fed.R.Civ.P. 45(c)(2)(B). *See, e.g.,* Motion to Compel, Exhibit 2 (Letter from R. Pitts to J. Tanner dated March 17, 2006).

enforce was issued from the **Southern** District of California, not the Central District.[2] Why the Receiver refuses to address or respond to this simple, straightforward defect is beyond the Assignee's comprehension.[3]

3. With respect to the appropriate court in which to file a Motion to Compel, Rule 45 is equally clear. Such Motion must be brought in the District Court from which the subpoena was issued. *See* Fed.R.Civ.P. 45(c)(2)(b). The Receiver's Motion to Compel was not. Thus, a Motion to Strike such Motion to Compel is appropriate.

4. Further, the Receiver's reliance on Rule 37 as a basis for the Motion to Compel is both inappropriate and misrepresented. Rule 37 applies to motions to compel responses to discovery requests propounded under Rule 30, 31, 33, or 34 – not Rule 45. Even if Rule 37 were applicable here, such rule does not provide that the Colorado District Court is the appropriate court in which to file a Motion to Compel, as suggested by the Receiver. *See* Motion to Compel, p.10, lines 1-3 and Response, p. 2, Section I. However, again, the clear and unambiguous language of the applicable Federal Rule, Fed.R.Civ.P. 37 (a)(1) provides as follows:

> **(a) Motion for Order Compelling Disclosure or Discovery . . .**
>
> (1) *Appropriate Court.* An application for an order **to a party** shall be made to the court in which the action is pending. An application for an order **to a person who is not a party** shall be made to the court in the district where the discovery is being, or is to be, taken.

(Emphasis Added). Clearly, the Assignee is NOT a party in this matter and thus, even if Rule 37 were the appropriate procedural vehicle (which it is not), any motion to compel must be brought

---

[2] The first two purported subpoenas were so facially invalid that the Receiver simply re-issued and re-served superseding subpoenas. The Motion to Compel apparently now deals with the subpoena dated March 14, 2006 ("Subpoena") served on the Assignee.

[3] The Receiver's repeated invocation of "nationwide jurisdiction" is equally incomprehensible as that principle is irrelevant to the Rule 45 procedure.

in the district where the discovery is to be taken despite the Receiver's attempt to convince this Court otherwise.

5. With respect to the Receiver's self-serving declaration of his recollection of a March 8, 2006, telephone conversation, suffice to say that the Receiver's recollection is incorrect and appears to be fabricated out of whole cloth. The March 8, 2006, Rule 7.1 conference call related to a previous version of the Subpoena (a February 10, 2006 version to which the Assignee immediately objected by a February 10, 2006 letter from Robert W. Pitts to John M. Tanner. *See* Exhibit A hereto). As evidenced by the February 10 letter, the Assignee clearly had asserted an objection to the February 10, 2006, subpoena with respect to the "issuing Court" as it was the improper District Court.[4]

6. Further, subsequent to the issuance of the March 14, 2006 Subpoena now at issue (in which version the Receiver remedied the Fed.R.Civ.P. 45 (a)(1)(D) problem, but none of the other problems enumerated in the February 10, 2006 letter or discussed on the March 8 conference call), counsel for the Assignee *again* wrote to counsel for the Receiver, *again* advising him of, *inter alia*, the problem with respect to the issuing District Court. *See* March 17, 2006 Letter from Robert W. Pitts to John M. Tanner, attached as Exhibit 2 to the Motion to Compel. The March 17, 2006 letter states, *in bold*: **"the Subpoena is facially invalid with respect to the issuing district and the place of production (*See* Fed.R.Civ.P. 45(a)(2)"** [Emphasis in Original]).[5] Thus, the Receiver's "recollection" of the March 8, 2006 conference

---

[4] It is also worthy of note that the March 9, 2006 letter from John M. Tanner, Receiver's counsel, purportedly "confirming" the March 8, 2006, Rule 7.1 conference call is conspicuously silent on this central issue. *See* Exhibit 1 to the Motion to Compel. Obviously, if one of the central objections to the subpoena had been "resolved" on the March 8, 2006 conference call, such resolution would have been included in the March 9 letter.

[5] Rather than remedy the basic problems which rendered the Subpoena facially invalid, as enumerated in the March 17 letter, or conducting a Rule 7.1 conference in response to the March 17 letter, the Receiver filed a Motion to Compel in this Court.

call with respect to the Assignee's objection to the "issuing Court" is at odds with the independent written record both prior to and subsequent to such call and is at odds with the Receiver's counsel's own written "confirmation" of that conference call.

7. In response to what the Receiver refers to as "gamesmanship" or "stonewalling" by the Assignee in simply requiring the Receiver to adhere to the clear and unambiguous dictates of the Federal Rules of Civil Procedure, by this point the Receiver and Sterling Consulting Corp., in its individual capacity, should be well aware that the Assignee will not capitulate to the barren demand for tribute to fund the Receiver's previous miscalculations in the administration of the Receivership. The separate case of Sterling Consulting Corp. v. CMA, et al., Case No. 05-cv-1573, has been pending for months without Sterling ever having stated a cogent claim against the Assignee or the Indian Entities, in the form of a pleading or otherwise. Because of Sterling's (or the Receiver's) failure to do so, the Assignee has been denied the opportunity to challenge the spurious claims in the form of a Motion to Dismiss or a Motion for Summary Judgment. Either form would go a long way to exposing the true "gamesmanship" in this matter.

