UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

**Civil Action No. 95-cv-00777-REB-CBS**

In re:

Receivership Estate of INDIAN MOTORCYCLE MANUFACTURING, INC.,
a New Mexico Corporation

_____

**CLARIFICATION OF POTENTIALLY INACCURATE STATEMENT IN [DI# 2259]
"United States' Response to [DI# 2090] Pacelli's Joinder in and Supplement to Michael
Payne's Objection to Magistrate Judge's Recommendation to Grant Receiver's Motion for
Restitution (and Position on [DI# 2250] Receiver's Response to Objection of Mr. Pacelli)"**

_____

On May 2, 2006, the United States filed DI# 2259, constituting the "*United States' Response to [DI# 2090] Pacelli's Joinder in and Supplement to Michael Payne's Objection to Magistrate Judge's Recommendation to Grant Receiver's Motion for Restitution (and U.S. Position on [DI# 2250] Receiver's Response to Objection of Mr. Pacelli).*" The United States wishes to clarify a statement in that response that otherwise may be misconstrued. In the response, the United States, as part of an argument that Mr. Pacelli's allegations of self-dealing by the Receiver were immaterial to the restitution motion, stated that –

> What is undisputed is that this Court, in 1999, approved the issuance of a "bonus" to the Receiver equal to a 5% interest in the purchase money stock in the new Indian Motorcycle Company that was received as part of the consideration for the sale of the combined assets, based upon what seemed at the time like a job extremely well done. While, in hindsight, it may not have been a good idea to grant the Receiver an interest in the receivership estate in that fashion, the matter was proposed by others with an interest in the purchase money stock, on notice to all claimants, and none, including Mr. Pacelli, objected. Whether Mr. Block thought at one time that the 5% interest would make him a millionaire is irrelevant.

(DI# 2259 at p.5.)[1]

---

[1] As the government's response to Pacelli's objection explained, what is more important is that "it was well known that the purchase money stock was in the receivership estate and not being sold, and that those who held the rights to the other 95% of the purchase money stock in the

The Receiver has pointed out to counsel for the United States that this may cause the Court or litigants to infer the Receiver actually received 5% of the purchase money stock and/or that any indirect interest therein was final.  In fact, the motion by Burt Bondy to grant the Receiver a 5% stake in the "equity pool," supported by 13 other equity pool participants, resulted in the entry by Magistrate Judge Schlatter of an *Order re: Bonus Compensation*, filed May 9, 2000, providing only that "at such time as the receiver is prepared to make any distribution of stock, cash, or other assets from the Equity Pool, the receiver shall report such intention to this Court in advance of distribution showing (a) the exact nature of the assets the receiver intends to distribute; (b) a certification by the receiver that the distribution to Sterling is of the same type of assets, in the same proportions, and at the same time as the distribution to the Equity Pool claimants; and (c) the proposed distribution to the individual Equity Pool claimants of the remaining ninety five percent of the assets the receiver proposes to distribution."  Apart from the fact that any such report of intention would have been subject to further objection when the issue was ripe, in fact, there never was any distribution of stock in the purchaser entity or any other proposed distribution to equity pool claimants.  Thus, any inference that the Receiver actually acquired 5% of the purchase money stock or any final rights to acquire such stock in the future would be incorrect.  The record also confirms that, although the Magistrate Judge's order overruled a solitary objection by IMCOA, the order itself became the subject of two Rule 72 objections – by IMCOA and the Cow Creek Tribe.  IMCOA's objection was later withdrawn.  A quick review of the docket does not indicate to us that Cow Creek Tribe's objection was ever ruled upon – *i.e.*, the Magistrate Judge's 5/9/2000 order

---

purchaser corporation (mostly the receivers certificate holders) would surely have objected most strenuously to any proposal to sell the stock at that time.  Certainly Mr. Pacelli did not make a motion to require sale of the stock.  There were also restrictions on the saleability of the stock at the time, that had been imposed by the purchaser corporation in the purchase agreement.  A sale without the permission of the purchaser thus might have risked an administrative claim for breach of contract, imposing administrative liability on the receivership estate.

may never have become final.  (Cow Creek and the Receiver are understood to have settled their differences during the pendency of an appeal to the Tenth Circuit by Cow Creek Tribe of a different order.)

Dated this  19th   day of May, 2006.

                                          Respectfully submitted,

                                          WILLIAM J. LEONE
                                          Acting United States Attorney
                                          District of Colorado

                                          */s/ Adam F. Hulbig*
                                          ADAM F. HULBIG
                                          Trial Attorney, Tax Division
                                          U.S. Department of Justice
                                          P.O. Box 683
                                          Washington, D.C.  20044
                                          Telephone: (202) 514-6061
                                          Facsimile: (202) 307-0054
                                          Email: adam.f.hulbig@usdoj.gov
                                                    western.taxcivil@usdoj.gov

## CERTIFICATE OF SERVICE

       IT IS HEREBY CERTIFIED that on this  19th  day of May, 2006, I caused the foregoing **CLARIFICATION OF POTENTIALLY INACCURATE STATEMENT IN [DI# 2259] "United States' Response to [DI# 2090] Pacelli's Joinder in and Supplement to Michael Payne's Objection to Magistrate Judge's Recommendation to Grant Receiver's Motion for Restitution (and Position on [DI# 2250] Receiver's Response to Objection of Mr. Pacelli**)" to be filed electronically using the CM/ECF system, which will serve all counsel registered for service by that means.

                                        */s/ Adam F. Hulbig*
                                        ADAM F. HULBIG
                                        Trial Attorney, Tax Division
                                        U.S. Department of Justice
                                        P.O. Box 683
                                        Washington, D.C.  20044