## Jack Tanner

**From:**   Robert W. Pitts [rpitts@lawrwp.com]

**Sent:**   Thursday, June 15, 2006 12:38 PM

**To:**   Jack Tanner

**Cc:**   'Julie Trent'

**Subject:** RE: Indian

Jack,

First, with respect to your allegation regarding the service of "duplicate" subpoenas, please be advised that the Assignee was served with ONE subpoena on May 26, issued from the Central District of California. We have objected to that subpoena in part and agreed to produce in part, per my letter to you of June 8, 2006. Thus, we will follow the Local Rules of the court that issued the subpoena, the US District Court for the Central District of California.

Second, to the extent there is any "Colorado subpoena" floating around, the Assignee has already objected to that subpoena and such subpoena has been superceded by the various subpoenas issued by the Southern District of California (with respect to which there is a Motion to Compel pending) and the May 26 subpoena, for which there is no Motion to Compel pending.

Third, I understand that the local rules (either California or Colorado) do not prohibit clients' involvement in meet and confer conferences, but neither do they require it. Based on your client's past history in the meet and confer process, we decline to be involved in any telephone conferences in which your client participates. Therefore, you can fulfill your meet and confer requirements by speaking with Julie Trent and I or you can fulfill them through correspondence, it's totally up to you. The Assignee will not claim any failure on your part with respect to your requirements if you choose to proceed through correspondence. To the extent you are attempting to meet and confer on any subpoena issued from any court other than the US District Court for the Central District of California, our meet and confer can be reduced to the following: It is the Assignee's position that any such subpoena is invalid on its face for failure to comply with F.R.Civ.P. Rule 45 (a)(2). To the extent you are attempting to meet and confer on the May 26 subpoena issued out of the US District Court for the Central District of California, our meet and confer can be reduced to the following: The Assignee will produce documents responsive to Categories 16, 17 and 18. I expect that the copying will be done in time for the June 22 delivery referenced in my letter of June 8. The Assignee will not be producing any other documents, for the reasons stated in my letter of June 8.

If you feel there are additional reasons for yourself, Julie and I to get on a telephone conference call, please let me know.

Thanks,
Bob

Robert W. Pitts
**Law Office of Robert W. Pitts**
660 Newport Center Drive, Fourth Floor
Newport Beach, California 92660
**T:** 949-720-4125
**F:** 949-720-4111
**E:** rpitts@lawrwp.com
    www.lawrwp.com

-----Original Message-----
**From:** Jack Tanner [mailto:Jtanner@fwlaw.com]
**Sent:** Wednesday, June 14, 2006 11:13 AM
**To:** rpitts@lawrwp.com
**Cc:** rblock@xpn.com
**Subject:** RE: Indian

EXHIBIT 4

Bob,

1. Of course Rick Block will be on the phone. He is the president of the company that is the receiver, and my client. You are fully aware that I cannot have a meaningful conversation about

documents for a receiver's investigation without the receiver. You are welcome to have a client on the phone, too, if you wish.

2. I disagree C.D.Cal. LR 37-1 controls; I think it is D. Colo. 7.1. Regardless, neither rule prohibits clients from being involved.

3. CMA was served with two subpoenas on May 26—one issued in the Central District of California and one in the District of Colorado. The substance of them was identical. The conversation relates to both or either.

4. As I have written you before, we are not withdrawing the Motion to Compel until we actually get all of the documents requested. If we get the documents before the July 10 hearing, we will withdraw it. If we don't, we will file a supplement detailing what we have done since then to bend over backwards in an attempt to accommodate your endless procedural niggling.

5. If we are to have a telephone conference, it must be by the close of business 10 a.m. (Denver time) on Friday. Rick Block and I believe we can adjust our schedules to accommodate any time you pick.

Thank you

Jack

---

**From:** Robert W. Pitts [mailto:rpitts@lawrwp.com]
**Sent:** Tuesday, June 13, 2006 4:43 PM
**To:** Jack Tanner
**Cc:** 'Julie Trent'
**Subject:** RE: Indian

Jack,
I am willing to participate on a call with you, as counsel for the Receiver, and Julie Trent, Colorado counsel for the Assignee. However, based on the actions of the Receiver in filing the Declaration of Richard Block dated March 23, 2006, I am not willing to participate on any call that includes the Receiver. Please see the applicable Local Rule for the USDC for the Central District of California, Local Rule 37-1, which requires that counsel meet and confer. I'm not certain who the "we" that you referenced in your email was, but I wanted to make our position clear that neither Julie nor I will participate in any further calls with the Receiver.
Also, please confirm that: (i) the proposed meet and confer relates to the May 26, 2006 Rule 45 subpoena issued out of the USDC for the Central District of California, and (ii) the Receiver's Motion to Compel dated March 23, 2006, has been withdrawn as to the Assignee.
Upon confirmation of the forgoing, Julie and I will call you to meet and confer. Please let me know your availability.
Thanks,
Bob

Robert W. Pitts
**Law Office of Robert W. Pitts**
660 Newport Center Drive, Fourth Floor
Newport Beach, California 92660
**T:** 949-720-4125
**F:** 949-720-4111
**E:** rpitts@lawrwp.com
www.lawrwp.com

-----Original Message-----
**From:** Jack Tanner [mailto:Jtanner@fwlaw.com]

6/16/2006

**Sent:** Tuesday, June 13, 2006 1:56 PM
**To:** rpitts@lawrwp.com
**Cc:** rblock@xpn.com
**Subject:** Indian

Bob,

We have your letter of June 6, which arrived June 9.  A conference call to narrow the issues would be good.  We are available pretty much anytime by the end of business Thursday.  Please let us know what time(s) work for you.

Jack