**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLORADO**

Civil Action No. 95-cv-00777-REB-CBS

In Re: THE RECEIVERSHIP OF INDIAN MOTORCYCLE
MANUFACTURING, INC.

_____

**AUDAX'S OPPOSITION TO RECEIVER'S MOTION TO COMPEL AND
RECEIVER'S "SUPPLEMENT TO MOTION TO COMPEL"**
_____

Non-parties Audax Private Equity Fund, L.P. Audax Co-Invest, L.P., Audax

Special Purpose Co-Invest, L.P., Audax Trust Co-Invest, L.P., and Audax Group

(collectively "Audax," by and through their counsel Michael Chodos, Esq. and Eugene

M. Sprague of Berenbaum, Weinshienk & Eason, P.C.) hereby respond to and Oppose

the Receiver's Motion to Compel Discovery Against Audax and CMA ("Motion to

Compel") (filed March 23, 2006, *doc. no. 2195-1*).  This Opposition is being filed timely

pursuant to this Court's Order [Doc. No. 2281] extending to and including June 28, 2006

Audax's time to respond to the Receiver's Motion to Compel.  This Opposition is also

intended to Oppose the Receiver's "Supplement to Motion to Compel" [Doc. 2291] filed

June 16, 2006.

1.      The Motion to Compel is moot.  Audax has produced all requested, non-

privileged documents in its possession, custody or control.  After searching all its records,

and after spending very extensive time reviewing and identifying responsive, non-

privileged documents, on May 21, 2006, Audax delivered to the Receiver's counsel 3,604

1

pages of records in response to the Receiver's subpoenas.  As of the filing hereof, Audax also has delivered a privilege log to the Receiver along with a very small number of additional responsive documents recently identified.  After diligent search and review, Audax has no additional responsive, non-privileged documents in its possession, custody or control.

2.      However, in what is becoming its *modus operandi* in this matter, the Receiver hurls constant accusations and invective at Audax.  It did so in its Motion to Compel, and it does so again in its recently-filed "Supplement" to its Motion to Compel. Indeed, it has done so in every single pleading it has filed in this Court and in the 1573 Action.

3.      As with all the Receiver's slurs and attacks, the Receiver provides no evidence whatsoever to support its accusations.  It simply asserts that Audax is "not taking the obligation to produce seriously," that Audax produced a host of unimportant documents, and that Audax has additional responsive documents which it has failed to produce.  (Receiver's Supplement, paras. 6, 7).  There is not one shred of evidence provided by the Receiver in support of any of these accusations, and they are simply incorrect.

4.      First of all, Audax takes its discovery obligations seriously – whether or not the Receiver itself does so.  As set forth by Audax more fully below, the Receiver's subpoenas and its Motion to Compel were both fraught with outlandish substantive and procedural defects which resulted in objections from Audax.  Rather than deal with the defects in its own subpoenas, the Receiver ran into Court with its Motion to Compel, accusing Audax of "stonewalling."  Notably, neither the Receiver's Motion to Compel

nor its recently-filed "Supplement" bother to address any of the Receiver's specific requests or Audax's specific objections; the Receiver simply uses both pleadings as an opportunity to try to convince this Court – by force of sheer repetition -- that it is a victim and Audax a bad actor.

5.      Second, Audax has not produced "irrelevant" documents – it has produced those non-privileged documents in its possession which the Receiver requested.  The documents fall into numerous categories: Communications between Audax and Indian's Board members; Minutes of Indian Board Meetings; documents relating to Indian's assignment for benefit of creditors; CMA reports and correspondence; documents relating to efforts to sell Indian's assets; documents relating to Audax's loans to Indian; and many, many more documents.  These are exactly what the Receiver requested and exactly what it received.  It is appalling for the Receiver now to say that 85-90% of these documents were "already in its possession," and that it was "uninterested" in most of them.  (Supplement, para. 2)  If that is so, why did it request them and put Audax to the time and expense of identifying and producing them?

6.      And third, Audax does not have additional non-privileged, responsive documents which it is withholding.  The Receiver says it is "confident" Audax is doing so; but provides no reason for such a statement.  Audax has produced its correspondence with Indian's Board, all reports in its possession from CMA, and all communications from CMA about bids for Indian's assets.

7.      Moreover, the Receiver purports to characterize the 3,600 pages produced by making statements such as "only a few of this" kind of document were produced, or only "one or two" of that.  How is this Court supposed to analyze and make a judicial

ruling based upon such statements by the Receiver?  If the Receiver has a problem with a specific document, it should identify its own subpoena category by number and Audax's responsive document by Bates number.  If it believes a particular category of document is in Audax's possession but has not been produced, it should identify the basis for making such a claim.  Since it has provided no such basis, presumably it has none.

8.      For all the foregoing reasons, the Motion to Compel should be denied because it is moot and because the Receiver has not shown (nor could it show) that Audax has additional non-privileged responsive documents which it has not produced. The Receiver should have taken its Motion to Compel off-calendar weeks ago after it received Audax's documents.  Its failure to do so can only be explained as a desire to have an ongoing basis for filing more bombastic and baseless harangues with this Court.

