

# MICHAEL CHODOS
ATTORNEY • AT • LAW

February 14, 2006

**By Fax and Email**

Jack Tanner, Esq.
Fairfield & Woods, P.C.
1700 Lincoln Street, Suite 2400
Denver, CO  80203
Fax: (303) 830-1033
Email: jtanner@fwlaw.com

      Re:    *In re: Indian Motorcycle Manufacturing*, Civ. No. 95-cv.-00777-REB-CBS
              <u>Audax Private Equity Fund, LP's, et al., Objections to Subpoenas Dated
              February 10, 2006, Pursuant to Fed.R.Civ.P. 45(c)(2)(B)</u>

Dear Mr. Tanner:

      I represent non-parties Audax Private Equity Fund, L.P., Audax Special Purpose Co-Invest, L.P., "Audax Group," Audax Management Company, LLC, Audax Trust Co-Invest, L.P., and Audax Co-Invest, L.P. (collectively "Audax Entities"). On February 10, 2006, a messenger delivered documents marked "Subpoena" addressed to each of the Audax Entities at their offices in Boston, Massachussetts. The documents purport to be Fed.R.Civ.P. 45 subpoenas from your office dated February 8, 2006 ("Subpoenas") issued out of the District of Massachussetts in the above-mentioned matter. They seek production in Boston, on February 14, 2006, of numerous categories of documents.

      This is intended to be the Audax Entities' written objection under Fed.R.Civ.P. Rule 45(c)(2)(B) to the service, form and substance of the Subpoenas.

      (a)    The Subpoenas fail to comply with the requirements of Fed.R.Civ.P. Rule 45 section 45(a)(1)(B);

      (b)    The Subpoenas fail to comply with the requirements of Fed.R.Civ.P. Rule 45 section 45(a)(1)(D);

      (c)    The Subpoenas fail to comply with the requirements of Fed.R.Civ.P. Rule 45 section 45(a)(2);

MICHAEL CHODOS
ATTORNEY·AT·LAW

Jack Tanner, Esq.
February 14, 2006
Objections to Subpoenas
Page 2 of 3

(d) The Subpoenas fail to comply with the requirements of Fed.R.Civ.P. Rule 45 section (c)(1); and

(e) The Subpoenas fail to comply with the requirements of Fed.R.Civ.P. Rule 45 section (c)(3)(A)(i). In this respect, the Subpoenas were delivered on a Friday before a weekend and the Lincoln's Birthday holiday, and purport to require review and production of documents by Tuesday, February 14, 2006. This request is grossly unreasonable and does not permit the Audax Entities reasonable or adequate time to review their records, to determine if any responsive documents are within their possession, custody or control, or to review any potentially responsive for claims of privilege.

(f) The Subpoenas fail to comply with the requirements of Fed.R.Civ.P. Rule 45 section (c)(3)(A)(iv). In this respect, the Subpoenas require the Audax Entities to review and produce some 35 categories of documents which on their face appear to canvass every business aspect of Indian Motorcycle Company and related persons and entities. The requests are very broadly worded and are without limitation in time; and the requests do not arise out of or relate to any pending pleading or proceeding in the Receivership action in which they are issued. The Audax Entities are not parties to the Receivership Action and as non-parties should not be subjected to the burden of responding to such voluminous discovery.

(g) The Subpoenas were issued for an improper purpose as they appear to have been issued in the Receivership proceeding for the benefit of Sterling Consulting Corporation, in its individual capacity, in another pending proceeding.

(h) The Subpoenas are improper in that they seek to subvert and avoid the limitations upon, and procedures governing, discovery among parties to pending actions as set forth in Fed. R. Civ. P. 26.

(i) The Audax entities further object to the Subpoenas to the extent they seek documents not within the Audax Entities' possession, custody or control.

(j) Because it is not reasonably possible for the Audax Entities to review their records and to respond to the Subpoenas within the time permitted, the Audax Entities have not yet determined which responsive documents, if

# Michael Chodos
ATTORNEY • AT • LAW

Jack Tanner, Esq.
February 14, 2006
Objections to Subpoenas
Page 3 of 3

any, are within their possession, custody or control. Therefore, the Audax Entities cannot yet ascertain whether any responsive documents are subject to objection and non-disclosure pursuant to Fed. R. Civ. P. 45(c)(3)(A)(iii), 45(c)(3)(B)(i) or 45(d)(2). The Audax Entities expressly reserve their right to object under said sections to the production of any otherwise responsive documents, if and when they are ordered to produced documents pursuant to said Subpoenas.

It is possible to conduct discovery of a non-party in a reasonable, non-harassing and proper fashion. Discovery is also available from parties to pending litigation under the procedures governed by Rule 26. I am unaware of any legitimate reason why Sterling refuses to pursue either of these paths and why it insists upon serving (and re-serving) these invalid, grossly unreasonable and improper subpoenas.

Thank you for your attention to the foregoing.

Sincerely yours,

Michael Chodos
Attorney for Audax Private Equity Fund, LP, et al.

MAC/
cc: Robert Pitts, Esq.
Eugene Sprague, Esq.
Julie Trent, Esq.
Thomas Quinn, Esq.
Sara Lipscomb, Esq.
(all via email)