# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 95-cv-0777-ZLW-OES

In re:  THE RECEIVERSHIP ESTATE OF INDIAN MOTORCYCLE MANUFACTURING, INC.

### ASSIGNEE'S RESPONSE TO RECEIVER'S SUPPLEMENT
### TO MOTION TO COMPEL

COMES NOW Credit Managers Association of California, dba Business Credit Services ("Assignee" or "CMA") as Assignee, pursuant to California Assignments for the Benefit of Creditors and General Assignments (the "ABCs") by Indian Motorcycle Company, Indian Motorcycle Corporation, Indian Motorcycle Real Estate Services, Inc., IMCOA Licensing America, Inc., and IMCOA Holdings America, Inc. (collectively referred to herein as the "Indian Entities"), and files this Response on behalf of the Assignee and the Indian Entities to the Receiver's Supplement ("Supplement") to its Motion to Compel (the "Motion to Compel").  As grounds, Assignee states as follows:

1.      As set forth in the Assignee's Motion to Strike, Fed.R.Civ.P. 45 requires that a motion to compel production pursuant to a Rule 45 subpoena be filed in the court which issued the subpoena, in this case, the Central District of California.  However, if this Court chooses to address the Motion to Compel, Assignee briefly responds to the Supplement herein.[1]

2.      **PROCEDURAL TIMELINE:** An understanding of the procedural aspects of this matter is important to an analysis under Fed.R.Civ.P. 45.  The following sets forth the

---

[1] Filed concurrently herewith in this action and the 05-cv-01573 action is the "Assignee's Supplemental Status Report," which addresses the substantive issues raised by the Receiver in its Supplement.

00045898                                                   1

Receiver's efforts relative to the Receiver's Motion to Compel and the Assignee's Motion to Strike:

(1) On February 10, 2006, the Receiver served a subpoena issued by the Southern District of California on the Assignee (the Assignee is located in the Central District of California).

(2) By letter dated February 10, 2006, the Assignee set forth its Rule 45 objections to the subpoena – subsection by subsection – including the Receiver's failure to comply with the requirements of Fed.R.Civ.P. 45(a)(2) (proper place of issuance).

(3) On March 8, 2006, the Receiver, the Receiver's counsel and the Assignee's counsel met and conferred by telephone. At that time, the Assignee's counsel reiterated the Receiver's failure to comply with, inter alia, Fed.R.Civ.P. 45(a)(2). In addition to listing the subsections of Rule 45 that the Receiver had failed to comply with in the February 10 letter, Assignee's counsel verbally listed the subsections of Rule 45 during the call. What counsel for the Assignee admittedly refused to do was instruct the Receiver's counsel how to *remedy* the defects.

(4) On March 14, 2006, the Receiver served upon the Assignee a second subpoena (which remedied the Rule 45 (a)(1)(D) problem, but not the other problems enumerated in the February 10, 2006 letter or discussed on the March 8 conference call).

(5) On March 17, 2006, the Assignee again served a written objection, this time to the March 14, 2006, subpoena, in which the Assignee stated, *in bold*: "**the Subpoena is facially invalid with respect to the issuing district and the place of production (See Fed.R.Civ.P. 45(a)(2)"** [Emphasis in Original]).

(6) On March 23, 2006, the Receiver filed the instant Motion to Compel.

(7) On April 12, 2006, the Assignee filed a Motion to Strike, or in the Alternative, Deny, the Receiver's Motion to Compel on the basis that the Motion to Compel failed to comply with, inter alia, Fed.R.Civ.P. 45 (a)(2). The Receiver filed an opposition to the Motion to Strike and the Assignee filed a reply thereto.

(8) On may 26, 2006, the Receiver served a third subpoena on the Assignee ("Subpoena"), which was properly issued out of the Central District of California, thus rectifying the Fed.R.Civ.P. 45(a)(2) objection. This Subpoena is the only properly issued, operative subpoena in this matter.

00045898  2

  (9) On June 8, 2006, the Assignee responded to the Subpoena by agreeing to produce certain documents and objecting, in writing, to specific requests pursuant to Fed.R.Civ.P. 45(c)(2)(B).

  (10) On June 21, 2006, the Assignee produced documents in response to the un-objectionable portion of the Subpoena, along with a Privilege Log in accordance with Fed.R.Civ.P. 45(d)(2).

