### RichardBlock

**From:** Richard A. Block
**Sent:** Monday, October 13, 2003 07:17 PM
**To:** 'Lipscomb, Sara'
**Subject:** RE: IMCOA - Spokes discovery

Ms. Lipscomb:

You apparently have a general misunderstanding of the facts and circumstances, a few of which are mentioned below.

First, Mr. Kutner is not Sterling's lawyer, he is your lawyer and has been for many years.

Second, I have no personal involvement in this matter; Sterling Consulting Corporation is the party in interest—I am the president of Sterling.

Third, Mr. Pitts advised me that, contrary to the general understanding of many people interested in buying the Indian Motorcycle trademarks, they are not part of the assignment for the benefit of creditors, but rather are bundled for sale with other assets that were assigned. My understanding came from conversations with some of those people.

Fourth, prior to consummating a transaction that contemplates assigning the trademarks, I suggest that you review Indian's Settlement Agreement with Sterling, particularly the provisions dealing with limitations on your right to assign the trademarks and the prohibition on assignments that tend to defeat the purpose of the Settlement Agreement.

Fifth, this unpleasant situation could easily have been avoided had Indian responded to my request for a clarification. Instead, Mr. Kutner (your lawyer) reported back to us that no response was forthcoming. That was two weeks ago. Since that time, I have wasted a considerable amount of my time because no one at Indian thought this to be sufficiently important to respond. I suppose that there is no obligation on your part to respond timely, or to respond at all, for that matter, but Sterling will be taking action to protect its position starting tomorrow morning. Accordingly, your allegation of extortion as a result of the short time allowed is nonsense and probably actionable in itself (I note the large number of third parties copied with your email).

Sixth, your allegation of an interference with business advantage is also nonsense. Had Indian given a reasonable notice to its creditors and vendors, including Sterling, Sterling would have no reason to take any urgent action. The only reason I have any information, however, is because I have received calls from many of those interested in purchasing the assets. Indian has set the deadline for Friday, October 17, 2003, not Sterling, and the urgency is generated by that date, not by Sterling's requirement of a response today.

Seventh, the only portion of my comments to Mr. Pitts that were directed to Audax were non-substantive. I do not know where you got the idea that Audax is in privity with Sterling. Whether Audax has any liability to Sterling for the breaches, on the other hand, is not known.

Eighth, I believe Mr. Pitts solicited Sterling's suggestion that Sterling could be bought out of its contract, not the other way around. That is why I insisted that Indian make an offer if it is interested. Otherwise, as I stated above, please read the contracts and promptly remedy the breaches and the anticipatory breaches. This includes paying the money that is seriously past due. Sterling is current on all of its obligations under the Settlement Agreement and is not in default of any provisions, material or otherwise. This cannot be said for Indian.

Lastly, we are evaluating the difference to Sterling between an assignment of the trademarks for the benefit of creditors and an assignment in a private sale. It certainly would have been convenient if Indian had advised us of the distinction, but Sterling has not yet taken any action

04/13/2005

EXHIBIT 9

that would be affected by the difference. If you believe there is a difference, please advise and we will consider any information you provide in support of that position. It might be helpful if you were to provide us with a copy of the bid solicitation document so we can determine our position for ourselves.

Rick Block

Richard A. Block
Sterling Consulting Corporation
4101 East Louisiana Avenue
Denver, Colorado 80246
Office: 303-388-1300
Cell: 303-888-1300
Fax: 303-781-4311
Email: rblock@sterlingcorp.com

**From:** Lipscomb, Sara [mailto:slipscomb@Audaxgroup.com]
**Sent:** Monday, October 13, 2003 03:29 PM
**To:** 'lmk@kutnerlaw.com'
**Cc:** 'rpitts@winthropcouchot.com'; Richard A. Block; 'foconnell@indianmotorcycle.com'; 'ggallegos@indianmotorcycle.com'

October 13, 2003

Mr. Kutner: After receiving a "courtesy copy" of your client's letter dated October 8, 2003, I, on behalf of the Chairman of the Board of Indian Motorcycle Company, Frank O'Connell, requested information concerning the amounts purportedly owing to your client. It is my understanding based on the below-referenced invoices, that $7077.29 presently is due and owing your client. Please confirm that amount so that arrangements for payment can be made.

Please also do not take my decision to not address the points raised by your client in the above-referenced letter as in any way an acquiescence by Indian Motorcycle Company in his characterization of either the "facts" or what the relevant agreements require of the parties thereto.

Finally, it is my understanding that your client, Richard Block, spoke with Mr. Pitts, counsel for the Assignee for Indian Motorcycle Corporation, today. Thereafter, at approximately 4 pm EST, per your client's request, Mr. Pitts telephoned me to relay a message from him. I can only hope I misunderstood Mr. Pitts, but based on what Mr. Pitts relayed to me, it sounded like a flagrant attempt by your client to extort money from Audax, *i.e.*, that if Audax paid Mr. Block (or perhaps it was Sterling or the Receiver) a certain undisclosed [to Mr. Pitts] amount of money, he would "walk away". When I asked Mr. Pitts if he meant instead of Indian Motorcycle Company paying your client's outstanding fees, Mr. Block had suggested Audax pay them, Mr. Pitts repeated that that was not his conversation with Mr. Block--your client referred to a one-time payment of some amount of money by Audax to "buy out the agreement" and walk away. In addition, Mr. Block purportedly said that an agreement needed to be reached this afternoon. I have no idea what agreement your client thinks needs to be bought out by Audax or the basis for any such buyout. Although email likely is not a forum conducive to conclusive determination of what really happened in your client's conversation with Mr. Pitts, suffice it to say, that if the state of affairs is anywhere close to my present understanding, as Audax' General Counsel, I am profoundly disturbed that your client, *inter alia*, would attempt to pressure Audax into making a one-time payment to him to "go away" on just 2 hours notice; would threaten to interfere with Audax' prospective business advantage; and would seemingly imply a contractual obligation that Audax has to him when no such obligation exists.

Should you wish to discuss this matter insofar as it concerns Audax, you can reach me at 617.859.1515. With respect to the amounts owing your client, please confirm the amounts, so that payment arrangements can be made by Indian Motorcycle Company.

Sara Lipscomb
-----Original Message-----
**From:** ggallegos@indianmotorcycle.com [mailto:ggallegos@indianmotorcycle.com]

04/13/2005