**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  95-cv-00777-REB-CBS

STERLING CONSULTING CORPORATION, as receiver for Indian Motorcycle
Manufacturing Company, Inc.

Plaintiff,

v.

CREDIT MANAGERS ASSOCIATION OF CALIFORNIA, D/B/A CMA BUSINESS
CREDIT SERVICES;
INDIAN MOTORCYCLE COMPANY;
IMCOA LICENSING AMERICA, INC.;
IMCOA HOLDINGS AMERICA, INC.;
INDIAN MOTORCYCLE CORPORATION;
INDIAN MOTORCYCLE REAL ESTATE SERVICES, INC.;
AUDAX PRIVATE EQUITY FUND LLP as agent for itself and for
AUDAX CO-INVEST, L.P.,
AUDAX SPECIAL PURPOSE CO-INVEST, L.P.,
AUDAX TRUST CO-INVEST, L.P.
PAHL & GOSSELIN, a professional corporation;

Defendants.

---

## NOTICE OF TERMS OF ASSIGNMENT OF RIGHT TO COLLECT CLAIMS

Sterling Consulting Corporation, as receiver, by and through its attorneys Fairfield

and Woods, P.C., hereby gives the court and all interested parties notice of the terms of

the assignment of the right to collect certain claims to the receiver by Sterling Consulting

Corporation as follows:

1.      On or about August 31, 2000,  Sterling Consulting Corporation, as

receiver, and Indian Motorcycle Company, IMCOA Licensing America, Inc., and

1

IMCOA Holdings America, Inc. (separately referred to as "IMC," "Licensing," and "Holdings," respectively and collectively referred to as "Indian") entered into a Settlement Agreement and Indemnification Agreement that resolved disputes between the receiver and Indian. At Indian's insistence, Sterling Consulting Corporation was made a party to those agreements in its individual corporate capacity ( "Sterling").

2.      In July of 2005, Sterling brought an action in the United States District Court for the District of Colorado against Indian and Credit Managers Association of California, d/b/a CMA Business Credit Services ("CMA") and Audax Private Equity Fund LLP as agent for itself and certain other lenders under the Credit Agreement dated as of July 29, 2003 ("Audax") based upon Sterling's claim that Indian and CMA breached the Settlement Agreement by effecting assignments of Indian's trademarks without requiring the assignees to assume Indian's obligations under the Settlement Agreement and Settlement Agreement to Sterling. That action was assigned Case No. 05-cv-01573, and is referred to herein as the "Declaratory Judgment Action."

3.      In settlement discussions among Sterling, CMA and Audax in the Declaratory Judgment Action, CMA and Audax refused to consider separate settlement of Sterling's claims without a simultaneous release of the receiver's claims against them. This demand for release by the receiver created the potential for a conflict of interest between Sterling, and the receiver.

4.      In order to resolve the potential conflict of interest in favor of the receiver, Sterling assigned to the receiver the right to collect under all claims

2

against Audax and CMA that might present a conflict of interest. Specifically, Sterling assigned to the receiver the right to collect under all claims for relief it may have arising out of the Settlement Agreement or the Indemnification Agreement, except (a) Sterling's right to the undisputed portion of a Cash Fund established under the Indemnification Agreement to provide a ready source of payment of certain costs and claims of Sterling,[1] (b) the right to seek a declaratory judgment determining the existence of a breach of contract under the Settlement Agreement or the Indemnification Agreement, thereby excusing Sterling from future performance under those agreements, including the right to recover Sterling's attorneys' fees and costs associated therewith, (c) Sterling's right to collect from the disputed portion of the cash fund will be assigned to the receiver but the proceeds of that claim received by the receiver will remain available to pay the receivers' fees, attorneys' fees and costs of Sterling in the Declaratory Judgment Action, to the extent such fees and costs are not fully recovered by Sterling in that action; and (d) the right to recover nominal damages for the breach of contract claims.

     5.     The assignment is subject to conditions, as follows:

          a.    <u>United States Non-Objection</u>. The assignment of claims by Sterling to the receiver is subject to the consent of the United States Internal Revenue Service, a claimant in the receivership. The receiver has solicited the consent of the United States to the assignment and has not yet received an unqualified response. The qualifications of the United States appear to be related to the details of the assignment and not the fact of the assignment. If the United States objects to the assignment and Sterling is unable to resolve the issue or issues, the assignment will not be effective. The

---

[1] The undisputed portion of the Cash Fund is vested in Sterling; the receiver never had a claim against the undisputed portion of the Cash Fund under any theory, and it is not part of the assignment. Sterling believes that the undisputed portion of the cash fund will be exhausted in by payment of costs and expenses of the Declaratory Judgment Action.

