## AFFIDAVIT OF RICHARD A. BLOCK

STATE OF COLORADO          )
                           ) SS
CITY AND COUNTY OF DENVER  )

The affiant, being of lawful age and sworn upon his oath, states and deposes as follows:

1. My name is Richard A. Block.

2. I am the President of Sterling Consulting Corporation.

3. Sterling Consulting Corporation is the receiver in Civil Action No. 95-cv-00777 (the "Receivership Action").

4. I have read the Receiver's Brief Regarding Breach of Contract to which this Affidavit is attached and, to the best of my knowledge, all assertions of fact therein are true and correct.

5. Without limiting the generality of the foregoing, I further aver that my company currently has a publicly-traded client (the "Client") that it represents on matters unrelated to the Receivership Action. Within the past two weeks, this client has approached me to consult it in connection with the Indian Trademark.[1] It is possible that this representation would be adverse to the Indian Trademark.

6. I have been offered a non-recoupable, non-refundable retainer valued in the low six figures, plus payment of my normal hourly fees to consult the Client in connection with the Indian Trademark.

7. The Settlement Agreement between Sterling Consulting Corporation and Indian dated August 20, 2001 contains provisions that prohibit my company and me from accepting the engagement.

8. In addition to the foregoing offer, I have previously been approached by others with an interest in engaging me to consult in connection with the Indian Trademark. These engagements might have included a direct attack on the Indian Motorcycle Trademark. I have

---

[1] The Client has insisted upon confidentiality and anonymity, and I have agreed to maintain its confidentiality and anonymity. Because of the tight connection between CMA and Audax, on the one hand, and Stellican Group and Indian Motorcycle Company, on the other, it would not be appropriate to disclose any information related to the Client to them. Information regarding the Client may, however, be disclosed to the Court provided it is under seal.

EXHIBIT 3

Affidavit
July 24, 2006
Page 2.

declined all such overtures without much discussion, as I was required to do by the Settlement Agreement. Because I rejected such approaches immediately, I do not recall the precise number of approaches, but I believe it to have been around 5 or six, of which only 2 or three were believed to be capable of engaging me.

9. In around December of 2005, I attended a Status Conference before Magistrate Judge Schlatter in the Receivership Action. CMA was present at the Status Conference and represented by Mr. Robert Pitts and Ms. Julie Trent. During informal conversations with Magistrate Judge Schlatter, Judge Schlatter asked Mr. Pitts why CMA had sold the Trademark without transferring the obligations under the Settlement Agreement. In response to Magistrate Judge Schlatter, Mr. Pitts stated that by doing so, CMA was able to sell the Indian Trademark for more money than it would have been able to if the buyer was compelled to accept an assignment of the Settlement Agreement.

Further the affiant sayeth not.

_____
Richard A. Block, President
Sterling Consulting Corporation

Subscribed and sworn to before me this 24th day of July, 2006, by Richard A. Block, as President of Sterling Consulting Corporation.

Witness my hand and official seal.

My commission expires: 12/9/2008

_____
NOTARY PUBLIC