Form 101 (10-94)

# GENERAL ASSIGNMENT

THIS ASSIGNMENT, Made this 12th day of May 2004, by Indian Motorcycle Company, a Delaware corporation at 200 E. 10th Street in the City of Gilroy, County of Santa Clara, State of California, FEDERAL TAX IDENTIFICATION NUMBER: 98-0198677, party of the first part, hereinafter referred to as Assignor, to Credit Managers Association of California, a California corporation, of Burbank, California, doing business as CMA Business Credit Services, party of the second part, hereinafter referred to as Assignee.

WITNESSETH: That said assignor, for and in consideration of the covenants and agreements to be performed by the party of the second part, as hereinafter contained, and of the sum of One Dollar ($1.00) to Assignor in hand paid by said Assignee, receipt whereof is hereby acknowledged, does by these presents grant, bargain, sell, assign, convey and transfer unto said Assignee, its successors and assigns, in trust, for the benefit of Assignor's creditors generally, all of the property of the Assignor of every kind and nature and wheresoever situated, both real and personal, and any interest or equity therein not exempt from execution, including, but not limited to, all that certain stock of merchandise, furniture, fixtures, equipment, book accounts, books, bills receivable, cash on hand, cash in bank, deposits, patents, copyrights, trademarks and trade names, insurance policies, tax refunds, rebates, insurance refunds and claims, choses in action that are legally assignable, together with the proceeds of any existing non-assignable choses in action that may hereafter be recovered or received by the Assignor.

This assignment specifically includes and covers all claims for refund or abatement of all excess taxes heretofore or hereafter assessed against or collected from the Assignor by the U.S. Treasury Department, and any State or local taxing agency, and the Assignor agrees to sign and execute power of attorney or all other documents as required to enable said Assignee to file and prosecute, compromise and/or settle, all such claims before the Internal Revenue Service and any State or local taxing agency, and agrees to endorse any tax refund checks relating to the prior operations of said Assignor's business and to deliver such checks to the Assignee.

Leases and leasehold interests in real estate are not included in this assignment. However, if the Assignee shall determine that the same may be assigned and also that the same has a realizable value for creditors, then the Assignor agrees that upon written demand of the Assignee, it will assign and transfer said lease or leasehold interest to said Assignee, or nominee, for administration under the terms of this general assignment.

Contracts and/or agreements between Assignor and any Labor Union, or Trade Associations, are excepted from and not included in this assignment.

The Assignor authorizes the forwarding of its mail by the U.S. Postal Department as directed by the Assignee.

Said Assignee is to receive the said property, conduct the said business, should it deem it proper, and is hereby irrevocably authorized at any time after the execution hereof to sell, lease, or otherwise dispose of said property upon such time and terms as it may see fit. Said Assignee shall use and apply the net proceeds arising from the conducting of said business and from the sale, or lease or other disposition of said property as follows:

EXHIBIT C

*FIRST:* To deduct therefrom (or to reimburse itself with respect to) all sums which said Assignee may at its option pay for the discharge of any lien on any of said property and any indebtedness which under the law is entitled to priority of payment, and all expenses, including a reasonable fee (as hereinafter defined) and to its attorney, and to the attorney for the Assignor; and, in those instances where a creditors' committee has been selected at any meeting of the creditors of the Assignor (without regard to the actual amount or number of creditors present at such creditors' meeting) then a reasonable fee shall be paid to the attorney appointed by said Creditors' Committee in an amount fixed by the said creditors' committee and said Assignee.

*SECOND:* The balance of the proceeds then remaining shall be paid to the creditors of the Assignor, pro rata, according to the indebtedness due each of them, individually, from the Assignor.

