# LAW OFFICE OF ROBERT W. PITTS

660 Newport Center Drive, Suite 400
Newport Beach, California 92660
T: 949-720-4125
F: 949-720-4111
E: rpitts@lawrwp.com

July 12, 2006

**VIA EMAIL (jtanner@fwlaw.com)**
John M. Tanner, Esq.
Fairfield & Woods, P.C.
1700 Lincoln Street, Suite 2400
Denver, CO 80203-4524

**VIA EMAIL (tquinn@tfqlaw.com)**
Thomas F. Quinn, Esq.
Law Offices of Thomas F. Quinn
1600 Broadway, Suite 1675
Denver, CO 80202

RE: **Receiver/Sterling Assignments**

**USDC-CO Case No. 95-00777- REB - CBS**
**USDC-CO Case No. 05-01573- PSF - CBS**

Dear Jack and Tom:

It has become readily apparent that a number of claims, assets and/or causes of action may have been assigned back and forth between the Receiver in the 95-00777 case ("Receiver"), on the one hand, and Sterling, in its individual corporate capacity ("Sterling"), on the other hand, with respect to the above-referenced matters. However, what is not apparent is how, why or when any such assignments took place. Obviously, it is impossible to address any of the outstanding matters (i.e., the Cash Fund Dispute, the complaint in the 1573 Action, or the First Amended Complaint in the 777 Action), without a definitive understanding of what entity "owns" which claim, asset and/or cause of action.

Accordingly, please provide me with a complete set of assignment documents for any claim, asset and/or cause of action (including, but not limited to any alleged right to payment of any of the Cash Fund currently held by Fairfield & Woods) that has been transferred between the Receiver, Sterling, Richard Block, individually, and/or any entity in which Mr. Block is directly or indirectly involved.

Should you have any questions regarding the foregoing, please do not hesitate to call me.

Very truly yours,

Robert W. Pitts

Cc: Julie Trent, Esq.

EXHIBIT D

Ltr to J. Tanner and T. Quinn 7.12.06 re Assignments.doc

# LAW OFFICE OF ROBERT W. PITTS

*660 Newport Center Drive, Suite 400*
*Newport Beach, California 92660*
*T: 949-720-4125*
*F: 949-720-4111*
*E: rpitts@lawrwp.com*

July 14, 2006

**VIA EMAIL (jtanner@fwlaw.com)**
John M. Tanner, Esq.
Fairfield & Woods, P.C.
1700 Lincoln Street, Suite 2400
Denver, CO 80203-4524

**VIA EMAIL (tquinn@tfqlaw.com)**
Thomas F. Quinn, Esq.
Law Offices of Thomas F. Quinn
1600 Broadway, Suite 1675
Denver, CO 80202

RE: **Receiver/Sterling Assignments**

**USDC-CO Case No. 95-00777- REB - CBS**
**USDC-CO Case No. 05-01573- PSF - CBS**

Dear Jack and Tom:

I have not received any response to my letter of July 12, 2006, a copy of which is attached hereto. As stated in my earlier letter, it is impossible to address any of the outstanding matters without a definitive understanding of what entity "owns" which claim, asset and/or cause of action.

To reiterate my request, please provide me with a complete set of assignment documents for any claim, asset and/or cause of action (including, but not limited to any alleged right to payment of any of the Cash Fund currently held by Fairfield & Woods) that has been transferred between the Receiver, Sterling, Richard Block, individually, and/or any entity in which Mr. Block is directly or indirectly involved.

If you are unable or unwilling to provide copies of the assignments, we will be forced to address the issue with Magistrate Shaffer. Accordingly, please advise me whether you will provide copies of the assignments and, if not, I will prepare a Rule 7.1 letter, as described by Magistrate Shaffer.

Should you have any questions regarding the foregoing, please do not hesitate to call me.

Very truly yours,

Robert W. Pitts

Cc: Julie Trent, Esq.

