

**STERLING CONSULTING CORPORATION**

4101 East Louisiana Avenue
Suite 300
Denver, Colorado 80246
Office: 303-388-1300
Fax: 303-781-4311
Email: rblock@xpn.com

Via email: jtanner@fwlaw.com

October 13, 2005

John M. Tanner, Esquire
Fairfield and Woods
1700 Lincoln Street
Suite 2400
Denver, Colorado 80203-4524

Re: *Sterling Consulting Corporation v. Credit Managers Association of California doing business as CMA Business Credit Services, Indian Motorcycle Company IMCOA Licensing America, Inc. IMCOA Holdings America, Inc. Audax Private Equity Fund LLP Audax Co-Invest, L.P. Audax Special Purpose Co-Invest, L.P. and Audax Trust Co-Invest, L.P.,* Case No. 1:05-cv-01573-PSF-CBS, United States District Court, District of Colorado.

Dear Jack:

Reference is made to that certain Settlement Agreement between IMCOA Licensing America, Inc., among others, and Sterling Consulting Corporation, dated as of August 31, 2000, and to that certain related Indemnification Agreement of even date. Paragraphs 5.12 and 5.13 of the Indemnification Agreement provide:

> 5.12. Funding Arrangements. Upon the execution of this Indemnification Agreement, Indian agrees to transfer $50,000 to Fairfield and Woods, P.C. (the "Fund Agent") to ensure the prompt payment of all Claims Losses (the "Cash Fund").
>
> 5.13. Resort to Cash Fund. If Indian shall be in default of its obligations to Indemnify an Indemnified Person hereunder with respect to Receiver's Fees, Receiver's Expenses, Receiver's Legal Fees, Sterling's Fees, Sterling's Expenses, or Sterling's Legal Fees in respect of any Claim, the Indemnified Person may, at its option, give notice in writing to the Fund Agent specifying the amount due and payable and the Fund Agent shall promptly pay the said


EXHIBIT E

John M. Tanner, Esquire
October 13, 2005
Page 2.

>amount demanded from the funds available in the Cash Fund. *For the purposes of this paragraph 5.13, Indian shall be deemed to be in default if a Claim has been made in any court and Indian is not aggressively prosecuting all of its obligations under paragraph 5.2. Indian understands and agrees that the $50,000 cap on its obligations as set forth in this paragraph 5 is dependent upon Indian aggressively prosecuting its obligations under paragraph 5.2.*

[Emphasis added.]

As you are aware, Indian has gone through an assignment of the assets of Indian in a California assignment for the benefit of creditors (the "Assignment" in the "ABC"). Although Indian Assigned the Settlement Agreement and the Indemnification Agreement to the Assignee under the ABC (i.e., the defendant CMA in the referenced lawsuit), the Assignee did not likewise require the purchaser of the Indian assets from the ABC to adopt the Settlement Agreement and the Indemnification Agreement as required therein. Following the Assignment, Indian went permanently out of business and no longer has any operations.

As more specifically detailed in the Complaint in the referenced lawsuit, the foregoing acts and omissions by Indian and CMA comprised material breaches of the Settlement Agreement and the Indemnification Agreement. Moreover, these breaches cannot be cured because Indian is permanently out of business and could not possibly be "aggressively prosecuting its obligations under paragraph 5.2," and the Assignee intentionally disregarded its only opportunity to require the purchaser of the assets from the Assignee to adopt the Settlement Agreement and the Indemnification Agreement as required therein.

By reason of the foregoing, demand is hereby made for Fairfield and Woods as the Fund Agent pursuant to paragraph 5.12 of the Indemnification Agreement to turnover the balance of the Cash Fund to Sterling.

In order to allow the defendants in the referenced action time to file an appropriate pleading in opposition to this demand, Fairfield and Woods should wait until November 2, 2005 before turning over the Cash Fund. If there is no such pleading, Fairfield and Woods should promptly turnover the Cash Fund to Sterling. If there is such a pleading, Sterling will make further requests or demands depending upon the nature of the pleading.

Thank you for your attention to this matter.

John M. Tanner, Esquire
October 13, 2005
Page 3.

            Very truly yours,

            *Rich Block*

            Richard A. Block

cc. Robert W. Pitts, Esquire (via email: rpitts@lawrwp.com)
   Sara Lipscomb, Esquire (via email: slipscomb@audaxgroup.com)
   Thomas F. Quinn, Esquire (via email: tquinn@tfqlaw.com)