IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 95-cv-00777-REB-CBS

In re: Indian Motorcycle Manufacturing, Inc., a New Mexico Corporation

---

**EMERGENCY MOTION FOR CLARIFICATION OR PARTIAL RECONSIDERATION**

---

Sterling Consulting Corporation, as receiver, by and through its attorneys Fairfield and Woods, P.C., hereby moves on an Emergency Basis for the Court to Clarify or Partially Reconsider (depending on the clarification) one item its Order of July 24, 2006 (the "Order") as follows:

**Need for Emergency Relief**

1. In the Order, the Court ordered the receiver to mail a copy of the Order to all those in the Receivership Estate within 14 days.

2. The receiver will comply with that Order,[1] but would appreciate the clarification (or partial reconsideration) set out below before the mailing, so that the clarification can be contained in the same mailing.

**Motion for Clarification**

3. On page 14 of the Order, the Court stated:

If the receiver demonstrates to the court that a particular Claimant was paid a specific amount in payment of a pre-appointment, general, unsecured claim, and that the claimant

---

[1] It will not be possible to ensure a mailing of notice to every Claimant before the deadline of August 7, 2006 because of the enormity of the task and the fact that the receiver has been unable to locate every Claimant. It will be possible to make a broad mailing to almost every Claimant on around August 7, 2006.

has been notified of my order that part of that payment must be refunded to the receiver, and that the Claimant has failed to pay as directed, then the entry of judgment against that Claimant would not necessarily be improper. However, absent an agreement by a Claimant to pay collection costs, <u>the court will not impose collection costs in such a judgment</u>. (Emphasis added.)

4.   It appears to the receiver that the Court is indicating that it will not automatically impose costs of collection at this time, leaving the issue open for later consideration on a case-by-case basis. Claimants, however, might read the Order as a hard and fast rule that costs of collection could never be awarded absent a Claimant's agreement to pay collection costs. A Claimant who reads the order that way might perceive no disadvantage in resisting collection as long as possible, because the Claimant would be in a position to simply refuse to pay without penalty. The receiver and its counsel would be forced to incur substantial additional costs of collection with no hope of ever being compensated for their time or reimbursed for their out-of-pocket costs.[2] The ambiguity is magnified by the fact that it is difficult to imagine why any claimant would "agree" to pay collection costs. The receiver submits that the Order can be clarified by deleting the last sentence in the last full paragraph on page 14, and replacing it with the following sentence:

> The Court will not impose collection costs in such a judgment absent a showing by the receiver, on a case-by-case basis and after notice to the Claimant and an opportunity to be heard, that such collection costs are warranted.

5.   In many circumstances, if claimants able to pay refuse to do so, without the right to recover collection expenses, the receiver would find the costs of collection to be in excess of

---

[2] There are circumstances of which the receiver is aware that may provide a Claimant a colorable argument. In these instances, the receiver would first attempt to negotiate with the Claimant, and would not ask for costs of collection for efforts expended prior to Judgment.

the projected collection, and a claimant would thereby be enabled to avoid its obligation entirely. This would be especially true in the case of smaller claimants. For example, there are hundreds of Claimants with Claims of $3,525. At 24.35%, the anticipated collection would be slightly in excess of $850. As most of these Claimants reside outside the State of Colorado, the cost of collection would render the Claim almost impossible to collect if the Claimant simply refuses to pay.

6. If the passage should be interpreted as the receiver believes (*i.e.*, stating that the Court will not automatically incorporate costs of collection in a Judgment, but will consider costs on a case-by-case basis), the Court might wish to consider a situation in which, after the receiver gives a Claimant the proper notice, the Claimant refuses to pay for no valid reason.[3] In this instance, the receiver would expect to provide an affidavit to that effect along with the Motion for Judgment or ancillary complaint filed by the receiver.

7. Additionally, it is not clear if "costs of collection" means the retaining of a collection agent, or receiver's fees and counsel's fees. Clarification on this point would be appreciated, as well.

8. Counsel for the United States has authorized the Receiver to indicate that it, too, feels that a clarification is in order to assure that claimants do not assume that they are insulated from collection expenses if they unjustifiably refuse to pay the Receiver.

---

[3] The Court has correctly observed that there will be Claimants who cannot afford to pay. In this instance, it is unlikely that the receiver will go to Judgment. Instead, the receiver will attempt to enter into an agreement with the Claimant. This agreement has a value, and there are numerous techniques and procedures available for the Receivership Estate to realize at least part of that value in the short term.

WHEREFORE, if the Court's decision is to allow the receiver to request costs of collection on a case-by-case basis, the receiver respectfully requests the Court to clarify the Order to make that clear. If the Court's decision is to prohibit assessing costs of collection under any circumstances, absent the claimant's agreement, the receiver respectfully requests the Court to reconsider that decision.

Respectfully submitted this 27th July, 2006.

