

# EXHIBIT B

4101 East Louisiana Avenue
Suite 300
Denver, Colorado 80246
Office: 303-781-4935
Fax: 303-781-4311
Email: rblock@sterlingcorp.com

STERLING CONSULTING CORPORATION

December [illegible], 2005

Re: In re: Receivership Estate of Indian Motorcycle, 95CV00777, United States District Court for the District of Colorado

In 1999, the Colorado District Court entered Orders that Instructed the Receiver to distribute money to the general unsecured creditors of the Receivership Estate. Our records show that you received $3,525.00 at that time. In July of 2002, the Receivership [illegible] transferred to the [illegible] Massachusetts District Court. In 2003, the Massachusetts District Court entered Tax Orders against the Receivership Estate whereby the Receivership Estate was determined to owe in excess of $1.5 million in taxes, which together with other taxes and interest could have been in excess of $[illegible] million.

In September of 2005, the Receiver settled with the government and agreed that the Receivership Estate would pay $[illegible] million in taxes. This settlement included a [illegible] of $3[illegible],000 [illegible] the $1 million for payment [illegible] administrative expenses of the Receivership Estate (which total more than $2 million). In order to pay these taxes, the Receiver was compelled to ask the Court to Order general unsecured claimants like you to repay 24.35% of the amount the receiver paid to you. On December 14, 2005, the Colorado District Court entered an Order and a Recommendation that provides for the repayment of that portion of the money you received. Please note that the Recommendation was entered by a Magistrate Judge and is not yet a binding Order.

When the Recommendation becomes binding, you will be required to repay $[illegible]. Under the Order, you may make your check payable to Sterling Consulting Corporation, as receiver and make sure it is delivered to the address on this letterhead no later than January [illegible], 2006, or there may be interest charged and a judgment against you.

You should note that the Order that was entered enables you to repay the money prior to December [illegible], 2005 to take advantage of an early payment incentive program. Under the early payment incentive program, you may pay only 20%, or $705.00, instead of 24.35%, but your payment must be received by the receiver no later than December 27, 2005. Another benefit under the early payment incentive program is that you will receive a credit of [illegible] against additional collections (if they become necessary) in the event the Receivership does not collect enough money to pay the taxes. At this point, the Recommendation has not yet been accepted as an Order by the [illegible] which the receiver will hold the money until it is.

In addition to the early payment incentive program, the government has pointed out that you may possibly avail yourself of special tax deductions for making the payment, and if the payment is made before the end of the year, the deduction will probably be for tax year 2005. In the [illegible] the government wrote the following [illegible] receiver's Motion [illegible]:

3. Paragraph 45 of the motion states that "the Government has indicated that any Claimant who has taken the payments made by the receiver into income will have the ability to deduct the money restored to the Receivership Estate under 26 U.S.C. § 1341." The Government's counsel gave his "opinion," during a status conference, that § 1341 would apply to any person who repays funds that were taken into income. But § 1341 is subject to various special rules set forth therein, and claimants should obtain their own tax advice. In addition, § 1341 is more than an ordinary tax deduction because it permits a reduction in [illegible] amount of the increased tax erroneously paid in a prior year. If a claimant did not take a prior [illegible] income ([illegible] effect of the distribution [illegible] the return of capital [illegible] otherwise have been a reportable loss, for example [illegible] makes restitution [illegible] Receiver may be entitled to report the restitution amount [illegible] restitution is made. The [illegible] the loss may depend upon the claimant's particular facts and circumstances. Again, claimants should seek their own professional tax advice, as nothing in the Receiver's motion or this statement binds the government with respect to a future tax consequence.

You should check the status [illegible] www.sterlingcorp.com. The Recommendation, the Order, a copy of the [illegible] statute that enables deductions this year (26 U.S.C. § 1341), and some other documents, may be found at the same web site under recent events (http://www.sterlingcorp.com/Indian%20Motorcycle/recentevents/). If you have any questions, you may call the receiver on a special telephone line set up for this purpose (there is no voice mail), or you may email the receiver [illegible] is the best way to [illegible] your question.

Very truly yours,

Dick Block

Richard A. Block

EXHIBIT 2

Fuck you!!! you
You owe me $3,525.00 + 24.35% Interest That I Never Received.
you people still Have my Money.
P.S. I Called the BBB. They told me about you Ass holes.
I want my Money you Fucker's NOW!!.