UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 95-cv-00777-REB-CBS

In re: Indian Motorcycle Manufacturing, Inc., a New Mexico Corporation

**RECEIVER'S REQUEST FOR INSTRUCTIONS RE: UNPAID DEPOSITORS**

Sterling Consulting Corporation, as receiver, by and through its attorneys, Fairfield and Woods, hereby requests Instructions as to how it should handle restitution from Depositors Claimants for whom the receiver paid money, but who never received that money due to the acts of Indian Motorcycle Company and Pahl & Gosselin, and as grounds therefore states as follows:

1. On July 24, 2006, this Court issued its Order Approving and Adopting Magistrate Judge's Recommendation (the "Order"). (The Order was later modified in a way which is not material for this Request.)

2. In the Order, the receiver is charged to collect 24.35% of money paid out to certain claimants, including the group commonly referred to the "Depositors."[1]

3. According to Pahl & Gosselin, eight of the depositors did not get their money back, even though the receiver paid money to Pahl & Gosselin in trust for these Depositor Claimants. The problem can be described summarily as follows:

---

[1] The receiver segregated Claimants in the Receivership Estate into four categories: Vendors, Noteholders, Dealers, and Depositors. Vendors were trade creditors. Noteholders were investors who legitimately believed they were investing in Indian Motorcycle. Dealers were businesspeople who legitimately believed they were purchasing an Indian Motorcycle dealership. Depositors were consumers who were making an advance deposit on the retail purchase of an Indian Motorcycle that did not exist at that time. Generally speaking, unlike the other three categories that tended to be sophisticated, Depositors were uneducated consumers.

Case No. 1:95-cv-00777-REB-CBS   Document 2351   filed 08/10/06   USDC Colorado   pg 2 of 8

a. Part of the negotiated consideration from the buyer of the Trademark (IMCOA) was that Depositors (who usually deposited $3,525). Because Indian Motorcycle Company (parent company to IMCOA) expected to come out with new models of motorcycles over the next several years, the depositors were given five years to apply their deposit to the purchase of a motorcycle or have it returned.

b. Simultaneously, at the time of the sale (1999) the receiver and IMCOA expected that the receivership estate would be shut down shortly, certainly well before the five years was up.

c. Toward that end, approximately $123,545 was placed in trust with Pahl & Gosselin, a law firm in California. Pahl & Gosselin was to hold the money until a depositor selected a model. The depositor would then complete a voucher, send it to Pahl & Gosselin, and Pahl & Gosselin would forward the money to Indian Motorcycle Company or an Indian Motorcycle dealer for credit toward the purchase of a motorcycle.

d. At the time Indian and IMCOA failed in 2004, however, according to Pahl & Gosselin, $27,675 in deposits had not been cashed in, and this money remained in trust with Pahl & Gosselin. A copy of a spreadsheet showing which Depositors Pahl & Gosselin paid, and which depositors were paid is attached to this pleading as Exhibit 1.

e. When IMCOA failed, at IMCOA's direction and contrary to the Trust Agreement, Pahl & Gosselin sent this money back to IMCOA. It may or may not have been turned over to CMA as part of the Assignments

2

for Benefit of Creditors.

    f.    This was the subject of the lawsuit, *Sterling as receiver v. Pahl & Gosselin, IMCOA, and CMA*, United States District Court for the District of Colorado No. 06 CV 00076.

    g.    Pahl and Gosselin filed a Motion to Dismiss for lack of minimum contacts, which was fully briefed and remained pending for several months.

    h.    The 06-cv-76 case was assigned to Judge Babcock, and this Court denied the receiver's Motion to Consolidate that case with this one.

    i.    The denial of the Motion to Consolidate was one of the triggering events that led to the filing of the First Amended Complaint, which in turn triggered the Order to Show Cause.

4.    The peculiar result of this is that the Court's Order of restitution effectively Orders the Depositors whose money was converted by Pahl & Gosselin to repay 24.35% of the money that was converted and that they never received. The Receivership Estate paid the money and is entitled to the percentage back, but the people for whom the money was being held never got the money.

5.    The receiver sent out Notices earlier this week, and has already heard from two of the eight depositors which were unpaid. They are understandably upset about the prospect of having to return 24.35% of money they never received.

