United States District Court
901-19th Street, Room A105
Denver, CO 80294-3589

OFFICIAL BUSINESS

HASLER  $1.59⁰
07/31/2006
Mailed From 80202

Ronald Garcia
2505 Madison, North East
Albuquerque, NM 87101

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 10 2006

GREGORY C. LANGHAM
————CLERK————

V/KN


ATTEMPTED NOT KNOWN

CANNOT LOCATE
95-CV-777
#2337, 2338
REB-CBS

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Case No. 95-cv-00777-REB-CBS

In re: Receivership Estate of INDIAN MOTORCYCLE MANUFACTURING, INC., a New Mexico corporation,

## ORDER

**Blackburn, J.**

The matter before is the receiver's **Emergency Motion for Clarification or Partial Reconsideration** [#2335], filed July 27, 2006. Because the motion inquires as to the intent of a prior order of this court, as expressed in its language, I am uniquely postured to rule on the motion, and no response thereto would be helpful. I thus exercise my discretion under D.C.Colo.LCivR 7.1C to rule on this motion without benefit of a response.

By this motion, the receiver asks that I reconsider that portion of my **Order Approving and Adopting Magistrate Judge's Recommendation** [#2330], filed July 24, 2006, that addresses the imposition and recovery of collection costs, specifically the following language:

> If the receiver demonstrates to the court that a particular Claimant was paid a specific amount in payment of a pre-appointment, general, unsecured claim, and that the claimant has been notified of my order that part of that payment must be refunded to the receiver, and that the Claimant has failed to pay as directed, then the entry of judgment against that Claimant would not necessarily be improper. *However, absent an agreement by a Claimant to pay collection costs, the court will not impose collection costs in such a judgment.*

(Order at 14 (emphasis added).) The receiver argues that this final sentence gives a