UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

**Civil Action No. 95-cv-00777-REB-CBS**

In re:

Receivership Estate of INDIAN MOTORCYCLE MANUFACTURING, INC.,
a New Mexico Corporation

_____

**United States' Position on Receiver's Response (DI# 2328) to
Order to Show Cause (DI# 2312)**
_____

The Court's July 13, 2006 order (DI# 2312) directed the Receiver to show cause why its "First Amended Complaint" should not be stricken. The Receiver has filed a response (DI# 2328). Since the Receiver purports to be pursuing the defendants named in the pleading primarily in order to recover funds to pay the administrative tax claim, and this Court's ruling may govern future similar pleadings, the United States believes it is appropriate to state its position on the core legal issue raised by the order to show cause and the Receiver's response – whether the Receiver should be able to file amended complaints, or what the United States submits should instead be labeled ancillary complaints, without leave of court. This response is limited the appropriateness and the jurisdictional reach of ancillary complaints. It avoids addressing potential fact disputes between the Receiver and others, and generally avoids taking a position on secondary issues discussed in the Receiver's response.[1]

___

[1] As an exception, the United States briefly notes its concern that the oft-stated notion that a court-appointed receiver is an "arm of the court" is sometimes misapplied. A receiver is an arm of the court in its role in administering property that is considered to be *in custodia legis* – which generally only includes property in a receiver's possession or constructive possession. In disputes that arise between a receiver and others, that the court is called upon to adjudicate, a receiver is a party to such litigation and is not accorded any special treatment in such litigation.

**Position of the United States Regarding Ancillary Complaints**

As the Receiver explains, it did not actually wish to "amend" the complaint in this cause. (Indeed, it did not file the original complaint, which was commenced by Eller Industries against the entity then placed into receivership, Indian Motorcycle Manufacturing, Inc., after which Eller was dismissed.) The Receiver suggests that it would have preferred to have filed an *ancillary complaint* but was unable to do so using the ECF system. The receiver points out that filing entirely separate complaints results in random judicial assignment and that courts have ruled that such separate complaints are not treated as ancillary pleadings for purposes of ascertaining jurisdiction and certain procedural issues. The Receiver characterizes its intent sometimes as filing an "adversary complaint" and sometimes as a "supplemental complaint."

The United States understands the Court's immediate concern to be that Rule 15 does not permit an amended complaint, after an answer, without leave of Court. While it is true that an amended complaint would require leave of court, the United States submits that the Receiver's "amended complaint" is simply mis-denominated. It should be viewed, in substance, as an "ancillary complaint."

The United States believes that the Receiver is correct in indicating that, traditionally, receivers have been permitted to file *ancillary* complaints in the courts that have appointed them, sometimes denominated inaccurately as *supplemental* complaints.[2] The Receiver's reference to the alternative denomination, "adversary proceeding," is apparently borrowed from bankruptcy practice, see Fed.R.Bankr.P. 7001, but that term is not generally used in receivership actions, although an adversary complaint in a bankruptcy case is analogous to an ancillary complaint in a receivership case.

---

[2] Fed.R.Civ.P 15(d) enables parties, with leave of court, to supplement their prior pleadings based on subsequent events. Ancillary complaints do not supplement prior pleadings, but rather are distinct causes of action.

Whatever the name to be used, the United States agrees with the Receiver that a receiver may, in appropriate circumstances, without leave of court, file a complaint that should be treated as ancillary to the main receivership action.[3]  The United States further agrees with the Receiver that Rule 66 of the Federal Rules of Civil Procedure contemplates such procedures.  Moreover, ancillary complaints are not limited to those initiated by receivers; other parties in receivership actions may seek forms of relief *against a receiver* that are more properly viewed as ancillary complaints.[4]  The United States suggests below a solution to the lack of an "ancillary complaint" category in the Court's ECF system.[5]

The circumstances that make an ancillary complaint appropriate is not always clear from the case law.  The United States submits such a pleading is appropriate to resolve disputes within the jurisdiction of the receivership court, that are related to the receivership action, but that extend beyond routine estate administration (which may be determined by simple motion or objection).  These may include disputes over the terms of a contract entered by a receiver with court approval, or disputes over ownership of property that is not in the actual possession or control of the receiver.  The United States also submits that the filing of an ancillary complaint is not dispositive of any jurisdictional issues, and should be understood to be without prejudice to all jurisdictional (or other) defenses of the defendants named in an ancillary complaint.

---

[3] *See S.E.C. v. Elliot*, 953 F.2d 1560, 1571-72 (11th Cir. 1992) (holding that it was error for the district court to require that claims contained in the receiver's ancillary complaint and counterclaims instead be litigated as part of an objection to the receiver's proposed plan of distribution of assets).  *See also In re U.S. Oil and Gas Litigation*, 1998 WL 28544 (S.D.Fla. 1998); *In re Greenman Securities Litigation*, 94 F.R.D. 273, 281 (S.D.Fla., 1982).

[4] *See Taylor v. Producers Pipe & Supply Co.*, 114 F.2d 785 (10th Cir. 1940).

[5] For an example of a recent ancillary complaint by a receiver in a district in which electronic filing has been adopted, see *Quilling v. Trade Partners, Inc.*, 2006 WL 897093, *1 (W.D. Mich. 2006) (referring to "ancillary complaint" as docket item 921 in receivership action, and adopting the magistrate judge's recommendation to dismiss in part and deny dismissal in part).

