UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 95-cv-00777-REB-CBS

In re:  Indian Motorcycle Manufacturing, Inc., a New Mexico Corporation

**MOTION TO REQUIRE ACCOUNTING FROM CMA**

Sterling Consulting Corporation, as receiver, by and through its attorneys, Fairfield and Woods, P.C., hereby moves this Court to order CMA to provide an accounting to the receiver, and as grounds therefor states as follows:

1. <u>Certification Pursuant to Local Rule 7.1</u>:  Undersigned counsel certifies he has made reasonable attempts to confer with counsel for CMA prior to the filing of this motion.  Counsel for CMA refused to certify that CMA had complied with Magistrate Judge Schlatter's Order of December 14, 2005 and refused to provide an accounting for expenditures since that date.

2. On December 14, 2005, Magistrate Judge Schlatter entered an Order which provided in part,

> "6. On this issue, the Court Orders as follows:
>
> a. First, CMA is cautioned not to release any money from the Assignment for Benefit of Creditors until this matter is resolved."

3. Despite this language, CMA has, from time to time, indicated it is spending money.  Initially, CMA indicated informally that it was not a party to the Receivership Action, and therefore not bound by Magistrate Judge Schlatter's Order.  With its requests for affirmative relief from this Court in this Action, however, that

argument is certainly not valid now (although the receiver does not believe it ever was).

4. Because of the repeated insinuations that it is spending money despite Magistrate Judge Schlatter's Order, on August 29, 2006, the receiver sent a letter to CMA asking for confirmation that it was not, in fact, paying out any monies out of the accounts of the Assignment Estates and for an accounting for monies spent after Magistrate Judge Schlatter's Order.

5. In response to the August 29, 2006 letter, CMA sent a carefully-worded letter full of obfuscation, leaving one with the clear impression that it was violating the Order. CMA stated, "the Assignee has abided, and will abide, by all applicable laws, duties, and obligations under California's Assignment for Benefit of Creditor's Statute."[1] This response does not satisfy the receiver, nor should it satisfy the Court.

6. First, CMA's carefully-worded evasion completely ignores the issue of whether it is abided by Magistrate Judge Schlatter's Order not to pay any money. Magistrate Judge Schlatter's Order was not conditioned upon a pre-existing obligation under California law, it was unconditional and made for good reason. Had CMA adhered to the Order, this case would be completely different, considerably less expensive for the receiver, and consumptive of far fewer resources of this Court.

7. Second, the receiver is unaware of any California "Assignment for the Benefit of Creditor's Statute." California Civil Code §§ 3450 through 3473 were such

---

[1] CMA's letter also accused the receiver of disregarding this Court's Order on discovery. This is not correct for several reasons, not the least of which is those subpoenas sought large volumes of documents (indeed, that was one of the objections filed by CMA). This motion simply seeks an accounting from the date of Magistrate Judge Schlatter's Order forward to ensure CMA is complying with that Order. Also, that discovery was subpoenas to a non-party; since then, CMA has come into the receivership case seeking affirmative relief, thus making it susceptible to simple motions, such as this one.

California statutes, but they were repealed in 1980.

8. The only statutes relating to assignments for the benefit of creditors that the receiver could identify in California are: (a) Cal Code Civ. Proc. §§ 493.010 *et seq.*, and (b) Cal Code Civ. Proc. §§ 1800 *et seq.* Section 493.010 concerns only a limited aspect of assignments for the benefit of creditors under Chapter 13 (Effect of Bankruptcy Proceedings and General Assignments for the Benefit of Creditors) under Title 6.5 (Attachment) of the California Civil Code. As there is no attachment in this matter, section 493.010 could not possibly apply, and it is not an enabling statute in any event. It certainly does not govern what a Trustee can pay out, which is the point of Magistrate Judge Schlatter's Order.

9. Section 1800 was declared unconstitutional by the Ninth Circuit Court of Appeals in *Sherwood Partners, Inc. v. Lycos, Inc.*, 394 F.3d 1198 (9th Cir. 2005) *cert den.* 126 S.Ct. 397, 74 USLW 3174 (2005). The California Court of Appeals has attempted to modify *Sherwood* in *Haberbush v. Charles & Dorothy Cummins Family Limited Partnership*, 139 Cal. App. 4th 1630, 43 Cal. Rptr. 3d 814, (Cal. App. 2d Dist. 2006). Even in the unlikely event a California state court can rehabilitate a statute declared unconstitutional by the Ninth Circuit Court of Appeals, Sections 1800 and 1801 are concerned only with the right of an assignee of general assignment for benefit of creditors to recover preferential transfers of property. They could not reasonably be said to be a "California Assignment for the Benefit of Creditors statute" governing payments by the Trustee, which is the point of Magistrate Judge Schlatter's Order.

