UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 95-cv-00777-REB-CBS

In re:  Indian Motorcycle Manufacturing, Inc., a New Mexico Corporation

---

**RECEIVER'S RESPONSE TO CMA'S MOTION
TO APPEAR AT SETTLEMENT CONFERENCE BY TELEPHONE**

---

Sterling Consulting Corporation, as receiver, by and through its attorneys, Fairfield and Woods, P.C., hereby responds to the Assignee's motion to appear by telephone at settlement conference as follows:

1.      The motion should be denied.  This Court is well aware that the chances of settling go up dramatically when the parties appear in person.

2.      CMA has been very careful to identify CMA only as a "California based non-profit entity" without fully disclosing the true legal meaning of that phrase.  A review of the records of the California Secretary of State discloses only that CMA is a Domestic Nonprofit Corporation.

3.      In considering the *Gantman v. United Pacific Ins. Co.*, 232 Cal. App. 3d 1560, 1567 (1991), speaking of a homeowners association, the California Court of Appeals said:

> Under the Nonprofit Corporation Law ( Corp. Code, § 5000 et seq.) there are three principal types of nonprofit corporations: a public benefit corporation (Corp. Code, §§ 5110- 6910), a mutual benefit corporation (Corp. Code, §§ 7110- 8910), and a religious corporation (Corp. Code, §§ 9110- 9690).  By elimination, homeowners associations fall into the mutual benefit category which encompasses corporations formed "for any lawful purpose . . . ." (Corp. Code, § 7111.)  In addition, homeowners associations, whether incorporated or unincorporated, have independent statutory authority to exercise the powers

granted to nonprofit mutual benefit corporations. (Civ. Code, § 1363.) We, therefore, cite the Nonprofit Mutual Benefit Corporation Law where applicable.

A nonprofit corporation, like a business corporation, has all the powers of a natural person in carrying out its activities. (Corp. Code, § 7140.) These powers specifically include the power to enter into contracts. (Corp. Code, § 7140, subd. (i).) A contract in the corporate name "binds the corporation, and the corporation acquires rights thereunder whether the contract is executed or wholly or in part executory." (Corp. Code, § 7141, subd. (b).)

4.     As in *Gantman*, by elimination, it is possible to determine that CMA is a Nonprofit Mutual Benefit Corporation. It cannot be a Public Mutual Benefit Corporation ("§ 5111. Subject to any other provisions of law of this state applying to the particular class of corporation or line of activity, a corporation may be formed under this part for any public or charitable purposes."), and it cannot be a Nonprofit Religious Corporation ("§ 9111. Subject to any other provision of law of this state applying to the particular class of corporation or line of activity, a corporation may be formed under this part primarily or exclusively for any religious purposes.")

5.     According to its web site www.creditservices.org, "CMA Business Credit Services (CMA), founded in 1883, is a California nonprofit corporation with approximately 2100 member companies that represent more than 250 different categories of business operations. CMA is the largest affiliate of the National Association of Credit Management (NACM). CMA serves members through offices in Burbank and San Leandro, California, and in Las Vegas, Nevada."

6.     The foregoing clearly demonstrates that what CMA would like the Court to believe is simply not true. What CMA is not is charitable, weak, poor, or not "profitable." To the contrary, CMA, like all nonprofit companies of its type, simply distributes all of its "profits" to its members. Footnote 5 in *Gantman* states "A nonprofit mutual benefit corporation admits persons to membership rather than as

stockholders. (Corp. Code, § 7310.)"

7.      CMA generates millions of dollars in payments to its members every year (as contrasted with millions of dollars in dividends to its shareholders every year). CMA can well afford the relative pittance needed to send Mr. Joncich to do his job in Colorado.

8.      CMA has asked this Court for affirmative relief on numerous occasions and should be held to the same standard as any other person or company in this position.

9.      CMA has spent extraordinary amounts of money litigating in this case. The receiver estimates CMA has spent at least $50,000 on what CMA contends is a $25,000 issue.  CMA has sent two lawyers to every hearing, no matter how ministerial, including flying one in from out of state for every hearing, no matter how ministerial. Not once has CMA asked that its California lawyer be allowed to attend by telephone. Given that history, the argument that it cannot afford to send out a representative to try to settle the case is not only misleading, it is offensive.

