IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Judge Robert E. Blackburn

Civil Case No.:  95-CV-00777-REB-CBS

In re:  Receivership Estate of )
Indian Motorcycle Manufacturing, Inc., a )
New Mexico Corporation. )
)
)

## MOTION TO RECONSIDER ORDER OF RESTITUTION

The undersigned moves before this Court for reconsideration of the Amended Order Approving and Adopting Magistrate Judge's Recommendation entered on July 28, 2006 by the Honorable Robert E. Blackburn, United States District Judge (the "Amended Order").

Under the Amended Order, all general unsecured claimants have been ordered to return 24.35% of the amounts paid to them.

The undersigned, as counsel for Anthony V. Pugliese, III, in support of his Motion, states:

1. Mr. Pugliese was never placed on notice nor given an opportunity to appear in the proceedings leading to the entry of the Amended Order and was thereby denied the due process of law.

2. The first time that Mr. Pugliese learned of this matter was as a result of the Notice of Order of Restitution which was mailed out by Richard A. Block, President, Sterling Consulting Corporation as Receiver for Indian Motorcycle and originally dated August 7, 2006.

3. Mr. Pugliese has never received any money whatsoever from the Debtor or the Receiver on account of his previous investments in Indian Motorcycle Manufacturing, Inc.

4. The Receiver has asserted, according to their books, that Mr. Pugliese was paid back a portion of his original investment.  This fact is denied.

5. According to the alleged records of the Receiver, Mr. Pugliese was presented a written waiver in which he elected to receive stock of the Debtor rather than a cash settlement sum for his investment.  Demand has been made of the Receiver to produce such a written document where such alleged waiver was to have occurred, and notwithstanding repeated demands, no such written waiver has been produced or has been forthcoming.  Mr. Pugliese has never received any cash or other consideration from the Receiver.

6. Mr. Pugliese should not be required to pay back what he never received in the first instance.

7. Any alleged document which Mr. Pugliese allegedly may have signed, was signed as a result of business compulsion accompanied by material misrepresentations and omissions by the Receiver.

8. Mr. Pugliese was never offered the alternative of a cash payment and refund.  The only thing he was ever offered was an Indian Motorcycle dealership as part of his original investment.

9. For all the foregoing reasons, the undersigned, as counsel for Anthony V. Pugliese, III, respectfully moves for reconsideration of the Order as affecting Mr. Pugliese and releasing Mr. Pugliese from any obligations for the payment of any cash back to the Receiver.

3

          HENRY N. PORTNER, ESQUIRE
          Pineapple Grove Corporate Center
          101 Pineapple Grove Way
          Delray Beach, Florida 33444-3703
          Phone: (561) 330-7000
          Fax:    (561) 330-7001


          By: s/Henry N. Portner, Esquire
          Henry N. Portner, Esquire
          Colorado Bar No.: 27920
          Attorney for Plaintiff.