UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 95-cv-00777-REB-CBS

In re: The Receivership Estate of Indian Motorcycle Manufacturing, Inc., a
New Mexico Corporation

---

RECEIVER'S 38th REPORT AND
SPECIAL REPORT ON RESTITUTION

---

Sterling Consulting Corporation, the duly appointed and acting receiver over in the above-captioned receivership action (the "Receivership Action"), respectfully makes this Receiver's 38th Report and Special Report on Restitution (the "Report") to the Court.

TABLE OF CONTENTS

SECTION 1. THE RECEIVERSHIP --------------------------------------------------------------1

SECTION 2. THE FINANCIAL REPORT ----------------------------------------------------3

SECTION 3. RESTITUTION --------------------------------------------------------------------3

Section 1.  THE RECEIVERSHIP

1.      A Verified Complaint and Motion for Appointment of Temporary Receiver was filed in this Court (the "District Court") April 7, 1995.

2.      An Order Appointing Temporary Receiver (the "Temporary Order") was entered by the Honorable Zita L. Weinshienk, District Judge on April 7, 1995.

3.      The receiver, in accordance with Provision 6 of the Temporary Order, filed an Oath of Receiver with the District Court on April 7, 1995.

4.      The receiver, in accordance with Provision 6 of the Temporary Order, filed a Bond of Receiver with the District Court on April 10, 1995, and thereupon entered its duties as receiver.

Thirty Eighth Receiver's Report
October 16, 2006
Page 2.

5.      The Order Appointing Receiver was made permanent (the "Permanent Order") on April 19, 1995.  The receiver, in accordance with Provision 17 of the Permanent Order, presents this Report.

6.      On July 16, 2002, the IRS filed its Proof of Claim in the Receivership Action.

7.      The Colorado District Court transferred the Receivership Action to the United States District Court for the District of Massachusetts under 28 U.S.C. § 1404(a) by Order entered July 19, 2002.

8.      The Massachusetts District Court entered, among others, the following Orders:

a.      Practice and Procedure Order 5 - June 6, 2003 (PPO 5 covered the tax determinations and the settlement between the United States and the Trustee);

b.      Practice and Procedure Order 6 - August 7, 2003 (PPO 6 dismissed the Receiver's motion seeking to partially rescind or reform its contract with Michael Mandelman and also denied reconsideration of the tax determinations in PPO 5); and

c.      Practice and Procedure Order 10 - January 30, 2004 (PPO 10 granted Mr. Mandelman's motion for an administrative claim for attorney's fees as a junior claim and also supplemented the tax determinations in PPO 5).

9.      On May 17, 2005, the United States and the receiver entered into a settlement agreement (the "Settlement Agreement") pursuant to which the receiver and the United States settled federal taxes of the Receivership Estate.

10.     On September 7, 2005, the Massachusetts District Court held a hearing on the Settlement Agreement.

Thirty Eighth Receiver's Report
October 16, 2006
Page 3.


11.     On September 7, 2005, the Massachusetts District Court entered an Order approving the Settlement Agreement and transferred the Receivership Action to the Colorado District Court.

12.     On December 14, 2005, Magistrate Judge Schlatter entered his Recommendation that Receiver's Motion for Reconsideration be Granted restitution.

13.     On July 28, 2006, the Colorado District Court entered its Amended Order Approving and Adopting Magistrate Judge's Recommendation.

14.     Since December 14, 2005, the receiver has been pursuing restitution from the general unsecured claimants in the Receivership Action.

## Section 2.  THE FINANCIAL REPORT

15.     <u>Financial Condition of the Receivership Estate</u>.  Except the $346.44 the receiver has had in its checking account for the past three years, the Receivership Estate has no assets that are not regulated by the Settlement Agreement, and technically the property of the United States.  As a result, the financial condition of the Receivership Estate does not merit the costs associated with the preparation of financial statements.  If any Claimant or party to the Receivership Action would like interim financial statements prior to the end of the receivership, they should be required to pay the costs associated with the preparation of those statements.  The receiver will prepare a detailed and complete final set of financial statements and submit them to the Court with the receiver's Motion to Terminate the Receivership Action.

