UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 95-cv-00777-REB-CBS

In re:  Indian Motorcycle Manufacturing, Inc., a New Mexico Corporation

---

**RECEIVER'S RESPONSE TO THE MOTION TO RECONSIDER ORDER OF RESTITUTION (BY ANTHONY V. PUGLIESE, III)**

---

Sterling Consulting Corporation, as receiver, by and through its attorneys, Fairfield and Woods, hereby responds to the Motion to Reconsider Order of Restitution filed by Anthony V. Pugliese, III (the "Motion"), and as grounds therefore states as follows:[1]

1.      The receiver agrees with the substance of paragraphs 1 and 2 in the Motion.  Mr. Pugliese apparently moved from his address of 2500 Military Trail in Boca Raton, Florida and did not provide the receiver notice of his move.  The receiver was unable to locate Mr. Pugliese until shortly after the Order of Restitution was entered.

---

[1]  Reference is made to the Motion for Judgment (Anthony V. Pugliese, III) filed contemporaneously with this Motion.  In particular, the receiver requests this Court to take notice of the fact that the receiver is requesting receiver's fees, receiver's counsel's fees, and costs in connection with this Motion and the Motion for Judgment (Anthony V. Pugliese, III).  The Court's willingness to assess fees and costs in connection with Claimants that refuse to make restitution, or alternatively expect the receiver and its counsel to work without compensation, will have a bearing on the intensity of the receiver's collection effort.  In making this decision, the Court should also consider the equities in making a decision that may operate to reward Claimants that violate the Order of Restitution while contemplating that those that comply will pay.  This is not a directed comment, but rather an observation.  The government has stated repeatedly that the $350,000 cap on liability of Sterling and Fairfield and Woods, P.C. contemplates their making "good faith" efforts to collect; the receiver believes that such does not require the receiver and its counsel to work without compensation.

2.     As a matter of equity, Mr. Pugliese should have an opportunity to object to the receiver's motions.  Whether waiting two months to file a Motion to Reconsider is within the bounds of equity is a matter for the Court.  The receiver takes no position on this point.[2]

3.     Unlike Mr. Payne, who received every notice sent by the receiver over the past three years (and there were many) and who participated in two Status Conferences, Mr. Pugliese has not had that opportunity.

4.     As to the merits of the Motion, there is no reason for the Court to change the Order of Restitution.  Mr. Pugliese has not raised an issue that was not previously raised by others and by the Court.  The receiver incorporates all of its prior pleadings that led to the Order of Restitution.  Further, the receiver incorporates Magistrate Judge Schlatter's Order dated August 23, 1999, *nunc pro tunc* July 19, 1999 [Docket No. 1181]

5.     As to the amount of restitution that Mr. Pugliese should pay, the Order of Restitution takes adjustments into account and need not be modified for this Court to hear an objection by a Claimant as to how much money should be returned.

6.     The receiver's records are not complete, but are more than adequate to support the $155,000 that Mr. Pugliese received in respect of his two Claims against the Receivership Estate.

---

[2]  As can be seen from the recently-filed Receiver's Thirty-Eighth Report, so far, there are approximately forty six Claimants that the receiver has been unable to locate representing $379,006.72 in total claims and $92,288.14 in restitution.  In addition, there are approximately 124 Claimants with which the receiver has had only nominal contact representing $872,427.92 in total claims and $212,436.20 in restitution.  If the Receivership Action is not wound up sooner rather than later, it is likely that the receiver will find dozens more Claimants who will have the same argument as Mr. Pugliese.  Conversely, the receiver has not made any determination as to how to balance the equities where some Claimants have made restitution whereas others, some of which have managed to avoid detection, have not.

7.     Contrary to the arguments of Mr. Pugliese's counsel, his affidavit does not state he never received cash or other consideration from the receiver; rather, the affidavit states at paragraph 3: "I have never received any money whatsoever from the Debtor or the Receiver on account of my investments in Indian Motorcycle Manufacturing, Inc." In fact, Mr. Pugliese did receive "other consideration"; specifically, stock in Indian.

