UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 95-cv-00777-REB-CBS

In re:  The Receivership Estate of Indian Motorcycle Manufacturing, Inc., a New Mexico Corporation

## MOTION FOR JUDGMENT, FEES, AND COSTS
## (ANTHONY PUGLIESE III)

Sterling Consulting Corporation, as receiver, by and through its attorneys, Fairfield and Woods, P.C., hereby moves this Court to enter judgment against Anthony Pugliese, III,[1] and award the receiver its receiver's fees, attorneys' fees, and costs incurred against Mr. Pugliese, and as grounds therefor states as follows:

### MOTION FOR JUDGMENT

1.  This motion is factually founded on the Receiver's 38th Report [Docket No. 2423], which was sworn to under penalty of perjury and provides substantial evidence for the Court.  It is legally founded upon the Amended Order Affirming Magistrate Judge Schlatter's Recommendation of July 28, 2006 [Docket No. 2338].

2.  As set out in the Receiver's 38th Report, Claimants of the Receivership Estate against whom restitution was sought further to the Court's Order of Restitution can be divided into four categories:

    i.)  Claimants that have paid;

---

[1] According to the receiver's records, Mr. Pugliese was in a group of Claimants under two different Claims.  It was not unusual at the time the receiver was making payment for Claims that the Claimant directed payment in a manner other than in the name of the Claimant.  The other Claimants in the group were Ms. Carol Furtier and Steel Stallions of California, Inc.  Because the receiver's records disclose that Mr. Pugliese received the entire payment in connection with the claims, the receiver is only pursuing collection against Mr. Pugliese.  If newly discovered evidence indicates that either or both of the other two Claimants are liable for restitution, the receiver will amend this Motion accordingly.

    ii) Claimants that have definitely been located, but have not paid for one reason or another;

    iii) Claimants that the receiver believes it has located, but for which the receiver cannot confirm that fact; and

    iv) Claimants that have not been located.

3. This is the first of several motions directed to Claimants that are in category ii and that have refused to pay. The receiver needs Judgments entered against these Claimants so that the receiver can further its collection efforts.

4. Mr. Pugliese had two allowed Claims: one for $75,000 and one for $80,000. Following the procedures set up by the Court, Mr. Pugliese instructed the receiver to pay the money for both Claims to purchase common stock in Indian Motorcycle Company. Receiver's 38th Report, Exhibit 2, page 2 and page 3. Mr. Pugliese does not dispute this.

5. The $75,000 Claim was in connection with a dealership. This was quite extraordinary—dealership Claims, by and large, were not transferable to another form of compensation. It was only because of Mr. Pugliese's recurrent efforts that he was able to get stock from the Receivership Estate in connection with his dealership Claim . Although Mr. Pugliese's lawyer has denied that Mr. Pugliese received this stock in the last sentence of his Motion to Reconsider, Mr. Pugliese's affidavit contains no such denial—it just says he did not get cash. The receiver does not dispute he did not get cash; the receiver's records show he received stock. Copies of the two stock certificates adding up to the 75,000 shares are attached.

6. Indeed, the receiver has stated repeatedly to Mr. Pugliese that if he swears under oath he never received the second part of the stock (the 80,000), then the receiver will cease attempting to collect for it (unless it is later shown that his sworn testimony is false). Yet Mr. Pugliese has never so sworn.

2

7. As to all of Mr. Pugliese's arguments regarding the fairness of the process, the Court should find Magistrate Judge Schlatter's Order dated August 23, 1999, *nunc pro tunc* July 19, 1999 exceptionally illuminating. The entire process of enabling Claimants to use the proceeds of their allowed Claims to purchase stock was the subject of multiple hearings and Orders. Mr. Pugliese was on the Certified Mailing List for all pertinent pleadings, including the significant 28th and 29th Receiver's Reports.

8. The Court should enter judgment against Mr. Pugliese for $37,742.50 (24.35% of $155,000).

## MOTION FOR RECEIVER'S FEES, ATTORNEYS' FEES, AND COSTS

9. In the Amended Order Affirming Magistrate Judge Schlatter's Recommendation, the Court left open the issue of awarding the receiver's fees and attorneys' fees on a case-by-case basis. Mr. Pugliese is the paradigm example of when fees should be awarded. He has no defense to repaying the money; it is just that he would rather not. He is a well-respected and solvent business man, and has the funds to pay the money. He has forced the receiver to go through these actions rather than simply paying the money which was mistakenly paid nearly eight years ago now.

