IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Judge Robert E. Blackburn

Civil Case No.:  95-CV-00777-REB-CBS

In re:  Receivership Estate of                    )
Indian Motorcycle Manufacturing, Inc., a    )
New Mexico Corporation.                         )
                                                              )
_____)

## ANSWER TO RECEIVER'S RESPONSE TO THE MOTION TO RECONSIDER ORDER OF RESTITUTION (BY ANTHONY V. PUGLIESE, III)

Anthony V. Pugliese, III, by and through his attorney, Henry N. Portner, hereby responds to and answers the Receiver's Response to the Motion to Reconsider Order of Restitution as follows:

1.  It is admitted that Mr. Pugliese was not receiving notices from the Receiver or from the Court on matters preceding and pertinent to the Order of Restitution.

2.  The Receiver acknowledges and admits that Mr. Pugliese should have an opportunity to object to the Receiver's motions.

3.  The Receiver acknowledges that Mr. Pugliese did not receive notices and was not able to participate in matters leading to the Order of Restitution for last three years.

4.  It is denied that Mr. Pugliese is not raising distinct issues, separate and apart from other parties.  Specifically, in paragraph 7 of Mr. Pugliese's Motion, it was stated: "Any alleged document which Mr. Pugliese allegedly may have signed, was signed as a result of business compulsion accompanied by material misrepresentations and omissions by the Receiver."  More

In re: Receivership Estate of Indian Motorcycle Manufacturing, Inc.
Civil Case No.:  95-CV-00777-REB-CBS
Page 2

specifically, it is Mr. Pugliese's position that he was never offered a cash alternative.  Mr. Pugliese has repeatedly requested from the Receiver a copy of any alleged document to which he signed providing an option to receive cash in lieu of securities.  The Receiver has not been able to produce any such documentation to date, notwithstanding repeated requests to do so.  The Receiver acknowledges in paragraph 6 of its Response that its records are "not complete."

5.   The Order of Restitution does not take into account the particular factual background which Mr. Pugliese is averring in his Motion.  In paragraph 8 of his Motion, Mr. Pugliese states, "Mr. Pugliese was not offered the alternative of a cash payment and refund.  The only thing that he was ever offered was an Indian Motorcycle dealership as part of his original investment."

6.   The Receiver acknowledges and agrees that its records are not complete.  Significant and important documents are missing, specifically an alleged written option in which Mr. Pugliese agreed to accept stock in lieu of cash.  Mr. Pugliese denies ever signing or receiving such documentation and demands strict proof thereof.  The mere fact that a stock certificate has been recently produced does not necessarily constitute an acknowledgement that Mr. Pugliese had any alternatives with respect to the issuance of that stock.  Reference to paragraphs 6, 7, and 8 of Mr. Pugliese's Motion are incorporated fully by reference herein.

7.   The receiver does not set forth the full pleadings and by only incorporating a portion of Mr. Pugliese's pleadings, gives the wrong impression to this Court.  Reference should be made to paragraphs 7 and 8 of Mr. Pugliese's Motion which specifically affirms that Mr. Pugliese was under business compulsion and that there were material misrepresentations and

omissions made by the Receiver.  Mr. Pugliese and the Receiver had an in-person meeting in Florida and the statements then made by the Receiver are wholly inconsistent and in opposite to the Receiver's present position.

8. It is denied that Mr. Pugliese insisted on converting his dealer claims into common stock.  Rather, Mr. Pugliese was under business compulsion accompanied by material misrepresentations and omissions by the Receiver, and Mr. Pugliese had no choice with respect to what occurred.

9. Mr. Pugliese concurs that as the Receiver does not have copies of common stock certificates issued to Mr. Pugliese in exchange for the $80,000.00 claim, the $80,000.00 claim must be voided as against Mr. Pugliese.

10. Mr. Pugliese is unaware upon reading the Receiver's documentation that it had any choice with respect to the $80,000.00 claim.  Certainly, if the Receiver is not in a position to even produce a stock certificate, then Mr. Pugliese should not be liable for the same.

11. At issue here are the due process rights of Mr. Pugliese.  He has been denied the ability to participate in these proceedings leading to the Amended Order Approving and Adopting the Magistrate Judge's Recommendation, as finally entered on July 28, 2006.  As stated, the first notice that Mr. Pugliese received was the Notice of the Order of Restitution dated August 7, 2006.

12. Mr. Pugliese reserves such additional defenses as may be appropriate upon reviewing any submissions to be made by the United States of America.

In re: Receivership Estate of Indian Motorcycle Manufacturing, Inc.
Civil Case No.: 95-CV-00777-REB-CBS
Page 4

WHEREFORE, Mr. Pugliese prays that this Court permit and allow the relief requested in its original Motion to Reconsider the Order of Restitution.

Respectfully submitted this 31st day of October, 2006.

                HENRY N. PORTNER, ESQUIRE
                Pineapple Grove Corporate Center
                101 Pineapple Grove Way
                Delray Beach, Florida 33444-3703
                Email: attatlaw@hotmail.com
                Phone: (561) 330-7000
                Fax:    (561) 330-7001

By: <u>s/Henry N. Portner, Esquire</u>
Henry N. Portner, Esquire
Colorado Bar No.: 27920
Attorney for Anthony V. Pugliese, III