IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Judge Robert E. Blackburn

Civil Case No.:  95-CV-00777-REB-CBS

In re:  Receivership Estate of                    )
Indian Motorcycle Manufacturing, Inc., a   )
New Mexico Corporation.                          )
                                                               )
_____)


**AFFIDAVIT IN SUPPORT OF**
**ANSWER TO RECEIVER'S RESPONSE TO THE MOTION TO RECONSIDER**
**ORDER OF RESTITUTION (BY ANTHONY V. PUGLIESE, III)**


STATE OF FLORIDA:
COUNTY OF PALM BEACH:

Anthony V. Pugliese, III of full age, deposes and says:


1.      I did not receive notices from the Receiver or from the Court on matters preceding and pertinent to the Order of Restitution.


2.      I should have an opportunity to object to the Receiver's motion.


3.      I did not receive notices and was not able to participate in matters leading to the Order of Restitution for the last three years.


4.      I deny that I am not raising distinct issues, separate and apart from other parties. Specifically, in paragraph 7 of my Motion, it was stated:  "Any alleged document which Mr. Pugliese allegedly may have signed, was signed as a result of business compulsion accompanied by material misrepresentations and omissions by the Receiver."  More specifically, it is Mr. Pugliese's position that he was never offered a cash alternative.  I have repeatedly requested

from the Receiver a copy of any alleged document which purports to provide an option to receive cash in lieu of securities. The Receiver has not been able to produce any such documentation to date, notwithstanding repeated requests to do so. The Receiver acknowledges in paragraph 6 of its Response that its records are "not complete."

5.      The Order of Restitution does not take into account the particular factual background which I am averring in my Motion. In paragraph 8 of my Motion, I state: "Mr. Pugliese was not offered the alternative of a cash payment and refund. The only thing that he was ever offered was an Indian Motorcycle dealership as part of his original investment."

6.      The Receiver acknowledges and agrees that its records are not complete. Significant and important documents are missing, specifically an alleged written option in which I agreed to accept stock in lieu of cash. I deny ever signing or receiving such documentation and demand strict proof thereof. The mere fact that a stock certificate has been recently produced does not necessarily constitute an acknowledgement that I had any alternatives with respect to the issuance of that stock. Reference to paragraphs 6, 7, and 8 of my Motion are incorporated fully by reference herein.

7.      The receiver does not set forth the full pleadings and by only incorporating a portion of my pleadings, gives the wrong impression to this Court. Reference should be made to paragraphs 7 and 8 of my Motion which specifically affirms that I was under business compulsion and that there were material misrepresentations and omissions made by the Receiver. The Receiver and I had an in-person meeting in Florida and the statements then made by the Receiver are wholly inconsistent and in opposite to the Receiver's present position.

2

8.      I deny that I insisted on converting my dealer claims into common stock.  Rather, I was under business compulsion accompanied by material misrepresentations and omissions by the Receiver, and I had no choice with respect to what occurred.

9.      I concur that as the Receiver does not have copies of common stock certificates issued to me in exchange for the $80,000.00 claim, and thus the $80,000.00 claim must be voided.

10.      I was unaware upon reading the Receiver's documentation that I had any choice with respect to the $80,000.00 claim.  Certainly, if the Receiver is not in a position to even produce a stock certificate, then I should not be liable for the same.

11.      At issue here are my due process rights.  I have been denied the ability to participate in these proceedings leading to the Amended Order Approving and Adopting the Magistrate Judge's Recommendation, as finally entered on July 28, 2006.  As stated, the first notice that I received was the Notice of the Order of Restitution dated August 7, 2006.

12.      I reserve such additional defenses as may be appropriate upon reviewing any submissions to be made by the United States of America.

I certify that the facts set forth in this Affidavit are true and correct to the best of my knowledge, information and belief.

By:    s/Anthony V. Pugliese, III
            Anthony V. Pugliese, III

L:\Indian Motorcycle\Affidavit in Support of Answer to Receiver's Response to the Motion to Reconsider an Order of Restitution--10-31-06.doc