UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 95-cv-00777-REB-CBS

In re:  Indian Motorcycle Manufacturing, Inc., a New Mexico Corporation

---

**PARTIALLY OPPOSED, PARTIALLY UNOPPOSED RECEIVER'S MOTION TO MODIFY MAGISTRATE JUDGE'S ORDER OF OCTOBER 26, 2006**

---

Sterling Consulting Corporation, as receiver, by and through its attorneys, Fairfield and Woods, hereby files this motion, which is partially opposed and partially unopposed, to modify its Order of August 26, 2006, in the following fashion:

(a)  The Court should order the undisputed portion of the money paid to Sterling, not the receiver; and

(b)  The Order should also be issued in 05-cv-1573, the case in which Sterling is a party.

### Certification Pursuant to Local Rule 7.1

Undersigned counsel certifies he has made reasonable efforts to confer with CMA regarding the substance of this motion.  CMA opposes the Order that the undisputed portion of the money be paid to receiver as opposed to Sterling; CMA does not oppose the Order being also issued in 05-cv-1573.

**I.  The Undisputed Portion of the Money Should be Paid to Sterling, not the Receiver.**

In its Order of October 26, 2006, the Court ordered that the disputed portion of the money be paid to CMA and the undisputed portion of the money be paid to "Sterling, as Receiver."  The receiver never claimed this money.  It is only Sterling, in its individual corporate capacity, which claimed this money.

The Indemnification Agreement dated August 30, 2000 contains the following definition at paragraph 1.1.cc. (page 6):

> 1.1.cc "Sterling" shall mean Sterling Consulting Corporation in its capacity as a private entity <u>but not in its capacity as Receiver</u>, and its officers, directors, employees, agents, and representatives. Indemnification of Sterling shall mean Indemnification of Sterling and its officers, employees, directors, agents, and representatives unless otherwise stated. (Emphasis added.)

The Indemnification Agreement contains only one provision regarding distribution of the Cash Fund, and that provision reads as follows (page 17):

> 5.14. Residue of Cash Fund. Any amount not otherwise paid to an Indemnified Party from the Cash Fund, shall be paid by the Fund Agent on January 1, 2006 one half to Indian and one half to <u>Sterling</u>. (Emphasis added.)

In its consultation with CMA regarding this motion, CMA stated that it opposed the money being paid to Sterling for the reasons set out in paragraph 6 of its original position brief. That paragraph states that because the indemnification obligation was the receiver's, it is the receiver that should get the money from the cash fund. This argument is simply wrong—the Indemnification Agreement never flowed in favor of the receiver. The Indemnification Agreement flowed in favor of Sterling and Mr. Block. The receiver never had a claim to that money and so the Order that it be paid to the receiver should be changed.

There are numerous additional aspects of CMA's position that gravitate against paying the cash fund over to the receiver. For example, the Court should notice the fact that CMA does not have a stake in the matter. CMA is not a beneficiary in the Receivership Estate and there is no benefit or detriment to be derived by CMA. As such, CMA's arguments are dubious if not actually bad faith. This observation is supported by the fact that CMA did not think enough of this argument to bring it down

to the wherefore clause. As such, there exists no actual request from any party to the matter upon which the Court could base its decision.

Beyond being wrong, it is plainly contrary to section 5.14 of the Indemnification Agreement. The Court should modify its Order to make it plain that the undisputed portion of the money should be paid to Sterling, not the receiver.

**II.     The Order Should be Issued in 05-cv-1573.**

Sterling is not now, nor has it ever been, a party to the receivership matter.[1] Sterling is, however, a party in 05-cv-1573. As the receiver argued before the court at oral argument, it does not know why CMA asked the briefing be done in the Receivership Action. In any event, at a minimum, the Order should be issued in both cases, although the receiver believes it is properly entered only in 05-cv-1573.

For the Court's convenience, two proposed Orders are submitted herewith.

WHEREFORE, Sterling Consulting Corporation, as receiver, prays that this Court modify its Order of October 26, 2006, so that it is issued in the 05-cv-1573 case and that the undisputed portion of the money be paid to Sterling Consulting Corporation, in its individual capacity, and not to the receiver.

---

[1] As Sterling is not a party to this case, it cannot file this Motion. The receiver is filing this motion because, as an officer of the Court, it cannot accept monies not properly due it. Additionally, accepting monies improperly will give the receiver yet another task at a time it is trying to wind down the Receivership Estate. Finally, the receiver owes so much money to Sterling that Sterling will wind up with the money anyway, although if it comes through the Receivership Estate the U.S. Government may claim a portion of it for the Receivership Estate's taxes.

3

Respectfully submitted this 2nd day of November, 2006.

> By: *s/ John M. Tanner*
> Fairfield and Woods, P.C.
> 1700 Lincoln Street, Suite 2400
> Denver, CO  80203-4524
> Phone:  (303) 830-2400
> Fax:  (303) 830-1033
> Email:  jtanner@fwlaw.com
>
> Attorney for Plaintiff Sterling
> Consulting Corporation, as receiver

## CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses or as indicated below or by United States Mail, postage prepaid:

**VIA CM/ECF TO:**

Alan Lemont Hale Esq.
Hale Friesen, LLP
1430 Wynkoop St., Ste. 300
Denver, CO  80202
**Attorney for Richard Basciani, N. Rooke Everill, Pres./Everill Bros., Inc., John H. Nicholson or Virginia A. Nicholson**
ahale@haldfriesen.com

