UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00076-LTB-PAC

STERLING CONSULTING CORPORATION, as Receiver

Plaintiff,

v.

PAHL & GOSSELIN, a professional corporation, a California professional corporation;
CREDIT MANAGERS ASSOCIATION OF CALIFORNIA, d/b/a
   CMA BUSINESS CREDIT SERVICES, a California nonprofit corporation;
INDIAN MOTORCYCLE COMPANY, a Delaware corporation;
IMCOA LICENSING AMERICA, INC., a Delaware corporation;
IMCOA HOLDINGS AMERICA, INC.;
INDIAN MOTORCYCLE CORPORATION; and
INDIAN MOTORCYCLE REAL ESTATE SERVICES, INC.

Defendants.

## MOTION TO STRIKE MOTION TO DISMISS AND FOR DEFAULT

Sterling Consulting Corporation, as receiver by and through its attorneys, Fairfield and Woods, P.C., prays that this Court strike the Motion to Dismiss and enter default against all defendants other than Pahl & Gosselin, and as grounds therefor states as follows:

### CERTIFICATION UNDER LOCAL RULE 7.1

1.   Pursuant to Local Rule 7.1, undersigned counsel has made reasonable efforts to confer with respondents to this motion regarding it. Undersigned counsel sent an email on February 21, and received a response later that day. Unfortunately, undersigned counsel cannot tell from the email the

position of the Respondents regarding this Motion, so the receiver assumes it is opposed.

## FACTUAL BACKGROUND

2. Four of the Indian Entities were served on January 23, 2006.

3. The fifth Indian Entity was served on January 25, 2006.

4. The Affidavits of Service for all five Indian Entities are attached hereto as Exhibits 1 through 5.

5. CMA was served on January 26, 2006. The Acceptance and Waiver of Service is attached as Exhibit 6.

6. No party has answered.

7. On February 14, 2006, CMA's counsel purportedly filed a Motion to Dismiss on behalf of "CMA, <u>as assignee</u>" (emphasis added) and each of the Indian entities. This Motion should be stricken as it relates to CMA for one reason, and as it relates to the Indian Entities for a completely different reason.

8. Contemporaneously herewith the receiver has filed a substantive response to the Motion to Dismiss, in the event the Court denies all or part of this Motion to Strike and for Default.

## ARGUMENT

### I. Motion to Strike and for Default as to CMA

9. The receiver has repeatedly sought from CMA any evidence that CMA in its individual corporate capacity can be distinguished from CMA "as assignee." CMA has confirmed that there is no statutory authority, such as the statutory authority for a bankruptcy trustee. CMA has confirmed that there is no

2

court order, such as the court order appointing an equity receiver. CMA has confirmed that, unlike a bankruptcy trustee or an equity receiver, there is no public record for the liquidation under the assignment for the benefit of creditors. To the contrary, CMA has claimed that all of the records relating to the liquidation assignment for the benefit of creditors of the Indian Entities are confidential and unavailable for inspection.[1]

10. CMA has provided the receiver with the five assignments for the benefit of creditors, attached as Exhibits 7-11 (the "Assignments").[2] CMA argues that these Assignments form the basis for a distinction between CMA and CMA as Assignee. The theory that business organizations can be formed by private agreement, without the formality of a federal or state governmental authority, and that such agreements are binding on third parties—even a court's receiver—is new to the receiver. The receiver has not been able to find any law to support it, and CMA has provided none.

11. Contrary to CMA's assertion that there is a distinction between CMA in its individual corporate capacity and "CMA as assignee," the Assignments themselves provide clear evidence that CMA is operating in its usual corporate capacity. Each of the Assignments contains substantially the

---

[1] This issue is a major issue and should not be perceived by the Court as mere advocacy. The shell game of CMA in its individual corporate capacity and CMA "as assignee" has already been used to unnecessarily and unreasonably complicate the litigation with the receiver. For example, CMA has frustrated discovery on the basis that the receiver can only discover against CMA "as assignee," thereby leaving a black hole for documents that should be available but are not. This issue, if not resolved now, will likely recur again and again.

[2] In fact, the Assignments are the only documents that CMA admits the receiver is entitled to inspect, and are the only documents that CMA has produced to the receiver. All other documents are the subject of the stonewalling that has characterized document production by CMA.

