_4410-251 pldg.

1-26-06

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00076 LTB-PAC

STERLING CONSULTING CORPORATION, as Receiver

Plaintiff,

v.

PAHL & GOSSELIN, a professional corporation, a California professional corporation
CREDIT MANAGERS ASSOCIATION OF CALIFORNIA, D/B/A CMA BUSINESS
    CREDIT SERVICES, a California nonprofit corporation;
INDIAN MOTORCYCLE COMPANY, a Delaware corporation;
IMCOA LICENSING AMERICA, INC., a Delaware corporation;
IMCOA HOLDINGS AMERICA, INC.;
INDIAN MOTORCYCLE CORPORATION; and
INDIAN MOTORCYCLE REAL ESTATE SERVICES, INC.

Defendants.

---

## ACCEPTANCE AND WAIVER OF SERVICE
## (CREDIT MANAGERS ASSOCIATION OF CALIFORNIA,
## D/B/A CMA BUSINESS CREDIT SERVICES, AS ASSIGNEE)

---

Robert W. Pitts, Esq., as attorney for Credit Managers Association of California, d/b/a CMA Business Credit Services ("Assignee"), as Assignee under an Assignment for Benefit of Creditors of Indian Motorcycle Company, IMCOA Licensing America Inc.; IMCOA Holdings America, Inc.; Indian Motorcycle Corporation; and Indian Motorcycle

//

//

//

**EXHIBIT**
**6**

Real Estate Services, Inc., hereby acknowledges receipt and service, on behalf of the Assignee, of the Summons and First Amended Complaint in the above-captioned action effective as of the 25th day of January, 2006.

January 26, 2006

**LAW OFFICE OF ROBERT W. PITTS**

Robert W. Pitts, Esq.
660 Newport Center Dr., Ste 400
Newport Beach, CA 92660
Tel:   (949) 720-4125

Attorneys for Assignee

*4410-1*

*Justine 1-15-01*

*34100*

# ORIGINAL

## *GENERAL ASSIGNMENT*

Form 101 (10-94)

**THIS ASSIGNMENT**, *Made this* _____15th_____ *day of* _____January_____ _____, 2004,

*BY* _Indian Motorcycle Real Estate Services, Inc., a Delaware corporation_ *OF (address)* _200 E. 10th Street_

*in the City of* _____Gilroy_____ *, County of* __Santa Clara_____ *State of California,*

*FEDERAL TAX IDENTIFICATION NUMBER:* _98-0205513_

*party of the first part, hereinafter referred to as Assignor, to Credit Managers Association of California,*

*a California corporation, of Burbank, California, doing business as CMA Business Credit Services, party of the*

*second part, hereinafter referred to as Assignee.*

**WITNESSETH:** That said assignor, for and in consideration of the covenants and agreements to be performed by the party of the second part, as hereinafter contained, and of the sum of One Dollar ($1.00) to Assignor in hand paid by said Assignee, receipt whereof is hereby acknowledged, does by these presents grant, bargain, sell, assign, convey and transfer unto said Assignee, its successors and assigns, in trust, for the benefit of Assignor's creditors generally, all of the property of the Assignor of every kind and nature and wheresoever situated, both real and personal, and any interest or equity therein not exempt from execution, including, but not limited to, all that certain stock of merchandise, furniture, fixtures, equipment, book accounts, books, bills receivable, cash on hand, cash in bank, deposits, patents, copyrights, trademarks and trade names, insurance policies, tax refunds, rebates, insurance refunds and claims, choses in action that are legally assignable, together with the proceeds of any existing non-assignable choses in action that may hereafter be recovered or received by the Assignor.

This assignment specifically includes and covers all claims for refund or abatement of all excess taxes heretofore or hereafter assessed against or collected from the Assignor by the U.S. Treasury Department, and any State or local taxing agency, and the Assignor agrees to sign and execute power of attorney or all other documents as required to enable said Assignee to file and prosecute, compromise and/or settle, all such claims before the Internal Revenue Service and any State or local taxing agency, and agrees to endorse any tax refund checks relating to the prior operations of said Assignor's business and to deliver such checks to the Assignee.

Leases and leasehold interests in real estate are not included in this assignment. However, if the Assignee shall determine that the same may be assigned and also that the same has a realizable value for creditors, then the Assignor agrees that upon written demand of the Assignee, it will assign and transfer said lease or leasehold interest to said Assignee, or nominee, for administration under the terms of this general assignment.

Contracts and/or agreements between Assignor and any Labor Union, or Trade Associations, are excepted from and not included in this assignment.

The Assignor authorizes the forwarding of its mail by the U.S. Postal Department as directed by the Assignee.

Said Assignee is to receive the said property, conduct the said business, should it deem it proper, and is hereby irrevocably authorized at any time after the execution hereof to sell, lease, or otherwise dispose of said property upon such time and terms as it may see fit. Said Assignee shall use and apply the net proceeds arising from the conducting of said business and from the sale, or lease or other disposition of said property as follows:

EXHIBIT

7

*FIRST:* To deduct therefrom (or to reimburse itself with respect to) all sums which said Assignee may at its option pay for the discharge of any lien on any of said property and any indebtedness which under the law is entitled to priority of payment, and all expenses, including a reasonable fee (as hereinafter defined) and to its attorney, and to the attorney for the Assignor; and, in those instances where a creditors' committee has been selected at any meeting of the creditors of the Assignor (without regard to the actual amount or number of creditors present at such creditors' meeting) then a reasonable fee shall be paid to the attorney appointed by said Creditors' Committee in an amount fixed by the said creditors' committee and said Assignee.

