IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  95-cv-00777-REB-CBS

In re:   THE RECEIVERSHIP ESTATE OF INDIAN MOTORCYCLE MANUFACTURING, INC.

**ASSIGNEE'S RESPONSE TO RECEIVER'S MOTION TO STAY MAGISTRATE'S ORDER OF OCTOBER 26, 2006**

COMES NOW Credit Managers Association of California, dba Business Credit Services ("Assignee" or "CMA") as Assignee, pursuant to California Assignments for the Benefit of Creditors and General Assignments by Indian Motorcycle Company, Indian Motorcycle Corporation, Indian Motorcycle Real Estate Services, Inc., IMCOA Licensing America, Inc., and IMCOA Holdings America, Inc. (collectively, the "Indian Entities"), and files this Response on behalf of the Assignee and the Indian Entities to the Receiver's Motion to Stay Magistrate Judge's Order of October 26, 2006 ("Motion").  As grounds, Assignee states as follows:

1. **Local Rule 7.1 Conference:**  To clarify the Assignee's position *vis-à-vis* the Rule 7.1 conference, the Assignee informed counsel for the Receiver both verbally and in writing that it had no objection to a stay of the Magistrate Judge's Order of October 26, 2006 ("Order") *with respect to the payment of one-half of the Cash Fund to the Receiver* until such time as this Court has ruled on the Receiver's Motion to Modify the Order.  The Assignee also stated its position that it did not agree to a stay of the Order *with respect to the payment of one half of the Cash Fund, plus accrued interest, to the Assignee*.

2. **Motion to Stay:**  While it is unclear exactly what the Receiver is seeking by way of the Motion, the Assignee objects to such Motion to the extent it seeks to stay the payment to the Assignee of one half of the Cash Fund, plus accrued interest.  The Motion to Modify the

00053574                                                                 1

Order filed on November 2, 2006 [Docket No. 2441] ("Motion to Modify") seeks two things: (i) that the payment of one half of the Cash Fund be made to Sterling, instead of the Receiver, as set forth in the Order; and (ii) that the Order be entered in the 05-01573 Action, as well as this 95-00777 Action. The Receiver has never sought any modification of that portion of the Order directing Fairfield & Woods to pay to the Assignee one half of the Cash Fund, plus accrued interest, on or before December 1, 2006. Thus, there is no rationale for a stay of that portion of the Order and Fairfield & Woods should be required to adhere to that aspect of the Order.

3. **Collateral Arguments:** In Footnote 1 of the Motion, the Receiver and/or Sterling seem to be re-asserting, through collateral attack, some argument for the filed, briefed and argued Motion to Strike in the 05-01573 Action. Of course, the Receiver's and/or Sterling's reliance on such methods and their reference to: (i) a complaint that is subject to a pending Order to Show Cause why it should not be stricken; and (ii) a motion in a dismissed action is inappropriate and unfounded. This Court should ignore the Receiver's and/or Sterling's collateral argument.

4. **Assignee's Position on Motion to Modify:** In the Motion to Modify, the Receiver states, *inter alia*, that the Assignee does not object to the entry of the Order in the 05-01573 Action (in addition to its entry in this 95-00777 Action). While the Assignee initially expressed ambivalence with respect to the entry of the Order in the 05-01573 Action, the latest Motion to Stay from the Receiver has illuminated the true intent of the Receiver and, more particularly, Sterling with respect thereto. Accordingly, the Assignee states its objection to such entry of the Order. It is clear that the entry of the Order in the 05-01573 Action will simply facilitate the improper appeal of the Order by a party who was thoroughly familiar with and participated in all proceedings related to the Cash Fund Dispute, but failed to intervene in the

appropriate action.[1]  This Court should not tolerate such judicial manipulation and should deny any request to enter the Order in any action other than the action in which the Order arose, the 95-00777 Action.

WHEREFORE, for the reasons set forth herein, the Assignee respectfully requests that this Court deny the Receiver's Motion to Stay the October 26, 2006 Order to the extent that such Order requires that Fairfield & Woods pay over to the Assignee one half of the Cash Fund, plus all accrued interest.  The Assignee does not object to a stay of such Order with respect to the payment of the balance of the Cash Fund to the Receiver until such time as this Court has ruled on the Receiver's Motion to Modify Order.

Respectfully submitted this 29th day of November, 2006.

                BIEGING SHAPIRO & BURRUS LLP

By:   s/ Julie Trent
       Julie Trent, No. 17086
       4582 S. Ulster Street Pkwy., Suite 1650
       Denver, CO  80237
       Office:  (720) 488-0220
       Fax:  (720) 488-7711
       E-mail: jtrent@bsblawyers.com

       Robert Pitts
       LAW OFFICE OF ROBERT W. PITTS
       660 Newport Center Drive, Suite 400
       Newport Beach, California 92660
       T:  949-720-4125
       F:  949-720-4111
       E:  rpitts@lawrwp.com
       *Attorneys for CMA as Assignee of the Indian Entities*

---

[1] The Receiver's Motion to Stay highlights, yet again, the serious and ongoing conflicts of interest that exist in this case.  What the Receiver and its counsel are purporting to do through the Motion to Stay is take money out of the receivership estate and put it in the hands of Sterling Consulting Corporation.

## **CERTIFICATE OF SERVICE**

        I hereby certify that on November 29, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all parties who have entered an appearance in this matter, and sent, by the method indicated, the foregoing to those individuals set forth below:

Thomas F. Quinn, Esq.　　　　　　　　　　E-mail: tquinn@tfqlaw.com

And by U.S. Mail, first class, postage prepaid and facsimile number to the following:

Michael E. Chodos, Esq.　　　　　　　　　Fax:　310.791.1958
Michael E. Chodos, Attorney at Law
56 Malaga Cove Plaza
Palos Verdes Estates, CA 90274

Jack Tanner, Esq.　　　　　　　　　　　　Fax:　303.830.1033
Fairfield & Woods, PC
1700 Lincoln St., Suite 2400
Denver, CO  80203

　　　　　　　　　　　　　　　　　　　　　s/ Julie Trent
　　　　　　　　　　　　　　　　　　　　**Julie Trent**, No. 17086
　　　　　　　　　　　　　　　　　　　　Bieging Shapiro & Burrus, LLP
　　　　　　　　　　　　　　　　　　　　4582 South Ulster Street Parkway, Suite 1650
　　　　　　　　　　　　　　　　　　　　Denver, Colorado 80237
　　　　　　　　　　　　　　　　　　　　Telephone:  (720) 488-0220
　　　　　　　　　　　　　　　　　　　　Fax: (720) 488-7711
　　　　　　　　　　　　　　　　　　　　E-mail:  jtrent@bsblawyers.com