UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 95-cv-00777-REB-CBS

In re: Indian Motorcycle Manufacturing, Inc., a New Mexico Corporation

## EMERGENCY MOTION FOR INSTRUCTIONS BY RECEIVER

Sterling Consulting Corporation, as receiver, by and through its attorneys, Fairfield and Woods, hereby makes this emergency request for instructions as follows:

### BASIS FOR ASKING FOR INSTRUCTIONS

1. A receiver, when unsure what to do, has not just a right to seek instructions from its appointing court, but the affirmative duty to do so. Professor Ralph Ewing Clark, in 2 *Clark on Receivers*, § 361 states the following:

> § 361 Receiver's duty to ask for instructions. Receivers have a very large latitude in the matter of asking advice and seeking the protection of the court appointing them with reference to the discharge of their duties. They are at all times entitled to apply to the court for instructions. . . . [T]he receiver himself can and should apply for instructions in matters pertaining to the preservation of the estate. (See 102, supra.)

[Internal citations omitted.]

2. The United States Court of Appeals for the Sixth Circuit, in *Haines v. Buckeye Wheel Co.*, 224 F. 289, 1860 (6th Cir. 1915) wrote "'A receiver is an officer of court, and amenable to it for a proper discharge of the trust confided to him. When he is in doubt as to what he ought to do, he should take the advice of the court.' By so doing he can at all times protect himself, and if he neglects or refuses to avail himself of the ample and effective shield which the

law thus provides and places in his hands, he acts upon his own responsibility and at his own risk and peril." [Quoting *In re Angell*, 131 Mich. 345, 91 N.W. 611, (1902)]

3. The right of a receiver to get Instructions from the appointing Court was considered at length in this Receivership Action in a situation where the receiver asked for Instructions and the United States of America argued that Instructions were neither necessary nor appropriate. The Colorado District Court disagreed, writing that receivers can and should ask for Instructions whenever a receiver needs direction. That is the law generally, and it is the law of this case.

## REQUEST FOR INSTRUCTIONS

4. Pursuant to the Amended Order Approving and Adopting Magistrate Judge's Recommendation dated July 28, 2006 (the "Order"), the receiver commenced its efforts to collect from Claimants that had been overpaid. One of the parties that had been overpaid before was Windsor Group, LP. That partnership has since dissolved, so in the ordinary course of considering whether any action beyond the actual Claimant was appropriate, the receiver determined that Mr. Andrew Reiser was the Claimant's general partner. This determination was made from Mr. Reiser's own Internet Web site. Mr. Reiser has not disputed his position in the Claimant as general partner. As a general partner is liable for the debts of a general partnership that lacks assets, the receiver sent demand to Mr. Reiser.

5. Rather than respond to the Order by objecting or otherwise in this Court, Mr. Reiser filed suit for negligent infliction of emotional distress against Sterling, in its individual corporate capacity (not as receiver), in New York *sub nom. Reiser v. Sterling Consulting Corporation*, Supreme Court, State of New York, County of New York, Case No. 117107/06

(the "New York Action").  A copy of the Summons is attached as Exhibit 1.  [Sterling has never been provided with a copy of the Complaint itself.]

6. Sterling has not yet been properly served, although a couple of half-hearted attempts at substituted service have been made.  For example, Mr. Reiser sent a copy of the summons without the complaint by overnight delivery to undersigned receiver's counsel.  As the Court is aware, undersigned counsel is not counsel for Sterling Consulting Corporation, in its individual corporate capacity, and Sterling Consulting Corporation in its individual corporate capacity is not a party to this Receivership Action.

7. This suit presents a potential conflict of interest between the Sterling and the receiver.  Pursuant to the Order appointing receiver, this matter should be brought against the receiver in the Receivership Action.  Typically, the receiver would intervene in the suit in New York and defend the action.  The Receivership Estate lacks funds to retain New York counsel, however, and Sterling Consulting Corporation in its individual corporate capacity should not be expected to incur substantial costs defending itself from the New York Action, which was filed in response to the receiver's refusal to abandon collection efforts, and is therefore intended to defeat the receiver's collection efforts.

