UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 95-cv-00777-REB-CBS

In re: Indian Motorcycle Manufacturing, Inc., a New Mexico Corporation

**NOTICE OF: (A) INTENDED ENGAGEMENT BY STERLING
(NOT AS RECEIVER) AND (B) CONTENTION BY CMA THAT RECEIVER
HAS ONGOING DUTIES TO TRADEMARK**

Sterling Consulting Corporation, as receiver, by and through its attorneys, Fairfield and Woods, hereby gives notice to the court of the following:

1. Sterling (in its individual corporate capacity, and not as receiver) has been approached by a company called Rolling Thunder to engage Sterling as a business consultant. Although the scope of the engagement is not fully defined, it involves providing business advice concerning approximately 5,000 defective PowerPlus 100 Indian Motorcycle engines that were sold by Indian Motorcycle. Preliminary indications are that at least some of the defective engines were sold with knowledge that they were defective—mostly in the first six months of 2003, but before Indian made the assignment for benefit of creditors to CMA.

2. According to information provided by Rolling Thunder to Sterling, some of the defective engines were sold by Indian Motorcycle after it received confirmation that the engines were defective and after Audax assumed exclusive management control of Indian Motorcycle. It is not clear whether Indian Motorcycle had commenced its negotiations with CMA, nor is it clear that CMA had knowledge of continuing sales of defective engines before it took the first

assignment for the benefit of creditors on September 26, 2003. The letter from Rolling Thunder to Sterling dated December 11, 2006 attached as Exhibit 1.

3. The purpose of this Notice is twofold. First, to inform the Court and the Receivership Estate of the consulting engagement prospectively in order to allow an opportunity for beneficiaries to object. The receiver does not believe there is any basis for an objection, but as discussed below, others may differ.

4. The receiver notes that it does not appear the engagement involves any kind of attack on Indian's rights in the Indian Motorcycle trademarks that were sold by the receiver to Indian (the "Trademark")[1], however, that determination is based partly upon CMA's representation that it has no interest in the Trademark [2].

5. The second purpose for this Notice is contained in a letter dated December 6, 2006 and written by Mr. Robert Pitts, as attorney for CMA, wherein he suggested that somehow

---

[1] The Court's Memorandum Opinion and Order in 05-CV-1573 dated December 12, 2006 (the "1573 Order") cast a light on many subtle issues that have yet to be considered. For example, the only remaining obligation of Sterling or the receiver under the Settlement Agreement that could possibly be executory is the obligation not to attack Indian's rights in the Trademark. Not so clear from the 1573 Order is who might have the right to enforce such an obligation. It is a fact that Indian no longer owns the Trademark, so a strict construction of that provision will not form a proper basis. CMA has repeatedly represented that it has no interest in the Trademark and therefore could not be harmed by a violation of this provision.

Nevertheless, neither the receiver nor Sterling has ever had any intention of violating this provision, nor any reason to do so. Challenging Stellican's ownership of the Trademark is not within the prohibitions of the Settlement Agreement.

[2] The receiver believes that there are certain intellectual properties claimed by Indian Motorcycle that were not sold by the receiver and are not, therefore, subject to the provisions of the August 30, 2000 Settlement Agreement (the "Settlement Agreement" which includes the "Indemnification Agreement") between Indian Motorcycle and Sterling. It would appear that PowerPlus 100 is an example of such a property.

2

Sterling, as receiver, had an inherent obligation not to take actions adverse to the Trademark. A copy of Mr. Pitts' letter is attached as Exhibit 2. It was this assertion that finally precipitated the receiver's decision to file this Notice. In the last sentence of the last paragraph of Mr. Pitts' letter, Mr. Pitts wrote:

> Also, although I am sure it is simply an oversight on Mr. Block's part, his consideration of his fiduciary duties to the Receivership estate in determining whether to proceed with actions adverse to the Indian Trademark are conspicuous by their absence. Nothing herein should be construed as relieving Mr. Block from any such duties, ***independent of his duties under the Settlement Agreement***. [Emphasis added.]

