# LAW OFFICE OF
# ROBERT W. PITTS

660 Newport Center Drive, Suite 400
Newport Beach, California 92660
T: 949-720-4125
F: 949-720-4111
E: rpitts@lawrwp.com

December 6, 2006

**VIA EMAIL (tquinn@tfqlaw.com)**
Thomas F. Quinn, Esq.
Law Offices of Thomas F. Quinn
1600 Broadway, Suite 2350
Denver, CO 80202

RE: **Sterling Consulting Corporation Engagement**

Dear Mr. Quinn:

Richard Block's letter of November 30, 2006 (received by Michael Joncich on December 5, 2006), has been forwarded to me for response.

As you know, Mr. Block's letter seems to request that the Assignee seek a court Order if it believes Sterling Consulting Corporation's proposed engagement with Rolling Thunder LLC would violate the August 31, 2000 Settlement Agreement's prohibition on certain activities by Sterling. Further, Mr. Block's letter attempts to create some sort of "waiver/estoppel" argument in favor of Sterling if the Assignee does not obtain such an Order and Sterling in fact does violate the terms of the Settlement Agreement. Of course, such a request, and the argument based thereupon, is ludicrous.

First, the Assignee is under no obligation to obtain a prospective Order enjoining activities that violate the terms of the Settlement Agreement. Rather, it is Sterling that has an affirmative obligation to refrain from violating the terms of the Settlement Agreement in the first place. Second, Mr. Block's letter is utterly deficient in describing the proposed engagement in sufficient detail to make any sort of determination regarding whether such engagement will violate the terms of the Settlement Agreement.

Accordingly, please be advised that the Assignee reserves all of its rights to enforce the terms of the Settlement Agreement. Further, to the extent the Assignee determines, through discovery or otherwise, that Sterling has in fact violated the terms of the Settlement Agreement, the Assignee will take all appropriate actions at that time.

Ltr to T. Quinn 12.06.06 re Sterling Engagement

EXHIBIT 2

Thomas F. Quinn, Esq.
Page 2

    Finally, it appears, from the comments in the penultimate paragraph of Mr. Block's letter, that Sterling contemplates the potential for the proposed engagement to adversely impact the Indian Trademarks, and thus violate the terms of the Settlement Agreement. Sterling's knowledge and recognition of this possibility in advance and its subsequent acceptance of the engagement notwithstanding Sterling's knowledge will undoubtedly come into play when and if this matter is brought before the Receivership court. Also, although I am sure it is simply an oversight on Mr. Block's part, his consideration of his fiduciary duties to the Receivership estate in determining whether to proceed with actions adverse to the Indian Trademark are conspicuous by their absence. Nothing herein should be construed as relieving Mr. Block from any such duties, independent of his duties under the Settlement Agreement.

    Should you have any questions regarding the foregoing, please do not hesitate to contact me at 949-720-4125 or via email at rpitts@lawrwp.com.

                                    Very truly yours,

                                    Robert W. Pitts

Cc:    Jack Tanner, Esq.
        Julie Trent, Esq.
        Michael L. Joncich