UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 95-cv-00777-REB-CBS

In re:  Indian Motorcycle Manufacturing, Inc., a New Mexico Corporation

_____

**RECEIVER'S:  (1) MOTION TO DISMISS CLAIMANTS WHO HAVE COMPLIED WITH THE ORDER OF RECONSIDERATION WITH PREJUDICE; AND (2) NOTICE REGARDING ITS PLAN TO WIND-DOWN THE RECEIVERSHIP ACTION**

Sterling Consulting Corporation, as receiver, by and through its attorneys, Fairfield and Woods, P.C., hereby moves the court to dismiss those claimants who have complied with the Court's Order of Reconsideration with Prejudice, and also give the Court its outline for closing down the receivership as follows:

1. Attached hereto as Exhibit A is a list of those Claimants who have complied with the Court's Order and repaid their overpayment in full.[1]  By this motion, the receiver asks that these Claimants be dismissed with prejudice.

2. The receiver recognizes that following dismissal with prejudice, neither it nor any other Claimant in the receivership will be able to pursue these parties for further payments or contribution in the future.

3. Similarly, the Claimants being dismissed with prejudice should understand that once dismissed with prejudice, they will not be able to make requests of the Court.  For example, it is highly unlikely that every Claimant will pay its share, and a dismissal with prejudice will preclude an action for

---

[1] "In full" includes those who took advantage of the court-approved prompt-payment discounts offered by the receiver.

contribution. Nevertheless, dismissal with prejudice is the single most-requested consideration in response to payment by the Claimants who have paid.

4.      As a procedural matter, each dismissal with prejudice should be entered separately. Accordingly, attached is a proposed form of Order for each Claimant the receiver believes should be dismissed with prejudice.

5.      The receiver believes that there are approximately fifty Claimants with Claims of $10,000 and over that have not paid and from which the receiver expects restitution. Of these, many are negotiating with the receiver on facts that the receiver and the government agree should be considered, and two (Mr. Pugliese and Mr. Payne) are litigating their issues. These Claimants are set forth on Exhibit B.

6.      The receiver has segregated the Claimants that have not paid into two main categories: (a) those that have been located, and (b) those that have not been located. The receiver intends to attempt no action against those that have not been located. The receiver has segregated those that have been located into three groups: (i) those over $25,000—approximately twenty Claimants; (ii) those with Claims between $10,000 and $25,000, inclusive—approximately thirty Claimants;[2] and (iii) those with Claims under $10,000—approximately one hundred twenty five.

7.      As to the Claimants who have neither paid nor demonstrated a reason for not paying, the receiver intends to file motions for judgment against

---

[2] The only exception to this approach is Mr. Andrew Reiser, who will be taken up immediately. Mr. Reiser is the subject of the Emergency Motion for Instructions by Receiver, Document Number 2458.

these entities and people so that it can commence execution against them, if they do not make payment. Each motion will contain a request for receiver's fees, attorney's fees, and costs.

8.  The receiver believes that filing ancillary complaints is an alternative procedure that could be used, but the receiver was instructed by Senior Judge Weinshienk to not utilize ancillary complaints because the District Court Clerk could not manage two cases with the same case number.[3] Due to the fact that the Court has not reconsidered the decision to prohibit the use of ancillary complaints within the Receivership Action, the receiver will proceed with collections by motion.

9.  In addition to the remaining collection efforts of the receiver, the only other matters that the receiver currently perceives needing resolution prior to closing the receivership are those raised in the First Amended Complaint (Docket No. 2306). As the Court may recall, Magistrate Judge Schlatter instructed the receiver to conduct discovery (first informal, then formal) and determine how to proceed (Document 2015). Based upon the formal discovery,[4]

---

[3] The use of ancillary complaints is not a new issue to the receivership or to the present Court. It has been raised many times, and has been argued by the government in connection with the Court's Order to Show Cause. As the Court has taken no action on this issue in the past year, and given the receiver's appropriate efforts to bring this receivership to a long-overdue conclusion, the receiver has anticipated inaction on this issue by the Court. An Instruction from the Court to the receiver to delay in filing the motions for judgment against the non-paying Claimants will bring the effort to a halt pending a final determination by the Court.

