UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

**Civil Action No. 95-cv-00777-REB-CBS**

In re:

Receivership Estate of INDIAN MOTORCYCLE MANUFACTURING, INC.,
a New Mexico Corporation

_____

**United States' Response to (DI# 2462) Receiver's Combined
Motion to Dismiss Claimants Who Have Paid and Notice of
Receiver's Plans for Winding Down Receivership Action**

_____

The Receiver has moved to dismiss, with prejudice, claimants who have complied with the amended order for restitution to enable the Receiver to pay the tax obligations of the receivership estate, entered on July 28, 2006 (DI# 2338) ["restitution order"].  The Receiver states that dismissal "with prejudice" means that such claimants will not be able to seek contribution (a right reserved in the restitution order), but also they will not be liable for any further restitution.  The Receiver then informs the Court that its plans for winding down the receivership action will include filing "motions" for judgments against claimants who did not pay, unless this Court instructs it to use a different procedure such as an ancillary complaint.  (The Receiver states that using ancillary complaints was suggested by the United States in DI# 2328, but that concerned a different kind of issue; it was in DI#2447 that the United States suggested the Court permit ancillary complaints to be used by the Receiver to seek judgments against claimants who fail to comply with the restitution order.)  The Receiver explains that, upon the entry of judgments, and following an opportunity to collect on them, and subject to the Court's resolution of the amended complaint for which the Court issued an order to show cause, the Receiver will ask the Court to terminate the action.  The United States responds as follows.

First, although the settlement agreement between the Receiver and the United States

contemplated the possibility of supplemental restitution orders if the first order did not produce sufficient funds to pay the tax judgment (as compromised), that provision was largely included at the behest of the Receiver and the United States will not oppose the dismissal, with prejudice, of claimants who have complied with the July 28, 2006 restitution order.  Nor does the United States have any objection to the form of proposed order of dismissal supplied by the Receiver, although it respectfully suggests that a single dismissal order would suffice in respect to all claimants who have paid thus far (listing them by name in the body of the order).

Second, the United States believes that it may be premature to speak of "winding down" the action, but does not fundamentally disagree with the substance of the Receiver's proposed course of action for the immediate future.  The Receiver is of the view that this Court may be disinclined to allow it to use an ancillary complaint procedure for seeking judgments against claimants who have failed to comply with the restitution order.  The United States suggested the ancillary complaint procedure in part because it felt that assigning ancillary cause numbers to proceedings in which the Receiver seeks judgments against individual claimants may aid the Court and the parties in tracking which papers apply to which particular claimants.[1]  The United States agrees with the Receiver, however, that ordinary complaints commencing separate civil actions would not be appropriate for many reasons (which are not listed here) and that, if the Court is indeed disinclined to permit ancillary complaints, then the Receiver should proceed by motion.

If the Receiver proceeds by motion, the United States suggests that the Court utilize Rule

---

[1] The United States submits that the advent of electronic filing does not necessarily preclude ancillary complaints.  For example, the Court could direct the Clerk's office to assign new case numbers for administrative purposes only, without charging a filing fee, and then to immediately reflect each new case as consolidated with No. 96-cv-777, and with all papers related to each new case number to be docketed only under the new case number, even though the case is to considered consolidated with No. 96-cv-777.  The Clerk's office itself might have other suggestions for how to accomplish the *substance* of an ancillary complaint procedure on the ECF system, given the limitations of the ECF computer program.

54(b) to render each separate judgment against a claimant a final appealable judgment.  The United States also notes that, if a motion practice is employed, there should be no need for the Receiver to serve such motions for individual judgments on anyone but the claimant, in light of this Court's previous order limiting service to ECF service, coupled with mail service only on persons understood to have a stake in the outcome of a particular issue (subject to any supplemental service the Court may then direct a party to make).  Further, to help the Court and the parties track motions for judgments and responses, it may be useful for the Court to consider instructing the Receiver to use a dual caption like the one in the following footnote (which follows a practice used by some bankruptcy courts that must entertain so-called "contested matter" motions under Bankruptcy Rule 9014).[2]  As was noted by the United States in DI# 2447, resolution of motions for judgments against individual claimants may entail the need to resolve issues specific to particular claimants, and some of those issues may also justify limited discovery.

---

[2] The United States suggest that the Court issue an order that the Receiver and claimants use the following form of caption for motions for judgments and responses, etc. (unless the Court authorizes ancillary complaints):

**Civil Action No. 95-cv-00777-REB-CBS**
---------------------------------------------------------------------
In re:

Receivership Estate of
INDIAN MOTORCYCLE MANUFACTURING, INC.,
a New Mexico Corporation
---------------------------------------------------------------------
STERLING CONSULTING CORP., Receiver

                Movant
     v.

JOHN DOE

                Respondent
---------------------------------------------------------------------

**Motion for Judgment Against John Doe [or other title]**

- 3 -

The Receiver's motion indicates that any motions for judgment will include a request to include an award of expenses, including attorney's fees. This is consistent with Judge Blackburn's amended order of restitution (DI# 2338) and the order of clarification (DI# 2337), provided claimants have a chance to explain why they have not paid and are not automatically made to pay litigation expenses if, for example, non-payment is based on lack of means to pay.[3]

Dated this 29th day of December, 2006.

>Respectfully submitted,
>
>WILLIAM J. LEONE
>Acting United States Attorney
>District of Colorado
>
>*/s/ Adam F. Hulbig*
>ADAM F. HULBIG
>Trial Attorney, Tax Division
>U.S. Department of Justice
>P.O. Box 683
>Washington, D.C.  20044
>Telephone: (202) 514-6061
>Facsimile: (202) 307-0054
>Email:  adam.f.hulbig@usdoj.gov
>             western.taxcivil@usdoj.gov

---

[3] Under the Receiver's settlement with the United States, the Receiver is entitled to 37% of each dollar of restitution collected for the tax judgment, which 37% is supposed to compromise all of the Receiver's past expenses as well as future expenses, except that it is entitled to seek litigation expenses from claimants who fail to comply with the restitution order, and any such litigation expense award is solely to recompense the Receiver's counsel for out-of-pocket costs associated with obtaining or collecting the judgments. Such fees awards are junior to the initial restitution amount in priority, but counsel for the United States has advised the Receiver that the United States will consider modifying that aspect of the settlement agreement to provide the Receiver with a portion of its expenses with higher priority. The Court will be notified if such a modification is agreed upon (but the United States does not believe that Court approval is required for that type of modification provided it does not impact the interests of claimants).

## CERTIFICATE OF SERVICE

      IT IS HEREBY CERTIFIED that on this 29th day of December, 2006, I caused the foregoing **United States' Response to (DI# 2462) Receiver's Combined Motion to Dismiss Claimants Who Have Paid and Notice of Receiver's Plans for Winding Down Receivership Action** to be filed electronically using the CM/ECF system, which will serve all counsel registered for service by that means.

                                          */s/ Adam F. Hulbig*
                                          ADAM F. HULBIG
                                          Trial Attorney, Tax Division
                                          U.S. Department of Justice
                                          P.O. Box 683
                                          Washington, D.C.  20044