UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 95-cv-00777-REB-CBS

In re:  The Receivership Estate of Indian Motorcycle Manufacturing, Inc., a New Mexico
Corporation

---

**VERIFIED MOTION FOR JUDGMENT, FEES, AND COSTS AGAINST
DONALD C. SCHUNK, INDIVIDUALLY, AND AGAINST QUEENSTON MOTORS,
LTD AND INDIAN MOTORCYCLE BRIDGETON**

---

Sterling Consulting Corporation, as receiver, by and through its attorneys, Fairfield and

Woods, P.C., hereby moves this Court to enter Judgment jointly and severally against Donald C.

Schunk, Queenston Motors, LTD, and Indian Motorcycle Bridgeton (the "Missouri Claimants")

whose address is 12572 Durrow Road, St. Louis, Missouri, 63141 (in the case of Mr. Schunk),

and whose address is 11503 St. Charles Rock Road, Bridgeton, Missouri, 83044 (in the case of

Queenston Motors, LTD, and Indian Motorcycle Bridgeton), and whose phone number is

314-569-3626 (in the case of Mr. Schunk), and whose phone number is 314-291-2050 (in the

case of Queenston Motors, LTD, and Indian Motorcycle Bridgeton), and award the receiver its

receiver's fees, attorneys' fees, and costs incurred in proceeding jointly and severally against the

Missouri Claimants, and as grounds therefor states as follows:

**MOTION FOR JUDGMENT**

1.     This motion is factually founded on the Receiver's 38th Report [Docket No.

2423], which was sworn to under penalty of perjury and provides substantial evidence for the

Court.  Additionally, the factual statements in the Motion are verified below.

2.      This motion is legally founded upon the Amended Order Affirming Magistrate

Judge Schlatter's Recommendation entered by District Judge Robert E. Blackburn on July 28,

2006 (the "Restitution Order") [Docket No. 2338].

3.      As briefly described in the Receiver's 38th Report, Claimants of the Receivership

Estate against whom restitution was sought further to the Court's Order of Restitution were

divided into four categories.  Those four categories are described in more detail below:

a.      Claimants that have paid – The receiver has filed its motion to dismiss with
prejudice the Claimants that have paid in full.  Some additional Claimants in this
category are making monthly payments, and will be dismissed with prejudice when they
have paid off their obligation;

b.      Claimants that have been located, but have not paid for one reason or another.
This category is divided into two sub-categories:

i.      Claimants that have refused to pay without a valid defense or reason.  This
category is comprised of approximately twenty Claimants whose Claims are
$50,000 or greater (including the Missouri Claimants), approximately thirty-five
Claimants whose Claims are $10,000 or greater, but less than $50,000, and well
over seventy-five Claimants whose Claims are below $10,000;[1] and

ii.      Claimants with which the receiver is negotiating.

c.      Claimants that the receiver believes it has located, but for which the receiver
cannot confirm that fact; and

d.      Other Claimants – This category is significant because the receiver believes that
collection from Claimants in this category is divided into two sub-categories:

i.      Claimants that have not been located and probably will never be located;
and

ii.      Claimants that have been located but from which there is no chance of
collection.  Included in this sub-category are Claimants that have gone through
bankruptcy and Claimants who have died.

---

[1] The receiver retains dozens of small Claimants in this sub-category even though collections
may not be possible because costs of collection will likely exceed collections.  The receiver will
address the small Claimants in the future.

4.      The Missouri Claimants are in sub-category b.i. of the foregoing paragraph. Absent a Judgment against the Missouri Claimants, the receiver will not be able to collect from the Missouri Claimants.

5.      The Missouri Claimants had one allowed Claim consisting of three separate components:[2] one Dealer Claim in the amount of $75,000, one Noteholder Claim in the amount of $75,000, and one Depositor Claim in the amount of $3,525.  See the entry on Exhibit 2 to the Receiver's 38th Report.

6.      Mr. Schunk was the original named Claimant.

7.      At the request of the Missouri Claimants, the receiver paid the Depositor Claim to Indian Motorcycle Bridgeton in one check, dated September 29, 1999 for $3,525 (#7028).  This check was issued after Receiver's Voucher #236 was redeemed for cash by the Missouri Claimants.

