UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 95-cv-00777-REB-CBS

In re:  The Receivership Estate of Indian Motorcycle Manufacturing, Inc., a New Mexico Corporation

---

**FINAL JUDGMENT AGAINST DONALD C. SCHUNK, INDIVIDUALLY, AND AGAINST QUEENSTON MOTORS LTD AND INDIAN MOTORCYCLE BRIDGETON, JOINTLY AND SEVERALLY**

---

THE COURT, upon the motion of the receiver, and being sufficiently advised in the premises, hereby enters the following findings of fact, conclusions of law, and judgment:

1. In 1995, Mr. Donald C. Schunk filed his Claim in the amount $155,821.57 against the Receivership Estate, of which $153,525 was allowed by this Court.

2. In 1999, the receiver in this Receivership Action paid $153,525.00 jointly and severally to Mr. Donald C. Schunk, Queenston Motors, LTD, and Indian Motorcycle Bridgeton (the "Missouri Claimants").

3. The Missouri Claimants received a check for $3,525 (issued to Indian Motorcycle Bridgeton), $75,000 (which they converted to common stock in Indian Motorcycle Company, and $75,000 (which they converted to an Indian Motorcycle dealership for the State of Missouri in full satisfaction of the Claim.

4. The receiver, in making these payments overpaid the Claimant.

5. Pursuant to this Court's Amended Order Approving and Adopting Magistrate Judge's Recommendation of July 28, 2006 (the "Restitution Order"), Donald

C. Schunk, Queenston Motors, LTD and Indian Motorcycle Bridgeton were Ordered to repay 24.35% of this amount ($37,383.34) by September 28. 2006.

6.   Neither Mr. Donald C. Schunk, nor Queenston Motors, LTD, nor Indian Motorcycle Bridgeton repaid this money, nor do Mr. Donald C. Schunk, nor Queenston Motors, LTD, nor Indian Motorcycle Bridgeton have a good reason why not. Judgment should be entered against Mr. Donald C. Schunk, Queenston Motors, LTD, and Indian Motorcycle Bridgeton, jointly and severally, and that Judgment should be made final.

7.   This is an equity receivership. Some Claimants of the receivership that were overpaid refunded the overpayment they received without further cost or expense to the Receivership Estate. Mr. Donald C. Schunk, Queenston Motors, LTD, and Indian Motorcycle Bridgeton, however, have required the receiver to expend greater costs and expenses to obtain restitution of this money. It would not be appropriate for Mr. Donald C. Schunk, Queenston Motors, LTD, or Indian Motorcycle Bridgeton to burden the Receivership Estate in this matter without compensating the Receivership Estate for the costs. As such, the Receivership Estate is awarded its attorneys' fees, receiver's fees, and costs in connection with the Motion for Judgment.

ACCORDINGLY, it is adjudged and decreed, that Judgment is entered in favor of Sterling Consulting Corporation, as receiver, in amount of $37,383.34. Pursuant to Fed.R.Civ.P. 54(b), this Judgment is made final.

Further, the Receivership Estate is awarded costs and fees incurred in connection with its Motion for Judgment and any subsequent collection costs. The receiver and its counsel are ordered to submit an affidavit of attorneys' fees, receiver's fees, and costs within 10 days hereof.

Done this _____ day of _____, 2007.

By: _____
Robert E. Blackburn, District Court Judge