UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 95-cv-00777-REB-CBS

In re:  The Receivership Estate of Indian Motorcycle Manufacturing, Inc., a New Mexico Corporation

---

**FINAL JUDGMENT AGAINST IN THE WIND, INC. DBA STAZ'S NEVADA INDIAN**

---

THE COURT, upon the motion of the receiver, and being sufficiently advised in the premises, hereby enters the following findings of fact, conclusions of law, and judgment:

1. In 1995, In The Wind, Inc. filed six Claims in the total amount of $64,100, all of which was allowed against the Receivership Estate.

2. In 1999, at the written request of the Claimant, and in furtherance of this Court's Orders, the receiver paid $25,000 to Indian Motorcycle Company on behalf of the Claimant for common stock in Indian Motorcycle Company. Indian Motorcycle Company issued the common stock to Steven V. Destout. The other $25,000 was used to obtain a Dealership in the State of Nevada. Finally, $14,100 were paid to Staz's Nevada Indian for deposits on 1999 Indian Motorcycle Chiefs. This amount consisted of four claims for $3,525 each.

3. The receiver, in making this payment, overpaid the Claimants.

4. Pursuant to this Court's Amended Order Approving and Adopting Magistrate Judge's Recommendation of July 28, 2006 (the "Restitution Order"), the Claimant was Ordered to repay 24.35% of this amount ($15,600.35) by September 28, 2006.

5. The Claimant never repaid this money, nor does the Claimant have a good reason why not. Judgment should be entered against In The Wind, Inc. DBA Staz's Nevada Indian, and that Judgment should be made final.

6. This is a receivership in equity. Some Claimants of the receivership that were overpaid refunded the overpayment they received without further cost or expense to the Receivership Estate. In The Wind, Inc. DBA Staz's Nevada Indian, however, has required the receiver to expend greater costs and expenses to obtain restitution of this money. It would not be appropriate for the Claimant to burden the Receivership Estate in this matter without compensating the Receivership Estate for the costs. As such, the Receivership Estate is awarded its attorneys' fees, receiver's fees, and costs in connection with the Motion for Judgment.

ACCORDINGLY, it is adjudged and decreed, that Judgment is entered in favor of Sterling Consulting Corporation, as receiver, in amount of $15,600.35. Pursuant to Fed.R.Civ.P. 54(b), this Judgment is made final.

Further, the Receivership Estate is awarded costs and fees incurred in connection with its Motion for Judgment and any subsequent collection costs. The receiver and its counsel are ordered to submit an affidavit of attorneys' fees, receiver's fees, and costs within 10 days hereof, and file supplements as appropriate.

Done this _____ day of _____, 2007.

By: _____
Robert E. Blackburn, District Court Judge