UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 95-cv-00777-REB-CBS

In re: The Receivership Estate of Indian Motorcycle Manufacturing, Inc., a New Mexico Corporation

---

**FINAL JOINT AND SEVERAL JUDGMENT AGAINST MARK S. SCHMITT, INDIVIDUALLY, AND AGAINST MAIER, MCILNAY, SCHMITT, AND BUTTON, LTD**

---

THE COURT, upon the motion of the receiver, and being sufficiently advised in the premises, hereby enters the following findings of fact, conclusions of law, and judgment:

1. In 1995, Miller, Simon & Maier, S.C. filed their Claim in the amount of $254,044.74 of which $210,000 was allowed by this Court against the Receivership Estate.

2. In 1999 and 2000, at the request of Miller, Simon Maier, S.C. the receiver in this Receivership Action paid $117,700 of the $210,000 to the law firm Maier, McIlnay, and Kerkman, Ltd. for itself and for the benefit of Mark S. Schmitt.

3. The receiver, in making these payments, overpaid the Maier, McIlnay, and Kerkman, Ltd. and Mark S. Schmitt.

4. Maier, McIlnay, Schmitt, and Button, Ltd. and Mark S. Schmitt are the successors of the original Claimants Miller, Simon & Maier, S.C. Mr. Schmitt, individually, and Maier, McIlnay, Schmitt, and Button, Ltd are responsible for the Restitution payments.

5. Pursuant to this Court's Amended Order Approving and Adopting Magistrate Judge's Recommendation of July 28, 2006 (the "Restitution Order"), Mr.

Schmitt, individually, and Maier, McIlnay, Schmitt, and Button, Ltd were Ordered to repay 24.35% of this amount ($28,659.95) by September 28, 2006.

6. Mr. Schmitt, individually, and Maier, McIlnay, Schmitt, and Button, Ltd never repaid this money, nor do the Wisconsin Payees have a good reason why not. Joint and several Judgment should be entered against the Mark S. Schmitt and Maier, McIlnay, Schmitt, and Button, Ltd, and that Judgment should be made final.

7. This is a receivership in equity. Some Claimants of the receivership that were overpaid refunded the overpayment they received without further cost or expense to the Receivership Estate. Mark S. Schmitt and Maier, McIlnay, Schmitt, and Button, Ltd, however, have required the receiver to expend greater costs and expenses to obtain restitution of this money. It would not be appropriate for Mark S. Schmitt and Maier, McIlnay, Schmitt, and Button, Ltd to burden the Receivership Estate in this matter without compensating the Receivership Estate for the costs. As such, the Receivership Estate is awarded its attorneys' fees, receiver's fees, and costs in connection with the Motion for Judgment.

ACCORDINGLY, it is adjudged and decreed, that joint and several Judgment against Mark S. Schmitt and Maier, McIlnay, Schmitt, and Button, Ltd is entered in favor of Sterling Consulting Corporation, as receiver, in amount of $28,659.95. Pursuant to Fed.R.Civ.P. 54(b), this Judgment is made final.

Further, the Receivership Estate is awarded costs and fees incurred in connection with its Motion for Judgment and any subsequent collection costs. The receiver and its counsel are ordered to submit an affidavit of attorneys' fees, receiver's fees, and costs within 10 days hereof, and may submit a supplemental affidavit if it incurs significant

additional costs and fees in collecting the Judgment in this or any other court.

Done this _____ day of _____, 2007.

By: _____
Robert E. Blackburn, District Court Judge