UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 95-cv-00777-REB-CBS

In re: The Receivership Estate of Indian Motorcycle Manufacturing, Inc., a New Mexico Corporation

**VERIFIED MOTION FOR JUDGMENT, FEES, AND COSTS AGAINST RAYMOND R. CARDULLO, JOHN CASTELLANO, AND JIMMIE ARTIGAS**

Sterling Consulting Corporation, as receiver, by and through its attorneys, Fairfield and Woods, P.C., hereby moves this Court to enter Judgment against Mr. Raymond R. Cardullo, John Castellano, and Jimmie Artigas ("the Claimants") and award the receiver its receiver's fees, attorneys' fees, and costs incurred in proceeding against the Claimants. Mr. Cardullo's address is 4386 Danielson Drive, Lake Worth, Florida, 33467  The grounds for the above states as follows:

**MOTION FOR JUDGMENT**

1. This motion is factually founded on the Receiver's 38th Report [Docket No. 2423], which was sworn to under penalty of perjury and provides substantial evidence for the Court. Additionally, the factual statements in the Motion are verified below.

2. This motion is legally founded upon the Amended Order Affirming Magistrate Judge Schlatter's Recommendation entered by District Judge Robert E. Blackburn on July 28, 2006 (the "Restitution Order") [Docket No. 2338].

3. As briefly described in the Receiver's 38th Report, Claimants of the Receivership Estate against whom restitution was sought further to the Court's Order of Restitution were divided into four categories. Those four categories are described in more detail below:

  a. Claimants that have paid – The receiver has filed its motion to dismiss with prejudice the Claimants that have paid in full. Some additional Claimants in this category are making monthly payments, and will be dismissed with prejudice when they have paid off their obligation;

  b. Claimants that have been located, but have not paid for one reason or another. This category is divided into two sub-categories:

    i. Claimants that have refused to pay without a valid defense or reason. This category is comprised of approximately twenty Claimants whose Claims are $50,000 or greater (including The Claimants), approximately thirty-five Claimants whose Claims are $10,000 or greater, but less than $50,000, and well over seventy-five Claimants whose Claims are below $10,000;[1] and

    ii. Claimants with which the receiver is negotiating.

  c. Claimants that the receiver believes it has located, but for which the receiver cannot confirm that fact; and

  d. Other Claimants – This category is significant because the receiver believes that collection from Claimants in this category is divided into two sub-categories:

    i. Claimants that have not been located and probably will never be located; and

    ii. Claimants that have been located but from which there is no chance of collection. Included in this sub-category are Claimants that have gone through bankruptcy.

  4. Mr. Cardullo and Mr. Castellano, the original named Claimants, filed their Claim against the Receivership Estate on about August 15, 1995 in the amount of $25,000 plus accrued interest, of which this Court allowed $25,000.[2] See the entry on Exhibit 2 to the Receiver's 38th Report.

---

[1] The receiver retains dozens of small Claimants in sub-category bi even though collections may not be possible because costs of collection will likely exceed collections. The receiver will address the small Claimants in the future.

[2] There were four categories of Claimants in the Receivership Action that were segregated by the nature of their Claims, as follows:

  Depositor Claimants – Claimants who paid a deposit on an Indian Motorcycle;

  Noteholder Claimants – Claimants that invested money in Indian Motorcycle;

  Dealer Claimants – Claimants that paid money for an Indian Motorcycle dealership; and

2

5. Mr. Cardullo and Mr. Castellano were joint partners in a dealership for the Tampa area in the State of Florida. The above amount was a payment to reserve this territory and apply for the grant of an Indian dealership. During the claim process, Mr. Cardullo and Mr. Castellano opted to take cash in lieu of the dealership. Before the money had been paid, Raymond Cardullo sold his share of the claim to Jimmie Artigas. Raymond Cardullo claims he received no money from the Receivership Estate.

6. The receiver paid $25,000 to Mr. Castellano and Mr. Artigas in four separate checks, two checks to each payee: two checks for $8,750 (#7046 and #7047; Artigas and Castellano, respectively), dated September 30, 1999, and two checks for $3,750 (#7581 and #7582; Artigas and Castellano, respectively), dated February 21, 2000.

7. Pursuant to the procedures set up by the Court in the Restitution Order, the receiver attempted to collect from The Claimants. The receiver sent its Notice of Restitution to The Claimants on or around August 4, 2006. Mr. Cardullo contacted the office of the receiver and stated that he had received the letter. He said that he could not owe the money because the dealership was in a corporation and that corporation was dissolved. Mr. Cardullo would not give an address for the other Claimants We have had no direct contact with either Mr. Castellano or Mr. Artigas.

8. On around September 20, 2006, the receiver sent a certified letter to The Claimants requesting a return receipt. The letter informed The Claimants of the intended actions of the receiver if the payment was not received by the September 28, 2006 deadline. Although Mr. Cardullo did not respond to the letter directly, the receiver did receive the requested return receipt, confirming that Mr. Cardullo received the letter.

---

  Vendor Claimants – Claimants that were general unsecured trade creditors of Indian Motorcycle or not otherwise in the three other categories.

