IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 95-cv-000777-REB-CBS

In re: The Receivership of Indian Motorcycle Manufacturing, Inc., a New Mexico corporation,

---

**RESPONSE TO RECEIVER'S VERIFIED MOTION FOR JUDGMENT, FEES,
AND COSTS AGAINST SCOTT S. KAJIYA AND HAIME RUIZ**

---

Scott S. Kajiya and Jaime P. Ruiz, by and through their attorneys, Peter C. Freeman and

the Law Offices of Peter C. Freeman, hereby oppose the Motion of Sterling Consulting

Corporation, as receiver, for the entry of Judgment against Scott S. Kajiya and Jaime P. Ruiz, on

the following grounds:

1.      While the Receiver's Motion for Judgment purportedly reflects the pertinent facts

regarding the Receivership's payment of approved claims in the sum of $500,000 to Mr. Kajiya,

the Motion is misleading as it fails to set forth the mitigating facts known to the Receiver from

his communications with Mr. Kajiya and Mr. Ruiz which do not support the entry of Judgment

against these individuals and it fails to present the facts which suggest that the Receiver's request

for the award of receiver's fees, attorney's fees and costs associated therewith is not appropriate

or equitable.

2.      It is not disputed that the Receivership Estate paid claims submitted by Scott S.

Kajiya in a total of $500,000. The payment was made by two checks, dated September 30, 1999

and January 17, 2000.

3.      The payments were based on the approved claim of Scott Kajiya against the

Receivership Estate and a claim transferred from the Bankruptcy Cases in Massachusetts,

representing money advanced to Indian or paid on behalf of Indian by Mr. Kajiya, and money

provided or advanced by Mr. Ruiz and a small group of individuals led by Mr. Ruiz that were

seeking either an interest in the then-burgeoning company and/or the rights to manufacture and

distribute products bearing the Indian name and marks. Mr. Ruiz was never named in this matter

as a claimant, but participated in Settlement Conference(s) as an individual having advanced

money to the Indian company(ies) together with Mr. Kajiya, and as a spokesman for the other

investors with whom he was familiar. All of these claims were encompassed in Mr. Kajiya's

claim as ultimately agreed, allowed and paid.

3.     Mr. Kajiya and Mr. Ruiz participated in the early stages of several actions arising

out of the conduct and failure(s) of the Indian companies. Although California residents, Mssrs.

Kajiya and Ruiz were involved in the Colorado receivership and the Massachusetts bankruptcy

matters. Ultimately, the claims presented by Mr. Kajiya were approved and a

settlement/compromise on the amount of those claims was reached, resulting in the $500,000

paid by the Receivership to Mr. Kajiya. Mr. Kajiya and Mr. Ruiz, together with those affiliated

with him had advanced more than $1,250,000 to the Indian company(ies), on their behalf, or in

reliance upon the licenses and rights purchased by them.

4.     Following the payment of the claims and the disbursement of money, Mr. Kajiya

and Mr. Ruiz discontinued their active participation and monitoring of the Receivership

proceedings, having already lost a significant amount of money in their dealings with the Indian

companies and the Receivership, including their attorney's fees for their participation. As a

result, they did not have actual knowledge of the entry of the Restitution Order by this Court until

2

they were contacted by the Receiver with its Notice of Restitution in or about August 2006.

5.      The Receiver, by Richard Block, contacted Scott Kajiya directly by telephone, who reported to Mr. Block that he had received only $10,000 of the $500,000 claim, and that the balance of the money had been delivered to Mr. Ruiz and others.

6.      On September 21, 2006, the Receiver (Mr. Block) wrote to counsel for Mr. Kajiya and Mr. Ruiz, Peter Freeman, demanding the repayment of $121,750 (24.35% of $500,000) to the Receivership from counsel, by September 28, 2006. Exhibit "1". In response, Mr. Freeman contacted the Receiver regarding the demand as to the requested repayment from counsel, seeking clarification for the basis for the demand as to counsel. (Exhibit "2") Mr. Freeman and Mr. Block spoke by telephone thereafter regarding the Restitution amount claim.

7.      On October 25, 2006, following telephone conversations with Mr. Block,  Mr. Freeman provided the Receiver with confirmation of the receipt of the checks from the Receivership on behalf of Mr. Kajiya, the deposit of those funds into a California State Bar-Mandated Client Trust Account, and an itemization of the disbursement, as authorized by the client, of all funds received from the Receivership. Exhibit "3" The disbursements from Mr. Freeman's Client Trust Account included nearly $250,000 paid directly to third-party investors who were not specifically named in the claim by Kajiya.

