UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 95-cv-00777-REB-CBS

In re: Indian Motorcycle Manufacturing, Inc., a New Mexico Corporation

---

**RECEIVER'S REPLY IN RESPONSE FOR MOTION FOR JUDGMENT, FEES AND COSTS AGAINST SCOTT S. KAJIA AND JAIME RUIZ**

Sterling Consulting Corporation, as receiver, by and through its attorneys, Fairfield and Woods, P.C., hereby replies in support of its Motion for Judgment against Messrs. Kajia and Ruiz as follows:

1.  In their Response to Receiver's Verified Motion for Judgment, Fees, and Costs against Scott S. Kajiya and Jaime Ruiz [Document # 2517, the "Response"], Mr. Kajiya (the "Claimant") and Mr. Ruiz[1] admit that the receiver paid $500,000 under the Claim: "It is not disputed that the Receivership Estate paid claims that had been submitted by Scott S. Kajiya in a total of $500,000. The payment was made by two checks, dated September 30, 1999 and January 17, 2000, payable to "Scott S. Kajiya and his attorney Peter C. Freeman", or the "Peter C. Freeman Client Trust Account." (Response, at page 1). This admission is the only fact necessary to enter Judgment against the Claimants.

---

[1] On its face, the receiver's Motion for Judgment is directed only to Mr. Kajiya as the Claimant. As a matter of law, the Motion for Judgment is directed at any transferee of the money paid under the Claim. Mr. Ruiz admits that he is a transferee of Mr. Kajiya, and as such he has transferee liability.

2. In the Response, the Claimants maintain that the Judgment may be subject to mitigation, and that the receiver's and attorney's fees are not warranted. These are the only two issues that are in dispute.

3. The Claimant says, in so many words, that the money was spent on other things. The receiver has no doubt this is true, but this fact does not provide a defense under the circumstances unless the expenditure would tend to mitigate the obligation to make restitution 24.35% of the Claim as paid ("Restitution").

4. The receiver admits that the receiver reviewed the facts and evidence supporting the proposition that the portion of the money paid to Mr. Freeman was not contingency, but rather hourly fees, and Mr. Freeman is not obligated to repay any of the money he received. This, however, does not mitigate the obligation of the Claimants to repay the money to the Receivership Estate. It only absolves Mr. Freeman of any personal obligation.

5. Similarly, the receiver admits that the Claim, as paid, reflects a compromise between the Claimant and the receiver. This compromise was not a unilateral reduction of an obligation, but rather the negotiation of an obligation which was paid in full. The compromise does not reduce the obligation to make Restitution.

6. In paragraph 9 of the Response, the Claimant states that "The records of the disbursements from Mr. Freeman's Client Trust Account showed that nearly $250,000 was paid directly from his Client Trust Account to third-party investors who were not specifically identified in Mr. Kajiya's claim, but had made significant advances." The receiver has no reason to doubt this, and based

upon the Verification of the Response, the receiver is prepared to accept the representation as fact. Because the obligation to make Restitution is a joint and several obligation of the Claimant and his transferees (and transferees of transferees), the Claimant is obligated to make Restitution unless the transferee who received the money makes Restitution. The receiver maintains that the Claimant can mitigate his obligation to repay the money by the amount paid by the transferee, but the transfer cannot operate to mitigate the obligation.

7. As explained to the Claimant by the receiver during the conversations between Mr. Block and the Claimant and Mr. Ruiz, it is the Claimant's responsibility, as it is the transferee's responsibility, as it is the transferee of the transferee's liability (and so on) to provide the information necessary to mitigate their obligations to the Receivership Estate. Just because the Claimant and his transferees cannot demonstrate what they did with the money does not mean the Claimant and his transferees are not liable.

8. The Claimant and Mr. Ruiz also claim that to make Restitution would work an unreasonable financial hardship due to their poor financial condition.

9. During conversation between the receiver and the Claimant and Mr. Ruiz, Mr. Block was careful to explain that the government considered financial hardship to be a possible defense to their obligation to make Restitution. Nevertheless, the receiver cannot accept an unsupported statement of financial hardship. The Claimant and Mr. Ruiz are fully aware of the requirement that each provide documentation supporting their claims of financial hardship.

