EXHIBIT A

## GUARANTY

This Guaranty is made as of January 18, 1995 by the undersigned Guarantor to and for the benefit of Miller, Simon & Maier S.C., a Wisconsin service corporation (the "Counsel").

### Recitals

Indian Distributors Australia PTY, Ltd. ("Distributors") is a totally owned subsidiary of Liberty Holding, Inc. ("Liberty"). Liberty is totally owned by Guarantor. Indian Motor Company ("IMC") is totally owned by Guarantor, Distributors and Liberty.

Counsel has rendered legal services and disbursed its funds from time to time to and on behalf of Indian. Substantially all of Counsel's legal services were for obtaining the trademark and common law rights to the name Indian for motorcycles. Indian instructed Counsel to bill Liberty for all of such services and disbursements prior to November 1, 1994 and to bill IMC for all such services and disbursements after October 31, 1994, which arrangements were acceptable to Guarantor, Distributors and Liberty.

Indian has not had the financial resources to pay Counsel for it services and to reimburse Counsel for disbursements made.

In consideration of the forbearance by Counsel, the extension of credit to Indian, and for other good and valuable consideration, the Guarantor:

1. Agrees that the following words used in this Guaranty have the following meanings:

    A. "Indian" means collectively Indian Distributors Australia PTY, Ltd., Liberty Holding, Inc., a Wisconsin corporation, and Indian Motor Company, a Nevada corporation.

    B. "Guarantor" means Michael D. Mandelman.

    C. "Obligations" means all obligations of Indian to Counsel for legal services rendered to date hereof and after the date hereof and disbursements incurred to date hereof and after the date hereof on behalf of Indian.

2. Unconditionally and absolutely guarantees the due and punctual payment and performance of each of the Obligations, whether according to the present terms of the Obligations or any change or changes in the terms, covenants and conditions of any of the Obligations, now or at any time hereafter made or granted, or any earlier or accelerated date or dates for payment of performance of the agreements set forth in the Obligations. It is understood that this Guaranty is a continuing guarantee of the payment of the indebtedness represented by the Obligations and is not limited to a guarantee of collection of the indebtedness represented by the Obligations. It is further understood that this Guaranty shall remain in full force and effect and is not revocable by Guarantor for so long as there is any outstanding indebtedness represented by the Obligations.

3. To the extent not prohibited by law, expressly waives notice of the acceptance of this Guaranty, the creation of any present or future Obligations, nonpayment of any Obligations, proceedings to collect from Indian or anyone else, and all diligence of collection and presentment, demand, notice and protest. With respect to any of the Obligations, agrees Counsel may from time to time without notice to the Guarantor and without liability to the Guarantor (a) surrender, release or impair any security or collateral for any of the Obligations or surrender, release or agree not to sue any other guarantor or surety for any of the Obligations; (b) fail to perfect Counsel's security interest in or realize upon any security or collateral for any of the Obligations; (c) fail to realize upon any of the Obligations or to proceed against Indian or any other guarantor or surety for any of the Obligations; (d) renew or extend the time of payment of any of the Obligations; (e) increase or decrease the rate of interest payable with respect to any of the Obligations as may have been agreed to by Indian; (f) accept additional security or collateral for any of the Obligations; (g) determine the allocation and application of payments and credits with respect to principal and interest under the Obligations and accept partial payments and credits for any of the Obligations; (h) determine what, if anything, may at any time be done with reference to any security or collateral for any of the Obligations; or (i) settle

or compromise the amount due or owing or claimed to be due or owing with respect to any of the Obligations. The Guarantor expressly consents to and waives notice of all of the above.

4. Agrees that (a) unless and until Counsel shall have received payment in full of all indebtedness represented by the Obligations, that Guarantor shall exercise no right of subrogation with respect to the Obligations or any monies due and unpaid thereon, or any collateral securing the Obligations, if any, and (b) any claim, including a claim for contribution, which any Guarantor may have against a co-guarantor indebted or under liability, either direct or indirect of whatsoever nature, to Counsel, or against Indian while indebted or under liability to Counsel, shall not be enforced by the Guarantor or payment made until the indebtedness or liability of the co-guarantor or Indian to Counsel is paid in full.

5. Agrees that the Guarantor's obligation to make payment in accordance with the terms of this Guaranty shall not be impaired, modified, changed, released or limited in any manner whatsoever in the event any portion of the Obligations are invalid or unenforceable against Indian, or by any impairment, modification, change, release or limitations of the liability of Indian or its estate in bankruptcy resulting from the operation of any present or future provision of the federal Bankruptcy Code or other similar federal or state statute, or from the decision of any court.

6. Agrees that, if at any time all or any part of any payment theretofore applied by Counsel to any of the Obligations is or must be rescinded or returned by Counsel for any reason whatsoever (including, without limitation, the insolvency, bankruptcy or reorganization of Indian), such Obligations shall, for the purposes of this Guaranty, to the extent that such payment is or must be rescinded or returned, be deemed to have continued in existence, notwithstanding such application by Counsel, and this Guaranty shall continue to be effective or be reinstated, as the case may be, as to such Obligations, all as though such application by Counsel had not been made.

