## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
## Judge Robert E. Blackburn

Civil Action No. 95-cv-00777-REB-CBS

In re: Indian Motorcycle Manufacturing, Inc., a New Mexico Corporation
_____

### JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE
_____

**Blackburn, J.**

This matter comes before me on the receiver's motion to dismiss with prejudice the claimants who have complied with my order of reconsideration [#2462] filed December 26, 2006.[1] I grant the motion.

Having judicially noticed all relevant adjudicative facts in the file and record of this action as developed *pro tanto*; having considered the averments of the instant motion to dismiss and its concomitant exhibits; having considered the **United States' Response to (DI# 2462) Receiver's Combined Motion To Dismiss Claimants Who Have Paid and Notice of Receiver's Plans for Winding Down Receivership Action** [#2463] filed December 29, 2006; having noted that no party in interest has filed an objection to the motion to dismiss; and being otherwise sufficiently advised, enters the following findings of fact, conclusions of law, orders, and judgment.

**FINDINGS AND CONCLUSIONS**:

1. That in 1999 and 2000, the receiver paid the claimants identified in Exhibit A

---

[1] The receiver's motion to dismiss is an integral part of **Receiver's: (1) Motion To Dismiss Claimants Who Have Complied with the Order of Reconsideration with Prejudice; And (2) Notice Regarding Its Plan To Wind-Down the Receivership Action** [#2462] filed December 26, 2006. The reference to my "order of reconsideration" is a reference to my **Amended Order Approving and Adopting Magistrate Judge's Recommendation** [#2338] entered July 28, 2006.

to the receiver's motion to dismiss the full amount of their allowed claims;

 2. That it was later determined that these payments were made in error, as some senior claims, including a then-unasserted claims for taxes, had to be paid before unsecured claimants, including the claimants identified in Exhibit A to the receiver's motion;

 3. That the receiver resisted the claim for taxes, but it was later determined in a Final Order by the Massachusetts District Court that taxes were due; however, the amount determined due was compromised in negotiations between the government and the receiver, and the Settlement Agreement resulting from the negotiations and compromise was approved by Final Order of the Massachusetts District Court on September 9, 2005;

 4. That on December 14, 2005, Magistrate Judge Schlatter recommended that the claimants identified in Exhibit A to the receiver's motion, among others, repay 24.35% of the money received to pay the taxes;

 5. That on July 28, 2006, I approved and adopted that recommendation and ordered the claimants identified in Exhibit A to the receiver's motion, among others, to repay 24.35% of the money received from the receiver, or a lesser amount discounted for prompt payment, to the receiver;

 6. That according to the pleading filed by the receiver, the claimants identified in Exhibit A to the receiver's motion have fully complied with my July 28, 2006, order and paid the required percentage or a less percentage under a Court and receiver approved prompt payment plan; and

7. That there is no just reason to delay final entry of this Judgment.

**THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED** as follows:

1. That the receiver's motion to dismiss [#2462] filed December 26, 2006, is granted;

2. That each claimant identified in Exhibit A, which is attached hereto and incorporated herein, is dismissed with prejudice;

3. That the parties shall pay their own attorney fees and costs; and

4. That this judgment is certified to be a final judgment under Fed.R.Civ.P. 54(b).

Dated July 19, 2007, at Denver, Colorado.

                              **BY THE COURT:**

                              **s/ Robert E. Blackburn**
                              **Robert E. Blackburn**
                              **United States District Judge**