**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 95-cv-00777-REB-CBS

In re: Indian Motorcycle Manufacturing, Inc., a New Mexico Corporation
_____

**ORDER FOR JUDGMENT, FEES, AND COSTS
AGAINST IN THE WIND, INC., D/B/A STAZ'S NEVADA INDIAN**
_____

**Blackburn, J.**

The matter before me is the receiver's **Verified Motion for Judgment, Fees,
and Costs Against In The Wind, Inc., D/B/A Staz's Nevada Indian**, (respondent)
[#2478] filed January 17, 2007.  I grant the motion, which is unopposed.

Having judicially noticed all relevant adjudicative facts in the file and record of
this action as developed *pro tanto*; having considered the averments of the instant
motion; having noted that no party in interest has filed an objection to the motion; and
being otherwise sufficiently advised, enters the following findings of fact, conclusions of
law, and orders.

**FINDINGS AND CONCLUSIONS**:

1. I have jurisdiction over the subject matter of and parties to this motion.

2. Notwithstanding proper and timely notice of this motion, the respondent has
failed to respond.

3. The averments of fact in the motion have been established in the manner
prescribed by law.

4. In 1995, respondent filed its claim for $64,000.

5.  In 1999, at the written request of the respondent and pursuant to the procedures established by the court, the receiver paid $25,000 on respondent's behalf to Indian Motorcycle Company for common stock in Indian Motorcycle, which common stock was issued in the name of Steven V. Destout.  An additional $25,000 was paid by the reveiver on behalf of respondent to purchase a dealership in the State of Nevada.  Finally, the remaining $14, 000 was paid by the receiver on respondent's behalf to Staz's Indian for four deposits of $3,525 each toward the purchase of 1999 Indian Motorcycle Chiefs.

6.  The receiver, in making the payment to respondent inadvertently overpaid respondent in circumstances where it would be patently inequitable for respondent to keep the monies overpaid.

7.  Pursuant to my Amended Order Approving and Adopting Magistrate Judge's Recommendation [#2338] entered July 28, 2006,respondent was ordered to pay 24.35% of $64,000 ($15,600) by September 28, 2006.

8.  Without legal or equitable justification respondent has failed and refused to repay this money.  Thus, judgment should be entered against respondent.

9.   After considering carefully all factors relevant to certification of a final judgment under Fed.R.Civ.P. 54(b) as codified and construed, *see*, e.g., **Oklahoma Turnpike Auth. v. Bruner**, 259 F.3d 1236 (10th Cir. 2001); **Stockman's Water Co., LLC v. Vaca Partners, L.P.**, 425 F.3d 1263 (10th Cir. 2005), I conclude and determine expressly 1) that there is no just reason for delay and 2) that the judgment should be certified as a final judgment. *See **id**.* at 1265; **Curtiss-Wright Corp. v. General Elec.**

*Co.*, 446 U.S. 1, 7, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980). Entry of a final judgment will resolve fully and finally the only dispute between the parties to this motion. In the specific context of the single claim of the receiver against the respondent, my order and concomitant judgment constitute "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Oklahoma Turnpike Auth.*, 259 F.3d at 1242 (internal quotations and citations omitted).  Contrastingly, without entry of a final judgment, respondent may not appeal my order until the receivership is terminated. Respondent, *per force*, would be required to wait until the myriad separable and unrelated issues and claims for and against the receivership involving other claimants and parties are resolved. There is no just reason to delay possible appellate review of my discreet order concerning this discreet motion presenting a discreet claim until I have resolved conclusively all other pending claims and issues extant among the receiver and other claimants and litigants. *See Oklahoma Turnpike Auth.*, 259 F.3d at 1242.

10. This is an equitable receivership.  Some claimants of the receivership that were overpaid refunded the overpayment they received without further cost or expense to the receivership estate.  However, respondent has caused the receiver to expend additional costs and expenses to obtain restitution of this money.  It would not be equitable for respondent to burden the receivership estate without compensating the receiver for the additional costs and fees.  Accordingly, the receiver should be awarded the costs, receiver fees, and attorney fees incurred in the filing and prosecution of this motion.

**THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED** as follows:

1. That the receiver's unopposed **Verified Motion for Judgment, Fees, and Costs Against In The Wind, Inc., D/B/A Staz's Nevada Indian** [#2478] filed January 17, 2007, **IS GRANTED**;

2. That pursuant to Fed.R.Civ.P. 58(a), judgment **SHALL ENTER** in favor of the receiver, Sterling Consulting Corporation, against In The Wind, Inc., D/B/A Staz's Nevada Indian in the amount of $15,600;

3. That the receiver **IS AWARDED** the costs, receiver fees, and attorney fees that were incurred in the filing and prosecution of this motion:

a. That costs **SHALL BE TAXED** in the time and manner prescribed by Fed.R.Civ.P. 54(d)(1) and D.C.COLO.LCivR 54.1;

b. That receiver fees **SHALL BE DETERMINED** in the same time and manner prescribed for attorney fees by Fed.R.Civ.P. 54(d)(2) and D.C.COLO.LCivR 54.3; and

c. That attorney fees **SHALL BE DETERMINED** in the time and manner prescribed by Fed.R.Civ.P. 54(d)(2) and D.C.COLO.LCivR 54.3; and

4. That the judgment entered pursuant to this order is certified to be a final judgment under Fed.R.Civ.P. 54(b).

Dated July 23, 2007, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**