IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Judge Robert E. Blackburn

Civil Case No.: 95-CV-00777-REB-CBS

In re: Receivership Estate of )
Indian Motorcycle Manufacturing, Inc., a )
New Mexico Corporation. )
)
)

## MEMORANDUM IN SUPPORT OF
## MOTION TO RECONSIDER ORDER OF RESTITUTION

The matter in issue between the parties is a factual issue and the facts are materially in dispute. The Petitioner, Anthony V. Pugliese, III, should be accorded full discovery and the right to a plenary trial. The Notice of Order of Restitution states: "According to the receiver's records, the receiver paid 75,000.00 to you in full satisfaction of your claim." In the Final Judgment it states that "in 1998 and 1999, the receiver in this Receivership Action paid $155,000 to Mr. Pugliese."

The Receiver acknowledges that it has no proof that it ever paid or issued stock for $80,000 of the so called $155,000 payment. The Receiver states in his motion for Judgment, Paragraph 6: "Indeed, the Receiver has stated repeatedly to Mr. Pugliese that if he swears under oath he never received the second part of the stock (the $80,000) then the receiver will cease attempting to collect for it (unless it is later shown that his sworn testimony is false)." Attached is a sworn affidavit of Mr. Pugliese, affirming under oath that he no recollection of receiving any stock whatsoever from the Receiver. Mr Pugliese does acknowledge that the receiver has produced a copy of stock for $75,000 but disputes the validity thereof.

Mr. Pugliese has further stated under oath, in Affidavits hereto filed with this court all of the following:

1. He was never placed on notice nor given an opportunity to appear in the proceedings leading to the entry of the Amended Order. His right to the due process of law has been denied.

2. The first time that he learned of this matter was as a result of the Notice of Order of Restitution which was mailed out by Richard A. Block, President, Sterling Consulting Corporation as Receiver for Indian Motorcycle and originally dated August 7, 2006.

3. He never received any money whatsoever from the Debtor or the Receiver on account of dealerships he was to acquire in Southern California from Indian Motorcycle Manufacturing, Inc.

4. The Receiver has asserted that, according to their books, that he was paid back a portion of his original investment. This fact is denied. The Receiver has produced stock certificates dates March 20, 2000 issued by Indian Motorcycle Company, incorporated under the Laws of Delaware. Notably, the date of the issuance of the alleged stock is not that what the final judgment was based upon being dates in 1998 and 1999. Further, the alleged stock issuance is from "Indian Motorcycle Company, incorporated in the State of Delaware", yet the Receiver represents Indian Motorcycle Manufacturing, Inc., a New Mexican Corporation.

5. According to the alleged records of the Receiver, Mr. Pugliese was presented a written waiver in which I elected to receive stock of the Debtor rather than a cash settlement sum for my investment. Demand has been made of the Receiver to produce such a written document where such alleged waiver was to have occurred, and notwithstanding repeated demands, no

such written waiver has been produced or has been forthcoming. Mr. Pugliese has never received any cash from the Receiver and questions the validity and surrounding circumstances of the alleged issuance of stock of Indian Motorcycle Company of Delaware in 2000.

6. Mr. Pugliese should not be required to pay back what he never received in the first instance.

7. Mr. Pugliese further has affirmed that any alleged document which he is purported to have signed was signed as a result of business compulsion accompanied by material misrepresentations and omission by the Receiver.

8. Mr. Pugliese was never offered the alternative of a cash payment and refund. The only thing he was ever offered was an Indian Motorcycle dealership as part of his original investment.

9. The Receiver asserts in his Motion for Judgment, Paragraph 4 that "following the procedures set up by the Court, Mr. Pugliese instructed the receiver to pay the money for both Claims to purchase common stock in Indian Motorcycle Company….. Mr. Pugliese does not dispute this." Contrary thereto, Mr. Pugliese vigorously disputes this statement.

It is apparent that a comparison of the moving papers of each party are inopposite. Mr. Pugliese denies receiving any cash, never received the equivalent in any form of consideration his $155,000 investment in dealerships in Southern California, has no recollection of receiving any stock, and vigorously disputes that the issuance of stock was at his direction.

For the foregoing reasons, Petitioner, Anthony Pugliese respectfully requests that any judgment hereto entered against him be vacated, and that he be allowed his day in court. A scheduling order setting dates for discovery, motions and trial is respectfully requested.

                                                Respectfully submitted:

Dated: August 6, 2007                      Law Offices of Henry N. Portner

                                                By:    s/Henry N. Portner