IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Judge Robert E. Blackburn

Civil Case No.: 95-CV-00777-REB-CBS

In re: Receivership Estate of )
Indian Motorcycle Manufacturing, Inc., a )
New Mexico Corporation. )
)
)

## AFFIDAVIT ACCOMPANYING MEMORANDUM OF LAW IN SUPPORT OF MOTION TO RECONSIDER ORDER OF RESTITUTION

State of Florida:
                     ss
County of Palm Beach:

      Anthony V. Pugliese, of full age, being duly sworn according to law, deposes and says:

      1. The matter in issue between the parties is a factual issue and the facts are materially in dispute. I should be accorded full discovery and the right to a plenary trial. The Notice of Order of Restitution states: "According to the Receiver's records, the Receiver paid 75,000.00 to [me] in full satisfaction of [my] claim." In the Final Judgment it states that "in 1998 and 1999, the receiver in this Receivership Action paid $155,000 to Mr. Pugliese."

      2. The Receiver acknowledges that it has no proof that it ever paid or issued stock for $80,000 of the so called $155,000 payment. The Receiver states in his motion for Judgment, Paragraph 6: "Indeed, the Receiver has stated repeatedly to Mr. Pugliese that if he swears under oath he never received the second part of the stock (the $80,000) then the receiver will cease attempting to collect for it (unless it is later shown that his sworn testimony is false)." I am hereby affirming under oath that I have no recollection of receiving any stock whatsoever from

the Receiver. I do acknowledge that the receiver has produced a copy of stock for $75,000 but dispute the validity thereof.

3. I have further stated, in Affidavits hereto filed with this court all of the following:

A. I was never placed on notice nor given an opportunity to appear in the proceedings leading to the entry of the Amended Order. My right to the due process of law has been denied.

B. The first time that I learned of this matter was as a result of the Notice of Order of Restitution which was mailed out by Richard A. Block, President, Sterling Consulting Corporation as Receiver for Indian Motorcycle and originally dated August 7, 2006.

C. I never received any money whatsoever from the Debtor or the Receiver on account of dealerships I was to acquire in Southern California from Indian Motorcycle Manufacturing, Inc.

D. The Receiver has asserted that, according to their books, that I was paid back a portion of his original investment. This fact is denied. The Receiver has produced stock certificates dates March 20, 2000 issued by Indian Motorcycle Company, incorporated under the Laws of Delaware. Notably, the date of the issuance of the alleged stock is not that what the final judgment was based upon being dates in 1998 and 1999. Further, the alleged stock issuance is from "Indian Motorcycle Company, incorporated in the State of Delaware", yet the Receiver represents Indian Motorcycle Manufacturing, Inc., a New Mexican Corporation.

E.  According to the alleged records of the Receiver, I was presented a written waiver in which I elected to receive stock of the Debtor rather than a cash settlement sum for my investment.  Demand has been made of the Receiver to produce such a written document where such alleged waiver was to have occurred, and notwithstanding repeated demands, no such written waiver has been produced or has been forthcoming.  I have never received any cash from the Receiver and question the validity and surrounding circumstances of the alleged issuance of stock of Indian Motorcycle Company of Delaware in 2000.

F.  I should not be required to pay back what I never received in the first instance.

G.  I have further affirmed that any alleged document which I purported to have signed was signed as a result of business compulsion accompanied by material misrepresentations and omission by the Receiver.

H.  I was never offered the alternative of a cash payment and refund.  The only thing I was ever offered was an Indian Motorcycle dealership as part of my original investment.

I.  The Receiver asserts in his Motion for Judgment, Paragraph 4 that "following the procedures set up by the Court, Mr. Pugliese instructed the receiver to pay the money for both Claims to purchase common stock in Indian Motorcycle Company….. Mr. Pugliese does not dispute this." Contrary thereto, I vigorously dispute this statement.

3

4. I deny receiving any cash, never received the equivalent in any form of consideration my $155,000 investment in dealerships in Southern California, have no recollection of receiving any stock, and vigorously dispute that the issuance of stock was at my direction.

5. For the foregoing reasons, I respectfully request that any judgment hereto entered against me be vacated, and that I be allowed my day in court. A scheduling order setting dates for discovery, motions and trial is respectfully requested.

6. I certify that the facts set forth in this Affidavit are true and correct to the best of my knowledge, information and belief.

s/Anthony V. Pugliese, III

Sworn to and subscribed before me, a Notary Public in and for the State of Florida, County of Palm Beach by Anthony V. Pugliese, III who is personally known to me.

s/Henry N. Portner

Notary Public, State of Florida

My Commision Expires January 6, 2010

4