UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

**Civil Action No. 95-cv-00777-REB-CBS**

In re:

Receivership Estate of INDIAN MOTORCYCLE MANUFACTURING, INC.,
a New Mexico Corporation
_____

**United States' Response to (DI# 2582) Pugliese's Memorandum
Titled as If to Support His Motion to Reconsider this Court's
Omnibus Restitution Order, But in Substance Opposing Only
the Entry of a Judgment Against Him Based on Individual Defenses**
_____

The United States submits that there appears to be a disconnect among the understandings of the parties and/or the Court as to what precisely Mr. Pugliese wants and what the parties and/or the Court originally thought he wanted in his various pleadings, and that disconnect is causing procedural confusion. The titles of his pleadings make it sound as if he seeks reconsideration of the original omnibus restitution order of July 28, 2006 (DI# 2338), whereas the substance of his arguments convey at most a personal defense to a judgment against him individually. There appears to be no debate that, before the Court may enter an individual judgment against Mr. Pugliese, there should be discovery and, if necessary, a trial (unless the matter can be resolved pursuant to Fed.R.Civ.P. 56). At the same time, Mr. Pugliese presents no argument or contention that would remotely justify "reconsideration" of the 7/28/06 restitution order.

**Procedural Background**

On July 28, 2006, this Court entered an amended order granting the Receiver's motion to reconsider the Court's 1999 and 2000 distribution orders and requiring restitution of 24.35% of amounts received by claimants in 1999 and 2000, whether received in the form of cash, stock, or dealerships. (DI# 2338.) The July 28, 2006 order was omnibus in nature in that it generally

required those who admittedly received distributions to return 24.35% of them.  The omnibus order was also interlocutory.[1]  Thus, it did not resolve any specific and unique defenses available to individual claimants.  Many claimants complied with the order without further ado.  For claimants who failed to comply with the order, the Receiver has moved for judgments individually against each of them.  If presented with an explanation of particularized hardship or the existence of an individual legal defense, the Receiver has invited settlement discussions.

On October 13, 2006, Anthony Pugliese filed a motion to reconsider the omnibus restitution order.  (DI# 2412.)  The Receiver and the United States filed responses.  (DI# 2430, 2447.)  The Receiver conceded that Pugliese had not received notice of the original restitution motion and thus had a right to be heard on its propriety, but took issue with the merits of his individualized contentions.  (DI# 2430.)  The Receiver therefore also moved for judgment against Pugliese.  (DI# 2431.)  The United States pointed out that Mr. Pugliese's 10/13/06 motion did not appear to be concerned with the propriety of restitution generally, but rather seemed concerned only with raising particular defenses unique to himself.  (DI# 2447.)

On July 18, 2007, the Court granted Mr. Publiese's motion "in part" by affording him procedural due process without addressing the substantive arguments.  (DI# 2541.)  The order granted Mr. Pugliese leave to argue against the July 18, 2006 restitution order (DI# 2338) by allowing him until August 7, 2007, to file a response to the Receiver's original restitution motion filed on November 18, 2005 (DI# 1940).

On August 7, 2007, Mr. Pugliese filed a *Memorandum in Support of Motion to Reconsider*

---

[1] When Mr. Payne appealed it, the Tenth Circuit issued an order to show cause why the appeal should not be dismissed as interlocutory.  The United States filed a response taking the position that the 7/28/06 restitution order was interlocutory, and that any objections to it were reserved for appeal as part of a later appeal from a final judgment after any individual defenses are resolved.  Mr. Payne was raising individualized defenses and the parties were able to settle.  A motion to approve that settlement was then filed by the Receiver.

*Order of Restitution* with an accompanying affiavit.  His counsel incorrectly docketed the filing on the ECF system by indicating it *supported* the Receiver's motion against Pugliese, referring in the docket entry to D.I. 2431.

### Pugliese is Not Attacking the Order of Restitution But Rather is Disputing Whether He Received a Distribution

Mr. Pugliese's latest memorandum (DI# 2582) elaborates on his individual and particularized defenses to the entry of a judgment against him, but does not give any reason for this Court to reconsider its omnibus restitution order of July 28, 2006.  Further, having been granted leave to contest the underpinnings for restitution, Mr. Pugliese, by not doing so, has waived any general objections.  Accordingly, the Court should deny reconsideration of its 7/28/06 order, without prejudice to Mr. Pugliese's contentions that he is not subject to that order because he (allegedly) did not receive any distribution.

