AO451 (Rev. 12/93) Certification of Judgment

# United States District Court

### DISTRICT OF COLORADO

Civil Action: 95-CV-00777-REB-CBS

In Re: Indian Motorcycle Manufacturing, Inc.,
a New Mexico Corporation

**CERTIFICATION OF JUDGMENT
FOR REGISTRATION IN
ANOTHER DISTRICT**

I, **Gregory C. Langham** CLERK of the United States District Court certify that the attached judgment is a true and correct copy of the original judgment entered in this action on **July 20, 2007**, as (Date) it appears in the records of this court, and that

\*\* **No notice of Appeal from this judgment has been filed, and no motion of any kind listed in Rule 4(a) Of the Federal Rules of Appellate Procedure has been filed.**

**IN TESTIMONY WHEREOF**, I sign my name and affix the seal of the Court.

September 4, 2007
(Date)

Gregory C. Langham
(Clerk)
(By) Deputy Clerk

---

\*\* Insert the appropriate language:........"no notice of appeal from the judgment has been filed, and no motion of any kind is listed in Rule 4(a) of the Federal Rules of Appellate Procedure has been filed."........"no notice of appeal from this judgment has been filed, and any motion of the kind listed in Rule 4(a) of the Federal Rules of Appellate Procedure (†) have been disposed of, the latest order disposing of such a motion having been entered on [Date]."........"an appeal was taken from this judgment and the judgment was affirmed by mandate of the Court of Appeals issued on [Date]."........" an appeal was taken from this judgment and the appeal was dismissed by order entered on [Date]."

(† Note: The motions listed in Rule 4(a), Federal Rules of Appeal Procedure are motions: for judgment notwithstanding the verdict; to amend or make additional findings of fact; to alter or amend the judgment; for a new trial; and for an extension of time for filing a notice of appeal.)

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Action No. 95-cv-00777-REB-CBS

In re: Indian Motorcycle Manufacturing, Inc., a New Mexico Corporation

**ORDER FOR JUDGMENT, FEES, AND COSTS AGAINST KATHRYN L. TROCCOLI, JAMES D. TROCCOLI, AND FRANK J. WISNESKI, JR., JOINTLY AND SEVERALLY**

**Blackburn, J.**

The matter before me is the receiver's **Verified Motion for Judgment, Fees, and Costs Against Kathryn L. Troccoli, James D. Troccoli, and Frank J. Wisneski, Jr., Jointly and Severally** (respondents) [#2477] filed January 15, 2007. I grant the motion, which is unopposed.

Having judicially noticed all relevant adjudicative facts in the file and record of this action as developed *pro tanto*; having considered the averments of the instant motion; having noted that no party in interest has filed an objection to the motion; and being otherwise sufficiently advised, enters the following findings of fact, conclusions of law, and orders.

**FINDINGS AND CONCLUSIONS:**

1. I have jurisdiction over the subject matter of and parties to this motion.

2. Notwithstanding proper and timely notice of this motion, the respondents have failed to respond.

3. The averments of fact in the motion have been established in the manner prescribed by law.

4. In 1995, respondents filed their claim for $75,000.

5. In 1999 and 2000, the receiver paid $75,000 to respondents via Kathryn L. Troccoli.

6. The receiver, in making these payments to or on behalf of respondents inadvertently overpaid respondents in circumstances where it would be patently inequitable for respondents to keep the monies overpaid.

7. Pursuant to my Amended Order Approving and Adopting Magistrate Judge's Recommendation [#2338] entered July 28, 2006, respondents were ordered to pay 24.35% of $75,000 ($18,263) by September 28, 2006.

8. Without legal or equitable justification respondents have failed and refused to repay this money. Thus, judgment should be entered against respondents, jointly and severally.

9. After considering carefully all factors relevant to certification of a final judgment under Fed.R.Civ.P. 54(b) as codified and construed, see, e.g., **Oklahoma Turnpike Auth. v. Bruner**, 259 F.3d 1236 (10th Cir. 2001); **Stockman's Water Co., LLC v. Vaca Partners, L.P.**, 425 F.3d 1263 (10th Cir. 2005), I conclude and determine expressly 1) that there is no just reason for delay and 2) that the judgment should be certified as a final judgment. See id. at 1265; **Curtiss-Wright Corp. v. General Elec. Co.**, 446 U.S. 1, 7, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980). Entry of a final judgment will resolve fully and finally the only dispute between the parties to this motion. In the specific context of the single claim of the receiver against the respondents, my order and concomitant judgment constitute "an ultimate disposition of an individual claim

entered in the course of a multiple claims action." *Oklahoma Turnpike Auth.*, 259 F.3d at 1242 (internal quotations and citations omitted). Contrastingly, without entry of a final judgment, respondents may not appeal my order until the receivership is terminated. Respondents, *per force*, would be required to wait until the myriad separable and unrelated issues and claims for and against the receivership involving other claimants and parties are resolved. There is no just reason to delay possible appellate review of my discreet order concerning this discreet motion presenting a discreet claim until I have resolved conclusively all other pending claims and issues extant among the receiver and other claimants and litigants. *See Oklahoma Turnpike Auth.*, 259 F.3d at 1242.

10. This is an equitable receivership. Some claimants of the receivership that were overpaid refunded the overpayment they received without further cost or expense to the receivership estate. However, respondents have caused the receiver to expend additional costs and expenses to obtain restitution of this money. It would not be equitable for respondents to burden the receivership estate without compensating the receiver for the additional costs and fees. Accordingly, the receiver should be awarded the costs, receiver fees, and attorney fees incurred in the filing and prosecution of this motion.

**THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED** as follows:

1. That the receiver's unopposed **Verified Motion for Judgment, Fees, and Costs Against Kathryn L. Troccoli, James D. Troccoli, and Frank J. Wisneski, Jr., Jointly and Severally** [#2477] filed January 15, 2007, **IS GRANTED**;

2. That pursuant to Fed.R.Civ.P. 58(a), judgment **SHALL ENTER** in favor of the receiver, Sterling Consulting Corporation, against Kathryn L. Troccoli, James D. Troccoli, and Frank J. Wisneski, Jr., jointly and severally, in the amount of $18,263;

3. That the receiver **IS AWARDED** the costs, receiver fees, and attorney fees that were incurred in the filing and prosecution of this motion:

   a. That costs **SHALL BE TAXED** in the time and manner prescribed by Fed.R.Civ.P. 54(d)(1) and D.C.COLO.LCivR 54.1;

   b. That receiver fees **SHALL BE DETERMINED** in the same time and manner prescribed for attorney fees by Fed.R.Civ.P. 54(d)(2) and D.C.COLO.LCivR 54.3; and

   c. That attorney fees **SHALL BE DETERMINED** in the time and manner prescribed by Fed.R.Civ.P. 54(d)(2) and D.C.COLO.LCivR 54.3; and

4. That the judgment entered pursuant to this order is certified to be a final judgment under Fed.R.Civ.P. 54(b).

Dated July 19, 2007, at Denver, Colorado.

                  **BY THE COURT:**

                  **s/ Robert E. Blackburn**
                  **Robert E. Blackburn**
                  **United States District Judge**