## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release ("Agreement") is entered into by and among the signatories below (collectively, the "Parties" and individually, a "Party").

## RECITALS

A.  Sterling Consulting Corp. is the duly appointed receiver for Indian Motorcycle Manufacturing Inc. ("Indian"), appointed by the United States District Court for the District of Colorado in In re Receivership Estate of Indian Motorcycle Manufacturing Inc., Case No. 95-CV-777C the "Receivership Case"), and in such capacity shall be referred to herein as the "Receiver".

B.  Michael G. Payne is a claimant who previously received distributions approved by the Court in the Receivership Case.

C.  On or about November 18, 2005, the Receiver filed a Motion to Reconsider Orders, Amend Order, and Order Restitution (the "Motion") in the Receivership Case, seeking return of a portion of the distributions previously made. The Motion was granted over Payne's objection which is the subject of an appeal.

D.  The United States of America ("USA") has asserted it will have a direct right of recovery against Payne in respect to the restitution ordered to collect federal taxes in the Receivership Case to the extent that the restitution amount is not collected by the Receiver (or otherwise settled) during the case.

E.  Payne asserts various defenses to a demand for return of the distributions, including, among other things, that his claim differs in kind from those of general unsecured creditors because he transferred valuable rights to the receivership estate that contributed to the Receiver's ability to transfer full ownership of the Indian trademark rights, and that the funds distributed were a marital asset divided in his subsequent divorce case.

F.  The Parties believe it is in their best interest to resolve all matters as between Payne on one hand and the remaining Parties on the other hand.

NOW, THEREFORE, in consideration of the mutual promises and conditions set forth below, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

## AGREEMENT

1.  **Payment by Payne.** Payne shall pay to the Receiver the sum of $50,000 (the "Settlement Amount"). Payments of the Settlement Amount shall be made as follows: (a) $10,000 upon execution hereof by Payne; (b) $30,000 on the 60th day after

**EXHIBIT 1**

execution hereof by Payne; and (c) $10,000 on the 90th day after execution hereof by Payne. Pending the Effective Date, payments shall be deposited with Payne's counsel, Brownstein Hyatt Farber Schreck, P.C., who will hold the funds in trust pending occurrence of the Effective Date. Upon the Effective Date, funds held in trust shall be disbursed to the Receiver. For purposes of this Agreement, the "Effective Date" shall mean the date upon which the following conditions have been satisfied: (w) Payne has received satisfactory evidence that all necessary internal approvals have been received from the USA, (x) entry of an order in the Receivership Case approving this Agreement, in form reasonably acceptable to the Parties; (y) such order shall be certified as a final judgment pursuant to Fed. R. Civ. Pro. 54(b); and (z) such order shall have become final and nonappealable. In the event of an appeal by a party who objects to the approval of this agreement, the escrow agent shall promptly invest the escrowed funds in an interest-bearing account under Mr. Payne's taxpayer identification number. The escrow agent will consult with the Receiver and counsel for the United States in respect to the kind of interest-bearing account to use. Any interest earned on the account shall be distributed to the Receiver if the approval order is affirmed on appeal.

2. **Dismissal from Lawsuit With Prejudice**. Within five (5) business days of the Receiver's receipt of the Settlement Amount, the Parties, by their counsel of record in the Receivership Case, shall execute and file a request for dismissal of Payne from the Receivership Case, with prejudice, with each Party to bear its own costs and attorneys' fees. Payne may, in his discretion, request that the order of dismissal be certified pursuant to Fed. R. Civ. Pro. 54(b), and the other Parties shall not oppose such request, if made.

3. **Mutual Release**.

(a) As of the Effective Date, subject to subparagraph (d) below, the Receiver, for the receivership estate and any person or entity claiming through it, hereby releases and forever discharges Payne, his representatives, agents, employees, insurers, attorneys, affiliates, partners, predecessors, successors, and assigns, from any and all claims, demands, damages, actions, causes of action, costs and expenses, including reasonable attorneys' fees, of every kind and nature whatsoever arising from the beginning of time through the date of this Agreement, known or unknown, asserted or unasserted, legal or equitable, that the party may have had, or may have relating to the dispute or to claims that were made, or could have been made, in the Receivership case or distributions therefrom or otherwise related to Indian.

(b) Subject to subparagraph (d) below, Payne, for himself, his representatives, agents, employees, insurers, agents, attorneys, affiliates, partners, predecessors, successors, and assigns, hereby releases and forever releases the receivership estate in the Receivership Case from any and all claims, demands, damages, actions, causes of action, costs and expenses, including reasonable attorneys' fees, of every kind and nature whatsoever arising from the beginning of time through the date of this Agreement, known or unknown, asserted or unasserted, legal or equitable, that the party may have had, or

8616\1\1028023.7               2

may have relating to the dispute or to claims that were made, or could have been made, in the Receivership case or distributions therefrom or otherwise related to Indian.

(c) Subject to subparagraph (d) below, the USA releases Payne from any actual or potential liability for any tax assessed or assessable by the Internal Revenue Service against Indian Motorcycle Manufacturing, Inc. or for which the receivership estate may otherwise be liable.

(d) Notwithstanding subparagraphs (a), (b), and (c) above:

(i) Any claims based upon the obligations of this Agreement are not released;

(ii) Payne's former spouse (whose name and address have been provided to the Receiver) shall neither give nor receive a release of claims pursuant to this Agreement;

(iii) As against each other, the rights of the Receiver, Fairfield & Woods, and the USA shall remain as set forth in their prior settlement and side agreement.

