## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
## Judge Robert E. Blackburn

Civil Action No. 95-cv-00777-REB-CBS

In re: Indian Motorcycle Manufacturing, Inc., a New Mexico Corporation

_____

### ORDER GRANTING IN PART MOTION FOR JUDGMENT, FEES, AND COSTS AGAINST ANTHONY PUGLIESE, III
_____

**Blackburn, J.**

The matter before me is the receiver's **Verified Motion for Judgment, Fees, and Costs Against (Anthony Pugliese, III)** (respondent) [#2431] filed October 24, 2006. I grant the motion, to which no direct response has been filed.[1]

Having judicially noticed all relevant adjudicative facts in the file and record of this action as developed *pro tanto*; having considered the averments of the instant motion; and being otherwise sufficiently advised, enters the following findings of fact, conclusions of law, and orders.

**FINDINGS AND CONCLUSIONS**:

1. I have jurisdiction over the subject matter of and parties to this motion.

2. Notwithstanding proper and timely notice of this motion, the respondent has

---

[1] As I permitted in my **Order Granting In Part Motion To Reconsider Order Of Restitution** [#2541] entered July 18, 2007, respondent filed his **Memorandum In Support Of Motion To Reconsider Order Of Restitution** [#2582] on August 6, 2007, in support of his **Motion To Reconsider Order Of Restitution** [#2412] filed October 13, 2006. I did not and could not *sua sponte* treat his brief as a response to the instant motion [#2431]. I respectfully decline the invitation of the Intervenor to do so *sua sponte*. *See* United States' Response [#2585] filed August 27, 2007. If respondent intends for me to treat his brief as a response to the instant motion, then he must file and marshal an appropriate motion, requesting that specific relief. Until or unless he does so, there is no response to the instant motion.

failed to respond directly.[2]

3. Subject to reconsideration, the averments of fact in the motion have been established in the manner prescribed by law.

4. Respondent filed two claims, which were allowed by the court: 1) a claim for $75,000; and 2) a claim for $80,000.

5. At the request of respondent, the receiver issued to respondent 75,000 shares of common stock (in two stock certificates) and an additional 80,000 shares of common stock in Indian Motorcycle Company .

6. The receiver, in making payment to respondent in shares of the common stock of Indian Motorcycle Company inadvertently overpaid respondent in circumstances where it would be patently inequitable for respondent to keep the value of the overpayment.

7. Pursuant to my Amended Order Approving and Adopting Magistrate Judge's Recommendation [#2338] entered July 28, 2006,respondent was ordered to pay 24.35% of $155,000 ($37,743) by September 28, 2006.

9. Without legal or equitable justification respondent has failed and refused to repay this money.  Thus, the receiver's motion should be granted consistent with the orders to follow.

10. This is an equitable receivership.  Some claimants of the receivership that were overpaid refunded the overpayment they received without further cost or expense to the receivership estate.  If after hearing, it is established that respondent has caused

---

[2] *See* footnote 1, *supra*.

the receiver to expend additional costs and expenses to obtain restitution of property, the court may award reasonable attorney fees, receiver fees and costs.

**THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED** as follows:

1. That the receiver's **Verified Motion for Judgment, Fees, and Costs Against (Anthony Pugliese, III)** (respondent) [#2431] filed October 24, 2006, **IS GRANTED**, but only to the extent described in the following orders;[3]

2. That attorney fees **SHALL BE DETERMINED** in the time and manner prescribed by Fed.R.Civ.P. 54(d)(2) and D.C.COLO.LCivR 54.3; and

3. That receiver fees **SHALL BE DETERMINED** in the same time and manner prescribed for attorney fees by Fed.R.Civ.P. 54(d)(2) and D.C.COLO.LCivR 54.3.

Dated September 27, 2007, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**

---

[3] It is reasonable to predict that the entry of this order will prompt respondent to file an appropriate motion requesting either 1) that the court accept a belatedly filed response to the motion; or 2) that the court treat respondent's existing memorandum [#2582] as a response to the motion.