IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 95-cv-00777-REB-CBS

In re: Receivership Estate of INDIAN MOTORCYCLE
MANUFACTURING, INC., a New Mexico corporation,

ORDER GRANTING JOINT AND UNOPPOSED MOTION TO APPROVE
MODIFICATION TO SETTLEMENT AGREEMENT WITH MICHAEL PAYNE
AND TO DISMISS HIM WITH PREJUDICE

**Blackburn, J.**

The matter before me is the parties' **Joint and Unopposed Motion To Approve Modification to Settlement Agreement With Michael Payne and To Dismiss Him With Prejudice** [#2600], filed October 12, 2007. Having judicially noticed all relevant adjudicative facts in the file and record of this action as developed *pro tanto*, having considered the averments of the motion, and being otherwise sufficiently advised, I grant the motion. I further find and conclude that there is no just reason for delay and, therefore, that this Order should be made final pursuant to Fed.R.Civ.P. 54(b).[1]

---

[1] After considering carefully all factors relevant to certification of a final judgment under Fed.R.Civ.P. 54(b) as codified and construed, *see, e.g.*, **Stockman's Water Co., LLC v. Vaca Partners, L.P.**, 425 F.3d 1263 (10th Cir. 2005); **Oklahoma Turnpike Authority v. Bruner**, 259 F.3d 1236 (10th Cir. 2001), I conclude and determine expressly 1) that there is no just reason for delay and 2) that the judgment should be certified as a final judgment. **See Curtiss-Wright Corp. v. General Electric Co.**, 446 U.S. 1, 7, 100 S.Ct. 1460, 1464, 64 L.Ed.2d 1 (1980); **Stockman's Water Co.**, 425 F.3d at 1265. Entry of a final judgment will resolve fully and finally the only dispute between the parties to this motion. In the specific context of the claims of the Receiver against Mr. Payne affected by the present order, my order and concomitant judgment constitute "an ultimate disposition of an individual claim entered in the course of a multiple claims action." **Oklahoma Turnpike Authority**, 259 F.3d at 1242 (internal quotation marks and citation omitted). Contrastingly, without entry of a final judgment, Mr. Payne may not appeal my order until the receivership is terminated and, per force, would be required to wait until the myriad separable and unrelated issues and claims for and against the receivership involving other claimants and parties are resolved. There is no just reason to delay possible appellate review of my discreet order concerning this discreet motion involving discreet claims until I have resolved conclusively all other pending claims and issues extant among the Receiver and other claimants and litigants. **See id**.

**THEREFORE, IT IS ORDERED** as follows:

1. That the parties' **Joint and Unopposed Motion To Approve Modification to Settlement Agreement With Michael Payne and To Dismiss Him With Prejudice** [#2600], filed October 12, 2007, is **GRANTED**;

2. That Michael Payne is **DISMISSED** from this case; each party to pay its own costs and fees;

3. That the Receiver is **DIRECTED** to hold the settlement payment in trust until this order becomes final and non-appealable, after which the Receiver shall disburse the settlement payment pursuant to prior orders and report same to the court in the usual course of business; and

4. That this Order expressly is made final pursuant to Fed.R.Civ.P. 54(b), there being no just reason for delay.

Dated October 18, 2007, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**