## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release ("Agreement") is entered into by and among Sterling Consulting Corp. in its capacity as receiver for Indian Motorcycle Manufacturing Inc. (the "Receiver") and Anthony M. Pugliese, III ("Mr. Pugliese"). Collectively, the Receiver and Mr. Pugliese are referred to herein as the "Parties" and individually, as a "Party."

### RECITALS

A.  Sterling is the receiver for Indian Motorcycle Manufacturing Corp. ("Indian," appointed by the United States District Court for the District of Colorado in Case No. 95-CV-777C the "Receivership Case").

B.  On or about November 18, 2005, the Receiver filed a Motion to Reconsider Orders, Amend Order, and Order Restitution (the "Motion") in the Receivership Case.

C.  On July 28, 2006, the Receivership Court entered its Amended Order Approving and Adopting Magistrate Judge's Recommendation.

D.  On September 27, 2007, the Receivership Court entered its Order Granting in Part Motion for Judgment, Fees, and Costs against Anthony Pugliese, III (the "Judgment"). The Judgment was not certified as final under Fed.R.Civ.P. 54(b).

E.  The Parties believe it is in their best interest to resolve all matters as between them.

NOW, THEREFORE, in consideration of the mutual promises and conditions set forth below, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

### AGREEMENT

1.  **Payment by Mr. Pugliese**. Mr. Pugliese shall pay to the Receiver the sum of $22,000.00 in full and complete settlement of the Receiver's claims against him (the "Settlement Amount") as follows: (a) $18,262.50; and (b) $3,737.50 for fees. The full payment shall be made upon execution of this Agreement.

2.  **Mutual Release**.

EXHIBIT 1

a. Subject to subparagraph 2.b below, each Party to this Agreement, for itself, its corporate parents, subsidiaries, representatives, agents, officers, directors, members, managers, principals, shareholders, employees, insurers, agents, attorneys, affiliates, partners, predecessors, successors, and assigns, hereby releases and forever discharges the other Party, its respective corporate parents, subsidiaries, representatives, agents, officers, directors, members, managers, principals, shareholders, employees, insurers, agents, attorneys, affiliates, partners, predecessors, successors, and assigns, from any and all claims, demands, damages, actions, causes of action, costs and expenses, including reasonable attorneys' fees, of every kind and nature whatsoever arising from the beginning of time through the date of this Agreement, known or unknown, asserted or unasserted, legal or equitable, that the party may have had, or may have relating to the dispute or to claims that were made, or could have been made, in the Receivership case or distributions therefrom or otherwise related to Indian (collectively, the "Released Matters").

b. Notwithstanding subparagraph 2.a above:

i. Any claims based upon the obligations of this Agreement are not released;

ii. The releases provided herein shall not become effective until the Settlement Amount is paid in full and released to the Receiver.

3. <u>Potential Federal Income Tax Consequences</u>. Although the Receiver is unable to give specific tax advice to specific claimants, the Receiver understands that, as a general principle, amounts disgorged by claimants may entitle them to claim a capital loss for tax purposes or, if they reported what they received in 1999/2000 as gross income, may entitle them to take advantage of the special rules under section 1341 of the Internal Revenue Code, although each claimant should consult with their own tax advisor. This understanding does not extend to amounts paid as attorney's fees.

4. <u>Warranty of Capacity to Execute Agreement</u>. The Parties represent and warrant that no other persons or entities have or have had any interest in the claims, demands, obligations, or causes of action referenced in this Agreement, and that the Parties have the sole right and exclusive authority to execute this Agreement. The Parties represent and warrant that they have the right and authority to agree to this settlement.

The Parties further represent and warrant that they have not sold, assigned, transferred, conveyed, or otherwise disposed of any of the claims, demands, obligations or causes of action referenced in this Agreement. The Parties represent and warrant that each Party is competent to agree to this settlement. Notwithstanding the foregoing, the Parties acknowledge that this Agreement is subject to hereafter internal approvals at the IRS and to court approval in the Receivership case.

5. **Acknowledgments**. Each Party expressly warrants and represents to the other Party that each Party believes it to be in its best interests to settle the matters encompassed by this Agreement, as provided in this Agreement, and that no promise or inducement has been offered except as expressly provided in this Agreement.

6. **Voluntarily Entered**. The Parties represent and warrant that this Agreement is executed voluntarily and by the Parties with the full knowledge of the consequences and implications of the obligations contained herein. The Parties also represent and warrant that they were represented by counsel of their choice throughout the negotiations that preceded the execution of this Agreement and in connection with the preparation and execution of this Agreement, and that they have carefully and thoroughly reviewed this Agreement in its entirety.

7. **No Admission of Liability**. Nothing in this Agreement shall constitute or be construed as an admission of liability on behalf of any Party as to the validity of any of the claims, counterclaims, cross-claims, defenses, or allegations made in the Lawsuit, or any other claims, or shall be admissible in any court, arbitration, administrative agency, or other tribunal for any purpose whatsoever, with the sole exception of any proceeding to enforce or interpret the terms of this Agreement. This does not prevent third parties from introducing this agreement as evidence in any proceeding in which such evidence is determined to be relevant.

8. **Binding Effect**. Except as specifically provided herein, the terms and conditions contained in this Agreement shall inure to the benefit of, and be binding upon, the respective successors, assigns, insurers and insureds of the Parties.

9. **Entire Agreement**. This Agreement contains the entire agreement between the Parties and embodies and expresses the entire intent of the Parties with regard to the matters set forth herein. No representations or warranties exist between the Parties other than those contained within this Agreement relating to the matters herein, and neither Party relies on any representations or warranties other than those contained

within this Agreement. No modification of this Agreement shall be effective unless in writing and signed by all Parties to this Agreement.

10.  <u>Counterparts and Facsimile Signatures</u>. This Agreement may be executed in counterparts, in which case all such counterparts shall constitute one and the same Agreement. Furthermore, the executed signature pages may be transmitted by facsimile or pdf.

11.  <u>Joint Drafting</u>. The Parties have jointly participated in the drafting of this Agreement. No one party shall be deemed to be the draftsman of this Agreement. The provisions of this Agreement are to be construed fairly and reasonably, and not strictly for or against any Party.

12.  In Witness Whereof, this Agreement has been executed on the dates below written, to be effective on the last such date.

In Witness Whereof, this Agreement has been executed on the dates below written, to be effective on the last such date.

STERLING CONSULTING CORP., as Receiver

By: _____    <u>December 3, 2007</u>
      Richard A. Block                                Date

Its:   President

and

Mr. Anthony Pugliese: _____   Date: <u>Nov. 28, 20.7</u>

4.