UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 95-cv-00777-REB-CBS

In re:  Indian Motorcycle Manufacturing, Inc., a New Mexico Corporation

**ORDER APPROVING SETTLEMENT AGREEMENT WITH ANTHONY M. PUGLIESE, III, VACATING JUDGMENT AGAINST HIM, AND DISMISSING HIM WITH PREJUDICE**

Blackburn, J.

Before the Court is the **Unopposed Motion To Approve Settlement Agreement with Anthony M. Pugliese, III, To Vacate Judgment Against Him [Docket No. 2596] And To Dismiss Him with Prejudice** [#2602] filed December 11, 2007.  The motion is granted.

After considering carefully all factors relevant to certification of a final judgment under Fed.R.Civ.P. 54(b) as codified and construed, see, e.g., *Oklahoma Turnpike Auth. v. Bruner*, 259 F.3d 1236 (10th Cir. 2001); *Stockman's Water Co., LLC v. Vaca Partners, L.P.*, 425 F.3d 1263 (10th Cir. 2005), I conclude and determine expressly 1) that there is no just reason for delay and 2) that the judgment should be certified as a final judgment. *See id.* at 1265; *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980). Entry of a final judgment will resolve fully and finally the only dispute between the parties to this motion. In the specific context of the single claim of the receiver against the respondent, my order and concomitant judgment constitute "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Oklahoma Turnpike Auth.*, 259 F.3d at 1242 (internal quotations and citations omitted). Contrastingly, without entry of a final judgment, respondent may not appeal my order until the receivership is

1

terminated. Respondent, per force, would be required to wait unreasonably and unnecessarily until the myriad separable and unrelated issues and claims for and against the receivership involving other claimants and parties are resolved. There is no just reason to delay possible appellate review of my discreet order concerning this discreet motion presenting a discreet claim until I have resolved conclusively all other pending claims and issues extant among the receiver and other claimants and litigants. See *Oklahoma Turnpike Auth.*, 259 F.3d at 1242.

**THEREFORE, IT IS ORDERED** as follows:

1.     The **Unopposed Motion To Approve Settlement Agreement with Anthony M. Pugliese, III, To Vacate Judgment Against Him [Docket No. 2596] And To Dismiss Him with Prejudice** [#2602] filed December 11, 2007 is granted.

2.     The Settlement Agreement with Mr. Pugliese is approved.

3.     The **Order Granting In Part Motion For Judgment, Fees, And Costs Against Anthony Pugliese, III** [#2596] and any concomitant judgment entered September 27, 2007, against Mr. Pugliese are vacated.

4.     Mr. Pugliese is dismissed with prejudice, each party to pay its own costs and fees (except as set out in the settlement agreement).

5     Judgment shall enter under Fed.R.Civ.P. 58.

6.     The judgment entered pursuant to this order is certified to be a final

judgment under Fed.R.Civ.P, 54(b).

DATED December 12, 2007, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn,**
**United States District Judge**