IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 95-cv-00777-REB-CBS

In re: Receivership Estate of INDIAN MOTORCYCLE
MANUFACTURING, INC., a New Mexico corporation,

## ORDER GRANTING MOTION TO APPROVE
## SETTLEMENT AGREEMENT BETWEEN THE RECEIVER AND
## MR. BURT BONDY, WITH WHICH THE UNITED STATES CONDITIONALLY
## AGREES

**Blackburn, J.**

The matter before me is the **Motion to Approve Settlement Agreement Between the Receiver and Mr. Burt Bondy, with Which the United States Conditionally Agrees** [#2603] filed December 11, 2007. I grant the motion, which is not formally opposed.

Having considered and judicially noticed all relevant adjudicative facts in the file and record of this action as developed *pro tanto*; and having considered the motion and its concomitant averments of fact, I enter the following findings of fact, conclusions of law, and orders.

The time for response has expired under D.C.COLO.LCivR 7.1C. No party in interest has filed a response or objection.

The resolution of the issues between the receiver and Bondy as proposed in the motion at page 3, ¶ 12, is reasonable and equitable, considering the totality of relevant circumstances.

The terms of the settlement between the receiver and Bondy are *sui juris* and do

not affect or alter the extant or future obligations of other claimants or respondents.

After considering carefully all factors relevant to certification of a final judgment under Fed.R.Civ.P. 54(b) as codified and construed, *see*, e.g., **Oklahoma Turnpike Auth. v. Bruner**, 259 F.3d 1236 (10th Cir. 2001); **Stockman's Water Co., LLC v. Vaca Partners, L.P.**, 425 F.3d 1263 (10th Cir. 2005), I conclude and determine expressly 1) that there is no just reason for delay and 2) that the judgment entered as a result of this order should be certified as a final judgment. *See id*. at 1265; **Curtiss-Wright Corp. v. General Elec. Co.**, 446 U.S. 1, 7, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980). Entry of a final judgment will resolve fully and finally the only dispute between the parties to this motion. My order granting this motion will result in the entry of a judgment that constitutes "an ultimate disposition of an individual claim entered in the course of a multiple claims action." **Oklahoma Turnpike Auth.**, 259 F.3d at 1242 (internal quotations and citations omitted). Contrastingly, without entry of a final judgment, Bondy may not appeal my order until the receivership is terminated. He, *per force*, would be required to wait until the myriad separable and unrelated issues and claims for and against the receivership involving other claimants and parties are resolved. There is no just reason to delay possible appellate review of my discreet order concerning this discreet motion presenting a discreet claim until I have resolved conclusively all other pending claims and issues extant among the receiver and other claimants and litigants. *See* **Oklahoma Turnpike Auth.**, 259 F.3d at 1242.

  **THEREFORE, IT IS ORDERED** as follows:

  1. That the **Motion to Approve Settlement Agreement Between the Receiver**

**and Mr. Burt Bondy, with Which the United States Conditionally Agrees** [#2603] filed December 11, 2007, is **GRANTED**;

2. That the **Settlement Agreement And Mutual Release** [#2603-2] that is attached to the motion as Exhibit 1 is **APPROVED** and its terms and provisions are **ORDERED IMPLEMENTED** with each party to perform all applicable terms and provisions;

3. That under Fed.R.Civ.P. 58, **JUDGMENT SHALL ENTER** pursuant to the terms and provisions of the **Settlement Agreement And Mutual Release** [#2603-2] that is attached to the motion as Exhibit 1;

4. That the judgment entered pursuant to this order is certified to be a final judgment under Fed.R.Civ.P. 54(b); and

5. That this court **RETAINS JURISDICTION** of this action to enforce the terms and provisions of the **Settlement Agreement And Mutual Release** [#2603-2] that is attached to the motion as Exhibit 1.

Dated January 9, 2008, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**