UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 95-cv-00777-REB-CBS

In re: Indian Motorcycle Manufacturing, Inc., a New Mexico Corporation
_____

ORDER FOR JUDGMENT, FEES, AND COSTS AGAINST
SCOTT S. KAJIYA AND HAIME [*sic*] RUIZ
_____

**Blackburn, J.**

The matter before me is the receiver's **Verified Motion for Judgment, Fees, and Costs Against Scott S. Kajiya and Haime**[1] [*sic*] **Ruiz** (respondents) [#2503] filed March 21, 2007. I grant the verified motion.[2]

Having judicially noticed all relevant adjudicative facts in the file and record of this action as developed *pro tanto*; having considered the averments of the instant verified motion; having considered the verified responses of the respondents, *see* [#2515] and [#2517];[3] and being otherwise sufficiently advised, I enter the following findings of fact,[4] conclusions of law, and orders.

**FINDINGS AND CONCLUSIONS**:

1. I have jurisdiction over the subject matter of and parties to this motion, including

---

[1] The first name of Mr. Ruiz is "Jaime," not "Haime." The misspelling is understandable because Ruiz is an Hispanic or Latino surname, and the letter "J" in Spanish is pronounced as an "H." All interested parties understand that "Jaime P. Ruiz" is implicated by the motion.

[2] The issues raised by and inherent to the motion and concomitant responses, i.e., [#2515, 2517 & 2525], are fully briefed and circumstantiated, obviating the necessity for evidentiary hearing or oral argument. Therefore, the motion is submitted and decided on the briefs and extant record.

[3] These responses, which are similar but not identical, were verified by respondent, Jaime P. Ruiz, and filed by Peter C. Freeman as attorney for respondents, Scott S. Kajiya and Jaime P. Ruiz.

[4] My findings of fact are based upon a preponderance of the relevant evidence.

the receiver, Scott S. Kajiya and Jaime Ruiz, also known as Jaime P. Ruiz.

2. The averments of fact in the verified motion have been established in the manner prescribed by law.

4. On or about December 22, 1995, respondent, Scott S. Kajiya, filed a claim with the receivership in his name only for $246,759. Subsequently, respondent Kajiya filed additional claims in his name only, which claims were transferred to the receivership estate by the United States Bankruptcy Court for the District of Massachusetts. Ultimately, $500,000 of the claims of Scott S. Kajiya was allowed by this court.

5. The receiver paid $500,000 to respondent Kajiya. The receiver's payment was made via two checks: 1) a check (number 7257) dated September 30, 1999, in the amount of $350,000; and 2) a check (number 7465) dated January 17, 2000, in the amount of $150,000. Both checks were made payable to Scott Kajiya and Peter Freeman, in care of Peter Freeman, who was then and is now attorney for Kajiya. Both checks were negotiated and endorsed by respondent Kajiya and his attorney, Peter Freeman, and deposited in the Client Trust Account of the Law Offices of Peter C. Freeman.

6. Pursuant to the written authorization of respondents Kajiya and Ruiz, disbursements were made by Freeman, including, but not limited to, disbursements to respondent Kajiya totaling $12,500, disbursements to respondent Ruiz totaling $240,500, and disbursements to Peter C. Freeman totaling $35,000 for attorney's fees owed by respondents Kajiya and Ruiz. Thus, the disbursements made to or on behalf of the respondents total $288,000, which represents approximately 58 percent of the $500,000

paid by the receiver to respondent Kajiya.[5]

7. At no time relevant to the filing of any claim with the receivership or the bankruptcy court did respondent Kajiya represent or disclose to the receiver, the bankruptcy court, or this court that he was acting as an agent or in a representative capacity. At no time relevant to the payments to respondent Kajiya of that portion of the claims of respondent Kajiya, which had been approved by this court, did respondent Kajiya represent or disclose to the receiver, the bankruptcy court, or this court that he was acting as an agent or in a representative capacity. "Under traditional agency law, an agent is liable as if it were the principal when the agent acts for an undisclosed principal. The rule applies whether the agent holds itself out as principal or only as agent but does not disclose the identity of its principal." *Powers v. Coffeyville Livestock Sales Co., Inc.,* 665 F.2d 311, 312 (10th Cir. 1981). Thus, respondent Kajiya is liable.

8. The receiver, in making these payments in good faith to respondent Kajiya inadvertently overpaid him in circumstances where it would be patently inequitable for respondent Kajiya to receive the full, unadjusted benefit of the monies overpaid. Similarly, it would be patently inequitable for respondent Ruiz to receive the full, unadjusted benefit of the $240,500 he received.[6] Thus, Ruiz is liable at least to the extent of his pro rata

---

[5] Respondents point to other disbursements made to other individuals (e.g., undisclosed principals). However, those parties are not before the court, and no effort has been made to join or include them. To the extent that either respondent Kajiya and/or Ruiz is entitled to contribution from other parties, either as a matter of law or equity, nothing in this order prohibits or precludes them from pursuing such contribution. However, it is not the duty or responsibility of the receiver to pursue repayment or contribution from those other parties. It is the duty of the respondents to provide the receiver with the information necessary to enable the receiver to pursue collection and reimbursement from other parties who received payment from the $500,000 paid to respondent Kajiya.

