UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 95-cv-00777-REB-CBS

In re:  Indian Motorcycle Manufacturing, Inc., a New Mexico Corporation

---

## RECEIVER'S RESPONSE TO ORDER TO SHOW CAUSE

---

Sterling Consulting Corporation, as receiver, by and through its attorneys, Fairfield and Woods, P.C., hereby responds to the Order to Show Cause dated July 10, 2008.  Counsel for the United States has reviewed this response and concurs in the requests made herein.

### INTRODUCTION

In short, the receiver agrees with the Court that it is time, or at least close to time, to terminate the receivership.  The receiver had already begun addressing matters that need to be addressed in the process of winding up the affairs of the Receivership Estate when the Order to Show Cause was entered. There are, however, a number of reasons that the receiver has not yet filed a motion to terminate the receivership and the receiver requests the Court's support in its proposed course of action set forth below, which would defer termination for another one to four months.

**REASONS FOR NOT HAVING FILED MOTION TO TERMINATE**

The reasons that the receiver has not filed a motion to terminate include that the United States, until recently, felt that collection efforts should continue;[1] the receiver had entered several installment agreements with claimants seeking time to gradually pay off their obligation for restitution and the last installment payment under one of those agreements was only received in the last 30 days; and the receiver and the United States have recently been negotiating over certain differences over the most appropriate ways to handle certain remaining issues and have recently come together on the outlines of how to approach them.

**ISSUES IN NEED OF RESOLUTION PRIOR TO TERMINATION
AND CURRENT THINKING OF COUNSEL FOR THE RECEIVER
AND COUNSEL FOR THE GOVERNMENT**

(1)     A significant number of claimants have failed to pay their respective restitution obligations.  For some, this is due to nothing more than the receiver's inability to ascertain a current address at which to serve them with a motion for a judgment against them while others have failed to heed judgments against them.  The receiver has been recording the judgments in the counties in which the receiver believes the claimants reside, which are spread throughout the United States.  Ultimately, an Order terminating the receivership must address the appropriate disposition of the uncollected judgments or claims not yet reduced to judgment.  The settlement agreement between the receiver and the

_____

[1] The receiver raised the topic of terminating the receivership late last year with the government, which indicated it wanted the receiver to continue to trying to collect restitution from claimants that failed to pay.  The receiver abided by the government's request, including entering into installment agreements.

United States did not clearly address this event. The receiver and the United States have recently come to an agreement in principle under which a termination order would enable the United States to collect its 63% of the claims and any corresponding judgments directly, and enable Sterling Consulting Corporation ["SCC"] (not as receiver) and Fairfield and Woods LLC ["F&W"], the law firm that has represented the receiver, to collect the remaining 37% and allocate the collections between them as they deem appropriate.

This resolution respects the 63/37 division in the main settlement agreement that preceded the re-transfer of venue to this district. The Order would recognize that, while the receiver had agreed to collect the taxes (with a 37% carve-out for past and future administrative expenses of the receiver), the IRS is not able to collect the 37% share allocable to the receiver and its attorneys. Accordingly, the termination motion will enable the IRS to keep 100% of what it collects, not to exceed 63% of any claimant's restitution liability, whereas SCC and F&W will agree to remit 63% of their post-termination collections to the United States. At such time as the United States has collected 63% of any claimant's restitution obligation, the termination order should provide that the United States will notify SCC and F&W, after which they may retain all additional collections until the restitution liability is fully satisfied.

(2)     On January 15, 2008, the Court entered a judgment against Scott Kajiya and Jaime Ruiz rendering them liable for $121,750 in restitution (plus fees and expenses), with a proviso that Jaime Ruiz shall not be liable for more

than $58,562 (which was 24.35% of the $240,500 distributed to him from the $500,000 distributed to Mr. Kajiya). Because it was represented that both Messrs. Kajiya and Ruiz had received their distributions as agents for undisclosed principals, the Court also ordered Messrs. Kajiya and Ruiz to provide the receiver with the names and contact information (street address, mailing address, telephone number(s), e-mail address(es), etc.) of anyone known to them who received any part of the $500,000 originally sent to counsel for Mr. Kajiya. (Docket entry no. 2607.)

Messrs. Kajiya and Ruiz failed to comply with that requirement. The receiver made an inquiry of their counsel, and counsel for the United States more recently discussed the matter with their counsel who indicated he would make a further effort to locate them and remind them that they have not complied with the Order.[2] If the cooperation from Messrs. Kajiya and/or Ruiz is not forthcoming shortly, the receiver intends to file a motion for an order asking them to show cause why they should not be held in contempt.

