UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 95-cv-00777-REB-CBS

In re: Indian Motorcycle Manufacturing, Inc., a New Mexico Corporation

## RECEIVER'S FORTIETH REPORT

Sterling Consulting Corporation, the duly appointed and acting receiver over Indian Motorcycle Manufacturing, Inc. ("Indian") and the assets of Indian (the "Assets"), respectfully makes this Receiver's Fortieth Report (this "Report").

1.   A Verified Complaint and Motion for Appointment of Temporary Receiver was filed in this Court (the "District Court") April 7, 1995.

2.   An Order Appointing Temporary Receiver (the "Temporary Order") was entered by the Honorable Zita L. Weinshienk, District Judge on April 7, 1995.

3.   The receiver, in accordance with Provision 6 of the Temporary Order, filed an Oath of Receiver with the District Court on April 7, 1995.

4.   The receiver, in accordance with Provision 6 of the Temporary Order, filed a Bond of Receiver with the District Court on April 10, 1995, and thereupon entered its duties as receiver.

5.   The Order Appointing Receiver was made permanent on April 19, 1995.

6.   On July 16, 2002, the IRS filed its Proof of Claim in the Receivership Action.

7.   The Colorado District Court transferred the Receivership Action to the United States District Court for the District of Massachusetts under 28 U.S.C. § 1404(a) by Order entered July 19, 2002.

8.   The Massachusetts District Court entered, among others, the following Orders:

   a.   Practice and Procedure Order 5 - June 6, 2003 (PPO 5 covered the tax determinations and the settlement between the United States and the Trustee);

   b.   Practice and Procedure Order 6 - August 7, 2003 (PPO 6 dismissed the Receiver's motion seeking to partially rescind or reform its contract with

Receiver's Fortieth Report
September 30, 2008
Page 2.

        Michael Mandelman and also denied reconsideration of the tax determinations in PPO 5); and

        c.    Practice and Procedure Order 10 - January 30, 2004 (PPO 10 granted Mr. Mandelman's motion for an administrative claim for attorney's fees as a junior claim and also supplemented the tax determinations in PPO 5).

    9.    On May 17, 2005, the United States and the receiver entered into a settlement agreement (the "Settlement Agreement") pursuant to which the receiver and the United States settled federal taxes of the Receivership Estate.

    10.    On September 7, 2005, the Massachusetts District Court held a hearing on the Settlement Agreement.

    11.    On September 7, 2005, the Massachusetts District Court entered an Order approving the Settlement Agreement and transferred the Receivership Action to the Colorado District Court.

    12.    On December 14, 2005, Magistrate Judge Schlatter entered his Recommendation that Receiver's Motion for Reconsideration be Granted.

    13.    On July 28, 2006, the Colorado District Court entered its Amended Order Approving and Adopting Magistrate Judge's Recommendation (the "Restitution Order").

    14.    Since December 14, 2005, the receiver has been pursuing restitution from the general unsecured claimants in the Receivership Action.

    15.    On July 10, 2008, this Court entered its Order to Show Cause why the receivership should not be terminated.

    16.    This Report is filed in compliance with this Court's Order Discharging Order to Show Cause entered August 1, 2008.

    17.    Since the Receiver's Thirty Ninth Report one month ago, the receiver has collected approximately $24,000, and expects to collect more prior to termination.

    18.    Exhibit 1 attached to this Report is a schedule containing all of the claimants in the Receivership Estate subject to the Restitution Order who have paid. Exhibit 1 contains the calculations of distributions of money collected under the Settlement Agreement, as those distribution payments have been modified by agreement with the United States from time to time.

Receiver's Fortieth Report
September 30, 2008
Page 3.

19. Exhibit 1 has been arranged vertically instead of by claimant because the nature of the distributions (as discussed in paragraph 19 above) has varied, and there was no other practical method to disclose the collections. The accounting system maintained continuously by the receiver since the Order Appointing Receiver, however, accurately tracks claimants. There is no financial statement available in the accounting system that provides the information in a format that was practical and adequately disclosed the collections.

20. Exhibit 2 attached to this Report is a schedule containing all of the claimants in the Receivership Estate subject to the Restitution Order who have not paid, segregated into the following categories: (a) those who have not paid and against whom the receiver has a Judgment; (b) those who have not paid and against whom the receiver is seeking a Judgment; and (c) those who the receiver is currently trying to collect

21. Exhibit 3 attached to this Report is a schedule containing all of the claimants in the Receivership Estate subject to the Restitution Order who have not paid and against whom collection activities have been abandoned. Collection activities have been abandoned against these claimants for a number of reasons including bankruptcy, unable to locate the claimant, death, and claimant living outside the United States.

