# EXHIBIT 1

**SETTLEMENT AGREEMENT**

This Settlement Agreement is entered into by and among Sterling Consulting Corp. in its capacity as receiver for Indian Motorcycle Manufacturing Inc. (the "Receiver"), the United States of America (on behalf of the Internal Revenue Service), and Jaime P. Ruiz. Sterling's agreement shall also bind its successors and assigns (including Sterling in its corporate capacity and Fairfield & Woods as counsel for the Receiver should the judgment against Mr. Ruiz be assigned to them each in part). Jamie Ruiz's signature below also constitutes a declaration under penalty of perjury pursuant to 28 U.S.C. § 1746 that the representations in Recital paragraphs H, I, and J below are true and correct.

**Recitals**

A. Sterling is the Receiver for Indian Motorcycle Manufacturing Corp. ("Indian") appointed by the United States District Court for the District of Colorado ("Court") in Case No. 95-CV-777 (the "receivership case").

B. On or about November 18, 2005, the Receiver filed a motion to Reconsider Orders, Amend Order, and Order Restitution in the receivership case ("restitution motion").

C. On July 28, 2006, the Court entered its Amended Order Approving and Adopting Magistrate Judge's Recommentation that claimants who received distributions in 1999 and 2000 be ordered to return 24.35% of their distributions to the Receiver.

D. On January 15, 2008, the Court entered its *Order for Judgment, Fees, and Costs Against Scott S. Kajiya and Haime [sic] Ruiz* (noting that the correct first name of Mr. Ruiz had been misspelled and referred to Jaime P. Ruiz). The judgment provided that Messrs. Kajiya and Ruiz were jointly and severally liable for $121,750 except that Mr. Ruiz "shall not be liable, whether jointly or severally, for more than $58,562 (which is 24.35% of $240,500 distributed directly to him)." The judgment also allowed for the receiver to submit a claim for attorney's fees to be added to the judgment.

E. The Order for Judgment also required Messrs. Kajiya and Ruiz to supply the Receiver "with the names and contact information (street address, mailing address, telephone number(s), e-mail address(es) etc.) of anyone known to the respondents who received any part of the $500,000 [distributed initially to Mr. Kajiya], including, but not limited to, the following: Donnienne Ruiz, Claire Hori, Bill Hori, Brian Dietz, Michael Ruiz, David Stevenson, Tom Cavallaro, Mark Ruiz, and Engle & Murphy."

F. The Order for Judgment was certified as appealable under Rule 54(b) of the Federal Rules of Civil Procedure, and was not appealed.

G. Jaime Ruiz has previously indicated that of the $240,500 received by him, the following persons received the following sums: $70,000 to Michael Ruiz, $40,000 to David Stevenson, $35,000 to Tom Cavallaro, $25,000 to Mark Ruiz, and $15,000 to Engle & Murply.

1

H.  Jaime Ruiz represents that the individuals named in the preceding paragraph loaned him money personally, and did not agree to invest in any Indian Motorcycle entities, and he therefore maintains that only he should be liable for the 24.35% restitution ordered by the Court. Engle & Murphy was a creditor of Mr. Ruiz for having provided services.

I.  Jaime Ruiz represents that he is presently unemployed.

## Terms

1. <u>Payment by Jaime P. Ruiz</u>.  Mr. Ruiz agrees to pay $32,500 total, payable as follows: $5,000 immediately to the Receiver (after court approval as provided below); $5,000 on October 1, 2009; $5,000 on October 1, 2010; and the balance ($17,500) on October 1, 2011. Until otherwise directed, the payments are to be made payable to "Sterling Consulting Corp. as Receiver for IMMI" and send to Sterling's address below.  Mr. Ruiz understands that the receivership may be closed and the judgment against him then assigned partly to the United States and partly to Sterling Consulting Corporation and/or counsel for the Receiver, or to such other entities in such parts as the Court determines.  Once that has occurred, unless otherwise directed by counsel for the United States, Mr. Ruiz will continue to send payments to Sterling (at the address below) but shall make them payable to "Sterling Consulting Corp." (*i.e.*, without adding "as Receiver for IMMI"), and shall include a notation on the checks that they are "for the judgment in the Indian Motorcycle receivership case," and Sterling agrees to divide and distribute the payments as appropriate.  Mr. Ruiz will also comply with a request from counsel for the United States to begin sending its portion of the payments (under any Court order assigning it a portion of the judgment) to said counsel, made payable to the "United States Treasury" (with the balance to be sent to Sterling for it to divide and distribute as appropriate).

2. <u>Forbearance</u>.  So long as Mr. Ruiz timely makes the payments required under paragraph 1, the Receiver, as well as the United States, will forbear from pursuing collection of the judgment against him or seeking to enforce the order that he disclose contact information for others, except that (1) the Receiver may elect to record the judgment as a lien if it has not already done so, and (2) Mr. Ruiz will at any time requested supply any contact information or other information he has with respect to the whereabouts of Scott Kajiya, Brian Dietz, Bill Hori, and/or Claire Hori.  Notwithstanding the Receiver's right to record a judgment against him, and whether or not the Receiver does so, Mr. Ruiz agrees not to transfer or encumber any interest in his personal residence property without the consent of the United States and Sterling unless all payments under paragraph 1 have been made.  Any attempt to do so without such consent shall entitle the Receiver or its assigns to collect the full judgment immediately by all lawful means. Further, Mr. Ruiz agrees to provide Sterling and the United States with prompt notice of any judicial or non-judicial foreclosure proceeding commenced with respect to his personal residence property, or any other proceeding that may result in a sale or governmental taking of the property.

