UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 95-cv-00777-REB-CBS

In re: The Receivership Estate of Indian Motorcycle Manufacturing, Inc., a New Mexico Corporation

**VERIFIED MOTION FOR JUDGMENT, FEES, AND COSTS AGAINST MARC N. ALLSMAN**

Sterling Consulting Corporation, as receiver, by and through its attorneys, Fairfield and Woods, P.C., hereby moves this Court to enter Judgment against Mr. Marc N. Allsman and award the receiver its receiver's fees, attorneys' fees, and costs incurred against Mr. Allsman, and as grounds therefor states as follows:

**MOTION FOR JUDGMENT**

1. This motion is factually founded on the Receiver's Thirty-Eighth Report [# 2423] and the Receiver's Fortieth Report [# 2648], which were sworn to under penalty of perjury and provide substantial evidence for the Court. It is legally founded upon the Amended Order Affirming Magistrate Judge Schlatter's Recommendation of July 28, 2006 [# 2338].

2. As set out in Exhibit 2 to the Receiver's Fortieth Report [# 2648], the receiver has provided the Court with an updated schedule of Claimants of the Receivership Estate that the receiver believes should be

subject to Motions for Judgment further to the Court's Order of Restitution.[1]

3.  The receiver believes that Judgments against the Claimants on Exhibit 2 to the Receiver's Fortieth Report are necessary in order to collect from them.

4.  Mr. Marc N. Allsman had one allowed Claim for $25,000.00, which the receiver's records indicate was paid in full.  Mr. Allsman has not disputed this.

5.  The Receiver made the following efforts to collect from Mr. Allsman:

   a.  The receiver sent the Notice of Restitution to Mr. Allsman on or around August 4, 2006, the same time as those sent to the other Claimants.

   b.  On or around September 20, 2006, the Receiver sent a certified letter to Mr. Allsman requesting a return receipt.  The letter informed the Claimants of the intended actions of the receivership if a payment was not received by the September 28 deadline.  Although Mr. Allsman did not respond to the letter directly, the Receiver did receive the requested return receipt, indicating that Mr. Allsman received the letter from the Receivership.

---

[1] Exhibit 1 to the Fortieth Report identifies those Claimants that have paid.  Exhibit 3 reflects the Claimants that the receiver has temporarily or permanently abandoned its efforts for restitution

2

c. On around July 24, 2008, the receiver sent its Final Notice to Mr. Allsman advising him of his obligation.

d. The receiver made several calls to Mr. Allsman who said he would talk to his attorney and respond.

e. The Receiver believes that Mr. Allsman received the Notices, letters, and call and has refused to respond or pay the money owed.

6. The Court should enter judgment against Mr. Allsman for $6,087.50 (24.35% of $25.000).

**MOTION FOR RECEIVER'S FEES, ATTORNEYS' FEES, AND COSTS**

7. In the Amended Order Affirming Magistrate Judge Schlatter's Recommendation, the Court left open the issue of awarding the receiver's fees and attorneys' fees on a case-by-case basis. Mr. Allsman is an example of when fees should be awarded. He has made no attempt to respond to the office of the receiver and as a result, the receiver neither had the opportunity to discuss the option of a payment plan or possible hardship. The receiver has made adequate attempts at contacting Mr. Allsman. He has forced the receiver to go through these actions rather than simply paying the money which was mistakenly paid approximately eight years ago.

8. If the Court does not award costs and fees, it will make it very difficult for the receiver and undersigned counsel to pursue any other collection matters (recall that all of the money collected goes to the

3

United States, subject only to a voluntary carve-out for the receiver by the United States for administrative expenses). Such a decision will have the effect of rewarding those Claimants that do not comply with the Order, punishing those Claimants that do comply with the Order, and compelling the receiver and its counsel to perform extraordinary services for the Receivership Estate without compensation. This is neither fair nor just, and awarding fees and costs should be the polestar for the Court's actions to balance the equities in an equitable receivership.

