## SETTLEMENT AGREEMENT

This Settlement Agreement is entered into by and among Sterling Consulting Corp. in its capacity as receiver for Indian Motorcycle Manufacturing Inc. (the "Receiver"), William S. Hori a/k/a Bill Hori, and the United States of America (on behalf of the Internal Revenue Service).

### Recitals

A. Sterling is the Receiver for Indian Motorcycle Manufacturing Corp. ("Indian") appointed by the United States District Court for the District of Colorado ("Court") in Case No. 95-CV-777 (the "receivership case").

B. On or about November 18, 2005, the Receiver filed a motion to Reconsider Orders, Amend Order, and Order Restitution in the receivership case ("restitution motion").

C. On July 28, 2006, the Court entered its Amended Order Approving and Adopting Magistrate Judge's Recommentation that claimants who received distributions in 1999 and 2000 be ordered to return 24.35% of their distributions to the Receiver.

D. On January 15, 2008, the Court entered its *Order for Judgment, Fees, and Costs Against Scott S. Kajiya and Haime [sic] Ruiz* (noting that the correct first name of Mr. Ruiz had been misspelled and referred to Jaime P. Ruiz). The judgment provided that Messrs. Kajiya and Ruiz were jointly and severally liable for $121,750 except that Mr. Ruiz "shall not be liable, whether jointly or severally, for more than $58,562 (which is 24.35% of $240,500 distributed directly to him)."

E. The Order for Judgment also required Messrs. Kajiya and Ruiz to supply the Receiver "with the names and contact information (street address, mailing address, telephone number(s), e-mail address(es) etc.) of anyone known to the respondents who received any part of the $500,000" distributed in respect to the claim filed by Mr. Kajiya.

F. Prior counsel for Messrs. Kajiya and Ruiz had supplied the Receiver with information indicating that, of the $500,000 that was deposited into his client trust account, a check for $30,000 was distributed to Mr. Hori and a check for $75,000 was distributed to his sister, Claire Hori.

G. Mr. Hori contends that both payments, to himself and his sister, were made as a result of his being a personal creditor of Scott Kajiya, and further contends that, for this reason, neither he nor his sister Claire Hori should not be held liable to return any part of the money. Mr. Hori further maintains that his sister had no involvement in his transactions with Mr. Kajiya but rather only loaned Mr. Hori money and Mr. Hori merely used part of the repayment to him by Mr. Kajiya to repay his sister, Claire Hori. The Receiver contends that Mr. Hori is liable to return to the receivership estate 24.35% of the $105,000 distributed to himself and his sister combined (or $25,568), because he presumably understood that his money was to be invested in an Indian Motorcycle entity, and/or because, in any event, he received it with knowledge that it was a

1

distribution from the receivership estate in payment of claims against that estate. To settle this dispute, the parties agree to the terms set forth below, under which Mr. Hori agrees to held liable for 56% of the $25,568, or $14,318, subject to the other terms set forth below.

H. Mr. Hori further represents that he presently has no funds or other valuable assets from which to pay the agreed-upon judgment amount, and has provided a financial statement so demonstrating.

### Terms

1. <u>Judgment against William S. Hori</u>. Mr. Hori agrees to the entry of a judgment against him by the Court in the receivership case in the amount of $14,318, without any additional amount for costs or expenses, including attorney's fees. For this purpose Mr. Hori is waiving any requirement that the Court first enter an order against him requiring him to appear and show cause why he should not be held liable, and that such order be served on him, and is further waiving any other defenses to the entry of such a judgment, pursuant to this settlement.

2. <u>No interest on judgment if paid withn three years</u>. Interest shall accrue on the judgment from the date of its entry pursuant to law, except that, if Mr. Hori fully pays the principal amount of the judgment through voluntary payments by October 1, 2011, the liability for interest shall be forgiven and the judgment treated as satisfied. Nothing herein requires the Receiver (or its assignees) to forbear from attempting to collect the judgment at any time should non-exempt assets be discovered.

3. <u>Waiver/Release</u>. In exchange for Mr. Hori's consent to the judgment, the Receiver and the United States waive and otherwise release any other or greater claims they may have against Mr. Hori in respect to his and/or his sister's receipt of the $105,0000, and also waive and otherwise release any claims they may have against Claire Hori in connection with her receipt of the $75,000, of the funds distributed in respect to the claim submitted by Scott Kajiya. Mr. Hori confirms that he has no claims against the Receiver or the receivership estate and otherwise waives and releases any such claims.

4. <u>Anticipated assignment of judgment</u>. Mr. Hori understands that the receivership may be closed and the judgment against him then assigned partly to such entities as the Court determines are appropriate, including but not limited to the United States of America. Once that has occurred, unless otherwise directed by counsel for the United States, Mr. Hori agrees to send any payments he makes on the judgment to Sterling (at the address below), payable to "Sterling Consulting Corp.," and shall include a notation on any checks that they are "for the judgment in the Indian Motorcycle receivership case," and Sterling agrees to divide and distribute any such payments to the assignees of the judgment as appropriate. Mr. Hori will also comply with a request from counsel for the United States to divide up any payments in accordance with any Court order assigning percentages of the judgment to various parties. Mr. Hori understands that the judgment may or may not be recorded so as to create a lien against any real property he may acquire, in the discretion of the Receiver (and later in the discretion of any assignees).

2

5. <u>Affect on Kajiya Obligation</u>. Any payments by Mr. Hori of any portion of the judgment against him shall also be credited against and reduce the balance owed on the judgment against Scott Kajiya. Mr. Hori reserves any rights he may have to recover from Scott Kajiya any payments Mr. Hori may make on the judgment against him. The Receiver and United States give no opinion on whether such a right exists.

6. <u>Entire Agreement</u>. This represents the entirety of this agreement and no other representations or promises have been made to induce any party to enter this agreement. No modification of this agreement shall be binding or enforceable unless executed in writing by all parties hereto.

7. <u>Lack of Counsel; Offer; Acceptance</u>. Mr. Hori elects to enter this agreement without the advice of counsel. Mr. Hori's signature on this agreement represents that he fully understands all of the terms of this agreement. He further understands that his signature herein shall be understood to constitute an offer, after which the signatures on behalf of the Receiver and the United States shall, if both added, be understood to accept the offer.

8. <u>Court Approval</u>. This agreement shall be made the subject of (and a copy attached to) a motion that the Court approve it and, if it is not approved, this agreement shall be null and void in its entirety. Upon the execution of this agreement by both parties, neither may withdraw it pending the Court's determination of a motion for approval.

**So Agreed:**

STERLING CONSULTING CORP. as Receiver

By: _____ 10/14/2008
Richard A. Block     (date)
President
4101 East Louisiana Ave.
Denver, CO 80246

WILLIAM S. HORI a/k/a BILL HORI

By: _____ 10/2/08
William S. Hori     (date)
2491 Arrow Circle
Placentia CA 92870

UNITED STATES OF AMERICA

By: _____ 10/10/08
Peter Sklarew     (date)
Attorney, Tax Division
U.S. Dept. of Justice
P.O. Box 55
Washington, D.C. 20044

3