UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 95-cv-00777-REB-CBS

In re: Indian Motorcycle Manufacturing, Inc., a New Mexico Corporation

---

**MOTION TO APPROVE RECEIVER'S FORTY-FIRST AND FINAL REPORT AND TO DISCHARGE RECEIVER**

---

Sterling Consulting Corporation, as receiver, by and through it attorneys Fairfield and Woods, hereby moves this Court to approve the Receiver's Forty-First and Final Report (the "Report") and to Discharge the Receiver, and as grounds therefore states as follows:

Certification Under D.Colo.L.R. 7.1. The receiver is aware of no party who will object to this Motion, but requests the court treat the Motion has opposed and allow the 23 days provided for under Rule 6 and D.Colo.L.R. 7.1 before acting upon it. Counsel for the United States has authorized the Receiver to state that the United States has no objection and believes the motion should be granted.

1. The receiver incorporates by reference the Report.

2. The receiver has accomplished all that it meaningfully can in this receivership, and it is time for to discharge the receiver and terminate the receivership.

3. The receiver has very few assets, and those that it has are listed in the report. Their proposed disposition is also listed in the report. The receiver's liabilities will also be treated as set out in the report.

4. Substantially all of the accounts payable reflected on the receiver's books are or were payable to professionals who represented the Receivership Estate. It should be noted that with the execution of the Settlement Agreement with the United States, the receiver has not attempted to report its hours because there was no mechanism for paying for the receiver's time, nor the time of its professionals, for which compensation had not already been received, Specifically, the receiver and its counsel settled for an assignment of 37% of amount of tax that would be recovered through the restitution motion after first deducting 4.47% for the administrative claim of Michael Mandelman, in settlement of all past and future compensation and expenses claims – which represented a very substantial discount from preexisting unpaid compensation and expense claims alone. All accounts payable on the books of the Receivership Estate will be written to zero on the Termination Date.

5.     The United States has recommended, and the receiver agrees that, on the date this court discharges the receiver and terminates the receivership (the "Termination Date"), all restitution Ordered by the Court should be assigned for future collections to Sterling Consulting Corporation in its ordinary corporate capacity (37%) and to the United States (63%). Details are included in the proposed Order submitted herewith. Consistent with the Settlement Agreement, any amounts recovered by Sterling are subject to division between it and Fairfield and Woods P.C. as they have agreed or may agree.

6.     The Settlement Agreement contained a provision under which a subsequent determination by Michael Mandelman not to object, and not to appeal to the First Circuit, entitled him to recover one half of the administrative claim for attorney's fees that the District Court in Massachusetts had awarded to him. As a result, 4.47% of restitution collections by the receiver have been distributed to his Massachusetts counsel, the law firm of Goulston & Storrs. The assignment of restitution Judgments and Claims, however, does not include Goulston & Storrs because the Settlement Agreement did not contemplate any rights of Mr. Mandelman in respect to that Claim extending beyond the discharge of the receiver and the termination of the receivership. As a practical matter, moreover, the receiver and the United States do not believe that Goulston & Storrs would wish engage in future collection efforts on its own behalf from Claimants who have not paid restitution given the small percentage to which the firm might arguably be entitled. This motion is being served on Goulston & Storrs and Mr. Mandelman so that they may have an opportunity to object.

7.     The sequence of events prior to the Termination Date is important because actions taken after termination are technically outside the authority granted to the receiver, and therefore outside the immunity afforded to receivers by law. For that reason, it is important that the official work of the receiver be completed simultaneously with the discharge and termination of the receiver or the receiver might be subject to liability where none should exist. Professor Clark, in his treatise 3 Clark On Receivers (3d Ed.) § 692.1 writes:

> When a receiver's official relation to the court is terminated by his death, resignation or removal, he may or may not have handed over the property by court order to the original owner or to someone else, or to a successor receiver. If he had not handed over the property by order of the court, the property remains in the custody of the court. The term "discharge of a receiver" is used when the receiver in obedience to a court order has handed over the property to the original owner or to someone else. When the receiver has done that, his liability and responsibility as receiver as to that property ceases, and since the property is no longer *in custodia legis*, the receivership is terminated.

