UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 95-cv-00777-REB-CBS

In re: Indian Motorcycle Manufacturing, Inc., a New Mexico Corporation

---

## ORDER APPROVING RECEIVER'S FORTY-FIRST AND FINAL REPORT, DISCHARGING RECEIVER, AND TERMINATING RECEIVERSHIP ESTATE

---

This matter came before the Court on the Receiver's Motion to Approve Receiver's Forty-First and Final Report, to Discharge Receiver, and to terminate the Receivership Estate. In the Motion, the Receiver requested that the Court, after allowing appropriate time for any objections, make certain Findings and enter certain Orders including: (i) approving the Receiver's Forty-First and Final Report; (ii) discharging the receiver; (iii) releasing the receiver's bond; (iv) discharging and releasing Pioneer General Insurance Company (the surety under the released receiver's bond); (v) directing the receiver to take any further action as may be necessary and appropriate to wind up the affairs of the receivership; (vi) finding that the receiver fulfilled all of its obligations to the Court; and (vii) terminating the receivership, including by approving an assignment of unpaid judgments and claims for restitution from claimants to the United States of America and Sterling Consulting Corporation in its ordinary corporate capacity. The Court having considered the matter, being fully advised in the premises, and other good cause appearing, enters the following Findings and Orders:

## I.    FINDINGS

1.    The Court FINDS that the receiver has obtained the Court's approval, whenever necessary, of actions regarding the property of the Receivership Estate.

2.    The Court further FINDS that the receiver has paid the expenses of maintaining and protecting the property of the Receivership Estate and has accounted for the receipt and expenditure of funds for the maintenance and protection of the property of the Receivership Estate.

3.    The Court further FINDS that the receiver has paid all administrative expenses of the Receivership Estate as it intends and has been authorized to pay.

4.    The Court further FINDS that the receiver's accounts filed with the Court are correct.

5.     The Court further FINDS that the receiver has otherwise fully discharged its duties as receiver.

## II.   ORDERS

1.     The Court hereby ORDERS that the Receiver's Final Report and Request for Discharge, including the receiver's accounts therein, is accepted and approved.

2.     The Court further ORDERS that, to the extent there is cash available, the Receiver shall distribute the remaining cash in accordance with the Settlement Agreement between the receiver and the United States.

3.     The Court further ORDERS that, to the extent that any prior Report of the Receiver was not specifically accepted and approved, all such Reports are accepted and approved, as are the receiver's accounts stated therein.

4.     The Court further ORDERS that all actions of the receiver that have been reported or otherwise disclosed to the Court are hereby confirmed, ratified, accepted, and approved.

5.     The Court further ORDERS that the receiver is hereby released and discharged of any further responsibility, duty, or liability to any person or entity with respect to any matter associated with the property of the Receivership Action arising under this Court's Orders, any statute, rule, or regulation, at law or in equity.

6.     The Court further ORDERS that the surety bond filed by the receiver with the Clerk of this Court is hereby released and the surety thereunder shall hereby be forever discharged and released of liability thereunder.

7.     The Court further ORDERS that, consistent with the Settlement Agreement of the receiver and the United States, which the Court hereby approves, the Claims of the Receivership Estate for restitution, and the Judgments thereon entered by this Court, to the extent not previously satisfied, are hereby assigned 63% to the United States and 37% to Sterling Consulting Corporation in its ordinary corporate capacity[1] subject to the following conditions:

a.     *United States' Percentage and Obligations* – An undivided 63% of all Judgment and Claims is assigned to the United States.  The United States may attempt to collect its percentage of any unpaid restitution obligation from any claimant

---

[1] All references to "Sterling" in this Order shall be references to Sterling Consulting Corporation in its ordinary corporate capacity and not as receiver. All references to the receiver in this Order shall be to the receiver in its official capacity as receiver, and shall not include Sterling unless otherwise noted.

independently of Sterling and shall have no obligation to turn over to Sterling any portion of any amount collected by it unless it receives a sum that exceeds its 63% portion of a Judgment or Claim for restitution. Upon collecting its full percentage of a Judgment or Claim for restitution, the United States has agreed to notify Sterling that any further amounts collected by Sterling from the particular Claimant may be retained by Sterling. The failure of the United States to notify Sterling shall not result in any monetary liability of the United States to Sterling. If Sterling has reason to believe that the United States has collected a portion of a restitution obligation from a particular Claimant, it may make inquiry of the United States by providing the name and reason for its belief and counsel for the United States shall use best efforts to ascertain what amount, if any, has been paid by the Claimant. Nothing in this Order shall be construed to require the Internal Revenue Service to violate the disclosure provisions of 26 U.S.C. 6103 (but the disclosure that a portion of a restitution obligation established by prior order of this Court has been collected or paid shall not constitute such a violation. The United States is not required to join in any effort by Sterling to collect (but may do so in its discretion).

