UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 95-cv-00777-REB-CBS

In re: Indian Motorcycle Manufacturing, Inc., a New Mexico Corporation

## RECEIVER'S FORTY-FIRST AND FINAL REPORT AND REQUEST FOR DISCHARGE

Sterling Consulting Corporation, the duly appointed and acting receiver over Indian Motorcycle Manufacturing, Inc. ("Indian") and the assets of Indian (the "Assets"), respectfully makes this Receiver's Forty-First and Final Report and Request for Discharge (this "Report"). This Report is being filed under the Receiver's Motion to Approve Receiver's Forty-First and Final Report, to Discharge Receiver, and to terminate the Receivership Estate (the "Motion") which relies on the information contained in this verified Report.

## TABLE OF CONTENTS

I. THE RECEIVERSHIP ESTATE ---------------------------------------------------------- 2

II. THE FINANCIAL REPORT -------------------------------------------------------------- 4

III. THE REMAINING ASSETS OF THE RECEIVERSHIP ESTATE ---------------------- 4

IV. THE REMAINING LIABILITIES OF THE RECEIVERSHIP ESTATE --------------- 6

V. THE ASSIGNMENT OF CLAIMS AND JUDGMENTS ---------------------------------- 6

VI. PROCEDURE FOR DISCHARGE AND TERMINATION ------------------------------ 8

VII. TRADITIONAL FINDINGS AND ORDERS FOR DISCHARGE --------------------- 10

Receiver's Forty-First Report and Request for Discharge and Termination
November 17, 2008
Page 2.

### I. THE RECEIVERSHIP ESTATE

1. A Verified Complaint and Motion for Appointment of Temporary Receiver was filed in this Court (the "District Court") April 7, 1995.

2. An Order Appointing Temporary Receiver (the "Temporary Order") was entered by the Honorable Zita L. Weinshienk, District Judge on April 7, 1995.

3. The receiver, in accordance with Provision 6 of the Temporary Order, filed an Oath of Receiver with the District Court on April 7, 1995.

4. The receiver, in accordance with Provision 6 of the Temporary Order, filed a Bond of Receiver with the District Court on April 10, 1995, and thereupon entered its duties as receiver.

5. The Order Appointing Receiver was made permanent (the "Permanent Order") on April 19, 1995. The receiver, in accordance with Provision 17 of the Permanent Order, presents this Report.

6. In his Order Regarding Pending Motions dated August 20, 2001 [Docket # ], Magistrate Judge Schlatter approved the Thirty Fourth Receiver's Report with certain conditions not applicable here.

7. On July 16, 2002, the IRS filed its Proof of Claim in the Receivership Action.

8. On July 19, 2002, this Court through Senior District Judge Weinshienk, entered her Order of Transfer [Docket # ] thereby transferring the Receivership Action to the District of Massachusetts under 28 U.S.C. § 1404(a).

9. In her Order of Transfer to the District of Massachusetts Senior Judge Weinshienk wrote (at page 2):

> A receiver was appointed by this Court in 1995, and was extraordinarily successful in marshaling the assets of the historical Indian Motorcycle Company, particularly in consolidating the ownership of the various Indian trademarks into one entity. The success of this receivership was reflected in the eventual sale of those

Receiver's Forty-First Report and Request for Discharge and Termination
November 17, 2008
Page 3.

assets for almost $20,000,000, a sum that allowed the receiver to reimburse all of the creditors of the receivership and bankruptcy estates at almost 100 percent of the amounts owed. The receiver was diligent in the performance of its duties, and performed at all times in an ethical manner.

10. The Massachusetts District Court entered, among others, the following Orders:

a. Practice and Procedure Order 5 - June 6, 2003 (PPO 5 covered the tax determinations and the settlement between the United States and the Trustee);

b. Practice and Procedure Order 6 - August 7, 2003 (PPO 6 dismissed the Receiver's motion seeking to partially rescind or reform its contract with Michael Mandelman and also denied reconsideration of the tax determinations in PPO 5); and

c. Practice and Procedure Order 10 - January 30, 2004 (PPO 10 granted Mr. Mandelman's motion for an administrative claim for attorney's fees as a junior claim and also supplemented the tax determinations in PPO 5).

