IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn.

Civil Action No. 95-cv-00777-REB-CBS

In re: The Receivership Estate of INDIAN MOTORCYCLE MANUFACTURING, INC., a New Mexico corporation

**ORDER FOR JUDGMENT, FEES, AND COSTS AGAINST MARC N. ALLSMAN**

**Blackburn, J.**

The matter before me is the receiver's **Verified Motion for Judgment, Fees, and Costs Against Marc N. Allsman** (respondent) [#2656], filed October 13, 2008. I grant the verified motion.[1]

Having judicially noticed all relevant adjudicative facts in the file and record of this action as developed *pro tanto*; having considered the averments of the instant verified motion; having noted that no party in interest has filed an objection to the motion; and being otherwise sufficiently advised, I enter the following findings of fact,[2] conclusions of law, and orders.

**FINDINGS AND CONCLUSIONS**:

1. I have jurisdiction over the subject matter of and parties to this motion.

2. Notwithstanding proper and timely notice of this motion, the respondent has failed to respond.

3. The averments of fact in the verified motion have been established in the

---

[1] The issues raised by and inherent to the motion are fully briefed and circumstantiated, obviating the necessity for evidentiary hearing or oral argument. Therefore, the motion is submitted and decided on the briefs and extant record.

[2] My findings of fact are based on a preponderance of the relevant evidence.

manner prescribed by law.

4. In 1995, Marc N. Allsman filed a Claim in the amount of $25,000 plus accrued interest, of which $25,000 was allowed by the Court.

5. In 1999 and 2000, the receiver paid $25,000 to Marc N. Allsman.

6. The receiver, in making these payments to or on behalf of respondent, inadvertently overpaid respondent in circumstances where it would be patently inequitable for respondent to keep the monies overpaid.

7. Pursuant to my **Amended Order Approving and Adopting Magistrate Judge's Recommendation** [#2338], filed July 28, 2006, respondent was ordered to pay 24.35% of $25,000, which is $6,087.50, by September 28, 2006.

8. Without legal or equitable justification the respondent has failed and refused to repay this money. Thus, judgment should be entered against respondent.

9. After considering carefully all factors relevant to certification of a final judgment under Fed.R.Civ.P. 54(b) as codified and construed, *see, e.g.*, **Stockman's Water Co., LLC v. Vaca Partners, L.P.**, 425 F.3d 1263 (10th Cir. 2005); **Oklahoma Turnpike Authority v. Bruner**, 259 F.3d 1236 (10th Cir. 2001), I conclude and determine expressly 1) that there is no just reason for delay, and 2) that the judgment should be certified as a final judgment. **See Curtiss-Wright Corp. v. General Electric Co.**, 446 U.S. 1, 7, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980); **Stockman's Water Co.**, 425 F.3d at 1265. Entry of a final judgment will resolve fully and finally the only dispute between the parties to this motion. In the specific context of the single claim of the receiver against the respondent, my order and concomitant judgment constitute "an

ultimate disposition of an individual claim entered in the course of a multiple claims action." ***Oklahoma Turnpike Authority***, 259 F.3d at 1242 (internal quotations and citations omitted). Contrastingly, without entry of a final judgment, respondent may not appeal my order until the receivership is terminated. Respondent, perforce, would be required to wait until the myriad separable and unrelated issues and claims for and against the receivership involving other claimants and parties are resolved. There is no just reason to delay possible appellate review of my discreet order concerning this discreet motion presenting a discreet claim until I have resolved conclusively all other pending claims and issues extant among the receiver and other claimants and litigants. ***See id.***

10. This is an equitable receivership. Some claimants of the receivership that were overpaid refunded the overpayment they received without further cost or expense to the receivership estate. However, respondent has caused the receiver to expend additional costs and expenses to obtain restitution of this money. It would not be equitable for respondent to burden the receivership estate without compensating the receiver for the additional costs and fees. Accordingly, the receiver should be awarded the costs, receiver fees, and attorney fees incurred in the filing and prosecution of this motion.

**THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED** as follows:

1. That the receiver's **Verified Motion for Judgment, Fees, and Costs Against Marc N. Allsman** [#2656], filed October 13, 2008, is **GRANTED**;

2. That pursuant to Fed.R.Civ.P. 58(a), judgment **SHALL ENTER** in favor of

the receiver, Sterling Consulting Corporation, against Marc N. Allsman, in the amount of $6,087.50;

      3.     That the receiver is **AWARDED** the costs, receiver fees, and attorney fees that were incurred in the filing and prosecution of this motion:

      a.     That costs **SHALL BE TAXED** in the time and manner prescribed by Fed.R.Civ.P. 54(d)(1) and D.C.COLO.LCivR 54.1;

      b.     That receiver fees **SHALL BE DETERMINED** in the same time and manner prescribed for attorney fees by Fed.R.Civ.P. 54(d)(2) and D.C.COLO.LCivR 54.3; and

      c.     That attorney fees **SHALL BE DETERMINED** in the time and manner prescribed by Fed.R.Civ.P. 54(d)(2) and D.C.COLO.LCivR 54.3; and

      4.     That the judgment entered pursuant to this order is certified to be a final judgment under Fed.R.Civ.P. 54(b).

Dated November 18, 2008, at Denver, Colorado.

                                      **BY THE COURT:**

                                      **s/ Robert E. Blackburn**
                                      **Robert E. Blackburn**
                                      **United States District Judge**