IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 95-cv-00777-REB-CBS

In re: The Receivership Estate of INDIAN MOTORCYCLE MANUFACTURING, INC., a New Mexico corporation

## ORDER APPROVING SETTLEMENT AGREEMENT WITH WILLIAM S. HORI

**Blackburn, J.**

The matter before the Court is the **Unopposed Motion to Approve Settlement Agreement with William S. Hori** [#2666], filed October 20, 2008. After careful review of the motion and the file, the court has concluded that the motion should be granted, that the settlement agreement with Mr. William S. Hori should be approved, and that judgment should enter against Mr. Hori in the amount of $14,318.

Additionally, after considering carefully all factors relevant to certification of a final judgment under Fed.R.Civ.P. 54(b) as codified and construed, *see, e.g.*, **Stockman's Water Co., LLC v. Vaca Partners, L.P.**, 425 F.3d 1263 (10th Cir. 2005); **Oklahoma Turnpike Authority v. Bruner**, 259 F.3d 1236 (10th Cir. 2001), I conclude and determine expressly 1) that there is no just reason for delay, and 2) that the judgment should be certified as a final judgment. *See*; **Curtiss-Wright Corp. v. General Electric Co.**, 446 U.S. 1, 7, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980); **Stockman's Water Co.**, 425 F.3d at 1265. Entry of a final judgment will resolve fully and finally the only dispute between the parties to this motion. In the specific context of the single claim of the receiver against Mr. Hori, my order and concomitant judgment constitute "an ultimate disposition of an individual claim entered in the course of a multiple claims action."

***Oklahoma Turnpike Authority***, 259 F.3d at 1242 (internal quotations and citations omitted). Contrastingly, without entry of a final judgment, Mr. Hori may not appeal my order until the receivership is terminated. Mr. Hori, perforce, would be required to wait until the myriad separable and unrelated issues and claims for and against the receivership involving other claimants and parties are resolved. There is no just reason to delay possible appellate review of my discreet order concerning this discreet motion presenting a discreet claim until I have resolved conclusively all other pending claims and issues extant among the receiver and other claimants and litigants. *See **id.***

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Unopposed Motion to Approve Settlement Agreement with William S. Hori** [#2666], filed October 20, 2008, is **GRANTED**;

2. That the Settlement Agreement between the receiver and Mr. Hori is **APPROVED**;

3. That pursuant to Fed.R.Civ.P. 58(a), judgment **SHALL ENTER** against William S. Hori and in favor of Sterling Consulting Corporation as Receiver for Indian Motorcycle Manufacturing Inc. in the amount of $14,318, with the parties to bear their own costs and expenses, including attorney fees; provided, furthermore, the judgment shall bear interest at the rate prescribed by law, except that if Mr. Hori pays the principal amount on or before October 1, 2011, then he shall be relieved of liability for interest;

4. That on Mr. Hori's payment (to the receiver or its assignees) of the $14,318 by October 1, 2011, or the payment of that sum plus interest thereafter, Sterling Consulting Corporation shall be authorized to file a Satisfaction of Judgment, notwithstanding that

the receivership action may have terminated in the meantime;

5. That the judgment entered pursuant to this Order is certified to be a final judgment under Fed.R.Civ.P. 54(b); and

6. That the Clerk of the Court **SHALL MAIL** a copy of this order to William S. Hori, 2491 Arrow Circle, Placentia, CA 92870.

Dated November 18, 2008, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**