**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 95-cv-00777-REB-CBS

In Re:   The Receivership Estate of INDIAN MOTORCYCLE MANUFACTURING, INC.

---

**CREDIT MANAGERS ASSOCIATION OF CALIFORNIA'S**
**JOINDER IN NON-PARTY AUDAX'S OPPOSITION TO (1) RECEIVER'S FORTY-**
**FIRST AND FINAL REPORT AND REQUEST FOR DISCHARGE; (2) RECEIVER'S**
**MOTION TO APPROVE  FORTY-FIRST AND FINAL REPORT AND REQUEST FOR**
**DISCHARGE; AND (3) RECEIVER'S PROPOSED ORDER APPROVING FORTY-**
**FIRST AND FINAL REPORT, DISCHARGING RECEIVER, AND TERMINATING**
**RECEIVERSHIP ESTATE, OPPOSITION THERETO, and REQUEST FOR HEARING**

---

Credit Managers Association of California, dba CMA Business Credit Services ("CMA or "Assignee") as Assignee, pursuant to a California Assignment for the Benefit of Creditors and General Assignments by Indian Motorcycle Company, IMCOA Licensing America, Inc., IMCOA Holdings America, Inc., Indian Motorcycle Corporation, and Indian Motorcycle Real Estate Services, Inc.[1] (collectively referred to herein as the "Indian Entities"), hereby JOINS the Opposition of Non-Parties Audax Private Equity Fund, L.P., Audax Co-Invest, L.P., Audax Special Purpose Co-Invest, L.P., and Audax Trust Co-Invest, L.P. (collectively "Audax") and OPPOSES the (1) the Receiver's Forty-First And Final Report And Request For Discharge ("Final Report"); (2) Receiver's Motion To Approve  Forty-First And Final Report And Request For Discharge ("Motion"); and (3) Receiver's Proposed Order Approving Forty-First And Final

---

[1] CMA is a California based third party fiduciary acting as an assignee for the benefit of creditors of the Indian Entities under California's assignment for benefit of creditors law.  As such, it is appearing in this action in such capacity and no other.  All references to CMA herein are as Assignee of the Indian Entities only.

Report, Discharging Receiver, And Terminating Receivership Estate ("Proposed Order").  CMA respectfully requests a hearing on the Receiver's Motion and this Opposition.

CMA opposes the Receiver's Final Report and accompanying Motion and Proposed Order for each of the reasons set forth in the Opposition filed by Audax [Docket No. 2702] ("Audax Opposition").  In addition, CMA submits, as more fully detailed in the accompanying Affidavit of Edward B. Cordes ("Cordes Affidavit," attached as **Exhibit A**), that the proposal set forth in the Proposed Order whereby the Receivership Estate would transfer to Sterling Consulting Corporation ("Sterling") various Receivership Estate assets represents a flagrant conflict of interest and breach of fiduciary duty by the Receiver.  This proposed transfer is contrary to the fundamental legal principles governing Receivers.

For these and the following reasons, CMA respectfully requests that, at the very least, Section 8 of the Receiver's Proposed Order be stricken in its entirety.

A.      <u>CMA's Interest In Opposing The Receiver's Final Report and Proposed Order</u>.

CMA is not a claimant or party in the Receivership Estate.[2]  However, CMA, along with Audax, is one of the "other defendants" named in the filed but currently stalled "First Amended Complaint" filed by the Receiver herein on July 10, 2006 [Doc. 2306].  Thus, for the same reasons set forth in the Audax Opposition, CMA is an interested party in this "Final Discharge" proceeding.

---

[2]  In 1999, one of the Indian Entities paid this Receivership Estate approximately $18,000,000.00 cash (as well as the stock referenced in the Proposed Order) for the Indian Entities-related intellectual property. The Indian Entities were unable to operate profitably and, in 2003, pursuant to California's Assignment for the Benefit of Creditors law, executed an assignment to CMA. *See* fn. 1, *supra*.   CMA has administered the Indian Entities assignment estate since that time.

B.   <u>Section 8 Should Be Stricken From The Proposed Order Discharging The Receiver</u>.

      1.    *It Is a Breach of Fiduciary Duty and A Conflict of Interest For A Receiver to Take Receivership Assets For His Personal Benefit*:

As set forth in the Audax Opposition, a Receiver is an officer of the appointing court who occupies a fiduciary relationship toward the beneficiaries and creditors of the Estate.  It is axiomatic that a receiver cannot transfer to himself assets of a receivership estate as part of his own final Discharge.  This axiom comports with the standards and practices of Federal receivers in this District.  (Cordes Affidavit at ¶¶ 10 and 14).  There has been no showing by the Receiver that his proposed transfer of receivership estate assets is legally appropriate or factually warranted.

