IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 95-cv-00777-REB-CBS

In Re:  The Receivership of Indian Motorcycle Manufacturing, Inc.

---

**AFFIDAVIT OF EDWARD B. CORDES**

---

STATE OF COLORADO     )
                      )  ss.
DENVER COUNTY         )

      Edward B. Cordes, being first duly sworn, deposes and states:

      1.    My name is Edward B. Cordes.  I have personal knowledge of the facts described in this Affidavit.

      2.    I am President of Cordes & Company.  Cordes & Company provides interim management/receiver services, financial consulting and expert witness services in workout, turnaround, receivership and bankruptcy situations.

      3.    Cordes & Company has been appointed Receiver of more than 158 entities since its founding in 1983, in both state and federal courts.  It has provided countless assessments of troubled entities in a variety of industries.

      4.    I have provided Examiner, economic damage, business valuation, forensic accounting, and other related expert services.

      5.    I hold the following degrees and certifications:  a Masters in Accounting, a Certified Public Accountant (CPA), Accredited Business Valuator (ABV), Certified Valuation Analysts (CVA), and Certified Fraud Expert (CFE).



6. I am a member of the Turnaround Management Association, the National Association of Forensic Economics, the National Association of Certified Valuation Analysts (and past chairman and board member), and a member of the Board and Audit Committee of a $2.0 billion bank holding company. I have previously served on the board and in various executive officer positions on the Arapahoe Water and Wastewater Authority Board, the Denver Urban Ministries, the Boy Scouts of American and the advisory board of the Colorado State University College of Business.

7. I have reviewed the following pleadings in the case entitled *In re the Receivership of Indian Motorcycle Manufacturing, Inc.*, Case No. 95-cv-00777-REB-CBS, pending in the United States District Court for the District of Colorado: (1) Receiver's Forty-First and Final Report and Request for Discharge (the "Final Report"), (2) Motion to Approve Receiver's Forty-First and Final Report and to Discharge Receiver and proposed Order Approving Receiver's Forty-First and Final Report, Discharging Receiver, and Termination Receivership Estate; and (3) Non-Party Audax's Opposition to the preceding documents.

8. The discharge process seems convoluted and out of order. This Receiver is continuing to pursue claims arising from the Receivership assets but seeks to end the Receivership. Normally, a Receiver is not discharged until all of the claims of the Estate are settled. It seems as through the Receiver ought to pursue the claims for benefit of the Estate so long as they are cost effective and then, seek distribution to creditors and lastly seek discharge.

9. The Receiver contemplates further litigation in settling these claims. Because they are Estate assets, they should remain under the supervision of the Receiver Court until resolution.

10.     The Receiver asks that certain assets be assigned to him, namely the stock of Indian Motorcycle Company and any claims associated therewith. The Receiver serves for the benefit of parties to the Receiver Estate. The assets should be liquidated in the Receiver Estate under the supervision of a Court and the proceeds applied to the Estate's obligations, even if the creditor receiving the proceeds is in fact the Receiver. Distributing assets to the receiver, even if the motion fully explained and valued the assets (which it does not), is an inherent conflict of interest, and contradictory to the function of a Receiver.

11.     Receiver also asks the Court to find that the Receiver has obtained Court approval for virtually all actions and inactions, whether disclosed to or approved by the Court or not. Without evidence supporting all decisions arrived at by the Receiver, the Court could not make such a finding. Such a finding, particularly without support, is not "traditional" in my experience as a receiver.

12.     A motion for discharge, in the State of Colorado and federal courts for the District of Colorado, normally is filed *after* the following process has been followed and completed:

- Receiver liquidates all assets of the Estate.
- Receiver notices all known parties to the action and all parties with whom the Receiver has had business with to solicit any claims they may have against the Estate.
- Receiver resolves those to extent he can, and brings the unresolved ones to the attention of the Court for resolution.
- Upon adjudication of the claims the Receiver is discharged.

13.     Here, Receiver is attempting to close the Receivership prior to the liquidation of the claims, seeking to have assets assigned to him, and asking for discharge without evidence he has noticed all parties and potential claimants of his intent to ask for discharge.

3

14. The Receiver's Proposed Order assigning Receivership assets to the Receiver individually is not "traditional." Rather, it is a conflict of interest and improper.

FURTHER AFFIANT SAITH NOT.

                                                                        */s/ Edward B. Cordes*
                                                                        Edward B. Cordes

SUBSCRIBED and sworn to before me this 8th day of December 2008.

                                                                       */s/ Mary Anne Lenzi*
                                                                        Notary Public