IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 95-cv-00777-REB-CBS

In re: Receivership Estate of INDIAN MOTORCYCLE
MANUFACTURING, INC., a New Mexico corporation,

## ORDER RE: NON-PARTY OPPOSITION TO RECEIVER'S FINAL REPORT

**Blackburn, J.**

The matters before me are (1) **Non-Party Audax's Opposition to (1) Receiver's Forty-First and Final Report and Request for Discharge (2) Receiver's Motion to Approve Forty-First and Final Report and Request for Discharge; and (3) Receiver's Proposed Order Approving Forty-First and Final Report, Discharging Receiver, and Terminating Receivership Estate** [#2702], filed December 3, 2008; and (2) **Credit Managers Association of California's Joinder in Non-Party Audax's Opposition to (1) Receiver's Forty-First and Final Report and Request for Discharge (2) Receiver's Motion to Approve Forty-First and Final Report and Request for Discharge; and (3) Receiver's Proposed Order Approving Forty-First and Final Report, Discharging Receiver, and Terminating Receivership Estate** [#2712], filed December 8, 2008. I overrule the objections.

No claimant in this matter has filed objections to the Receiver's final report and request for discharge. Rather, the objections have been lodged by two groups of defendants who were named in the Receiver's putative **Amended Complaint** [#2306] filed July 10, 2006. The objectors take issue with the Receiver's proposal that, in terminating the receivership:

> . . . the stock held by the Receivership Estate in Indian Motorcycle Company and the stock held by the Receivership Estate in First Entertainment are hereby assigned to Sterling Consulting Corporation in its corporate capacity subject to the obligation under the prior Settlement Agreement to pay to United States [sic] one half of the proceeds of the sale of said stock should the shares unexpectedly prove to have any value, as well as the obligation under paragraph 5(e) of the Settlement Agreement to divide with the government 50/50 any recovery in any action prosecuted against the successors of the issuer of the stock. (Sterling does not expect there to be any such prosecution and is not obligated to conduct one.)

(**Motion to Approve Receiver's Forty-First and Final Report and To Discharge Receiver** App., Exh. 1 at 4, ¶ 8.) The objectors are potential defendants in any such action.

First, based on my **Order Making Absolute Order To Show Cause** [#2765], filed January 28, 2009, the Amended Complaint was stricken. As all parties appear to realize, to the extent that any of the claims asserted therein are meritorious, it is highly questionable whether any would survive the applicable statutes of limitations, if the Receiver, in fact, elects to prosecute them at all.

Moreover, the objectors have provided neither argument nor authority showing that they have any standing to object to the Receiver's proposal. The right to press such claims in the context of the bankruptcy proceeding is strictly circumscribed. **See In re Mako, Inc**., 985 F.2d 1052, 1054 (10th Cir. 1993). The objectors are not claimants and have offered nothing to substantiate a conclusion that they are entitled to press the arguments they raise here against the Receiver.[1]

---

[1] Moreover, the alleged conflict of interest is illusory, as the Receiver is already entitled to the relief proposed by virtue of the pre-existing, court-approved agreements previously entered in this matter.

As for the objectors' further argument that the receivership must be left open to allow them to file as yet unidentified cross-claims or counterclaims they may have against the Receiver and the estate, I see no reason to further extend this already overly protracted proceeding on the attenuated chance that the Receiver may decide to pursue the potentially barred claims (and despite his explicit intention to the contrary) *and* that the objectors' thereafter may discover some as yet unspecified cross-claims or counterclaims against the receivership estate. In the unlikely event that such a scenario materializes, the Local Rules of this District provide mechanisms for reopening this case to consider such claims.

For all these reasons, I find and conclude ultimately that the objections are without merit or premature and should be overruled.

**THEREFORE, IT IS ORDERED** as follows:

1. That the objections contained in **Non-Party Audax's Opposition to (1) Receiver's Forty-First and Final Report and Request for Discharge (2) Receiver's Motion to Approve Forty-First and Final Report and Request for Discharge; and (3) Receiver's Proposed Order Approving Forty-First and Final Report, Discharging Receiver, and Terminating Receivership Estate** [#2702], filed December 3, 2008, are **OVERRULED**; and

2. That the objections contained in **Credit Managers Association of California's Joinder in Non-Party Audax's Opposition to (1) Receiver's Forty-First and Final Report and Request for Discharge (2) Receiver's Motion to Approve Forty-First and Final Report and Request for Discharge; and (3) Receiver's**

**Proposed Order Approving Forty-First and Final Report, Discharging Receiver, and Terminating Receivership Estate** [#2712], filed December 8, 2008, are **OVERRULED**.

Dated January 30, 2009, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge