IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 95-cv-00777-REB-CBS

In re: Receivership Estate of INDIAN MOTORCYCLE
MANUFACTURING, INC., a New Mexico corporation,

**ORDER GRANTING MOTION TO APPROVE RECEIVER'S FORTY-FIRST
AND FINAL REPORT AND TO DISCHARGE RECEIVER**

**Blackburn, J.**

The matter before me is the Receiver's **Motion To Approve Receiver's Forty-First and Final Report and To Discharge Receiver** [#2674], filed November 17, 2008. I grant the motion, terminate the receivership, and discharge the Receiver.

Pursuant to Fed.R.Civ.P. 66, "the practice in administering an estate by a receiver . . . must accord with the historical practice in federal courts or with a local rule." **FED.R.CIV.P.** 66. The Local Rules of Practice of the United States District Court for the District of Colorado contains no provisions governing the administration of receivership estates. Nevertheless, the general practice requires that "[a] receiver should file a report and an inventory of the property placed in his hands at such time and prepared in such a manner as the directions of the court may indicate." 2 Clark, *A Treatise on the Law and Practice of Receivers* § 383.1. Accordingly, and by prior order of this court (*see* **Order Discharging Order To Show Cause** [#2613], filed August 1, 2008 (directing Receiver to file "periodic status reports, at least once every thirty (30) days, from the date of this order, until the final accounting, motion to approve the final accounting, and motion to terminate the receivership and discharge the Receiver are filed")), the Receiver has submitted its final accounting (*see* **Receiver's**

**Forty-First and Final Report and Request for Discharge**, App. Exhs. 1-14 [#2675], filed November 17, 2008).

No claimant has objected to the Receiver's final report and accounting. The United States has no objection to the relief requested and believes the Receiver's motion should be granted. Having reviewed the Receiver's final report and the accounting, I enter the following findings of fact and enter the following orders.

## I. FINDINGS OF FACT

1. The Receiver has obtained the court's approval, whenever necessary, of actions regarding the property of the receivership estate;

2. The Receiver has paid the expenses of maintaining and protecting the property of the receivership estate and has accounted for the receipt and expenditure of funds for the maintenance and protection of the property of the receivership estate;

3. The Receiver has paid all administrative expenses of the receivership estate as it intends and has been authorized to pay;

4. The Receiver's accounts filed with the court are correct; and

5. The Receiver has otherwise fully discharged its duties.

## II. ORDERS

1. That the Receiver's **Motion To Approve Receiver's Forty-First and Final Report and To Discharge Receiver** [#2674], filed November 17, 2008, is **GRANTED**;

2. That the **Receiver's Forty-First and Final Report and Request for Discharge** [#2675], filed November 17, 2008, including the Receiver's accounting is

**ACCEPTED** and **APPROVED**;

3. That to the extent there is cash available, the Receiver **SHALL DISTRIBUTE** the remaining cash in accordance with the Settlement Agreement between the Receiver and the United States;

4. That to the extent that any prior report of the Receiver was not specifically accepted and approved, all such reports are **ACCEPTED** and **APPROVED**, as are the Receiver's accountings stated therein;

5. That all actions of the Receiver that have been reported or otherwise disclosed to the court are hereby **CONFIRMED**, **RATIFIED**, **ACCEPTED**, and **APPROVED**;

6. That the Receiver is hereby **RELEASED** and **DISCHARGED** of any further responsibility, duty, or liability to any person or entity with respect to any matter associated with the property of the Receivership Action arising under this court's Orders and any statute, rule, or regulation, at law or in equity;

7. That the surety bond filed by the Receiver with the Clerk of this Court is **RELEASED** and that the surety shall be forever discharged and released of liability thereunder;

8. That consistent with the Settlement Agreement of the Receiver and the United States, which the Court approves, the claims of the receivership estate for restitution, and the judgments thereon entered by this Court, to the extent not previously satisfied, are **ASSIGNED** 63 per cent to the United States and 37 per cent to Sterling Consulting Corporation in its ordinary corporate capacity, subject to the following conditions:

a. **United States's percentage and obligations** – An undivided 63 per cent of all judgments and claims is assigned to the United States. The United States may attempt to collect its percentage of any unpaid restitution obligation from any claimant independently of Sterling and shall have no obligation to turn over to Sterling any portion of any amount collected by it unless it receives a sum that exceeds its 63 per cent portion of a judgment or claim for restitution. On collecting its full percentage of a judgment or claim for restitution, the United States has agreed to notify Sterling that any further amounts collected by Sterling from the particular claimant may be retained by Sterling. The failure of the United States to notify Sterling shall not result in any monetary liability of the United States to Sterling. If Sterling has reason to believe that the United States has collected a portion of a restitution obligation from a particular Claimant, it may make inquiry of the United States by providing the name and reason for its belief and counsel for the United States shall use best efforts to ascertain what amount, if any, has been paid by the claimant. Nothing in this Order shall be construed to require the Internal Revenue Service to violate the disclosure provisions of 26 U.S.C. § 6103 (but the disclosure that a portion of a restitution obligation established by prior order of this court has been collected or paid shall not constitute such a violation). The United States is not required to join in any effort by Sterling to collect (but may do so in its discretion);