8. Finally, to the extent the Receiver ever does comply with the procedural aspects of Rule 45 and thereafter properly serves a subpoena in compliance with Rule 45, the Assignee reserves all of its rights and objections with respect to the substance of any such subpoena, including without limitation Fed.R.Civ.P 45 (c)(3)(A).

WHEREFORE, for the reasons set forth herein and in the Assignee's Motion, the Assignee requests that this Court strike or, in the alternative, deny the Receiver's Motion to Compel.

Respectfully submitted this 18th day of May, 2006.

**BIEGING SHAPIRO & BURRUS LLP**

By:   s/ Julie Trent
    Julie Trent, No. 17086
    4582 S. Ulster Street Pkwy., Suite 1650
    Denver, CO 80237
    Office: (720) 488-0220
    Fax: (720) 488-7711
    E-mail: jt@bsblawyers.com

    Robert Pitts
    LAW OFFICE OF ROBERT W. PITTS
    660 Newport Center Drive, Suite 400
    Newport Beach, California 92660
    T: 949-720-4125
    F: 949-720-4111
    E: rpitts@lawrwp.com
    *Attorneys for CMA as Assignee of the Indian Entities*

## CERTIFICATE OF SERVICE

I hereby certify that on May 18th, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the parties who have entered a CM/ECF appearance in this matter

And by facsimile number to the following:

| | |
|---|---|
| Michael E. Chodos, Esq.<br>Michael E. Chodos, Attorney at Law<br>56 Malaga Cove Plaza<br>Palos Verdes Estates, CA 90274 | Fax:   310.791.1958 |
| Jack Tanner, Esq.<br>Fairfield & Woods, PC<br>1700 Lincoln St., Suite 2400<br>Denver, CO  80203 | Fax:   303.830.1033 |
| Tom Quinn, Esq.<br>1600 Broadway, Suite 1675<br>Denver, CO  80202 | Fax:   303.672.8281 |

                                          s/ Julie Trent
**Julie Trent**, No. 17086
Bieging Shapiro & Burrus, LLP
4582 South Ulster Street Parkway, Suite 1650
Denver, Colorado 80237
Telephone:  (720) 488-0220
Fax: (720) 488-7711
E-mail:  jt@bsblawyers.com

# LAW OFFICE OF ROBERT W. PITTS

660 Newport Center Drive, Suite 400
Newport Beach, California 92660
T: 949-720-4125
F: 949-720-4111
E: rpitts@lawrwp.com

February 10, 2006

**VIA FEDEX**
John M. Tanner, Esq.
Fairfield & Woods P.C.
Suite 2400
1700 Lincoln Street
Denver, CO 80203-4524

    RE:    **Purported Service of Subpoena**

Dear Mr. Tanner:

    I received, via messenger today, Friday, February 10, 2006, what purports to be a Fed.R.Civ.P. 45 subpoena from your office dated February 8, 2006 ("Subpoena") in the matter entitled *In Re: Indian Motorcycle Manufacturing, Inc. a New Mexico Corporation* (USDC Colorado Civil Action No. 95-0077-REB-CBS, hereinafter "Receivership Action") seeking production of potentially voluminous documents in Los Angeles, California by Tuesday, February 14, 2006. Although the subpoena is directed to "Credit Managers Association of California d/b/a/ CMA Business Credit Services, a California nonprofit corporation" ("CMA"), I am assuming you are seeking a response from CMA in its capacity as Assignee of the Indian Entities ("Assignee"). Obviously, it is only in its capacity as Assignee that CMA has any involvement with the Indian Entities. Thus, for purposes of the Subpoena and this letter relating thereto, CMA is read as the Assignee and vice versa.

    Inasmuch as the Subpoena fails to comply with Fed.R.Civ.P. 45 in numerous respects, it is invalid on its face and, therefore, this letter shall serve as a formal written objection to the service, form and substance of the Subpoena. Further, please be advised that the Assignee reserves all objections to the form and substance of the purported Subpoena, if and when it is properly served, including <u>without limitation</u>, failure to comply with Fed.R.Civ.P. Rule 45 sections 45(a)(1)(D); 45(a)(2); 45(c)(3)(A)(i); 45(c)(3)(A)(ii); 45(c)(3)(A)(iii); and 45(c)(3)(A)(iv).



Ltr to J. Tanner 2.10.06 re Service of Subpoena.doc

John M. Tanner
Page 2

Because there appears to be an inordinate amount of confusion on the part of the Receiver, the following sets forth some of the more critical facial infirmities with the latest Subpoena:

1. First, the Subpoena is directed to CMA. As such, it must be served on CMA, not me. Despite repeated statements to the contrary, you and/or the Receiver continue to insist that I am a principal of CMA. I am not, as I have repeatedly informed you. Further, I have not and will not accept service of a Rule 45 Subpoena on behalf of CMA. Thus, please be aware that the Subpoena has not validly been served.

2. Second, the Subpoena is facially invalid with respect to the issuing district and the place of production (See, Fed.R.Civ.P 45(a)(2)).

3. Third, the Subpoena is facially invalid in that fails to comply with the simple and relatively straightforward language set forth in Fed.R.Civ.P Rule 45 (See, Fed.R.Civ.P 45(a)(1)).

If and when the Subpoena is validly served and assuming the facial defects outlined above are remedied, the appropriate party will respond to the substance of the Subpoena, any and all objections to which are expressly reserved. Until then, I decline Mr. Block's suggestion that I inform you on the form and practice of Rule 45 subpoenas.

Should you have any questions regarding the foregoing, please do not hesitate to contact me at 949-720-4125 or via email at rpitts@lawrwp.com.

Very truly yours,

Robert W. Pitts

Cc: Michael L. Joncich
Julie Trent, Esq.