9.      In addition to the fact that the Receiver's Motion to Compel is moot, it suffers (and from the date of its initial filing has suffered) from numerous substantive and procedural defects.  Audax voluntarily produced documents in order to attempt to avoid a dispute with the Receiver, but that obviously was an exercise in unfounded optimism. Audax reserved the right to oppose the Motion to Compel if the Receiver insisted upon pursuing it, so Audax hereby sets out the additional substantive and procedural reasons why the Motion to Compel is defective and should be denied:

(a)      The "Supplement" to the Motion to Compel is not authorized by the Federal Rules or the Colorado District Court Local Rules.  Insofar as it relates to Audax, it represents an acknowledgement that the requested documents were produced and that the Receiver's initial Motion to Compel is moot and should have been withdrawn. Instead, it has been used by the Receiver as a pretext for making various claims about

4

how unidentified documents in Audax's production "confirm" the Receiver's suspicions
and "prove" one or more of its claims.  Such matters constitute argument about the
merits, matters which have no place in a motion to compel.

       (b)      The five subpoenas on which the Motion to Compel are based are facially
invalid and unreasonable, as the Receiver admits in its own Motion to Compel.  None of
the Audax entities is a party to this  Receivership Action and there are no claims or
pleadings whatsoever pending against the Audax entities in this action.  There is thus no
basis for subjecting Audax to the absurdly over-reaching document requests set forth in
the subpoena; and more to the point, no reason whatsoever for requiring non-parties such
as Audax to respond to a massively overbroad subpoena with only one business day's
notice.  The subpoenas appear simply to be a pretext for the Receiver to obtain some
perceived advantage in the 05-1573 Action by filing yet another pleading accusing Audax
of "stonewalling."  For these and the following reasons, the Motion to Compel should be
denied and stricken:

       (c)      The Motion to Compel is filed in the wrong court.  Fed. R. Civ. Proc.
12(f).  In this regard, Fed. R. Civ. Proc. 45(c)(1), (c)(2)(B), (c)(3)(A), and (e) requires a
motion to compel to be made before the Court "which issued the subpoena."  Here, that
Court is the District Court of Massachusetts.  Rule 45 does not permit the subpoenaing
party (here, the Receiver) to drag a distant non-party into this Court on a motion to
compel.  Instead, it requires the party which issued the subpoena to travel to the witness's
location if it seeks to move to compel.  The Receiver has not done so – in clear violation
of Rule 45.

(d)     The subpoenas to Audax violate Rule 45 and are in numerous respects unfair, unreasonable and grossly burdensome.  It is critical to note that the Receiver does not attach to its Motion to Compel or to its Supplement Audax's written Objection to the subpoenas.  What the Receiver attaches as Exhibit 8 to its Motion is a *prior* objection which Audax made to an *earlier* set of subpoenas which the Receiver sent to Audax and then hastily withdrew.  Audax's written Objection to the subpoenas which are the subject of this Motion to Compel was sent to the Receiver on February 14, 2006 in the form of a letter-Objection from Michael Chodos, Esq. to Jack Tanner, Esq., the Receiver's counsel. A true and correct copy of said written Objection is attached hereto as Exhibit "A".  As the Court will note, Audax objects specifically, and substantively, to the subpoenas and specifies precisely the basis and grounds for its objection.  The Receiver does not address a single one of Audax's objections in its Motion to Compel.

(e)     As set forth in Audax's written Objections, the subpoenas are technically invalid and improper because – as the Receiver admits -- they fail to comply with the requirements of Fed.R.Civ.P. Rule 45 section 45(a)(1)(D).  But beyond this evident technical defect, the subpoenas are substantively unreasonable and improper for a host of reasons:

> (1)     There is no pleading whatsoever in this Receivership Action to which the subpoenas relate.  There is thus no way to determine if they are "relevant to the subject matter" as required by Fed. Rule of Civ. Proc. 26, because there is no "subject matter" of any dispute in existence between the Receiver and the Audax entities in the Receivership estate.  This is thus not even a "fishing expedition;" it is simply harassment.

> (2)     The only reference the Receiver makes in its *entire* Motion to Compel to the relevance of the subpoenaed documents is that they are relevant to the Receiver's investigation into "what happened to Indian" and "the value the Receivership Estate was to receive from its buyer."  [Motion, pg. 10]  But Audax had nothing to do with Indian at the time it dealt with the Receiver regarding the

purchase of certain Trademark assets from the Receivership, and no role in deciding what "value" the Receiver was going to get in return for those assets. Audax was simply a subsequent shareholder in a later group of corporate entities which thereafter purchased various Indian rights and assets; Audax never had any contractual relationship with the Receiver.