3. With respect to the only validly issued subpoena in this matter (the May 26 Subpoena), the Assignee has objected in part and produced in part. Pursuant to the straightforward requirements of Rule 45 and as set forth in the Assignee's Motion to Strike, if the Receiver wishes to litigate the Assignee's production regarding the Subpoena issued by the Central District of California, the Receiver must file a motion to compel in that Court. *See* Fed.R.Civ.P. 45(c)(2)(B).[2]

4. With respect to the Receiver's assertion that the Assignee has failed to meet and confer with respect to the Receiver's Rule 45 Subpoena and the Motion to Compel, the Assignee has agreed to participate in the meet and confer process, but will do so without the Receiver's personal participation.[3] It is the Assignee's position that Mr. Block's involvement in the meet and confer process is generally disruptive to the process. More importantly, as more fully discussed in the Assignee's Reply to the Receiver's Response to Motion to Strike (¶¶ 8 and 9), the Assignee takes issue with several of Mr. Block's recollections and failures to recollect certain

---

[2] While this may seem burdensome, it must be noted that the Assignee has been dragged into this fishing expedition wherein the Receiver has caused tens of thousands of dollars in legal fees without even filing an operative complaint. The Assignee is not a party or claimant in the Receivership Estate, and neither are any of the Indian Entities. In fact, the Indian Entities were dismissed *with prejudice* from the Receivership action on March 28, 2001, and such dismissals were certified as final under Fed R. Civ. P. 54(b) [Docket No. 1615].

[3] The operative Subpoena in this matter was issued from the United States District Court for the Central District of California. Thus, Local Rule 37-1 for that Court is the operative "Meet and Confer" rule (although the Colorado District Court Local Rule is substantively identical). That rule requires that counsel meet and confer. The issue to be resolved in the Receiver's eventual Motion to Compel is limited to the legal issue of the appropriate scope of a Rule 45 subpoena. Receiver's counsel is not prejudiced by being required to address legal issues.

aspects of telephonic discussions with counsel, as evidenced in his March 23, 2006, Declaration. The Assignee is not interested in aiding the Receiver's practice of engaging in discussions with counsel, then inaccurately reporting those conversations in the form of Declarations. The Assignee has concluded that the more expedient and accurate method of dealing with discovery issues is to meet and confer with counsel, as required by the Central District of California's Local Rule, or to communicate by written correspondence.

5. As discussed more fully in the Assignee's Supplemental Status Report filed concurrently herewith, the Receiver's efforts to manufacture a cognizable claim have fallen flat not because of the "lack of documents produced," but rather due to the simple explanation that no such claims exist.

WHEREFORE, for the reasons set forth herein and in the Assignee's Motion to Strike, the Assignee requests that this Court strike or, in the alternative, deny the Motion to Compel.

Respectfully submitted this 30th day of June, 2006.

**BIEGING SHAPIRO & BURRUS LLP**

By:   s/ Julie Trent
      Julie Trent, No. 17086
      4582 S. Ulster Street Pkwy., Suite 1650
      Denver, CO  80237
      Office:  (720) 488-0220
      Fax:  (720) 488-7711
      E-mail: jtrent@bsblawyers.com

      Robert Pitts
      LAW OFFICE OF ROBERT W. PITTS
      660 Newport Center Drive, Suite 400
      Newport Beach, California 92660
      T:  949-720-4125
      F:  949-720-4111
      E:  rpitts@lawrwp.com
      *Attorneys for CMA as Assignee of the Indian Entities*

## CERTIFICATE OF MAILING

I hereby certify that on June 30th 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the parties who have entered a CM/ECF appearance in this matter.

And by facsimile number to the following:

| | |
|---|---|
| Michael E. Chodos, Esq.<br>Michael E. Chodos, Attorney at Law<br>56 Malaga Cove Plaza<br>Palos Verdes Estates, CA 90274 | Fax:    310.791.1958 |
| Tom Quinn, Esq.<br>1600 Broadway, Suite 1675<br>Denver, CO  80202 | Fax:    303.672.8281 |

s/ Julie Trent
**Julie Trent**, No. 17086
Bieging Shapiro & Burrus, LLP
4582 South Ulster Street Parkway, Suite 1650
Denver, Colorado 80237
Telephone:  (720) 488-0220
Fax: (720) 488-7711
E-mail:  jt@bsblawyers.com

00045898                            5