3

receiver believes that the concerns of the United States respecting the assignment will be met.

b. Court Approval. The assignment must be approved by the Court. Conversely, if the Court rejects the assignment of collections (e.g., the Court defeats the receiver's ability to pursue the claims under the assignment by making the Order to Show Cause dated July 13, 2006 absolute without providing an alternative mechanism for resolving the claim), the claims revert to Sterling. If the Court rejects the assignment of collections, either directly or indirectly, the Court will have resolved the potential conflict of interest by eliminating the receiver's ability to enforce the claims.

c. Defeasance. If the effect of the assignment is to void or destroy the claims, the assignment shall be void, as to the claims so affected.

d. Application of Receipts. Any money collected by the receiver on account of the assignment of claims by Sterling to the receiver shall be applied: (1) to the payment of the income taxes imposed upon the Receivership Estate; and specifically to the payment of the taxes of the Receivership Estate with respect to which the Internal Revenue service has asserted personal liability upon Sterling and Fairfield and Woods; and (2) to the payment or reimbursement to the receiver of the receivers costs and expenses of collection.

e. Excess Amounts Recovered. Once the receiver has paid the government at least $350,000 toward the payment of income taxes owed by the Receivership Estate, Sterling no longer has any personal liability with respect to income taxes of the Receivership Estate. From and after that point, Sterling will be allowed to: (a) retain additional collections otherwise assigned to the receiver, and (b) repay itself from further collections for taxes already paid. With respect to such amounts, the assignment is not absolute, and is an assignment for collection only.

f. Irrevocable. Absent an action by the Court that defeats the assignment or an objection by the United States that cannot be resolved, the assignment is irrevocable. In other words, the Court may render the assignment ineffective , or the some other party (such as the United States) may object, but Sterling will not otherwise have the right to rescind the assignment of collections.

g. No Tax Consequences. The assignment and the subsequent collection and payment of money to the receiver under the assignment of collections will not create taxable income for Sterling, except to the extent of Sterling's actual receipt of payments.

4

6.      Sterling has agreed that the assignment of collections shall have immediate effect, and the claims may be enforced by the receiver immediately, in the receiver's own name, pending the required consent of the United States and Court approval, as described above.

7.      Last week, CMA arranged a telephone conference for the purpose of asking the receiver for the formally signed assignment documents. As the discussion unfolded, however, it became clear that (a) there was no basis for requesting a Rule 7.1 conference in the first place, and (b) CMA had no right to demand the documents from the receiver under any theory. (On July 10, 2006 CMA specifically advised the Court in the Declaratory Judgment Action that it needed no discovery for the briefing the Court ordered, and that CMA wished to proceed directly to briefing issues.) The receiver further observes that they are not relevant for the briefing now pending before the Court.

8.      Notwithstanding the fact that CMA had no right to demand the documents from the receiver (CMA is certainly not entitled to a special accommodation from the receiver), it is the receiver's experience that when one party seeks documents or information, many other parties may also want the same information.

9.      As a result, the receiver hereby gives notice to the Court and all parties of the terms of the assignment of collections under Sterling's claims against CMA and Indian to the receiver as set forth above.

10.     At such time as a more formal agreement would be beneficial to the Receivership Estate, and provided the issue has not been rendered moot by the

Court, the receiver will submit a written agreement embodying the terms of the assignment for approval by this Court.

Respectfully submitted this 24th July, 2006.

By:  *s/ John M. Tanner*
Fairfield and Woods, P.C.
1700 Lincoln Street, Suite 2400
Denver, CO  80203-4524
Phone:  (303) 830-2400
Fax:  (303) 830-1033
Email:  jtanner@fwlaw.com

Attorney for Plaintiff Sterling
Consulting Corporation, as receiver

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses or as indicated below or by United States Mail, postage prepaid:

**VIA CM/ECF TO:**

Alan Lemont Hale Esq.
Hale Friesen, LLP
1430 Wynkoop St., Ste. 300
Denver, CO 80202
**Attorney for Richard Basciani, N. Rooke Everill, Pres./Everill Bros., Inc., John H. Nicholson or Virginia A. Nicholson**
ahale@haldfriesen.com

Edward T. Ramey, Esq.
Stuart H. Pack, Esq.
Isaacson Rosenbaum
  Woods and Levy
633 17th St., Ste. 2200
Denver, CO 80202
**Attorneys for William R. Childs, Scott McCormick, Jr., Douglas Walliser, Ronald Schiff, Edward Pacelli, Morty Lempel, A.B. Goldberg, First Entertainment, Harvey Rosenberg**
eramey@ir-law.com
spack@ir-law.com