With respect to the fees of the Assignee referred to in the aforementioned paragraph *FIRST* hereinabove, Assignor hereby expressly and irrevocably agrees as follows: That the term "a reasonable fee to Assignee", as used herein, is defined as, and includes the following: (a) An administration fee computed on the basis of the total monies handled in connection with this Assignment and for the assembly, inventorying, collection and liquidation of the assets assigned, in accordance with the following schedule, to wit: the greater of a minimum fee of $5,000, or a fee of 6% shall apply; (There shall be excluded from the foregoing, however, monies received or disbursed in connection with and incidental to any actual continuing operation of the business assigned, as distinguished from monies received in connection with the collection and liquidation of the assets assigned.); (b) a fee of 1.5% shall be charged on disbursements to secured and priority creditors and, (c) a fee of 4% shall be charged on distributions to general creditors.

The Assignee shall be entitled to reimbursement of all expenses incurred as a result of its administration out of the proceeds generated therefrom.

In addition to all the foregoing fees and charges, the Assignor expressly agrees that the Assignee shall be entitled to a further fee equal to any and all interest earned and received by the Assignee on any trust and other funds in its hands and arising from this assignment.

In an addition to all of the foregoing, when applicable, in the opinion of the Board of Directors of Assignee, an additional and reasonable fee may be taken for special, unusual, or extraordinary services actually performed by Assignee in connection with the operation, management, preservation, or administration of the property of the Assignment; and, in this connection the Board of Directors of the Assignee corporation, or the President of the Assignee corporation, is hereby given the right and discretion to determine the nature and extent of such special, unusual or extraordinary services, and the amount of additional fees in connection therewith.

The total of all of said fees shall be paid from the property assigned, and from all of the proceeds thereof and from any interest, income and increments and any additions thereto.

Any contract, liability, or obligation made by Assignee in connection with the administration of this agreement shall not personally bind Assignee or any of its officers, agents, or employees, but it shall obligate Assignee in its capacity as Assignee only, whether or not the Contract specifically so provides. Assignee hereunder shall be liable only in its official capacity for reasonable care and diligence in administering the estate created by this assignment.

Assignor as to all existing creditors extends the statute of limitations upon their respective claims for a period of one year from the date hereof.

Said Assignee is also authorized and empowered to appoint such agents, field representatives, attorneys and/or accountants as it may deem necessary, and such agents and/or field representatives shall have full power and authority to open bank accounts in the name of the Assignee or its nominees or agents and to deposit assigned assets or the proceeds thereof in such bank accounts and to draw checks thereon and with the further power and authority to do such other acts and to execute such papers and documents in connection with this assignment as said Assignee may consider necessary or advisable.

*IN WITNESS WHEREOF*, the said parties have hereunto set their hands the day and year first above written.

By: *[signature]*
Frank O'Connell, Chairman Indian Motorcycle

By: *[signature]*

**CREDIT MANAGERS ASSOCIATION OF CALIFORNIA**
*a California corporation, doing business as*
**CMA BUSINESS CREDIT SERVICES**

By: *[signature]*
Robert Hoder, Secretary

Form 101 (10-94)

# GENERAL ASSIGNMENT

THIS ASSIGNMENT, Made this 12th day of May 2004, by IMCOA Holdings America, Inc, a Delaware corporation at 200 E. 10th Street in the City of Gilroy, County of Santa Clara, State of California, FEDERAL TAX IDENTIFICATION NUMBER: 98-0205511, party of the first part, hereinafter referred to as Assignor, to Credit Managers Association of California, a California corporation, of Burbank, California, doing business as CMA Business Credit Services, party of the second part, hereinafter referred to as Assignee.

WITNESSETH: That said assignor, for and in consideration of the covenants and agreements to be performed by the party of the second part, as hereinafter contained, and of the sum of One Dollar ($1.00) to Assignor in hand paid by said Assignee, receipt whereof is hereby acknowledged, does by these presents grant, bargain, sell, assign, convey and transfer unto said Assignee, its successors and assigns, in trust, for the benefit of Assignor's creditors generally, all of the property of the Assignor of every kind and nature and wheresoever situated, both real and personal, and any interest or equity therein not exempt from execution, including, but not limited to, all that certain stock of merchandise, furniture, fixtures, equipment, book accounts, books, bills receivable, cash on hand, cash in bank, deposits, patents, copyrights, trademarks and trade names, insurance policies, tax refunds, rebates, insurance refunds and claims, choses in action that are legally assignable, together with the proceeds of any existing non-assignable choses in action that may hereafter be recovered or received by the Assignor.