Ltr to J. Tanner and T. Quinn 7.14.06 re Assignments.doc

# LAW OFFICE OF ROBERT W. PITTS

660 Newport Center Drive, Suite 400
Newport Beach, California 92660
T: 949-720-4125
F: 949-720-4111
E: rpitts@lawrwp.com

July 17, 2006

**VIA EMAIL (jtanner@fw-law.com)**
John M. Tanner, Esq.
Fairfield & Woods, P.C.
1700 Lincoln Street, Suite 2400
Denver, CO 80203-4524

**VIA EMAIL (tquinn@tfqlaw.com)**
Thomas F. Quinn, Esq.
Law Offices of Thomas F. Quinn
1600 Broadway, Suite 1675
Denver, CO 80202

RE: **Receiver/Sterling Assignments**
**USDC-CO Case No. 95-00777- REB - CBS**
**USDC-CO Case No. 05-01573- PSF - CBS**

Dear Jack and Tom:

I still have not received a response to, or even an acknowledgement of, my letters of July 12 and July 14. Accordingly, please advise me of your availability for a Rule 7.1 telephonic conference to discuss the following issues:

1. Whether or not the Receiver and/or Sterling will comply with our request to provide a complete set of assignment documents for any claim, asset and/or cause of action that has been transferred between the Receiver, Sterling, Richard Block, individually, and/or any entity in which Mr. Block is directly or indirectly involved.

2. If so, when the Receiver and/or Sterling will comply with the request.

3. If not, why the Receiver and/or Sterling will not comply with the request.

I am available the balance of today or Tuesday in the morning until 11:00 AM (PT) and in the afternoon after 2:30 (PT). Please advise me of your availability. I would expect a 15-20 minute call. Also, it is not necessary to speak with you together, if separate calls would be more expedient.

Should you have any questions, please do not hesitate to call me.

Very truly yours,

Robert W. Pitts

Cc: Julie Trent, Esq.

Ltr to J. Tanner and T. Quinn 7.17.06 re Rule 7.1 Conference on Assignments.doc

# LAW OFFICE OF
# ROBERT W. PITTS

*660 Newport Center Drive, Suite 400*
*Newport Beach, California 92660*
*T: 949-720-4125*
*F: 949-720-4111*
*E: rpitts@lawrwp.com*

July 18, 2006

**VIA EMAIL (jtanner@fwlaw.com)**
John M. Tanner, Esq.
Fairfield & Woods, P.C.
1700 Lincoln Street, Suite 2400
Denver, CO 80203-4524

**VIA EMAIL (tquinn@tfqlaw.com)**
Thomas F. Quinn, Esq.
Law Offices of Thomas F. Quinn
1600 Broadway, Suite 1675
Denver, CO 80202

RE:   **Receiver/Sterling Assignments**
**USDC-CO Case No. 95-00777- REB - CBS**
**USDC-CO Case No. 05-01573- PSF - CBS**

Dear Jack and Tom:

This letter is to confirm our Rule 7.1 conference call of today wherein both of you and Richard Block participated.

You stated that you were not willing to provide me with any copies of the assignment documents requested in my letters of July 12, 14 and 17, 2006. It appeared that your refusal was based on either: (i) your narrow reading of Rule 7.1 that requires a specific motion relating to the turnover of the requested assignments; or (ii) the fact that no such documents exist. Given that Rule 7.1 contains no such requirement (i.e., it simply requires that parties meet on "disputed matters" and attempt to resolve them) and based on Mr. Block's comments on the call, I can only presume that the executed assignments do not exist. Rather, the Receiver is unwilling to commit to the terms of any particular assignment as it would prefer to continue the practice of shifting claims back and forth to suit a particular litigation strategy at any particular moment.

The Assignee will proceed accordingly.

If I have misstated or misconstrued any of your positions, please feel free to contact me immediately.

Very truly yours,

Robert W. Pitts

Cc:   Julie Trent, Esq.

|  | TEL  303.832.4355 |
|---|---|
|  | FAX  303.672.8281 |

THOMAS F. QUINN, ESQ.
*COUNSELOR AND ADVOCATE*

THOMAS F. QUINN, P.C.
1600 BROADWAY
SUITE 1675
DENVER, CO  80202

TQUINN@TFQLAW.COM

July 19, 2006

Robert W. Pitts, Esquire
Law Office of Robert W. Pitts
660 Newport Center Drive
Fourth Floor
Newport Beach, California 92660

Dear Mr. Pitts:

    Pursuant to your email request, on July 18, 2006, I participated in a telephone conference call with you, Jack Tanner, and Rick Block. The conference call was characterized, by you, as a Rule 7.1 conference, pertaining to your request that Sterling Consulting Corporation produce records pertaining to assignment(s) of claims between it and the receiver. This will confirm that, in response to my request that you state the basis for any obligation to produce the requested information, you stated that you could not point to any such obligation, and that you did not contemplate filing any motion or taking any action to compel the requested information, under any theory whatsoever. Accordingly, it is my view, as I expressed to you, that no basis exists for a "Rule 7.1 consultation."