Respectfully submitted,

By: *s/ John M. Tanner*
Fairfield and Woods, P.C.
1700 Lincoln Street, Suite 2400
Denver, CO 80203-4524
Phone: (303) 830-2400
Fax: (303) 830-1033
Email: jtanner@fwlaw.com

Attorney for Plaintiff Sterling Consulting Corporation, as receiver

## CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses or as indicated below or by United States Mail, postage prepaid:

**VIA CM/ECF TO:**

Alan Lemont Hale Esq.
Hale Friesen, LLP
1430 Wynkoop St., Ste. 300
Denver, CO  80202
**Attorney for Richard Basciani, N. Rooke Everill, Pres./Everill Bros., Inc., John H. Nicholson or Virginia A. Nicholson**
ahale@haldfriesen.com

Edward T. Ramey, Esq.
Stuart H. Pack, Esq.
Isaacson Rosenbaum
 Woods and Levy
633 17th St., Ste. 2200
Denver, CO  80202
**Attorneys for William R. Childs, Scott McCormick, Jr., Douglas Walliser, Ronald Schiff, Edward Pacelli, Morty Lempel, A.B. Goldberg, First Entertainment, Harvey Rosenberg**
eramey@ir-law.com
spack@ir-law.com

James R. Cage, Esq.
Cage Williams Abelman
 & Layden, P.C.
St. Elmo Bldg.
1433 17th St.
Denver, CO  80202-1273
**Attorney for Carl D. Lucci/Albert R. Lucci**
jcage@cagewilliams.com

J. Eric Ellliff, Esq.
Kristen Taylor-Randall, Esq.
Morrison & Foerster, LLP
370 17th St., Ste. 3550
Denver, CO  80203
**Attorney for IMCOA**
jelliff@mofo.com

Adam F. Hulbig
Trial Attorney, Tax Division
US Dept. of Justice
PO Box 683
Ben Franklin Station
Washington, DC  20044
**Attorney for United States of America**
adam.f.hulbig@usdoj.gov

Gary C. Moschetti, Esq.
Hatch & Moschetti, LLP
1800 Glenarm Pl., 9th Floor
Denver, CO  80202
**Attorney for Edward Leal**
gmoschetti@hatchlawyers.com

Cassandra Sasso, Esq.
Baker & Hostetler
303 E. 17th Ave., Ste. 1100
Denver, CO  80203-1264
**Attorney for Michelle Lean**
csasso@bakerlaw.com

Michael J. Pankow
Daniel J. Garfield
Brownstein Hyatt & Farber PC
410 17th Street, Suite 2200
Denver, CO  80202
**Attorneys for Michael Payne**
mpankow@bhf-law.com
dgarfield@bhf-law.com

**VIA UNITED STATES MAIL:**
James Duberg, Esq.
727 Third Ave.
Chula Vista, CA  91910-5803

Mark S. Schmidt, Esq.
Miller Simon & Maier, S.C.
788 North Jefferson Street
Milwaukee, WI 53202
**Attorney for Miller Simon & Maier**

Peter C. Freeman, Esq.
Law Offices of Peter C. Freeman
16485 Laguna Canyon Rd., Ste. 230
Irvine, CA  92618-3846
**Attorney for Scott Kajiya**

Mr. Albert Lucci
1930 Wyoming Ave.
Fort Pierce, FL  34982
Robert W. Hallock, Esq.
202 S. Merrill St.
Park Ridge, IL  60068-4223

Peter Sklarew, Esq.
Assistant Chief
Civil Trial Section, Northern Region
United States Dept. of Justice
Tax Division
PO Box 55
Washington, D.C.  20044
**Attorney for IRS**

Robert J. Danie, Eq.
9 Wagon Wheel Drive
Feeding Hills, MA  01030

Noreene C. Stehlik, Esq.
U.S. Dept. of Justice
PO Box 683
Ben Franklin Station
Washington, D.C.  20044
**Attorney for IRS**

Robert L. Morrow, Jr., MD
401 N. College Rd., #5
Lafayette, LA  70506
Nicholas A. Russo, Sr.
310 Extonville Road
Allentown, NJ  08501

Richard J. Cortesi
5316 Camino Montano, N.E.
Albuquerque, NM  87111

Albert R. Gazza
589 Manchester
E. Glastonbury, CT  06025-0085

Ronald Fulfer
15315 S. Francis Dr.
Plainfield, IL  60544

Richard Dale Wood
13997 80th Ave. North
Maple Grove, MN  55311

Steve Halprin
1316 Penningtow Place
Concord, N.C.  28207

Alf Iseback
Gamla Tuvevagen 4
41705 Goteborg
**SWEDEN**

Kathryn L. Troccoli
1911 Champlain St.
Ottawa,IL  61350

Ed Pink
Ed Pink Racing Engines, Inc.
14612 Raymer Street
Van Nuys, CA  91405

Montgomery & Andrews, P.A.
325 Paseo De Peralta
Santa Fe, NM  87501

John Inelli
17 Old Farmstead Rd.
Chester, NJ  07930

Eller Industries
c/o Leonard S. ("Lonnie") Labraiola
6035 N. 115th Street
Longmont, CO  80504-8434

**Registered Agent:**
Randal L. Hittle
1630 Main Street, Suite 202
Longmont, CO  80501

**VIA E-MAIL:**
Richard A. Block
President
Sterling Consulting Corporation
4101 E. Louisiana Ave., Ste. 300
Denver, CO  80246
**Receiver**
rblock@xpn.com

**Courtesy Copies to:**
Julie Trent
jt@bsblawyers.com

Eugene Sprague
esprague@bw-legal.com

Michael Chodos
michael@chodos.com

Robert Pitts
rpitts@lawrwp.com

By:  *s/ John M. Tanner*
　　　Fairfield and Woods, P.C.
　　　1700 Lincoln St., #2400
　　　Denver, CO  80203
　　　Phone:  (303) 830-2400
　　　Fax:  (303) 830-1033
　　　Email:  jtanner@fwlaw.com