6.    In reality, the Depositor Claimants should have asked Pahl & Gosselin for a refund, but as mentioned above, the Depositor Claimants are not sophisticated investors. They were swindled in the beginning because they were gullible, and there

3

should be no expectation that they would become any less gullible with the passage of time.

7. There should be an expectation, however, that licensed professionals like Pahl & Gosselin would be held accountable, and that Indian Motorcycle Company would refund the full amount, but between severance of the 06 CV 00076 case from the Receivership Action, the intervening assignment for the benefit of creditors by Indian Motorcycle Company, and CMA's unlimited budget for litigation, equity may not do what it ought to do for those under the protection of the Court.

8. The receiver has initiated early payment incentive plan. The deadline for this is September 8, 2006. The Order itself requires repayment by September 28, 2006.

9. Simply relieving the Depositor Claimants whose money was converted by Pahl & Gosselin of their obligation without making Pahl & Gosselin responsible would not be fair to those who still may be pursued for the taxes, including other depositors, Sterling Consulting Corporation and Fairfield and Woods. This is no fairer than making the Depositor Claimants pay a portion of the money they never received.

10. The receiver stands by its recommendation that the Court Instruct the receiver to re-file the action against Pahl & Gosselin as an ancillary matter to this action, and pursue the Depositor's money with the statutory exemplary damages, receiver's fees, attorney's fees, and costs[2]. In the meanwhile, the receiver needs Instruction as to what to do regarding the money that the receiver paid out (in trust to Pahl & Gosselin) but which never found its way to the proper claimants.

---

[2] In this way, the depositors will get the money they should have gotten in the first place, the receiver will get its percentage, and the receiver and its counsel will be made whole.

4

WHEREFORE, the receiver prays that this Court give it Instructions on how the handle the situation regarding the eight (or perhaps more) who never received their deposits back, despite the fact that the receiver paid this money out (in trust to Pahl & Gosselin), and that the Court grant the receiver such other and further relief as the Court deems just and proper.

Respectfully submitted this 10th day of August, 2006.

> By: *s/ John M. Tanner*
> Fairfield and Woods, P.C.
> 1700 Lincoln Street, Suite 2400
> Denver, CO  80203-4524
> Phone:  (303) 830-2400
> Fax:  (303) 830-1033
> Email:  jtanner@fwlaw.com
>
> Attorney for Plaintiff Sterling
> Consulting Corporation, as receiver

## CERTIFICATE OF SERVICE

      I hereby certify that on August 11, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses or as indicated below or by United States Mail, postage prepaid:

**VIA CM/ECF TO:**

Alan Lemont Hale Esq.
Hale Friesen, LLP
1430 Wynkoop St., Ste. 300
Denver, CO 80202
**Attorney for Richard Basciani, N. Rooke Everill, Pres./Everill Bros., Inc., John H. Nicholson or Virginia A. Nicholson**
ahale@haldfriesen.com

Edward T. Ramey, Esq.
Stuart H. Pack, Esq.
Isaacson Rosenbaum
  Woods and Levy
633 17th St., Ste. 2200
Denver, CO 80202
**Attorneys for William R. Childs, Scott McCormick, Jr., Douglas Walliser, Ronald Schiff, Edward Pacelli, Morty Lempel, A.B. Goldberg, First Entertainment, Harvey Rosenberg**
eramey@ir-law.com
spack@ir-law.com

James R. Cage, Esq.
Cage Williams Abelman
  & Layden, P.C.
St. Elmo Bldg.
1433 17th St.
Denver, CO 80202-1273
**Attorney for Carl D. Lucci/Albert R. Lucci**
jcage@cagewilliams.com

J. Eric Ellliff, Esq.
Kristen Taylor-Randall, Esq.
Morrison & Foerster, LLP
370 17th St., Ste. 3550
Denver, CO 80203
**Attorney for IMCOA**
jelliff@mofo.com

Adam F. Hulbig
Trial Attorney, Tax Division
US Dept. of Justice
PO Box 683
Ben Franklin Station
Washington, DC 20044
**Attorney for United States of America**
adam.f.hulbig@usdoj.gov

Gary C. Moschetti, Esq.
Hatch & Moschetti, LLP
1800 Glenarm Pl., 9th Floor
Denver, CO 80202
**Attorney for Edward Leal**
gmoschetti@hatchlawyers.com

Cassandra Sasso, Esq.
Baker & Hostetler
303 E. 17th Ave., Ste. 1100
Denver, CO 80203-1264
**Attorney for Michelle Lean**
csasso@bakerlaw.com