In that regard, the United States does not believe that every cause of action by a receiver appointed by a federal court accords the receiver nationwide service of process or the court nationwide *in personam* jurisdiction over all potential defendants. Whether a receivership court may gain jurisdiction adequate to bind defendants not generally subject to process in the district depends on the nature of the action involved, including whether it involves property of the receivership estate or the receiver's attempts to recover, with appropriate tracing, property that was property of the receivership estate and was distributed from the estate unlawfully or pursuant to a since-modified court order. In this connection, for example, the United States believes that there should be no question but that the Receiver here should not be required file lawsuits in other states in order to enforce this Court's restitution order. Yet, since claimants are not named in the caption of this cause, a claimant's failure to comply with this Court's restitution order would appear to be present a basis upon which to file an ancillary complaint against the particular claimant, seeking an enforceable judgment that could then be filed in other jurisdictions, for example, so as to effect a judgment lien on real property belonging to the claimant.[6]

The reach of the receivership court's jurisdiction may also depend on traditional jurisdictional norms, including substitution of parties under Rule 15. For example, Credit Managers Association of California (CMA) is the successor in interest to the Indian entities, a fact that at least arguably subjects it to *in personam* jurisdiction in this Court for any cause of action for which the Receiver might have obtained jurisdiction over the Indian entities in this Court, via ancillary

---

[6] Arguably, a simple motion for a judgment might suffice, but that procedure is likely to cause unnecessary disputes and potential confusion due to the absence of the name of the claimant in the caption under which any judgment might then be entered.

- 4 -

complaint or other procedure.**7**  If jurisdiction over an ancillary complaint would indeed exist, then the Receiver should not be required to commence an action in a court in California.  Similarly, if the Receiver's allegations regarding Pahl & Gosselin are correct, it seems that this Court would likely have jurisdiction over the firm if named in an ancillary complaint.  The Receiver alleges that Pahl & Gosselin agreed to act as escrow agent for deposits by claimants who, pursuant to the contract between the Receiver and the Indian entities for the purchase of the trademark rights, wanted their claim distributions applied as deposits on new motorcycles to be manufactured by the new Indian company.  The Receiver alleges that Pahl & Gosselin improperly disbursed some of the escrowed deposits.  A firm that knowingly agrees to act as an escrow agent in connection with a contract with a court-appointed receiver that is approved by the receivership court should arguably be deemed to have waived objections to the jurisdiction of the receivership court to enforce the escrow agreement.

The United States makes the following suggestion for solving any impediment caused by the ECF system:  this Court may direct its Clerk to accept for filing (manual filing if necessary)

---

 **7** *See Burka v. Aetna Life Ins. Co.*, 87 F.3d 478 (D.C. Cir. 1996), which stands for the proposition that Rule 25(c) applies to transfers of interests that occur even during an appeal from a final judgment, providing jurisdiction over the transferee in the event of a remand.  The same rule should more readily apply to transfers after an interlocutory order.  *See also* 7C Wright & Miller, *Federal Practice and Procedure*, § 1959 at p.553.  While *Burka* involved an issue regarding subject matter jurisdiction, if substitution rules suffice to retain subject matter jurisdiction that would otherwise be lost, substitution rules should surely suffice to prevent the loss of *in personam* jurisdiction caused so easily as by the transfer of property interests during a civil action.  In *Minnesota Mining & Mfg. Co. v. Eco Chem, Inc.*, 757 F.2d 1256, 1262-63 (8th Cir. 1985), the Eighth Circuit observed that, where no cited cases had considered the "exact point" as to whether in personam jurisdiction could be lost by post-complaint substitution under Rule 25(c), it was appropriate to look to the rule that diversity jurisdiction could not be eliminated under that rule.  *Id*. at 1262.  The *3M* court also relied on Rule 25(a), noting that "courts that have considered this problem have uniformly held 'that if *in personam* jurisdiction has been previously acquired of the original party, then the *in personam* jurisdiction continues over the substituted party.'"  *Id*. at 1262-63 (citations omitted).  The United States expresses no opinion on whether these rules apply to the Receiver's new pleading.

any "ancillary complaint" by the Receiver and to assign all such ancillary complaints to the judge presiding over the receivership action, using separate cause numbers, and directing that all such ancillary complaints (and all further documents filed in relation thereto) contain a notation, underneath the cause number, that "Pursuant to the Order entered on [date] in No. 95-cv-777, this action is ancillary to that receivership action."  In addition, such an order could provide that "This order and the procedure effected hereby does not eliminate any defenses, based on jurisdiction or otherwise, that would be available to any defendant in the case of an ancillary complaint filed by a receiver at equity."

Dated this 14th day of August, 2006.

        Respectfully submitted,

        WILLIAM J. LEONE
        Acting United States Attorney
        District of Colorado


        */s/ Noreene C. Stehlik*
        NOREENE C. STEHLIK
        Attorney, Tax Division
        U.S. Department of Justice
        P.O. Box 683
        Washington, D.C.  20044
        Telephone: (202) 514-6489
        Facsimile: (202) 307-0054
        Email: noreene.c.stehlik@usdoj.gov

**CERTIFICATE OF SERVICE**

       IT IS HEREBY CERTIFIED that on this  14th  day of August, 2006, I caused the foregoing **United States' Position on Receiver's Response (DI# 2328) to Order to Show Cause (DI# 2312)** to be filed electronically using the CM/ECF system, which will serve all counsel registered for service by that means, which service is deemed adequate in this case under a prior order issued by this Court.

        /s/ Noreene C. Stehlik 
       NOREENE C. STEHLIK
       Attorney, Tax Division
       U.S. Department of Justice
       P.O. Box 683
       Washington, D.C.  20044