10. Thus it appears to the receiver that CMA's statement that "the Assignee has abided, and will abide, by all applicable laws, duties, and obligations under

3

California's Assignment for Benefit of Creditor's Statute" means exactly nothing because there are no such statutes.

11.   Rather than following a course of action that is standard operating procedure everywhere in the United States and providing a transparent estate, CMA has elected to conceal the operations of the trust of an assignment estate.

12.   Given Magistrate Judge Schlatter's Order, the obfuscation offered by CMA when asked simply to confirm it was following the Order, and the apparent violation of that Order, an accounting to assure that CMA is in compliance with Magistrate Judge Schlatter's Order is appropriate.

13.   For all the foregoing reasons, the receiver asks that this Court enter an Order that CMA provide an accounting regarding monies it has spent since December 14, 2005. [2] The receiver will reserve a request for other remedies—such as Contempt—until after it receives the accounting.

WHEREFORE, Sterling Consulting Corporation, as receiver, prays that this Court enter an order that CMA provide an accounting for money spent since December

---

[2] Dating this request from December 14 forward should not be read as acquiescence by the receiver in CMA's decision to make the operations of the assignment estates opaque. To the contrary, "It is the duty of an assignee, as it is of other trustees, to account to the proper court or persons, showing what assets were received and how they were disposed of. The court may order an accounting, and the creditors may demand the filing of an account; in some jurisdictions there is a statute to this effect." 6 Am Jur. 2d Assignments for Benefit of Creditors § 127. Colorado has just such a statute in C.R.S. § 6-10-110 ("[The assignee] shall also file a statement of all his proceedings with reference to the trust, showing what money has come into his hands and all the disbursements thereof.") It is only the repeal of the California statutes regulating assignments for the benefit of creditors in 1980 that enabled CMA to conceal the accountings for the assignment estates. Compelling an overall accounting by CMA remains an objective of the receiver, but is not the subject of this Motion.

14, 2005, and grant the receiver such other and further relief as the Court deems just and proper.

Respectfully submitted this 6th day of September, 2006.

                                                By: *s/ John M. Tanner*
                                                Fairfield and Woods, P.C.
                                                1700 Lincoln Street, Suite 2400
                                                Denver, CO  80203-4524
                                                Phone:  (303) 830-2400
                                                Fax:  (303) 830-1033
                                                Email:  jtanner@fwlaw.com

                                                Attorney for Plaintiff Sterling
                                                Consulting Corporation, as receiver

## CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses or as indicated below or by United States Mail, postage prepaid:

**VIA CM/ECF TO:**

Alan Lemont Hale Esq.
Hale Friesen, LLP
1430 Wynkoop St., Ste. 300
Denver, CO 80202
**Attorney for Richard Basciani, N. Rooke Everill, Pres./Everill Bros., Inc., John H. Nicholson or Virginia A. Nicholson**
ahale@haldfriesen.com

Edward T. Ramey, Esq.
Stuart H. Pack, Esq.
Isaacson Rosenbaum
  Woods and Levy
633 17th St., Ste. 2200
Denver, CO 80202
**Attorneys for William R. Childs, Scott McCormick, Jr., Douglas Walliser, Ronald Schiff, Edward Pacelli, Morty Lempel, A.B. Goldberg, First Entertainment, Harvey Rosenberg**
eramey@ir-law.com
spack@ir-law.com

James R. Cage, Esq.
Cage Williams Abelman
  & Layden, P.C.
St. Elmo Bldg.
1433 17th St.
Denver, CO 80202-1273
**Attorney for Carl D. Lucci/Albert R. Lucci**
jcage@cagewilliams.com

J. Eric Ellliff, Esq.
Kristen Taylor-Randall, Esq.
Morrison & Foerster, LLP
370 17th St., Ste. 3550
Denver, CO 80203
**Attorney for IMCOA**
jelliff@mofo.com

Adam F. Hulbig
Trial Attorney, Tax Division
US Dept. of Justice
PO Box 683
Ben Franklin Station
Washington, DC 20044
**Attorney for United States of America**
adam.f.hulbig@usdoj.gov