10.      A quick check on the Internet discloses that had CMA simply purchased a plane ticket and one night in a Denver hotel (if that is even needed), Mr. Joncich could attend in person for about $500 total.  It is likely that this amount is less than the aggregate cost CMA will incur in the legal fees of two lawyers preparing the Motion To Appear by Telephone and the inevitable Reply.

11.      Moreover, Mr. Joncich is a full-time employee of CMA, and should have been performing the work for CMA on a business level that has been performed by two ill-suited, high-priced lawyers.

12.     The receiver notes that while this Court has set the matter for Settlement Conference in this case at 10:30 on October 10, 2006 it has not set a simultaneous Settlement Conference in the related 05-cv-01573 action.  The Court has set the 05-cv-01573 matter for hearing at 10:30 on October 10, 2006, but not issued an Order for hearing in the main receivership case at that same time.  The receiver understood from the prior hearing (which was set in the receivership only) that the Court wanted to have a single hearing in both cases so it only had to hear the issue once and could decide both cases.  Indeed, that was why the prior hearing in this action was continued.

13.     The receiver suggests that the Court might consider issuing an order formally setting a simultaneous hearing in this matter so as to avoid any claim later by CMA that whatever Order is entered is not binding on it because it did not have notice of the hearing in this receivership.  Also, the receiver suggests sending out an Order for a simultaneous Settlement Conference in 05-cv-01573, so it will be clear all issues will be on the table for settlement.  This is just suggestion, however, and is not a motion or request for relief.

14.     Although due to the denial of the consolidation motion Sterling is not a party to this case, undersigned counsel has discussed the substance of this Response with Sterling's counsel because of its overlap with 05-cv-01573 issues, and he concurs in its substance.

WHEREFORE, Sterling Consulting Corporation, as receiver, prays that this Court deny the motion to allow CMA representatives to appear telephonically, and grant it such other and further relief as this Court deems just and proper.

4

Respectfully submitted this 28th day of September, 2006.

By:  *s/ John M. Tanner*
Fairfield and Woods, P.C.
1700 Lincoln Street, Suite 2400
Denver, CO  80203-4524
Phone:  (303) 830-2400
Fax:  (303) 830-1033
Email:  jtanner@fwlaw.com

Attorney for Plaintiff Sterling
Consulting Corporation, as receiver

## CERTIFICATE OF SERVICE

I hereby certify that on September 28, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses or as indicated below or by United States Mail, postage prepaid:

**VIA CM/ECF TO:**

Alan Lemont Hale Esq.
Hale Friesen, LLP
1430 Wynkoop St., Ste. 300
Denver, CO 80202
**Attorney for Richard Basciani, N.**
**Rooke Everill, Pres./Everill Bros.,**
**Inc., John H. Nicholson or Virginia A.**
**Nicholson**
ahale@haldfriesen.com

Edward T. Ramey, Esq.
Stuart H. Pack, Esq.
Isaacson Rosenbaum
  Woods and Levy
633 17th St., Ste. 2200
Denver, CO 80202
**Attorneys for William R. Childs, Scott**
**McCormick, Jr., Douglas Walliser,**
**Ronald Schiff, Edward Pacelli, Morty**
**Lempel, A.B. Goldberg, First**
**Entertainment, Harvey Rosenberg**
eramey@ir-law.com
spack@ir-law.com

James R. Cage, Esq.
Cage Williams Abelman
  & Layden, P.C.
St. Elmo Bldg.
1433 17th St.
Denver, CO 80202-1273
**Attorney for Carl D. Lucci/Albert R.**
**Lucci**
jcage@cagewilliams.com

J. Eric Ellliff, Esq.
Kristen Taylor-Randall, Esq.
Morrison & Foerster, LLP
370 17th St., Ste. 3550
Denver, CO 80203
**Attorney for IMCOA**
jelliff@mofo.com

Adam F. Hulbig
Trial Attorney, Tax Division
US Dept. of Justice
PO Box 683
Ben Franklin Station
Washington, DC 20044
**Attorney for United States of America**
adam.f.hulbig@usdoj.gov

Gary C. Moschetti, Esq.
Hatch & Moschetti, LLP
1800 Glenarm Pl., 9th Floor
Denver, CO 80202
**Attorney for Edward Leal**
gmoschetti@hatchlawyers.com