## Section 3.  RESTITUTION

16.     <u>Categories</u>.  The receiver has divided the Claimants into four categories:

a.     *Exhibit 1* – This is a report of all Claimants that have paid prior to the date of this Report.  It should be noted that there are a handful of Claimants who have indicated they intend to pay, but for various

Thirty Eighth Receiver's Report
October 16, 2006
Page 4.

reasons, have not done so.  If any of these few Claimants pays before the receiver takes action against them, their payments will be accepted;

b.      *Exhibit 2* – This is a report of Other Claimants (i.e., those that do not fit in the other categories) that have been contacted by the receiver but have not paid for a variety of reasons.  The receiver expects payment from some, intends to seek Judgments against others, and must analyze the remainder.  The following subcategories describe

   i.      *Payment Plan* – Some of the Claimants that have been contacted by the receiver have stated that they are unable to pay the restitution in cash, and have asked for payment plans.  The receiver is working out payment plans with each of these Claimants, and will include them on the receiver's future Reports.

   ii.      *Bankruptcies* – Some of the Claimants that have been contacted by the receiver have stated that they have declared some form of bankruptcy and that there is exists no present obligation to make restitution.  The receiver will address these Claimants at some time in the future.

   iii.      *Deaths* – Some of the representatives of Claimants that have been contacted by the receiver have stated that the Claimants have died.  The receiver will address these Claimants, or more correctly their estates, at some time in the future.

   iv.      *Denied Receipt of Payment* – Some of the Claimants that have been contacted by the receiver have stated that they never received the payment in the first place.  This category includes the Depositor Claimants whose money was improperly paid to Indian Motorcycle Company by the attorneys who held the money in trust.  At the hearing before Magistrate Judge Shaffer on October 10, 2006, counsel for CMA (the assignee in the Indian Assignment Estate's assignment for the benefit of creditors) represented to the Court that Pahl & Gosselin had actually used the money to pay themselves, and at the same hearing,

Thirty Eighth Receiver's Report
October 16, 2006
Page 5.

Magistrate Judge Shaffer Instructed the receiver to refrain from collecting from the Depositor Claimants whose money is involved. Because the Court's is unwilling to support the receiver's discovery efforts, it is unlikely the receiver will be able to get Pahl & Gosselin to turn over the money.

v.    *Confused Claimants* – Some Claimants, predominantly comprised of Dealer Claimants that appear confused about the fact that being awarded a dealership was in exchange for the assignment of their paid Claim to Indian Motorcycle Company, insist that the purchase of a dealership with their Claim exempts them from restitution. Of course, each Dealer Claimant that purchased an Indian dealership lost its dealership in the failure of Indian Motorcycle Company. These Claimants will be subject to the Motion for Judgment as the receiver is able to clear the confusion.

vi.    *Others* – This category includes Mr. Pugliese, who recently filed a Motion to Reconsider. The outcome of Mr. Pugliese's Motion to Reconsider, and the time it takes to resolve that Motion will have a direct bearing on the receiver's ability to collect from the Claimants in this category. There are other conditions that relegate some Claimants to this category that are too numerous to mention;

c.    *Exhibit 3* – This category includes Claimants that the receiver believes it has contacted either by notice or telephone, but for which the receiver does not have evidence of contact; and

d.    *Exhibit 4* – Claimants that the receiver has been unable to locate.

17.    Motions for Judgments. For those Claimants in subparagraph 16.b above (i.e., Exhibit 2 – Claimants that have been contacted by the receiver but have not paid), the receiver will file independent Motions for Judgment as to each Claimant asking that this Court enter a Judgment against each Claimant that has refused to pay. The receiver will work with the remaining Claimants in this category until the receiver believes the

Thirty Eighth Receiver's Report
October 16, 2006
Page 6.

response is a refusal as a matter of fact.  This Report, which is verified, will
form the factual foundation for the Motions for Judgments.  The Motions for
Judgment as to this category will include a request for receiver's fees,
receiver's attorney's fees, and all costs of collection associated with the
collection effort.  The Motions for Judgment will be filed generally in order of
the size of the Claim, with the largest Claims first.