8.     The receiver's records disclose that the receiver paid the aggregate amount of $155,000 to Indian Motorcycle Company at the insistence of Mr. Pugliese because Mr. Pugliese insisted on converting his Dealer Claims into common stock.[3]

9.     The receiver has copies of the two stock certificates that Mr. Pugliese received from Indian Motorcycle Company in the aggregate amount of 75,000 shares (the purchase price was $1.00 per share). Those certificates are attached as Exhibit 1. The receiver does not have copies of the common stock certificates issued to Mr. Pugliese in exchange for the $80,000 Claim. The receiver's efforts to obtain the books and records of Indian have been procedurally thwarted to date.[4]

10.     The receiver notes that it has offered to reduce Mr. Pugliese's obligation to 24.35% of $75,000 if Mr. Pugliese would prepare a sworn affidavit stating that he received only 75,000 shares and not the 155,000 shares that the receiver's records disclose. Mr. Pugliese prepared an affidavit (attached to the Motion), but has not made the requested statement. Absent such a statement, and especially considering the fact

[3] Except Mr. Pugliese and perhaps one other Dealer Claimant, no Dealer Claimants were permitted to convert their Dealer Claims into common stock, only cash and dealerships. In fact, the receiver was pressured by Mr. Pugliese into convincing Indian Motorcycle Company to allow him to buy stock with his Dealer Claims.

[4] The receiver is awaiting five boxes of document from the subpoena that was served on Audax. Audax apparently overlooked these five boxes in the first instance. It is possible that additional relevant information may be contained in those boxes.

3

that the Motion does not match the Affidavit in this regard, the Court should dismiss the argument.

11.    The remainder of Mr. Pugliese's arguments are red herrings.  First, if Mr. Pugliese received any of the common stock, Mr. Pugliese was overpaid and is obligated to return 24.35% of his Claim.  Second, Mr. Pugliese received all of the pertinent Receiver's Reports, including the Receiver's Reports that described the conversion process and included the conversion documents approved by this Court.  Any documents not received by Mr. Pugliese are totally irrelevant as it was Indian Motorcycle Company's requirements that were being met, not the receiver's.

12.    As the money at stake is actually the property of the United States, the receiver suggests that the Court wait for the United States to take a position.

WHEREFORE, the receiver prays that this Court consider the Motion and grant the Motion to the extent it requires reconsideration by this Court, then deny Mr. Pugliese's request to avoid restitution as Ordered on the merits unless Mr. Pugliese modifies his affidavit to state that he did not receive the 80,000 shares of common stock as the receiver's records show, and that the Court grant the receiver such other and further relief as the Court deems just and proper.

Respectfully submitted this 24th day of October, 2006.

By: *s/ John M. Tanner*
Fairfield and Woods, P.C.
1700 Lincoln Street, Suite 2400
Denver, CO  80203-4524
Phone:  (303) 830-2400
Fax:  (303) 830-1033
Email:  jtanner@fwlaw.com

Attorney for Plaintiff Sterling
Consulting Corporation, as receiver

4

## CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses or as indicated below or by United States Mail, postage prepaid:

**VIA CM/ECF TO:**

Alan Lemont Hale Esq.
Hale Friesen, LLP
1430 Wynkoop St., Ste. 300
Denver, CO  80202
**Attorney for Richard Basciani, N.
Rooke Everill, Pres./Everill Bros.,
Inc., John H. Nicholson or Virginia A.
Nicholson**
ahale@haldfriesen.com

Edward T. Ramey, Esq.
Stuart H. Pack, Esq.
Isaacson Rosenbaum
  Woods and Levy
633 17th St., Ste. 2200
Denver, CO  80202
**Attorneys for William R. Childs, Scott
McCormick, Jr., Douglas Walliser,
Ronald Schiff, Edward Pacelli, Morty
Lempel, A.B. Goldberg, First
Entertainment, Harvey Rosenberg**
eramey@ir-law.com
spack@ir-law.com

James R. Cage, Esq.
Cage Williams Abelman
  & Layden, P.C.
St. Elmo Bldg.
1433 17th St.
Denver, CO  80202-1273
**Attorney for Carl D. Lucci/Albert R.
Lucci**
jcage@cagewilliams.com

J. Eric Ellliff, Esq.
Kristen Taylor-Randall, Esq.
Morrison & Foerster, LLP
370 17th St., Ste. 3550
Denver, CO  80203
**Attorney for IMCOA**
jelliff@mofo.com

Adam F. Hulbig
Trial Attorney, Tax Division
US Dept. of Justice
PO Box 683
Ben Franklin Station
Washington, DC  20044
**Attorney for United States of America**
adam.f.hulbig@usdoj.gov

Gary C. Moschetti, Esq.
Hatch & Moschetti, LLP
1800 Glenarm Pl., 9th Floor
Denver, CO  80202
**Attorney for Edward Leal**
gmoschetti@hatchlawyers.com