10. If the Court does not award costs and fees, it will make it very difficult for the receiver and undersigned counsel to pursue any other collection matters (recall that all of the money collected goes to the United States, subject only to a voluntary carve-out by the United States for administrative expenses). Such a decision will have the effect of rewarding those Claimants that do not comply with the Order, punishing those Claimants that do comply with the Order, and compelling the receiver and its counsel to perform extraordinary services for the Receivership Estate without compensation. This is neither fair not just, and awarding fees and costs should be

the polestar for the Court's actions to balance the equities in an equitable receivership.

11. Pursuant to Local Rule 7.1, undersigned counsel has made reasonable efforts to confer with Mr. Pugliese regarding this matter. Specifically, undersigned counsel called the phone number listed on the pleading as that of the attorney. The phone number appears to be the general number of Mr. Pugliese's business. No live person answered. The spell by name directory did not allow for Mr. Portner to be selected. As a result, a message was left in the general voicemail mail box of Pugliese and Company. Undersigned counsel knows of no other way to get in touch with Mr. Portner (searches on Martdindale.com and google.com did not locate him). The receiver believes this Motion will be opposed.

12. For the Court's convenience, a proposed Order is submitted herewith.

WHEREFORE, Sterling Consulting Corporation, as receiver, prays that this Court enter judgment against Mr. Pugliese in the amount of $37,742.50 (i.e., 24.35% of $155,000), certify the same as final under Fed.R.Civ.P. 54(b), award the receiver its attorneys' fees, receiver's fees, and costs in connection with this Motion, and grant the receiver such other and further relief as the Court deems just and proper.

Respectfully submitted this 24th day of October, 2006.

By: *s/ John M. Tanner*
Fairfield and Woods, P.C.
1700 Lincoln Street, Suite 2400
Denver, CO  80203-4524
Phone:  (303) 830-2400
Fax:  (303) 830-1033
Email:  jtanner@fwlaw.com

Attorney for Plaintiff Sterling Consulting Corporation, as receiver

# CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses or as indicated below or by United States Mail, postage prepaid:

**VIA CM/ECF TO:**

Alan Lemont Hale Esq.
Hale Friesen, LLP
1430 Wynkoop St., Ste. 300
Denver, CO 80202
**Attorney for Richard Basciani, N. Rooke Everill, Pres./Everill Bros., Inc., John H. Nicholson or Virginia A. Nicholson**
ahale@haldfriesen.com

Edward T. Ramey, Esq.
Stuart H. Pack, Esq.
Isaacson Rosenbaum
 Woods and Levy
633 17th St., Ste. 2200
Denver, CO 80202
**Attorneys for William R. Childs, Scott McCormick, Jr., Douglas Walliser, Ronald Schiff, Edward Pacelli, Morty Lempel, A.B. Goldberg, First Entertainment, Harvey Rosenberg**
eramey@ir-law.com
spack@ir-law.com

James R. Cage, Esq.
Cage Williams Abelman
 & Layden, P.C.
St. Elmo Bldg.
1433 17th St.
Denver, CO 80202-1273
**Attorney for Carl D. Lucci/Albert R. Lucci**
jcage@cagewilliams.com

J. Eric Ellliff, Esq.
Kristen Taylor-Randall, Esq.
Morrison & Foerster, LLP
370 17th St., Ste. 3550
Denver, CO 80203
**Attorney for IMCOA**
jelliff@mofo.com

Adam F. Hulbig
Trial Attorney, Tax Division
US Dept. of Justice
PO Box 683
Ben Franklin Station
Washington, DC 20044
**Attorney for United States of America**
adam.f.hulbig@usdoj.gov

Gary C. Moschetti, Esq.
Hatch & Moschetti, LLP
1800 Glenarm Pl., 9th Floor
Denver, CO 80202
**Attorney for Edward Leal**
gmoschetti@hatchlawyers.com

Cassandra Sasso, Esq.
Baker & Hostetler
303 E. 17th Ave., Ste. 1100
Denver, CO 80203-1264
**Attorney for Michelle Lean**
csasso@bakerlaw.com