Edward T. Ramey, Esq.
Stuart H. Pack, Esq.
Isaacson Rosenbaum
 Woods and Levy
633 17th St., Ste. 2200
Denver, CO  80202
**Attorneys for William R. Childs, Scott McCormick, Jr., Douglas Walliser, Ronald Schiff, Edward Pacelli, Morty Lempel, A.B. Goldberg, First Entertainment, Harvey Rosenberg**
eramey@ir-law.com
spack@ir-law.com

James R. Cage, Esq.
Cage Williams Abelman
 & Layden, P.C.
St. Elmo Bldg.
1433 17th St.
Denver, CO  80202-1273
**Attorney for Carl D. Lucci/Albert R. Lucci**
jcage@cagewilliams.com

J. Eric Ellliff, Esq.
Kristen Taylor-Randall, Esq.
Morrison & Foerster, LLP
370 17th St., Ste. 3550
Denver, CO  80203
**Attorney for IMCOA**
jelliff@mofo.com

Adam F. Hulbig
Trial Attorney, Tax Division
US Dept. of Justice
PO Box 683
Ben Franklin Station
Washington, DC  20044
**Attorney for United States of America**
adam.f.hulbig@usdoj.gov

Gary C. Moschetti, Esq.
Hatch & Moschetti, LLP
1800 Glenarm Pl., 9th Floor
Denver, CO  80202
**Attorney for Edward Leal**
gmoschetti@hatchlawyers.com

Cassandra Sasso, Esq.
Baker & Hostetler
303 E. 17th Ave., Ste. 1100
Denver, CO  80203-1264
**Attorney for Michelle Lean**
csasso@bakerlaw.com

Michael J. Pankow
Daniel J. Garfield
Brownstein Hyatt & Farber PC
410 17th Street, Suite 2200
Denver, CO  80202
**Attorneys for Michael Payne**
mpankow@bhf-law.com
dgarfield@bhf-law.com

**VIA UNITED STATES MAIL:**
James Duberg, Esq.
727 Third Ave.
Chula Vista, CA 91910-5803

Mark S. Schmidt, Esq.
Miller Simon & Maier, S.C.
788 North Jefferson Street
Milwaukee, WI 53202
**Attorney for Miller Simon & Maier**

Peter C. Freeman, Esq.
Law Offices of Peter C. Freeman
16485 Laguna Canyon Rd., Ste. 230
Irvine, CA 92618-3846
**Attorney for Scott Kajiya**

Mr. Albert Lucci
1930 Wyoming Ave.
Fort Pierce, FL 34982

Peter Sklarew, Esq.
Assistant Chief
Civil Trial Section, Northern Region
United States Dept. of Justice
Tax Division
PO Box 55
Washington, D.C. 20044
**Attorney for IRS**

Robert J. Danie, Eq.
9 Wagon Wheel Drive
Feeding Hills, MA 01030

Noreene C. Stehlik, Esq.
U.S. Dept. of Justice
PO Box 683
Ben Franklin Station
Washington, D.C. 20044
**Attorney for IRS**

Robert L. Morrow, Jr., MD
401 N. College Rd., #5
Lafayette, LA 70506

Nicholas A. Russo, Sr.
310 Extonville Road
Allentown, NJ 08501

Richard J. Cortesi
5316 Camino Montano, N.E.
Albuquerque, NM 87111

Albert R. Gazza
589 Manchester
E. Glastonbury, CT 06025-0085

Ronald Fulfer
15315 S. Francis Dr.
Plainfield, IL 60544

Richard Dale Wood
13997 80th Ave. North
Maple Grove, MN 55311

Steve Halprin
1316 Penningtow Place
Concord, N.C. 28207

Alf Iseback
Gamla Tuvevagen 4
41705 Goteborg
**SWEDEN**

Kathryn L. Troccoli
1911 Champlain St.
Ottawa, IL 61350

Ed Pink
Ed Pink Racing Engines, Inc.
14612 Raymer Street
Van Nuys, CA 91405

Montgomery & Andrews, P.A.
325 Paseo De Peralta
Santa Fe, NM 87501

John Petitto
Town & Country Sports Center, Inc.
U.S. 12 & U.S. 127
Cement City, MI  49233

Marcia Taylor
Bennett Motor Group Express
1001 Industrial Parkway
McDonough, GA  30253

Richard Basciani
Basciani Foods
8876 GapNewport Pike
Avondale, PA  19311

Rooke Everill
Derek John Everill
Ken Everill
1204 Lake Point Circle
McKinne, TX  75070

Michael D. Fowler
Martha Dickson (Deceased)
1680 S.W. St. Lucie West Blvd.
Port St. Lucie, FL  34986

John Inelli
17 Old Farmstead Rd.
Chester, NJ  07930

Eller Industries
c/o Leonard S. ("Lonnie") Labraiola
6035 N. 115th Street
Longmont, CO  80504-8434

**Registered Agent:**
Randal L. Hittle
[moved, left no forwarding address]

John Nicholson
22 Thoreau Ct.
Beverly, MA  01915

**VIA E-MAIL:**
Richard A. Block
President
Sterling Consulting Corporation
4101 E. Louisiana Ave., Ste. 300
Denver, CO  80246
**Receiver**
rblock@xpn.com

**Courtesy Copies to:**
Julie Trent
jt@bsblawyers.com

Eugene Sprague
esprague@bw-legal.com

Michael Chodos
michael@chodos.com

Robert Pitts
rpitts@lawrwp.com

Henry N. Portner, Esq.
Pineapple Grove Corporate Center
101 Pineapple Grove Way
Delray Beach, FL  33444-3703


By: *s/ John M. Tanner*
    Fairfield and Woods, P.C.
    1700 Lincoln St., #2400
    Denver, CO  80203
    Phone:  (303) 830-2400
    Fax:  (303) 830-1033
    Email:  jtanner@fwlaw.com