3

same opening clause; for Indian Motorcycle Company, the clause reads as follows:

> THIS ASSIGNMENT, Made this 12th day of May 2004, by Indian Motorcycle Company, a Delaware corporation, at 200 E. 10th Street in the City of Gilroy, County of Santa Clara, State of California, FEDERAL TAX IDENTIFICATION NUMBER: 98-0198677, party of the first part, hereinafter referred to as Assignor, to Credit Managers Association of California, a California corporation, of Burbank California, doing business as CMA Business Credit Services, party of the second part, hereinafter referred to as Assignee.

12. It is clear from the language of the Indian Motorcycle Company Assignment (and the others are substantially identical), that the real party in interest is CMA in its individual corporate capacity. The term "Assignee" in the Assignment is nothing more than a defined term in the agreement.

13. CMA has not answered in timely fashion. Rather, a non-existent purported entity ("CMA as Assignee") has answered. CMA is in default, and default as to liability, subject to proof of damages, should be entered against it.

## II. Motion to Strike and for Default as to the Indian Entities

14. The receiver has repeatedly sought from CMA any evidence that it can represent the Indian Entities in litigation. CMA has provided no such evidence and the receiver has not been able to find any evidence independently.

15. The Assignments provided to the receiver by CMA contain a description of assets of the Indian Entities that were assigned to CMA. The Assignments also contain a description of assets of the Indian Entities that were not assigned to CMA, but instead were withheld by the various Indian Entities. Both lists are significant.

4

16. The description of what was assigned is significant because it does not contain a general assignment of the right to defend litigation. The Assignment specifically did include, however, "all claims for refund or abatement of all excise taxes heretobefore or hereafter assessed against or collected from the Assignor by the U.S. Treasury Department, and any State or local taxing agency, and the Assignor agrees to sign and execute power of attorney or all other documents as required to enable said Assignee to file and prosecute, compromise and/or settle, all such claims before the Internal Revenue Service and any State or local taxing agency."

17. It is clear from the foregoing passage that where CMA intended to have rights to litigate, it received rights to litigate. It is also clear from the foregoing passage that the forward commitment to sign powers of attorney meant that the Indian Entity with the obligation must have survived the assignment.

18. In other words, the rights to defend <u>certain kinds of litigation</u> were assigned, but the rights to participate in other litigation were not. As such, CMA cannot defend the Indian Entities in this litigation.

19. The description of what was not assigned (for example, leases and leasehold interests) is significant because, if something were retained by the respective Indian Entities, then that Indian Entity must have survived. If the Indian Entity survived, then it, not CMA, must respond to the Complaint. None did so in timely fashion, so are they are in default.

20. An analogy can be drawn to the difference between a general or equity receiver and a special receiver. R. Clark *Clark on Receivers*, § 711, p. 1324:

> The term "General Receivership" is usually applied to a receivership wherein all the property of the corporation is placed in the hands of a receiver or receivers. The term "general receivership" is to be contrasted with the term "special receivership," which ordinarily means a receivership of but a portion of the defendant corporation's assets."

21. Although CMA does not have the status of a receiver of any sort, it is clear that CMA is a "Special Assignee" and not a "General Assignee." As such, it cannot represent the Indian Entities in litigation other than the specific litigation referenced in the Assignments.[3]

22. In short, in an effort to avoid judgments against insolvent companies from which it received Assignments, CMA is attempting to change the status of CMA under the Assignments. If the Indian Entities had intended to make CMA a General Assignee instead of a Special Assignee, the Indian Entities would not have assigned a portion of the assets and only some of the executory contracts, but would have assigned the entire company.

23. As with CMA, default as to liability should enter as to the Indian Entities. Because the amount of damages has not yet been established, the

---

[3] As a creditor of the Assignment estates, the receiver cautions CMA to be wary of holding itself out as in complete control of the Indian Entities. First, that would belie any ability of CMA to obtain anything from the Indian Entities post-Assignment, such as a power of attorney. Second, and more important to CMA than to the receiver, as a general Assignee, CMA is personally liable for the unpaid federal income taxes of the Indian Entities under 31 U.S.C. § 3731. Given the misallocation of revenues from the sales of assets, CMA should be very concerned about this exposure.

6

receiver does not request default judgment the Indian Entities, but only entry of default subject to proof of damages.