*SECOND:* The balance of the proceeds then remaining shall be paid to the creditors of the Assignor, pro rata, according to the indebtedness due each of them, individually, from the Assignor.

With respect to the fees of the Assignee referred to in the aforementioned paragraph *FIRST* hereinabove, Assignor hereby expressly and irrevocably agrees as follows: That the term "a reasonable fee to Assignee", as used herein, is defined as, and includes the following: (a) An administration fee computed on the basis of the total monies handled in connection with this Assignment and for the assembly, inventorying, collection and liquidation of the assets assigned, in accordance with the following schedule, to wit: a fee of 6.00% shall apply.

The Assignee shall be entitled to reimbursement of all expenses incurred as a result of its administration out of the proceeds generated therefrom.

In addition to all the foregoing fees and charges, the Assignor expressly agrees that the Assignee shall be entitled to a further fee equal to any and all interest earned and received by the Assignee on any trust and other funds in its hands and arising from this assignment.

In an addition to all of the foregoing, when applicable, in the opinion of the Board of Directors of Assignee, an additional and reasonable fee may be taken for special, unusual, or extraordinary services actually performed by Assignee in connection with the operation, management, preservation, or administration of the property of the Assignment; and, in this connection the Board of Directors of the Assignee corporation, or the President of the Assignee corporation, is hereby given the right and discretion to determine the nature and extent of such special, unusual or extraordinary services, and the amount of additional fees in connection therewith.

The total of all of said fees shall be paid from the property assigned, and from all of the proceeds thereof and from any interest, income and increments and any additions thereto.

Any contract, liability, or obligation made by Assignee in connection with the administration of this agreement shall not personally bind Assignee or any of its officers, agents, or employees, but it shall obligate Assignee in its capacity as Assignee only, whether or not the Contract specifically so provides. Assignee hereunder shall be liable only in its official capacity for reasonable care and diligence in administering the estate created by this assignment.

Assignor as to all existing creditors extends the statute of limitations upon their respective claims for a period of one year from the date hereof.

Said Assignee is also authorized and empowered to appoint such agents, field representatives, attorneys and/or accountants as it may deem necessary, and such agents and/or field representatives shall have full power and authority to open bank accounts in the name of the Assignee or its nominees or agents and to deposit assigned assets or the proceeds thereof in such bank accounts and to draw checks thereon and with the further power and authority to do such other acts and to execute such papers and documents in connection with this assignment as said Assignee may consider necessary or advisable.

IN WITNESS WHEREOF, the said parties have hereunto set their hands the day and year first above written.

INDIAN MOTORCYCLE REAL ESTATE SERVICES, INC.

By: _____

Frank O'Connell
President
Indian Motorcycle Real Estate Services, Inc.


CREDIT MANAGERS ASSOCIATION OF CALIFORNIA
a California corporation, doing business as
CMA BUSINESS CREDIT SERVICES

By: _____

Robert Hoder
Secretary

# MINUTES OF BOARD OF DIRECTORS MEETING

At a meeting of the directors of Indian Motorcycle Company, a Delaware corporation, held telephonically at 4:30 PM EST on January 13, 2004, the following directors were present: Frank O'Connell; Andrew Cope; Marc B. Wolpow; Geoffrey S. Rehnert; and Donald Bramley.  ABSENT: Timothy White.

The Chairman announced that the purpose of the meeting was to consider the financial condition of the company and its wholly-owned subsidiaries, and the advisability of making a general assignment for the benefit of creditors.

On motion by Frank O'Connell, seconded by Andrew Cope, the following resolution was adopted after full and complete discussion by the directors, to-wit:

BE IT RESOLVED:

That anyone of the officers of this corporation be, and is, hereby authorized and directed by the directors of this company, in meeting assembled, to make an assignment of all assets of Indian Motorcycle Real Estate Services, Inc., a Delaware corporation and a wholly owned subsidiary of the company, to Credit Managers Association of California, a California corporation, of Burbank, California, doing business as CMA Business Credit Services, for the pro rata benefit of all creditors of this corporation, and that any one officers be, and is hereby authorized and directed to execute said assignment containing such provisions as may be agreed upon between them and said Credit Managers Association of California, a California corporation, doing business as CMA Business Credit Services (Assignee), and is also authorized and directed to execute and deliver to said Credit Managers Association of California, a California corporation, doing business as CMA Business Credit Services (Assignee), such other deeds, assignments, and agreements as may be necessary to carry this resolution into effect.

BE IT FURTHER RESOLVED:

That said assignee for the benefit of creditors be, and it hereby is, authorized to execute and file and prosecute on behalf of Indian Motorcycle Real Estate Services, Inc., all claims for refund or abatement of all excess taxes heretofore or hereafter assessed against or collected from Indian Motorcycle Real Estate Services, Inc., and any one officer of Indian Motorcycle Real Estate Services, Inc., be, and it is, hereby authorized and directed to make, execute and deliver in favor of such person as may be designated by the assignee for the benefit of creditors, a power of attorney on the regular printed form thereof used by the United States Treasury Department so as to authorize said attorney-in-fact to process any tax claims for it on behalf of Indian Motorcycle Real Estate Services, Inc.