8. The receiver sees two possible actions by this Court.  One is to issue an Order to Show Cause why Mr. Reiser should not be held in contempt.  The second is to instruct the receiver to cease trying to collect from Mr. Reiser.  Because the matter is urgent, and because the receiver cannot unilaterally do anything except cease colletion efforts, if instructions are not received within 30 days from the date of this Request, the receiver will assume the latter course is desired by the Court and cease trying to collect from Mr. Reiser.  Although this may well

provide a road map to others seeking to avoid collection, and thus result in the effective end of all collection activities, it is unreasonable to expect Sterling Consulting Corporation to incur substantial expenses in addition to the $750,000-plus Sterling Consulting Corporation has lost as a result of this Receivership Action.

9. This Request has been made as an Emergency Request for Instructions because the receiver believes it is possible for Mr. Reiser to make representations to the Court in the New York Action adequate to obtain a default judgment. A default judgment would damage Sterling Consulting Corporation by its mere existence. For example, with such a judgment, Sterling Consulting Corporation would be unable to qualify for any government contract with such an outstanding judgment.

WHEREFORE, Sterling Consulting Corporation as receiver prays that this Court give instructions on how to proceed in light of the matter above.

Respectfully submitted this 13th day of December, 2006.

By: *s/ John M. Tanner*
Fairfield and Woods, P.C.
1700 Lincoln Street, Suite 2400
Denver, CO 80203-4524
Phone: (303) 830-2400
Fax: (303) 830-1033
Email: jtanner@fwlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses or as indicated below or by United States Mail, postage prepaid:

**VIA CM/ECF TO:**

Alan Lemont Hale Esq.
Hale Friesen, LLP
1430 Wynkoop St., Ste. 300
Denver, CO  80202
**Attorney for Richard Basciani, N. Rooke Everill, Pres./Everill Bros., Inc., John H. Nicholson or Virginia A. Nicholson**
ahale@haldfriesen.com

Edward T. Ramey, Esq.
Stuart H. Pack, Esq.
Isaacson Rosenbaum
  Woods and Levy
633 17th St., Ste. 2200
Denver, CO  80202
**Attorneys for William R. Childs, Scott McCormick, Jr., Douglas Walliser, Ronald Schiff, Edward Pacelli, Morty Lempel, A.B. Goldberg, First Entertainment, Harvey Rosenberg**
eramey@ir-law.com
spack@ir-law.com

James R. Cage, Esq.
Cage Williams Abelman
  & Layden, P.C.
St. Elmo Bldg.
1433 17th St.
Denver, CO  80202-1273
**Attorney for Carl D. Lucci/Albert R. Lucci**
jcage@cagewilliams.com

J. Eric Ellliff, Esq.
Kristen Taylor-Randall, Esq.
Morrison & Foerster, LLP
370 17th St., Ste. 3550
Denver, CO  80203
**Attorney for IMCOA**
jelliff@mofo.com

Adam F. Hulbig
Trial Attorney, Tax Division
US Dept. of Justice
PO Box 683
Ben Franklin Station
Washington, DC  20044
**Attorney for United States of America**
adam.f.hulbig@usdoj.gov

Gary C. Moschetti, Esq.
Hatch & Moschetti, LLP
1800 Glenarm Pl., 9th Floor
Denver, CO  80202
**Attorney for Edward Leal**
gmoschetti@hatchlawyers.com

Cassandra Sasso, Esq.
Baker & Hostetler
303 E. 17th Ave., Ste. 1100
Denver, CO  80203-1264
**Attorney for Michelle Lean**
csasso@bakerlaw.com

Michael J. Pankow
Daniel J. Garfield
Brownstein Hyatt & Farber PC
410 17th Street, Suite 2200
Denver, CO  80202
**Attorneys for Michael Payne**
mpankow@bhf-law.com
dgarfield@bhf-law.com