6. The receiver believes this position is wrong. The receiver sold the Trademark nearly seven years ago now and is aware of no continuing obligation to defend the Trademark beyond the obligations (if any) set out in the Settlement Agreement. Importantly, CMA sold the Trademark sometime in 2004, and has repeatedly represented that it has no continuing interest in the Trademark. Thus why Mr. Pitts would be demanding the Trademark be protected escapes the receiver.

7. Contrary to Mr. Pitts' assertion, the receiver does not believe one penny of Receivership Estate resources should be spent in this fashion.[3] The trademark was sold and the money was taken in. That transaction was completed. To the extent the Court or anyone else in the Receivership Estate agrees with Mr. Pitts that somehow the receiver has an affirmative obligation to protect the Trademark independent of the Settlement Agreement, the matter should be considered openly by the Court, rather than through the threats of Mr. Pitts privately.

---

[3] Rolling Thunder and many other creditors of Indian Motorcycle have followed the litigation between Sterling and CMA, and believe that CMA has violated its fiduciary duty to the Assignment Estates by spending resources in defense of the Trademark. It is partially Sterling's unique understanding of these issues (which are distinct from its knowledge of the Trademark itself) that prompted Rolling Thunder to engage Sterling.

3

8. Other than hearing an objection by a legitimate beneficiary of the Receivership Estate as a result of this Notice, the receiver believes that the engagement of Sterling's by Rolling Thunder should not result in any affirmative pleadings in the Receivership Action.

WHEREFORE Sterling Consulting Corporation, as receiver, prays that this Court accept this Notice of activities outside its purview. If the Court believes the receiver's course of action is improper, it may so instruct the receiver. If the Court or CMA believes Sterling's course of action is improper, Sterling may still be found in 05-CV-1573.[4]

Respectfully submitted this 13th day of December, 2006.

By: *s/ John M. Tanner*
Fairfield and Woods, P.C.
1700 Lincoln Street, Suite 2400
Denver, CO 80203-4524
Phone: (303) 830-2400
Fax: (303) 830-1033
Email: jtanner@fwlaw.com

---

[4] The receiver has no part in the proposed engagement, and as the Court correctly observed in the hearing today, Sterling is not a party to the Receivership Action.

4

## CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses or as indicated below or by United States Mail, postage prepaid:

**VIA CM/ECF TO:**

Alan Lemont Hale Esq.
Hale Friesen, LLP
1430 Wynkoop St., Ste. 300
Denver, CO  80202
**Attorney for Richard Basciani, N. Rooke Everill, Pres./Everill Bros., Inc., John H. Nicholson or Virginia A. Nicholson**
ahale@haldfriesen.com

Edward T. Ramey, Esq.
Stuart H. Pack, Esq.
Isaacson Rosenbaum
 Woods and Levy
633 17th St., Ste. 2200
Denver, CO  80202
**Attorneys for William R. Childs, Scott McCormick, Jr., Douglas Walliser, Ronald Schiff, Edward Pacelli, Morty Lempel, A.B. Goldberg, First Entertainment, Harvey Rosenberg**
eramey@ir-law.com
spack@ir-law.com

James R. Cage, Esq.
Cage Williams Abelman
 & Layden, P.C.
St. Elmo Bldg.
1433 17th St.
Denver, CO  80202-1273
**Attorney for Carl D. Lucci/Albert R. Lucci**
jcage@cagewilliams.com

J. Eric Ellliff, Esq.
Kristen Taylor-Randall, Esq.
Morrison & Foerster, LLP
370 17th St., Ste. 3550
Denver, CO  80203
**Attorney for IMCOA**
jelliff@mofo.com

Adam F. Hulbig
Trial Attorney, Tax Division
US Dept. of Justice
PO Box 683
Ben Franklin Station
Washington, DC  20044
**Attorney for United States of America**
adam.f.hulbig@usdoj.gov

Gary C. Moschetti, Esq.
Hatch & Moschetti, LLP
1800 Glenarm Pl., 9th Floor
Denver, CO  80202
**Attorney for Edward Leal**
gmoschetti@hatchlawyers.com

Cassandra Sasso, Esq.
Baker & Hostetler
303 E. 17th Ave., Ste. 1100
Denver, CO  80203-1264
**Attorney for Michelle Lean**
csasso@bakerlaw.com