[4] CMA and Audax did not fulfill their discovery obligations, but the Court declined to compel compliance, suggesting that the Motions to Compel be brought in California and Massachusetts. The Receivership Estate does not have any resources with which to do this so, so discovery may never be completed.

and following some procedural misfires, the receiver filed its First Amended Complaint. The receiver has no doubt that CMA, Audax, and Indian are liable to the Receivership Estate, and that some of the Claimants should be able to offset restitution in part based upon a collection from CMA, Audax, and Indian. Absent support from the Court, however, it is unlikely the receiver will pursue CMA, Audax, and Indian, solely due to lack of resources. Following a decision by this Court to (a) allow the Amended Complaint; (b) consider the Amended Complaint as an ancillary complaint (as suggested by the government in United States' Position on Receiver's Response (DI #2328) to Order to Show Cause (DI #2312) [Document 2356]; or (c) require the receiver to re-file the Amended Complaint as an ancillary complaint (or multiple ancillary complaints), the receiver will pursue its claims against CMA, Audax, and Indian.[5]

10.     The receiver expects that, upon entry of the last of the judgments, and following an opportunity to collect on those judgments, but subject to a

---

The government has undertaken discovery for issues related to collection (as opposed to the direct liability of CMA and Audax to the Receivership Estate) which may result in some of the documents needed by the receiver being obtained. Whereas CMA and Audax have resisted every effort by the receiver, it should come as no surprise that CMA and Audax will probably comply informally with the government's requests.

[5] In addition to CMA, Audax, and Indian Motorcycle, the First Amended Complaint also contains a claim against Pahl & Gosselin, the law firm that took the money of certain Depositor Claimants to pay itself, at least according to a statement by CMA in open court. Except by the First Amended Complaint or an ancillary complaint, there is no way to proceed against Pahl & Gosselin. In this way, Pahl & Gosselin will have gained, the government will not experience a collection to which it is entitled, and the Depositor Claimants will experience a forfeiture—the first forfeiture of this receivership.

resolution of the Amended Complaint, the receiver will ask the Court to terminate the Receivership Action.[6]

WHEREFORE, Sterling Consulting Corporation, as receiver, prays that the parties listed on Exhibit A be dismissed with prejudice, that if the Court desires the receiver to follow another procedure than is set forth herein, that it so instruct the receiver, and grant the receiver such other and further relief as the Court deems just and proper.

Respectfully submitted this 18th day of December, 2006.

By: *s/ John M. Tanner*
Fairfield and Woods, P.C.
1700 Lincoln Street, Suite 2400
Denver, CO  80203-4524
Phone:  (303) 830-2400
Fax:  (303) 830-1033
Email:  jtanner@fwlaw.com

Attorney for Sterling Consulting Corporation, as receiver

---

[6] Termination of the Receivership Action is a procedure in itself.  The procedure is expected to be started with a Motion to Terminate the Receivership Action filed by the receiver.  This motion will identify the findings the Court should make, and the Orders the Court should enter, in completing the process.

## CERTIFICATE OF SERVICE

I hereby certify that on December 26, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses or as indicated below or by United States Mail, postage prepaid:

**VIA CM/ECF TO:**

Alan Lemont Hale Esq.
Hale Friesen, LLP
1430 Wynkoop St., Ste. 300
Denver, CO 80202
**Attorney for Richard Basciani, N. Rooke Everill, Pres./Everill Bros., Inc., John H. Nicholson or Virginia A. Nicholson**
ahale@haldfriesen.com

Edward T. Ramey, Esq.
Stuart H. Pack, Esq.
Isaacson Rosenbaum
 Woods and Levy
633 17th St., Ste. 2200
Denver, CO 80202
**Attorneys for William R. Childs, Scott McCormick, Jr., Douglas Walliser, Ronald Schiff, Edward Pacelli, Morty Lempel, A.B. Goldberg, First Entertainment, Harvey Rosenberg**
eramey@ir-law.com
spack@ir-law.com

James R. Cage, Esq.
Cage Williams Abelman
 & Layden, P.C.
St. Elmo Bldg.
1433 17th St.
Denver, CO 80202-1273
**Attorney for Carl D. Lucci/Albert R. Lucci**
jcage@cagewilliams.com

J. Eric Ellliff, Esq.
Kristen Taylor-Randall, Esq.
Morrison & Foerster, LLP
370 17th St., Ste. 3550
Denver, CO 80203
**Attorney for IMCOA**
jelliff@mofo.com

Adam F. Hulbig
Trial Attorney, Tax Division
US Dept. of Justice
PO Box 683
Ben Franklin Station
Washington, DC 20044
**Attorney for United States of America**
adam.f.hulbig@usdoj.gov

Gary C. Moschetti, Esq.
Hatch & Moschetti, LLP
1800 Glenarm Pl., 9th Floor
Denver, CO 80202
**Attorney for Edward Leal**
gmoschetti@hatchlawyers.com