8.      At the request of the Missouri Claimants, the receiver paid the $75,000 Dealer Claim to Indian Motorcycle Company on behalf of the Missouri Claimants for an Indian Motorcycle dealership.  This dealership was awarded to, owned, and operated by Queenston Motors LTD and variously used the fictitious names Don Schunk's Indian Motorcycle and Indian Motorcycle Bridgeton.

---

[2] There were four categories of Claimants in the Receivership Action that were segregated by the nature of their Claims, as follows:

    Depositor Claimants – Claimants who paid a deposit on an Indian Motorcycle;

    Noteholder Claimants – Claimants that invested money in Indian Motorcycle;

    Dealer Claimants – Claimants that paid money for an Indian Motorcycle dealership; and

    Vendor Claimants – Claimants that were general unsecured trade creditors of Indian Motorcycle or not otherwise in the three other categories.

9.      At the request of the Missouri Claimants, the receiver paid the $75,000 Noteholder Claim to Indian Motorcycle Company on behalf of the Missouri Claimants for common stock in the Indian Motorcycle Company.

10.     Following the procedures set up by the Court in the Restitution Order, the receiver attempted to collect from the Missouri Claimants. The receiver sent its Notice of Restitution to Mr. Schunk on or around August 4, 2006. The receiver believes that Mr. Schunk received the Notice of Restitution and elected to not pay. The receiver contacted Mr. Schunk by phone and discussed the matter of the Restitution. The receiver believes that the Missouri Claimants understand the issues and are aware of the potential consequences caused by the lack of payment.

11.     The Court should enter judgment jointly and severally against Donald C. Schunk, Queenston Motors, LTD, and Indian Motorcycle Bridgeton for a total of $37,383.34 (24.35% of $75,000 + 24.35% of $75,000+ 24.35% of $3,525). The Judgment should be made final under Fed.R.Civ.P. 54(b), as there is no reason to delay entry of final judgment.

## MOTION FOR RECEIVER'S FEES, ATTORNEYS' FEES, AND COSTS

12.     In the Restitution Order, the Court left open the issue of awarding the receiver's fees, attorneys' fees, and costs on a case-by-case basis. The Missouri Claimants are a good example of when fees and costs should be awarded. The Missouri Claimants have no defense to repaying the money. The receiver is informed and believes that Mr. Schunk is a solvent individual. The receiver is informed and believes that Queenston Motors, LTD is an operating automobile dealership. The receiver has no information or belief concerning Indian Motorcycle Bridgeton. The Missouri Claimants have knowingly forced the receiver to go through these actions rather than simply paying the money which was mistakenly paid nearly eight years ago.

13.     If the Court does not award costs and fees, it will make it very difficult, if not impossible, for the receiver and undersigned counsel to pursue any other collection matters.[3] Such a decision will have the effect of rewarding those Claimants that do not comply with the Restitution Order, punishing those Claimants that do comply with the Restitution Order, and compelling the receiver and its counsel to perform extraordinary services for the Receivership Estate without compensation.  This is neither fair nor just, and awarding fees and costs should be the polestar for the Court's actions to balance the equities in an equitable receivership.

14.     Pursuant to Local Rule 7.1, undersigned counsel has made reasonable efforts to confer with the Missouri Claimants regarding this matter.  Specifically, the receivership has contacted Mr. Schunk by phone and discussed the matter.  Neither Donald C. Schunk, nor Queenston Motors, LTD, nor Indian Motorcycle Bridgeton has made any effort to pay the money owed.  The receiver believes this Motion will be opposed.

15.     For the Court's convenience, a proposed Order is submitted herewith.

WHEREFORE, Sterling Consulting Corporation, as receiver, prays that this Court enter judgment jointly and severally against Mr. Donald C. Schunk, Queenston Motors, LTD, and Indian Motorcycle Bridgeton, jointly and severally in the amount of $37,383.34 (24.35% of $75,000 + 24.35% of $75,000 + 24.35% of $3,525), and award the receiver its attorneys' fees,

---

[3]  Under the receiver's settlement with the United States, the receiver is entitled to 37% of each dollar of restitution collected for the tax judgment, which 37% is supposed to compromise all of the Receiver's past expenses as well as future expenses, except that it is entitled to seek litigation expenses from claimants who fail to comply with the Restitution Order, and any such litigation expense award is solely to recompense the receiver and its counsel for out-of-pocket costs associated with obtaining or collecting the Judgments.  Such fees awards are junior to the initial restitution amount in priority, but counsel for the United States has advised the receiver that the United States will consider modifying that aspect of the settlement agreement to provide the receiver with a portion of its expenses with higher priority.  The Court will be notified if such a modification is agreed upon (but neither the United States nor the receiver believes that Court approval is required for that type of modification provided it does not impact the interests of claimants).

receiver's fees, and costs in connection with this motion, and grant the receiver such other and

further relief as the Court deems just and proper.