9. The Court should enter judgment against The Claimants for $6,087.50 (24.35% of $25,000). The Judgment should be made final under Fed.R.Civ.P. 54(b), as there is no reason to delay entry of final judgment.

## MOTION FOR RECEIVER'S FEES, ATTORNEYS' FEES, AND COSTS

10. In the Restitution Order, the Court left open the issue of awarding the receiver's fees, attorneys' fees, and costs on a case-by-case basis. The Claimants are a good example of when fees and costs should be awarded. The receiver is aware of no substantive defense to making restitution. The Claimants have knowingly forced the receiver to go through these actions rather than simply paying the money which was mistakenly paid nearly eight years ago.

11. If the Court does not award costs and fees, it will make it very difficult, if not impossible, for the receiver and undersigned counsel to pursue any other collection matters. Such a decision will have the effect of rewarding those Claimants that do not comply with the Restitution Order, punishing those Claimants that do comply with the Restitution Order, and compelling the receiver and its counsel to perform extraordinary services for the Receivership Estate without compensation. This is neither fair nor just, and awarding fees and costs should be the polestar for the Court's actions to balance the equities in an equitable receivership. The receiver shall submit an affidavit of expenses for seeking this Judgment, and may submit a supplemental affidavit if it incurs significant costs in collecting the Judgment.

12. Pursuant to Local Rule 7.1, undersigned counsel has made reasonable efforts to confer with The Claimants regarding this matter. Specifically, the receivership has contacted The Claimants by certified mail with a return receipt received. Raymond R. Cardullo, John Castellano, and Jimmie Artigas have made any effort to contact the receiver to pay the money owed or make arrangements to pay the money owed. The receiver does not know if this Motion will be opposed.

4

13.     For the Court's convenience, a proposed Order is submitted herewith.

WHEREFORE, Sterling Consulting Corporation, as receiver, prays that this Court enter judgment against Mr. Raymond R. Cardullo, John Castellano, and Jimmie Artigas in the amount of $6,087.50 (24.35% of $25,000), and award the receiver its attorneys' fees, receiver's fees, and costs in connection with this motion, and grant the receiver such other and further relief as the Court deems just and proper.

Respectfully submitted this 21th day of March, 2007.

> By: *s/ John M. Tanner*
> Fairfield and Woods, P.C.
> 1700 Lincoln Street, Suite 2400
> Denver, CO 80203-4524
> Phone: (303) 830-2400
> Fax: (303) 830-1033
> Email: jtanner@fwlaw.com
>
> Attorney for Plaintiff Sterling Consulting Corporation, as receiver

## VERIFICATION

STATE OF COLORADO   )
                    ) SS.
COUNTY OF DENVER    )

    I, Richard A. Block, being duly sworn upon oath, solemnly affirm as follows: (a) I am the President of Sterling Consulting Corporation ("Sterling"); (b) Sterling is the Receiver in Civil Action No. 95-cv-00777-REB-CBS in the United States District Court, District Of Colorado, the Honorable Robert E. Blackburn, Senior District Judge, and the Honorable Craig B. Shaffer, Magistrate Judge, presiding; (c) I have reviewed the foregoing Verified Motion for Judgment, Fees, and Costs against Raymond R. Cardullo, John Castellano, and Jimmie Artigas on behalf of Sterling, as receiver; and (d) the information contained therein is true to the best of my knowledge and belief.

                                                  Sterling Consulting Corporation, Receiver
                                                  by Richard A. Block, President

STATE OF COLORADO   )
                    ) SS.
COUNTY OF DENVER    )

    Subscribed and sworn to before me by Richard A. Block as the President of Sterling Consulting Corporation, receiver, on the 20th day of March, 2007.

    Witness my hand and official seal.



                                      My commission expires:

                                      12/9/2008

                                      Kimberly Kay Fenimore
                                      Notary Public

## CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses or as indicated below or by United States Mail, postage prepaid:

**VIA CM/ECF TO:**

Alan Lemont Hale Esq.
Hale Friesen, LLP
1430 Wynkoop St., Ste. 300
Denver, CO 80202
**Attorney for Richard Basciani, N. Rooke Everill, Pres./Everill Bros., Inc., John H. Nicholson or Virginia A. Nicholson**
ahale@haldfriesen.com

Edward T. Ramey, Esq.
Stuart H. Pack, Esq.
Isaacson Rosenbaum
  Woods and Levy
633 17th St., Ste. 2200
Denver, CO 80202
**Attorneys for William R. Childs, Scott McCormick, Jr., Douglas Walliser, Ronald Schiff, Edward Pacelli, Morty Lempel, A.B. Goldberg, First Entertainment, Harvey Rosenberg**
eramey@ir-law.com
spack@ir-law.com

James R. Cage, Esq.
Cage Williams Abelman
  & Layden, P.C.
St. Elmo Bldg.
1433 17th St.
Denver, CO 80202-1273
**Attorney for Carl D. Lucci/Albert R. Lucci**
jcage@cagewilliams.com