8.      Because a significant portion of the Client Trust Account funds ($240,500) had been disbursed to Mr. Ruiz for his repayment to individuals that had made smaller advances to the Indian company, the Receiver was invited to communicate directly with Mr. Ruiz regarding those funds and the itemization of their disbursement by Mr. Ruiz to the parties that advanced the funds to Indian.

3

9.     Mr. Ruiz provided the Receiver with the information of his disbursement of the funds received from the Receivership through Mr. Freeman's Client Trust Account. Mr. Ruiz reported that he was unable to provide documents to reflect the disbursements to the other investors, because his records of those accounts had been destroyed several years before, and that because of the age of the information, no electronic records were available from Mr. Ruiz's banks. Exhibit "4"

10.     Both Mr. Ruiz and Mr. Kajiya have provided information to the Receiver regarding their financial condition and hardship and their inability to pay the Restitution amount, in addition to their claim that they should not be required to pay the Restitution amount as they did not receive the payment of the claim by the Receivership, but only a small portion of it (the lion's share having been repaid to the other investors that had advanced money to or on behalf of Indian together with Mssrs. Ruiz and Kajiya).

11.     Notwithstanding the receipt of that information from Mssrs. Kajiya and Ruiz, the corroborating information from their counsel as to trust account disbursements, and despite the complete lack of any information to the contrary, the Receiver concludes that "there is no reason to delay the entry of final judgment." Notably, the Receiver's Motion fails to report to this Court the substance of the claims by Mr. Kajiya and Mr. Ruiz that they did not personally receive or benefit from the lions' share of the payment from the Estate, except to the extent that it was paid to Kajiya as the lead claimant for their group of investors.

12.     The Receiver's Motion further suggests that Mr. Kajiya and Mr. Ruiz have <u>forced</u> the Receiver to incur fees and costs because they "simply have not paid the money which was mistakenly paid nearly eight years ago" - an argument which ignores the facts provided by these

4

individuals that they did not receive the money or its benefit, but that it was repaid to those

persons that advanced the money to the Indian company in the first place, and that the

information regarding the parties that received the payment was provided to the Receiver, who

has done nothing with that information.   While claiming he is entitled to justice and equity by

an award of his fees and costs incurred, the Receiver seeks to impose a manifestly unjust result

and effect a double punishment of Mr. Kajiya and Mr. Ruiz, to wit: first, return nearly $125,000

which they did not personally retain; and second, pay attorney's fees and receiver's fees because

the Receiver has refused to acknowledge the receipt of the Restitution amounts by other,

identified parties and has failed to seek the money from those parties that actually received it, the

persons who should be responsible, in fairness and equity, to return the money which the

Receiver agreed to pay and mistakenly paid out approximately 8 years ago.

WHEREFORE, Scott Kajiya and Jaime Ruiz respectfully request and pray that this

honorable Court deny the Receiver's Motion for Entry of Judgment and the request for an award

of Receiver's fees, attorney's fees and costs.

Respectfully submitted this 1st day of May, 2007

Dated: May 1, 2007

s/ *Peter C. Freeman*
Peter C. Freeman, SBN 100744
Law Offices of Peter C. Freeman
16485 Laguna Canyon Road Suite 230
Irvine, CA 92618
Telephone: (949) 341-0500
Facsimile: (949) 341-0505
email: peter@peterfreemanlaw.com

Attorneys for Scott S. Kajiya and Jaime Ruiz

5

## VERIFICATION

STATE OF CALIFORNIA    )
                       )        ss.
COUNTY OF ORANGE       )

       I, Jaime P. Ruiz, being duly sworn upon oath, solemnly affirm as follows: 1) I am a party to this proceeding by reason of the Receiver's Motion for Entry of Judgment against me based on this Court's Restitution Order; 2) I have reviewed the foregoing Verified Response to Motion for Judgment, Fees and Costs against Scott S. Kajiya and Haime Ruiz; and 3) the information contained therein is true to the best of my knowledge and belief.

                                    Jaime P. Ruiz

STATE OF CALIFORNIA    )
                       )        ss.
COUNTY OF ORANGE       )

     Subscribed and sworn to before me by Jaime P. Ruiz, on the 2nd day of May, 2007.

     Witness my hand and official Seal.