10. In this regard, the receiver previously recommended a method for providing adequate support for the proposition that Restitution would work an unreasonable financial hardship. The receiver again recommends to the Claimant and Mr. Ruiz that each submit something modeled after the IRS's Offer in Compromise (IRS Form 656; Rev. 02-2007; Catalog Number 16728N) supported by something modeled after IRS Form 433-A (Rev. 5-2001; Catalog Number 20312N), in the case of an individual, or IRS Form 433-B (Rev. 5-2001; Catalog Number 16649P), in the case of a business.[2]

11. In conclusion, the Claimant and Mr. Ruiz have admitted the obligation to make Restitution. The Claimant and Mr. Ruiz may mitigate their obligation to make restitution by affirmatively demonstrating financial hardship. The Claimant's obligation to make Restitution should be mitigated to the extent transferees of the Claimant make Restitution, but the simple fact of a transfer does not mitigate the obligation. Regardless of ultimate mitigation of the obligation to make Restitution, the Claimant and his transferees should not be absolved of any obligation, by financial hardship or otherwise, unless and until they have provided the identity of transferees and the amount of the Claim transferred.

---

[2] The receiver suggests that because the government is effectively the only remaining beneficiary of the Receivership Estate, something modeled after the Offer in Compromise program should be acceptable to the government. In fact, the receiver would take no issue with the Claimant and Mr. Ruiz actually filling out the appropriate forms and submit those. The government may file a responsive pleading if the government has any issue with this recommendation.

12.     Receiver's Fees and the receiver's attorneys' fees should be assessed, but should be subject to the same mitigating considerations as Restitution.

Respectfully submitted this 22nd day of May, 2007

By: *s/ John M. Tanner*
Fairfield and Woods, P.C.
1700 Lincoln Street, Suite 2400
Denver, CO  80203-4524
Phone:  (303) 830-2400
Fax:  (303) 830-1033
Email:  jtanner@fwlaw.com

Attorney for Sterling Consulting
Corporation, as receiver

# CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses or as indicated below or by United States Mail, postage prepaid:

**VIA CM/ECF TO:**

Alan Lemont Hale Esq.
Hale Friesen, LLP
1430 Wynkoop St., Ste. 300
Denver, CO 80202
**Attorney for Richard Basciani, N. Rooke Everill, Pres./Everill Bros., Inc., John H. Nicholson or Virginia A. Nicholson**
ahale@haldfriesen.com

Edward T. Ramey, Esq.
Stuart H. Pack, Esq.
Isaacson Rosenbaum
  Woods and Levy
633 17th St., Ste. 2200
Denver, CO 80202
**Attorneys for William R. Childs, Scott McCormick, Jr., Douglas Walliser, Ronald Schiff, Edward Pacelli, Morty Lempel, A.B. Goldberg, First Entertainment, Harvey Rosenberg**
eramey@ir-law.com
spack@ir-law.com

James R. Cage, Esq.
Cage Williams Abelman
  & Layden, P.C.
St. Elmo Bldg.
1433 17th St.
Denver, CO 80202-1273
**Attorney for Carl D. Lucci/Albert R. Lucci**
jcage@cagewilliams.com

J. Eric Ellliff, Esq.
Kristen Taylor-Randall, Esq.
Morrison & Foerster, LLP
370 17th St., Ste. 3550
Denver, CO 80203
**Attorney for IMCOA**
jelliff@mofo.com

Adam F. Hulbig
Trial Attorney, Tax Division
US Dept. of Justice
PO Box 683
Ben Franklin Station
Washington, DC 20044
**Attorney for United States of America**
adam.f.hulbig@usdoj.gov

Gary C. Moschetti, Esq.
Hatch & Moschetti, LLP
1800 Glenarm Pl., 9th Floor
Denver, CO 80202
**Attorney for Edward Leal**
gmoschetti@hatchlawyers.com

Cassandra Sasso, Esq.
Baker & Hostetler
303 E. 17th Ave., Ste. 1100
Denver, CO 80203-1264
**Attorney for Michelle Lean**
csasso@bakerlaw.com