7. Agrees to pay all costs and expenses, including reasonable attorneys' fees, incurred by Counsel, its successors or assigns in enforcing this Guaranty.

8. Agrees that this Guaranty shall inure to the benefit of Counsel and may be enforced by Counsel and any subsequent holder or holders of the Obligations, and shall be binding and enforceable upon the Guarantor and the Guarantor's personal representatives, heirs, successors and assigns.

9. Agrees that so long as this Guaranty remains in effect all references in this Guaranty to Obligations of Indian shall include any successor or assignee of Indian.

10. Agrees that this Guaranty shall be governed by the laws of the State of Wisconsin.

11. Agrees that if any term or provision of this Guaranty shall to any extent be invalid or unenforceable, the remainder of this Guaranty, or the application of any such term or provision other than those which are invalid or unenforceable, shall not be affected thereby, and each term and provision shall be valid and enforceable to the fullest extent permitted by law.

12. Represents, warrants and covenants to Counsel that, as of the date of this Guaranty: the fair salable value of the Guarantor's assets exceeds the Guarantor's liabilities including all contingent liabilities; the Guarantor is meeting Guarantor's current liabilities as they mature; any financial statements of the Guarantor furnished to Counsel are true and correct and include in the footnotes thereto all contingent liabilities of the Guarantor; there are not now pending any material court or administrative proceedings or undischarged judgments against the Guarantor, and Guarantor is not in default or claimed to be in default under any agreement for borrowed money. Guarantor agrees to promptly give Counsel written notice of any material adverse change in Guarantor's financial condition, including but not limited to litigation commenced, default claimed under Guarantor's indebtedness for borrowed money or bankruptcy proceedings commenced against Guarantor. Guarantor is fully aware of the financial condition of Indian. Guarantor is delivering this guarantee based solely upon Guarantor's own independent investigation of Indian and the Obligations secured by this Guaranty and in no part upon any representation or statement of Counsel with respect thereto. The Guarantor is in a position to and hereby assumes full responsibility for obtaining any additional information concerning Indian's financial condition as Guarantor may deem material to Guarantor's obligations

2

hereunder and Guarantor is neither relying upon nor expecting Counsel to furnish Guarantor any information in Counsel's possession concerning Indian's financial condition.

13. Agrees that this Guaranty constitutes the entire agreement of the Guarantor with Counsel with respect to the subject matter hereof and may not be amended, modified or changed in any manner without the prior written consent of Counsel.

14. Agrees Counsel may enforce any claim arising out of this Guaranty, in any state or federal court having subject matter jurisdiction and located in Milwaukee, Wisconsin. For the purpose of any action or proceeding instituted with respect to any such claim, Guarantor hereby irrevocably submits to the jurisdiction of such courts. Guarantor irrevocably consents to the service of process out of said courts by mailing a copy thereof, by registered mail, postage prepaid, to Guarantor and agrees that such service, to the fullest extent permitted by law, (i) shall be deemed in every respect effective service of process upon Guarantor in any such suit, action or proceeding and (ii) shall be taken and held to be valid personal service upon personal delivery to Guarantor. Nothing herein contained shall affect the right of Counsel to serve process in any other manner permitted by law or preclude Counsel from bringing an action or proceeding in respect hereof in any other country, state or place having jurisdiction over such action. Guarantor hereby irrevocably waives, to the fullest extent permitted by law, any objection which Guarantor may have or hereafter have to the laying of the venue of any such suit, action or proceeding brought in any court located in Milwaukee, Wisconsin and any claim that any such suit, action or proceeding brought in such a court has been brought in an inconvenient forum.

15. Expressly waives any equitable right to require marshaling of assets in connection with the exercise of any remedies permitted by applicable law and agrees not to require Counsel, prior to exhausting its remedies against Guarantor, to exhaust its remedies against any other debtor.

16. Expressly waives any right to a trial by jury in any action or proceeding to enforce or defend any rights under this Guaranty, or under any amendment, instrument, document or agreement delivered or which may in the future be delivered in connection herewith or arising from any relationship existing in connection with this Guaranty, and agrees that any such action or proceeding shall be tried before a court and not before a jury.

17. Represents and acknowledges that the Guarantor (a) has consulted with an attorney or attorneys of Guarantor's choice before executing this Guaranty; (b) understands fully each of the terms of this Guaranty; (c) is executing this Guaranty voluntarily; and (d) has received no promise or other inducement from Counsel, other than as recited herein, to cause the Guarantor to execute this Guaranty.

This Guaranty has been executed as of the day and year first written above.

_____
MICHAEL D. MANDELMAN

das
[TJM\85420BN]

3