As for Mr. Pugliese's individualized defenses, those do raise issues of triable fact such that it would be appropriate to defer ruling on the Receiver's motion for judgment (DI# 2431) while affording the parties an opportunity to take discovery, at least as to one of Mr. Pugliese's two claims, if not both.  In this regard, Mr. Pugliese's affidavit is certainly insufficient to support summary judgment in his favor.  It also negates the entry of summary judgment against him on at least one of the two claims at this juncture (the dealership-converted-to-stock claim), and presents a close call as to the other claim (the cash-converted-to-stock claim).

As to the cash-converted-to-stock claim, the Receiver has alleged that Mr. Pugliese had notice of this Court's 1999 orders allowing him to elect to receive stock in lieu of cash on one of Mr. Pugliese's two claims.  The affidavit does not deny this, but instead states that "I have no recollection of receiving any stock whatsoever."  The affidavit acknowledges the existence of a stock certificate appearing to have been issued to Mr. Pugliese, but complains that it is issued by a Delaware corporation and not by the New Mexico corporation placed in receivership.  But that is

- 3 -

because this Court's orders approved a sale of all of the assets of IMMI and several other entities to a new company, which incorporated in Delaware.  There can be no doubt that the proceeds of that sale, mostly in the form of cash, were made available to all claimants who were then, by the duly entered orders of this Court, allowed to elect instead to receive stock in the new company.  If Mr. Pugliese never made the election, then he would have been entitled to *cash*.  Yet he provides no explanation of why he did nothing to claim that cash for seven years after the entry of the orders approving the preliminary and final distributions in late 1999 and early 2000.  The fact that he made no complaint for seven years about not receiving cash strongly suggests that, whatever his current recollection, he was aware six-to-seven years ago that he had elected to receive stock, and either did receive the certificate issued in his name, or determined that the delay in receipt of the stock was initially immaterial and later was mooted by the fact that the new company became insolvent.

Mr. Pugliese in this regard does not deny having executed a waiver required to convert his claim from cash to stock.  Instead, he alleges "that any alleged document which I purported to have signed was signed as a result of business compulsion accompanied by material misrepresentations and omission by the Receiver."  Mr. Pugliese and his counsel strategically avoid elaborating.

The dealership-to-stock claim was unusual, in that dealership claimants were not generally given a right to convert their claims to stock.  According to the Receiver, Mr. Pugliese was adamant in seeking special treatment in that regard and wanted stock for his dealership claim as well. Mr. Pugliese's affidavit denies receipt of any consideration for his dealerships, but the affidavit appears to be carefully drafted to avoid making any truly useful statements.  The possibility that Mr. Pugliese is trying to cause the reader to draw unwarranted inferences certainly cannot be ruled out.

The United States has urged the Receiver to consider noticing Mr. Pugliese's deposition in

Florida and is currently exploring the possibility of helping to arrange an economical way for the Receiver to do that, such as by making video facilities available at the office of the United States Attorney for the Southern District of Florida, if possible, so that the Receiver's principal and its counsel can avoid the expense of airfare.  In any event, there is at least a fact issue as to whether Mr. Pulgiese received valuable rights at the time of the 1999 and 2000 distributions, and that issue precludes summary disposition of his potential liability to make restitution.

Dated this 27th day of August, 2007.

                                                  Respectfully submitted,

                                                  WILLIAM J. LEONE
                                                  Acting United States Attorney
                                                  District of Colorado

                                                  /s Adam F. Hulbig
                                                  ADAM F. HULBIG
                                                  Trial Attorney, Tax Division
                                                  U.S. Department of Justice
                                                  P.O. Box 683
                                                  Washington, D.C.  20044
                                                  Telephone: (202) 514-6061
                                                  Facsimile: (202) 307-0054
                                                  Email:  adam.f.hulbig@usdoj.gov
                                                              western.taxcivil@usdoj.gov

## CERTIFICATE OF SERVICE

  IT IS HEREBY CERTIFIED that on this 27th day of August, 2007, I caused the foregoing **United States' Response to (DI# 2582) Pugliese's Memorandum Titled as If to Support His Motion to Reconsider this Court's Omnibus Restitution Order, But in Substance Opposing Only the Entry of a Judgment Against Him Based on Individual Defenses** to be filed electronically using the CM/ECF system, which will serve all counsel registered for service by that means.

  In the event that Mr. Pugliese's attorney, Henry Portner, is not revealed to have been electronically served by the ECF confirmation page, the undersigned will immediate cause him to be served by First Class mail.

/s  Adam F. Hulbig
ADAM F. HULBIG
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C.  20044