4. **Default.**

(a) Interest shall accrue on any sums specified in paragraph 1(a), (b) or (c) that remain due but unpaid by Payne at the rate of 8% per annum, with accrual to commence on the due date of each payment.

(b) The Receiver shall be entitled to an entry of judgment in the Receivership Case in the amount of $75,000 against Payne in the event that the Settlement Amount is not paid in full on the Effective Date, and payment is not made within 10 days after written notice and an opportunity to cure is provided to Payne, through counsel. Such judgment, upon entry, shall subsume and shall not duplicate the interest accrual provided in subparagraph (a) above.

5. **Warranty of Capacity to Execute Agreement.** The Parties represent and warrant that no other persons or entities have or have had any interest in the claims, demands, obligations, or causes of action referenced in this Agreement, and that the Parties have the sole right and exclusive authority to execute this Agreement. The Parties represent and warrant that they have the right and authority to agree to this settlement. The Parties further represent and warrant that they have not sold, assigned, transferred, conveyed, or otherwise disposed of any of the claims, demands, obligations or causes of action referenced in this Agreement. The Parties and their attorneys represent and warrant that each Party is competent to agree to this settlement. Notwithstanding the foregoing, the Parties acknowledge that this Agreement is subject to hereafter internal approvals at the Department of Justice and to court approval in the Receivership case.

The signature of counsel for the United States below may be deferred until approval has been indicated by a duly authorized delegate of the Attorney General.

6. **Acknowledgments.** Each Party expressly warrants and represents to the other Parties that each Party believes it to be in its best interests to settle the matters encompassed by this Agreement, as provided in this Agreement, and that no promise or inducement has been offered except as expressly provided in this Agreement.

7. **Voluntarily Entered.** The Parties represent and warrant that this Agreement is executed voluntarily and by the Parties with the full knowledge of the consequences and implications of the obligations contained herein. The Parties also represent and warrant that they were represented by counsel of their choice throughout the negotiations that preceded the execution of this Agreement and in connection with the preparation and execution of this Agreement, and that they have carefully and thoroughly reviewed this Agreement in its entirety.

8. **No Admission of Liability.** Nothing in this Agreement shall constitute or be construed as an admission of liability on behalf of any Party as to the validity of any of the claims, counterclaims, cross-claims, defenses, or allegations made in the Lawsuit, or any other claims.

9. **No Representation as to Tax Consequences or Other Matters.** The Parties execute this Agreement without reliance upon any statements or representations by the other Parties or their attorneys concerning the nature and extent of any legal liability, tax consequences, or any other matter except as contained in this Agreement.

10. **Binding Effect.** Except as specifically provided herein, the terms and conditions contained in this Agreement shall inure to the benefit of, and be binding upon, the respective successors, assigns, insurers and insureds of the Parties.

11. **Entire Agreement.** This Agreement contains the entire agreement between the Parties and embodies and expresses the entire intent of the Parties with regard to the matters set forth herein. No representations or warranties exist between the Parties other than those contained within this Agreement relating to the matters herein, and neither Party relies on any representations or warranties other than those contained within this Agreement. No modification of this Agreement shall be effective unless in writing and signed by all Parties to this Agreement.

12. **Counterparts and Facsimile Signatures.** This Agreement may be executed in counterparts, in which case all such counterparts shall constitute one and the same Agreement. Furthermore, the executed signature pages may be transmitted by facsimile or pdf.

13. **Joint Drafting.** The Parties have jointly participated in the drafting of this Agreement. No one party shall be deemed to be the draftsman of this Agreement.

The provisions of this Agreement are to be construed fairly and reasonably, and not strictly for or against any Party.

IN WITNESS THEREOF, this Agreement has been executed on the dates below written, to be effective on the last such date.

| | |
|---|---|
| **MICHAEL G. PAYNE** | **STERLING CONSULTING CORP.,** as Receiver |
| *[signature]* 6-5-07 | By: *[signature]* <br> Its: President |
| **UNITED STATES OF AMERICA** | **BROWNSTEIN HYATT FARBER SCHRECK, P.C.** |
| By: _____ <br> Its: _____ | *[signature]* <br> Michael J. Pankow <br> 410 Seventeenth Street, Suite 2200 <br> Denver, CO 80202 <br> Telephone: 303.223.1100 <br> Facsimile: 303.223.1111 <br> mpankow@bhfs.com <br> COUNSEL FOR PAYNE |

8616\1\1028023.7                     5

The provisions of this Agreement are to be construed fairly and reasonably, and not strictly for or against any Party.

IN WITNESS THEREOF, this Agreement has been executed on the dates below written, to be effective on the last such date.

**MICHAEL G. PAYNE**

*[signature] 6-5-07*

**UNITED STATES OF AMERICA**

By: *[signature]*
Its: *attorney*
*Tax Division*
*Dept. of Justice*

**STERLING CONSULTING CORP.,**
as Receiver

By: *[signature]*
Its: __President__

**BROWNSTEIN HYATT FARBER SCHRECK, P.C.**

Michael J. Pankow
410 Seventeenth Street, Suite 2200
Denver, CO 80202
Telephone: 303.223.1100
Facsimile: 303.223.1111
mpankow@bhfs.com
COUNSEL FOR PAYNE