[6] Even without crediting him with any of the $35,000 paid to Peter C. Freeman for attorney's fees, respondent Ruiz received approximately 48 percent of the total $500,000, which the receiver paid to respondent

share of the distribution.

9. Pursuant to my Amended Order Approving and Adopting Magistrate Judge's Recommendation [#2338] entered July 28, 2006, respondent, Scott S. Kajiya, was ordered to pay 24.35% of $500,000, which is $121,750, by September 28, 2006.

10. Without legal justification respondents have failed and refused to repay the sum required by my order.[7] Thus, judgment should be entered against respondents.

11. After considering carefully all factors relevant to certification of a final judgment under Fed.R.Civ.P. 54(b) as codified and construed, *see*, e.g., **Oklahoma Turnpike Auth. v. Bruner**, 259 F.3d 1236 (10th Cir. 2001); **Stockman's Water Co., LLC v. Vaca Partners, L.P.**, 425 F.3d 1263 (10th Cir. 2005), I conclude and determine expressly 1) that there is no just reason for delay and 2) that the judgment should be certified as a final judgment. *See id.* at 1265; **Curtiss-Wright Corp. v. General Elec. Co.**, 446 U.S. 1, 7, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980). Entry of a final judgment will resolve fully and finally the only dispute between the parties, i.e., receiver and respondents, to this motion. In the specific context of the single claim of the receiver against the respondents, my order and concomitant judgment constitute "an ultimate disposition of an individual claim entered in the course of a multiple claims action." **Oklahoma Turnpike Auth.**, 259 F.3d at 1242 (internal quotations and citations omitted). Contrastingly, without entry of a final judgment, respondents may not appeal my order until

---

Kajiya.

[7] Financial hardship is not a defense, and respondents do not provide authority that it is. Instead, as the United States notes in its response, hardship may constitute a circumstance warranting further compromise among the receiver, the United States, and the respondents.

the receivership is terminated. Respondents, *per force*, would be required to wait inequitably until the myriad separable and unrelated issues and claims for and against the receivership involving other claimants and parties are resolved. There is no just reason to delay possible appellate review of my discreet order concerning this discreet motion presenting a discreet claim until I have resolved conclusively all other pending claims and issues extant among the receiver and other claimants and litigants. *See* **Oklahoma Turnpike Auth.**, 259 F.3d at 1242.

12. This is an equitable receivership. Some claimants of the receivership that were overpaid refunded the overpayment they received without further cost or expense to the receivership estate. However, respondents have caused the receiver to expend additional costs and expenses to obtain restitution. It would not be equitable for respondents to burden the receivership estate without compensating the receiver for the reasonable value of the additional costs and fees. Accordingly, the receiver should be awarded the reasonable costs, receiver fees, and attorney fees incurred in the filing and prosecution of this motion.

**THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED** as follows:

1. That the receiver's **Verified Motion for Judgment, Fees, and Costs Against Scott S. Kajiya and Haime** [*sic*] **Ruiz** [#2503] filed March 21, 2007, **IS GRANTED**;

2. That pursuant to Fed.R.Civ.P. 58(a), judgment **SHALL ENTER** in favor of the receiver, Sterling Consulting Corporation, against Scott S. Kajiya and Jaime Ruiz, also known as Jaime P. Ruiz, in the amount of $121,750; provided, however, Jaime Ruiz, also known as Jaime P. Ruiz, shall not be liable, whether jointly or severally, for more than

$58,562 (which is 24.35% of the $240,500 distributed directly to him);

      3. That the receiver **IS AWARDED** the reasonable costs, receiver fees, and attorney fees that were incurred in the filing and prosecution of this motion:

         a. That costs **SHALL BE TAXED** in the time and manner prescribed by Fed.R.Civ.P. 54(d)(1) and D.C.COLO.LCivR 54.1;

         b. That reasonable attorney fees **SHALL BE DETERMINED** in the time and manner prescribed by Fed.R.Civ.P. 54(d)(2) and D.C.COLO.LCivR 54.3; and

         c. That reasonable receiver fees **SHALL BE DETERMINED** in the same time and manner prescribed for attorney fees by Fed.R.Civ.P. 54(d)(2) and D.C.COLO.LCivR 54.3;

      4. That on or before close of business on January 31, 2008, the respondents, Scott S. Kajiya and Jaime Ruiz, also known as Jaime P. Ruiz, **SHALL PROVIDE** the receiver with the names and contact information (street address, mailing address, telephone number(s), e-mail address(es), etc.) of anyone known to the respondents who received any part of the $500,000, including, but not necessarily limited to, the following: Donnienne Ruiz, Claire Hori, Bill Hori, Brian Dietz, Michael Ruiz, David Stevenson, Tom Cavallaro, Mark Ruiz, and Engle & Murphy; and

      5. That the judgment entered pursuant to this order is certified to be a final judgment under Fed.R.Civ.P. 54(b).

      Dated January 15, 2008, at Denver, Colorado.

                                       **BY THE COURT:**
                                       **s/ Robert E. Blackburn**
                                       **Robert E. Blackburn**
                                       **United States District Judge**