(3)    The matter of the motorcycle deposits originally placed in trust with the law firm of Pahl & Gosselin ["P&G"] has not been resolved. Briefly stated, P&G was a California law firm that was selected by Indian Motorcycle

---

[2] Counsel for Mr. Kajiya had previously, in October 2006, supplied some information regarding distributions made by Mr. Kajiya. In addition, Mr. Ruiz sent the receiver a letter in November 2006 (also prior to the entry of the judgment order), indicating the names of certain of his distributees. Address and telephone contact information was not, and still not has been, supplied. Counsel for the United States has also asked the attorney who previously represented Messrs. Kajiya and Ruiz to advise them to supply other information including the backs of cancelled checks so that the funds may be traced or, if dissipated, so that at least the further distributees might be located in the event that Messrs. Kajiya and/or Ruiz now profess not to know their whereabouts.

(the post-receivership company) to be retained as a trustee to hold money in trust for Indian Motorcycle Depositor Claimants until either: (i) Indian Motorcycle produced a motorcycle to which the Depositor wanted to apply the deposit; or (ii) six years passed, in which case the deposit would be returned to the Depositor. The deposits were funded from the proceeds of the sale of the receivership assets and thus were property of the estate. When Indian Motorcycle went out of business, P&G used certain of the deposits to pay itself past-due legal fees for services to Indian Motorcycle. The receiver only learned this when it went to some of those depositors and tried to collect "their" share of restitution for the taxes. The principal amount involved totals $ $27,675.00, plus claims by the receiver for its fees in attempting to collect the principal amount.

At one time in the past, P&G indicated an interest in resolving the matter by returning the deposits to the receiver for the receiver to give the depositors back 75.65% of their deposits with 24.35% satisfying the restitution obligations (and for deposits that remain unclaimed to be retained for the estate), provided that P&G could be adequately insulated from further claims against it by all concerned. At that time, the receiver was unwilling to accept the proposal because it felt that P&G's behavior was so egregious that the receiver should be awarded attorney's fees as well.

Following this Court's Order denying consolidation of this Receivership Action with the receiver's action against P&G (*Sterling Consulting Corporation v. Pahl & Gosselin et al*, 06-cv-00076-LTB) and a suggestion by Magistrate Judge Shaffer made orally during a status conference or hearing that there was

insufficient jurisdiction in Colorado for a separate complaint against the California law firm, the receiver requested and was granted an Order dismissing the P&G action without prejudice.

Counsel for the United States believes, however, that this Court has jurisdiction over P&G because the deposits were funded from the proceeds of the sale of the receivership assets, just like all of the distributions to other claimants. Counsel for the United States has recently made inquiry with the P&G firm (or its successor) as to whether it would return the deposits for adequate insulation from further claims (*i.e.* by court order) if the demand for attorney's fees was dropped. If P&G does not agree, the United States intends to examine what remedies it and/or the receiver may have and seek attorney's fees for any it pursues since it agrees with the receiver that P&G has no legitimate basis for keeping the deposits.[3]

(4)    The receiver must prepare an accounting for the restitution monies it has collected and disbursed. The accounting is more complex than might be thought at first blush. The original settlement was for the funds to be divided 63/37% between the United States and the receiver's administration expenses (past and future). The settlement was then modified (prior to re-transfer of venue) to pay Michael Mandelman 4.37% of restitution receipts toward

---

[3] If the Court wishes to be proactive in this regard, the receiver submits that it would not be inappropriate for the Court to issue an order to show cause to P&G as to why it should not simply be ordered to return the deposits it took for itself, so that the receiver may return them to depositors, less 24.35% for the taxes, provided that it is discharged from any claims against it for returning the deposits to the receiver as well as for its prior administration of them.

satisfaction of one half of the claim he won for reimbursement of attorney's fees in Massachusetts.

One of the claimants liable for restitution was a law firm that had represented Mr. Mandelman prior to the receivership action. When the receiver asserted a demand for the 24.35% restitution from that law firm, it asserted a claim against the Mandelman escrow (the 4.37% being accumulated for him). The parties all then reached an agreement, approved by this Court, under which the Mandelman escrow would be divided in half with half remitted to his Massachusetts counsel for their fees, and half remitted to the receivership estate toward satisfaction of the restitution obligation of his pre-receivership attorneys who were paid by the receiver in 1999 and 2000.