22. Distributions remaining after distributions to Goulston & Storrs, the collection commission, and the United States cannot be considered net amounts payable to Sterling and Fairfield. Costs of the Receivership Estate (e.g., the receiver's bond, costs of collection, the employer' share of FICA on the commissions, etc.) must be paid from the money that remains in the Receivership Estate after the payment of Goulston & Storrs, the collection commission, and the United States. Those costs have been reflected on the past financial statements filed with the previous receiver's reports, and will be reflected on the last set of financial statements to be filed with the 41st and Final Report and Request for Discharge in thirty days.

23. The matter of the Judgment against Mr. Kajiya and Mr. Ruiz, and the Order that they supply the receiver with contact information for the real parties in interest under the Restitution Order of July 28, 2006 has been mostly resolved by negotiation. Motions to approve settlement agreements with Mr. Ruiz on behalf of certain transferees, and the settlement agreement with Mr. Deitz are being filed contemporaneously with this Report.

24. At the insistence of the United States, the receiver has agreed to extend the Receivership through the month of October. On October 31, 2008, absent a further request from the government to extend the Receivership accompanied by very good cause, the receiver will file its Forty-First and Final Report and Request for Discharge.

Receiver's Fortieth Report
September 30, 2008
Page 4.

Assuming there are no objections, the Court should be able to terminate the receivership with a Final Order on around November 20, 2008. This Final Order terminating the Receivership should contain a series of Findings and Orders that wrap-up the business of the Receivership. These Findings and Orders will be explained and requested in the Receiver's Forty-First and Final Report and Request for Discharge.

    WHEREFORE the receiver respectfully requests an Order from this Court approving this Report.

    Dated this 30th day of September, 2008

Respectfully submitted,

*/s/ signature*

Sterling Consulting Corporation, Receiver,
by Richard A. Block, President, Sterling
Consulting Corporation

## VERIFICATION

STATE OF COLORADO      )
                       ) SS.
COUNTY OF DENVER       )

     I, Richard A. Block, being duly sworn upon oath, solemnly affirm as follows: (a) I am the President of Sterling Consulting Corporation ("Sterling"); (b) Sterling is the Receiver in Civil Action No. 95-cv-00777-REB-CBS in United States District Court, District Of Colorado, the Honorable Robert E. Blackburn, District Judge, and the Honorable Craig B. Shaffer, Magistrate Judge, presiding; (c) I prepared the Receiver's 40th Report dated the 30th day of September, 2008 on behalf of Sterling; and (d) the information contained therein is true to the best of my knowledge and belief.

                                                                _____
                                                                Sterling Consulting Corporation,
                                                                Receiver
                                                                by Richard A. Block, President

STATE OF COLORADO      )
                       ) SS.
COUNTY OF DENVER       )

     Subscribed and sworn to before me by Richard A. Block as the President of Sterling Consulting Corporation, Receiver, on the 30nd day of September, 2008.

     Witness my hand and official seal.

(Seal)

My commission expires: 10-4-11

_____
Notary Public

My Commission Expires 10/04/2011

## CERTIFICATE OF SERVICE

      I hereby certify that on September 30, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses or as indicated below or by United States Mail, postage prepaid:

**VIA CM/ECF TO:**

Alan Lemont Hale Esq.
Hale Friesen, LLP
1430 Wynkoop St., Ste. 300
Denver, CO 80202
**Attorney for Richard Basciani, N. Rooke Everill, Pres./Everill Bros., Inc., John H. Nicholson or Virginia A. Nicholson**
ahale@haldfriesen.com

Edward T. Ramey, Esq.
Stuart H. Pack, Esq.
Isaacson Rosenbaum
  Woods and Levy
633 17th St., Ste. 2200
Denver, CO 80202
**Attorneys for William R. Childs, Scott McCormick, Jr., Douglas Walliser, Ronald Schiff, Edward Pacelli, Morty Lempel, A.B. Goldberg, First Entertainment, Harvey Rosenberg**
eramey@ir-law.com
spack@ir-law.com

James R. Cage, Esq.
Cage Williams Abelman
  & Layden, P.C.
St. Elmo Bldg.
1433 17th St.
Denver, CO 80202-1273
**Attorney for Carl D. Lucci/Albert R. Lucci**
jcage@cagewilliams.com

Julie Trent
jtrent@bsblawyers.com

J. Eric Ellliff, Esq.
Kristen Taylor-Randall, Esq.
Morrison & Foerster, LLP
370 17th St., Ste. 3550
Denver, CO 80203
**Attorney for IMCOA**
jelliff@mofo.com