3. <u>Completion/Release</u>.  If Mr. Ruiz completes the payments required by paragraph 1, said payments shall be deemed to satisfy his liability under the judgment and shall release him from any requirement to supply contact information, and shall also be deemed to release any

2

arguable liability of any of the individuals identified in paragraph G above. If a judgment lien has been recorded, it shall be released or a satisfaction of judgment shall be recorded at the request of Mr. Ruiz. Sterling shall be responsible for supplying the release or satisfaction of judgment since it is in favor of Sterling (as Receiver). In the event of a failure to supply a satisfaction of judgment or release of any judgment lien, Mr. Ruiz may apply to the Court in the receivership action for relief from the judgment pursuant to Rule 60(b)(5) of the Federal Rules of Civil Procedure.

4. Default. If Mr. Ruiz defaults, the Receiver or its assigns (including the United States) may seek to enforce the judgment against him in full ($58,562 plus interest, less payments he actually makes) and may also move to reopen the receivership action to require him to show cause why he should not be made to provide contact information for his distributees. Notice of default and opportunity to cure shall not be required to invoke this paragraph. Mr. Ruiz reserves any defenses he may have to enforcement of the disclosure requirement, and also does not waive any rights of his distributees to assert any defenses they have, including that they made personal loans to him and are not liable to repay any part of what he repaid to them simply because he was overpaid by the receiver.

5. Affect on Kajiya Obligation. This agreement shall have no affect on the rights of the Receiver or its assignees to pursue collection of the judgment against Scott Kajiya or to seek to impose part of the liability on Brian Dietz, Claire Hori, or Bill Hori for amounts distributed to them, except that (1) if all payments are made as required under paragraph 1, Scott Kajiya's liability shall be reduced by the portion of the judgment for which Jaime Ruiz was co-liable (*i.e.*, reduced from $121,750 by $58,562 to $63,188 plus interest from January 15, 2008; and (2) if all payments are not made, then actual payments that are made by Mr. Ruiz shall be credited to the liability of Mr. Kajiya, thus reducing his larger principal liability of $121,750 by the amounts actually paid by Mr. Ruiz.

6. Entire Agreement. This represents the entirety of this agreement and no other representations or promises have been made to induce any party to enter this agreement. No modification of this agreement shall be binding or enforceable unless executed in writing by all parties hereto.

7. Lack of Current Counsel; Offer; Acceptance. Mr. Ruiz elects to enter this agreement without the advice of his former counsel in the receivership case (Peter Freeman), who has previously authorized direct communications with Mr. Ruiz by counsel for the parties. Nevertheless, a copy of this agreement has been sent to Mr. Freeman by counsel for the United States prior to its execution by Mr. Ruiz. Mr. Ruiz's signature on this agreement represents that he fully understands all of the terms of this agreement and shall be understood to constitute an offer, after which the signatures on behalf of the Receiver and the United States shall, if both added, be understood to accept the offer.

8. Court Approval. This agreement shall be made the subject of (and a copy attached to) a motion that the Court approve it and, if it is not approved, this agreement shall be null and void in its entirety.

9. <u>Counterparts and Facsimile Signatures</u>. This agreement may be executed in counterparts. Furthermore, the executed signature pages may be transmitted by facsimile or pdf attachment to an email after scanning.

**So Agreed:**

STERLING CONSULTING CORP. as Receiver

By: _____   _____
    Richard A. Block               (date)
    President
    4101 East Louisiana Ave.
    Denver, CO 80246

JAIME P. RUIZ (including swearing under penalty of perjury that paragraphs G, H, and I above are true and correct):

By: _____   9.29.08
    Jaime P. Ruiz                  (date)
    512 Catalina
    Newport Beach, CA 92663

UNITED STATES OF AMERICA

By: _____   9-29-08
    Peter Sklarew                  (date)
    Attorney, Tax Division
    U.S. Dept. of Justice
    P.O. Box 55
    Washington, D.C. 20044

4

9. <u>Counterparts and Facsimile Signatures</u>. This agreement may be executed in counterparts. Furthermore, the executed signature pages may be transmitted by facsimile or pdf attachment to an email after scanning.

**So Agreed:**

    STERLING CONSULTING CORP. as Receiver

    By: _/s/ Richard A. Block_    **September 30, 2008**
        Richard A. Block    (date)
        President
        4101 East Louisiana Ave.
        Denver, CO 80246

    JAIME P. RUIZ (including swearing under penalty of
    perjury that paragraphs G, H, and I above are true and correct):

    By: _____    _____
        Jaime P. Ruiz    (date)
        512 Catalina
        Newport Beach, CA 92663

    UNITED STATES OF AMERICA

    By: _____    _____
        Peter Sklarew    (date)
        Attorney, Tax Division
        U.S. Dept. of Justice
        P.O. Box 55
        Washington, D.C. 20044