9. Pursuant to Local Rule 7.1, undersigned counsel has made reasonable efforts through the receiver to confer with Mr. Allsman regarding this matter. The receiver believes this Motion will be opposed.

For the Court's convenience, a proposed Order is submitted herewith.

WHEREFORE, Sterling Consulting Corporation, as receiver, prays that this Court enter judgment against Mr. Allsman in the amount of $6,087.50 (i.e., 24.35% of $25,000), certify the same as final under Fed.R.Civ.P. 54(b), award the receiver its attorneys' fees, receiver's fees, and costs in connection with this Motion, and grant the receiver such other and further relief as the Court deems just and proper.

Respectfully submitted this 13th day of October, 2008.

> By: *s/ John M. Tanner*
> Fairfield and Woods, P.C.
> 1700 Lincoln Street, Suite 2400
> Denver, CO  80203-4524
> Phone:  (303) 830-2400
> Fax:  (303) 830-1033
> Email:  jtanner@fwlaw.com
> Attorney for Plaintiff Sterling Consulting Corporation, as receiver

## VERIFICATION

STATE OF COLORADO          )
                           ) ss.
CITY AND COUNTY OF DENVER  )

     I, Richard A. Block, as President of Sterling Consulting Corporation, as receiver in Civil Action No. 95-cv-00777-REB-CBS, upon my oath, depose and say that I have read the foregoing Verified Motion For Judgment, Fees, And Costs Against Marc N. Allsman, and know the contents thereof and the same are true and correct to the best of my knowledge, information and belief.

                      STERLING CONSULTING
                      CORPORATION, AS RECEIVER

                      By: _____
                            Richard A. Block, President

     Subscribed and sworn to before me this 13th day of October 2008, by Richard A. Block, as President of Sterling Consulting Corporation, as receiver.

     Witness my hand and official seal.

[SEAL]

                      Notary Public _____

                      My commission expires:

                      _____

My Commission Expires 05/24/2011

6

## CERTIFICATE OF SERVICE

  I hereby certify that on October 13, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses or as indicated below or by United States Mail, postage prepaid:

**VIA CM/ECF TO:**

Alan Lemont Hale Esq.
Hale Friesen, LLP
1430 Wynkoop St., Ste. 300
Denver, CO 80202
**Attorney for Richard Basciani, N. Rooke Everill, Pres./Everill Bros., Inc., John H. Nicholson or Virginia A. Nicholson**
ahale@haldfriesen.com

Edward T. Ramey, Esq.
Stuart H. Pack, Esq.
Isaacson Rosenbaum
 Woods and Levy
633 17th St., Ste. 2200
Denver, CO 80202
**Attorneys for William R. Childs, Scott McCormick, Jr., Douglas Walliser, Ronald Schiff, Edward Pacelli, Morty Lempel, A.B. Goldberg, First Entertainment, Harvey Rosenberg**
eramey@ir-law.com
spack@ir-law.com

James R. Cage, Esq.
Cage Williams Abelman
 & Layden, P.C.
St. Elmo Bldg.
1433 17th St.
Denver, CO 80202-1273
**Attorney for Carl D. Lucci/Albert R. Lucci**
jcage@cagewilliams.com

Julie Trent
jtrent@bsblawyers.com

J. Eric Ellliff, Esq.
Kristen Taylor-Randall, Esq.
Morrison & Foerster, LLP
370 17th St., Ste. 3550
Denver, CO 80203
**Attorney for IMCOA**
jelliff@mofo.com

Adam F. Hulbig
Trial Attorney, Tax Division
US Dept. of Justice
PO Box 683
Ben Franklin Station
Washington, DC 20044
**Attorney for United States of America**
adam.f.hulbig@usdoj.gov

Gary C. Moschetti, Esq.
Hatch & Moschetti, LLP
1800 Glenarm Pl., 9th Floor
Denver, CO 80202
**Attorney for Edward Leal**
gmoschetti@hatchlawyers.com