8.     The Receivership Action should culminate in certain Findings and Orders at the Termination Date.

2

9.  <u>Traditional Findings</u>. There are traditional Findings the Court should make upon termination that serve to put to rest the activities of the receiver. The receiver suggests that the Findings suitable in this situation are as follows:

   a.  The Court FINDS that the receiver has obtained the Court's approval, whenever necessary, of actions regarding the property of the Receivership Estate.

   b.  The Court further FINDS that the receiver has paid the expenses of maintaining and protecting the property of the Receivership Estate and has accounted for the receipt and expenditure of funds for the maintenance and protection of the property of the Receivership Estate.

   c.  The Court further FINDS that the receiver has paid all administrative expenses of the Receivership Estate as it intends and has been authorized to pay.

   d.  The Court further FINDS that the receiver's accounts filed with the Court are true and correct.

   e.  The Court further FINDS that the receiver has otherwise fully discharged its duties as receiver.

10. <u>Traditional Orders</u>. In addition to traditional Findings, the Court should also enter traditional Orders upon termination of the receiver. The typical Orders suitable in this situation are as follows:

   a.  The Court hereby ORDERS that the Receiver's Final Report and Request for Discharge is accepted and approved.

   b.  The Court further ORDERS that, to the extent there is cash available, the Receiver is authorized to distribute the cash in accordance with the Settlement Agreement between the receiver and the United States.

   c.  The Court further ORDERS that, to the extent that any prior Report of the Receiver was not specifically accepted and approved, all such Reports are accepted and approved.

   d.  The Court further ORDERS that all actions of the receiver are hereby confirmed, ratified, accepted, and approved.

   e.  The Court further ORDERS that the receiver is hereby released and discharged of any further responsibility, duty, or liability to any person or entity with respect to any matter associated with the property of the Receivership Action arising under this Court's Orders, any statute, rule, regulation, at law or in equity.

    f. The Court further ORDERS that the surety bond filed by the receiver with the Clerk of this Court is hereby released and the surety thereunder shall hereby be forever discharged and released of liability thereunder.

    g. The Court shall have continuing jurisdiction to interpret and enforce the Orders of the Court in this Receivership Estate, including continuing jurisdiction in aid of the United States' and the receiver's efforts at restitution. (This is more particularly set forth in the proposed Order.)

  11. For the court's convenience, a proposed Order is submitted herewith, containing not only the traditional Orders set forth above but also those required to effectuate the assignment of unpaid restitution Judgments and Claims to the United States and Sterling Consulting Corporation in its ordinary corporate capacity.

  Wherefore the receiver respectfully requests an Order from this Court approving this Report, discharging the receiver, discharging the receiver's bond, and authorizing the receiver to take any further action as may be necessary and appropriate to wind up the affairs of the Receivership Estate.

  Respectfully submitted this 17th day of November, 2008

        **FAIRFIELD AND WOODS, P.C**

        By: *s/John M. Tanner*
        John M. Tanner
        Fairfield and Woods, P.C.
        1700 Lincoln Street, Suite 2400
        Denver, CO 80203-4524
        Phone: (303) 830-2400
        Fax: (303) 830-1033
        Email: jtanner@fwlaw.com

Attorney for Sterling Consulting Corporation, as receiver

## CERTIFICATE OF SERVICE

I hereby certify that on November 17, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses or as indicated below or by United States Mail, postage prepaid:

**VIA CM/ECF TO:**

Alan Lemont Hale Esq.
Hale Friesen, LLP
1430 Wynkoop St., Ste. 300
Denver, CO 80202
**Attorney for Richard Basciani, N. Rooke Everill, Pres./Everill Bros., Inc., John H. Nicholson or Virginia A. Nicholson**
ahale@haldfriesen.com

Edward T. Ramey, Esq.
Stuart H. Pack, Esq.
Isaacson Rosenbaum
  Woods and Levy
633 17th St., Ste. 2200
Denver, CO 80202
**Attorneys for William R. Childs, Scott McCormick, Jr., Douglas Walliser, Ronald Schiff, Edward Pacelli, Morty Lempel, A.B. Goldberg, First Entertainment, Harvey Rosenberg**
eramey@ir-law.com
spack@ir-law.com

James R. Cage, Esq.
Cage Williams Abelman
  & Layden, P.C.
St. Elmo Bldg.
1433 17th St.
Denver, CO 80202-1273
**Attorney for Carl D. Lucci/Albert R. Lucci**
jcage@cagewilliams.com

Julie Trent
jtrent@bsblawyers.com

J. Eric Ellliff, Esq.
Kristen Taylor-Randall, Esq.
Morrison & Foerster, LLP
370 17th St., Ste. 3550
Denver, CO 80203
**Attorney for IMCOA**
jelliff@mofo.com

Adam F. Hulbig
Trial Attorney, Tax Division
US Dept. of Justice
PO Box 683
Ben Franklin Station
Washington, DC 20044
**Attorney for United States of America**
adam.f.hulbig@usdoj.gov