      b.    *Sterling's Percentage and Obligations* – An undivided 37% of all Judgments and Claims is assigned to Sterling (subject to its agreement with Fairfield and Woods P.C.). Except in the case of a prior payment to the United States as described above, 63% of any amounts collected by or paid to Sterling shall be paid to the United States until the amount of a Claimant's obligation for the principal amount of and any interest on restitution is fully satisfied, with any attorney's fees or other expense award thereafter collectible 100% by Sterling (unless the United States agrees otherwise in writing). Sterling is not obligated to conduct any collection efforts, except that it shall not suffer a default judgment in the event that it receives actual notice (properly served or otherwise) of any action in any court seeking to free property from a Judgment lien for restitution that was recorded by the receiver prior to Termination or recorded by Sterling after Termination. Sterling shall promptly inform the United States of any settlement proposals (formal or informal) from any person obligated to make restitution and shall also supply counsel for the United States with any information Sterling receivers that indicates a new address or phone number for a person obligated to make restitution that was not disclosed to the United States contemporaneously with the motion to approve the 41st Report.

      c.    *Treatment of Judgments for Restitution*. Any Judgment for restitution heretofore entered in this Receivership Action against any Claimant shall continue to be valid in favor of the United States and Sterling without the need of any assignment to be recorded. Similarly, any Judgment lien arising by the recordation of such a judgment with any state, county, or other governmental office shall remain valid without the need for a recordation of any assignment to the United States and Sterling. Any communication addressed to the receiver in respect to any such Judgment or Judgment lien shall be deemed to be addressed to Sterling and the United States as the assignees, with Sterling acting on behalf of the United States for the limited purpose of

receiving such communications, a copy of which it shall promptly forward to counsel for the United States. Any communication addressed to the United States in respect to any such Judgment or Judgment lien shall be deemed to be addressed to the United States and Sterling as the assignees. Counsel for the United States shall use its best efforts to promptly forward a copy of any communication it receives to Sterling. The failure of counsel for the United States to forward such communication to Sterling shall not result in any monetary liability of the United States to Sterling.

      d.    *Modifications* – After the Termination Date, Sterling and the United States may modify their agreements, including the Settlement Agreement, without the approval of this Court, provided that (i) no such modification will be enforceable unless it is in writing (which may include transmission by email), (ii) the modification is accepted in writing by both Sterling and the United States (which may include transmission by email), and (iii) that the writing expressly states that it is modifying the agreements approved in this Order.

      e.    *Agreements with Persons Liable for Restitution* – After the Termination Date, Sterling and/or the United States, as each deems to be in its best interests, may, without the consent of the other and without the approval of this Court, enter any settlement agreement with any person obligated to make restitution, except that neither may settle a claim of the other without the other's explicit approval. No settlement reducing a Claimant's restitution obligation to one party shall increase the obligation to the other party. For example, if the United States accepts 50% rather than 63% of a restitution obligation in full satisfaction thereof, Sterling will remain entitled to 37% of the original obligation and the interest thereon and no more (unless a judgment entitles Sterlien to collection costs). Sterling's right to settle unilaterally under this provision does not accord it the right to retain more than 37% of any payment received, unless the United States has previously received its 63% of the full restitution obligation (or has entered a settlement for less than that percentage).

      8.    The Court further ORDERS that the stock held by the Receivership Estate in Indian Motorcycle Company and the stock held by the Receivership Estate in First Entertainment are hereby assigned to Sterling Consulting Corporation in its corporate capacity subject to the obligation under the prior Settlement Agreement to pay to United States one half of the proceeds of the sale of said stock should the shares unexpectedly prove to have any value, as well as the obligation under paragraph 5(e) of the Settlement Agreement to divide with the government 50/50 any recovery in any action prosecuted against the successors of the issuer of the stock. (Sterling does not expect there to be any such prosecution and is not obligated to conduct one.)

      9.    The Court hereby recognizes this Order Terminating Receiver as a Final Order and that this Receivership Action is hereby concluded. Any an all interlocutory orders heretofore entered that were not certified as partial final judgments pursuant to Fed.R.Civ.P. 54(b) are rendered final by the entry of this order.

10.    The Court shall have continuing jurisdiction to interpret and enforce the Orders of the Court in this Receivership Action, including continuing jurisdiction to enforce the Judgments heretofore entered but not fully satisfied, through post-judgment proceedings, and, upon motion to reopen the case, to enter Judgments regarding restitution claims for which Judgments were not previously sought, in the event that the Sterling or the United States obtain information indicating the whereabouts of a claimant who previously could not be located or that a restitution amount previously believed to be uncollectible is collectible.

Dated _____ _____, 2008 at Denver Colorado.

BY THE COURT:

_____
Robert E. Blackburn
United States District Judge