11. On May 17, 2005, the United States and the receiver entered into a settlement agreement (the "Settlement Agreement") pursuant to which the receiver and the United States settled their disputes, including the federal taxes of the Receivership Estate.

12. On September 7, 2005, the Massachusetts District Court held a hearing on the Settlement Agreement.

13. On September 7, 2005, the Massachusetts District Court entered an Order approving the Settlement Agreement and transferred the Receivership Action to the Colorado District Court. The Order was made final.

14. On December 14, 2005, Magistrate Judge Schlatter entered his Recommendation that Receiver's Motion for Reconsideration be Granted.

Receiver's Forty-First Report and Request for Discharge and Termination
November 17, 2008
Page 4.

15.  On July 28, 2006, the Colorado District Court entered its Amended Order Approving and Adopting Magistrate Judge's Recommendation.

16.  Since December 14, 2005, the receiver has been pursuing restitution from the general unsecured claimants in the Receivership Action.

## II. THE FINANCIAL REPORT

17.  Attached to this Report as Exhibits 1 through 12 are the Income Statements and Balance Sheets for the Receivership Estate for the period commencing October 1, 2001 through September 30, 2008. It should be noted that at the time IMMI was put in receivership, IMMI accounted on an accrual basis and used a fiscal year end of September 30th. The receiver did not change either, and continues to account for the Receivership Estate on an accrual basis using a fiscal year end of September 30th even though IMMI has been dissolved. The receiver believes this Report to be accurate and to fairly reflect the financial condition of the Receivership Estate for the periods shown.

18.  Attached to this Report as Exhibit 13 is the Schedule of Restitution Paid by Claimants.

19.  Except as reported on Exhibit 13 to this Report, the receiver has had no revenues since prior to the transfer of the Receivership Action to the Massachusetts District Court in July of 2002.

20.  Exhibit 14 is the Schedule of Claimants Who Have Not Paid Restitution.

## III. THE REMAINING ASSETS OF THE RECEIVERSHIP ESTATE

21.  <u>Cash</u>. The receiver has cash in the receiver's bank account of $20,830.99. It is possible, however, that bank charges not shown on the most recent statement could reduce this amount slightly. At the time of this Report, the receiver has distributed all amounts to the government and

Receiver's Forty-First Report and Request for Discharge and Termination
November 17, 2008
Page 5.

Goulston & Strorrs that were due (except settlements that have not been approved by the Court). (Goulston & Storrs acted as counsel for Michael Mandelman in the Massachusetts phase of this action and was, under the Settlement Agreement regarding the taxes, entitled to 4.47% of the restitution recovered by the receiver.) The remaining cash will be distributed to the United States, Goulston & Storrs, and Sterling Consulting Corporation in its ordinary corporate capacity[1] pursuant to the terms and conditions of the Settlement Agreement on the Termination Date (as that term is defined in paragraph I above31 below)

22.  Accounts Receivable. The only accounts receivable of the Receivership Estate that were booked prior to the Settlement Agreement between the government and the receiver are related to receivables from the Bankruptcy Trustee in Massachusetts and will be written off in their entirety, consistent with the Settlement Agreement with the government, which abandoned the receiver's claims against the Trustee.

23.  Unpaid Restitution. The receiver has not booked unpaid restitution as a receivable. Instead, the receiver books payments received under the Restitution Order as revenues as and when they are collected. Accordingly, there is no asset on the balance sheet of the Receivership Estate that reflects unpaid restitution. This is an accounting matter and is not intended to diminish the obligation of Claimants to pay restitution to the Receivership Estate. Rather, it reflects that the amounts collected as restitution are encumbered by the obligations under the Settlement Agreement and, also pursuant thereto, do not result in income to the receivership estate (thus assuring against the accrual of further income taxes).