      2.    *The Receiver Wishes To Assume The Benefit Of Estate Assets With No Accountability Or Court Supervision.*

Like Audax, CMA does not agree that the Receiver's claims against it have (or ever had) any merit whatsoever.  However, meritorious or not, there is no justification to allow these claims to be removed from the purview of this Court so that the Receiver can pursue them for his own profit without the Court's supervision of the Receiver's compliance with his statutory duties.  Such a suspect removal of receivership estate assets, with no legal, factual or economic justification, is an inherent conflict of interest, contradictory to the function of a Receiver, and not "traditional."  (Cordes Affidavit at ¶¶ 10, 14).  As a third party fiduciary protecting the interests of the creditors of the receivership estates, this is the exact type of transfer a diligent receiver should be railing against, not inserting into the Proposed Order.

Finally, even if there were a legal and factual basis for the proposed transfer of receivership estate assets to the Receiver, it is incomprehensible how such a transfer could be

made without an independent valuation by a non-interested party. The self-serving and ambiguous assertions of non-value of the claims sought to be transferred to the Receiver do not comport with a receiver's well settled duties, particularly in light of the Receiver's previous representation to this Court that such claims were "significant assets" of the estate. *See* Receiver's Response to Order to Show Cause [Doc. 2328], pg. 13. The assets should be liquidated, rather than simply transferred to the Receiver individually. Cordes Affidavit at ¶ 10.

       C. <u>The Receiver's Supposedly "Traditional" Findings And Orders Included In Its Proposed Order Are Anything But "Traditional."</u>

     The Receiver provides no authority or basis for the blanket, unqualified "Findings" and "Orders" he seeks in the Proposed Order. Instead, the Receiver describes his requested findings and orders as "traditional." The proposed findings and orders are anything but "traditional." Ordinarily, a Receiver (or a Trustee or Executor) seeks approval of a final Accounting and an associated Discharge only after taking certain steps to ensure that there are no remaining claims against the Receivership Estate. (Cordes Affidavit at ¶ 12) Fiduciaries ordinarily do not request, or need, blanket exoneration for every action taken or not taken, whether previously disclosed to and/or approved by the Court or not. (Cordes Affidavit at ¶ 11) Their duties are prescribed by law, and whether or not a receiver has fully and fairly complied with and discharged those duties should be determined by the facts of their conduct and behavior, not by reference to a blanket exoneration obtained from the Court with no supporting evidentiary or factual showing whatsoever.

     This Court should refrain from "rubber-stamping" the wholly inappropriate, unsubstantiated, and unwarranted provisions of the Proposed Order that seek a blanket exoneration of the Receiver.

WHEREFORE, for the foregoing reasons and each of the reasons set forth in the Audax Opposition, CMA respectfully submits that the Receiver's Forty-First And Final Report should be disapproved to the extent it seeks approval for transfer of Estate Assets to the Receiver in his personal capacity; and that Section 8 of the Proposed Order be stricken from said Order before it is signed by the Court.  In addition, CMA respectfully submits that all proposed Findings and Orders included in the Proposed Order, which do not relate to the Final Accounting and for which no evidentiary support is provided, be stricken as well.

Respectfully submitted this 8th day of December, 2008.

By:   _s/ Julie Trent_
    Julie Trent, Esq.
    Bieging Shapiro & Burrus LLP
    4582 S. Ulster Street Parkway, Suite 1650
    Denver, CO 80237
    Phone:  720-488-5435
    Fax:  720-488-7711
    Email:  jtrent@bsblawyers.com

    Robert W. Pitts, Esq.
    Law Office of Robert W. Pitts
    9160 Irvine Center Drive, Suite 200
    Irvine, California 92618
    Phone:  949-720-4125
    Fax:  949-720-4121
    Email: rpitts@lawrwp.com
    *Attorneys for CMA as Assignee of the Indian Entities*

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of December, 2008, I electronically served the foregoing **CREDIT MANAGERS ASSOCIATION OF CALIFORNIA'S JOINDER IN NON-PARTY AUDAX'S OPPOSITION TO (1) RECEIVER'S FORTY-FIRST AND FINAL REPORT AND REQUEST FOR DISCHARGE; (2) RECEIVER'S MOTION TO APPROVE FORTY-FIRST AND FINAL REPORT AND REQUEST FOR DISCHARGE; AND (3) RECEIVER'S PROPOSED ORDER APPROVING FORTY-FIRST AND FINAL REPORT, DISCHARGING RECEIVER, AND TERMINATING RECEIVERSHIP ESTATE, OPPOSITION THERETO, and REQUEST FOR HEARING** on the following parties at the email addresses below.  I electronically filed said document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all persons registered with said system, including the following email addresses:

jtanner@fwlaw.com
ahale@haldfriesen.com
eramey@ir-law.com
spack@ir-law.com
jcage@cagewilliams.com
glen.keller@dgslaw.com
jelliff@mofo.com
adam.f.hulbig@usdoj.gov
gmoschetti@hatchlawyers.com
csasso@bakerlaw.com
mpankow@bhf-law.com
dgarfield@bhf-law.com
michael@chodos.com
esprague@bw-legal.com

Additional copy via email to:

John Tanner, Esq.
Fairfield and Woods, P.C.
1700 Lincoln St., #2400
Denver. CO 80203
Phone: (303)830-2400
Fax: (303)830-1033
Email: jtanner@fwlaw.com

                                        */s Pamela Lambert*
                                        Pamela Lambert