b. **Sterling's percentage and obligations** – An undivided 37 per cent

of all judgments and claims is assigned to Sterling (subject to its agreement with Fairfield and Woods P.C.). Except in the case of a prior payment to the United States as described above, 63 per cent of any amounts collected by or paid to Sterling shall be paid to the United States until the amount of a claimant's obligation for the principal amount of and any interest on restitution is fully satisfied, with any attorney's fees or other expense award thereafter collectible 100 per cent by Sterling (unless the United States agrees otherwise in writing). Sterling is not obligated to conduct any collection efforts. Sterling shall promptly inform the United States of any settlement proposals (formal or informal) from any person obligated to make restitution and shall also supply counsel for the United States with any information Sterling receives that indicates a new address or phone number for a person obligated to make restitution that was not disclosed to the United States contemporaneously with the motion to approve the Forty-First Report;

c.      **Treatment of judgments for restitution** – Any judgment for restitution entered in this receivership action against any claimant shall continue to be valid in favor of the United States and Sterling without the need of any assignment to be recorded. Similarly, any judgment lien arising by the recordation of such a judgment with any state, county, or other governmental office shall remain valid without the need to record any assignment to the United States and Sterling. Any communication addressed to the Receiver in respect to any such judgment or judgment

lien shall be deemed to be addressed to Sterling and the United States as the assignees, with Sterling acting on behalf of the United States for the limited purpose of receiving such communications, a copy of which it shall promptly forward to counsel for the United States. Any communication addressed to the United States in respect to any such judgment or judgment lien shall be deemed to be addressed to the United States and Sterling as the assignees. Counsel for the United States shall use its best efforts to promptly forward a copy of any communication it receives to Sterling. The failure of counsel for the United States to forward such communication to Sterling shall not result in any monetary liability of the United States to Sterling;

d. **Modifications** – After the termination date, Sterling and the United States may modify their agreements, including the Settlement Agreement, without the approval of this court, provided that (i) no such modification will be enforceable unless it is in writing (which may include transmission by email); (ii) the modification is accepted in writing by both Sterling and the United States (which may include transmission by email); and (iii) that the writing expressly states that it is modifying the agreements approved in this Order; and

e. **Agreements with persons liable for restitution** – After the termination date, Sterling and/or the United States, as each deems to be in its best interests, may, without the consent of the other and without the

approval of this court, enter any settlement agreement with any person obligated to make restitution, except that neither may settle a claim of the other without the other's explicit approval.  No settlement reducing a claimant's restitution obligation to one party shall increase the obligation to the other party.  For example, if the United States accepts 50 per cent rather than 63 per cent of a restitution obligation in full satisfaction thereof, Sterling will remain entitled to 37 per cent of the original obligation and the interest thereon and no more (unless a judgment entitles Sterling to collection costs).  Sterling's right to settle unilaterally under this provision does not accord it the right to retain more than 37 per cent of any payment received, unless the United States has previously received its 63 per cent of the full restitution obligation (or has entered a settlement for less than that percentage);

9. That the stock held by the receivership estate in Indian Motorcycle Company and the stock held by the receivership estate in First Entertainment are **ASSIGNED** to Sterling Consulting Corporation in its corporate capacity, subject to the obligation under the prior Settlement Agreement to pay to United States one half of the proceeds of the sale of said stock should the shares unexpectedly prove to have any value, as well as the obligation under paragraph 5(e) of the Settlement Agreement to divide with the government 50/50 any recovery in any action prosecuted against the successors of the issuer of the stock.  (Sterling does not expect there to be any such prosecution and is not obligated to conduct one.);

10. That entry of this Order **TERMINATES** this receivership action;

11. That the court shall have continuing jurisdiction to interpret and enforce the Orders of the court in this receivership action, including continuing jurisdiction to enforce the judgments entered but not fully satisfied, through post-judgment proceedings, and, on motion to reopen the case, to enter judgments regarding restitution claims for which judgments were not previously sought, in the event that Sterling or the United States obtain information indicating the whereabouts of a claimant who previously could not be located or that a restitution amount previously believed to be uncollectible is collectible; and

12. That this civil action is **CLOSED**.

Dated February 2, 2009, at Denver, Colorado.

BY THE COURT:

Bob Blackburn
Robert E. Blackburn
United States District Judge