(3)     The Subpoenas were issued for an improper purpose as they were issued in this Receivership proceeding for the benefit of Sterling Consulting Corporation, in its individual capacity, in another pending proceeding.  The existence of this collateral purpose is not an idle assertion by Audax; it is precisely what the Receiver and Sterling themselves argued in their Motion for an Extension of Time to File First Amended Complaint, which they filed in the 05-1573 Action as Doc. No. 57, pgs 2-4.

(4)     The Subpoenas are improper in that they seek to subvert and avoid the limitations upon, and procedures governing, discovery among parties to pending actions as set forth in Fed. R. Civ. P. 26.  Simply put, Sterling Consulting Corp. in its individual capacity is the plaintiff in an action pending against Audax [05-1573] but it has not sought leave to serve any discovery directly upon Audax in that action in accordance with Rule 26.

(f)     The Receiver blithely admits that the subpoenas are "very broad and in need of refinement and narrowing in scope."  [Motion, pg. 5]  It then goes on to seek sanctions against Audax for "stonewalling" and "willful failure to comply."  It argues that Audax was "unreasonable" and "failed to comply in good faith" with its meet and confer obligations under Local Rule 7.1 to disclose "what documents it has" so that the Receiver could modify its inspection demands.  But Local Rule 7.1 does not (and could not) impose any obligation upon Audax to disclose "what documents it has" when the Receiver has never indicated what claims it has against Audax.  Audax, like any business, has many documents.  Because Audax invested in various Indian Motorcycle entities between 2001 and 2003, it has a number of documents relating to Indian.  But beyond this obvious fact, Audax cannot possibly know what documents are "relevant to the subject matter" of the Receiver's claims when the Receiver *has never set forth any claims* against Audax.  In essence, the Receiver is trying to impose upon Audax the burden of

speculating what possible claims the Receiver might have against Audax and then telling

the Receiver what documents it has which might be relevant to such claims.  This turns

the litigation process on its head.  It is also not the process which Rule 45(c)(1)-(3)

contemplates once an objection to discovery has been made.

WHEREFORE, for each of the foregoing reasons, Audax respectfully submits

that the Receiver's Motion to Compel should be denied.

Respectfully Submitted.


DATED:  June 28, 2006


By:      s/ Michael Chodos
            Michael Chodos, Esq.

Michael Chodos, Esq.
56 Malaga Cove Plaza
Palos Verdes Estates, CA  90274-1306
Ph: (310) 791-1928
Fax: (310) 791-1958
Email: michael@chodos.com

Eugene M. Sprague, Esq.
Berenbaum, Weinshienk & Eason, PC
370 Seventeenth Street
Republic Plaza, 48th Floor
Denver, CO  80202-5698
Phone:  303-592-8327
Fax:  303-629-7610
Email: esprague@bw-legal.com

Attorneys for Defendant Audax Private Equity Fund, L.P.

CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of June, 2006, I electronically served the foregoing **AUDAX'S OPPOSITION TO RECEIVER'S MOTION TO COMPEL AND RECEIVER'S "SUPPLEMENT TO MOTION TO COMPEL"** on the following parties at the email addresses below.  I electronically filed said document with the Clerk of the Court using the CM/ECF system on June 28, 2006, which will send notification of such filing to the following email addresses:

jtanner@fwlaw.com
ahale@haldfriesen.com
eramey@ir-law.com
spack@ir-law.com
jcage@cagewilliams.com
glen.keller@dgslaw.com
jelliff@mofo.com
adam.f.hulbig@usdoj.gov
mgoschetti@hatchlawyers.com
csasso@bakerlaw.com
mpankow@bhf-law.com
dgarfield@bhf-law.com

Additional copy via email to:

John Tanner, Esq.
Fairfield and Woods, P.C.
1700 Lincoln St., #2400
Denver. CO 80203
Phone: (303)830-2400
Fax: (303)830-1033
Email: jtanner@fwlaw.com

Thomas F. Quinn, Esq.
Thomas F. Quinn, P.C.
1600 Broadway, Suite 1675
Denver, CO  80202
Ph: (303) 832-4355
Fax: (303) 672-8281
Email: tquinn@tfqlaw.com

Julie Trent, Esq.
Bieging, Shapiro & Burrus, LLP
4582 S. Ulster Street Pkwy., Suite 1650
Denver, CO  80237
Ph: (720) 488-0220
Fax: (720) 488-7711
Email: jt@bsblawyers.com


By:      s/ Michael Chodos
         Michael Chodos, Esq.

Michael Chodos, Esq.
56 Malaga Cove Plaza
Palos Verdes Estates, CA  90274-1306
Ph: (310) 791-1928
Fax: (310) 791-1958
Email: michael@chodos.com

Eugene M. Sprague, Esq.
Berenbaum, Weinshienk & Eason, PC
370 Seventeenth Street
Republic Plaza, 48th Floor
Denver, CO  80202-5698
Phone:  303-592-8327
Fax:  303-629-7610
Email: esprague@bw-legal.com