James R. Cage, Esq.
Cage Williams Abelman
  & Layden, P.C.
St. Elmo Bldg.
1433 17th St.
Denver, CO 80202-1273
**Attorney for Carl D. Lucci/Albert R. Lucci**
jcage@cagewilliams.com

J. Eric Ellliff, Esq.
Kristen Taylor-Randall, Esq.
Morrison & Foerster, LLP
370 17th St., Ste. 3550
Denver, CO 80203
**Attorney for IMCOA**
jelliff@mofo.com

Adam F. Hulbig
Trial Attorney, Tax Division
US Dept. of Justice
PO Box 683
Ben Franklin Station
Washington, DC 20044
**Attorney for United States of America**
adam.f.hulbig@usdoj.gov

Gary C. Moschetti, Esq.
Hatch & Moschetti, LLP
1800 Glenarm Pl., 9th Floor
Denver, CO 80202
**Attorney for Edward Leal**
gmoschetti@hatchlawyers.com

Cassandra Sasso, Esq.
Baker & Hostetler
303 E. 17th Ave., Ste. 1100
Denver, CO 80203-1264
**Attorney for Michelle Lean**
csasso@bakerlaw.com

Michael J. Pankow
Daniel J. Garfield
Brownstein Hyatt & Farber PC
410 17th Street, Suite 2200
Denver, CO 80202
**Attorneys for Michael Payne**
mpankow@bhf-law.com
dgarfield@bhf-law.com

**VIA UNITED STATES MAIL:**
James Duberg, Esq.
727 Third Ave.
Chula Vista, CA 91910-5803

Mark S. Schmidt, Esq.
Miller Simon & Maier, S.C.
788 North Jefferson Street
Milwaukee, WI 53202
**Attorney for Miller Simon & Maier**

Peter C. Freeman, Esq.
Law Offices of Peter C. Freeman
16485 Laguna Canyon Rd., Ste. 230
Irvine, CA 92618-3846
**Attorney for Scott Kajiya**

Mr. Albert Lucci
1930 Wyoming Ave.
Fort Pierce, FL 34982
Robert W. Hallock, Esq.
202 S. Merrill St.
Park Ridge, IL 60068-4223

Peter Sklarew, Esq.
Assistant Chief
Civil Trial Section, Northern Region
United States Dept. of Justice
Tax Division
PO Box 55
Washington, D.C. 20044
**Attorney for IRS**

Robert J. Danie, Eq.
9 Wagon Wheel Drive
Feeding Hills, MA 01030

Noreene C. Stehlik, Esq.
U.S. Dept. of Justice
PO Box 683
Ben Franklin Station
Washington, D.C. 20044
**Attorney for IRS**

Robert L. Morrow, Jr., MD
401 N. College Rd., #5
Lafayette, LA 70506
Nicholas A. Russo, Sr.
310 Extonville Road
Allentown, NJ 08501

Richard J. Cortesi
5316 Camino Montano, N.E.
Albuquerque, NM 87111

Albert R. Gazza
589 Manchester
E. Glastonbury, CT 06025-0085

Ronald Fulfer
15315 S. Francis Dr.
Plainfield, IL 60544

Richard Dale Wood
13997 80th Ave. North
Maple Grove, MN 55311

Steve Halprin
1316 Penningtow Place
Concord, N.C. 28207

Alf Iseback
Gamla Tuvevagen 4
41705 Goteborg
**SWEDEN**

Kathryn L. Troccoli
1911 Champlain St.
Ottawa,IL 61350

Ed Pink
Ed Pink Racing Engines, Inc.
14612 Raymer Street
Van Nuys, CA 91405

Montgomery & Andrews, P.A.
325 Paseo De Peralta
Santa Fe, NM 87501

John Inelli
17 Old Farmstead Rd.
Chester, NJ  07930

Eller Industries
c/o Leonard S. ("Lonnie") Labraiola
6035 N. 115th Street
Longmont, CO  80504-8434

**Registered Agent:**
Randal L. Hittle
1630 Main Street, Suite 202
Longmont, CO  80501

**VIA E-MAIL:**
Richard A. Block
President
Sterling Consulting Corporation
4101 E. Louisiana Ave., Ste. 300
Denver, CO  80246
**Receiver**
rblock@xpn.com

**Courtesy Copies to:**
Julie Trent
jt@bsblawyers.com

Eugene Sprague
esprague@bw-legal.com

Michael Chodos
michael@chodos.com

Robert Pitts
rpitts@lawrwp.com

By:  *s/ John M. Tanner*
        Fairfield and Woods, P.C.
        1700 Lincoln St., #2400
        Denver, CO  80203
        Phone:  (303) 830-2400
        Fax:  (303) 830-1033
        Email:  jtanner@fwlaw.com