This assignment specifically includes and covers all claims for refund or abatement of all excess taxes heretofore or hereafter assessed against or collected from the Assignor by the U.S. Treasury Department, and any State or local taxing agency, and the Assignor agrees to sign and execute power of attorney or all other documents as required to enable said Assignee to file and prosecute, compromise and/or settle, all such claims before the Internal Revenue Service and any State or local taxing agency, and agrees to endorse any tax refund checks relating to the prior operations of said Assignor's business and to deliver such checks to the Assignee.

Leases and leasehold interests in real estate are not included in this assignment. However, if the Assignee shall determine that the same may be assigned and also that the same has a realizable value for creditors, then the Assignor agrees that upon written demand of the Assignee, it will assign and transfer said lease or leasehold interest to said Assignee, or nominee, for administration under the terms of this general assignment.

Contracts and/or agreements between Assignor and any Labor Union, or Trade Associations, are excepted from and not included in this assignment.

The Assignor authorizes the forwarding of its mail by the U.S. Postal Department as directed by the Assignee.

Said Assignee is to receive the said property, conduct the said business, should it deem it proper, and is hereby irrevocably authorized at any time after the execution hereof to sell, lease, or otherwise dispose of said property upon such time and terms as it may see fit. Said Assignee shall use and apply the net proceeds arising from the conducting of said business and from the sale, or lease or other disposition of said property as follows:

*FIRST:* To deduct therefrom (or to reimburse itself with respect to) all sums which said Assignee may at its option pay for the discharge of any lien on any of said property and any indebtedness which under the law is entitled to priority of payment, and all expenses, including a reasonable fee (as hereinafter defined) and to its attorney, and to the attorney for the Assignor; and, in those instances where a creditors' committee has been selected at any meeting of the creditors of the Assignor (without regard to the actual amount or number of creditors present at such creditors' meeting) then a reasonable fee shall be paid to the attorney appointed by said Creditors' Committee in an amount fixed by the said creditors' committee and said Assignee.

*SECOND:* The balance of the proceeds then remaining shall be paid to the creditors of the Assignor, pro rata, according to the indebtedness due each of them, individually, from the Assignor.

With respect to the fees of the Assignee referred to in the aforementioned paragraph *FIRST* hereinabove. Assignor hereby expressly and irrevocably agrees as follows: That the term "a reasonable fee to Assignee", as used herein, is defined as, and includes the following: (a) An administration fee computed on the basis of the total monies handled in connection with this Assignment and for the assembly, inventorying, collection and liquidation of the assets assigned, in accordance with the following schedule, to wit: the greater of a minimum fee of $5,000, or a fee of 6% shall apply; (There shall be excluded from the foregoing, however, monies received or disbursed in connection with and incidental to any actual continuing operation of the business assigned, as distinguished from monies received in connection with the collection and liquidation of the assets assigned.); (b) a fee of 1.5% shall be charged on disbursements to secured and priority creditors and, (c) a fee of 4% shall be charged on distributions to general creditors.

The Assignee shall be entitled to reimbursement of all expenses incurred as a result of its administration out of the proceeds generated therefrom.

In addition to all the foregoing fees and charges, the Assignor expressly agrees that the Assignee shall be entitled to a further fee equal to any and all interest earned and received by the Assignee on any trust and other funds in its hands and arising from this assignment.

In an addition to all of the foregoing, when applicable, in the opinion of the Board of Directors of Assignee, an additional and reasonable fee may be taken for special, unusual, or extraordinary services actually performed by Assignee in connection with the operation, management, preservation, or administration of the property of the Assignment; and, in this connection the Board of Directors of the Assignee corporation, or the President of the Assignee corporation, is hereby given the right and discretion to determine the nature and extent of such special, unusual or extraordinary services, and the amount of additional fees in connection therewith.