    We further discussed that you resisted our request to Magistrate Judge Shaffer for a scheduling conference in the 05 cv 1573 case on the basis that no discovery was needed at this time. Your view carried the day and thus no discovery is available at this time in that case. You acknowledged there was currently no discovery procedure in place that would allow you to seek documents in this case.

    Further, I stated my position that nothing in your conduct respecting the pending 05 cv 1573 case warranted voluntary production by Sterling of any documents to your clients solely as a courtesy. You did not dispute this assertion.

    As a courtesy, Mr. Block informed you, that all claims for relief held by Sterling Consulting Corporation have been assigned to the receiver, except the following: the right to the undisputed portion of the cash fund; the claims for declaratory relief asserted in the 1573 case Declaratory Judgment; and the right to recover fees and costs in the 1573 case. Further, Messrs. Block and Tanner referred you to the pleadings in the receivership action, that contain (as I understood

Robert W. Pitts, Esq.
July 19, 2006
Page 2

Messrs. Tanner and Block to say) a description of the assignment consistent with the foregoing description. Accordingly, I believe that notwithstanding the fact that there was no basis for the purported Rule 7.1 consultation, you have been provided the substance of the requested information.

After this letter was drafted but not before is was sent, I received your letter of yesterday. To the extent it differs from this letter, it is incorrect and this letter is correct. Without limiting the generality of the foregoing, your statement that we refused to give you the documents based on a "narrow reading" of Rule 7.1 is especially incorrect. As set out above, what we pressed you for was a legal basis to seek the documents. When you admitted you lacked one, we stated that the conference could not be a Rule 7.1 conference because such a conference had to be appurtenant to a motion of the same sort.

I believe this concludes this matter. If there is any further need for consultation, I am sure that you will renew your request.

Very truly yours,

THOMAS F. QUINN, P.C.

By _____
Thomas F. Quinn

cc: Julie Trent
Jack Tanner
Rick Block

# LAW OFFICE OF
# ROBERT W. PITTS

*660 Newport Center Drive, Suite 400*
*Newport Beach, California 92660*
*T: 949-720-4125*
*F: 949-720-4111*
*E: rpitts@lawrwp.com*

July 19, 2006

**VIA EMAIL (jtanner@fwlaw.com)**
John M. Tanner, Esq.
Fairfield & Woods, P.C.
1700 Lincoln Street, Suite 2400
Denver, CO 80203-4524

**VIA EMAIL (tquinn@tfqlaw.com)**
Thomas F. Quinn, Esq.
Law Offices of Thomas F. Quinn
1600 Broadway, Suite 1675
Denver, CO 80202

RE: **Receiver/Sterling Assignments**
**USDC-CO Case No. 95-00777- REB - CBS**
**USDC-CO Case No. 05-01573- PSF - CBS**

Dear Jack and Tom:

I am in receipt of Tom Quinn's letter of July 19, 2006.

While either of you are free, of course, to argue to Magistrate Shaffer whatever reason you wish as to why you have refused to provide us with copies of the requested assignments, the bottom line is that (i) we requested copies of the assignments; (ii) we explained that they are relevant to our pleadings relating to both the Cash Fund Dispute and the 1573 action; and (iii) you have refused to provide us with copies of the assignments. Again, why you refuse to do so is a matter you can argue to Magistrate Shaffer.

Regarding your claim that we have been provided with "the substance of the requested information," we disagree. Given the fluidity of the assignments in the past (and in fact given the description of the assignments referenced by Messrs. Tanner and Block), it is clear that the only definitive evidence of the scope and validity of the assignments will be found in the assignment documents themselves. Hence, our request for the assignment documents in the first place.

Should you have any questions or should you wish to reconsider your position, please do not hesitate to contact me.

Very truly yours,

Robert W. Pitts

Cc: Julie Trent, Esq.