Michael J. Pankow
Daniel J. Garfield
Brownstein Hyatt & Farber PC
410 17th Street, Suite 2200
Denver, CO 80202
**Attorneys for Michael Payne**
mpankow@bhf-law.com
dgarfield@bhf-law.com

**VIA UNITED STATES MAIL:**
James Duberg, Esq.
727 Third Ave.
Chula Vista, CA  91910-5803

Mark S. Schmidt, Esq.
Miller Simon & Maier, S.C.
788 North Jefferson Street
Milwaukee, WI  53202
**Attorney for Miller Simon & Maier**

Peter C. Freeman, Esq.
Law Offices of Peter C. Freeman
16485 Laguna Canyon Rd., Ste. 230
Irvine, CA  92618-3846
**Attorney for Scott Kajiya**

Mr. Albert Lucci
1930 Wyoming Ave.
Fort Pierce, FL  34982
Robert W. Hallock, Esq.
202 S. Merrill St.
Park Ridge, IL  60068-4223

Peter Sklarew, Esq.
Assistant Chief
Civil Trial Section, Northern Region
United States Dept. of Justice
Tax Division
PO Box 55
Washington, D.C.  20044
**Attorney for IRS**

Robert J. Danie, Eq.
9 Wagon Wheel Drive
Feeding Hills, MA  01030

Noreene C. Stehlik, Esq.
U.S. Dept. of Justice
PO Box 683
Ben Franklin Station
Washington, D.C.  20044
**Attorney for IRS**

Robert L. Morrow, Jr., MD
401 N. College Rd., #5
Lafayette, LA  70506
Nicholas A. Russo, Sr.
310 Extonville Road
Allentown, NJ  08501

Richard J. Cortesi
5316 Camino Montano, N.E.
Albuquerque, NM  87111

Albert R. Gazza
589 Manchester
E. Glastonbury, CT  06025-0085

Ronald Fulfer
15315 S. Francis Dr.
Plainfield, IL  60544

Richard Dale Wood
13997 80th Ave. North
Maple Grove, MN  55311

Steve Halprin
1316 Penningtow Place
Concord, N.C.  28207

Alf Iseback
Gamla Tuvevagen 4
41705 Goteborg
**SWEDEN**

Kathryn L. Troccoli
1911 Champlain St.
Ottawa, IL  61350

Ed Pink
Ed Pink Racing Engines, Inc.
14612 Raymer Street
Van Nuys, CA  91405

Montgomery & Andrews, P.A.
325 Paseo De Peralta
Santa Fe, NM  87501

John Petitto
Town & Country Sports Center, Inc.
U.S. 12 & U.S. 127
Cement City, MI  49233

Marcia Taylor
Bennett Motor Group Express
1001 Industrial Parkway
McDonough, GA  30253

Richard Basciani
Basciani Foods
8876 GapNewport Pike
Avondale, PA  19311

Rooke Everill
Derek John Everill
Ken Everill
1204 Lake Point Circle
McKinne, TX  75070

Michael D. Fowler
Martha Dickson (Deceased)
PO Box 673
11650 Twin Creeks Dr.
Fort Pierce, FL  34954

John Nicholson
All Seasons, Inc.
81 Rangoul Street
Beverly, MA  10915

John Inelli
17 Old Farmstead Rd.
Chester, NJ  07930

Eller Industries
c/o Leonard S. ("Lonnie") Labraiola
6035 N. 115th Street
Longmont, CO  80504-8434

**Registered Agent:**
Randal L. Hittle
1630 Main Street, Suite 202
Longmont, CO  80501

**VIA E-MAIL:**
Richard A. Block
President
Sterling Consulting Corporation
4101 E. Louisiana Ave., Ste. 300
Denver, CO  80246
**Receiver**
rblock@xpn.com

**Courtesy Copies to:**
Julie Trent
jt@bsblawyers.com

Eugene Sprague
esprague@bw-legal.com

Michael Chodos
michael@chodos.com

Robert Pitts
rpitts@lawrwp.com


By:   *s/ John M. Tanner*
        Fairfield and Woods, P.C.
        1700 Lincoln St., #2400
        Denver, CO  80203
        Phone:  (303) 830-2400
        Fax:  (303) 830-1033
        Email:  jtanner@fwlaw.com