Gary C. Moschetti, Esq.
Hatch & Moschetti, LLP
1800 Glenarm Pl., 9th Floor
Denver, CO 80202
**Attorney for Edward Leal**
gmoschetti@hatchlawyers.com

Cassandra Sasso, Esq.
Baker & Hostetler
303 E. 17th Ave., Ste. 1100
Denver, CO 80203-1264
**Attorney for Michelle Lean**
csasso@bakerlaw.com

Michael J. Pankow
Daniel J. Garfield
Brownstein Hyatt & Farber PC
410 17th Street, Suite 2200
Denver, CO 80202
**Attorneys for Michael Payne**
mpankow@bhf-law.com
dgarfield@bhf-law.com

**VIA UNITED STATES MAIL:**
James Duberg, Esq.
727 Third Ave.
Chula Vista, CA 91910-5803

Mark S. Schmidt, Esq.
Miller Simon & Maier, S.C.
788 North Jefferson Street
Milwaukee, WI 53202
**Attorney for Miller Simon & Maier**

Peter C. Freeman, Esq.
Law Offices of Peter C. Freeman
16485 Laguna Canyon Rd., Ste. 230
Irvine, CA 92618-3846
**Attorney for Scott Kajiya**

Mr. Albert Lucci
1930 Wyoming Ave.
Fort Pierce, FL 34982

Peter Sklarew, Esq.
Assistant Chief
Civil Trial Section, Northern Region
United States Dept. of Justice
Tax Division
PO Box 55
Washington, D.C. 20044
**Attorney for IRS**

Robert J. Danie, Eq.
9 Wagon Wheel Drive
Feeding Hills, MA 01030

Noreene C. Stehlik, Esq.
U.S. Dept. of Justice
PO Box 683
Ben Franklin Station
Washington, D.C. 20044
**Attorney for IRS**

Robert L. Morrow, Jr., MD
401 N. College Rd., #5
Lafayette, LA 70506

Nicholas A. Russo, Sr.
310 Extonville Road
Allentown, NJ 08501

Richard J. Cortesi
5316 Camino Montano, N.E.
Albuquerque, NM 87111

Albert R. Gazza
589 Manchester
E. Glastonbury, CT 06025-0085

Ronald Fulfer
15315 S. Francis Dr.
Plainfield, IL 60544

Richard Dale Wood
13997 80th Ave. North
Maple Grove, MN 55311

Steve Halprin
1316 Penningtow Place
Concord, N.C. 28207

Alf Iseback
Gamla Tuvevagen 4
41705 Goteborg
**SWEDEN**

Kathryn L. Troccoli
1911 Champlain St.
Ottawa, IL 61350

Ed Pink
Ed Pink Racing Engines, Inc.
14612 Raymer Street
Van Nuys, CA 91405

Montgomery & Andrews, P.A.
325 Paseo De Peralta
Santa Fe, NM 87501

John Petitto
Town & Country Sports Center, Inc.
U.S. 12 & U.S. 127
Cement City, MI  49233

Marcia Taylor
Bennett Motor Group Express
1001 Industrial Parkway
McDonough, GA  30253

Richard Basciani
Basciani Foods
8876 GapNewport Pike
Avondale, PA  19311

Rooke Everill
Derek John Everill
Ken Everill
1204 Lake Point Circle
McKinne, TX  75070

Michael D. Fowler
Martha Dickson (Deceased)
1680 S.W. St. Lucie West Blvd.
Port St. Lucie, FL  34986

John Inelli
17 Old Farmstead Rd.
Chester, NJ  07930

Eller Industries
c/o Leonard S. ("Lonnie") Labraiola
6035 N. 115th Street
Longmont, CO  80504-8434

**Registered Agent:**
Randal L. Hittle
1630 Main Street, Suite 202
Longmont, CO  80501

John Nicholson
22 Thoreau Ct.
Beverly, MA  01915

**VIA E-MAIL:**
Richard A. Block
President
Sterling Consulting Corporation
4101 E. Louisiana Ave., Ste. 300
Denver, CO  80246
**Receiver**
rblock@xpn.com

**Courtesy Copies to:**
Julie Trent
jt@bsblawyers.com

Eugene Sprague
esprague@bw-legal.com

Michael Chodos
michael@chodos.com

Robert Pitts
rpitts@lawrwp.com


By:   *s/ John M. Tanner*
         Fairfield and Woods, P.C.
         1700 Lincoln St., #2400
         Denver, CO  80203
         Phone:  (303) 830-2400
         Fax:  (303) 830-1033
         Email:  jtanner@fwlaw.com