Cassandra Sasso, Esq.
Baker & Hostetler
303 E. 17th Ave., Ste. 1100
Denver, CO 80203-1264
**Attorney for Michelle Lean**
csasso@bakerlaw.com

Michael J. Pankow
Daniel J. Garfield
Brownstein Hyatt & Farber PC
410 17th Street, Suite 2200
Denver, CO 80202
**Attorneys for Michael Payne**
mpankow@bhf-law.com
dgarfield@bhf-law.com

**VIA UNITED STATES MAIL:**
James Duberg, Esq.
727 Third Ave.
Chula Vista, CA  91910-5803

Mark S. Schmidt, Esq.
Miller Simon & Maier, S.C.
788 North Jefferson Street
Milwaukee, WI 53202
**Attorney for Miller Simon & Maier**

Peter C. Freeman, Esq.
Law Offices of Peter C. Freeman
16485 Laguna Canyon Rd., Ste. 230
Irvine, CA  92618-3846
**Attorney for Scott Kajiya**

Mr. Albert Lucci
1930 Wyoming Ave.
Fort Pierce, FL  34982

Peter Sklarew, Esq.
Assistant Chief
Civil Trial Section, Northern Region
United States Dept. of Justice
Tax Division
PO Box 55
Washington, D.C.  20044
**Attorney for IRS**

Robert J. Danie, Eq.
9 Wagon Wheel Drive
Feeding Hills, MA  01030

Noreene C. Stehlik, Esq.
U.S. Dept. of Justice
PO Box 683
Ben Franklin Station
Washington, D.C.  20044
**Attorney for IRS**

Robert L. Morrow, Jr., MD
401 N. College Rd., #5
Lafayette, LA  70506

Nicholas A. Russo, Sr.
310 Extonville Road
Allentown, NJ  08501

Richard J. Cortesi
5316 Camino Montano, N.E.
Albuquerque, NM  87111

Albert R. Gazza
589 Manchester
E. Glastonbury, CT  06025-0085

Ronald Fulfer
15315 S. Francis Dr.
Plainfield, IL  60544

Richard Dale Wood
13997 80th Ave. North
Maple Grove, MN  55311

Steve Halprin
1316 Penningtow Place
Concord, N.C.  28207

Alf Iseback
Gamla Tuvevagen 4
41705 Goteborg
**SWEDEN**

Kathryn L. Troccoli
1911 Champlain St.
Ottawa,IL  61350

Ed Pink
Ed Pink Racing Engines, Inc.
14612 Raymer Street
Van Nuys, CA  91405

Montgomery & Andrews, P.A.
325 Paseo De Peralta
Santa Fe, NM  87501

John Petitto
Town & Country Sports Center, Inc.
U.S. 12 & U.S. 127
Cement City, MI  49233

Marcia Taylor
Bennett Motor Group Express
1001 Industrial Parkway
McDonough, GA  30253

Richard Basciani
Basciani Foods
8876 GapNewport Pike
Avondale, PA  19311

Rooke Everill
Derek John Everill
Ken Everill
1204 Lake Point Circle
McKinne, TX  75070

Michael D. Fowler
Martha Dickson (Deceased)
1680 S.W. St. Lucie West Blvd.
Port St. Lucie, FL  34986

John Inelli
17 Old Farmstead Rd.
Chester, NJ  07930

Eller Industries
c/o Leonard S. ("Lonnie") Labraiola
6035 N. 115th Street
Longmont, CO  80504-8434

**Registered Agent:**
Randal L. Hittle
1630 Main Street, Suite 202
Longmont, CO  80501

John Nicholson
22 Thoreau Ct.
Beverly, MA  01915

**VIA E-MAIL:**
Richard A. Block
President
Sterling Consulting Corporation
4101 E. Louisiana Ave., Ste. 300
Denver, CO  80246
**Receiver**
rblock@xpn.com

**Courtesy Copies to:**
Julie Trent
jt@bsblawyers.com

Eugene Sprague
esprague@bw-legal.com

Michael Chodos
michael@chodos.com

Robert Pitts
rpitts@lawrwp.com

By:    *s/ John M. Tanner*_____
        Fairfield and Woods, P.C.
        1700 Lincoln St., #2400
        Denver, CO  80203
        Phone:  (303) 830-2400
        Fax:  (303) 830-1033
        Email:  jtanner@fwlaw.com