Wherefore, the receiver hereby requests an Order from this Court
approving this Report.

Dated this 16th day of October, 2006

Respectfully submitted,

Sterling Consulting Corporation,
Receiver, by Richard A. Block, President,
Sterling Consulting Corporation

## VERIFICATION

STATE OF COLORADO    )
                             ) SS.

COUNTY OF DENVER    )

      I, Richard A. Block, being duly sworn upon oath, solemnly affirm as follows:  (a) I am the President of Sterling Consulting Corporation ("Sterling"); (b) Sterling is the Receiver in Civil Action No. 95-cv-00777-REB-CBS in United States District Court, District Of Colorado, the Honorable Robert E. Blackburn, District Judge, and the Honorable Craig B. Shaffer, Magistrate Judge, presiding; (c) I prepared the Receiver's 38th Report and Special Report on Restitution dated the 16th day of October, 2006 on behalf of Sterling; and (d) the information contained therein is true to the best of my knowledge and belief.

_____
Sterling Consulting Corporation,
Receiver
by Richard A. Block, President


STATE OF COLORADO    )
                             ) SS.

COUNTY OF DENVER    )

      Subscribed and sworn to before me by Richard A. Block as the President of Sterling Consulting Corporation, Receiver, on the 16th day of October, 2006.

      Witness my hand and official seal.

(Seal)

My commission expires:

12/9/2008
_____

_____
Notary Public

## CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses or as indicated below or by United States Mail, postage prepaid:

**VIA CM/ECF TO:**

Alan Lemont Hale Esq.
Hale Friesen, LLP
1430 Wynkoop St., Ste. 300
Denver, CO  80202
**Attorney for Richard Basciani, N. Rooke Everill, Pres./Everill Bros., Inc., John H. Nicholson or Virginia A. Nicholson**
ahale@haldfriesen.com

Edward T. Ramey, Esq.
Stuart H. Pack, Esq.
Isaacson Rosenbaum
  Woods and Levy
633 17th St., Ste. 2200
Denver, CO  80202
**Attorneys for William R. Childs, Scott McCormick, Jr., Douglas Walliser, Ronald Schiff, Edward Pacelli, Morty Lempel, A.B. Goldberg, First Entertainment, Harvey Rosenberg**
eramey@ir-law.com
spack@ir-law.com

James R. Cage, Esq.
Cage Williams Abelman
  & Layden, P.C.
St. Elmo Bldg.
1433 17th St.
Denver, CO  80202-1273
**Attorney for Carl D. Lucci/Albert R. Lucci**
jcage@cagewilliams.com

J. Eric Ellliff, Esq.
Kristen Taylor-Randall, Esq.
Morrison & Foerster, LLP
370 17th St., Ste. 3550
Denver, CO  80203
**Attorney for IMCOA**
jelliff@mofo.com

Adam F. Hulbig
Trial Attorney, Tax Division
US Dept. of  Justice
PO Box 683
Ben Franklin Station
Washington, DC  20044
**Attorney for United States of America**
adam.f.hulbig@usdoj.gov

Gary C. Moschetti, Esq.
Hatch & Moschetti, LLP
1800 Glenarm Pl., 9th Floor
Denver, CO  80202
**Attorney for Edward Leal**
gmoschetti@hatchlawyers.com

Cassandra Sasso, Esq.
Baker & Hostetler
303 E. 17th Ave., Ste. 1100
Denver, CO  80203-1264
**Attorney for Michelle Lean**
csasso@bakerlaw.com

Michael J. Pankow
Daniel J. Garfield
Brownstein Hyatt & Farber PC
410 17th Street, Suite 2200
Denver, CO  80202
**Attorneys for Michael Payne**
mpankow@bhf-law.com
dgarfield@bhf-law.com