Cassandra Sasso, Esq.
Baker & Hostetler
303 E. 17th Ave., Ste. 1100
Denver, CO  80203-1264
**Attorney for Michelle Lean**
csasso@bakerlaw.com

Michael J. Pankow
Daniel J. Garfield
Brownstein Hyatt & Farber PC
410 17th Street, Suite 2200
Denver, CO  80202
**Attorneys for Michael Payne**
mpankow@bhf-law.com
dgarfield@bhf-law.com

**VIA UNITED STATES MAIL:**

James Duberg, Esq.
727 Third Ave.
Chula Vista, CA  91910-5803

Mark S. Schmidt, Esq.
Miller Simon & Maier, S.C.
788 North Jefferson Street
Milwaukee, WI 53202
**Attorney for Miller Simon & Maier**

Peter C. Freeman, Esq.
Law Offices of Peter C. Freeman
16485 Laguna Canyon Rd., Ste. 230
Irvine, CA  92618-3846
**Attorney for Scott Kajiya**

Mr. Albert Lucci
1930 Wyoming Ave.
Fort Pierce, FL  34982

Peter Sklarew, Esq.
Assistant Chief
Civil Trial Section, Northern Region
United States Dept. of Justice
Tax Division
PO Box 55
Washington, D.C.  20044
**Attorney for IRS**

Robert J. Danie, Eq.
9 Wagon Wheel Drive
Feeding Hills, MA  01030

Noreene C. Stehlik, Esq.
U.S. Dept. of Justice
PO Box 683
Ben Franklin Station
Washington, D.C.  20044
**Attorney for IRS**

Robert L. Morrow, Jr., MD
401 N. College Rd., #5
Lafayette, LA  70506

Nicholas A. Russo, Sr.
310 Extonville Road
Allentown, NJ  08501

Richard J. Cortesi
5316 Camino Montano, N.E.
Albuquerque, NM  87111

Albert R. Gazza
589 Manchester
E. Glastonbury, CT  06025-0085

Ronald Fulfer
15315 S. Francis Dr.
Plainfield, IL  60544

Richard Dale Wood
13997 80th Ave. North
Maple Grove, MN  55311

Steve Halprin
1316 Penningtow Place
Concord, N.C.  28207

Alf Iseback
Gamla Tuvevagen 4
41705 Goteborg
**SWEDEN**

Kathryn L. Troccoli
1911 Champlain St.
Ottawa,IL  61350

Ed Pink
Ed Pink Racing Engines, Inc.
14612 Raymer Street
Van Nuys, CA  91405

Montgomery & Andrews, P.A.
325 Paseo De Peralta
Santa Fe, NM  87501

John Petitto
Town & Country Sports Center, Inc.
U.S. 12 & U.S. 127
Cement City, MI  49233

Marcia Taylor
Bennett Motor Group Express
1001 Industrial Parkway
McDonough, GA  30253

Richard Basciani
Basciani Foods
8876 GapNewport Pike
Avondale, PA  19311

Rooke Everill
Derek John Everill
Ken Everill
1204 Lake Point Circle
McKinne, TX  75070

Michael D. Fowler
Martha Dickson (Deceased)
1680 S.W. St. Lucie West Blvd.
Port St. Lucie, FL  34986

John Inelli
17 Old Farmstead Rd.
Chester, NJ  07930

Eller Industries
c/o Leonard S. ("Lonnie") Labraiola
6035 N. 115th Street
Longmont, CO  80504-8434

**Registered Agent:**
Randal L. Hittle
[moved, left no forwarding address]

John Nicholson
22 Thoreau Ct.
Beverly, MA  01915

**VIA E-MAIL:**
Richard A. Block
President
Sterling Consulting Corporation
4101 E. Louisiana Ave., Ste. 300
Denver, CO  80246
**Receiver**
rblock@xpn.com

**Courtesy Copies to:**
Julie Trent
jt@bsblawyers.com

Eugene Sprague
esprague@bw-legal.com

Michael Chodos
michael@chodos.com

Robert Pitts
rpitts@lawrwp.com

Henry N. Portner, Esq.
Pineapple Grove Corporate Center
101 Pineapple Grove Way
Delray Beach, FL  33444-3703


By:   *s/ John M. Tanner*
            Fairfield and Woods, P.C.
            1700 Lincoln St., #2400
            Denver, CO  80203
            Phone:  (303) 830-2400
            Fax:  (303) 830-1033
            Email:  jtanner@fwlaw.com