Michael J. Pankow
Daniel J. Garfield
Brownstein Hyatt & Farber PC
410 17th Street, Suite 2200
Denver, CO 80202
**Attorneys for Michael Payne**
mpankow@bhf-law.com
dgarfield@bhf-law.com

**VIA UNITED STATES MAIL:**
James Duberg, Esq.
727 Third Ave.
Chula Vista, CA  91910-5803

Mark S. Schmidt, Esq.
Miller Simon & Maier, S.C.
788 North Jefferson Street
Milwaukee, WI 53202
**Attorney for Miller Simon & Maier**

Peter C. Freeman, Esq.
Law Offices of Peter C. Freeman
16485 Laguna Canyon Rd., Ste. 230
Irvine, CA  92618-3846
**Attorney for Scott Kajiya**

Mr. Albert Lucci
1930 Wyoming Ave.
Fort Pierce, FL  34982

Peter Sklarew, Esq.
Assistant Chief
Civil Trial Section, Northern Region
United States Dept. of Justice
Tax Division
PO Box 55
Washington, D.C.  20044
**Attorney for IRS**

Robert J. Danie, Eq.
9 Wagon Wheel Drive
Feeding Hills, MA  01030

Noreene C. Stehlik, Esq.
U.S. Dept. of Justice
PO Box 683
Ben Franklin Station
Washington, D.C.  20044
**Attorney for IRS**

Robert L. Morrow, Jr., MD
401 N. College Rd., #5
Lafayette, LA  70506

Nicholas A. Russo, Sr.
310 Extonville Road
Allentown, NJ  08501

Richard J. Cortesi
5316 Camino Montano, N.E.
Albuquerque, NM  87111

Albert R. Gazza
589 Manchester
E. Glastonbury, CT  06025-0085

Ronald Fulfer
15315 S. Francis Dr.
Plainfield, IL  60544

Richard Dale Wood
13997 80th Ave. North
Maple Grove, MN  55311

Steve Halprin
1316 Penningtow Place
Concord, N.C.  28207

Alf Iseback
Gamla Tuvevagen 4
41705 Goteborg
**SWEDEN**

Kathryn L. Troccoli
1911 Champlain St.
Ottawa,IL  61350

Ed Pink
Ed Pink Racing Engines, Inc.
14612 Raymer Street
Van Nuys, CA  91405

Montgomery & Andrews, P.A.
325 Paseo De Peralta
Santa Fe, NM  87501

John Petitto
Town & Country Sports Center, Inc.
U.S. 12 & U.S. 127
Cement City, MI  49233

Marcia Taylor
Bennett Motor Group Express
1001 Industrial Parkway
McDonough, GA  30253

Richard Basciani
Basciani Foods
8876 GapNewport Pike
Avondale, PA  19311

Rooke Everill
Derek John Everill
Ken Everill
1204 Lake Point Circle
McKinne, TX  75070

Michael D. Fowler
Martha Dickson (Deceased)
1680 S.W. St. Lucie West Blvd.
Port St. Lucie, FL  34986

John Inelli
17 Old Farmstead Rd.
Chester, NJ  07930

Eller Industries
c/o Leonard S. ("Lonnie") Labraiola
6035 N. 115th Street
Longmont, CO  80504-8434

**Registered Agent:**
Randal L. Hittle
[moved, left no forwarding address]

John Nicholson
22 Thoreau Ct.
Beverly, MA  01915

**VIA E-MAIL:**
Richard A. Block
President
Sterling Consulting Corporation
4101 E. Louisiana Ave., Ste. 300
Denver, CO  80246
**Receiver**
rblock@xpn.com

**Courtesy Copies to:**
Julie Trent
jt@bsblawyers.com

Eugene Sprague
esprague@bw-legal.com

Michael Chodos
michael@chodos.com

Robert Pitts
rpitts@lawrwp.com

Henry N. Portner, Esq.
Pineapple Grove Corporate Center
101 Pineapple Grove Way
Delray Beach, FL  33444-3703


By:   *s/ John M. Tanner*
         Fairfield and Woods, P.C.
         1700 Lincoln St., #2400
         Denver, CO  80203
         Phone:  (303) 830-2400
         Fax:  (303) 830-1033
         Email:  jtanner@fwlaw.com