WHEREFORE, Sterling Consulting Corporation, as receiver, prays that this Court strike the Motion to dismiss as it regards CMA, Indian Motorcycle Company, IMCOA Licensing America, Inc., IMCOA Holdings America, Inc. Indian Real Estate Services, Inc., and Indian Motorcycle Corporation, that it enter default against each of those entities, enter judgment as to liability in favor of the receiver, and for such other and further relief as the court deems just and proper.

Respectfully submitted this 22nd day of February, 2006.

FAIRFIELD AND WOODS, P.C.

By: *s/John M. Tanner*
John M. Tanner
One Wells Fargo Center
1700 Lincoln Street, Suite 2400
Denver, Colorado 80203-4524
Telephone: (303) 830-2400
Facsimile: (303) 830-1033

ATTORNEYS FOR STERLING
CONSULTING CORPORATION, AS
RECEIVER

## CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Julie Trent
jt@bsblawyers.com

Robert Pitts
rpitts@lawrwp.com

                                          By: *s/John M. Tanner*
                                          John M. Tanner
                                          Attorney for Receiver
                                          Fairfield and Woods, P.C.
                                          1700 Lincoln St., Ste. 2400
                                          Denver, CO  80203
                                          Phone:  (303) 830-2400
                                          Fax:  (303) 830-1033
                                          Email:  jtanner@fwlaw.com

## Sharon Chiecuto

**From:** Sharon Chiecuto
**Sent:** Wednesday, February 22, 2006 2:45 PM
**To:** 'rpitts@lawrwp.com'
**Subject:** STERLING v. PAHL & GOSSELIN

**Attachments:** Receiver's Response to Motion to Dismiss for Lack of Jurisdiction.pdf; Motion to Strike Motion to Dismiss and for Default.pdf; Exhibit 1.pdf; Exhibit 2.pdf; Exhibit 3.pdf; Exhibit 4.pdf; Exhibit 5.pdf; Exhibit 6.pdf; Exhibit 7.pdf; Exhibit 8.pdf; Exhibit 9.pdf; Exhibit 10.pdf; Exhibit 11.pdf

      

Receiver's esponse to Motion . | Motion to Strike Motion to Dis... | Exhibit 1.pdf (106 KB) | Exhibit 2.pdf (106 KB) | Exhibit 3.pdf (102 KB) | Exhibit 4.pdf (141 KB) | Exhibit 5.pdf (105 KB)

     

Exhibit 6.pdf (58 KB) | Exhibit 7.pdf (290 KB) | Exhibit 8.pdf (185 KB) | Exhibit 9.pdf (185 KB) | Exhibit 10.pdf (176 KB) | Exhibit 11.pdf (239 KB)

```
Attached are documents we electronically filed this afternoon.  I noticed your e-mail
address was not listed on the Court's electronic filing list and am sending them along to
you.  Thank you.
```

1

# SUMMONS IN A CIVIL ACTION

— 4410-251 pldg

## United States District Court
## for the District of Colorado

Civil Action Number: 06-cv-00076-RPM-PAC

STERLING CONSULTING CORPORATION, as Receiver

                                      PLAINTIFF,

v.

PAHL & GOSSELIN, P.C., a professional corporation, a California professional corporation;
CREDIT MANAGERS ASSOCIATION OF CALIFORNIA, d/b/a CMA BUSINESS CREDIT SERVICES, a California nonprofit corporation;
INDIAN MOTORCYCLE COMPANY, a Delaware corporation;
IMCOA LICENSING AMERICA, INC., a Delaware corporation;
IMCOA HOLDINGS AMERICA, INC.;
INDIAN MOTORCYCLE CORPORATION; and
INDIAN MOTORCYCLE REALTY SERVICES, INC.

                                       DEFENDANTS.

**SUMMONS**

To the above named Defendant: **INDIAN MOTORCYCLE COMPANY**, a Delaware corporation

You are hereby summoned and required to serve upon John M. Tanner, plaintiff's attorney, whose address is: Fairfield and Woods, P.C., 1700 Lincoln Street, Suite 2400, Denver, Colorado 80203

AND FILE WITH THE CLERK OF THE COURT

an answer to the complaint which is herewith served upon you, within 20 days of service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Gregory C. Langham, Clerk

By: _____

                   Deputy Clerk

(Seal of the Court)

Date: JAN 19 2006

Clerk, U.S. District Court, Room A-105 Alfred A. Arraj U.S. Courthouse, 901 19th Street, Denver, Colorado 80294-3589

NOTE: This summons is issued pursuant to Rule 4 of the Federal Rules of Civil Procedure.