There being no further business to come before the directors, the meeting adjourned subject to the call of the President or Vice-President.

I, Frank O'Connell, Chairman of Indian Motorcycle Company, a Delaware corporation, do hereby certify that the foregoing is a true and correct copy of the minutes of the meeting of directors held by telephone on January 13, 2004, at the hour stated and that the resolution contained in said minutes was adopted by the directors at said meeting and the same has not been modified or rescinded.

Dated January 15, 2004,

_Frank O'Connell, Chairman_

## CONSENT TO ASSIGNMENT BY STOCKHOLDER

The undersigned, being the sole shareholder of Indian Motorcycle Real Estate Services, Inc., a Delaware Corporation, does hereby give its consent to the within assignment and transfer of the property of said corporation.

Indian Motorcycle Company

Frank O'Connell, Chairman

# BIEGING SHAPIRO & BURRUS LLP

### ATTORNEYS AT LAW

4582 S ULSTER STREET PKWY
SUITE 1650 I DENVER
COLORADO I 80237
TEL 720 I 488 0220
FAX 720 I 488 7711
WWW.BSBLAWYERS.COM

December 23, 2005

**Julie Trent, Esq.**
Direct Dial: (720) 488-5435
jt@bsblawyers.com

<u>Via U.S. Mail and E-mail</u>

Mr. Jack Tanner, Esq.
1700 Lincoln St., Suite 2400
Denver, CO 80203-4524

Re:     **Indian**

Dear Jack:

I am re-sending the attached General Assignments in response to your request for the "transaction documents" between the Indian Entities and CMA as Assignee.

Very truly yours,

Julie Trent

JT/s
cc:   Robert Pitts, Esq., via e-mail, w/o Encl.
Eugene Sprague, Esq., via e-mail, w/o Encl.
Michael Chodos, Esq., via e-mail, w/o Encl.
Thomas Quinn, Esq., via e-mail, w/o Encl.

36565

BSB

Form 101 (10-94)

# GENERAL ASSIGNMENT

THIS ASSIGNMENT, Made this 12th day of May 2004, by Indian Motorcycle Company, a Delaware corporation at 200 E. 10th Street in the City of Gilroy, County of Santa Clara, State of California, FEDERAL TAX IDENTIFICATION NUMBER: 98-0198677, party of the first part, hereinafter referred to as Assignor, to Credit Managers Association of California, a California corporation, of Burbank, California, doing business as CMA Business Credit Services, party of the second part, hereinafter referred to as Assignee.

WITNESSETH: That said assignor, for and in consideration of the covenants and agreements to be performed by the party of the second part, as hereinafter contained, and of the sum of One Dollar ($1.00) to Assignor in hand paid by said Assignee, receipt whereof is hereby acknowledged, does by these presents grant, bargain, sell, assign, convey and transfer unto said Assignee, its successors and assigns, in trust, for the benefit of Assignor's creditors generally, all of the property of the Assignor of every kind and nature and wheresoever situated, both real and personal, and any interest or equity therein not exempt from execution, including, but not limited to, all that certain stock of merchandise, furniture, fixtures, equipment, book accounts, books, bills receivable, cash on hand, cash in bank, deposits, patents, copyrights, trademarks and trade names, insurance policies, tax refunds, rebates, insurance refunds and claims, choses in action that are legally assignable, together with the proceeds of any existing non-assignable choses in action that may hereafter be recovered or received by the Assignor.

This assignment specifically includes and covers all claims for refund or abatement of all excess taxes heretofore or hereafter assessed against or collected from the Assignor by the U.S. Treasury Department, and any State or local taxing agency, and the Assignor agrees to sign and execute power of attorney or all other documents as required to enable said Assignee to file and prosecute, compromise and/or settle, all such claims before the Internal Revenue Service and any State or local taxing agency, and agrees to endorse any tax refund checks relating to the prior operations of said Assignor's business and to deliver such checks to the Assignee.

Leases and leasehold interests in real estate are not included in this assignment. However, if the Assignee shall determine that the same may be assigned and also that the same has a realizable value for creditors, then the Assignor agrees that upon written demand of the Assignee, it will assign and transfer said lease or leasehold interest to said Assignee, or nominee, for administration under the terms of this general assignment.

Contracts and/or agreements between Assignor and any Labor Union, or Trade Associations, are excepted from and not included in this assignment.

The Assignor authorizes the forwarding of its mail by the U.S. Postal Department as directed by the Assignee.

Said Assignee is to receive the said property, conduct the said business, should it deem it proper, and is hereby irrevocably authorized at any time after the execution hereof to sell, lease, or otherwise dispose of said property upon such time and terms as it may see fit. Said Assignee shall use and apply the net proceeds arising from the conducting of said business and from the sale, or lease or other disposition of said property as follows:



EXHIBIT
8

CMA 001

*FIRST*: To deduct therefrom (or to reimburse itself with respect to) all sums which said Assignee may at its option pay for the discharge of any lien on any of said property and any indebtedness which under the law is entitled to priority of payment, and all expenses, including a reasonable fee (as hereinafter defined) and to its attorney, and to the attorney for the Assignor; and, in those instances where a creditors' committee has been selected at any meeting of the creditors of the Assignor (without regard to the actual amount or number of creditors present at such creditors' meeting) then a reasonable fee shall be paid to the attorney appointed by said Creditors' Committee in an amount fixed by the said creditors' committee and said Assignee.