**VIA UNITED STATES MAIL:**
James Duberg, Esq.
727 Third Ave.
Chula Vista, CA  91910-5803

Mark S. Schmittt, Esq.
Maier, Mcilnay Schmitt & Button
1150 Washington St.
Grafton, WI  53024-1916
**Attorney for Miller Simon & Maier**

Peter C. Freeman, Esq.
Law Offices of Peter C. Freeman
16485 Laguna Canyon Rd., Ste. 230
Irvine, CA  92618-3846
**Attorney for Scott Kajiya**

Mr. Albert Lucci
1930 Wyoming Ave.
Fort Pierce, FL  34982

Peter Sklarew, Esq.
Assistant Chief
Civil Trial Section, Northern Region
United States Dept. of Justice
Tax Division
PO Box 55
Washington, D.C.  20044
**Attorney for IRS**

Robert J. Danie, Eq.
9 Wagon Wheel Drive
Feeding Hills, MA  01030

Noreene C. Stehlik, Esq.
U.S. Dept. of Justice
PO Box 683
Ben Franklin Station
Washington, D.C.  20044
**Attorney for IRS**

Robert L. Morrow, Jr., MD
401 N. College Rd., #5
Lafayette, LA  70506

Nicholas A. Russo, Sr.
310 Extonville Road
Allentown, NJ  08501

Richard J. Cortesi
5316 Camino Montano, N.E.
Albuquerque, NM  87111

Albert R. Gazza
589 Manchester
E. Glastonbury, CT  06025-0085

Ronald Fulfer
15315 S. Francis Dr.
Plainfield, IL  60544

Richard Dale Wood
13997 80th Ave. North
Maple Grove, MN  55311

Steve Halprin
1316 Penningtow Place
Concord, N.C.  28207

Alf Iseback
**SWEDEN**
[mail returned, no forwarding address]

Kathryn L. Troccoli
1911 Champlain St.
Ottawa,IL  61350

Ed Pink
Ed Pink Racing Engines, Inc.
14612 Raymer Street
Van Nuys, CA  91405

Montgomery & Andrews, P.A.
325 Paseo De Peralta
Santa Fe, NM  87501

John Petitto
Town & Country Sports Center, Inc.
U.S. 12 & U.S. 127
Cement City, MI  49233

Marcia Taylor
Bennett Motor Group Express
1001 Industrial Parkway
McDonough, GA  30253

Richard Basciani
Basciani Foods
8876 GapNewport Pike
Avondale, PA  19311

Rooke Everill
Derek John Everill
Ken Everill
1204 Lake Point Circle
McKinne, TX  75070

Michael D. Fowler
Martha Dickson (Deceased)
1680 S.W. St. Lucie West Blvd.
Port St. Lucie, FL  34986

John Inelli
17 Old Farmstead Rd.
Chester, NJ  07930

Eller Industries
c/o Leonard S. ("Lonnie") Labraiola
6035 N. 115th Street
Longmont, CO  80504-8434

**Registered Agent:**
Randal L. Hittle
[moved, left no forwarding address]

John Nicholson
22 Thoreau Ct.
Beverly, MA  01915

**VIA E-MAIL:**
Richard A. Block
President
Sterling Consulting Corporation
4101 E. Louisiana Ave., Ste. 300
Denver, CO  80246
**Receiver**
rblock@xpn.com

**Courtesy Copies to:**
Julie Trent
jt@bsblawyers.com

Eugene Sprague
esprague@bw-legal.com

Michael Chodos
michael@chodos.com

Robert Pitts
rpitts@lawrwp.com

Thomas F. Quinn
tquinn@tfqlaw.com

Henry N. Portner, Esq.
Pineapple Grove Corporate Center
101 Pineapple Grove Way
Delray Beach, FL  33444-3703


By:  *s/ John M. Tanner*
     Fairfield and Woods, P.C.
     1700 Lincoln St., #2400
     Denver, CO  80203
     Phone:  (303) 830-2400
     Fax:  (303) 830-1033
     Email:  jtanner@fwlaw.com