Michael J. Pankow
Daniel J. Garfield
Brownstein Hyatt & Farber PC
410 17th Street, Suite 2200
Denver, CO  80202
**Attorneys for Michael Payne**
mpankow@bhf-law.com
dgarfield@bhf-law.com

**VIA UNITED STATES MAIL:**
James Duberg, Esq.
727 Third Ave.
Chula Vista, CA  91910-5803

Mark S. Schmittt, Esq.
Maier, Mcilnay Schmitt & Button
1150 Washington St.
Grafton, WI  53024-1916
**Attorney for Miller Simon & Maier**

Peter C. Freeman, Esq.
Law Offices of Peter C. Freeman
16485 Laguna Canyon Rd., Ste. 230
Irvine, CA  92618-3846
**Attorney for Scott Kajiya**

Mr. Albert Lucci
1930 Wyoming Ave.
Fort Pierce, FL  34982

Peter Sklarew, Esq.
Assistant Chief
Civil Trial Section, Northern Region
United States Dept. of Justice
Tax Division
PO Box 55
Washington, D.C.  20044
**Attorney for IRS**

Robert J. Danie, Eq.
9 Wagon Wheel Drive
Feeding Hills, MA  01030

Noreene C. Stehlik, Esq.
U.S. Dept. of Justice
PO Box 683
Ben Franklin Station
Washington, D.C.  20044
**Attorney for IRS**

Robert L. Morrow, Jr., MD
401 N. College Rd., #5
Lafayette, LA  70506

Nicholas A. Russo, Sr.
310 Extonville Road
Allentown, NJ  08501

Richard J. Cortesi
5316 Camino Montano, N.E.
Albuquerque, NM  87111

Albert R. Gazza
589 Manchester
E. Glastonbury, CT  06025-0085

Ronald Fulfer
15315 S. Francis Dr.
Plainfield, IL  60544

Richard Dale Wood
13997 80th Ave. North
Maple Grove, MN  55311

Steve Halprin
1316 Penningtow Place
Concord, N.C.  28207

Alf Iseback
**SWEDEN**
[mail returned, no forwarding address]

Kathryn L. Troccoli
1911 Champlain St.
Ottawa,IL  61350

Ed Pink
Ed Pink Racing Engines, Inc.
14612 Raymer Street
Van Nuys, CA  91405

Montgomery & Andrews, P.A.
325 Paseo De Peralta
Santa Fe, NM  87501

John Petitto
Town & Country Sports Center, Inc.
U.S. 12 & U.S. 127
Cement City, MI  49233

Marcia Taylor
Bennett Motor Group Express
1001 Industrial Parkway
McDonough, GA  30253

Richard Basciani
Basciani Foods
8876 GapNewport Pike
Avondale, PA  19311

Rooke Everill
Derek John Everill
Ken Everill
1204 Lake Point Circle
McKinne, TX  75070

Michael D. Fowler
Martha Dickson (Deceased)
1680 S.W. St. Lucie West Blvd.
Port St. Lucie, FL  34986

John Inelli
17 Old Farmstead Rd.
Chester, NJ  07930

Eller Industries
c/o Leonard S. ("Lonnie") Labraiola
6035 N. 115th Street
Longmont, CO  80504-8434

**Registered Agent:**
Randal L. Hittle
[moved, left no forwarding address]

John Nicholson
22 Thoreau Ct.
Beverly, MA  01915

**VIA E-MAIL:**
Richard A. Block
President
Sterling Consulting Corporation
4101 E. Louisiana Ave., Ste. 300
Denver, CO  80246
**Receiver**
rblock@xpn.com

**Courtesy Copies to:**
Julie Trent
jt@bsblawyers.com

Eugene Sprague
esprague@bw-legal.com

Michael Chodos
michael@chodos.com

Robert Pitts
rpitts@lawrwp.com

Thomas F. Quinn
tquinn@tfqlaw.com

Henry N. Portner, Esq.
Pineapple Grove Corporate Center
101 Pineapple Grove Way
Delray Beach, FL  33444-3703


By:   *s/ John M. Tanner*
        Fairfield and Woods, P.C.
        1700 Lincoln St., #2400
        Denver, CO  80203
        Phone:  (303) 830-2400
        Fax:  (303) 830-1033
        Email:  jtanner@fwlaw.com