Cassandra Sasso, Esq.
Baker & Hostetler
303 E. 17th Ave., Ste. 1100
Denver, CO 80203-1264
**Attorney for Michelle Lean**
csasso@bakerlaw.com

Michael J. Pankow
Daniel J. Garfield
Brownstein Hyatt & Farber PC
410 17th Street, Suite 2200
Denver, CO 80202
**Attorneys for Michael Payne**
mpankow@bhf-law.com
dgarfield@bhf-law.com

**VIA UNITED STATES MAIL:**
James Duberg, Esq.
727 Third Ave.
Chula Vista, CA  91910-5803

Mark S. Schmittt, Esq.
Maier, Mcilnay Schmitt & Button
1150 Washington St.
Grafton, WI  53024-1916
**Attorney for Miller Simon & Maier**

Peter C. Freeman, Esq.
Law Offices of Peter C. Freeman
16485 Laguna Canyon Rd., Ste. 230
Irvine, CA  92618-3846
**Attorney for Scott Kajiya**

Mr. Albert Lucci
1930 Wyoming Ave.
Fort Pierce, FL  34982

Peter Sklarew, Esq.
Assistant Chief
Civil Trial Section, Northern Region
United States Dept. of Justice
Tax Division
PO Box 55
Washington, D.C.  20044
**Attorney for IRS**

Robert J. Danie, Eq.
9 Wagon Wheel Drive
Feeding Hills, MA  01030

Noreene C. Stehlik, Esq.
U.S. Dept. of Justice
PO Box 683
Ben Franklin Station
Washington, D.C.  20044
**Attorney for IRS**

Robert L. Morrow, Jr., MD
401 N. College Rd., #5
Lafayette, LA  70506

Nicholas A. Russo, Sr.

310 Extonville Road
Allentown, NJ  08501

Richard J. Cortesi
5316 Camino Montano, N.E.
Albuquerque, NM  87111

Albert R. Gazza
589 Manchester
E. Glastonbury, CT  06025-0085

Ronald Fulfer
15315 S. Francis Dr.
Plainfield, IL  60544

Richard Dale Wood
13997 80th Ave. North
Maple Grove, MN  55311

Steve Halprin
1316 Penningtow Place
Concord, N.C.  28207

Alf Iseback
**SWEDEN**
[mail returned, no forwarding address]

Kathryn L. Troccoli
1911 Champlain St.
Ottawa,IL  61350

Ed Pink
Ed Pink Racing Engines, Inc.
14612 Raymer Street
Van Nuys, CA  91405

Montgomery & Andrews, P.A.
325 Paseo De Peralta
Santa Fe, NM  87501

John Petitto
Town & Country Sports Center, Inc.
U.S. 12 & U.S. 127
Cement City, MI  49233

7

Marcia Taylor
Bennett Motor Group Express
1001 Industrial Parkway
McDonough, GA  30253

Richard Basciani
Basciani Foods
8876 GapNewport Pike
Avondale, PA  19311

Rooke Everill
Derek John Everill
Ken Everill
1204 Lake Point Circle
McKinne, TX  75070

Michael D. Fowler
Martha Dickson (Deceased)
1680 S.W. St. Lucie West Blvd.
Port St. Lucie, FL  34986

John Inelli
17 Old Farmstead Rd.
Chester, NJ  07930

Eller Industries
c/o Leonard S. ("Lonnie") Labraiola
6035 N. 115th Street
Longmont, CO  80504-8434

**Registered Agent:**
Randal L. Hittle
[moved, left no forwarding address]

John Nicholson
22 Thoreau Ct.
Beverly, MA  01915

**VIA E-MAIL:**
Richard A. Block
President
Sterling Consulting Corporation
4101 E. Louisiana Ave., Ste. 300
Denver, CO  80246
**Receiver**
rblock@xpn.com

**Courtesy Copies to:**

Julie Trent
jt@bsblawyers.com

Eugene Sprague
esprague@bw-legal.com

Michael Chodos
michael@chodos.com

Robert Pitts
rpitts@lawrwp.com

Thomas F. Quinn
tquinn@tfqlaw.com

Henry N. Portner, Esq.
Pineapple Grove Corporate Center
101 Pineapple Grove Way
Delray Beach, FL  33444-3703


By:   *s/ John M. Tanner*
       Fairfield and Woods, P.C.
       1700 Lincoln St., #2400
       Denver, CO  80203
       Phone:  (303) 830-2400
       Fax:  (303) 830-1033
       Email:  jtanner@fwlaw.com

8