Respectfully submitted this 5th day of January, 2007.

By:  s/ John M. Tanner
Fairfield and Woods, P.C.
1700 Lincoln Street, Suite 2400
Denver, CO  80203-4524
Phone:  (303) 830-2400
Fax:  (303) 830-1033
Email:  jtanner@fwlaw.com

Attorney for Plaintiff Sterling Consulting
Corporation, as receiver

## VERIFICATION

STATE OF FLORIDA        )
                             ) SS.

COUNTY OF PALM BEACH   )

       I, Richard A. Block, being duly sworn upon oath, solemnly affirm as follows: (a) I am the President of Sterling Consulting Corporation ("Sterling"); (b) Sterling is the Receiver in Civil Action No. 95-cv-00777-REB-CBS in the United States District Court, District Of Colorado, the Honorable Robert E. Blackburn, Senior District Judge, and the Honorable Craig B. Shaffer, Magistrate Judge, presiding; (c) I have reviewed the foregoing Verified Motion for Judgment, Fees, and Costs against Donald C. Schunk, Individually, and against Queenston Motors, Ltd and Indian Motorcycle Bridgeton on behalf of Sterling, as receiver; and (d) the information contained therein is true to the best of my knowledge and belief.

                                       Sterling Consulting Corporation, Receiver
                                       by Richard A. Block, President

STATE OF FLORIDA        )
                             ) SS.

COUNTY OF PALM BEACH   )

       Subscribed and sworn to before me by Richard A. Block as the President of Sterling Consulting Corporation, receiver, on the 5th day of January, 2007.

       Witness my hand and official seal.

(Seal)


CHERYL LYNN PELLEGRINO
Notary Public, State of Florida
My comm. expires March 8, 2008
No. DD297888

My commission expires:

*MARCH 08, 2008*

*Cheryl Lynn Pellegrino*
Notary Public

## CERTIFICATE OF SERVICE

I hereby certify that on January 5, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses or as indicated below or by United States Mail, postage prepaid:

**VIA CM/ECF TO:**

Alan Lemont Hale Esq.
Hale Friesen, LLP
1430 Wynkoop St., Ste. 300
Denver, CO 80202
**Attorney for Richard Basciani, N. Rooke Everill, Pres./Everill Bros., Inc., John H. Nicholson or Virginia A. Nicholson**
ahale@haldfriesen.com

Edward T. Ramey, Esq.
Stuart H. Pack, Esq.
Isaacson Rosenbaum
 Woods and Levy
633 17th St., Ste. 2200
Denver, CO 80202
**Attorneys for William R. Childs, Scott McCormick, Jr., Douglas Walliser, Ronald Schiff, Edward Pacelli, Morty Lempel, A.B. Goldberg, First Entertainment, Harvey Rosenberg**
eramey@ir-law.com
spack@ir-law.com

James R. Cage, Esq.
Cage Williams Abelman
 & Layden, P.C.
St. Elmo Bldg.
1433 17th St.
Denver, CO 80202-1273
**Attorney for Carl D. Lucci/Albert R. Lucci**
jcage@cagewilliams.com

J. Eric Ellliff, Esq.
Kristen Taylor-Randall, Esq.
Morrison & Foerster, LLP
370 17th St., Ste. 3550
Denver, CO 80203
**Attorney for IMCOA**
jelliff@mofo.com

Adam F. Hulbig
Trial Attorney, Tax Division
US Dept. of Justice
PO Box 683
Ben Franklin Station
Washington, DC 20044
**Attorney for United States of America**
adam.f.hulbig@usdoj.gov

Gary C. Moschetti, Esq.
Hatch & Moschetti, LLP
1800 Glenarm Pl., 9th Floor
Denver, CO 80202
**Attorney for Edward Leal**
gmoschetti@hatchlawyers.com

Cassandra Sasso, Esq.
Baker & Hostetler
303 E. 17th Ave., Ste. 1100
Denver, CO 80203-1264
**Attorney for Michelle Lean**
csasso@bakerlaw.com