J. Eric Ellliff, Esq.
Kristen Taylor-Randall, Esq.
Morrison & Foerster, LLP
370 17th St., Ste. 3550
Denver, CO 80203
**Attorney for IMCOA**
jelliff@mofo.com

Adam F. Hulbig
Trial Attorney, Tax Division
US Dept. of Justice
PO Box 683
Ben Franklin Station
Washington, DC 20044
**Attorney for United States of America**
adam.f.hulbig@usdoj.gov

Gary C. Moschetti, Esq.
Hatch & Moschetti, LLP
1800 Glenarm Pl., 9th Floor
Denver, CO 80202
**Attorney for Edward Leal**
gmoschetti@hatchlawyers.com

Cassandra Sasso, Esq.
Baker & Hostetler
303 E. 17th Ave., Ste. 1100
Denver, CO 80203-1264
**Attorney for Michelle Lean**
csasso@bakerlaw.com

Michael J. Pankow
Daniel J. Garfield
Brownstein Hyatt & Farber PC
410 17th Street, Suite 2200
Denver, CO 80202
**Attorneys for Michael Payne**
mpankow@bhf-law.com
dgarfield@bhf-law.com

**VIA UNITED STATES MAIL:**
James Duberg, Esq.
727 Third Ave.
Chula Vista, CA  91910-5803

Mark S. Schmittt, Esq.
Maier, Mcilnay Schmitt & Button
1150 Washington St.
Grafton, WI  53024-1916
**Attorney for Miller Simon & Maier**

Peter C. Freeman, Esq.
Law Offices of Peter C. Freeman
16485 Laguna Canyon Rd., Ste. 230
Irvine, CA  92618-3846
**Attorney for Scott Kajiya**

Mr. Albert Lucci
1930 Wyoming Ave.
Fort Pierce, FL  34982

Peter Sklarew, Esq.
Assistant Chief
Civil Trial Section, Northern Region
United States Dept. of Justice
Tax Division
PO Box 55
Washington, D.C.  20044
**Attorney for IRS**

Robert J. Danie, Eq.
9 Wagon Wheel Drive
Feeding Hills, MA  01030

Noreene C. Stehlik, Esq.
U.S. Dept. of Justice
PO Box 683
Ben Franklin Station
Washington, D.C.  20044
**Attorney for IRS**

Robert L. Morrow, Jr., MD
401 N. College Rd., #5
Lafayette, LA  70506

Nicholas A. Russo, Sr.
310 Extonville Road
Allentown, NJ  08501

Richard J. Cortesi
5316 Camino Montano, N.E.
Albuquerque, NM  87111

Albert R. Gazza
589 Manchester
E. Glastonbury, CT  06025-0085

Ronald Fulfer
15315 S. Francis Dr.
Plainfield, IL  60544

Richard Dale Wood
13997 80th Ave. North
Maple Grove, MN  55311

Steve Halprin
1316 Penningtow Place
Concord, N.C.  28207

Alf Iseback
**SWEDEN**
[mail returned, no forwarding address]

Kathryn L. Troccoli
1911 Champlain St.
Ottawa,IL  61350

Ed Pink
Ed Pink Racing Engines, Inc.
14612 Raymer Street
Van Nuys, CA  91405

Montgomery & Andrews, P.A.
325 Paseo De Peralta
Santa Fe, NM  87501
Attn:  Kathy Lopez

John Petitto
Town & Country Sports Center, Inc.
U.S. 12 & U.S. 127
Cement City, MI  49233

Marcia Taylor
Bennett Motor Group Express
1001 Industrial Parkway
McDonough, GA  30253

Richard Basciani
Basciani Foods
8876 GapNewport Pike
Avondale, PA  19311

Rooke Everill
Derek John Everill
Ken Everill
1204 Lake Point Circle
McKinne, TX  75070

Michael D. Fowler
Martha Dickson (Deceased)
1680 S.W. St. Lucie West Blvd.
Port St. Lucie, FL  34986

John Inelli
17 Old Farmstead Rd.
Chester, NJ  07930

Eller Industries
623 W. Lilac Ct.
Louisville, CO  80027

**Registered Agent:**
Randal L. Hittle
[moved, left no forwarding address]

John Nicholson
9 Jamaica Lane
Haverhill, MA  01830-2419

**VIA E-MAIL:**
Richard A. Block
President
Sterling Consulting Corporation
4101 E. Louisiana Ave., Ste. 300
Denver, CO  80246
**Receiver**
rblock@xpn.com

**Courtesy Copies to:**
Julie Trent
jt@bsblawyers.com

Eugene Sprague
esprague@bw-legal.com

Robert Pitts
rpitts@lawrwp.com

Thomas F. Quinn
tquinn@tfqlaw.com

Henry N. Portner, Esq.
Pineapple Grove Corporate Center
101 Pineapple Grove Way
Delray Beach, FL  33444-3703

**CLAIMANT:**
Raymond R. Cardullo
4386 Danielson Drive
Lake Worth, FL  33467


By:   *s/Sharon A. Chiecuto*