CARMEN M. RHOADS
Commission # 1632529
Notary Public - California
Orange County
My Comm. Expires Dec 22, 2009

Carmen Rhoads
Notary Public for the State of California

6

EXHIBIT "1"



STERLING CONSULTING CORPORATION

4101 East Louisiana Avenue
Suite 300
Denver, Colorado  80246
Office:  303-388-1300
Fax:  303-781-4311
Email:  rblock@sterlingcorp.com

### Certified Mail—Return Receipt Request

September 21, 2006

Mr. Peter C Freeman, Esq
Law Offices of Peter C. Freeman
C/O Scott Kajiya
16485 Laguna Canyon Road, Suit 230
Irvine, CA  92618-3846

Re:    *In re:  The Receivership Estate of Indian Motorcycle Manufacturing,*
       *Inc.,* Civil Action No. 95-cv-00777-REB-CBS, United States District
       Court, District of Colorado.


On July 28, 2006, the United States District Court for the District of Colorado, the Honorable Robert E. Blackburn, Chief District Judge presiding, entered its Amended Order Approving and Adopting Magistrate Judge's Recommendation.  By this Order, you have been Ordered to make restitution to the Receivership Estate of an amount equal to 24.35% of the payment that the receiver made to you.  The amount you owe is $121,750.00.

Our records show that you received a Notice and a copy of the Order by mail. Our records also show that you have not paid the money you are obligated to pay.  This letter is being sent to inform you that if the money you owe is not received on or before September 28, 2006, the receiver will motion the District Court for a Judgment against you.  A Judgment is likely to appear as a mark against your credit report, and expose your assets to lien or seizure.

If you believe there is an error or that you do not owe the money, you must contact the undersigned immediately.  If you do not have the ability to pay the full amount, the receiver can make arrangements for you to pay over time, but you must contact the receiver for this purpose.  It is no defense to that you elected to take a dealership or stock in Indian Motorcycle Company rather than (or in addition to) cash.

Very truly yours,

Richard A. Block

EXHIBIT "2"

LAW OFFICES OF
# PETER C. FREEMAN

PETER C. FREEMAN
BAHAR K. ABBASI

16485 LAGUNA CANYON ROAD, SUITE 230
IRVINE, CALIFORNIA 92618-3846
TELEPHONE (949) 341-0500  FACSIMILE (949) 341-0505

E. ROBB LIVINGSTON, A P C.
OF COUNSEL

September 25, 2006

VIA E-MAIL (rblock@sterlingcorp.com) AND FAX (303)-781-4311

Mr. Richard Block, President
Sterling Consulting Corporation
4101 East Louisiana Avenue Suite 300
Denver, CO 80246

Re:   In re: The Receivership Estate of Indian Motorcycle Manufacturing Inc.
      USDC Case No. 95-cv-00777-REB-CBS   USDC-Colorado

Dear Mr. Block:

I have received your letter dated September 21, 2006 regarding the July 28 Order entered by the Hon. Robert E. Blackburn, requiring restitution to the Receivership Estate of a portion of the payment the receiver made to various parties in the action, including my client, Scott Kajiya.

While I remain as counsel of record for Mr. Kajiya, I have not been in contact with him for quite some time, and do not have a valid current address.   I will address those issues for my office separately and attempt to insure that Mr. Kajiya has actual notice of the court's Order.

However, in an abundance of caution, your letter regarding the restitution is addressed to me personally, and is "C/O Scott Kajiya", which is clearly either a typographical error or a complete mistake with respect to the responsible party. I have assumed, to this point, that your contacts with and through this office have been intended to be directed to Mr. Kajiya through me as his counsel of record.   However, the language in your most recent letter, coupled with the address error, suggests that you believe my office is responsible for the repayment.

Please confirm with me, in writing, that your communications with my office have been intended for Mr. Kajiya and do not constitute any attempt to recover money on behalf of the Receivership from me, personally or through my office.   I will appreciate your soonest possible response to this letter, and prior to the September 28 deadline you have established for payment and the request for an entry of judgment. I trust no further or formal action will be required by my office to insure that the record is correct.