Michael J. Pankow
Daniel J. Garfield
Brownstein Hyatt & Farber PC
410 17th Street, Suite 2200
Denver, CO 80202
**Attorneys for Michael Payne**
mpankow@bhf-law.com
dgarfield@bhf-law.com

**VIA UNITED STATES MAIL:**
James Duberg, Esq.
727 Third Ave.
Chula Vista, CA  91910-5803

Mark S. Schmittt, Esq.
Maier, Mcilnay Schmitt & Button
1150 Washington St.
Grafton, WI  53024-1916
**Attorney for Miller Simon & Maier**

Peter C. Freeman, Esq.
Law Offices of Peter C. Freeman
16485 Laguna Canyon Rd., Ste. 230
Irvine, CA  92618-3846
**Attorney for Scott Kajiya**

Mr. Albert Lucci
1930 Wyoming Ave.
Fort Pierce, FL  34982

Peter Sklarew, Esq.
Assistant Chief
Civil Trial Section, Northern Region
United States Dept. of Justice
Tax Division
PO Box 55
Washington, D.C.  20044
**Attorney for IRS**

Robert J. Danie, Eq.
9 Wagon Wheel Drive
Feeding Hills, MA  01030

Noreene C. Stehlik, Esq.
U.S. Dept. of Justice
PO Box 683
Ben Franklin Station
Washington, D.C.  20044
**Attorney for IRS**

Robert L. Morrow, Jr., MD
401 N. College Rd., #5
Lafayette, LA  70506

Nicholas A. Russo, Sr.
310 Extonville Road
Allentown, NJ  08501

Richard J. Cortesi
5316 Camino Montano, N.E.
Albuquerque, NM  87111

Albert R. Gazza
589 Manchester
E. Glastonbury, CT  06025-0085

Ronald Fulfer
15315 S. Francis Dr.
Plainfield, IL  60544

Richard Dale Wood
13997 80th Ave. North
Maple Grove, MN  55311

Steve Halprin
1316 Penningtow Place
Concord, N.C.  28207

Alf Iseback
**SWEDEN**
[mail returned, no forwarding address]

Kathryn L. Troccoli
1911 Champlain St.
Ottawa,IL  61350

Ed Pink
Ed Pink Racing Engines, Inc.
14612 Raymer Street
Van Nuys, CA  91405

Montgomery & Andrews, P.A.
325 Paseo De Peralta
Santa Fe, NM  87501

John Petitto
Town & Country Sports Center, Inc.
U.S. 12 & U.S. 127
Cement City, MI  49233

Marcia Taylor
Bennett Motor Group Express
1001 Industrial Parkway
McDonough, GA  30253

Richard Basciani
Basciani Foods
8876 GapNewport Pike
Avondale, PA  19311

Rooke Everill
Derek John Everill
Ken Everill
1204 Lake Point Circle
McKinne, TX  75070

Michael D. Fowler
Martha Dickson (Deceased)
1680 S.W. St. Lucie West Blvd.
Port St. Lucie, FL  34986

John Inelli
17 Old Farmstead Rd.
Chester, NJ  07930

Eller Industries
c/o Leonard S. ("Lonnie") Labraiola
6035 N. 115th Street
Longmont, CO  80504-8434

**Registered Agent:**
Randal L. Hittle
[moved, left no forwarding address]

John Nicholson
22 Thoreau Ct.
Beverly, MA  01915

**VIA E-MAIL:**
Richard A. Block
President
Sterling Consulting Corporation
4101 E. Louisiana Ave., Ste. 300
Denver, CO  80246
**Receiver**
rblock@xpn.com

**Courtesy Copies to:**
Julie Trent
jt@bsblawyers.com

Eugene Sprague
esprague@bw-legal.com

Michael Chodos
michael@chodos.com

Robert Pitts
rpitts@lawrwp.com

Thomas F. Quinn
tquinn@tfqlaw.com

Henry N. Portner, Esq.
Pineapple Grove Corporate Center
101 Pineapple Grove Way
Delray Beach, FL  33444-3703


By:  *s/Sharon A. Chiecuto*