In addition, there were a number of other special situations that resulted in Court-approved settlements regarding the restitution obligations. These included Mr. Payne, whose appeal to the Tenth Circuit was settled based on his alleged administrative claim status and other unique circumstances, Mr. Bondy, whose restitution liability was compromised on the same basis as Mr. Payne's, and Mr. Pugliese, whose restitution liability was compromised for other reasons.

In sum, the accounting has required much thought and correction, although it is nearly completed.

(5) In addition to the accounting for amounts collected, the United States is asking the receiver to supply it with a schedule of those claimants who have failed to pay restitution, with names, last known addresses, and phone numbers, amounts owed, whether there is a judgment, where any judgment has been

7

recorded as a judgment lien, and other information, so that the United States has the pragmatic ability to pursue collection of the 63% of the restitution judgments or claims that are to be assigned to it on termination.

## PROPOSED FINAL PRE-TERMINATION COLLECTION EFFORT AND FORM OF FINAL NOTICES

The receiver has commenced one final collection effort before the receivership is terminated and the unpaid restitution judgments and claims assigned to the United States, SCC, and F&W. The form of notices that the receiver is using are attached hereto as Exhibit A and Exhibit B. The receiver has already mailed out the notices to claimants who have failed to comply with the Court's restitution order and judgments.

Depending upon the responses and whether any entail negotiation of proposed compromises incident to contentions of limited collectibility, and also depending upon P&G's response to the United States' recent inquiry, and also depending upon whether Messrs. Kajiya and Ruiz comply with the Court's order without the need to commence a contempt proceeding, the receiver anticipates filing its Receiver's Thirty-Ninth and Final Report and Request for Discharge in one to four months.

WHEREFORE, Sterling Consulting Corporation, as receiver, prays that this Court conclude that the Order to Show Cause has been satisfied and that the Court not dismiss this matter now,[4] and accord the receiver such additional time

---

[4] Technically, the matter should not be "dismissed" even upon termination. There are unpaid judgments that may require Rule 69 discovery and post-judgment collection proceedings. A final order should be one of "termination" and, since some but nowhere nearly all of the Court's prior orders have been

as the Court determines is appropriate to attempt to resolve the issues regarding

the deposits taken by P&G, and the disclosures required from Messrs. Kajiya and

Ruiz, before requiring the receiver to submit its final accounting and move for

termination of the receivership and discharge of the receiver.

Respectfully submitted this 25th day of July, 2008

### FAIRFIELD AND WOODS, P.C

By: s/ John M. Tanner
Fairfield and Woods, P.C.
1700 Lincoln Street, Suite 2400
Denver, CO  80203-4524
Phone:  (303) 830-2400
Fax:  (303) 830-1033
Email:  jtanner@fwlaw.com
ATTORNEYS FOR RECEIVER

certified under Rule 54(b), a final order should be a "final judgment" rendering
all prior orders final.  The Court may of course close the case, but it should not
be "dismissed."  The United States agrees with this view.

## CERTIFICATE OF SERVICE

I hereby certify that on July 25, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses or as indicated below or by United States Mail, postage prepaid:

**VIA CM/ECF TO:**

Alan Lemont Hale Esq.
Hale Friesen, LLP
1430 Wynkoop St., Ste. 300
Denver, CO  80202
**Attorney for Richard Basciani, N.
Rooke Everill, Pres./Everill Bros.,
Inc., John H. Nicholson or Virginia A.
Nicholson**
ahale@haldfriesen.com

Edward T. Ramey, Esq.
Stuart H. Pack, Esq.
Isaacson Rosenbaum
  Woods and Levy
633 17th St., Ste. 2200
Denver, CO  80202
**Attorneys for William R. Childs, Scott
McCormick, Jr., Douglas Walliser,
Ronald Schiff, Edward Pacelli, Morty
Lempel, A.B. Goldberg, First
Entertainment, Harvey Rosenberg**
eramey@ir-law.com
spack@ir-law.com

James R. Cage, Esq.
Cage Williams Abelman
  & Layden, P.C.
St. Elmo Bldg.
1433 17th St.
Denver, CO  80202-1273
**Attorney for Carl D. Lucci/Albert R.
Lucci**
jcage@cagewilliams.com

J. Eric Ellliff, Esq.
Kristen Taylor-Randall, Esq.
Morrison & Foerster, LLP
370 17th St., Ste. 3550
Denver, CO  80203
**Attorney for IMCOA**
jelliff@mofo.com

Adam F. Hulbig
Trial Attorney, Tax Division
US Dept. of Justice
PO Box 683
Ben Franklin Station
Washington, DC  20044
**Attorney for United States of America**
adam.f.hulbig@usdoj.gov