Adam F. Hulbig
Trial Attorney, Tax Division
US Dept. of Justice
PO Box 683
Ben Franklin Station
Washington, DC 20044
**Attorney for United States of America**
adam.f.hulbig@usdoj.gov

Gary C. Moschetti, Esq.
Hatch & Moschetti, LLP
1800 Glenarm Pl., 9th Floor
Denver, CO 80202
**Attorney for Edward Leal**
gmoschetti@hatchlawyers.com

Cassandra Sasso, Esq.
Baker & Hostetler
303 E. 17th Ave., Ste. 1100
Denver, CO 80203-1264
**Attorney for Michelle Lean**
csasso@bakerlaw.com

Michael J. Pankow
Daniel J. Garfield
Brownstein Hyatt & Farber PC
410 17th Street, Suite 2200
Denver, CO 80202
**Attorneys for Michael Payne**
mpankow@bhf-law.com
dgarfield@bhf-law.com

**VIA UNITED STATES MAIL:**
James Duberg, Esq.
727 Third Ave.
Chula Vista, CA  91910-5803

Mark S. Schmittt, Esq.
Maier, Mcilnay Schmitt & Button
1150 Washington St.
Grafton, WI  53024-1916
**Attorney for Miller Simon & Maier**

Peter C. Freeman, Esq.
Law Offices of Peter C. Freeman
16485 Laguna Canyon Rd., Ste. 230
Irvine, CA  92618-3846
**Attorney for Scott Kajiya**

Mr. Albert Lucci
1930 Wyoming Ave.
Fort Pierce, FL  34982

Peter Sklarew, Esq.
Assistant Chief
Civil Trial Section, Northern Region
United States Dept. of Justice
Tax Division
PO Box 55
Washington, D.C.  20044
**Attorney for IRS**

Robert J. Danie, Eq.
9 Wagon Wheel Drive
Feeding Hills, MA  01030

Noreene C. Stehlik, Esq.
U.S. Dept. of Justice
PO Box 683
Ben Franklin Station
Washington, D.C.  20044
**Attorney for IRS**

Robert L. Morrow, Jr., MD
401 N. College Rd., #5
Lafayette, LA  70506

Nicholas A. Russo, Sr.
310 Extonville Road
Allentown, NJ  08501

Richard J. Cortesi
5316 Camino Montano, N.E.
Albuquerque, NM  87111

Ronald Fulfer
15315 S. Francis Dr.
Plainfield, IL  60544

Richard Dale Wood
13997 80th Ave. North
Maple Grove, MN  55311

Steve Halprin
1316 Penningtow Place
Concord, N.C.  28207

Kathryn L. Troccoli
1911 Champlain St.
Ottawa,IL  61350

Ed Pink
Ed Pink Racing Engines, Inc.
14612 Raymer Street
Van Nuys, CA  91405

Montgomery & Andrews, P.A.
325 Paseo De Peralta
Santa Fe, NM  87501
Attn:  Kathy Lopez

John Petitto
Town & Country Sports Center, Inc.
U.S. 12 & U.S. 127
Cement City, MI  49233

Marcia Taylor
Bennett Motor Group Express
1001 Industrial Parkway
McDonough, GA  30253

Richard Basciani
Basciani Foods
8876 GapNewport Pike
Avondale, PA  19311

Rooke Everill
Derek John Everill
Ken Everill
1204 Lake Point Circle
McKinne, TX  75070

Michael D. Fowler
Martha Dickson (Deceased)
1680 S.W. St. Lucie West Blvd.
Port St. Lucie, FL  34986

John Inelli
17 Old Farmstead Rd.
Chester, NJ  07930

Eller Industries
623 W. Lilac Ct.
Louisville, CO  80027

**Registered Agent:**
Randal L. Hittle
[moved, left no forwarding address]

John Nicholson
9 Jamaica Lane
Haverhill, MA  01830-2419

**VIA E-MAIL:**
Richard A. Block
President
Sterling Consulting Corporation
4101 E. Louisiana Ave., Ste. 300
Denver, CO  80246
**Receiver**
rblock@xpn.com

**Courtesy Copies to:**
Eugene Sprague
esprague@bw-legal.com

Robert Pitts
rpitts@lawrwp.com

Thomas F. Quinn
tquinn@tfqlaw.com

Henry N. Portner, Esq.
Pineapple Grove Corporate Center
101 Pineapple Grove Way
Delray Beach, FL  33444-3703


By:   *s/Sharon A. Chiecuto*_____