Cassandra Sasso, Esq.
Baker & Hostetler
303 E. 17th Ave., Ste. 1100
Denver, CO 80203-1264
**Attorney for Michelle Lean**
csasso@bakerlaw.com

Michael J. Pankow
Daniel J. Garfield
Brownstein Hyatt & Farber PC
410 17th Street, Suite 2200
Denver, CO 80202
**Attorneys for Michael Payne**
mpankow@bhf-law.com
dgarfield@bhf-law.com

**VIA UNITED STATES MAIL:**
James Duberg, Esq.
727 Third Ave.
Chula Vista, CA  91910-5803

Mark S. Schmittt, Esq.
Maier, Mcilnay Schmitt & Button
1150 Washington St.
Grafton, WI  53024-1916
**Attorney for Miller Simon & Maier**

Peter C. Freeman, Esq.
Law Offices of Peter C. Freeman
16485 Laguna Canyon Rd., Ste. 230
Irvine, CA  92618-3846
**Attorney for Scott Kajiya**

Mr. Albert Lucci
1930 Wyoming Ave.
Fort Pierce, FL  34982

Peter Sklarew, Esq.
Assistant Chief
Civil Trial Section, Northern Region
United States Dept. of Justice
Tax Division
PO Box 55
Washington, D.C.  20044
**Attorney for IRS**

Robert J. Danie, Eq.
9 Wagon Wheel Drive
Feeding Hills, MA  01030

Noreene C. Stehlik, Esq.
U.S. Dept. of Justice
PO Box 683
Ben Franklin Station
Washington, D.C.  20044
**Attorney for IRS**

Robert L. Morrow, Jr., MD
401 N. College Rd., #5
Lafayette, LA  70506

Nicholas A. Russo, Sr.
310 Extonville Road
Allentown, NJ  08501
**[Return to Sender—Unable to Forward]**

Richard J. Cortesi
5316 Camino Montano, N.E.
Albuquerque, NM  87111

Ronald Fulfer
15315 S. Francis Dr.
Plainfield, IL  60544

Richard Dale Wood
13997 80th Ave. North
Maple Grove, MN  55311

Steve Halprin
1316 Penningtow Place
Concord, N.C.  28207

Kathryn L. Troccoli
1911 Champlain St.
Ottawa,IL  61350

Ed Pink
Ed Pink Racing Engines, Inc.
14612 Raymer Street
Van Nuys, CA  91405

Montgomery & Andrews, P.A.
325 Paseo De Peralta
Santa Fe, NM  87501
Attn:  Kathy Lopez

John Petitto
Town & Country Sports Center, Inc.
U.S. 12 & U.S. 127
Cement City, MI  49233

Marcia Taylor
Bennett Motor Group Express
1001 Industrial Parkway
McDonough, GA  30253

Richard Basciani
Basciani Foods
8876 GapNewport Pike
Avondale, PA  19311

Rooke Everill
Derek John Everill
Ken Everill
1204 Lake Point Circle
McKinne, TX  75070

Michael D. Fowler
Martha Dickson (Deceased)
1680 S.W. St. Lucie West Blvd.
Port St. Lucie, FL  34986

John Inelli
17 Old Farmstead Rd.
Chester, NJ  07930

Eller Industries
623 W. Lilac Ct.
Louisville, CO  80027

**Registered Agent:**
Randal L. Hittle
[moved, left no forwarding address]

John Nicholson
9 Jamaica Lane
Haverhill, MA  01830-2419

**VIA E-MAIL:**
Richard A. Block
President
Sterling Consulting Corporation
4101 E. Louisiana Ave., Ste. 300
Denver, CO  80246
**Receiver**
rblock@xpn.com

**Courtesy Copies to:**
Eugene Sprague
esprague@bw-legal.com

Robert Pitts
rpitts@lawrwp.com

Thomas F. Quinn
tquinn@tfqlaw.com

Henry N. Portner, Esq.
Pineapple Grove Corporate Center
101 Pineapple Grove Way
Delray Beach, FL  33444-3703


By:  *s/Sharon A. Chiecuto*