Gary C. Moschetti, Esq.
Hatch & Moschetti, LLP
1800 Glenarm Pl., 9th Floor
Denver, CO 80202
**Attorney for Edward Leal**
gmoschetti@hatchlawyers.com

Cassandra Sasso, Esq.
Baker & Hostetler
303 E. 17th Ave., Ste. 1100
Denver, CO 80203-1264
**Attorney for Michelle Lean**
csasso@bakerlaw.com

Michael J. Pankow
Daniel J. Garfield
Brownstein Hyatt & Farber PC
410 17th Street, Suite 2200
Denver, CO 80202
**Attorneys for Michael Payne**
mpankow@bhf-law.com
dgarfield@bhf-law.com

**VIA UNITED STATES MAIL:**
James Duberg, Esq.
727 Third Ave.
Chula Vista, CA  91910-5803

Mark S. Schmittt, Esq.
Maier, Mcilnay Schmitt & Button
1150 Washington St.
Grafton, WI  53024-1916
**Attorney for Miller Simon & Maier**

Peter C. Freeman, Esq.
Law Offices of Peter C. Freeman
16485 Laguna Canyon Rd., Ste. 230
Irvine, CA  92618-3846
**Attorney for Scott Kajiya**

Mr. Albert Lucci
1930 Wyoming Ave.
Fort Pierce, FL  34982

Peter Sklarew, Esq.
Assistant Chief
Civil Trial Section, Northern Region
United States Dept. of Justice
Tax Division
PO Box 55
Washington, D.C.  20044
**Attorney for IRS**

Robert J. Danie, Eq.
9 Wagon Wheel Drive
Feeding Hills, MA  01030

Noreene C. Stehlik, Esq.
U.S. Dept. of Justice
PO Box 683
Ben Franklin Station
Washington, D.C.  20044
**Attorney for IRS**

Robert L. Morrow, Jr., MD
501 W. Saint Mary Blvd., Ste. 404
Lafayette, LA  70506-4699

Nicholas A. Russo, Sr.
310 Extonville Road
Allentown, NJ  08501
**[Return to Sender—Unable to Forward]**

Richard J. Cortesi
5316 Camino Montano, N.E.
Albuquerque, NM  87111

Ronald Fulfer
15315 S. Francis Dr.
Plainfield, IL  60544

Richard Dale Wood
13997 80th Ave. North
Maple Grove, MN  55311

Steve Halprin
1316 Penningtow Place
Concord, N.C.  28207

Kathryn L. Troccoli
1911 Champlain St.
Ottawa,IL  61350

Ed Pink
Ed Pink Racing Engines, Inc.
14612 Raymer Street
Van Nuys, CA  91405

Montgomery & Andrews, P.A.
325 Paseo De Peralta
Santa Fe, NM  87501
Attn:  Kathy Lopez

John Petitto
Town & Country Sports Center, Inc.
U.S. 12 & U.S. 127
Cement City, MI  49233

Marcia Taylor
Bennett Motor Group Express
1001 Industrial Parkway
McDonough, GA  30253

Richard Basciani
Basciani Foods
8876 GapNewport Pike
Avondale, PA  19311

Rooke Everill
Derek John Everill
Ken Everill
1204 Lake Point Circle
McKinne, TX  75070

John Inelli
17 Old Farmstead Rd.
Chester, NJ  07930

Eller Industries
623 W. Lilac Ct.
Louisville, CO  80027

**Registered Agent:**
Randal L. Hittle
[moved, left no forwarding address]

John Nicholson
9 Jamaica Lane
Haverhill, MA  01830-2419

Michael D. Mandelman
Reitz, Mandelman & Lawent, LLC
3111 W. Wisconsin Ave.
Milwaukee, WI  53208

Peter D. Bilowz
Goulston & Storrs, P.C.
400 Atlantic Ave.
Boston, MA  02110-3333

**VIA E-MAIL:**
Richard A. Block
President
Sterling Consulting Corporation
4101 E. Louisiana Ave., Ste. 300
Denver, CO  80246
**Receiver**
rblock@xpn.com

**Courtesy Copies to:**
Eugene Sprague
esprague@bw-legal.com

Robert Pitts
rpitts@lawrwp.com

Thomas F. Quinn
tquinn@tfqlaw.com

Henry N. Portner, Esq.
Pineapple Grove Corporate Center
101 Pineapple Grove Way
Delray Beach, FL  33444-3703


By:  *s/Sharon A. Chiecuto*