24.  Securities Held. The Receivership Estate holds shares of common stock in Indian Motorcycle Company (the entity that went through the assignment for the benefit of creditors) and First Entertainment. The

---

[1] The term "Sterling Consulting Corporation in its ordinary corporate capacity" is used in this Report to refer to the company that was appointed receiver. This is to be distinguished from Sterling Consulting Corporation in its capacity as receiver. Sterling Consulting Corporation in its ordinary corporate capacity is not a party to the Receivership Action.

Receiver's Forty-First Report and Request for Discharge and Termination
November 17, 2008
Page 6.

receiver believes that the costs of realizing value in the shares it holds in both companies outweigh the values. The shares will be assigned to Sterling Consulting Corporation in its ordinary corporate capacity to hold for the benefit of itself and Fairfield and Woods as more thoroughly described in Section V below (The Assignment of Claims and Judgments). The Proposed Order that will be submitted with the Motion will include a provision Ordering the transfer of the securities to Sterling Consulting Corporation in its ordinary corporate capacity.

### IV. THE REMAINING LIABILITIES OF THE RECEIVERSHIP ESTATE

25. <u>Accounts Payable</u>. Substantially all of the accounts payable reflected on the receiver's books are or were payable to professionals who represented the Receivership Estate. It should be noted that with the execution of the Settlement Agreement with the government, the receiver has not attempted to report its hours because there was no mechanism for paying for the receiver's time, nor the time of its professionals. Instead, the Settlement Agreement included an assignment by the United States to the receiver and its counsel (combined) of 37% of amounts collected as restitution to pay Indian's administrative tax liabilities (after deducting the 4.47% payable to Goulston & Storrs) in full satisfaction of all past and future attorney's fees and other expenses of the receiver (including the compromise of substantial attorney's fees incurred in the Massachusetts phase of this action that would have exceeded the receiver's percentage of the restitution collected). All accounts payable will be written to zero on the Termination Date except as provided by the Settlement Agreement.

26. <u>Stock Liability</u>. The liability associated with the stock will be written down to zero when the stock is assigned to Sterling Consulting Corporation in its ordinary corporate capacity on the Termination Date.

### V. THE ASSIGNMENT OF CLAIMS AND JUDGMENTS

27. The government has recommended that, on the Termination Date, all restitution Ordered by the Court should be assigned for future

Receiver's Forty-First Report and Request for Discharge and Termination
November 17, 2008
Page 7.

collections to Sterling Consulting Corporation in its ordinary corporate capacity and to the United States. The following conditions will apply:

   a. *Percentages* – An undivided 63% of all Judgment and Claims for Restitution will be assigned to the government. An undivided 37% of all Judgments and Claims will be assigned to Sterling Consulting Corporation in its ordinary corporate capacity.

   b. *Goulston & Storrs* – There will be no effort or obligation to collect and pay any portion of the Judgments and Claims to Mr. Mandelman or Goulston & Storrs after the Termination Date. Goulston & Storrs may object to this Report and the Motion on this basis. If so, the receiver and the government will address the issue when raised.

   c. *Limited Obligations* – After the Termination Date, the government will have limited obligations to Sterling Consulting Corporation in its individual corporate capacity and Sterling Consulting Corporation in its ordinary corporate capacity will have limited obligations to the government. These are spelled out in the proposed order being submitted with the Motion.

   *d.* The Proposed Order being submitted with the Motion will proposes that this Court retain jurisdiction to enforce the Judgments heretofore entered but not fully satisfied through post-judgment proceedings and, upon motion to reopen the case, to enter judgments regarding restitution claims for which judgments were not sought in the event that the receiver or the United States obtain information indicating that a restitution amount previously believed to be uncollectible is collectible.