The total of all of said fees shall be paid from the property assigned, and from all of the proceeds thereof and from any interest, income and increments and any additions thereto.

Any contract, liability, or obligation made by Assignee in connection with the administration of this agreement shall not personally bind Assignee or any of its officers, agents, or employees, but it shall obligate Assignee in its capacity as Assignee only, whether or not the Contract specifically so provides. Assignee hereunder shall be liable only in its official capacity for reasonable care and diligence in administering the estate created by this assignment.

Assignor as to all existing creditors extends the statute of limitations upon their respective claims for a period of one year from the date hereof.

Said Assignee is also authorized and empowered to appoint such agents, field representatives, attorneys and/or accountants as it may deem necessary, and such agents and/or field representatives shall have full power and authority to open bank accounts in the name of the Assignee or its nominees or agents and to deposit assigned assets or the proceeds thereof in such bank accounts and to draw checks thereon and with the further power and authority to do such other acts and to execute such papers and documents in connection with this assignment as said Assignee may consider necessary or advisable.

IN WITNESS WHEREOF, the said parties have hereunto set their hands the day and year first above written.

By: _____
Frank O'Connell, Chairman Indian Motorcycle

By: _____

CREDIT MANAGERS ASSOCIATION OF CALIFORNIA
a California corporation, doing business as
CMA BUSINESS CREDIT SERVICES

By: _____
Robert Hoder, Secretary

Form 101 (10-94)

# GENERAL ASSIGNMENT

THIS ASSIGNMENT, Made this 12th day of May 2004, by IMCOA Licensing America, Inc., a Delaware corporation at 200 E. 10th Street in the City of Gilroy, County of Santa Clara, State of California, FEDERAL TAX IDENTIFICATION NUMBER: 98-0196053, party of the first part, hereinafter referred to as Assignor, to Credit Managers Association of California, a California corporation, of Burbank, California, doing business as CMA Business Credit Services, party of the second part, hereinafter referred to as Assignee.

*WITNESSETH:* That said assignor, for and in consideration of the covenants and agreements to be performed by the party of the second part, as hereinafter contained, and of the sum of One Dollar ($1.00) to Assignor in hand paid by said Assignee, receipt whereof is hereby acknowledged, does by these presents grant, bargain, sell, assign, convey and transfer unto said Assignee, its successors and assigns, in trust, for the benefit of Assignor's creditors generally, all of the property of the Assignor of every kind and nature and wheresoever situated, both real and personal, and any interest or equity therein not exempt from execution, including, but not limited to, all that certain stock of merchandise, furniture, fixtures, equipment, book accounts, books, bills receivable, cash on hand, cash in bank, deposits, patents, copyrights, trademarks and trade names, insurance policies, tax refunds, rebates, insurance refunds and claims, choses in action that are legally assignable, together with the proceeds of any existing non-assignable choses in action that may hereafter be recovered or received by the Assignor.

This assignment specifically includes and covers all claims for refund or abatement of all excess taxes heretofore or hereafter assessed against or collected from the Assignor by the U.S. Treasury Department, and any State or local taxing agency, and the Assignor agrees to sign and execute power of attorney or all other documents as required to enable said Assignee to file and prosecute, compromise and/or settle, all such claims before the Internal Revenue Service and any State or local taxing agency, and agrees to endorse any tax refund checks relating to the prior operations of said Assignor's business and to deliver such checks to the Assignee.

Leases and leasehold interests in real estate are not included in this assignment. However, if the Assignee shall determine that the same may be assigned and also that the same has a realizable value for creditors, then the Assignor agrees that upon written demand of the Assignee, it will assign and transfer said lease or leasehold interest to said Assignee, or nominee, for administration under the terms of this general assignment.

Contracts and/or agreements between Assignor and any Labor Union, or Trade Associations, are excepted from and not included in this assignment.