**VIA UNITED STATES MAIL:**
James Duberg, Esq.
727 Third Ave.
Chula Vista, CA  91910-5803

Mark S. Schmidt, Esq.
Miller Simon & Maier, S.C.
788 North Jefferson Street
Milwaukee, WI 53202
**Attorney for Miller Simon & Maier**

Peter C. Freeman, Esq.
Law Offices of Peter C. Freeman
16485 Laguna Canyon Rd., Ste. 230
Irvine, CA  92618-3846
**Attorney for Scott Kajiya**

Mr. Albert Lucci
1930 Wyoming Ave.
Fort Pierce, FL  34982

Peter Sklarew, Esq.
Assistant Chief
Civil Trial Section, Northern Region
United States Dept. of Justice
Tax Division
PO Box 55
Washington, D.C.  20044
**Attorney for IRS**

Robert J. Danie, Eq.
9 Wagon Wheel Drive
Feeding Hills, MA  01030

Noreene C. Stehlik, Esq.
U.S. Dept. of Justice
PO Box 683
Ben Franklin Station
Washington, D.C.  20044
**Attorney for IRS**

Robert L. Morrow, Jr., MD
401 N. College Rd., #5
Lafayette, LA  70506

Nicholas A. Russo, Sr.
310 Extonville Road
Allentown, NJ  08501

Richard J. Cortesi
5316 Camino Montano, N.E.
Albuquerque, NM  87111

Albert R. Gazza
589 Manchester
E. Glastonbury, CT  06025-0085

Ronald Fulfer
15315 S. Francis Dr.
Plainfield, IL  60544

Richard Dale Wood
13997 80th Ave. North
Maple Grove, MN  55311

Steve Halprin
1316 Penningtow Place
Concord, N.C.  28207

Alf Iseback
Gamla Tuvevagen 4
41705 Goteborg
**SWEDEN**

Kathryn L. Troccoli
1911 Champlain St.
Ottawa,IL  61350

Ed Pink
Ed Pink Racing Engines, Inc.
14612 Raymer Street
Van Nuys, CA  91405

Montgomery & Andrews, P.A.
325 Paseo De Peralta
Santa Fe, NM  87501

John Petitto
Town & Country Sports Center, Inc.
U.S. 12 & U.S. 127
Cement City, MI  49233

Marcia Taylor
Bennett Motor Group Express
1001 Industrial Parkway
McDonough, GA  30253

Richard Basciani
Basciani Foods
8876 GapNewport Pike
Avondale, PA  19311

Rooke Everill
Derek John Everill
Ken Everill
1204 Lake Point Circle
McKinne, TX  75070

Michael D. Fowler
Martha Dickson (Deceased)
1680 S.W. St. Lucie West Blvd.
Port St. Lucie, FL  34986

John Inelli
17 Old Farmstead Rd.
Chester, NJ  07930

Eller Industries
c/o Leonard S. ("Lonnie") Labraiola
6035 N. 115th Street
Longmont, CO  80504-8434

**Registered Agent:**
Randal L. Hittle
1630 Main Street, Suite 202
Longmont, CO  80501

John Nicholson
22 Thoreau Ct.
Beverly, MA  01915

**VIA E-MAIL:**
Richard A. Block
President
Sterling Consulting Corporation
4101 E. Louisiana Ave., Ste. 300
Denver, CO  80246
**Receiver**
rblock@xpn.com

**Courtesy Copies to:**
Julie Trent
jt@bsblawyers.com

Eugene Sprague
esprague@bw-legal.com

Michael Chodos
michael@chodos.com

Robert Pitts
rpitts@lawrwp.com

By:   *s/ John M. Tanner*
        Fairfield and Woods, P.C.
        1700 Lincoln St., #2400
        Denver, CO  80203
        Phone:  (303) 830-2400
        Fax:  (303) 830-1033
        Email:  jtanner@fwlaw.com