EXHIBIT 1

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and Complaint was made by me¹ and Motion to Consolidate | DATE 1/23/2006 at 2:55 p.m. |
| NAME OF SERVER (PRINT) Daniel Newcomb | TITLE Process Server |

Check *one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☒ Other (specify): Service on Indian Motorcycle Company, a Delaware corporation was effectuated by personally serving Scott LaScala, Managing Agent duly authorized to accept service. Service was made at The Corporation Trust Company, 1209 Orange St., Wilmington, Delaware 19801.

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | $ 30.00 | $ 30.00 |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on   January 24, 2006
              Date

Signature of Server

2000 Pennsylvania Ave. #207, Wilmington, DE  19806
Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

# SUMMONS IN A CIVIL ACTION

## United States District Court
## for the District of Colorado

Civil Action Number: 06-cv-00076-RPM-PAC

STERLING CONSULTING CORPORATION, as Receiver

                        PLAINTIFF,

v.

PAHL & GOSSELIN, P.C., a professional corporation, a California professional corporation;
CREDIT MANAGERS ASSOCIATION OF CALIFORNIA, d/b/a CMA BUSINESS CREDIT SERVICES, a California nonprofit corporation;
INDIAN MOTORCYCLE COMPANY, a Delaware corporation;
IMCOA LICENSING AMERICA, INC., a Delaware corporation;
IMCOA HOLDINGS AMERICA, INC.;
INDIAN MOTORCYCLE CORPORATION; and
INDIAN MOTORCYCLE REALTY SERVICES, INC.

                        DEFENDANTS.

**SUMMONS**

To the above named Defendant: **IMCOA LICENSING AMERICA, INC.**, a Delaware corporation

You are hereby summoned and required to serve upon John M. Tanner, plaintiff's attorney, whose address is: Fairfield and Woods, P.C., 1700 Lincoln Street, Suite 2400, Denver, Colorado 80203

AND FILE WITH THE CLERK OF THE COURT

an answer to the complaint which is herewith served upon you, within 20 days of service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Gregory C. Langham, Clerk

By: _____ Deputy Clerk

(Seal of the Court)

Date: JAN 19 2006

Clerk, U.S. District Court, Room A-105 Alfred A. Arraj U.S. Courthouse, 901 19th Street, Denver, Colorado 80294-3589

NOTE: This summons is issued pursuant to Rule 4 of the Federal Rules of Civil Procedure.



EXHIBIT 2

AO 440 (Rev. 8/01) Summons in a Civil Action

# RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and Complaint was made by me¹ and Motion to Consolidate | DATE 1/23/2006 at 2:55 p.m. |
| NAME OF SERVER (PRINT) Daniel Newcomb | TITLE Process Server |

Check *one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☒ Other (specify):  Service on IMCOA Licensing America Inc., a Delaware corporation was effectuated by personally serving Scott LaScala, Managing Agent duly authorized to accept service. Service was made at The Corporation Trust Company, 1209 Orange St., Wilmington, Delaware 19801.

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES $30.00 | TOTAL $30.00 |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  January 24, 2006
                    Date

Signature of Server

2000 Pennsylvania Ave. #207, Wilmington, DE  19806
Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

4410-251 pldg

# SUMMONS IN A CIVIL ACTION

## United States District Court
## for the District of Colorado

Civil Action Number: 06-cv-00076-RPM-PAC

STERLING CONSULTING CORPORATION, as Receiver

PLAINTIFF,

v.

PAHL & GOSSELIN, P.C., a professional corporation, a California professional corporation;
CREDIT MANAGERS ASSOCIATION OF CALIFORNIA, d/b/a CMA BUSINESS CREDIT SERVICES, a California nonprofit corporation;
INDIAN MOTORCYCLE COMPANY, a Delaware corporation;
IMCOA LICENSING AMERICA, INC., a Delaware corporation;
IMCOA HOLDINGS AMERICA, INC.;
INDIAN MOTORCYCLE CORPORATION; and
INDIAN MOTORCYCLE REALTY SERVICES, INC.

DEFENDANTS.