*SECOND*: The balance of the proceeds then remaining shall be paid to the creditors of the Assignor, pro rata, according to the indebtedness due each of them, individually, from the Assignor.

With respect to the fees of the Assignee referred to in the aforementioned paragraph *FIRST* hereinabove, Assignor hereby expressly and irrevocably agrees as follows: That the term "a reasonable fee to Assignee", as used herein, is defined as, and includes the following: (a) An administration fee computed on the basis of the total monies handled in connection with this Assignment and for the assembly, inventorying, collection and liquidation of the assets assigned, in accordance with the following schedule, to wit: the greater of a minimum fee of $5,000, or a fee of 6% shall apply; (There shall be excluded from the foregoing, however, monies received or disbursed in connection with and incidental to any actual continuing operation of the business assigned, as distinguished from monies received in connection with the collection and liquidation of the assets assigned.); (b) a fee of 1.5% shall be charged on disbursements to secured and priority creditors and, (c) a fee of 4% shall be charged on distributions to general creditors.

The Assignee shall be entitled to reimbursement of all expenses incurred as a result of its administration out of the proceeds generated therefrom.

In addition to all the foregoing fees and charges, the Assignor expressly agrees that the Assignee shall be entitled to a further fee equal to any and all interest earned and received by the Assignee on any trust and other funds in its hands and arising from this assignment.

In an addition to all of the foregoing, when applicable, in the opinion of the Board of Directors of Assignee, an additional and reasonable fee may be taken for special, unusual, or extraordinary services actually performed by Assignee in connection with the operation, management, preservation, or administration of the property of the Assignment; and, in this connection the Board of Directors of the Assignee corporation, or the President of the Assignee corporation, is hereby given the right and discretion to determine the nature and extent of such special, unusual or extraordinary services, and the amount of additional fees in connection therewith.

The total of all of said fees shall be paid from the property assigned, and from all of the proceeds thereof and from any interest, income and increments and any additions thereto.

Any contract, liability, or obligation made by Assignee in connection with the administration of this agreement shall not personally bind Assignee or any of its officers, agents, or employees, but it shall obligate Assignee in its capacity as Assignee only, whether or not the Contract specifically so provides. Assignee hereunder shall be liable only in its official capacity for reasonable care and diligence in administering the estate created by this assignment.

Assignor as to all existing creditors extends the statute of limitations upon their respective claims for a period of one year from the date hereof.

Said Assignee is also authorized and empowered to appoint such agents, field representatives, attorneys and/or accountants as it may deem necessary, and such agents and/or field representatives shall have full power and authority to open bank accounts in the name of the Assignee or its nominees or agents and to deposit assigned assets or the proceeds thereof in such bank accounts and to draw checks thereon and with the further power and authority to do such other acts and to execute such papers and documents in connection with this assignment as said Assignee may consider necessary or advisable.

*IN WITNESS WHEREOF*, the said parties have hereunto set their hands the day and year first above written.

By: _____
Frank O'Connell, Chairman Indian Motorcycle

By: _____

**CREDIT MANAGERS ASSOCIATION OF CALIFORNIA**
a California corporation, doing business as
**CMA BUSINESS CREDIT SERVICES**

By: _____
Robert Hoder, Secretary

CMA 003

Form 101 (10-99)

# GENERAL ASSIGNMENT

THIS ASSIGNMENT, Made this 12th day of May 2004, by IMCOA Holdings America, Inc, a Delaware corporation at 200 E. 10th Street in the City of Gilroy, County of Santa Clara, State of California, FEDERAL TAX IDENTIFICATION NUMBER: 98-0205511, party of the first part, hereinafter referred to as Assignor, to Credit Managers Association of California, a California corporation, of Burbank, California, doing business as CMA Business Credit Services, party of the second part, hereinafter referred to as Assignee.

WITNESSETH: That said assignor, for and in consideration of the covenants and agreements to be performed by the party of the second part, as hereinafter contained, and of the sum of One Dollar ($1.00) to Assignor in hand paid by said Assignee, receipt whereof is hereby acknowledged, does by these presents grant, bargain, sell, assign, convey and transfer unto said Assignee, its successors and assigns, in trust, for the benefit of Assignor's creditors generally, all of the property of the Assignor of every kind and nature and wheresoever situated, both real and personal, and any interest or equity therein not exempt from execution, including, but not limited to, all that certain stock of merchandise, furniture, fixtures, equipment, book accounts, books, bills receivable, cash on hand, cash in bank, deposits, patents, copyrights, trademarks and trade names, insurance policies, tax refunds, rebates, insurance refunds and claims, choses in action that are legally assignable, together with the proceeds of any existing non-assignable choses in action that may hereafter be recovered or received by the Assignor.