Michael J. Pankow
Daniel J. Garfield
Brownstein Hyatt & Farber PC
410 17th Street, Suite 2200
Denver, CO 80202
**Attorneys for Michael Payne**
mpankow@bhf-law.com
dgarfield@bhf-law.com

**VIA UNITED STATES MAIL:**

James Duberg, Esq.
727 Third Ave.
Chula Vista, CA  91910-5803

Mark S. Schmitt, Esq.
Maier, Mcilnay Schmitt & Button
1150 Washington St.
Grafton, WI  53024-1916
**Attorney for Miller Simon & Maier**

Peter C. Freeman, Esq.
Law Offices of Peter C. Freeman
16485 Laguna Canyon Rd., Ste. 230
Irvine, CA  92618-3846
**Attorney for Scott Kajiya**

Mr. Albert Lucci
1930 Wyoming Ave.
Fort Pierce, FL  34982

Peter Sklarew, Esq.
Assistant Chief
Civil Trial Section, Northern Region
United States Dept. of Justice
Tax Division
PO Box 55
Washington, D.C.  20044
**Attorney for IRS**

Robert J. Danie, Eq.
9 Wagon Wheel Drive
Feeding Hills, MA  01030

Noreene C. Stehlik, Esq.
U.S. Dept. of Justice
PO Box 683
Ben Franklin Station
Washington, D.C.  20044
**Attorney for IRS**

Robert L. Morrow, Jr., MD
401 N. College Rd., #5
Lafayette, LA  70506

Nicholas A. Russo, Sr.
310 Extonville Road
Allentown, NJ  08501

Richard J. Cortesi
5316 Camino Montano, N.E.
Albuquerque, NM  87111

Albert R. Gazza
589 Manchester
E. Glastonbury, CT  06025-0085

Ronald Fulfer
15315 S. Francis Dr.
Plainfield, IL  60544

Richard Dale Wood
13997 80th Ave. North
Maple Grove, MN  55311

Steve Halprin
1316 Penningtow Place
Concord, N.C.  28207

Alf Iseback
**SWEDEN**
[mail returned, no forwarding address]

Kathryn L. Troccoli
1911 Champlain St.
Ottawa,IL  61350

Ed Pink
Ed Pink Racing Engines, Inc.
14612 Raymer Street
Van Nuys, CA  91405

Montgomery & Andrews, P.A.
325 Paseo De Peralta
Santa Fe, NM  87501

John Petitto
Town & Country Sports Center, Inc.
U.S. 12 & U.S. 127
Cement City, MI  49233

Marcia Taylor
Bennett Motor Group Express
1001 Industrial Parkway
McDonough, GA  30253

Richard Basciani
Basciani Foods
8876 GapNewport Pike
Avondale, PA  19311

Rooke Everill
Derek John Everill
Ken Everill
1204 Lake Point Circle
McKinne, TX  75070

Michael D. Fowler
Martha Dickson (Deceased)
1680 S.W. St. Lucie West Blvd.
Port St. Lucie, FL  34986

John Inelli
17 Old Farmstead Rd.
Chester, NJ  07930

Eller Industries
c/o Leonard S. ("Lonnie") Labraiola
6035 N. 115th Street
Longmont, CO  80504-8434

**Registered Agent:**
Randal L. Hittle
[moved, left no forwarding address]

John Nicholson
22 Thoreau Ct.
Beverly, MA  01915

**VIA E-MAIL:**
Richard A. Block
President
Sterling Consulting Corporation
4101 E. Louisiana Ave., Ste. 300
Denver, CO  80246
**Receiver**
rblock@xpn.com

**Courtesy Copies to:**
Julie Trent
jt@bsblawyers.com

Eugene Sprague
esprague@bw-legal.com

Michael Chodos
michael@chodos.com

Robert Pitts
rpitts@lawrwp.com

Thomas F. Quinn
tquinn@tfqlaw.com

Henry N. Portner, Esq.
Pineapple Grove Corporate Center
101 Pineapple Grove Way
Delray Beach, FL  33444-3703

By:   *s/ John M. Tanner*
      Fairfield and Woods, P.C.
      1700 Lincoln St., #2400
      Denver, CO  80203
      Phone:  (303) 830-2400
      Fax:  (303) 830-1033
      Email:  jtanner@fwlaw.com