Very truly yours,

LAW OFFICES OF PETER C. FREEMAN

Peter C. Freeman

PCF:fp
cc:   Jack Tanner, Esq.
      Scott S. Kajiya

LAW OFFICES OF

# PETER C. FREEMAN

PETER C. FREEMAN
BAHAR K. ABBASI

16485 LAGUNA CANYON ROAD, SUITE 230
IRVINE, CALIFORNIA 92618-3846
TELEPHONE (949) 341-0500  FACSIMILE (949) 341-0505

E. ROBB LIVINGSTON, A.P.C.
OF COUNSEL

## TELECOPY TRANSMITTAL

## COVER SHEET

*DATE:*    September 25, 2006         *TIME:*    5:02 pm

*NAME:*    Richard Block, President
Sterling Consulting Corporation

*NUMBER:*  (303) 781-4311

*FROM:*    Peter C. Freeman

*RE:*      In re: The Receivership Estate of Indian Motorcycle Manufacturing Inc.
USDS Case No. 95-cv-00777-REB-CBS USDC-Colorado

*TOTAL PAGES TRANSMITTED (Including Cover Page)*      2

*DOCUMENT(S) TRANSMITTED:*  Letter dated 9/25/06

*SPECIAL INSTRUCTIONS:*

\* \* \* \* \* \* \* \* \* \* \* \* \*

Please direct any inquiry regarding illegible or incomplete transmission to: Carmen at (949) 341-0500.

NOTICE: CONTENTS MAY BE PRIVILEGED/CONFIDENTIAL

The following material is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential, and/or otherwise exempt from disclosure under applicable law.

If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by telephone (collect) and either destroy the material or mail it back to the sender. Return postage will be reimbursed upon receipt.

EXHIBIT "3"

LAW OFFICES OF

# PETER C. FREEMAN

16485 LAGUNA CANYON ROAD. SUITE 230
IRVINE, CALIFORNIA 92618-3846
TELEPHONE: (949) 341-0500 • FACSIMILE: (949) 341-0505
peter@peterfreemanlaw.com

PETER C. FREEMAN

F. ROBB LIVINGSTON
OF COUNSEL

October 25, 2006

VIA TELECOPIER (303) 830-1033
and U.S. MAIL

John M. Tanner, Esq.
FAIRFIELD & WOODS, P.C.
2400 One Norwest Center
1700 Lincoln Street
Denver, Colorado  80203-4524

VIA EMAIL  rblock@xpn.com  AND  U.S.
MAIL

Mr. Richard A. Block, President
Sterling Consulting Corporation
4101 E. Louisiana Avenue Suite 300
Denver, Colorado 80246

Re:    In re: The Receivership of Indian Motorcycle Manufacturing, Inc.

Dear Mr. Tanner and Mr. Block:

This letter follows the email exchanges I have had with Mr. Block commencing on October 20
regarding the Order of Restitution and the Receiver's claim to 24.35% of the $500,000
disbursement made to Mr. Kajiya through this office.  In the initial communication, Mr. Block
advised me that based upon his conversation(s) with Scott Kajiya, Jaime Ruiz and I were the
recipients of $490,000 of the total settlement amount disbursed by the Receiver in October 1999
and January 2000 which resolved the claims of Scott and Jan Kajiya.

It is the purpose of this letter to set forth the actual facts with respect to the disbursement of the
settlement money received and deposited into my client trust account for the benefit of Mr.
Kajiya.   I am presently attempting to locate and assemble all of the hard-copy records of these
transactions, as the following information has been obtained from my electronic files and records.

The settlement was received in two installments, the first for $350,000 on or about October 12,
1999, and the second for $150,000, on or about January 25, 2000.   Those checks, which were to
be payable to "Scott Kajiya and his attorney, Peter C. Freeman" or to the "Peter C. Freeman
Client Trust Account" per my letter to Mr. Tanner dated August 13, 1999, were directly
deposited in the Client Trust Account of the Law Offices of Peter C. Freeman.   Copies of those
checks were not retained, but I am informed by Mr. Block that you have obtained them, and they
should clearly show endorsement to that account, maintained at Wells Fargo Bank.