Gary C. Moschetti, Esq.
Hatch & Moschetti, LLP
1800 Glenarm Pl., 9th Floor
Denver, CO  80202
**Attorney for Edward Leal**
gmoschetti@hatchlawyers.com

Cassandra Sasso, Esq.
Baker & Hostetler
303 E. 17th Ave., Ste. 1100
Denver, CO  80203-1264
**Attorney for Michelle Lean**
csasso@bakerlaw.com

Michael J. Pankow
Daniel J. Garfield
Brownstein Hyatt & Farber PC
410 17th Street, Suite 2200
Denver, CO  80202
**Attorneys for Michael Payne**
mpankow@bhf-law.com
dgarfield@bhf-law.com

**VIA UNITED STATES MAIL:**

James Duberg, Esq.
727 Third Ave.
Chula Vista, CA  91910-5803

Mark S. Schmittt, Esq.
Maier, Mcilnay Schmitt & Button
1150 Washington St.
Grafton, WI  53024-1916
**Attorney for Miller Simon & Maier**

Peter C. Freeman, Esq.
Law Offices of Peter C. Freeman
16485 Laguna Canyon Rd., Ste. 230
Irvine, CA  92618-3846
**Attorney for Scott Kajiya**

Mr. Albert Lucci
1930 Wyoming Ave.
Fort Pierce, FL  34982

Peter Sklarew, Esq.
Assistant Chief
Civil Trial Section, Northern Region
United States Dept. of Justice
Tax Division
PO Box 55
Washington, D.C.  20044
**Attorney for IRS**

Robert J. Danie, Eq.
9 Wagon Wheel Drive
Feeding Hills, MA  01030

Noreene C. Stehlik, Esq.
U.S. Dept. of Justice
PO Box 683
Ben Franklin Station
Washington, D.C.  20044
**Attorney for IRS**

Robert L. Morrow, Jr., MD
401 N. College Rd., #5
Lafayette, LA  70506

Nicholas A. Russo, Sr.
310 Extonville Road
Allentown, NJ  08501

Richard J. Cortesi
5316 Camino Montano, N.E.
Albuquerque, NM  87111

Albert R. Gazza
319 Scotland Rd.
Windham, CT  06280

Ronald Fulfer
15315 S. Francis Dr.
Plainfield, IL  60544

Richard Dale Wood
13997 80th Ave. North
Maple Grove, MN  55311

Steve Halprin
1316 Penningtow Place
Concord, N.C.  28207

Alf Iseback
**SWEDEN**
[mail returned, no forwarding address]

Kathryn L. Troccoli
1911 Champlain St.
Ottawa,IL  61350

Ed Pink
Ed Pink Racing Engines, Inc.
14612 Raymer Street
Van Nuys, CA  91405

Montgomery & Andrews, P.A.
325 Paseo De Peralta
Santa Fe, NM  87501
Attn:  Kathy Lopez

John Petitto
Town & Country Sports Center, Inc.
U.S. 12 & U.S. 127
Cement City, MI  49233

Marcia Taylor
Bennett Motor Group Express
1001 Industrial Parkway
McDonough, GA  30253

Richard Basciani
Basciani Foods
8876 GapNewport Pike
Avondale, PA  19311

Rooke Everill
Derek John Everill
Ken Everill
1204 Lake Point Circle
McKinne, TX  75070

Michael D. Fowler
Martha Dickson (Deceased)
1680 S.W. St. Lucie West Blvd.
Port St. Lucie, FL  34986

John Inelli
17 Old Farmstead Rd.
Chester, NJ  07930

Eller Industries
623 W. Lilac Ct.
Louisville, CO  80027

**Registered Agent:**
Randal L. Hittle
[moved, left no forwarding address]

John Nicholson
9 Jamaica Lane
Haverhill, MA  01830-2419

**VIA E-MAIL:**
Richard A. Block
President
Sterling Consulting Corporation
4101 E. Louisiana Ave., Ste. 300
Denver, CO  80246
**Receiver**
rblock@xpn.com

**Courtesy Copies to:**
Julie Trent
jt@bsblawyers.com

Eugene Sprague
esprague@bw-legal.com

Robert Pitts
rpitts@lawrwp.com

Thomas F. Quinn
tquinn@tfqlaw.com

Henry N. Portner, Esq.
Pineapple Grove Corporate Center
101 Pineapple Grove Way
Delray Beach, FL  33444-3703


By:   *s/Sharon A. Chiecuto*_____