   28. The Proposed Order being submitted with the Motion has a provision Ordering the transfer of the securities to Sterling Consulting Corporation in its ordinary corporate capacity. Along with that transfer, the Proposed Order transfers to Sterling Consulting Corporation in its ordinary corporate capacity the obligation to pay to United States one half of the proceeds of the sale of said stock should it unexpectedly prove to have any value, as well as the obligation under paragraph 5(e) of the Settlement Agreement to divide with the government 50/50 any recovery in any action prosecuted against the successors of the issuer of the stock. (The Court

Receiver's Forty-First Report and Request for Discharge and Termination
November 17, 2008
Page 8.

should note that the receiver does not believe the stock has any value, does not expect there to be any such prosecution, and is not obligated to conduct one.)

### VI. PROCEDURE FOR DISCHARGE AND TERMINATION

29. The sequence of events prior to the Termination Date is important because actions taken after termination are technically outside the authority granted to the receiver, and therefore outside the immunity afforded to receivers by law. For that reason, it is important that the official work of the receiver be completed simultaneously with the discharge of the receiver and termination of the Receivership Estate or the receiver might be subject to liability where none should exist. Professor Clark, in his treatise 3 Clark On Receivers (3d Ed.) § 692.1 writes:

> When a receiver's official relation to the court is terminated by his death, resignation or removal, he may or may not have handed over the property by court order to the original owner or to someone else, or to a successor receiver. If he had not handed over the property by order of the court, the property remains in the custody of the court. The term "discharge of a receiver" is used when the receiver in obedience to a court order has handed over the property to the original owner or to someone else. When the receiver has done that, his liability and responsibility as receiver as to that property ceases, and since the property is no longer *in custodia legis*, the receivership is terminated.

30. The Receivership Action should culminate in certain Findings and Orders at the Termination Date. These "Findings and Orders" are discussed in more detail in Section VII below (Traditional Findings and Orders for Discharge). Between the filing of this Report and the entry of the Order for Discharge, the Receivership Estate will remain open and transactions could occur (e.g., payments of restitution, and the distribution of such payments in accordance with the Settlement Agreement with the United States).

31. <u>Termination Date</u>. The "Termination Date" is the date that the Findings and Orders are made and entered. The sequence should be:

Receiver's Forty-First Report and Request for Discharge and Termination
November 17, 2008
Page 9.

    a.    *File Motion* – The receiver, by counsel, has filed the Motion. The Motion relies on the information in this Report, which is verified. The Motion will be served on all Claimants that remain on the official mailing list with a copy of this Report and will state that if no objections are filed, the Court may approve this Report and grant the Motion in accordance with the period for responding to Motions provided by this Court's local rules.

    b.    *Objection Period* – During the period for objection to this Report or to the discharge of the receiver and termination of the Receivership Estate (either by Rule or by Order, at the convenience of the Court), the receiver will continue to operate the Receivership Estate.

    c.    *In the Case of No Objection* – If there are no objections to the Motion or this Report, or to the discharge of the receiver and termination of the Receivership Estate, the receiver will continue to operate the Receivership Estate until the Court enters the Findings and Orders as described in Section VII below (Traditional Findings and Orders for Discharge). Upon the entry of that Order, the receiver will distribute all assets as described in Section III above (The Remaining Assets of the Receivership Estate), provide the surety with a copy of the Findings and Orders described in Section VII below (Traditional Findings and Orders for Discharge), and cease all operations.

    d.    *In the Case of Objection* – If there is an objection to the motion or this Report, or to the discharge of the receiver and termination of the receivership, the Court should make its determination on the objection (after holding such hearings as it deems appropriate) and, provided the objection is overruled, the Court should enter the Findings and Orders. If the objection is sustained, the Court should enter appropriate Orders instructing the receiver as to the way the Court has concluded that the receiver should be discharges and the Receivership Estate should be terminated.