The Assignor authorizes the forwarding of its mail by the U.S. Postal Department as directed by the Assignee.

Said Assignee is to receive the said property, conduct the said business, should it deem it proper, and is hereby irrevocably authorized at any time after the execution hereof to sell, lease, or otherwise dispose of said property upon such time and terms as it may see fit. Said Assignee shall use and apply the net proceeds arising from the conducting of said business and from the sale, or lease or other disposition of said property as follows:

*FIRST:* To deduct therefrom (or to reimburse itself with respect to) all sums which said Assignee may at its option pay for the discharge of any lien on any of said property and any indebtedness which under the law is entitled to priority of payment, and all expenses, including a reasonable fee (as hereinafter defined) and to its attorney, and to the attorney for the Assignor; and, in those instances where a creditors' committee has been selected at any meeting of the creditors of the Assignor (without regard to the actual amount or number of creditors present at such creditors' meeting) then a reasonable fee shall be paid to the attorney appointed by said Creditors' Committee in an amount fixed by the said creditors' committee and said Assignee.

*SECOND:* The balance of the proceeds then remaining shall be paid to the creditors of the Assignor, pro rata, according to the indebtedness due each of them, individually, from the Assignor.

With respect to the fees of the Assignee referred to in the aforementioned paragraph *FIRST* hereinabove. Assignor hereby expressly and irrevocably agrees as follows: That the term "a reasonable fee to Assignee", as used herein, is defined as, and includes the following: (a) An administration fee computed on the basis of the total monies handled in connection with this Assignment and for the assembly, inventorying, collection and liquidation of the assets assigned, in accordance with the following schedule, to wit: the greater of a minimum fee of $75,000, or a fee of 3% shall apply.

The Assignee shall be entitled to reimbursement of all expenses incurred as a result of its administration out of the proceeds generated therefrom.

In addition to all the foregoing fees and charges, the Assignor expressly agrees that the Assignee shall be entitled to a further fee equal to any and all interest earned and received by the Assignee on any trust and other funds in its hands and arising from this assignment.

In an addition to all of the foregoing, when applicable, in the opinion of the Board of Directors of Assignee, an additional and reasonable fee may be taken for special, unusual, or extraordinary services actually performed by Assignee in connection with the operation, management, preservation, or administration of the property of the Assignment; and, in this connection the Board of Directors of the Assignee corporation, or the President of the Assignee corporation, is hereby given the right and discretion to determine the nature and extent of such special, unusual or extraordinary services, and the amount of additional fees in connection therewith.

The total of all of said fees shall be paid from the property assigned, and from all of the proceeds thereof and from any interest, income and increments and any additions thereto.

Any contract, liability, or obligation made by Assignee in connection with the administration of this agreement shall not personally bind Assignee or any of its officers, agents, or employees, but it shall obligate Assignee in its capacity as Assignee only, whether or not the Contract specifically so provides. Assignee hereunder shall be liable only in its official capacity for reasonable care and diligence in administering the estate created by this assignment.

Assignor as to all existing creditors extends the statute of limitations upon their respective claims for a period of one year from the date hereof.

Said Assignee is also authorized and empowered to appoint such agents, field representatives, attorneys and/or accountants as it may deem necessary, and such agents and/or field representatives shall have full power and authority to open bank accounts in the name of the Assignee or its nominees or agents and to deposit assigned assets or the proceeds thereof in such bank accounts and to draw checks thereon and with the further power and authority to do such other acts and to execute such papers and documents in connection with this assignment as said Assignee may consider necessary or advisable.

*IN WITNESS WHEREOF,* the said parties have hereunto set their hands the day and year first above written.

By: _____
Frank O'Connell, Chairman, Indian Motorcycle

By: _____

**CREDIT MANAGERS ASSOCIATION OF CALIFORNIA**
a California corporation, doing business as
**CMA BUSINESS CREDIT SERVICES**

By: _____
Robert Hoder, Secretary