**SUMMONS**

To the above named Defendant: **IMCOA HOLDINGS AMERICA, INC.**

You are hereby summoned and required to serve upon John M. Tanner, plaintiff's attorney, whose address is: Fairfield and Woods, P.C., 1700 Lincoln Street, Suite 2400, Denver, Colorado 80203

AND FILE WITH THE CLERK OF THE COURT

an answer to the complaint which is herewith served upon you, within 20 days of service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Gregory C. Langham, Clerk

By: _____
Deputy Clerk

(Seal of the Court)

Date: JAN 19 2006

Clerk, U.S. District Court, Room A-105 Alfred A. Arraj U.S. Courthouse, 901 19th Street, Denver, Colorado 80294-3589

NOTE: This summons is issued pursuant to Rule 4 of the Federal Rules of Civil Procedure.


EXHIBIT 3

AO 440 (Rev. 8/01) Summons In a Civil Action

# RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and Complaint was made by me[1] and Motion to Consolidate | 1/23/2006 at 2:55 p.m. |
| NAME OF SERVER *(PRINT)* <br> Daniel Newcomb | TITLE <br> Process Server |

Check *one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein. <br> Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☒ Other (specify): Service on IMCOA Holdings America, Inc., a Delaware corporation was effectuated by personally serving Scott LaScala, Managing Agent duly authorized to accept service. Service was made at The Corporation Trust Company, 1209 Orange St., Wilmington, Delaware 19801.

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES <br> $60.00 | TOTAL <br> $60.00 |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on   January 24, 2006 <br>
            Date

Signature of Server

2000 Pennsylvania Ave. #207, Wilmington, DE 19806 <br>
Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

— 4410-251 plc

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*:<br>FAIRFIELD AND WOODS, P.C.<br>WELLS FARGO CENTER, SUITE 2400<br>DENVER, CO  802034524<br><br>TELEPHONE NO. *(Optional)*: (303) 830-2400   FAX NO. *(Optional)*: (303) 830-1033<br>EMAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: PLAINTIFF | FOR COURT USE ONLY |
|---|---|
| ~~SUPERIOR COURT OF CALIFORNIA, COUNTY OF~~:<br>STREET ADDRESS:<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: ,<br>BRANCH NAME: | |
| PLAINTIFF/PETITIONER:  STERLING CONSULTING<br>DEFENDANT/RESPONDENT:  PAHL & GOSSELIN, P.C. | CASE NUMBER:<br>06-CV-00076-RPM |
| **PROOF OF SERVICE SUMMONS** | Ref No. or File No.<br>0SP01659-01 |

*(Separate proof of service is required for each party served)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of the:
   e. other *(specifiy documents)*:
   SUMMONS AND COMPLAINT; MOTION TO CONSOLIDATE

3. a. Party Served: *(specify name of party as shown on the documents served)*:
      INDIAN MOTORCYCLE CORPORATION

   b. Person Served: other *(specify name and relationship to party named in item 3a)*:
      GEROME JONES
      PERSON AUTHORIZED TO ACCEPT SERVICE OF PROCESS FOR
      C.T. CORPORATION, REGISTERED AGENT FOR SERVICE

4. Address where the party was served:   818 WEST 7TH STREET
                                         LOS ANGELES, CA 90017        **(Business)**

5. I served the party *(check proper box)*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on (date): January 23, 2006 (2) at (time): 02:40 pm

EXHIBIT 4

Judicial Council of California POS-010
[Rev. July 1, 2004]
Form adopted by rule 982.9

**PROOF OF SERVICE SUMMONS**

Code of Civil Procedure, § 417.10

| | |
|---|---|
| PETITIONER: STERLING CONSULTING | CASE NUMBER: |
| RESPONDENT: PAHL & GOSSELIN, P.C. | 06-CV-00076-RPM |

6. The "Notice to the Person Served" (on the summons) was completed as follows:
c.    on behalf of:
    INDIAN MOTORCYCLE CORPORATION
    under:
    [XX] CCP 416.10 (corporation)

7. **Person who served papers**
   a. Name: Mario Lopez
   b. Address: 801 South Victoria Avenue, Suite 302, Ventura, CA 9300
   c. Telephone: (805) 477-4321
   d. *The fee* for service was: $    70.00
   e. I am:
      (i) ___Employee or _X_Independent Contractor
      (ii) Registration No.: 5143
      (iii) County : LOS ANGELES

*California Attorney Service*
"Providing Superior Service"
A.C.A.S. Professional Services Company

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:    February 6, 2006

Mario Lopez
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHALL)

(SIGNATURE)