This assignment specifically includes and covers all claims for refund or abatement of all excess taxes heretofore or hereafter assessed against or collected from the Assignor by the U.S. Treasury Department, and any State or local taxing agency, and the Assignor agrees to sign and execute power of attorney or all other documents as required to enable said Assignee to file and prosecute, compromise and/or settle, all such claims before the Internal Revenue Service and any State or local taxing agency, and agrees to endorse any tax refund checks relating to the prior operations of said Assignor's business and to deliver such checks to the Assignee.

Leases and leasehold interests in real estate are not included in this assignment. However, if the Assignee shall determine that the same may be assigned and also that the same has a realizable value for creditors, then the Assignor agrees that upon written demand of the Assignee, it will assign and transfer said lease or leasehold interest to said Assignee, or nominee, for administration under the terms of this general assignment.

Contracts and/or agreements between Assignor and any Labor Union, or Trade Associations, are excepted from and not included in this assignment.

The Assignor authorizes the forwarding of its mail by the U.S. Postal Department as directed by the Assignee.

Said Assignee is to receive the said property, conduct the said business, should it deem it proper, and is hereby irrevocably authorized at any time after the execution hereof to sell, lease, or otherwise dispose of said property upon such time and terms as it may see fit. Said Assignee shall use and apply the net proceeds arising from the conducting of said business and from the sale, or lease or other disposition of said property as follows:

EXHIBIT

9

tabbies®

CMA 009

FIRST:  To deduct therefrom (or to reimburse itself with respect to) all sums which said Assignee may at its option pay for the discharge of any lien on any of said property and any indebtedness which under the law is entitled to priority of payment, and all expenses, including a reasonable fee (as hereinafter defined) and to its attorney, and to the attorney for the Assignor; and, in those instances where a creditors' committee has been selected at any meeting of the creditors of the Assignor (without regard to the actual amount or number of creditors present at such creditors' meeting) then a reasonable fee shall be paid to the attorney appointed by said Creditors' Committee in an amount fixed by the said creditors' committee and said Assignee.

SECOND:  The balance of the proceeds then remaining shall be paid to the creditors of the Assignor, pro rata, according to the indebtedness due each of them, individually, from the Assignor.

With respect to the fees of the Assignee referred to in the aforementioned paragraph FIRST hereinabove. Assignor hereby expressly and irrevocably agrees as follows:  That the term "a reasonable fee to Assignee", as used herein, is defined as, and includes the following: (a) An administration fee computed on the basis of the total monies handled in connection with this Assignment and for the assembly, inventorying, collection and liquidation of the assets assigned, in accordance with the following schedule, to wit: the greater of a minimum fee of $5,000, or a fee of 6% shall apply; (There shall be excluded from the foregoing, however, monies received or disbursed in connection with and incidental to any actual continuing operation of the business assigned, as distinguished from monies received in connection with the collection and liquidation of the assets assigned.); (b) a fee of 1.5% shall be charged on disbursements to secured and priority creditors and, (c) a fee of 4% shall be charged on distributions to general creditors.

The Assignee shall be entitled to reimbursement of all expenses incurred as a result of its administration out of the proceeds generated therefrom.

In addition to all the foregoing fees and charges, the Assignor expressly agrees that the Assignee shall be entitled to a further fee equal to any and all interest earned and received by the Assignee on any trust and other funds in its hands and arising from this assignment.

In an addition to all of the foregoing, when applicable, in the opinion of the Board of Directors of Assignee, an additional and reasonable fee may be taken for special, unusual, or extraordinary services actually performed by Assignee in connection with the operation, management, preservation, or administration of the property of the Assignment; and, in this connection the Board of Directors of the Assignee corporation, or the President of the Assignee corporation, is hereby given the right and discretion to determine the nature and extent of such special, unusual or extraordinary services, and the amount of additional fees in connection therewith.

The total of all of said fees shall be paid from the property assigned, and from all of the proceeds thereof and from any interest, income and increments and any additions thereto.

Any contract, liability, or obligation made by Assignee in connection with the administration of this agreement shall not personally bind Assignee or any of its officers, agents, or employees, but it shall obligate Assignee in its capacity as Assignee only, whether or not the Contract specifically so provides.  Assignee hereunder shall be liable only in its official capacity for reasonable care and diligence in administering the estate created by this assignment.

Assignor as to all existing creditors extends the statute of limitations upon their respective claims for a period of one year from the date hereof.

CMA 010

Said Assignee is also authorized and empowered to appoint such agents, field representatives, attorneys and/or accountants as it may deem necessary, and such agents and/or field representatives shall have full power and authority to open bank accounts in the name of the Assignee or its nominees or agents and to deposit assigned assets or the proceeds thereof in such bank accounts and to draw checks thereon and with the further power and authority to do such other acts and to execute such papers and documents in connection with this assignment as said Assignee may consider necessary or advisable.

*IN WITNESS WHEREOF*, the said parties have hereunto set their hands the day and year first above written.

By: _____
Frank O'Connell, Chairman Indian Motorcycle

By: _____

**CREDIT MANAGERS ASSOCIATION OF CALIFORNIA**
**a California corporation, doing business as**
**CMA BUSINESS CREDIT SERVICES**

By: _____
Robert Hoder, Secretary

CMA 011

Form 101 (10-90)

# GENERAL ASSIGNMENT

THIS ASSIGNMENT, Made this 12th day of May 2004, by IMCOA Licensing America, Inc., a Delaware corporation at 200 E. 10th Street in the City of Gilroy, County of Santa Clara, State of California, FEDERAL TAX IDENTIFICATION NUMBER: 98-0196053, party of the first part, hereinafter referred to as Assignor, to Credit Managers Association of California, a California corporation, of Burbank, California, doing business as CMA Business Credit Services, party of the second part, hereinafter referred to as Assignee.