By the written authorization of Mr. Kajiya and Mr. Ruiz, the following checks for disbursements
were written from my Client Trust Account from those settlement funds:

Mr. Richard Block
John Tanner, Esq.
October 25, 2006
Page Two

| Check | Date | Payee | Amount |
|-------|------|-------|--------|
| 1210 | 10/26/99 | Jaime P. Ruiz | $128,000.00 |
| 1211 | 10/26/99 | Donnienne Ruiz | $ 80,000.00 |
| 1213 | 10/26/99 | Brian Dietz | $ 27,000.00 |
| 1214 | 10/26/99 | Peter C. Freeman/Wells Fargo | $ 12,000.00 |
| 1215 | 10/26/99 | Peter C. Freeman | $ 12,000.00 |
| 1216 | 10/26/99 | Peter C. Freeman | $ 11,000.00 |
| 1217 | 10/26/99 | Claire Hori | $ 75,000.00 |
| 1219 | 10/29/00 | Scott Kajiya | $  5,000.00 |
| 1233 | 02/03/00 | Scott Kajiya | $  7,500.00 |
| 1234 | 02/10/00 | Jaime P. Ruiz | $100,000.00 |
| 1236 | 03/02/00 | Bill Hori | $ 30,000.00 |
| 1241 | 03/17/00 | Jaime P. Ruiz | $ 12,500.00 |
| TOTAL | | | $500,000.00 |

Copies of checks 1210-1211, 1214-1217 and 1219 are enclosed. Checks 1213, 1233, 1234 1236 and 1241 were negotiated after December 1999, and I am attempting to locate the statements and cancelled checks for my Trust Account for the year 2000.

Checks 1214-1216, totaling $35,000.000 were payable to me or my designee (in the case of Wells' Fargo) and received on October 26, 1999 in payment against the balance of hourly fees and the reimbursable costs incurred in my representation of the interests of Mr. Kajiya and Mr. Ruiz. There were no contingency fee arrangements and I was paid on an hourly basis for my work. I have requested my billing statements from closed storage and will provide those when they are received.

I understand that the disbursements to Mr. Ruiz were subsequently disbursed by him to others who advanced money to participate in the enterprises formed by Mr. Kajiya and Mr. Ruiz to utilize the licenses for the Indian name and marks in footwear and clothing. I believe Mr. Ruiz will be able to provide the names of all recipients of those funds.

Very truly yours,

LAW OFFICES OF PETER C. FREEMAN

Peter C. Freeman

PCF:fp
cc:    Scott Kajiya
       Jaime Ruiz

**LAW OFFICES OF PETER C. FREEMAN**
CLIENT TRUST ACCOUNT
1551 N. TUSTIN AVE., STE. 720
SANTA ANA, CA  92705-8636
714-667-7878

1210

91-119
122(1)

DATE _Ocr 26, 1999_

PAY TO THE ORDER OF _V.P. Ruiz_      $ 128,000.00

ONE HUNDRED TWENTY-EIGHT THOUSAND AND NO/100      DOLLARS

**WELLS FARGO BANK**

FOR _____

⑂001210⑂ ⑂122101191⑂0601 534860⑂      ⑂0012800000⑂

---

**LAW OFFICES OF PETER C. FREEMAN**
CLIENT TRUST ACCOUNT
1551 N. TUSTIN AVE., STE. 720
SANTA ANA, CA  92705-8636
714-667-7878

1211

91-119
122(1)

DATE _Ocr 26, 1999_

PAY TO THE ORDER OF _Donniene Ruiz_      $ 80,000.00

EIGHTY THOUSAND AND NO/100      DOLLARS

**WELLS FARGO BANK**

FOR _____

⑂001211⑂ ⑂122101191⑂0601 534860⑂      ⑂0008000000⑂

---

**LAW OFFICES OF PETER C. FREEMAN**
CLIENT TRUST ACCOUNT
1551 N. TUSTIN AVE., STE. 720
SANTA ANA, CA  92705-8636
714-667-7878

1214

91-119
122(1)

DATE _Ocr 26, 1999_

PAY TO THE ORDER OF _Wells Fargo Bank_      $ 12,000.00

TWELVE THOUSAND AND NO/100      DOLLARS

**WELLS FARGO BANK**

FOR _____

⑂001214⑂ ⑂122101191⑂0601 534860⑂      ⑂0001200000⑂

---

**LAW OFFICES OF PETER C. FREEMAN**
CLIENT TRUST ACCOUNT
1551 N. TUSTIN AVE., STE. 720
SANTA ANA, CA  92705-8636
714-667-7878

1215

91-119
122(1)

DATE _Ocr 26, 1999_

PAY TO THE ORDER OF _Peter C. Freeman_      $ 12,000.00

TWELVE THOUSAND AND NO/100      DOLLARS

**WELLS FARGO BANK**

FOR _____

FOR DEPOSIT ONLY

PAYABLE TO WITHIN NAMED PAYEE

FOR DEPOSIT ONLY

OCT 27 99

OCT 24 99

**LAW OFFICES OF PETER C. FREEMAN**
CLIENT TRUST ACCOUNT
1551 N. TUSTIN AVE., STE. 720
SANTA ANA, CA  92705-8636
714-667-7878