    32.    <u>Reportable Events</u>. In the unlikely event a material reportable event occurs during the period between the filing of this Report and the Termination Date, the receiver will promptly report that event to the Court prior to the Termination Date. Matters related to receipt of payment of restitution and accounting for those payments will not be treated as

Receiver's Forty-First Report and Request for Discharge and Termination
November 17, 2008
Page 10.

reportable events (unless the Court directs otherwise). The receiver has an obligation to distribute any payments received as set forth in the Settlement Agreement, as modified by subsequent Order of this Court, and that can be done in the final distribution of Assets.

### VII. TRADITIONAL FINDINGS AND ORDERS FOR DISCHARGE

33. <u>Traditional Findings</u>. There are traditional Findings the Court should make upon discharge of the receiver termination of the Receivership Estate that serve to put to rest the activities of the receiver. The receiver suggests that the Findings suitable in this situation are as follows (and will include these in the proposed Order submitted with the Motion):

   a. The Court FINDS that the receiver has obtained the Court's approval, whenever necessary, of actions regarding the property of the Receivership Estate.

   b. The Court further FINDS that the receiver has paid the expenses of maintaining and protecting the property of the Receivership Estate and has accounted for the receipt and expenditure of funds for the maintenance and protection of the property of the Receivership Estate.

   c. The Court further FINDS that the receiver has paid all administrative expenses of the Receivership Estate as it intends and has been authorized to pay.

   d. The Court further FINDS that the receiver's accounts filed with the Court are correct.

   e. The Court further FINDS that the receiver has otherwise fully discharged its duties as receiver.

34. <u>Traditional Orders</u>. In addition to traditional Findings, the Court should also enter traditional Orders upon discharge of the receiver and termination of the Receivership Estate. The typical Orders suitable in this situation are as follows (and the Receiver will include these in the proposed Order submitted with the Motion):

Receiver's Forty-First Report and Request for Discharge and Termination
November 17, 2008
Page 11.

a. The Court hereby ORDERS that the Receiver's Final Report and Request for Discharge, including the receiver's accounts therein, is accepted and approved.

b. The Court further ORDERS that, to the extent there is cash available, the Receiver is authorized to distribute the cash according to the Settlement Agreement between the receiver and the United States.

c. The Court further ORDERS that, to the extent that any prior Report of the Receiver was not specifically accepted and approved, all such Reports are accepted and approved, as are the receiver's accounts stated therein.

d. The Court further ORDERS that all actions of the receiver that have been reported or otherwise disclosed to the Court are hereby confirmed, ratified, accepted, and approved.

e. The Court further ORDERS that the receiver is hereby released and discharged of any further responsibility, duty, or liability to any person or entity with respect to any matter associated with the property of the Receivership Action arising under this Court's Orders, any statute, rule, regulation, at law or in equity.

f. The Court further ORDERS that the surety bond filed by the receiver with the Clerk of this Court is hereby released and the surety thereunder shall hereby be forever discharged and released of liability thereunder.

g. The Court hereby certifies this Order Terminating Receiver as a Final Order and that this Receivership Action is hereby concluded. Any an all interlocutory orders heretofore entered that were not certified as partial final judgments pursuant to Fed.R.Civ.P. 54(b) are rendered final by the entry of this order.

h. The Court shall have continuing jurisdiction to interpret and enforce the Orders of the Court in this Receivership Action, including continuing jurisdiction to enforce the Judgments heretofore entered but not fully satisfied, through post-judgment proceedings, and, upon motion to reopen the case, to enter Judgments regarding restitution

Receiver's Forty-First Report and Request for Discharge and Termination
November 17, 2008
Page 12.

claims for which Judgments were not sought in the event that the receiver or the United States obtain information indicating that a restitution amount previously believed to be uncollectible is collectible.

As noted above, in addition to these traditional orders, the Motion requests Orders assigning the outstanding restitution Judgments and Claims to the United States (63%) and Sterling Consulting Corporation in its ordinary corporate capacity (37%).