Page 2 of 2

Judicial Council of California POS-010
(Rev. July 1, 2004)
Form adopted by rule 982.9

**PROOF OF SERVICE SUMMONS**

Code of Civil Procedure, § 417.10

ATA/OSP01659-01

# CALIFORNIA ALL-PURPOSE ACKNOWLEDGEMENT

State of _California_

County of _Los Angeles_

On _February 14, 2006_ before me, _Carey Lynn Schnabel, Notary Public_,
Name and Title of Officer (e.g., "Jane Doe, Notary Public")

personally appeared _Mario Lopez_,
Name(s) of Signer(s)

☒ personally known to me -OR- ☐ proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

[Notary seal: CAREY LYNN SCHNABEL, Commission #1545555, Notary Public-California, LOS ANGELES COUNTY, My Comm. Exp. Jan 21, 2009]

_[signature]_
Signature of Notary Public

------------------------OPTIONAL------------------------

Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.

## Description of Attached Document

Title or Type of Document: _____

Document Date: _____    Number of Pages: _____

Signer(s) Other Than Named Above: _____

## Capacity(ies) Claimed by Signer(s)

Signer's Name: _____

☐ Individual
☐ Corporate Officer
☐ Titles(s): _____
☐ Partner - ☐ Limited  ☐ General
☐ Attorney-in-Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer Is Representing: _____

[RIGHT THUMBPRINT OF SIGNER - Top of Thumb here]

Signer's Name: _____

☐ Individual
☐ Corporate Officer
☐ Title(s): _____
☐ Partner - ☐ Limited  ☐ General
☐ Attorney-in-Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer Is Representing: _____

[RIGHT THUMBPRINT OF SIGNER - Top of Thumb here]

# SUMMONS IN A CIVIL ACTION

## United States District Court
## for the District of Colorado

Civil Action Number: 06-cv-00076-LTB-PAC

STERLING CONSULTING CORPORATION, as Receiver

                        PLAINTIFF,

v.

PAHL & GOSSELIN, P.C., a professional corporation, a California professional corporation;
CREDIT MANAGERS ASSOCIATION OF CALIFORNIA, d/b/a CMA BUSINESS CREDIT SERVICES, a California nonprofit corporation;
INDIAN MOTORCYCLE COMPANY, a Delaware corporation;
IMCOA LICENSING AMERICA, INC., a Delaware corporation;
IMCOA HOLDINGS AMERICA, INC.;
INDIAN MOTORCYCLE CORPORATION; and
INDIAN MOTORCYCLE REAL ESTATE SERVICES, INC.

                        DEFENDANTS.

**SUMMONS**

To the above named Defendant: **INDIAN MOTORCYCLE REAL ESTATE SERVICES, INC.**

You are hereby summoned and required to serve upon John M. Tanner, plaintiff's attorney, whose address is: Fairfield and Woods, P.C., 1700 Lincoln Street, Suite 2400, Denver, Colorado 80203

## AND FILE WITH THE CLERK OF THE COURT

an answer to the complaint which is herewith served upon you, within 20 days of service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Gregory C. Langham, Clerk

By: _____
                        Deputy Clerk

(Seal of the Court)

Date: 1/25/06

Clerk, U.S. District Court, Room A-105 Alfred A. Arraj U.S. Courthouse, 901 19th Street, Denver, Colorado 80294-3589

NOTE: This summons is issued pursuant to Rule 4 of the Federal Rules of Civil Procedure.

EXHIBIT 5

AO 440 (Rev. 8/01) Summons In a Civil Action

A410-251 pldg
1/26/06

# RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and Complaint was made by me[1] | DATE<br>January 26, 2006 at 2:45 p.m. |
| NAME OF SERVER (PRINT)<br>Daniel Newcomb | TITLE<br>Process Server |

Check *one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☒ Other (specify): Service on Indian Motorcycle Real Estate Services, Inc., was effectuated by personally serving Scott LaScala, Managing Agent duly authorized to accept service. Service was made at The Corporation Trust Company, 1209 Orange St., Wilmington, Delaware 19801.

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES<br>$60.00 | TOTAL<br>$60.00 |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on   January 26, 2006
                    Date

Signature of Server

2000 Pennsylvania Ave. #207, Wilmington, DE  19806
Address of Server

Documents Served:
Summons; First Amended Complaint with Exhibit 1; and Motion to Consolidate

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.