WITNESSETH: That said assignor, for and in consideration of the covenants and agreements to be performed by the party of the second part, as hereinafter contained, and of the sum of One Dollar ($1.00) to Assignor in hand paid by said Assignee, receipt whereof is hereby acknowledged, does by these presents grant, bargain, sell, assign, convey and transfer unto said Assignee, its successors and assigns, in trust, for the benefit of Assignor's creditors generally, all of the property of the Assignor of every kind and nature and wheresoever situated, both real and personal, and any interest or equity therein not exempt from execution, including, but not limited to, all that certain stock of merchandise, furniture, fixtures, equipment, book accounts, books, bills receivable, cash on hand, cash in bank, deposits, patents, copyrights, trademarks and trade names, insurance policies, tax refunds, rebates, insurance refunds and claims, choses in action that are legally assignable, together with the proceeds of any existing non-assignable choses in action that may hereafter be recovered or received by the Assignor.

This assignment specifically includes and covers all claims for refund or abatement of all excess taxes heretofore or hereafter assessed against or collected from the Assignor by the U.S. Treasury Department, and any State or local taxing agency, and the Assignor agrees to sign and execute power of attorney or all other documents as required to enable said Assignee to file and prosecute, compromise and/or settle, all such claims before the Internal Revenue Service and any State or local taxing agency, and agrees to endorse any tax refund checks relating to the prior operations of said Assignor's business and to deliver such checks to the Assignee.

Leases and leasehold interests in real estate are not included in this assignment. However, if the Assignee shall determine that the same may be assigned and also that the same has a realizable value for creditors, then the Assignor agrees that upon written demand of the Assignee, it will assign and transfer said lease or leasehold interest to said Assignee, or nominee, for administration under the terms of this general assignment.

Contracts and/or agreements between Assignor and any Labor Union, or Trade Associations, are excepted from and not included in this assignment.

The Assignor authorizes the forwarding of its mail by the U.S. Postal Department as directed by the Assignee.

Said Assignee is to receive the said property, conduct the said business, should it deem it proper, and is hereby irrevocably authorized at any time after the execution hereof to sell, lease, or otherwise dispose of said property upon such time and terms as it may see fit. Said Assignee shall use and apply the net proceeds arising from the conducting of said business and from the sale, or lease or other disposition of said property as follows:



EXHIBIT

tabbies

_10_

CMA 012

*FIRST:* To deduct therefrom (or to reimburse itself with respect to) all sums which said Assignee may at its option pay for the discharge of any lien on any of said property and any indebtedness which under the law is entitled to priority of payment, and all expenses, including a reasonable fee (as hereinafter defined) and to its attorney, and to the attorney for the Assignor; and, in those instances where a creditors' committee has been selected at any meeting of the creditors of the Assignor (without regard to the actual amount or number of creditors present at such creditors' meeting) then a reasonable fee shall be paid to the attorney appointed by said Creditors' Committee in an amount fixed by the said creditors' committee and said Assignee.

*SECOND:* The balance of the proceeds then remaining shall be paid to the creditors of the Assignor, pro rata, according to the indebtedness due each of them, individually, from the Assignor.

With respect to the fees of the Assignee referred to in the aforementioned paragraph *FIRST* hereinabove, Assignor hereby expressly and irrevocably agrees as follows: That the term "a reasonable fee to Assignee", as used herein, is defined as, and includes the following: (a) An administration fee computed on the basis of the total monies handled in connection with this Assignment and for the assembly, inventorying, collection and liquidation of the assets assigned, in accordance with the following schedule, to wit: the greater of a minimum fee of $75,000, or a fee of 3% shall apply.

The Assignee shall be entitled to reimbursement of all expenses incurred as a result of its administration out of the proceeds generated therefrom.

In addition to all the foregoing fees and charges, the Assignor expressly agrees that the Assignee shall be entitled to a further fee equal to any and all interest earned and received by the Assignee on any trust and other funds in its hands and arising from this assignment.

In an addition to all of the foregoing, when applicable, in the opinion of the Board of Directors of Assignee, an additional and reasonable fee may be taken for special, unusual, or extraordinary services actually performed by Assignee in connection with the operation, management, preservation, or administration of the property of the Assignment; and, in this connection the Board of Directors of the Assignee corporation, or the President of the Assignee corporation, is hereby given the right and discretion to determine the nature and extent of such special, unusual or extraordinary services, and the amount of additional fees in connection therewith.

The total of all of said fees shall be paid from the property assigned, and from all of the proceeds thereof and from any interest, income and increments and any additions thereto.

Any contract, liability, or obligation made by Assignee in connection with the administration of this agreement shall not personally bind Assignee or any of its officers, agents, or employees, but it shall obligate Assignee in its capacity as Assignee only, whether or not the Contract specifically so provides. Assignee hereunder shall be liable only in its official capacity for reasonable care and diligence in administering the estate created by this assignment.

Assignor as to all existing creditors extends the statute of limitations upon their respective claims for a period of one year from the date hereof.