1219

91–119
1221(1)

DATE  Oct 28, 1999

PAY TO THE ORDER OF  Scott Kasiya

$ 5,000.00

Five Thousand and No/100's                                          DOLLARS

**WELLS FARGO BANK**

FOR

⑈001219⑈ ⑈122101191⑈0601 534860⑈          ⑈0000500000⑈

---

**LAW OFFICES OF PETER C. FREEMAN**
CLIENT TRUST ACCOUNT
1551 N. TUSTIN AVE., STE. 720
SANTA ANA, CA  92705-8636
714-667-7878

1217

91–119
1221(1)

DATE  Oct 26 1999

PAY TO THE ORDER OF  Claire Hou

$ 75,000.00

Seventy-Five Thousand and No/100's                              DOLLARS

**WELLS FARGO BANK**

FOR

⑈001217⑈ ⑈122101191⑈0601 534860⑈          ⑈0007500000⑈

---

**LAW OFFICES OF PETER C. FREEMAN**
CLIENT TRUST ACCOUNT
1551 N. TUSTIN AVE., STE. 720
SANTA ANA, CA  92705-8636
714-667-7878

1216

91–119
1221(1)

DATE  10/26/99

PAY TO THE ORDER OF  Peter C Freeman Genl Account

$ 11,000.00

Eleven Thousand and No/100's                                    DOLLARS

**WELLS FARGO BANK**

FOR

⑈001216⑈ ⑈122101191⑈0601 534860⑈          ⑈0001100000⑈

PAY TO THE ORDER OF
WELLS FARGO BANK
► 122101191 ◄
FOR DEPOSIT ONLY
LAW OFFICES OF PETER C. FREEMAN
GENERAL ACCOUNT
0601535040

OCT 27 99

OCT 27 99

PROCESSED
02

LAW OFFICES OF
# PETER C. FREEMAN

PETER C. FREEMAN
BAHAR K. ABBASI

16485 LAGUNA CANYON ROAD, SUITE 230
IRVINE, CALIFORNIA 92618-3846
TELEPHONE (949) 341-0500  FACSIMILE (949) 341-0505

E. ROBB LIVINGSTON, A.P.C.
OF COUNSEL

## TELECOPY TRANSMITTAL

## COVER SHEET

*DATE:*     October 25, 2006          *TIME:*     10:03 am



*NAME:*     John M. Tanner, Esq.
            FAIRFIELD & WOODS, P.C.

*NUMBER:*   (303) 830-1033

*FROM:*     Peter C. Freeman

*RE:*       In re: The Receivership of Indian Motorcycle Manufacturing, Inc.

*TOTAL PAGES TRANSMITTED (Including Cover Page)*      7

*DOCUMENT(S) TRANSMITTED:*     Letter dated 10/25/06

*SPECIAL INSTRUCTIONS:*

\* \* \* \* \* \* \* \* \* \* \* \* \*

Please direct any inquiry regarding illegible or incomplete transmission to: Carmen at (949) 341-0500.

NOTICE: CONTENTS MAY BE PRIVILEGED/CONFIDENTIAL

The following material is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential, and/or otherwise exempt from disclosure under applicable law.

If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by telephone (collect) and either destroy the material or mail it back to the sender. Return postage will be reimbursed upon receipt.

EXHIBIT "4"

November 16, 2006

Mr. Block:

I am writing in response to your demand for the return of approximately 25%
of the funds I received from the distribution by the receivership on the claim
filed by Scott Kajiya on our behalf. I understand the District Court has ordered
the return of this money and that you are actively seeking to recover these funds.