WHEREFORE the receiver respectfully requests an Order from this Court approving this Report, along with such Orders as are requested in the Motion, including provisions discharging the receiver, discharging the receiver's bond, and authorizing the receiver to take any further action as may be necessary and appropriate to wind up the affairs of the Receivership Estate.

Dated this 17th day of November, 2008

Respectfully submitted,

*[signature]*

Sterling Consulting Corporation,
Receiver, by Richard A. Block,
President, Sterling Consulting
Corporation

## VERIFICATION

STATE OF COLORADO  )
                   ) SS.
COUNTY OF DENVER   )

    I, Richard A. Block, being duly sworn upon oath, solemnly affirm as follows: (a) I am the President of Sterling Consulting Corporation ("Sterling"); (b) Sterling is the Receiver in Civil Action No. 95-cv-00777-REB-CBS in United States District Court, District Of Colorado, the Honorable Robert E. Blackburn, District Judge, and the Honorable Craig B. Shaffer, Magistrate Judge, presiding; (c) I prepared the Receiver's Forty-First and Final Report and Request for Discharge dated the 17th day of November, 2008 on behalf of Sterling; and (d) the information contained therein is true to the best of my knowledge and belief.

                                                                  Sterling Consulting Corporation, Receiver
                                                                  by Richard A. Block, President

STATE OF COLORADO  )
                   ) SS.
COUNTY OF DENVER   )

    Subscribed and sworn to before me by Richard A. Block as the President of Sterling Consulting Corporation, Receiver, on the 17th day of November, 2008.

    Witness my hand and official seal.

(Seal)

                                              My commission expires: 5/24/2011

My Commission Expires 05/24/2011

                                              Notary Public

## CERTIFICATE OF SERVICE

I hereby certify that on November 17, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses or as indicated below or by United States Mail, postage prepaid:

**VIA CM/ECF TO:**

Alan Lemont Hale Esq.
Hale Friesen, LLP
1430 Wynkoop St., Ste. 300
Denver, CO 80202
**Attorney for Richard Basciani, N. Rooke Everill, Pres./Everill Bros., Inc., John H. Nicholson or Virginia A. Nicholson**
ahale@haldfriesen.com

Edward T. Ramey, Esq.
Stuart H. Pack, Esq.
Isaacson Rosenbaum
 Woods and Levy
633 17th St., Ste. 2200
Denver, CO 80202
**Attorneys for William R. Childs, Scott McCormick, Jr., Douglas Walliser, Ronald Schiff, Edward Pacelli, Morty Lempel, A.B. Goldberg, First Entertainment, Harvey Rosenberg**
eramey@ir-law.com
spack@ir-law.com

James R. Cage, Esq.
Cage Williams Abelman
 & Layden, P.C.
St. Elmo Bldg.
1433 17th St.
Denver, CO 80202-1273
**Attorney for Carl D. Lucci/Albert R. Lucci**
jcage@cagewilliams.com

Julie Trent
jtrent@bsblawyers.com

J. Eric Ellliff, Esq.
Kristen Taylor-Randall, Esq.
Morrison & Foerster, LLP
370 17th St., Ste. 3550
Denver, CO 80203
**Attorney for IMCOA**
jelliff@mofo.com

Adam F. Hulbig
Trial Attorney, Tax Division
US Dept. of Justice
PO Box 683
Ben Franklin Station
Washington, DC 20044
**Attorney for United States of America**
adam.f.hulbig@usdoj.gov

Gary C. Moschetti, Esq.
Hatch & Moschetti, LLP
1800 Glenarm Pl., 9th Floor
Denver, CO 80202
**Attorney for Edward Leal**
gmoschetti@hatchlawyers.com

Cassandra Sasso, Esq.
Baker & Hostetler
303 E. 17th Ave., Ste. 1100
Denver, CO 80203-1264
**Attorney for Michelle Lean**
csasso@bakerlaw.com