Said Assignee is also authorized and empowered to appoint such agents, field representatives, attorneys and/or accountants as it may deem necessary, and such agents and/or field representatives shall have full power and authority to open bank accounts in the name of the Assignee or its nominees or agents and to deposit assigned assets or the proceeds thereof in such bank accounts and to draw checks thereon and with the further power and authority to do such other acts and to execute such papers and documents in connection with this assignment as said Assignee may consider necessary or advisable.

*IN WITNESS WHEREOF*, the said parties have hereunto set their hands the day and year first above written.

By: _____

Frank O'Connell, Chairman, Indian Motorcycle

By: _____


**CREDIT MANAGERS ASSOCIATION OF CALIFORNIA**
a California corporation, doing business as
**CMA BUSINESS CREDIT SERVICES**

By: _____

Robert Hoder, Secretary

CMA 014

03/26/2003   08:43    4085789010                    INDIAN MOTORCYCLE                    PAGE  01
                                                        (802) 457-4125                    P. 1

Sep 26 03 08:18p     F O'Connell

Form 101 (12-44)

# GENERAL ASSIGNMENT

THIS ASSIGNMENT, Made this 26th day of September, 2003, BY Indian Motorcycle Corporation, a California corporation with offices at 200 E. 10th Street in the City of Gilroy, County of Santa Clara State of California, party of the first part, hereinafter referred to as Assignor, to Credit Managers Association of California, a California corporation, of Burbank, California, doing business as CMA Business Credit Services, party of the second part, hereinafter referred to as Assignee.

WITNESSETH: That said assignor, for and in consideration of the covenants and agreements to be performed by the party of the second part, as hereinafter contained, and of the sum of One Dollar ($1.00) to Assignor in hand paid by said Assignee, receipt whereof is hereby acknowledged, does by these presents grant, bargain, sell, assign, convey and transfer unto said Assignee, its successors and assigns, in trust, for the benefit of Assignor's creditors generally, all of the property of the Assignor of every kind and nature and wheresoever situated, both real and personal, and any interest or equity therein not exempt from execution, including, but not limited to, all that certain stock of merchandise, furniture, fixtures, equipment, book accounts, books, bills receivable, cash on hand, cash in bank, deposits, patents, copyrights, trademarks and trade names, insurance policies, tax refunds, rebates, insurance refunds and claims, choses in action that are legally assignable, together with the proceeds of any existing non-assignable choses in action that may hereafter be recovered or received by the Assignor.

This assignment specifically includes and covers all claims for refund or abatement of all excess taxes heretofore or hereafter assessed against or collected from the Assignor by the U.S. Treasury Department, and any State or local taxing agency, and the Assignor agrees to sign and execute power of attorney or all other documents as required to enable said Assignee to file and prosecute, compromise and/or settle, all such claims before the Internal Revenue Service and any State or local taxing agency, and agrees to endorse any tax refund checks relating to the prior operations of said Assignor's business and to deliver such checks to the Assignee.

Leases and leasehold interests in real estate are not included in this assignment. However, if the Assignee shall determine that the same may be assigned and also that the same has a realizable value for creditors, then the Assignor agrees that upon written demand of the Assignee, it will assign and transfer said lease or leasehold interest to said Assignee, or nominee, for administration under the terms of this general assignment.

Contracts and/or agreements between Assignor and any Labor Union, or Trade Associations, are excepted from and not included in this assignment.

The Assignor authorizes the forwarding of its mail by the U.S. Postal Department as directed by the Assignee.

Said Assignee is to receive the said property, conduct the said business, should it deem it proper, and is hereby irrevocably authorized at any time after the execution hereof to sell, lease, or otherwise dispose of said property upon such time and terms as it may see fit. Said Assignee shall use and apply the net proceeds arising from the conducting of said business and from the sale, or lease or other disposition of said property as follows:



EXHIBIT
11

CMA 004

09/26/2003  08:43    4085769010                    INDIAN MOTORCYCLE                    PAGE  02
                                              (802) 457-4125                                        P. 2

Sep 26 03 08:18p        F O'Connell

*FIRST:* To deduct therefrom (or to reimburse itself with respect to) all sums which said Assignee may at its option pay for the discharge of any lien on any of said property and any indebtedness which under the law is entitled to priority of payment, and all expenses, including a reasonable fee (as hereinafter defined) and to its attorney, and to the attorney for the Assignor; and, in those instances where a creditors' committee has been selected at any meeting of the creditors of the Assignor (without regard to the actual amount or number of creditors present at such creditors' meeting) then a reasonable fee shall be paid to the attorney appointed by said Creditors' Committee in an amount fixed by the said creditors' committee and said Assignee.

*SECOND:* The balance of the proceeds then remaining shall be paid to the creditors of the Assignor, pro rata, according to the indebtedness due each of them, individually, from the Assignor.

With respect to the fees of the Assignee referred to in the aforementioned paragraph *FIRST* hereinabove, Assignor hereby expressly and irrevocably agrees as follows: That the term "a reasonable fee to Assignee", as used herein, is defined as, and includes the following: (a) An administration fee computed on the basis of the total monies handled in connection with this Assignment and for the assembly, inventorying, collection and liquidation of the assets assigned, in accordance with the following schedule, to wit: the greater of a minimum fee of $75,000, or a fee of 3% shall apply.