As background, approximately 16 years ago, I lent $300,000.00 to Scott Kajiya. In addition to this
money, I was provided with approximately $ 200,000 more by other investors, which was either
given to Mr. Kajiya or was paid to creditors of his company, Indian Motocycle Company Japan
(IMCJ) or Indian Eyewear (IE). All of This money was a loan and was to be paid back within the
year. For the loan, all the investors were to receive a modest return in interest, and a 10 %
interest in his company Indian Motocycle Japan, a California corporation. I worked with Mr. Kajiya
to investigate and develop products which the company intended to sell or distribute, including
denim jeans, eyewear, leather jackets and boots.  However, as I am sure you are aware, shortly
thereafter things hit a slippery slope with the owners of the Indian name and marks, there was
apparently fraud by many involved in the Indian companies, with resulting lawsuits and ultimately
the receivership. Although we had no funds to do so, we attempted to stay active in the
receivership action as a creditor, as it was seen as the only means to recover our investments.
After 7years of constant battles, the receivership agreed to pay a portion of our claim, in the
amount of $500,000, which was well below what we had ultimately invested in the development of
products as well as the licensing fees, etc paid to Indian companies. The payment from the R
Receivership was made to Scott and was received by our attorney, Peter Freeman.  Scott
directed him to pay to me what was a portion of what I originally lent to Scott, and most of the
money that had been provided by others through me.

Now 16 years after this all started the nightmare called Indian Motorcycle comes back to haunt
me again.  Almost all of the money I received was paid out to the others that had invested
through me in Scott's company, as I will show below.

I received $240,500.00 in three payments, the first was in October of 1999, for $128,000.00. Then
in January of 2000 I received 2 checks, one for $100,000.00 and a second for $12.500.00.

From these disbursements, I paid the following people for the money they had loaned

to Scott and Indian Motocycle Japan through me: After paying these people, and creditors of Indian Motocycle Japan, I was left with approximately $50,000 against my total investment of well more than $300,000.

Michael Ruiz $70,000.00  (LOANED TO PAY PRIOR IMCJ debt)
David Stevenson  $40,000.00  (LOANED TO IMCJ & IE)
Tom Cavallaro    $35,000.00 (LOANED TO IMCJ & IE)
Engle & Murphy  $ 15,000.00  (FOR MARKETING & ADVERTISING FEES)
Mark Ruiz       $ 25,000.00  (LOANED TO IE)

After paying these people, and other creditors of Indian Motocycle Japan, I was left with $50,000 to repay my investment of well more than $300,000 (after the initial loan, I continued to advance money to keep the company moving, based on the licenses we had obtained and our belief that the Indian name and products would be successful).

Unfortunately, due to the passage of time, the records to demonstrate these payments by me are no longer available from my banks, and because of my extreme frustration with the circumstances and my losses in this investment, I burned all of my records on these transactions shortly after the money was paid out.

As to my personal situation, I am 52 years old, with two young daughters (13 & 14), I am self-employed as a mortgage loan officer. As I am sure you are aware, the mortgage market has taken a significant downturn recently, and my income is extremely limited based on our living expenses. Based on my situation, and the fact that I received only about $50,000 of the disbursement from the receiver, I am able to offer to repay $5,000 for the tax liability which is being claimed by the IRS. I hope that this will be favorably considered, as it poses a hardship for me and any additional amount would be devastating.

Sincerely,

Jaime Ruiz.

## CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses or as indicated below or by United States Mail, postage prepaid:

**VIA CM/ECF TO:**

John M. Tanner, Esq.
Fairfield and Woods, P.C.
1700 Lincoln St., Suite 2400
Denver, CO 80203-4524
**Attorney for Plaintiff Sterling**
**Consulting Corporation, as receiver**
jtanner@fwlaw.com

Edward T. Ramey, Esq.
Stuart H. Pack, Esq.
Isaacson Rosenbaum
 Woods and Levy
633 17th St., Suite 2200
Denver, CO 80202
**Attorneys for William R. Childs, Scott**
**McCormick, Jr., Douglas Walliser,**
**Ronald Schiff, Edward Pacelli, Morty**
**Lempel, A.B. Goldberg, First**
**Entertainment, Harvey Rosenberg**
eramey@ir-law.com
spack@ir-law.com

James R. Cage, Esq.
Cage Williams Abelman
 & Lyden, P.C.
St. Elmo Bldg.
1433 17th St.
Denver, CO 80202-1273
**Attorney for Carl D. Lucci/Albert R.**
**Lucci**
jcage@cagewilliams.com

J. Eric Elliff, Esq.
Kristen Taylor-Randall, Esq.
Morrison & Foerster, LLP
370 17th St., Suite 3550
Denver, CO 80203
**Attorney for IMCOA**
jelliff@mofo.com

Adam F. Hulbig
Trial Attorney, Tax Division
U.S. Dept. of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044
**Attorney for Unites States of America**
adam.f.hulbig@usdoj.gov