Michael J. Pankow
Daniel J. Garfield
Brownstein Hyatt & Farber PC
410 17th Street, Suite 2200
Denver, CO 80202
**Attorneys for Michael Payne**
mpankow@bhf-law.com
dgarfield@bhf-law.com

**VIA UNITED STATES MAIL:**

James Duberg, Esq.
727 Third Ave.
Chula Vista, CA  91910-5803

Mark S. Schmittt, Esq.
Maier, Mcilnay Schmitt & Button
1150 Washington St.
Grafton, WI  53024-1916
**Attorney for Miller Simon & Maier**

Peter C. Freeman, Esq.
Law Offices of Peter C. Freeman
16485 Laguna Canyon Rd., Ste. 230
Irvine, CA  92618-3846
**Attorney for Scott Kajiya**

Mr. Albert Lucci
1930 Wyoming Ave.
Fort Pierce, FL  34982

Peter Sklarew, Esq.
Assistant Chief
Civil Trial Section, Northern Region
United States Dept. of Justice
Tax Division
PO Box 55
Washington, D.C.  20044
**Attorney for IRS**

Robert J. Danie, Eq.
9 Wagon Wheel Drive
Feeding Hills, MA  01030

Noreene C. Stehlik, Esq.
U.S. Dept. of Justice
PO Box 683
Ben Franklin Station
Washington, D.C.  20044
**Attorney for IRS**

Robert L. Morrow, Jr., MD
501 W. Saint Mary Blvd., Ste. 404
Lafayette, LA  70506-4699

Nicholas A. Russo, Sr.
310 Extonville Road
Allentown, NJ  08501
**[Return to Sender—Unable to Forward]**

Richard J. Cortesi
5316 Camino Montano, N.E.
Albuquerque, NM  87111

Ronald Fulfer
15315 S. Francis Dr.
Plainfield, IL  60544

Richard Dale Wood
13997 80th Ave. North
Maple Grove, MN  55311

Steve Halprin
1316 Penningtow Place
Concord, N.C.  28207

Kathryn L. Troccoli
1911 Champlain St.
Ottawa,IL  61350

Ed Pink
Ed Pink Racing Engines, Inc.
14612 Raymer Street
Van Nuys, CA  91405

Montgomery & Andrews, P.A.
325 Paseo De Peralta
Santa Fe, NM  87501
Attn:  Kathy Lopez

John Petitto
Town & Country Sports Center, Inc.
U.S. 12 & U.S. 127
Cement City, MI  49233

Marcia Taylor
Bennett Motor Group Express
1001 Industrial Parkway
McDonough, GA  30253

Richard Basciani
Basciani Foods
8876 GapNewport Pike
Avondale, PA  19311

Rooke Everill
Derek John Everill
Ken Everill
1204 Lake Point Circle
McKinne, TX  75070

John Inelli
17 Old Farmstead Rd.
Chester, NJ  07930

Eller Industries
623 W. Lilac Ct.
Louisville, CO  80027

**Registered Agent:**
Randal L. Hittle
[moved, left no forwarding address]

John Nicholson
9 Jamaica Lane
Haverhill, MA  01830-2419

Michael D. Mandelman
Reitz, Mandelman & Lawent, LLC
3111 W. Wisconsin Ave.
Milwaukee, WI  53208

Peter D. Bilowz
Goulston & Storrs, P.C.
400 Atlantic Ave.
Boston, MA  02110-3333

**VIA E-MAIL:**
Richard A. Block
President
Sterling Consulting Corporation
4101 E. Louisiana Ave., Ste. 300
Denver, CO  80246
**Receiver**
rblock@xpn.com

**Courtesy Copies to:**
Eugene Sprague
esprague@bw-legal.com

Robert Pitts
rpitts@lawrwp.com

Thomas F. Quinn
tquinn@tfqlaw.com

Henry N. Portner, Esq.
Pineapple Grove Corporate Center
101 Pineapple Grove Way
Delray Beach, FL  33444-3703



By:   *s/Sharon A. Chiecuto*