The Assignee shall be entitled to reimbursement of all expenses incurred as a result of its administration out of the proceeds generated therefrom.

In addition to all the foregoing fees and charges, the Assignor expressly agrees that the Assignee shall be entitled to a further fee equal to any and all interest earned and received by the Assignee on any trust and other funds in its hands and arising from this assignment.

In an addition to all of the foregoing, when applicable, in the opinion of the Board of Directors of Assignee, an additional and reasonable fee may be taken for special, unusual, or extraordinary services actually performed by Assignee in connection with the operation, management, preservation, or administration of the property of the Assignment; and, in this connection the Board of Directors of the Assignee corporation, or the President of the Assignee corporation, is hereby given the right and discretion to determine the nature and extent of such special, unusual or extraordinary services, and the amount of additional fees in connection therewith.

The total of all of said fees shall be paid from the property assigned, and from all of the proceeds thereof and from any interest, income and increments and any additions thereto.

Any contract, liability, or obligation made by Assignee in connection with the administration of this agreement shall not personally bind Assignee or any of its officers, agents, or employees, but it shall obligate Assignee in its capacity as Assignee only, whether or not the Contract specifically so provides. Assignee hereunder shall be liable only in its official capacity for reasonable care and diligence in administering the estate created by this assignment.

Assignor as to all existing creditors extends the statute of limitations upon their respective claims for a period of one year from the date hereof.

CMA 005

Said Assignee is also authorized and empowered to appoint such agents, field representatives, attorneys and/or accountants as it may deem necessary, and such agents and/or field representatives shall have full power and authority to open bank accounts in the name of the Assignee or its nominees or agents and to deposit assigned assets or the proceeds thereof in such bank accounts and to draw checks thereon and with the further power and authority to do such other acts and to execute such papers and documents in connection with this assignment as said Assignee may consider necessary or advisable.

IN WITNESS WHEREOF, the said parties have hereunto set their hands the day and year first above written.

By:_____
Frank O'Connell, Chairman Indian Motorcycle Company

CREDIT MANAGERS ASSOCIATION OF CALIFORNIA
a California corporation, doing business as
CMA BUSINESS CREDIT SERVICES

By:_____
Robert Hoder, Secretary

CMA 006

09/26/2003  08:43    4065793212                INDIAN MOTORCYCLE                    PAGE  04
                                                      (802) 457-4125                        P. 4

Sep 26 03 08:19p        F O'Connell

# MINUTES OF THE MEETING

At a meeting of the directors of Indian Motorcycle Company, a Delaware corporation, held by telephone at 9:00 p.m. EST on September 26, 2003, the following directors were present: Frank O'Connell, Andrew Cope, Marc B. Wolpow, Geoffrey S. Rehnert, Don Bramley, Timothy White

The Chairman announced that the purpose of the meeting was to consider the financial condition of the company and the advisability of making a general assignment for the benefit of creditors.

On motion by Frank O'Connell, seconded by Andrew Cope, the following resolution was adopted after full and complete discussion by the directors, to-wit:

BE IT RESOLVED:

That anyone of the officers of this corporation be, and is, hereby authorized and directed by the directors of this company, in meeting assembled, to make an assignment of all assets of the corporation to Credit Managers Association of California, a California corporation, of Burbank, California, doing business as CMA Business Credit Services, for the pro rata benefit of all creditors of this corporation, and that any one officers be, and is hereby authorized and directed to execute said assignment containing such provisions as may be agreed upon between them and said Credit Managers Association of California, a California corporation, doing business as CMA Business Credit Services (Assignee), and is also authorized and directed to execute and deliver to said Credit Managers Association of California, a California corporation, doing business as CMA Business Credit Services (Assignee), such other deeds, assignments, and agreements as may be necessary to carry this resolution into effect.

BE IT FURTHER RESOLVED:

That said assignee for the benefit of creditors be, and it hereby is, authorized to execute and file and prosecute on behalf of this corporation all claims for refund or abatement of all excess taxes heretofore or hereafter assessed against or collected from this corporation and any one officer of this corporation be, and it is, hereby authorized and directed to make, execute and deliver in favor of such person as may be designated by the assignee for the benefit of creditors, a power of attorney on the regular printed form thereof used by the United States Treasury Department so as to authorize said attorney-in-fact to process any tax claims for it on behalf of this corporation.

There being no further business to come before the directors, the meeting adjourned.

I, Frank O'Connell, Chairman of the Board of Directors of Indian Motorcycle Company, a Delaware corporation, do hereby certify that the foregoing is a true and correct copy of the minutes of the meeting of directors held by telephone on September 26, 2003, at the hour stated and that the

CMA 007

resolution contained in said minutes was adopted by the directors at said meeting and the same has not been modified or rescinded.

Dated September 26, 2003

*[signature: Frank O'Connell]*

Frank O'Connell , Chairman

## CONSENT TO ASSIGNMENT BY STOCKHOLDERS

The undersigned the sole shareholder of Indian Motorcycle Corporation, a California corporation, does hereby give its consent to the within assignment and transfer of the property of said corporation.

Indian Motorcycle Company

*[signature: Frank O'Connell]*

Frank O'Connell, Chairman

CMA 008