Gary C. Moschetti, Esq.
Hatch & Moschetti, LLP
1800 Glenarm Pl., 9th Floor
Denver, CO 80202
**Attorney for Edward Leal**
gmoschetti@hatchlawyers.com

Cassandra Sasso, Esq.
Baker & Hostetler
303 E. 17th Ave., Suite 1100
Denver, CO 80203-1264
**Attorney for Michelle Lean**
csasso@bakerlaw.com

Michael J. Pankow
Daniel J. Garfield
Brownstein Hyatt & Farber PC
410 17th St., Suite 2200
Denver, CO 80202
**Attorneys for Michael Payne**
mpankow@bhf-law.com
dgarfield@bhf-law.com

**VIA UNITED STATES MAIL:**

James Duberg, Esq.
727 Third Ave.
Chula Vista, CA  91910-5803

Mark S. Schmitt, Esq.
Maier, Mcilnay Schmitt & Button
1150 Washington St.
Grafton, WI  53024-1916
**Attorney for Miller Simon & Maier**

Mr. Albert Lucci
1930 Wyoming Ave.
Fort Pierce, FL  34982

Peter Sklarew, Esq.
Assistant Chief
Civil Trial Section, Northern Region
United States Dept. of Justice
Tax Division
P.O. Box 55
Washington, D.C.  20044
**Attorney for IRS**

Robert J. Danie, Esq.
9 Wagon Wheel Drive
Feeding Hills, MA  01030

Noreene C. Stehlik,, Esq.
U.S. Dept. of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C.  20044

Robert L. Morrow, Jr., MD
401 N. College Rd., #5
Lafayette, LA 70506

Nicholas A. Russo, Sr.
310 Extonville Rd.
Allentown, NY  08501

Richard J. Cortesi
5316 Camino Montano, N.E.
Albuquerque, NM  87111

Albert R. Garza
589 Manchester
E. Glastonbury, CT 06025-0085

Ronald Fulfer
15315 S. Francis Dr.
Plainfield, IL  60544

Richard Dale Wood
13997 80th Ave. North
Maple Grove, MN 55311

Steve Halprin
1316 Penningtow Place
Concord, NC 28207

Alf Iseback
Sweden
[mail returned, no forwarding address]

Kathryn L. Troccoli
1911 Champlain St.
Ottawa, IL  61350

Ed Pink
Ed Pink Racing Engines, Inc.
14612 Raymer Street
Van Nuys, CA  91405

Montgomery & Andrews, P.A.
325 Paseo De Peralta
Santa Fe, NM  87501
Attn: Kathy Lopez

John Petitto
Town & Country Sports Center, Inc.
U.S. 12 & U.S. 127
Cement City, MI  49233

Marcia Taylor
Bennett Motor Group Express
1001 Industrial Parkway
McDonough, GA 30253

Richard Basciani
Basciani Foods
8876 GapNewport Pike
Avondale, PA 19311

Rooke Everill
Derek John Everill
Ken Everill
1204 Lake Point Circle
McKinne, TX 75050

Michael D. Fowler
Martha Dickson (Deceased)
1680 S.W. St. Lucie West Blvd.
Port St. Lucie, FL 34986

John Inelli
17 Old Farmstead Rd.
Chester, NJ 07930

Eller Industries
623 W. Lilac Ct.
Louisville, CO 80027

**Registered Agent:**
Randal L. Hittle
[moved, left no forwarding address]

John Nicholson
9 Jamaica Lane
Haverhill, MA 01830-2419

**VIA E-MAIL:**
Richard A. Block
President
Sterling Consulting Corporation
4101 E. Louisiana Ave., Suite 300
Denver, CO 80246
**Receiver**
rblock@xpn.com

**Courtesy Copies to:**
Julie Trent
jt@bsblawyers.com

Eugene Sprague
esprague@bw-legal.com

Robert Pitts
rpitts@lawrwp.com

Thomas F. Quinn
tquinn@tfqlaw.com

Henry N. Portner, Esq.
Pineapple Grove Corporate Center
101 Pineapple Grove Way
Delray Beach, FL 33444-3703

**CLAIMANT:**
Scott S. Kajiya
1644 22nd Street
Manhattan Beach, CA 90266

Jaime Ruiz
c/o Peter C. Freeman
Law Offices of Peter C. Freeman
16485 Laguna Canyon Rd., Suite 230
Irvine, CA 92618

By: _____
        Peter C. Freeman